# EXHIBIT 6

Case 1:22-cv-01377-MN-JLH   Document 383-7   Filed 10/30/23   Page 2 of 9 PageID #: 19216
Case 8:20-cv-00048-JVS-JDE   Document 861-2   Filed 06/26/20   Page 408 of 862   Page ID #:4716
Case 8:18-cv-02001-JVS-JDE   Document 111   Filed 06/15/20   Page 1 of 6   Page ID #:4062

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order Granting Motion Overruling Objections (Dkt. 108)

On June 4, 2020, Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") filed a Motion (Dkt. 108, "Motion") to Overrule Objections by Defendants True Wearables, Inc. and Marcelo Lamego ("Defendants") to Stephen Jensen's access to material under the operative Confidentiality Protective Order, with a supporting Joint Stipulation (Dkt. 108-1, "Jt. Stip.") and supporting and opposing declarations with exhibits, (Dkt. 108-2 to 108-10, 107-1 to 107-4). Plaintiffs filed a Supplemental Memorandum in support of the Motion on June 11, 2020. Dkt. 109. The Court finds this matter may appropriately be decided without oral argument. As a result, the hearing set for June 25, 2020 at 10:00 a.m. is vacated.

Plaintiffs ask the Court to overrule Defendants' objections to Plaintiffs' sharing Confidential-Attorneys' Eyes Only ("AEO") or Restricted Confidential Source Code ("Source Code") under the Protective Order (Dkt. 100, "Protective Order") with Stephen Jensen, an attorney with the firm representing Plaintiffs, among other things, arguing the Court already overruled Defendants' objections to Mr. Jensen's access in granting Plaintiffs' Motion for Entry of Protective Order (Dkt. 97) and in entering the Protective Order, and arguing the objections are substantively without merit. Jt. Stip. at 6-9. Defendants, to the contrary, maintain their objections to Mr. Jensen's access, asking "the court to definitively state that Mr. Jensen is a competitive decisionmaker of Plaintiffs within the definition set forth in Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)." Jt. Stip. at 12.

Case 1:22-cv-01377-MN-JLH Document 383-7 Filed 10/30/23 Page 3 of 9 PageID #: 19217
Case 8:20-cv-00048-JVS-JDE Document 881-2 Filed 06/26/20 Page 409 of 882 Page ID #:4717
Case 8:18-cv-02001-JVS-JDE Document 111 Filed 06/15/20 Page 2 of 6 Page ID #:4063

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

As an initial matter, Defendants are correct that the Court did not "definitively state" that Mr. Jensen was or was not a competitive decisionmaker in granting Plaintiffs' Motion for Entry of Protective Order. However, the Court did conduct a balancing of the parties' competing interests in their respective dueling proposed protective orders under Brown Bag in entering the Protective Order, with its limitations, including time limitations, on who may have access to AEO and Source Code information. Thus, the Court will now, in the context of the Protective Order, conduct a Brown Bag analysis specific to Mr. Jensen.

The Protective Order (Dkt. 100), provides, in part:

> 7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or alternatively "CONFIDENTIAL – AEO"). To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) (i.e., "Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."
>
> 8. **CONFIDENTIAL – ATTORNEYS' EYES ONLY.** This category of Protected Material includes confidential information or items that the designating party has a good faith belief constitutes or contains trade secrets or other non-public, highly confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the Disclosing Party. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may include, without limitation: (i) technical information containing confidential information or items such as materials that show the internal technical structure, design or operation of products that have been made, imported, used, or sold by the producing party; (ii) financial and/or other commercially-sensitive information (e.g., pricing, customer lists, business, and/or marketing plans or analysis, license agreements, and the like); (iii) trade secrets; (iv) information

Case 1:22-cv-01377-MN-JLH  Document 383-72  Filed 10/30/23  Page 4 of 9 PageID #: 19218
Case 8:20-cv-00048-JVS-JDE  Document 861-2  Filed 06/26/20  Page 440 of 662  Page ID #:4718
Case 8:18-cv-02001-JVS-JDE  Document 111  Filed 06/15/20  Page 3 of 6  Page ID #:4064

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

subject to an obligation of confidentiality owed by the Producing Party to a third-party; and/or (v) information subject to the privacy interest of any individual. In determining whether information should be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," each party agrees to use such designation in good faith. <u>For Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a) and (c-g) who, at the time the lawsuit was filed (November 8, 2018) or within the previous two (2) years from the date the lawsuit was filed, are not competitive decision-makers of a Party or affiliates of a Party.</u>

9. **RESTRICTED CONFIDENTIAL SOURCE CODE.** For the Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   . . .

   (f) <u>Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel of record who, at the time the lawsuit was filed (November 8, 2018) or within the previous two (2) years from the date the lawsuit was filed, are not competitive decision-makers of a Party or affiliates of a Party</u> and up to one (1) outside consultant or expert (i.e., not existing employees or affiliates of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(c) above; . . . .

