# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants*. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

**APPLE'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
(NOS. 1 and 2)**

Plaintiff Apple Inc. ("Apple") hereby requests Defendants Masimo Corp. ("Masimo") and Sound United, LLC ("Sound United") (together, "Defendants") to produce the documents and things requested below for inspection, copying, and/or testing in accordance with the definitions and instructions below pursuant to Federal Rule of Civil Procedure 34. The requested documents and things must be produced within twenty-one (21) days of the service of these requests. Documents should be produced to the law offices of Desmarais LLP, 230 Park Avenue, New York, New York 10169.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, which are incorporated herein by reference. In addition to the definitions and instructions contained in these documents, the following definitions and instructions apply to these Interrogatories.

1. As used herein, "Plaintiff" or "Apple" means Plaintiff Apple Inc.

1

2. As used herein, "Defendants" or "Masimo" or "You" or "Your" means Defendants Masimo and Sound United and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all of their officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, facsimiles, instant messages, electronic mail, Internet postings, other computer linkups, written memoranda, and face-to-face conversations.

4. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and should include the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

5. As used herein, "thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and should include every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Defendants.

6. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

7. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to interrogatories and definitions containing those words.

8. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so

as to acquire the broadest meaning possible.

9. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

12. As used herein, "identify" as applied to a document means to specify: (a) the type of the document (i.e., whether it is a letter, memorandum, e-mail, etc.); (b) the document's title and general subject matter; (c) the number of pages of the document; (d) the date the document was prepared; (e) the name of each and every author, addressee, distributor, and recipient of the document; (f) the date each distributor distributed the document and the date each recipient received the document; and (g) the name of each person that has or had possession, custody, or control of the document.

13. As used herein, "identify" as applied to an event means to provide a description of the event, the date of the event, the location of the event, and the individuals and entities participating in the event.

14. As used herein, "identify" as applied to factual or legal bases means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based, and identify all documents, persons, and events that

support that belief or contention.

15. As used herein, "identify" as applied to a product means to state the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, version (for those products with versions), manufacturer, supplier, and any other designation known to Defendants.

16. As used herein, "identify" as applied to a person means to specify the full name, present or last-known address and telephone number, and when referring to a natural person, the person's present or last-known employer or business affiliation, and position or job description.

17. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders, or containers in which such documents are located or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled, or with similar breaks and groupings if produced electronically, in the same manner as the original.

18. These requests for production shall be deemed to include any and all relevant documents within the possession, custody, or control of Defendants, including documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of Defendants.

19. These requests for production shall be deemed continuing, and supplemental responses must be timely provided as additional information becomes available,

pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to identify all of Masimo's (including Sound United's) actual and planned channels for distribution or sale of the W1 in the United States.

### REQUEST FOR PRODUCTION NO. 2

All documents relating to any participation of, or presence of, any individual in the design or development of the W1, where the Protective Order in any Masimo litigation against Apple permitted such individual access to Apple confidential information.

Dated: October 20, 2022  By:  */s/ Peter C. Magic*
Peter C. Magic

**DESMARAIS LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
pmagic@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants*. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

### APPLE'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1 and 2)

Plaintiff Apple Inc. ("Apple") hereby requests Defendants Masimo Corp. ("Masimo") and Sound United, LLC ("Sound United") (together, "Defendants") to answer the following interrogatories in accordance with the definitions and instructions below pursuant to Federal Rule of Civil Procedure 33. The requested answers must be provided within twenty-one (21) days of the service of these interrogatories.

#### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, which are incorporated herein by reference. In addition to the definitions and instructions contained in these documents, the following definitions and instructions apply to these Interrogatories.

1. As used herein, "Plaintiff" or "Apple" means Plaintiff Apple Inc.

2. As used herein, "Defendants" or "Masimo" or "You" or "Your" means Defendants Masimo and Sound United and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments,

1

partnerships, and affiliates thereof, and all of their officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, facsimiles, instant messages, electronic mail, Internet postings, other computer linkups, written memoranda, and face-to-face conversations.

4. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and should include the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

5. As used herein, "thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and should include every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Defendants.

6. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

7. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to interrogatories and definitions containing those words.

8. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

12. As used herein, "identify" as applied to a document means to specify: (a) the type of the document (i.e., whether it is a letter, memorandum, e-mail, etc.); (b) the document's title and general subject matter; (c) the number of pages of the document; (d) the date the document was prepared; (e) the name of each and every author, addressee, distributor, and recipient of the document; (f) the date each distributor distributed the document and the date each recipient received the document; and (g) the name of each person that has or had possession, custody, or control of the document.

13. As used herein, "identify" as applied to an event means to provide a description of the event, the date of the event, the location of the event, and the individuals and entities participating in the event.

14. As used herein, "identify" as applied to factual or legal bases means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based, and identify all documents, persons, and events that support that belief or contention.

15. As used herein, "identify" as applied to a product means to state the product name, product type, product number (for those products with product numbers), model

number (for those products with model numbers), marketing name, sales name, internal development name, version (for those products with versions), manufacturer, supplier, and any other designation known to Defendants.

16. As used herein, "identify" as applied to a person means to specify the full name, present or last-known address and telephone number, and when referring to a natural person, the person's present or last-known employer or business affiliation, and position or job description.

17. If Defendants elect to avail themselves of the procedure authorized by Rule 33(d) of the Federal Rules of Civil Procedure for answering any interrogatory, Apple requests that for each interrogatory so answered, Defendants specify the particular documents (by production number) relating to the subject matter of that interrogatory, and the author and the date of preparation of each such document if such information is not apparent or is incorrectly or incompletely disclosed on the face of the document(s).

18. If, after conducting a reasonable investigation, a full answer cannot be provided for any interrogatory, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

19. These interrogatories shall be deemed continuing, and supplemental responses must be timely provided as additional information becomes available, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all of Masimo's (including Sound United's) actual and planned channels for distribution or sale of the W1 in the United States.

### INTERROGATORY NO. 2

Explain all facts and circumstances (including names of individuals) regarding the participation of, or presence of, any individual in the design or development of the W1, where the Protective Order in any Masimo litigation against Apple permitted such individual access to Apple confidential information.

Dated: October 20, 2022        By:    */s/ Peter C. Magic*
                                                            Peter C. Magic

                                                            **DESMARAIS LLP**
                                                            101 California Street
                                                            San Francisco, CA 94111
                                                            Tel: (415) 573-1900
                                                            pmagic@desmaraisllp.com

                                                            *Attorneys for Plaintiff Apple Inc.*

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., *Plaintiff*, v. MASIMO CORPORATION and SOUND UNITED, LLC, *Defendants*. | Civil Action No. **JURY TRIAL DEMANDED** |

### APPLE'S FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO DEFENDANTS

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and in accordance with the Definitions set forth in Section I below, Apple Inc. ("Apple"), by and through its counsel, will take the deposition of Masimo Corp. ("Masimo") and Sound United, LLC ("Sound United") (together, "Defendants"). The deposition will occur on December 1, 2022 at such time and place as may be agreed by counsel or ordered by the Court.

The deposition will be before a Notary Public or other officer authorized by law to administer oaths and will be recorded using videographic, audiographic, and/or stenographic means, or a combination of those means.

The subject matter of the deposition is set forth in the topics in Section II below. Pursuant to Rule 30(b)(6), Defendants are requested to designate one or more officers, directors, managing agents, employees, or other persons who consent and are knowledgeable to testify on their behalf(s) regarding the topics listed in Section II. Apple requests that Defendants provide Apple's counsel with the identity of the individual(s) who will testify regarding each topic at least one week in advance of the deposition.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, which are incorporated herein by reference. In addition to the definitions and instructions contained in these documents, the following definitions and instructions apply to these Interrogatories.

1. As used herein, "Plaintiff" or "Apple" means Plaintiff Apple Inc.

2. As used herein, "Defendants" or "Masimo" or "You" or "Your" means Defendants Masimo and Sound United and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all of their officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

4. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to interrogatories and definitions containing those words.

5. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

6. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

7. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

8. As used herein, "related" or "relating" to any given subject means, without limitation,

identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

## II. TOPICS

1. All of Masimo's (including Sound United's) actual and planned channels for distribution or sale of the W1 in the United States.

2. All facts and circumstances (including names of individuals) regarding participation of, or presence of, any individual in the design or development of the W1, where the Protective Order in any Masimo litigation against Apple permitted such individual access to Apple confidential information.

4

Dated: October 20, 2022   By:   */s/ Peter C. Magic*
Peter C. Magic

**DESMARAIS LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
pmagic@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*