# EXHIBIT 17

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants.* | C.A. No. 22-1377-MN-JLH<br><br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION,<br><br>   *Counter-Claimant,*<br><br>v.<br><br>APPLE INC.<br><br>   *Counter-Defendant.* | |
| APPLE INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants.* | C.A. No. 22-1378-MN-JLH<br><br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC.,<br><br>   *Counter-Claimants,*<br><br>v.<br><br>APPLE INC.<br><br>   *Counter-Defendant.* | |

**OBJECTIONS TO APPLE INC.'S SUBPOENA TO HARNIK SHUKLA FOR
DEPOSITION AND PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-party Harnik Shukla ("Shukla"), Masimo Corporation and Sound United ("Masimo") hereby object to the Subpoena to Testify at a Deposition of Plaintiff Apple Inc. ("Apple") as follows:

## GENERAL OBJECTIONS

Harnik and Masimo assert each of the following General Objections to the Subpoena and the Definitions, Topics, and Requests for Production listed therein.  In addition to these General Objections, Harnik and Masimo also assert objections to specific Topics and Requests for Production of Documents below.  By setting forth such specific objections, Harnik and Masimo do not intend to limit or restrict their General Objections.

1.      Harnik and Masimo object to each and every request on the ground that they seek discovery that is not related to any claim or defense in this action.

2.      Harnik and Masimo object to the time and location for the deposition set forth in the Notice.

3.      Harnik and Masimo object to Apple's requirement that the deposition continue from day to day until completed, and to the extent that any deposition becomes duplicative or otherwise unduly burdensome in its duration.  Any deposition pursuant to this Notice shall not exceed seven hours.

4.      Harnik and Masimo object to Apple's definition of "Masimo" as vague and ambiguous, particularly to the extent it purports to cover "Masimo Corporation and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad and unduly

burdensome.  Unless noted otherwise, Harnik and Masimo are interpreting "Masimo" as Masimo Corporation.

5.      Harnik and Masimo object to Apple's definition of "Sound United" as vague and ambiguous, particularly to the extent it purports to cover "Sound United, LLC (a/k/a Masimo Consumer) and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad and unduly burdensome.  Unless noted otherwise, Harnik and Masimo are interpreting "Sound United" as Sound United, LLC.

6.      Harnik and Masimo object to Apple's definition of "Cercacor" as vague and ambiguous, particularly to the extent it purports to cover "Cercacor Laboratories Inc. and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad and unduly burdensome.  Unless noted otherwise, Harnik and Masimo are interpreting "Cercacor" as Cercacor Laboratories Inc.

7.      Harnik and Masimo object to Apple's definition of "Related Publications" as vague and ambiguous, particularly to the extent it purports to cover "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  To the extent Apple's definition is understandable, Harnik and Masimo also object to

Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

8.      Harnik and Masimo object to Apple's definition of "Inequitable Conduct References" as vague and ambiguous, particularly to the extent it purports to cover "all references that are the subject of Apple's inequitable conduct allegations in this case."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

9.      Harnik and Masimo object to Apple's definition of "Medtronic" as vague and ambiguous, particularly to the extent it purports to cover "Medtronic PLC, Covidien, Nellcor Puritan Bennett Inc., Mallinckrodt Inc., and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.  Unless noted otherwise, Harnik and Masimo are interpreting "Medtronic" as Medtronic PLC, Covidien, Nellcor Puritan Bennett Inc., and Mallinckrodt Inc.

10.     Harnik and Masimo object to Apple's definition of "Nellcor Prior Art Products" as vague and ambiguous, particularly to the extent it purports to cover "all pulse oximeter and/or watch products made or sold by Medtronic before September 22, 2020."  To the extent Apple's definition is understandable, Harnik and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

11.     Harnik and Masimo object to Apple's definitions of "person" as overly broad, unduly burdensome, not proportional with the needs of the case, and inconsistent with the requirements of the Federal Rules of Civil Procedure.

12.     Harnik and Masimo object to each request using the term "relating to," "related to," or "relate to," or other derivations thereof as overbroad, vague, and ambiguous.  Harnik and Masimo further object to each use of this term to the extent that it requires subjective judgment and speculation on the part of Harnik and Masimo.

13.     Harnik and Masimo object to the Notice and each and every Topic and Request for Production to the extent they fail to comply with or seek to impose any obligations beyond those set forth in the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the District of Delaware (the "Local Rules"), or the Scheduling Order in this case.

14.     Harnik and Masimo object to the Requests for Production to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.  The specific objections stated below on the grounds of attorney-client privilege, and/or work product in no way limit the generality of this objection.  Nothing contained in these objections should be construed as a waiver of attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.

15.     Harnik and Masimo object to the Requests for Production to the extent they seek information or materials of any third-party that is confidential and/or proprietary, protected under a standing protective order, and/or otherwise protected from disclosure.

16.     Harnik and Masimo object to the Requests for Production as overly broad and not proportional to the discovery needs of the case, to the extent that any Request for Production seeks information not known or reasonably available to Harnik or outside the possession, custody, and control of Harnik, including requiring to provide or seek information regarding third-parties.

