# EXHIBIT 19



www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Benjamin N. Luehrs
New York
Direct: 212-808-2952
bluehrs@desmaraisllp.com

September 25, 2023

**Via Email**

Mark Lezama
Knobbe Martens
2040 Main Street, 14th Floor
Irvine, CA 92614
Mark.lezama@knobbe.com

**HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY**

Re:   *Apple Inc. v. Masimo Corporation, et al.*
      Civil Action Nos: 1:22-cv-01377-MN-JLH; 1:22-cv-01378-MN-JLH

Dear Mark,

Thank you for meeting and conferring with us regarding the parties' respective discovery requests and subpoenas concerning inequitable conduct. In an effort to achieve a consensual resolution of the parties' disputes, Apple seeks Masimo's confirmations regarding the following matters.

Emails Requested By Apple's Subpoenas of Knobbe, Mr. Kesler, and Mr. Shukla: We understand that although Knobbe is not willing to run any specific email search terms proposed by Apple in responding to Apple's subpoenas, Knobbe is willing to search for responsive emails, including custodial emails of Mr. Kesler and Mr. Shukla. Please confirm.

Emails Requested By Apple's Subpoena of Mr. Jensen: Masimo previously agreed to treat Mr. Jensen as an ESI custodian in this case and stated that Apple must serve a subpoena upon Knobbe Martens to obtain Mr. Jensen's Knobbe Martens emails. (*See* 7/16/2023 email from Bunker to Olsheski; 7/21/2023 email from Bunker to Malz). In view of that agreement and Masimo's representations, please confirm that Knobbe will apply Apple's previously-served search terms to all of Mr. Jensen's email accounts at Knobbe (e.g., domains at Knobbe.com, KMOB.com, KnobbeMedical.com, etc.).

Please also confirm that Knobbe will produce all responsive documents at least five days before the depositions of Knobbe, Mr. Kesler, Mr. Shukla, and Mr. Jensen. To the extent Defendants refuse to produce any requested documents, including the email requested herein, please tell us immediately and be prepared to discuss those issues during the parties' next meet and confer.

Depositions of Knobbe, Mr. Kesler, Mr. Shukla, and Mr. Jensen: We understand that Knobbe is making itself, Mr. Kesler, and Mr. Shukla available for deposition because they have been specifically accused of inequitable conduct by Apple. We understand that Knobbe's provision of 30(b)(6) testimony is being offered based on Masimo's alleged understanding that Apple will similarly make its outside counsel available for deposition. But that proposal is a false

DESMARAIS LLP

Mark Lezama
September 25, 2023
Page 2

equivalency: Apple is seeking discovery from Masimo's outside counsel because Apple specifically accused Masimo's outside counsel of inequitable conduct. As was made clear during our September 15 meet and confer, Masimo has failed to make any such allegation against Apple's outside counsel. Subject to Apple's forthcoming objections, Apple will designate one or more 30(b)(6) witnesses to provide testimony concerning relevant, non-privileged factual information relating to the inequitable conduct accusations in Masimo's pleading. We provide Apple's outside counsels' positions concerning Masimo's subpoenas to them below.

We further understand based on Mr. Larson's September 8, 2023 letter and our September 15 meet-and-confer that Masimo is not making Mr. Jensen available for a deposition "at this time," alleging that "Apple should first depose Kesler and Shukla." So long as Masimo is not refusing to provide Mr. Jensen for deposition—and if Masimo is refusing, please say so now—Apple is amenable to a mutual agreement to sequence depositions regarding inequitable conduct. Consistent with Masimo's own proposal, Masimo should first depose Apple's 30(b)(6) witness(es) regarding inequitable conduct, and then raise a need, if any, for deposing Mr. Myers after that.

Notwithstanding a mutual agreement on sequencing, at this juncture, we do not foresee that Mr. Kesler's and Mr. Shukla's deposition will ultimately resolve Apple's need to depose Mr. Jensen. Mr. Jensen is a key fact witness in Apple's offensive and defensive cases and is an agreed ESI/email custodian. Mr. Jensen has unique personal knowledge of disputed facts, including his role in Masimo's willful infringement and his own inequitable conduct. Apple gave notice of these willfulness allegations in ¶¶ 29-34 of its complaints. Despite being on notice of Apple's allegations as to Mr. Jensen, Masimo subsequently and knowingly hired Mr. Jensen as an advocate to defend Masimo against these very allegations. And Mr. Jensen is also one of the specific individuals that Apple accused of committing inequitable conduct in this case, which Apple supported with over 70 pages of detailed contentions. Masimo knew Mr. Jensen and others at Knobbe Martens had duties of disclosure with respect to the Masimo Asserted Patents based on their substantive role and involvement in prosecuting these patents when Masimo hired Mr. Jensen and Knobbe Martens to assert those patents against Apple.

