# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY

OF COUNSEL:

John M. Desmarais
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

Dated: November 28, 2022
10455302 / 12209.00051

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff Apple Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

        A.      Apple Could Not Have Conferred With Counsel For Masimo Before Apple Filed Its Motion Because Counsel For Masimo Had Not Yet Appeared. ............................................................................................................2

        B.      The Timing Of Apple's Motion Supports Granting Expedited Discovery..............3

        C.      Apple Demonstrated Good Cause For Expedited Discovery Of Mr. Jensen's Involvement In The Development Of Masimo's W1...............................4

        D.      Apple Demonstrated Good Cause For Expedited Discovery Of Masimo's Product Distribution Capabilities............................................................................7

CONCLUSION ..............................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-1846, 2011 WL 7036077 (N.D. Cal. Dec. 2, 2011) ................................................ 8

*Cornell Univ., Cornell Rsch. Found., Inc. v. Illumina, Inc.*,
    C.A. No. 10-433-LPS-MPT, 2018 WL 11427401 (D. Del. Feb. 23, 2018) ....................... 3

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
    C.A. No. 11–465–LPS–CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) ........................ 8

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
    C.A. No. 07-0633-JJF-LPS, 2008 WL 5069784 (D. Del. Nov. 19, 2008) ......................... 8

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Apple's First Set of Interrogatories to Defendants (Nos. 1 and 2) |
| 2 | Apple's First Set of Requests for Production to Defendants (Nos. 1 and 2) |
| 3 | Apple's First Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendants |
| A | Masimo Fiscal Year 2021 Form 10-K Annual Report, available at https://investor.masimo.com/financials/sec-filings/sec-filings-details/default.aspx?FilingId=15576856 |
| B | Masimo Fiscal Year 2020 Form 10-K Annual Report, available at https://investor.masimo.com/financials/sec-filings/sec-filings-details/default.aspx?FilingId=14736544 |
| C | Transcript of Masimo Q4 2021 Earnings Call, dated February 15, 2022, available at https://www.fool.com/earnings/call-transcripts/2022/02/15/masimo-masi-q4-2021-earnings-call-transcript/ |
| D | Transcript of Masimo Q3 2021 Earnings Call, dated October 26, 2021, available at https://www.fool.com/earnings/call-transcripts/2021/10/27/masimo-masi-q3-2021-earnings-call-transcript/ |
| E | Transcript of Masimo Q2 2022 Earnings Call, dated August 9, 2022, available at https://www.fool.com/earnings/call-transcripts/2022/08/10/masimo-masi-q2-2022-earnings-call-transcript/ |
| F | Masimo's January 23, 2006 press release entitled *Masimo and Nellcor Announce Settlement of Patent Litigation*, available at https://www.masimo.com/company/news/news-media/2006#news-76f2c84e-7857-4cff-a364-8a7af3b2221e |
| G | Masimo's September 2, 2016 press release entitled *Masimo Announces Amendment to Nellcor Royalty Agreement*, available at https://www.masimo.com/company/news/news-media/2016/#news-0f61fb9f-0af5-4245-b4e2-a329ad0562a6 |
| H | Masimo's November 7, 2016 press release entitled *Philips and Masimo Sign Multi-Year Business Partnership Agreement in Patient Monitoring and Select Therapy Solutions*, available at https://www.masimo.com/company/news/news-media/2016/#news-3c555bf2-2e14-4eaa-abc0-5b723675c1e9 |
| I | Masimo's April 12, 2022 press release entitled *Masimo Closes Acquisition of Sound United*, available at https://www.masimo.com/company/news/news-media/#4rtyy700d-7c03-9876-bt7u-8y57ktr7ull8n |
| J | Complaint, D.I. 1 filed in *Masimo Corp. v. Apple Inc.*, D.I. 1, No. 20-cv-48-JVS-JDE (C.D. Cal.) |
| K | Declaration of Brian A. Rosenthal in Support of Apple's Motion to Stay the Patent Infringement Case Pending *Inter Partes* Review Proceedings, D.I. 197 filed in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) |

