# EXHIBIT 27



Karen E. Keller
I.M. Pei Building
1105 North Market Street
12th Floor
Wilmington, DE 19801
(302) 298-0702 – Direct
kkeller@shawkeller.com

September 6, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *Advanced Cluster Systems, Inc. v. NVIDIA Corp.*, C.A. No. 19-2032-MN-CJB

Dear Judge Burke:

    Third-party Knobbe Martens Olson & Bear LLP ("Knobbe") respectfully requests this Court's assistance regarding NVIDIA's 30(b)(6) subpoena to Knobbe.

**Knobbe's Efforts to Resolve This Dispute**

    NVIDIA served: (i) 30(b)(1) deposition subpoenas on two Knobbe attorneys and (ii) a 30(b)(6) subpoena on the Knobbe law firm. Exs. 1-3. NVIDIA's 30(b)(6) subpoena is overly broad and fails to identify topics with reasonable particularity. For example, NVIDIA's subpoena requires Knobbe to prepare a witness to testify regarding the "prosecution" of thirty-four patents and applications *other* than the Asserted Patent. Ex. 3 at 9, 11. NVIDIA's subpoena also requires Knobbe to identify the "date" when any attorney at Knobbe *first* learned of *every* prior art reference during the prosecution of *every* one of these patents. *Id.* at 12. Knobbe pressed NVIDIA to explain how such broad topics are relevant and proportional, and to identify with greater specificity what testimony NVIDIA actually seeks. Ex. 5 at 13. NVIDIA refused, vaguely asserting it is investigating a possible inventorship defense. *See id.*

    NVIDIA eventually admitted it is pursuing an *unpled* inequitable conduct defense. *Id.* But NVIDIA refused to explain its allegations even at a high level, which made it virtually impossible for the parties to reasonably narrow many topics. *Id.* Knobbe nonetheless stated its willingness to provide testimony on certain topics and proposed narrowing on others. *Id.* at 10-11, 13. NVIDIA stated it would consider narrowing "if and only if" Knobbe and ACS stipulate in advance not to present broad potential categories of testimony at trial. *Id.* at 9, 13. Knobbe explained it could not provide such a stipulation without knowing what NVIDIA would argue at trial. *Id.* at 10. Knobbe explained that unsupported speculation regarding what might occur at trial did not relieve NVIDIA of its obligation to pursue relevant and proportional discovery under Rule 26(b)(1) and identify topics with reasonable particularity under Rule 30(b)(6).

**The Court Should Quash and/or Limit NVIDIA's Subpoena of Third Party Knobbe**

    This Court should quash or in the alternative limit NVIDIA's 30(b)(6) subpoena and grant Knobbe a protective order. ***First***, NVIDIA's subpoena seeks discovery not "relevant to any party's

claim or defense," Rule 26(b)(1).  Instead, NVIDIA seeks broad discovery regarding an unpled inequitable-conduct defense NVIDIA refuses to disclose.  *See Tech. Patents LLC v. Deutsche Telekom AG*, 2010 WL 11556702 at *2 (D. Md. Mar. 29, 2010) (denying deposition where "[i]nequitable conduct [was] not alleged").  NVIDIA should not be permitted to seek broad discovery in order to ambush Knobbe's attorneys with undisclosed inequitable-conduct allegations.  *See id*. (noting the 'high standard" to plead such a defense).  **Second**, NVIDIA seeks discovery not "proportional to the needs of this case," Rule 26(b)(1).  Knobbe already agreed to make the ***individual*** Knobbe attorneys available for depositions.  Ex. 5 at 3.  NVIDIA's subpoena of the Knobbe law firm requires Knobbe to gather the institutional information of nearly 300 attorneys and scientists and prepare a witness to testify concerning Knobbe's collective knowledge of, e.g., various technologies and prior-art references (even in connection with work for ***other*** clients).  **Third**, NVIDIA's topics are not identified with "reasonable particularity," Rule 30(b)(6).  NVIDIA's broad topics seek testimony regarding the "prosecution" of numerous patents and general fields of technology with no clue as to what specific testimony NVIDIA actually seeks.  Knobbe addresses NVIDIA's specific topics below in greater detail.[1]

**Topics 2, 3, 8, 9, 10 and 13 are not "reasonably particular" and seek burdensome discovery regarding patents other than the Asserted Patent**.  **Topic 2** states "The prosecution of the Asserted Patent and any *Related Patent*."  Ex. 3 at 11.[2]  Topic 2 fails to identify with reasonable particularity the testimony NVIDIA seeks as to such "prosecution" and seeks broad discovery as to any "Related Patent."  Knobbe estimates that NVIDIA's broad definition of "Related Patent" encompasses ***thirty-four*** patents and patent applications ***other*** than the Asserted Patent.  Ex. 3 at 9.  **Topic 3** states "The prosecution of the MGT Patents."  NVIDIA again fails to identify the testimony sought as to "prosecution" and fails to define "MGT Patents."  NVIDIA eventually stated this topic encompasses at least four unasserted patents and patent applications.  Ex. 5 at 8.  NVIDIA argues Topic 3 is justified because there "are sworn statements made by one of the named inventors that the alleged invention behind the Asserted Patent is an improvement to MGT."  *Id*.  That fails to justify broad and undefined discovery regarding the entirety of the "prosecution" of four unasserted patents and applications.

