**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

APPLE INC.,

 *Plaintiff*,

v.

MASIMO CORPORATION and
SOUND UNITED, LLC,

 *Defendants*.

Civil Action No. 22-1377 (MN)

**DEFENDANT SOUND UNITED, LLC'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS**

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Fax
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Fax
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

Dated: December 12, 2022

**TABLE OF CONTENTS**

**Page No.**

INTRODUCTION .................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ............................................. 2

SUMMARY OF ARGUMENTS........................................................................... 2

STATEMENT OF FACTS ................................................................................... 3

LEGAL STANDARDS ........................................................................................ 5

ARGUMENT........................................................................................................ 5

I.     Apple Fails To State A Claim Against Sound United For Direct Patent
       Infringement............................................................................................... 5

II.    Apple Fails To State A Claim Against Sound United For Enhanced Damages
       Based On Willful Patent Infringement ...................................................... 7

CONCLUSION..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page No(s).**

*Apple, Inc. v. Masimo Corp., et al.,*
  No. 22-cv-01378-MN (D. Del.) ................................................................................... *2*

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................... 5, 7

*Baraka v. McGreevey,*
  481 F.3d 187 (3d Cir. 2007) ......................................................................................... 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................... 5, 7

*Boston Scientific Corp. v. Nevro Corp.,*
  415 F. Supp. 3d 482 (D. Del. 2019) .............................................................................. 7

*Dynamic Data Tech., LLC v. Amlogic Holdings Ltd.,*
  No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ...................................... 7

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009) ......................................................................................... 5

*Phillips v. Cty. of Allegheny,*
  515 F.3d 224 (3d Cir. 2008) ......................................................................................... 5

*Sipco, LLC v. Streetline, Inc.,*
  No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) .......................................... 6

# OTHER AUTHORITIES

35 U.S.C. § 271 ................................................................................................................... 6

**INTRODUCTION**

Nearly two years ago, Masimo sued Apple for patent infringement and trade secret misappropriation.  In that case, Masimo alleges that Apple stole Masimo's trade secrets and patented technology concerning calculating physiological parameters in wrist-worn devices, and that Apple used those trade secrets and technology to develop its Apple Watch.  Masimo sued in the Central District of California, where Masimo is located.

Earlier this year, Masimo launched its own wrist-worn device, Masimo's W1™ watch, which Masimo sells directly to consumers.  In this case, Apple asserts that the W1™ infringes four design patents relating to smartwatches, and that Masimo used confidential information it received from Apple in the California case to develop it.

Apple has sued Masimo *and Sound United* of directly and willfully infringing those patents.  But Apple did not and cannot allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported Masimo's W1™ watch or charger, or that Sound United otherwise performed any acts supporting a claim for direct infringement or a claim for enhanced damages based on willful infringement.  Apple also failed to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the asserted patents.  Those omissions undermine any claim for willful patent infringement.

Indeed, Apple alleges merely that Sound United is a subsidiary of Masimo and was recently acquired for its distribution potential.  Such allegations are insufficient to plausibly show an act of patent infringement.  Apple's conclusory recitations of the elements for a patent infringement claim are also insufficient to satisfy Apple's pleading burden.  Therefore, the Court should dismiss Apple's claims against Sound United, and the case should proceed between Apple and Masimo.

## NATURE AND STAGE OF THE PROCEEDINGS

On October 20, 2022, Apple sued Masimo and Sound United.  D.I. 1.  Apple alleged that Masimo and Sound United directly and willfully infringed four design patents relating to smartwatches and smartwatch chargers ("Asserted Patents").  *Id*. ¶¶ 45-46 (Count I), 52-53 (Count II), 59-60 (Count III), 66-67 (Count IV) ("Complaint").  Apple also filed a motion for expedited discovery.  D.I. 6.

On the same day it filed the Complaint, Apple also filed a companion complaint accusing Masimo and Sound United of infringing six related utility patents allegedly regarding smartwatches and smartwatch chargers.  *See Apple, Inc. v. Masimo Corp., et al.,* Complaint, D.I. 1, No. 22-cv-01378-MN (D. Del.).

Sound United is moving to dismiss each complaint pursuant to Rule 12(b)(6).  Masimo is answering each complaint.

