IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br>    *Plaintiff*, <br> v. <br> MASIMO CORPORATION and SOUND UNITED, LLC, <br>    *Defendants*. | Civil Action No. 22-1377 (MN) |

**DEFENDANT SOUND UNITED, LLC'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS**

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

Dated: January 24, 2023

## TABLE OF CONTENTS

**Page No.**

| | | | |
|---|---|---|---|
| I. | | Apple Fails To State A Claim Against Sound United For Direct Patent Infringement .................................................................................................................. 1 | |
| II. | | Apple Fails To State A Claim Against Sound United For Enhanced Damages Based On Willful Patent Infringement ........................................................................ 3 | |
| | A. | Apple Fails To Plausibly Allege Patent Infringement By Sound United, Undermining Apple's Claim For Enhanced Damages ........................ 3 | |
| | B. | Apple Fails To Plausibly Allege That Sound United Was Aware Of Any Of The Asserted Patents Or Infringement Of Any Of The Asserted Patents ................................................................................................ 4 | |
| | C. | Apple Did Not Plead Facts Sufficient To Impute Masimo's Alleged Awareness Of The Asserted Patents And Infringement To Sound United ..................................................................................................................... 6 | |
| | D. | Apple Fails To Allege Post-Suit Willful Patent Infringement By Sound United ........................................................................................................ 8 | |
| III. | | Granting Apple Leave To Amend Would Be Futile ..................................................... 9 | |

## TABLE OF AUTHORITIES

Page No(s).

*10x Genomics, Inc. v. Celsee, Inc.*,
  No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019) .............................. 4, 5

*Align Tech., Inc. v. 3Shape A/S*,
  339 F. Supp. 3d 435 (D. Del. 2018) ........................................................................... 4, 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 1, 2

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ........................................................................................ 9

*Dynamic Data Tech., LLC v. Amlogic Holdings Ltd.*,
  No. 19-1239-CFC, 2020 WIL 4365809 (D. Del. July 30, 2020) ................................... 7

*EON Corp. IP Holdings LLC v. Flo TV Inc.*,
  802 F. Supp. 2d 527 (D. Del. 2011) .............................................................................. 5

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-cv-0002-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ......................... 8

*Groove Digital, Inc. v. Jam City, Inc.*,
  No. 18-1331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019) ...................................... 3

*Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*,
  104 F. App'x 721 (Fed. Cir. 2004) ............................................................................ 6, 7

*Lytone Enterprise, Inc. v. AgroFresh Sols., Inc.*,
  No. 20-678-GBW-SRF, 2021 WL 534868 (D. Del. Feb. 12, 2021) ............................... 7

*McGinnis v. Hammer*,
  No. 15-398, 2017 WL 4286420 (W.D. Penn. July 28, 2017) ........................................ 9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012) .............................................................................. 5

*RK Sols., LLC v. Vitajoy USA Inc.*,
  No. 18-cv-06608-CAS, 2018 WL 6179492 (C.D. Cal. Nov. 26, 2018) ......................... 8

*Shire ViroPharma Inc. v. CSL Behring LLC*,
  No. 17-414-MSG, 2018 WL 326406 (D. Del. Jan. 8, 2018) ..................................... 1, 2

## TABLE OF AUTHORITIES
(**cont'd**)

**Page No(s).**

*SIPCO, LLC v. Streetline, Inc.*,
    No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) .......................................... 2, 3

*Softview LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .......................................... 7

*Varian Med. Sys. Inc. v. Elekta AB,*
    No. 15-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016) .................................. 5

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) ................................................................................ 8

### OTHER AUTHORITIES

35 U.S.C. § 287 ................................................................................................................ 6, 7

Fed. R. Civ. P. 8 ................................................................................................................... 8

**I.       Apple Fails To State A Claim Against Sound United For Direct Patent Infringement**

Apple alleges that Sound United is Masimo's wholly owned subsidiary and that Masimo acquired Sound United for its distribution potential.  D.I. 1 ¶¶ 7, 37.  These allegations, however, are insufficient to plausibly show that Sound United made, used, offered to sell, sold, or imported the accused Masimo W1™, which is required to state a claim against Sound United for direct patent infringement.  *See* D.I. 30 at 5-7; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully").  Apple's arguments in opposition fall short.