Dkt. 100, ¶¶ 7-9 (underlining added). Defendants contend that Mr. Jensen falls within the definition of "competitive decision-maker" of a Party or an affiliate of a Party for purposes of disclosing AEO and Source Code information under the Protective Order, citing <u>Brown Bag</u>, and thus should not be permitted access to materials designated by Defendants as AEO or Source Code under the Protective Order. Jt. Stip. at 12-16.

Case 1:22-cv-01377-MN-JLH   Document 383-7   Filed 10/30/23   Page 5 of 9 PageID #: 19219
Case 8:20-cv-00048-JVS-JDE   Document 881-2   Filed 06/26/20   Page 419 of 882   Page ID #:4719
Case 8:18-cv-02001-JVS-JDE   Document 111   Filed 06/15/20   Page 4 of 6   Page ID #:4065

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

In Brown Bag, the parties, through outside counsel, stipulated to an "attorneys' eyes only" protective order. 960 F.2d at 1469. Thereafter, the plaintiff's outside counsel withdrew and the plaintiff was represented solely by a newly hired in-house counsel who was its "sole legal advisor." Id. at 1469-70. The defendant moved for a protective order to restrict the plaintiff's in-house counsel from accessing "attorney's eyes only" information under the previously entered protective order. Id. at 1469. The district court issued an order granting a protective order, requiring the plaintiff to hire an independent consultant to review the "attorneys' eyes only" material. Id. The Ninth Circuit found the district court did not abuse its discretion in issuing the protective order, noting, among other things, that the "attorneys' eyes only" material was not itself "relevant" to the claim at issue. Id. at 1471. The Ninth Circuit found the protective order struck "a reasonable balance between" the parties' conflicting interests," that is, the risk of "inadvertent disclosure of [the defendant's] trade secrets to competitors" against the risk that limitations would impair the plaintiff's ability to prosecute its claims. Id. at 1470-71.

The Ninth Circuit in Brown Bag referred to U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) as "the leading authority on protective orders distinguishing between outside and in-house counsel." Brown Bag, 960 F.2d at 1470. In U.S. Steel, the Federal Circuit held that "[t]he mere classification of a lawyer, whether in-house counsel, retained outside counsel, board member, or former employee, does not control who gains access to confidential materials." 730 F.2d at 1468. Nor "is the standard . . . regular contact with other corporate officials who make 'policy' or even competitive decisions." Matsushita Elec. v. Indus. Co. v. United States, 929 F.2d 1577, 1580 (Fed. Cit. 1991) (also cited by Brown Bag, 960 F.2d at 1470). Instead, "the factual circumstances surrounding each individual counsel's activities, associations, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." U.S. Steel, 730 F.2d at 1468. More specifically, the phrase "competitive decisionmaking" is shorthand for "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any and all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." Id. at 1468, n.3. Further, unrebutted statements made by counsel asserting that a lack of participation in competitive decision-making may form a reasonable basis to conclude that counsel is isolated from competitive decision-making. See Matsushita Elec., 929 F.2d at 1580.

In entering the Protective Order, the Court has already done a general balancing of competing concerns based on the parties' prior briefing in limiting who may have access to

Case 1:22-cv-01377-MN-JLH   Document 383-7   Filed 10/30/23   Page 6 of 9 PageID #: 19220
Case 8:20-cv-00048-JVS-JDE   Document 881-2   Filed 06/26/20   Page 429 of 682   Page ID #:4720
Case 8:18-cv-02001-JVS-JDE   Document 111   Filed 06/15/20   Page 5 of 6   Page ID #:4066

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

AEO and Source Code Information, without ruling on its application to the circumstances of any particular person. Defendants have now objected to Plaintiffs' stated intent to share AEO and Source Code information with Mr. Jensen, arguing Mr. Jensen is a "competitive decision-maker." That determination is limited by the Protective Order's time limitation already determined by the Court: that is, has Mr. Jensen been a "competitive decision-maker of a Party or affiliates of a Party" since November 8, 2016.

Mr. Jensen has submitted a declaration listing several prior cases in which he has served as counsel for Plaintiffs, attesting that although parties have frequently sought to restrict his access to confidential materials, "courts have allowed [him] to access all documents and information," including AEO information, "under the respective protective orders," affirming that he has abided by those protective orders and would not reveal information governed by such an order, attesting that Plaintiffs rely on him "to make important litigation decisions . . . particularly when a protective order prevents disclosure to the clients of the underlying reasons for such decisions," with no other attorney at the firm having his history with and understanding of Plaintiffs' needs, stating he does "not currently make business decisions for" Plaintiffs, with a "current role" of "outside counsel," affirming that Masimo is publicly traded and some lawyers at his firm have held shares within the last two years, with no lawyers known to have held a "significant number" of shares, and the firm itself own now shares of Plaintiffs' stock. See Dkt. 82-2 at ¶¶ 7-13. Mr. Jensen further states that he has agreed to be subject to patent prosecution bars, which "eliminated the risk of inadvertent disclosure" of confidential materials, an agreement he also made here. Id. at ¶ 16. Mr. Jensen avers that in his current role as outside counsel, he does "not make competitive decisions" for Plaintiffs and "[n]othing about [his] role requires" his providing advice on competitive pricing or technical design relating to Defendants, with his advice limited to "legal advice." Id. at ¶¶ 20-21. The declaration further describes Mr. Jensen's "volunteer" service on the Board of Directors for Cercacor, providing overall corporate governance and monitoring corporate activities, but not making any competitive business decisions, for a non-profit foundation named the Masimo Foundation for Ethics, Innovation and Competition in Healthcare, and attendance at other board meetings to discuss litigation, and attests that Mr. Jensen would abide by the Protective Order by abstaining from certain discussion and decisions as needed, a "well-known and common practice" that he has undertaken previously. Id. at ¶¶ 21-24.