17.     Harnik and Masimo object to the Requests for Production as overly broad and not proportional to the discovery needs of the case, to the extent that any Request for Production seeks information that is already in Apple's possession or readily available from another source that is equally available to Apple.

18.     Harnik and Masimo object to the Requests for Production to the extent they call for legal conclusions, legal contentions, and/or expert testimony.

19.     To the extent Apple believes an obligation exists to prepare for any Topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik and Masimo are not obligated to and will not undertake any obligation to prepare to provide testimony in response to Apple's identified topics.

20.     To the extent the Subpoena seeks testimony identified in Apple's Subpoena to Knobbe Martens, Harnik, Masimo, and Knobbe Martens object to such testimony on the same grounds as those identified in Knobbe Martens' objections to Apple's Subpoena.

21.     Harnik and Masimo make their written objections herein without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a.     The right to raise objections as to the relevance, materiality, privilege, or admissibility of any information provided or document identified in the noticed deposition, either in this action or in any other proceeding;

b.      The right to object to the use of the above information or documents in this action or in any other proceeding; and

c.      The right to object on any ground at any time to other notices or other discovery requests involving this information or the subject matter thereof.

22.     Harnik and Masimo hereby reserve all objections available under the Federal Rules to the use of any videotaped deposition or transcript at trial or hearing.

23.     Words and terms used in these objections shall be construed in accordance with their normal meaning and connotations and shall in no way be interpreted as terms of art or statutorily defined terms, and Harnik and Masimo specifically disavow any such meaning or connotation that might be accorded to such terms.

24.     These objections are made solely for the purpose of this action.  Each objection is subject to all objections as to authenticity, competence, relevance, admissibility, and any other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court.  All such objections and grounds are reserved and may be interposed at the time of trial.

25.     Any restatement of one or more of these General Objections in a specific objection shall not be construed as a waiver of any other General Objection.

26.     Harnik and Masimo reserve the right to object at any deposition(s) to any question asked on the grounds set forth in these General Objections, the specific grounds individually listed for each deposition Topic below, or any ground available to Harnik and Masimo at the time of deposition.

27.     Subject to and without waiver of these General Objections, Harnik and Masimo submit the following specific objections.

## SPECIFIC OBJECTIONS

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

### OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:

Harnik and Masimo incorporate by reference their General Objections. Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Harnik and Masimo object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case. Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications." To the extent "Related Masimo Publications" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Harnik to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents." Harnik and Masimo further object to this request as vague and ambiguous as

to the phrase "relating to."  Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation your determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

Harnik and Masimo incorporate by reference their General Objections.  Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Harnik to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo

Asserted Patents." Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrases "determinations relating to what to disclose and not disclose" and "relating to." Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referring, relating to, or showing Your awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

Harnik and Masimo incorporate by reference their General Objections. Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case. Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications." To the extent "Related Masimo Publications" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Harnik to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo

Asserted Patents." Harnik and Masimo further object to this request as vague and ambiguous as to the phrase "relating to." Harnik and Masimo object that the term "awareness" is vague, ambiguous, or unintelligible in the context of this request. To the extent "awareness" means knowledge for the purpose of establishing inequitable conduct, Harnik and Masimo object to this request as seeking a legal conclusion. Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to each Inequitable Conduct Reference, including without limitation all documents referring to, relating to, or showing Your awareness of the Inequitable Conduct References.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

Harnik and Masimo incorporate by reference their General Objections. Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case. Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Inequitable Conduct Reference." To the extent "Inequitable Conduct Reference" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all references that

are subject of Apple's inequitable conduct allegations in this case." Harnik and Masimo further object to this request as vague and ambiguous as to the phrase "relating to." Harnik and Masimo object that the term "awareness" is vague, ambiguous, or unintelligible in the context of this request. To the extent "awareness" means knowledge of the Inequitable Conduct References for the purpose of establishing inequitable conduct, Harnik and Masimo object to this request as seeking a legal conclusion. Harnik and Masimo further object to this request as overly broad, unduly burdensome, and irrelevant because it is unbounded as to time. Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to Your involvement in *Mallinckrodt, Inc. v. Masimo Corp.*, No. 2:00cv-06506 (C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv- 00638 & 2:01-cv-07292 (C.D. Cal.); *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-cv-00603 (C.D. Cal.), including without limitation all declarations, affidavits, transcripts of testimony, and other submissions provided by or referring to You.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

Harnik and Masimo incorporate by reference their General Objections. Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents,"

without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrases "other submissions" and "relating to."  Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 6:

All documents relating to whether any Nellcor Prior Art Products infringe any Masimo, Cercacor, or Sound United Patent, including without limitation all infringement contentions in the following litigations: *Mallinckrodt, Inc. v. Masimo Corp.*, No. 2:00cv-06506 (C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv-00638 & 2:01-cv-07292 (C.D. Cal.); and *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-cv-00603 (C.D. Cal.).