Additionally, a deposition of Mr. Jensen may be necessary for Mr. Jensen to answer questions about his conduct at Cercacor, including during the parties' ITC case and this case, as it is probative of Mr. Jensen's potential lack of candor, including with respect to Apple's confidential business information and intellectual property.

In the ITC case, Mr. Jensen submitted a sworn declaration stating he was willing to resign from Cercacor's Board to be permitted access to Apple's confidential information in litigation, and Mr. Kiani submitted a sworn declaration that he would accept Mr. Jensen's resignation for that reason. As you know, the ITC found that Mr. Jensen's position on Cercacor's Board "may involve competitive decision-making and creates an unnecessarily high risk of inadvertent disclosure," and accordingly ordered on November 18, 2021 that "Mr. Jensen should be precluded from accessing confidential business information under the protective order so long as he remains on Cercacor's

**DESMARAIS**LLP

Mark Lezama
September 25, 2023
Page 3

Board of Directors." *See* ITC Order No. 7, Nov. 18, 2021. And as you further know, Mr. Jensen continued to serve as Masimo's litigation counsel in the ITC case and did access Apple's CBI. But Mr. Jensen ***did not cease*** to participate in Cercacor's Board, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And, on Knobbe Martens' website, Mr. Jensen states that he "***currently serves*** on the Board of Directors of Cercacor." (last visited Sept. 25, 2023).

Moreover, in this case, Apple gave notice of its willfulness and misappropriation allegations on October 20, 2022 in its complaints and motion for expedited discovery. On November 17, 2022, having subsequently appeared as counsel for Masimo, "Jensen submitted sworn declarations expressly explaining that he does ***not*** make business decisions for Masimo/Cercacor, does ***not*** make competitive decisions for Masimo/Cercacor, and does ***not*** provide technical design advice to Masimo/Cercacor." (Defendants' Opp. Br., -1377, D.I. 14 at 15 (emphasis in original); *see also id.* at 20 (signature page listing Mr. Jensen)). Masimo also provided a sworn declaration stating that "Steve Jensen resigned his position as a director on the Board of Directors of Cercacor Laboratories, Inc. on December 8, 2021." *See* Nov. 17, 2022 Horne Decl. ¶ 31, -1377, D.I. 17; *see also* Defendants' Opp. Br., -1377, D.I. 14 at 10 ("Jensen also readily offered to resign . . . [and] promptly did so on December 8, 2021"); *id.* at 15 ("Jensen also resigned . . . to resolve the dispute at the ITC."). Masimo also represented to the Court (with Mr. Jensen present) that there is "no evidence he's done anything wrong" (*see* 12/21/2021 Hrg. Tr. 7:15-21)—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Cercacor's CFO Gerry Hammarth also testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Sept. 18, 2023 Hammarth Dep. Tr. (Rough) at 83:19-84:2 (emphases added). He explained that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* 79:25–80:5 (emphases added). Further demonstrating Mr. Jensen's unique personal knowledge, Cercacor's CFO ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See id.* at 84:10–13 (emphasis added) *Id.* Apple is entitled to discover Mr. Jensen's role in any misappropriations of Apple's IP or CBI. Masimo's desire for Mr. Jensen to serve as "lead trial counsel" does not overcome the reality that Mr. Jensen is an agreed ESI/email custodian, possessing unique personal knowledge of key disputed facts, whose conduct is directly implicated in the pleadings.

<u>Masimo's Subpoenas to Kilpatrick, Brownstein, Sterne Kessler, Fish & Richardson, and Dan Smith</u>: You are aware that Desmarais LLP represents Kilpatrick, Brownstein, Sterne Kessler, Fish & Richardson, and Mr. Smith ("the Five Unaccused Entities"). The Five Unaccused Entities intend to move to quash Masimo's subpoenas. It became abundantly clear during our September

DESMARAIS ᴸᴸᴾ

Mark Lezama
September 25, 2023
Page 4

15 meet-and-confer that Masimo has no basis for pursuing discovery from the Five Unaccused Entities. Masimo has never accused any of the Five Unaccused Entities of inequitable conduct in any pleading or interrogatory. Masimo's pursuit of that third party discovery is a fishing expedition based on nothing more than speculation. The Five Unaccused Entities stipulate to submitting their motions to quash to Judge Hall. Please provide Masimo's position on that.

Sincerely,

*/s/ Benjamin N. Luehrs*

Benjamin N. Luehrs

cc: Counsel of Record