| L | Joint Stipulation Regarding Plaintiffs' [Masimo's] Motion for a Protective Order, D.I. 61-1 filed in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) |
|---|---|
| M | Protective Order, D.I. 67 entered in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) |
| N | Complaint (Public Version) filed in *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (Int'l Trade Comm. Jun. 29, 2021) |
| O | Public hearing testimony given on June 9, 2022 in *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (Int'l Trade Comm. Jun. 9, 2022) |
| P | Kenneth Squire, *How Activist Politan Capital May Find An Opportunity to Trim Costs, Build Value at Masimo*, CNBC (Aug 20, 2022), https://www.cnbc.com/2022/08/20/how-activist-politan-capital-may-find-an-opportunity-to-trim-costs-build-value-at-masimo.html |
| Q | *Masimo Market Cap 2010-2022 | MASI*, MACROTRENDS, available at https://www.macrotrends.net/stocks/charts/MASI/masimo/market-cap |
| R | Apple's Apple Watch Ultra Accessories webpage, available at https://www.apple.com/us-edu/shop/product/MQE93AM/A/49mm-white-ocean-band (last accessed Nov. 27, 2022) |
| S | Order No. 16 of Special Master Regarding Three Discovery Motions issued in *Masimo Corp. v. Apple Inc.*, D.I. 970, No. 20-cv-48-JVS-JDE (C.D. Cal.) |
| T | Order Granting Respondent's Motion to Preclude Stephen Jensen from Access to Confidential Business Information Under the Protective Order While Serving on Complainant's Board of Directors in *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (Int'l Trade Comm. Nov. 18, 2021) |
| U | Declaration of Stephen C. Jensen in Support of Plaintiffs' Motion for Protective Order in *Masimo Corp. v. Apple Inc.*, D.I. 61-3, No. 20-cv-48-JVS-JDE (C.D. Cal.) |
| V | Declaration of Stephen C. Jensen in Support of Plaintiffs' Motion for Entry of a Protective Order in *Masimo Corp. v. True Wearables, Inc.*, D.I. 82-2, No. 8:18-CV-02001-JVS-JDE (C.D. Cal.) |
| W | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on July 16, 2020, identified by bates number APL_MAS_00000888 |
| X | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on August 21, 2020, identified by bates number APL_MAS_00026896 |
| Y | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on August 25, 2020, identified by bates number APL_MAS_00029096 |
| Z | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on August 25, 2020, identified by bates number APL_MAS_00029101 |

| AA | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on August 25, 2020, identified by bates number APL_MAS_00029123 |
|---|---|
| AB | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on September 18, 2020, identified by bates number APL_MAS_00056071 |
| AC | Confidential document produced by Apple in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) on September 18, 2020, identified by bates number APL_MAS_00056076 |
| AD | J. Rafl, et al., *Commercial smartwatch with pulse oximeter detects short-time hypoxemia as well as standard medical-grade device: Validation study*, Digital Health, J. (Oct. 11, 2022), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9554125/. |
| AE | "Blood Oxygen app on Apple Watch" (October 2022), available at https://www.apple.com/healthcare/docs/site/Blood_Oxygen_app_on_Apple_Watch_October_2022.pdf |
| AF | Respondent Apple Inc.'s Second Corrected Post-Hearing Brief in *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (Int'l Trade Comm. Sept. 14, 2022) |

All citations to lettered exhibits A-Q refer to the exhibits attached to the Declaration of Peter C. Magic In Support of Plaintiff Apple Inc.'s Motion for Expedited Discovery (D.I. 8). All citations to lettered exhibits R-AF refer to the exhibits attached to the Declaration of Peter C. Magic In Support of Plaintiff Apple Inc.'s Reply, submitted concurrently herewith.

## **INTRODUCTION**

Apple seeks limited expedited discovery relevant to a potential motion for a preliminary injunction against Masimo's W1 watch. Specifically, Apple seeks discovery of (1) Masimo's distribution capabilities that it has publicly touted in connection with the W1 and (2) whether and to what extent a board member of Cercacor, who was also Masimo's outside counsel with access to Apple confidential information about Apple Watch, participated in or was present for the design or development of the W1. As explained in Apple's opening brief (D.I. 7 ("Br.")), these requests are time-sensitive, narrowly tailored to information relevant to the preliminary injunction analysis, and not unreasonably burdensome to Masimo.