**Topic 8[a]**[3] states: "Documents, things, Communications, analyses or studies Related to any secondary consideration of nonobviousness of the Asserted Patent or ***any Related Patent***."  Topic 8 again embraces numerous patents other than the Asserted Patent.  Topic 8 also requires Knobbe to perform a legal analysis of what may be considered a "secondary consideration" of "nonobviousness" in this case.  NVIDIA's definition of "Related" is also exceedingly broad: "without limitation any information, document, or thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter

---

[1] Knobbe has agreed to provide testimony on Topics 1, 4, 7 and 8[b].  Ex. 5 at 10.
[2] All emphasis is added unless otherwise noted.
[3] Topic 8[a] refers to the first topic NVIDIA included under the heading "Topic 8."  NVIDIA also included a second topic under "Topic 8" (hereinafter "Topic 8[b]").  Ex. 4 at 12.  Topic 8[b] does not encompass "Related Patents" and thus Knobbe will provide testimony on that topic.

identified." Ex. 3 at 10; *see Straight Path IP Grp., Inc. v. Blackberry Ltd.*, 2014 WL 3401723 at *4 (N.D. Cal. July 8, 2014) (denying testimony where "subpoena included exhaustive definitions for various phrases"). **Topic 9** states: "Prior Art known to You *related* to the Asserted Patent and *any Related Patent*, including *the date* when You first learned of such Prior Art." This requires Knobbe to identify the dates *any* Knobbe lawyer first learned of *every* piece of cited prior art to thirty-five patents and applications (which Knobbe estimates is at least 600 prior-art references), regardless of whether the lawyer ever worked with ACS or prosecuted the Asserted Patent. NVIDIA suggested it might be willing to narrow its request to the "Asserted Patent Family," but that would still encompass over 100 cited references. Moreover, NVIDIA's broad definition of "related" would likely encompass many more. **Topic 10** states: "Practices or policies regarding prosecution of patents by You at or around the time of the prosecution of the Asserted Patent *or any Related Patent*." **Topic 13** states "Any assessment by You of the value, strength or benefit (financial, technical or otherwise) provided by the Asserted Patent or *any Related Patent*." Topics 10 and 13 thus seek testimony regarding numerous non-asserted patents.

**Topics 5 and 6 seek legal and expert testimony on issues and contentions in this case.** **Topic 5** states: "The inventorship and alleged conception and reduction to practice of each claim of the Asserted Patent." But Rule 30(b)(6) depositions are an improper vehicle to seek such contentions. *See Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 260 (M.D.N.C. 2010) (collecting cases). Indeed, this District precludes such contention depositions. *See, e.g., Heron v. Potter,* 2006 WL 3703693 at *1 (D. Del. Oct. 23, 2006) (precluding topic seeking "legal opinion or conclusion")*; IBM Corp. v. Priceline Grp Inc.*, 2016 WL 6305981 at *2 (D. Del. Sept. 29, 2016) (precluding "contention deposition" topics). Knobbe is aware of no case finding it appropriate to require a third-party *law firm* to present such contention testimony. **Topic 6** states: "The inventorship and alleged conception and reduction to practice of each claim of the '877 Patent." Topic 6 thus seeks contention testimony on a patent *other* than the Asserted Patent.

**Topics 11 and 12 seek Knobbe's collective knowledge of technical concepts**. **Topic 11** states: "Your knowledge of cluster computing systems with a peer-to-peer architecture." **Topic 12** similarly states: "Your knowledge of FFTW, including any Documents or things describing FFTW and when you acquired such knowledge, Documents or things." Topics 11 and 12 thus require Knobbe to collect and provide the collective technical knowledge of nearly 300 attorneys and scientists. Indeed, the vast majority of Knobbe's attorneys have technical degrees. Even if the technical knowledge of a prosecuting attorney were somehow relevant, NVIDIA can already question the prosecuting attorneys regarding their knowledge (though Knobbe maintains its objections to the relevancy and appropriateness of such testimony). NVIDIA fails to explain why it must further know the technical knowledge of the *entire* Knobbe law firm. Further, NVIDIA again fails to disclose the actual "matters for examination," as required by Rule 30(b)(6).

Accordingly, Knobbe respectfully requests that the Court quash NVIDIA's subpoena and grant Knobbe a protective order as to Topics 3, 5, 6, 8[a], 9, 11 and 12. Knobbe requests that the Court quash Topics 2, 10 and 13 or, in the alternative, limit those topics to the Asserted Patent. Knobbe has agreed to provide testimony on Topics 1, 4, 7 and 8[b].

SHAW KELLER LLP
Page 4

                                      Respectfully submitted,

                                      */s/ Karen E. Keller*

                                      Karen E. Keller. (No. 4489)

cc:  Clerk of the Court (by CM/ECF and Hand Delivery)
      Counsel of Record (by CM/ECF and electronic mail)