## SUMMARY OF ARGUMENTS

1.      Apple fails to state a claim against Sound United for direct infringement of the Asserted Patents because Apple fails to allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported Masimo's accused W1™ watch.  Apple vaguely alleges only that Sound United is a subsidiary of Masimo and that Masimo recently acquired Sound United for its distribution potential.  But these allegations cannot plausibly show that Sound United has

committed an act of infringement.  Similarly, Apple's allegation that Sound United "launched" the W1™ watch is vague and conclusory.  That allegation fails to plausibly show that Sound United made, used, offered for sale, sold, or imported Masimo's W1™ watch.  Finally, Apple's bald recitations of the elements of a patent infringement claim fail to salvage Apple's claims against Sound United.

2.      Apple also fails to state a claim against Sound United for enhanced damages based on willful infringement of the Asserted Patents.  Because Apple fails to state an underlying claim against Sound United for direct patent infringement, it cannot state a claim for willful patent infringement.  Apple's willful patent infringement claim also fails because Apple fails to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the Asserted Patents.

## STATEMENT OF FACTS

Apple accuses Masimo of directly and willfully infringing the Asserted Patents, which relate to smartwatch and smartwatch charger designs.  D.I. 1 ¶¶ 4, 36, 39-40.  Apple alleges that Masimo copied the Apple Watch and charger to develop the W1™ watch, *id*. ¶¶ 3, 22, 31, 34, 36, 39-40, and that Masimo makes and sells the W1™ watch and charger.  *See id*. ¶ 3.  Apple also alleges that, in an ITC action Masimo brought against the Apple Watch, Masimo asserted that an import ban on the Apple Watch "would not raise public health, safety, or welfare concerns because 'Masimo offers ***pulse oximetry devices*** with reliable ***medical grade measurements***, directly to consumers.'"  *Id*. ¶ 32 (emphasis in original).  Apple also alleges that, in the ITC, "Masimo identified an alleged 'Masimo Watch' as a 'domestic industry' product for four of its patents."  *Id*. ¶ 33.  Finally, Apple alleges that Masimo released the W1™ watch to the general public on August 31, 2022.  *Id*. ¶¶ 35, 39.  None of these allegations reference Sound United.

Instead, regarding Sound United, Apple alleges only that:

- "Sound United is a wholly owned subsidiary of Masimo." (*id*. ¶ 7);

- "Masimo and its recently acquired consumer division, Sound United, launched the W1." (*id*. ¶ 22); and

- "Masimo bought Defendant Sound United to bring the W1 to market as quickly as possible. In February 2022, Masimo announced that it would acquire Sound United, 'a leading innovator of premium, high-performance audio products for consumers,' for $1.025 billion. Masimo's stated reason for the acquisition, which closed in April 2022, was to 'leverage Sound United's expertise across consumer channels to accelerate distribution of the combined company's expanding portfolio of consumer-facing healthcare products.' The CEO of Masimo stated on an earnings call in February 2022: 'We like Sound United the most for several reasons. One, it's [sic] management. Two, the distribution channel, that is essential to what we are doing as an important product for us which is the Masimo Watch.'" (*id*. ¶ 37).

Apple's causes of action then include generic allegations and group together Masimo and Sound United as "Defendants." Using the same language for each claim, Apple states:

- "Defendants infringe the [Asserted Patent] by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products that embody the design claimed in the [Asserted Patent] or a colorable imitation thereof, including the Masimo W1." (*id*. ¶¶ 45, 52, 59, 66); and

- "Defendants' infringement is willful. . . . On information and belief, Defendants have willfully blinded themselves to Apple's patent rights, including the rights protected by the [Asserted Patent]." (*id*. ¶¶ 46, 53, 60, 67).

**LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Courts addressing a motion to dismiss for failure to state a claim conduct a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the court separates the factual and legal elements of a claim, accepting the well-pleaded facts as true, but disregarding the legal conclusions.  *Id.* at 210-11.  Second, the court determines whether the alleged facts plausibly show a claim for relief.  *Id*. at 211 (*quoting Iqbal*, 556 U.S. at 662).