For example, Apple argues that Paragraph 8 in the Complaint, which recites the relief Apple seeks from Masimo and Sound United, is sufficient to state a claim for direct patent infringement.  D.I. 38 at 5-6 (*citing* D.I. 1 ¶ 8).  But that paragraph states that Apple seeks relief from both Masimo and Sound United "arising from the making, using, importing into the United States, offering for sale, and/or selling of the same infringing product, the W1."  D.I. 1 ¶ 8.  The paragraph does not allege that Sound United committed any of those acts.

Apple also argues that it plausibly pled that Sound United sold or offered to sell the W1™ by pleading that "Masimo and its recently acquired consumer division, Sound United, **launched** the W1."  D.I. 38 at 6 (*quoting* D.I. 1 ¶ 22) (emphasis added).  But as Sound United explained in its opening brief, "launch" is vague and conclusory.  D.I. 30 at 6.  "Launch" can mean many things, and Apple does not allege in its Complaint that "launch" means make, use, sell, offer to sell, or import.

Apple attempts to buttress the term "launch" by citing *Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-414-MSG, 2018 WL 326406 (D. Del. Jan. 8, 2018).  D.I. 38 at 6.  But the plaintiff in *Shire* alleged more than merely that the defendants had "launched" the accused product.

Rather, the plaintiff alleged that the defendants had begun selling the accused product in the United States. *Shire*, 2018 WL 326406 at *2. In contrast to *Shire*, Apple did not plausibly allege that Sound United ever sold the W1™ in the United States.

Apple also argues that "launch" is not ambiguous because Sound United used the term in the introduction section of its brief. D.I. 38 at 6 (*citing* D.I. 30 at 1). But Sound United did not use the term to mean make, use, sell, offer to sell, or import. Rather, Sound United used the term to generally refer to Masimo formally publicizing its watch. Sound United's use in its brief cannot transform the allegations in Apple's complaint into plausible allegations of direct infringement.

Apple next argues that statements Masimo allegedly made when acquiring Sound United plausibly show "collaboration" and state a claim for direct patent infringement against Sound United. D.I. 38 at 6-7. But alleging that Masimo acquired Sound United for its distribution potential is different than alleging that Sound United distributed the W1™. *Iqbal*, 556 U.S. at 678 (factual allegations must plausibly show "more than a sheer possibility that a defendant has acted unlawfully").

Apple unsuccessfully attempts to distinguish *SIPCO, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018). *See* D.I. 38 at 7-8. In *SIPCO*, the plaintiff alleged that the defendant included the accused product on its website along with the statement "[o]ur offerings include." *SIPCO*, 2018 WL 762335 at *1. The court nevertheless held that the plaintiff had not plausibly alleged infringement. *Id.* Apple's allegation that Sound United was acquired for its distribution potential is even less compelling than the allegations held insufficient in *SIPCO*. *See* D.I. 27 at 8 (*citing* D.I. 1 ¶¶ 37, 39, 40).

Apple also asserts that it pled more than a mere formulaic recitation of the elements of a claim for direct patent infringement against Sound United. D.I. 38 at 8. But Apple's argument

rests on allegations unrelated to Sound United's actions. For example, Apple asserts that its complaint alleged facts about Apple's products, the structure and function of the W1™, the Asserted Patents, and how claims from the Asserted Patents allegedly read on the W1™. *Id*. Apple therefore misses the point. Sound United did not contend that Apple failed to adequately plead facts regarding Apple's products, the structure and function of the W1™, or how Apple interprets the claims of the Asserted Patents. Instead, Sound United explained that Apple failed to allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported the W1™ in the United States.

Finally, Apple cites *Groove Digital, Inc. v. Jam City, Inc.*, No. 18-1331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019). D.I. 38 at 8. But that case is inapposite. In *Groove Digital*, the parties disputed whether the complaint sufficiently compared the accused products to the asserted claims—not whether the complaint plausibly alleged that the defendant made, used, sold, offered for sale, or imported the accused product. *Groove Digital*, 2019 WL 351254 at *3.