Against Mr. Jensen's declaration, Defendants previously submitted the declaration of Defendant Marcelo Lamego, partially sealed, cited again in connection with the instant Motion (Jt. Stip. at 13), to which Mr. Jensen takes issue. See Dkt. 82-7; Dkt. 82-2 at ¶¶ 14-

Case 1:22-cv-01377-MN-JLH Document 383-7 Filed 10/30/23 Page 7 of 9 PageID #: 19221
Case 8:20-cv-00048-JVS-JDE Document 861-2 Filed 06/26/20 Page 443 of 662 Page ID #:4721
Case 8:18-cv-02001-JVS-JDE Document 111 Filed 06/15/20 Page 6 of 6 Page ID #:4067

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-02001-JVS (JDEx) | Date | June 15, 2020 |
|---|---|---|---|
| Title | Masimo Corporation, et al. v. True Wearables, Inc., et al. | | |

15, 17-19. The Court makes no findings regarding the factual conflicts between the two declarations. Rather, the Court, having already found in entering the Protective Order that in the circumstances of this case, a person's potential role as a "competitive decision-maker" of a Party or Party-affiliate before November 8, 2016 will not bar an otherwise-qualified person from having access to AEO or Source Code information, as information in Mr. Lamego's declaration all predates November 2016, it does not require barring Mr. Jensen here.

Next, Defendants, both in the prior motion and in the instant Motion, refer to Mr. Jensen's roles with Plaintiffs, including at board meetings, and in the instant Motion, also reference certain sealed board minutes referencing Mr. Jensen. See Jt. Stip. at 14-15 (referring to Exhs. 1-4 of the Fletcher Declaration, filed under seal, Dkt. 107-1 to 107-4). The Court has reviewed the minutes, as provided, and finds they do not support the conclusions Defendants assert in the Joint Stipulation. Nor do the minutes, or any the other evidence submitted by Defendants, show that the risk of inadvertent disclosure, considering all of the relevant facts, including the roles played by Mr. Jensen in relation to Plaintiffs, outweighs the need for disclosure also considering Mr. Jensen's roles in relation to Plaintiffs. The Court credits Mr. Jensen's declaration regarding the scope of his current involvement with Plaintiffs, including his attesting under oath and ask an officer of the Court since 1990 that he does not have a competitive decision-making role with Plaintiffs. Although Mr. Jensen appears to have regular contact with Plaintiffs' officers, directors, and employees, and is himself a director of Cercacor, the evidence of his role does not support a finding that he is a competitive decision-maker of a Party or Party-affiliate so as to create a risk of inadvertent disclosure of protected material that outweighs the need to disclose such information to him, considering the unique role he plays in providing litigation advice to Plaintiffs in this case and generally.

As a result, Defendants' objections to disclosure of AEO and Source Code information to Mr. Jensen are overruled and the Motion (Dkt. 108) is GRANTED.

IT IS SO ORDERED.

From: noreply@courtdrive.com <noreply@courtdrive.com>
Sent: Monday, June 15, 2020 11:50 AM
To: Lit MASIMOL.1085L <LitMASIMOL.1085L@Knobbe.onmicrosoft.com>
Subject: Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order on Motion for Leave to File Document Under Seal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 6/15/2020 at 11:48 AM PDT and filed on 6/15/2020

**Case Name:** Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:** 8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 111

**Docket Text:**
**MINUTES (IN CHAMBERS) Order Granting Motion Overruling Objections (Dkt. [108] ) by Magistrate Judge John D. Early: As a result, Defendants' objections to disclosure of AEO and Source Code information to Mr. Jensen are overruled and the Motion (Dkt. [108]) is GRANTED. (see document for further details). (et)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Sherron L Wiggins     support@conklelaw.com, s.wiggins@conklelaw.com

Ryan J Fletcher     kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen     brian.claassen@kmob.com, knobbeadmin@ecf.courtdrive.com

Amanda Rose Washton     a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely     pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, knobbeadmin@ecf.courtdrive.com, jre@kmob.com

1

**Exhibit 14
-428-**

Paige S Stradley     pstradley@merchantgould.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**
Andrew T Pouzeshi
Merchant and Gould PC
1801 California Street Suite 3300
Denver CO 80202

2

**Exhibit 14**
**-429-**