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:

Harnik and Masimo incorporate by reference their General Objections.  Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents relating to whether any Nellcor Prior Art Products infringe any Masimo, Cercacor, or Sound United Patent," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Nellcor Prior Art Products."  To the extent "Nellcor Prior Art Products" is understandable, Harnik and Masimo further object to this request as overly

broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all pulse oximeter and/or watch products made or sold by Medtronic before September 22, 2020." Harnik and Masimo further object to this request as vague and ambiguous as to the phrase "relating to." Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with Masimo, Cercacor, and/or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

Harnik and Masimo incorporate by reference their General Objections. Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll communications," without regard to whether the communication has any bearing or relationship to any facts, issues, or allegations in the case. Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications." To the extent "Related Masimo Publications" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Harnik to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family

as any of the Masimo Asserted Patents."  Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents referring or relating to any search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

Harnik and Masimo incorporate by reference their General Objections.  Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents" relating to "any search result," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Harnik and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications." To the extent the "Related Masimo Publications" is understandable, Harnik and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Harnik to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Harnik and Masimo further object to this request as vague and ambiguous as to the phrase "relating to."  Harnik and Masimo object to this request to the extent it seeks information that is not in Harnik's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements between You and Masimo, Cercacor, and/or Sound United.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

Harnik and Masimo incorporate by reference their General Objections.  Harnik and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense and seeks to harass Harnik.  Harnik and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll agreements" without regard to whether the agreement has any bearing or relationship to any facts, issues, or allegations in the case.

## TOPICS

**TOPIC NO. 1:**

The preparation, filing and prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications, including without limitation the identity of all individuals involved in these prosecutions.

**OBJECTIONS TO TOPIC NO. 1:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks

information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 2:**

Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation Your determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

**OBJECTIONS TO TOPIC NO. 2:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this

request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions. Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above. To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists. Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 3:**

Your determinations relating to what to disclose and not disclose to the Patent Office during prosecution of each of the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 3:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of

Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 4:**

Any awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 4:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and

Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 5:**

Your knowledge and awareness of the Inequitable Conduct References during prosecution of the Masimo Asserted Patents.

**OBJECTIONS TO TOPIC NO. 5:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the

Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 6:**

The reasons why the Nellcor NPB-195, N-395, and OxiMax N-595 were not disclosed to the Patent Office during prosecution of the '223 patent.

**OBJECTIONS TO TOPIC NO. 6:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 7:**

The reasons why Mendelson IEEE was not disclosed to the Patent Office during prosecution of the '507 patent.

**OBJECTIONS TO TOPIC NO. 7:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection. Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense. Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions. Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above. To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists. Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 8:**

The reasons over 1,000 references were disclosed to the Patent Office during each of the prosecutions of the '743 patent, the ' 159 patent, and the '91 1 patent, respectively.

**OBJECTIONS TO TOPIC NO. 8:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 9:**

Your communications with Masimo, Cercacor, or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 9:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the

attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 10:**

Your search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents or Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 10:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks

information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

**TOPIC NO. 11:**

Executed agreements between You and Masimo, Cercacor, or Sound United.

**OBJECTIONS TO TOPIC NO. 11:**

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of

Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

## TOPIC NO. 12:

The subject matter contained within the documents produced in response to the Requests For Production herein, including the authentication thereof.

## OBJECTIONS TO TOPIC NO. 12:

Harnik and Masimo incorporate their General Objections above as set forth in full herein. Harnik and Masimo object to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege or protection.  Harnik and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Harnik and Masimo further object to this request as overly broad and unduly burdensome and for failing to describe with reasonable particularity the matters on which examination is requested and/or being incapable of reasonable ascertainment because it does not sufficiently identify the documents that will be the subject of Respondents' questions.  Harnik and Masimo further object to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks testimony relating to documents that Harnik has declined to produce and/or has not produced, including for the reasons set forth in Harnik and

Masimo's Specific Objections above.  To the extent Apple believes an obligation exists to prepare for this topic, Harnik and Masimo object as the Subpoena does not fall under Rule 30(b)(6) of the Federal Rules of Civil Procedure and no such obligation exists.  Harnik will not undertake any obligation to prepare to provide testimony in response to this topic.

Respectfully submitted,

September 5, 2023                                         PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

Of Counsel:                                              John C. Phillips, Jr. (No. 110)
                                                         Megan C. Haney (No. 5016)
Joseph R. Re                                             1200 North Broom Street
Stephen C. Harnik and Masimo                            Wilmington, DE 19806
Stephen W. Larson                                        (302) 655-4200 Telephone
Benjamin A. Katzenellenbogen                            (302) 655-4210 Fax
Jared C. Bunker                                          jcp@pmhdelaw.com
Kendall M. Loebbaka                                      mch@pmhdelaw.com
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP                      *Counsel for Defendants*
2040 Main Street, 14th Floor                            *Masimo Corporation and Sound United, LLC*
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile

brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com |

| | mweisfeiler@desmaraisllp.com |
| --- | --- |
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com |
| AppleMasimoService@desmaraisllp.com | whmasimoantitrustservice@wilmerhale.com |
| IPservice@potteranderson.com | |

September 5, 2023

                                        */s/ Megan C. Haney*
                                        Megan C. Haney (#5016)