Masimo fails to refute that good cause exists for the expedited discovery Apple seeks. Masimo's lead argument that Apple failed the meet-and-confer requirement makes no sense because Apple could not have conferred with Masimo before its counsel had appeared, at the time of the filing of Apple's motion. In any case, the parties have since conferred, and Masimo remains opposed to Apple's motion.[1] On the merits of good cause, Masimo's brief sidesteps two of the three issues relevant to expedited discovery—the scope and relevance of the requests, and whether they present an unreasonable burden on Masimo. On the remaining issue—urgency—Masimo's argument boils down to the fact that it previewed the W1 at a medical conference in Saudi Arabia in early 2022 and offered a limited release in May 2022 in which participants had to agree to contractual restrictions. Masimo does not refute the basic fact that the general sale of the W1 to the public began on August 31, 2022, less than two months before Apple filed its motion.

---

[1] The parties are discussing a possible agreement under which Defendants would respond to Apple's proposed interrogatories, but have not yet reached agreement. The remaining discovery sought by Apple's motion, including requests for production and deposition testimony, would remain disputed regardless.

Masimo's numerous remaining arguments are irrelevant and fail to address the standard for good cause. First, Masimo's argument that other courts have addressed the same issue regarding access of its counsel, Mr. Jensen, to Apple confidential information does not hold up. None of those decisions dealt with whether Mr. Jensen could be involved with design or development of the W1—indeed, Masimo fails to show that any court that allowed Jensen to access Apple's information knew Masimo was working on the W1. Second, rather than refuting Apple's showing of good cause for expedited discovery regarding Masimo's distribution channels, Masimo presents premature arguments on the merits of a potential preliminary injunction. Third, Masimo's story about its former employee joining Apple is irrelevant to the relief sought in Apple's motion.

In short, Masimo fails to refute Apple's showing of good cause for expedited discovery on its two narrow topics relating to Masimo's recent debut in the smartwatch market using Apple's patented designs. The Court should grant Apple's motion.

## ARGUMENT

### A.  Apple Could Not Have Conferred With Counsel For Masimo Before Apple Filed Its Motion Because Counsel For Masimo Had Not Yet Appeared.

Masimo's lead argument that the Court should deny Apple's motion for failure to meet and confer prior to filing its motion is nonsense because Apple filed its motion concurrently with its Complaint, before opposing counsel had appeared or otherwise identified themselves to Apple. (D.I. 14 ("Opp. Br.") at 12–13.) Masimo ignores that fact and offers no argument as to how Apple should have proceeded differently. And Masimo's brief never argues Masimo would have agreed to Apple's requests. Regardless, Apple has since conferred with Masimo, and Masimo remains opposed to Apple's motion.

Neither case law nor the Local Rules supports Masimo. Masimo's cited cases deal only with post-complaint motions, where counsel had already appeared. Moreover, Local Rule 7.1.1

does not require dismissal as a result of failing to confer.  It simply states that failure to make "a reasonable effort" to reach agreement with the opposing party "*may* result in dismissal of the motion."[2]  D. Del. L.R. 7.1.1; *see Cornell Univ., Cornell Rsch. Found., Inc. v. Illumina, Inc.*, C.A. No. 10-433-LPS-MPT, 2018 WL 11427401, at *4 (D. Del. Feb. 23, 2018) ("Even if the court determined the motion was nondispositive, it would not necessarily dismiss the motion pursuant to D. Del. LR 7.1.1.  The rule does not mandate dismissal if there is a failure to meet and confer. . . .").  Masimo cites no case that interpreted LR 7.1.1 to require a movant to confer with an opposing party before counsel for that party appeared.

### B.   The Timing Of Apple's Motion Supports Granting Expedited Discovery.

Masimo fails to refute that Apple's discovery requests are urgent in light of Masimo's general release of the W1 in the U.S. on August 31, 2022.  Masimo's argument that Apple should have moved earlier in 2022 when Masimo previewed the W1 in Saudi Arabia and later, during a limited test release where customers had to agree to certain contract terms to buy a W1, is unpersuasive because neither presented an avenue for significant sales of the W1.  Nor do Apple's statements to the ITC in September 2022 undermine the urgency, but rather demonstrate the time-sensitive nature of Apple's request because Apple moved in the nascent stage of Masimo's release of the W1 to the general public.

*First*, Masimo agrees that the W1 became available for sale to the U.S. general public without contractual restrictions on August 31, 2022.  (*See* Opp. Br. at 13 ("Masimo did announce the full market release of the W1 on that date.").)  The alleged "public[] unveil[ing]" of Masimo's W1 watch in January 2022 merely announced the W1 to the Middle East market at a conference

---

[2] All emphasis added unless otherwise noted.