Courts accept factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  However, courts need not credit "naked assertions" or bald allegations "devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678.  Nor do courts credit mere speculation or "unsupported         conclusions         and         unwarranted         inferences." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).   The plausibility standard, moreover, requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Instead, a claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**I.    Apple Fails To State A Claim Against Sound United For Direct Patent Infringement**

Apple fails to allege facts plausibly showing that Sound United committed any acts of direct patent infringement.  In particular, Apple fails to allege facts plausibly showing that Sound

United made, used, offered to sell, sold, or imported Masimo's W1™ watch or any other accused product.  *See* 35 U.S.C. § 271.

Instead, Apple alleges that Sound United is Masimo's wholly owned subsidiary (D.I. 1 ¶ 7) and that it was recently acquired for, among other reasons, its distribution potential (*id.* ¶ 37). Such allegations fail to plausibly show that Sound United has committed any act alleged to be patent infringement.  Moreover, Apple's allegation that Sound United "launched" the W1™ (*id.* ¶ 22) is vague, conclusory, and similarly fails to plausibly show that Sound United made, used, offered to sell, sold, or imported Masimo's W1™ watch, much less plausibly show that Sound United performed any of those alleged acts in the United States.  Apple never alleges that, for example, Sound United advertises Masimo's W1™ watch on its own website or offers the W1™ watch for sale on its website or through any of its sales channels.  *See id.*

Other allegations from Apple indicate that Masimo alone has offered to sell and sold its W1™ watch, which would contradict any suggestion that Sound United has also done so.  *See Sipco, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335, *1 (D. Del. Feb. 7, 2018) (an allegation that a defendant's corporate relative also sells defendant's product was inconsistent with allegations that defendant alone sold the product and undercuts plausibility).  For example, Apple alleges that "Masimo released the W1 to the general public on August 31, 2022," and the press release Apple cites in support of that allegation identifies only one way to purchase the W1™ watch: Masimo's website (www.masimo.com/masimo-w1).  *Id.* ¶ 39; *see also id.* n.34.

Apple also includes a formulaic recitation of the legal elements of direct patent infringement.  *Id.* ¶¶ 45, 52, 59, 66 ("Defendants infringe the [Asserted Patent] by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products that embody the design claimed in the [Asserted Patent] or a colorable imitation thereof,

-6-

including the Masimo W1."). But such bare "labels and conclusions" are also insufficient to state a claim. *Twombly*, 550 U.S. at 555 (The plausibility standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

## II. Apple Fails To State A Claim Against Sound United For Enhanced Damages Based On Willful Patent Infringement

Because Apple fails to state an underlying claim against Sound United for direct patent infringement, it also fails to state a claim for enhanced damages based on willful patent infringement. *Dynamic Data Tech., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WL 4365809, *5 (D. Del. July 30, 2020) (to state a claim for willful patent infringement, a plaintiff must allege facts that plausibly show the defendant knew of its infringement). This by itself is sufficient to dismiss Apple's claim against Sound United for willful patent infringement.

Moreover, a claim for willful patent infringement requires factual allegations plausibly showing that the defendant knew of the asserted patents or that the defendant was willfully blind to the existence of the asserted patents. *Boston Scientific Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019). But Apple never alleges facts showing or suggesting that Sound United knew of the Asserted Patents. *See* D.I. 1. The most Apple can muster is the assertion that "Defendants have willfully blinded themselves to Apple's patent rights, including the rights protected by the [Asserted Patents]." *Id.* ¶¶ 46, 53, 60, 67. Such conclusory assertions, however, are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *see also Boston Scientific*, 415 F. Supp. 3d at 495.

## CONCLUSION

The fight over Masimo's W1™ watch is between Apple and Masimo—not Apple and Sound United. Apple fails to allege facts plausibly showing that Sound United has made, used,

offered for sale, sold, or imported Masimo's W1™ watch, or that Sound United otherwise performed any acts supporting a claim for direct patent infringement or a claim for enhanced damages based on willful infringement. Apple also fails to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the Asserted Patents, further undermining Apple's claim against Sound United for willful patent infringement. That Sound United is a subsidiary of Masimo and was recently acquired for its distribution potential are insufficient to plausibly show patent infringement. Apple's bald recitations of the elements of a patent infringement claim are also insufficient. Therefore, the Court should dismiss Apple's claims against Sound United.

Respectfully submitted,

December 12, 2022

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

-8-

San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com