## II. Apple Fails To State A Claim Against Sound United For Enhanced Damages Based On Willful Patent Infringement

### A. Apple Fails To Plausibly Allege Patent Infringement By Sound United, Undermining Apple's Claim For Enhanced Damages

As outlined above in Part I, Apple has failed to plausibly allege that Sound United has committed any act of patent infringement, undermining Apple's claim for enhanced damages based on willful patent infringement. *See also* D.I. 30 at 7. Apple's opposition fails to alter this conclusion. *See supra* Part I.

### B. Apple Fails To Plausibly Allege That Sound United Was Aware Of Any Of The Asserted Patents Or Infringement Of Any Of The Asserted Patents

Apple also fails to state a claim for enhanced damages against Sound United based on willful patent infringement because Apple fails to plausibly allege that Sound United was aware of any of the Asserted Patents or infringement. Apple argues that it plausibly alleged that Sound United was aware of the Asserted Patents and infringement of the Asserted Patents by alleging (1) Sound United knew about Apple's competing product, (2) Sound United offered to sell and sold the W1™, and (3) the W1™ is a "copycat" of or "blatantly copies" Apple's competing product. D.I. 38 at 10-11. As an initial matter, as explained above, Apple has failed to plausibly allege that Sound United has offered to sell or has sold the W1™.

Regardless, even if Apple did allege that Sound United has sold the W1™, merely alleging that Masimo copied Apple's competing product is insufficient to plausibly show that Sound United knew of any of the Asserted Patents or intended to infringe any of those patents. Apple relies on *10x Genomics, Inc. v. Celsee, Inc.*, No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019) and *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435 (D. Del. 2018). D.I. 38 at 10-11. In *10x Genomics*, however, the plaintiff alleged more than that the defendant sold the accused product and that the accused product was a copy of plaintiff's competing product. Instead, the plaintiff also alleged that the defendant monitored the plaintiff's patent portfolio, that the defendant recruited plaintiff's employees who copied plaintiff's confidential information before joining defendant, and that the defendant copied plaintiff's business plans. *10x Genomics*, 2019 WL 559666 at *3-*4, *8.

Similarly, in *Align Technology*, the plaintiff alleged more than that the accused product was a copy. The plaintiff also alleged that the defendant had prior business dealings with the

plaintiff, that the asserted patents were cited during prosecution of defendant's patents, and that the market included only a small number of competitors. *Align Tech.*, 339 F. Supp. 3d at 447-448. The court relied on those allegations together rather than any individual allegation. *Id.* at 448.

In contrast to the plaintiffs in *10x Genomics* and *Align Technology*, Apple did not allege that Sound United monitors Apple's patent portfolio, that Sound United recruited any Apple employee, that Sound United had any prior business dealings with Apple, that any of the Asserted Patents were cited during prosecution of any Sound United patents, or that the market includes only a small number of competitors. *See also MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (allegations of media publicity and that the parties participate in the same market are insufficient to plausibly allege knowledge of the asserted patent); *EON Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) (allegation that the asserted patent was listed as prior art on the defendant's patent was insufficient to plausibly allege knowledge of the asserted patent).

Apple also relies on its allegations against **Masimo** to argue that it plausibly alleged **Sound United** was aware of the Asserted Patents and was aware of the alleged infringement. D.I. 38 at 11. Specifically, Apple points to its allegation that Masimo acquired Sound United for its distribution potential and that Masimo "carefully studied Apple's IP" for Masimo's "litigation campaign." *Id.* (*citing* D.I. 1 ¶¶ 37, 40) (original emphasis omitted). But Masimo's motivation for acquiring Sound United and Masimo's alleged awareness of Apple's IP speaks to Masimo's knowledge—not Sound United's. Apple's allegations regarding Masimo cannot salvage Apple's deficient allegations regarding Sound United.