3

in Dubai.³ Nor did Masimo's "limited market release" of the W1 watch on May 2, 2022, make the W1 available for sale to the general public. That release was capped at 10,000 units, and the purchasers had to agree to program details and to provide feedback and data on the W1 to Masimo with the intent that they "help evaluate and refine the product over the coming months."⁴

*Second*, Apple's statements to the ITC do not undermine the urgency of Apple's requests. Citing a September 2022 ITC filing, Masimo claims that "Apple argued that the W1® posed 'no competition at all.'" (Opp. Br. at 13 (citing *Certain Light-Based Physiological Measurement Devices*, EDIS Doc. ID 780239 at 1.)) Masimo omits the context: Apple argued that at the time of that brief—just after Masimo announced the release of the W1 on August 31, 2022—Masimo "had no protectable domestic industry when they initiated this action and still lack one today."⁵ Apple explained that Masimo is "instead using this forum to create litigation pressure on Apple and clear a path for ***hoped-for future sales*** of the 'Masimo Watch.'"⁶ Those statements are consistent with Apple's need for expedited discovery on this issue in that Apple urgently seeks to uncover at the outset of Masimo's full market release whether Masimo has the distribution capability to make good on its stated intent to "take 100% market share" (Br. at 11) before it can cause irreparable harm. Accordingly, Apple's discovery requests should be granted.

**C.** **Apple Demonstrated Good Cause For Expedited Discovery Of Mr. Jensen's Involvement In The Development Of Masimo's W1.**

Apple's expedited discovery request as to Mr. Jensen's involvement in the development of

---

³ Arab Health, Masimo Talks to Arab Health TV (Nazih Darwish), YouTube (Jan. 24, 2022), https://www.youtube.com/watch?v=5KvcsFkxBvE (last accessed Nov. 27, 2022).
⁴ D.I. 15, Horne Decl. Ex. 9 (*Medical Monitoring Pioneer Announces the Limited Market Release of the Masimo W1™ Watch for Consumers* (May 2, 2022)).
⁵ Ex. AF (Respondent Apple Inc.'s Second Corrected Post-Hearing Brief, *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (Int'l Trade Comm. Sept. 14, 2022)) at 1.
⁶ (*Id.*)

4

Masimo's W1 is relevant, narrowly tailored, and minimally burdensome. Specifically, Apple's request is narrowly tailored to whether Mr. Jensen was involved in the design or development of the W1 when he served on the board of Cercacor (Masimo's R&D arm) and concurrently served as Masimo's litigation counsel against Apple with access to Apple confidential information. If he was involved with the W1, that is relevant to the balance of equities analysis for preliminary injunction. (*See* Br. at 16-17.)

Masimo does not deny the critical facts that its outside counsel served on the board of its R&D company while he had access to confidential information about Apple Watch at the time Masimo was developing the W1. Nor does Masimo deny Mr. Jensen was present or participated in the design or development of the W1. Instead, Masimo argues another court decided this issue. It didn't. Mr. Jensen's declarations from previous cases do not say that Mr. Jensen did not participate in, nor was present for, design or development of the W1. Moreover, Masimo's argument that Masimo could have copied Apple Watch's design as public without Apple's confidential information is a red herring—Apple is not seeking discovery at this point to prove infringement, but to demonstrate why the balance of equities supports a preliminary injunction. As explained below, confidential information Apple produced about the design while Mr. Jensen served on the board could inform decisions, for example, about the design's viability from a business or manufacturing perspective. Accordingly, Apple's discovery request should be granted.

*First,* the special master's denial of Apple's recent discovery request in the *Masimo v. Apple* district court litigation in the Central District of California is inapposite. There, the special master denied Apple's request because it found that "Apple [] has not shown that Plaintiffs' counsel's handling of confidential information obtained years later . . . can indeed at this time

5

reasonably be traced as relevant to the various claims and defenses in this case."[7] The "various claims and defenses" in the CDCA case did not include the W1's infringement of Apple's patents, which are at issue in this case. Here, Apple has articulated the relevance: any misuse of Apple confidential information by Mr. Jensen in relation to Masimo's W1 would be relevant to the balance of equities for preliminary injunction. (Br. at 14-15.)