### C. Apple Did Not Plead Facts Sufficient To Impute Masimo's Alleged Awareness Of The Asserted Patents And Infringement To Sound United

Apple similarly fails to establish any basis to impute Masimo's alleged awareness of the Asserted Patents and infringement to Sound United for purposes of willful patent infringement. *See* D.I. 38 at 12-15. Apple does not contend that it pled facts that would plausibly justify piercing the corporate veil between Masimo and Sound United. *See id*. Instead, Apple asserts that Masimo's alleged knowledge should be imputed to Sound United because Sound United joined Masimo "in jointly planning and launching" the W1™. D.I. 38 at 14-15. Apple's assertion fails. As an initial matter, Apple did not allege that Sound United had any role in "planning the W1." Apple cites Paragraphs 8, 37, 46, 53, 60, and 67 of the Complaint, D.I. 38 at 15, but none of those paragraphs—or any other paragraph in the Complaint—includes an allegation that Sound United had any role in planning the W1™. *See* D.I. 1 ¶¶ 8, 37, 46, 53, 60, and 67. In fact, Apple alleges that Masimo designed and developed the W1™, and that the design and development was complete well before Masimo acquired Sound United in April 2022. *See id*. ¶¶ 22, 34-37.

Moreover, allegations that Sound United and Masimo "launched the W1" are insufficient to impute Masimo's alleged knowledge to Sound United. *See* D.I. at 14-15. *Varian Med. Sys. Inc. v. Elekta AB,* No. 15-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016), *report and recommendation adopted*, 2016 WL 9307500 (D. Del. Dec. 22, 2016). In *Varian*, the court refused to impute a corporate parent's alleged knowledge of the asserted patent to its subsidiary even though the two entities jointly manufactured, marketed, and sold the accused product. *Varian*, 2016 WL 3748772, at *1, *5.

Apple relies on *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 F. App'x 721 (Fed. Cir. 2004), but that case is inapposite. *See* D.I. 38 at 12. *Hockerson-Halberstadt* addressed

whether the plaintiff satisfied its notice obligation under 35 U.S.C. § 287, which requires a plaintiff that has not marked its products to notify the defendant of the alleged infringement. *Hockerson-Halberstadt,* 104 F. App'x at 724-725. As the court explained, assessing notice under 35 U.S.C. § 287 "focus[es] on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* at 724 (*citation omitted*). The court found that the plaintiff satisfied its notice obligation under § 287 by notifying the defendant's corporate parent of the alleged infringement. *Id*. at 724-725. However, in contrast to notice under 35 U.S.C. § 287, willful patent infringement focuses on the knowledge or understanding of the alleged infringer. *Dynamic Data Tech., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WIL 4365809, *5 (D. Del. July 30, 2020) (to state a claim for willful patent infringement, a plaintiff must allege facts that plausibly show the defendant knew of its infringement). Apple cannot skirt its obligation to plausibly show Sound United's knowledge of the Asserted Patents by pointing to Masimo's alleged knowledge.

Apple also cites to several cases that do address the knowledge requirement in the context of corporate relatives. *See* D.I. 38 at 14-15. In each case, however, the plaintiff alleged more than the fact that the defendant offered to sell or sold the accused product jointly with a corporate relative who allegedly knew of the asserted patent. In *Lytone*, the plaintiff also alleged that the defendant identified the asserted patent as prior art during prosecution of its own patent application and had acquired the technology and patents surrounding the accused product from its corporate parent. *Lytone Enterprise, Inc. v. AgroFresh Sols., Inc.,* No. 20-678-GBW-SRF, 2021 WL 534868, *3-*4 (D. Del. Feb. 12, 2021). In *Softview*, the plaintiff alleged that the defendant had a connection with the inventor listed on the asserted patent, that the defendant had a connection with the plaintiff's general manager, and that the defendant's exclusive business partner was aware of

the asserted patent. *Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, *5 (D. Del. July 26, 2012).