*Second,* Mr. Jensen's sworn declarations from prior litigations do not dispose of the issue for which Apple seeks expedited discovery. Importantly, the declarations from district court litigation are from 2020—before Masimo revealed it was developing the W1.[8] The declarations attest that Mr. Jensen did not make "competitive decisions" for Masimo/Cercacor and "[n]othing about [his] role *requires* that [he] provide technical design advice for Cercacor or Masimo."[9] Crucially, Mr. Jensen never swore that he did not participate in, nor was present for, design or development of the W1. And the fact that he was not "required" to provide design advice does not resolve the issue of whether he actually provided design advice. Mr. Jensen notably did not submit a declaration in this case, despite his willingness to do so in previous cases and despite his appearance as counsel in this case.

*Third*, Masimo's argument that it could have copied Apple Watch's design as public without Mr. Jensen's knowledge of Apple's confidential information takes too narrow a view of the relationship between Apple's confidential information and the design of the Apple Watch. Specifically, Masimo overlooks that Apple confidential information could inform business

---

[7] Ex. S (D.I. 970, *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.)) at 13.

[8] The ITC allowed Mr. Jensen to access Apple's CBI only after he stepped down from Cercacor's board. Ex. T (*Certain Light-Based Physiological Measurement Devices*, EDIS Doc. ID. 760308 at 16).

[9] Ex. U (D.I. 61-3 (Jensen Decl.), *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.)) at 4; Ex. V (D.I. 82-2 (Jensen Decl.), *Masimo Corp. v. True Wearables, Inc.*, No. 8:18-CV-02001-JVS-JDE (C.D. Cal.)) at 6-7.

6

decisions about whether Masimo should pursue the design used by Apple, and how to implement it. While Mr. Jensen was on Cercacor's board, Apple produced confidential information in the CDCA case associated with the rear design of the Apple Watch that is not ascertainable from looking at the Apple Watch. For example, confidential documents to which Mr. Jensen had access in 2020 demonstrate how the rear sensor of the Apple Watch should be assembled, identify materials with specificity and by part number, and identify Apple's vendors for each part of the sensors.[10] As such, Apple's narrow discovery request should be granted.

### D. Apple Demonstrated Good Cause For Expedited Discovery Of Masimo's Product Distribution Capabilities.

Masimo does not dispute the relevant facts that demonstrate good cause for expedited discovery into its distribution channels. As explained in Apple's motion, Masimo's ability to distribute a product of inferior build that uses Apple's patented designs is relevant to the potential to harm Apple's reputation and goodwill in the smartwatch market through post-sale consumer confusion and dissatisfaction. (Br. at 16.) Because Masimo has publicly declared it seeks 100% market share, Apple's discovery request is relevant. And Masimo has not disputed that the discovery request is narrow and minimally burdensome.

The declaration of CEO Joe Kiani submitted with Masimo's brief *confirms* that Masimo aims for the W1 to command "100% market share,"[11] underlining the relevance of discovery into Masimo's actual and planned channels for distribution. Mr. Kiani made this statement on an earnings call for his publicly traded company in the context of distribution channels for the W1. (*See* Br. at 11.) Masimo's brief attempts to downplay that statement, but Mr. Kiani's declaration

---

[10] Ex. W (Assembly document); Ex. X (Vendor and parts list); Ex. Y (Assembly document); Ex. Z (Assembly document); Ex. AA (Assembly document); Ex. AB (Assembly document); Ex. AC (Assembly document).

[11] Ex. E (Masimo Q2 2022 Earnings Call Transcript (Aug. 9, 2022)).

confirms that he meant what he said: "*any* consumer that seeks physiological monitoring functions from a watch should choose to purchase a Masimo watch." (D.I. 18, Kiani Decl. ¶ 33.)

Masimo offers no argument on this issue relevant to the good cause standard. Instead, Masimo's arguments are prematurely addressed to the merits of a potential preliminary injunction motion. For example, Masimo's opposition alleges, among other things, that certain features of the W1 are different from Apple Watch (Opp. Br. at 14), that Apple "no longer uses the design Masimo allegedly copied," (*id*. at 19), that "Apple's own press release does not tout the back of the watch" (*id*.), and that "Apple Watch's physiological measurements are known to be poor" (*id*. at 18). Those arguments are irrelevant and mischaracterize the facts.