Moreover, in *Walker*, the plaintiff alleged that the defendant met with plaintiff's legal representative before the lawsuit. *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 568 (D. Del. 2012). In *RK Solutions*, the plaintiff alleged that the defendant's corporate parent had received a letter expressly alleging violations of the asserted patent. *RK Sols., LLC v. Vitajoy USA Inc.,* No. 18-cv-06608-CAS, 2018 WL 6179492, *4 (C.D. Cal. Nov. 26, 2018). And in *Frac Shack,* the plaintiff alleged that the defendant's manager participated in litigation involving a patent related to the asserted patents, and that the defendant had decommissioned an accused product around the time the Patent Office had announced that the asserted patent would issue. *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-0002-DC, 2019 WL 3818049, *4-*5 (W.D. Tex. June 13, 2019). In contrast to the plaintiffs in the above cases, Apple makes no such additional allegations against Sound United. *See* D.I. 1.

### D. Apple Fails To Allege Post-Suit Willful Patent Infringement By Sound United

Apple asks the Court not to dismiss its enhanced damages claim against Sound United based on willful patent infringement even if Apple failed to plead Sound United's pre-suit knowledge and intent. D.I. 38 at 15-16. According to Apple, the Court should not dismiss Apple's enhanced damages claim because the Complaint notified Sound United of the Asserted Patents and infringement of the Asserted Patents. *Id*. However, Apple never made such an allegation in the Complaint. *See id*.; *see* D.I. 1; *see also* Fed. R. Civ. P. 8(a)(2) (the *pleading* must contain a short and plain statement of the claim). Apple's argument in its brief that Sound United gleaned knowledge and intent from the Complaint, D.I. 38 at 15, cannot salvage Apple's failure to allege Sound United's post-suit knowledge and intent in the Complaint.

Moreover, as explained in more detail below in Part III, granting Apple leave to amend to attempt to salvage its enhanced damages claim against Sound United by alleging that the Complaint informed Sound United about the Asserted patents and infringement would be futile. Because Apple has no plausible basis to allege that Sound United has committed any infringement, Apple has no basis to plead the requirements to state a claim for enhanced damages based on willful patent infringement.

### III.     Granting Apple Leave To Amend Would Be Futile

Apple asks the Court for leave to amend the Complaint. D.I. 38 at 16. However, leave to amend may be denied if it would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Giving Apple leave to amend would be futile because Apple has no basis to plausibly allege that Sound United has made, used, offered for sale, sold, or imported the W1™, which is necessary for each claim Apple asserts against Sound United. *See* D.I. 38 at 5 (direct infringement claim based on Sound United's making, using, offering for sale, selling, and importing the W1™), 9-10 (enhanced damages claim based on Sound United's offering for sale, selling, and importing the W1™).

In particular, Apple's other allegations in the Complaint conflict with the inference that Sound United has made, used, offered for sale, sold, or imported the W1™, and instead indicate that only Masimo has done so. *See supra* Part I; *see also* D.I. 30 at 6. Moreover, Defendants told Apple in an interrogatory response that Sound United has not offered for sale or sold the W1™, and that only Masimo has done so. Declaration of Brian Horne, Ex. 1; *see also McGinnis v. Hammer*, No. 15-398, 2017 WL 4286420, at *13 n.7 (W.D. Penn. July 28, 2017) (considering declaration evidence for purposes of determining whether to grant leave to amend without

converting motion to dismiss into motion for summary judgment). Sound United thus respectfully submits that Apple's Complaint against Sound United should be dismissed without leave to amend.

          Respectfully submitted,

January 24, 2023          PHILLIPS MCLAUGHLIN & HALL, P.A.

          By: */s/ John C. Phillips, Jr.*
*Of Counsel:*          John C. Phillips, Jr. (No. 110)
          Megan C. Haney (No. 5016)
Joseph R. Re          1200 North Broom Street
Stephen C. Jensen          Wilmington, DE 19806
Stephen W. Larson          (302) 655-4200 Telephone
Perry D. Oldham          (302) 655-4210 Fax
Jared C. Bunker          jcp@pmhdelaw.com
KNOBBE, MARTENS, OLSON & BEAR, LLP          mch@pmhdelaw.com
2040 Main Street, 14th Floor
Irvine, CA  92614          *Counsel for Defendants*
(949) 760-0404 Telephone          *Masimo Corporation and Sound United, LLC*
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com