*First,* Masimo relies on its (inaccurate) allegations to argue that Apple has not sufficiently proven the requirements for a preliminary injunction. But that is not the standard for expedited discovery. Indeed, Masimo relies on caselaw describing legal standards inapplicable to expedited discovery. For example, Masimo cites to *Apple, Inc. v. Samsung Elecs. Co*., No. 11-1846, 2011 WL 7036077, at *20 (N.D. Cal. Dec. 2, 2011), for the point that "Apple must establish a nexus between Apple's harm . . . and Samsung's allegedly infringing conduct." But the causal nexus inquiry is not part of the good cause standard for expedited discovery.[12] Apple has demonstrated good cause because, as explained in Apple's motion, the two expedited discovery requests are narrowly tailored to topics relevant to the irreparable harm analysis and whether the balance of equities favors a preliminary injunction. (Br. at 13.)

---

[12] Masimo also cites *Power Integrations, Inc. v. BCD Semiconductor Corp*., C.A. No. 07-0633-JJF-LPS, 2008 WL 5069784, at *3, *11-12 (D. Del. Nov. 19, 2008), another preliminary injunction case. The sole cited case that deals with expedited discovery, *Kone Corp. v. ThyssenKrupp USA, Inc*., C.A. No. 11-0465, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011), does not contain the language Masimo attributes to it.

8

*Second,* Masimo's premature arguments as to the merits of preliminary injunction are also wrong on the facts. For example, in an attempt to distinguish the W1 from Apple Watch, Masimo confusingly recites a number of aspects of the W1 and Apple Watch for which it fails to explain the significance relative to the asserted design patents. (Opp. Br. at 13-14.) But Masimo ignores the striking similarities in the design elements covered by the Asserted Patents between the W1 and Apple Watch—Apple's commercial embodiment of those patents. In fact, Masimo fails to offer any explanation for those striking similarities, which cannot be mere coincidence.

Masimo wrongly asserts that Apple's latest Watches do not use the patented designs. (Opp. Br. at 19.) Masimo is incorrect, as can be seen in this side-by-side. (Br. at 5-6; D.I. 1 at 6–7.)



L to R: Asserted U.S. Patent D962,936 Fig. 4; Apple Watch Ultra (2022).[13]

Masimo also overlooks asserted U.S. Patent D735,131, which Apple continues to use in its Watch chargers today.



---

[13] Ex. R (Apple Watch Ultra (Nov. 27, 2022)).

9

L to R: Asserted U.S. Patent D735,131 Fig. 9; Apple Watch Charger.

Furthermore, contrary to Masimo's assertion that the back of Apple Watch is of little importance, Apple prominently features the rear design of its Watch in numerous advertisements, including for Apple Watch Series 4[14] through today.[15]

 

Finally, Masimo denigrates Apple Watch's performance. But Masimo's statement that "the accuracy and reliability of Apple Watch's physiological measurements are known to be poor" (Opp. Br. at 18) is easily disproved.[16]

## CONCLUSION

Apple's discovery requests are urgent, narrow, and relevant to a preliminary injunction. The Court should permit expedited discovery into the topics attached to Apple's motion and set the response periods to 21 days for written discovery, and 45 days to provide 30(b)(6) testimony.

---

[14] Introducing Apple Watch Series 4, YouTube (Sep. 14, 2018), https://www.youtube.com/watch?v=SGo1i4BEBL4 (last accessed Nov. 27, 2022).

[15] D.I. 1, Complaint at 9.

[16] *See, e.g.*, Ex. AD (J. Rafl, et al., *Commercial smartwatch with pulse oximeter detects short-time hypoxemia as well as standard medical-grade device: Validation study*, Digital Health, J. (Oct. 11, 2022) ("Apple Watch Series 6 can reliably detect states of reduced blood oxygen saturation with SpO2 below 90% when compared to a medical-grade pulse oximeter.")); Ex. AE (Blood Oxygen app on Apple Watch (October 2022), ("The Blood Oxygen app on Apple Watch provides accurate and validated on-demand and background measurements of SpO2.")).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| John M. Desmarais | Bindu A. Palapura (#5370) |
| DESMARAIS LLP | Hercules Plaza, 6th Floor |
| 230 Park Avenue | 1313 N. Market Street |
| New York, NY 10169 | Wilmington, DE 19801 |
| Tel: 212-351-3400 | Tel: (302) 984-6000 |
|  | dmoore@potteranderson.com |
| Peter C. Magic | bpalapura@potteranderson.com |
| DESMARAIS LLP |  |
| 101 California Street | *Attorneys for Plaintiff Apple Inc.* |
| San Francisco, CA 94111 |  |
| Tel: 415-573-1900 |  |

Dated: November 28, 2022
10455302 / 12209.00051