## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS MASIMO CORPORATION'S INEQUITABLE CONDUCT COUNTERCLAIM AND STRIKE ITS AFFIRMATIVE DEFENSE**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
Thad Eagles
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated:  February 21, 2023
10650173 / 12209.00051

**TABLE OF CONTENTS**

**Pages**

I.     INTRODUCTION ...........................................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS .........................................................1

III.   SUMMARY OF THE ARGUMENT ...............................................................................2

IV.   FACTUAL BACKGROUND ...........................................................................................3

V.    LEGAL STANDARD ......................................................................................................4

       A.     Motion To Dismiss ..............................................................................................4

       B.     Motion To Strike .................................................................................................5

       C.     Heightened Pleading Standard For Inequitable Conduct ........................................5

VI.   ARGUMENT ..................................................................................................................6

       A.     Masimo Fails To Identify, Let Alone Plead Particularized Factual Allegations Regarding, The Specific Individual "Who" Committed The Alleged Inequitable Conduct ...................................................................................6

             1.    Masimo's Collective Allegations Against "Apple" In General, Unidentified "Others At Apple," The 21 Inventors, And Mr. Myers As A Collective Group Are Deficient As A Matter Of Law ......................7

             2.    Masimo Pleads No Facts Showing That Mr. Myers Had A Duty Of Disclosure To The PTO ...............................................................11

       B.     Masimo Fails To Plead With Particularity Facts Plausibly Showing That Any Specific Individual Knew Of The Allegedly Withheld Information, Let Alone That Any Specific Information Therein Was Material ..............................13

       C.     Masimo Fails To Plead With Particularity Facts Plausibly Showing That Any Specific Individual Withheld Any Allegedly Material Information With A Specific Intent To Deceive The PTO .......................................................16

       D.     Masimo Fails To Plead With Particularity Facts Plausibly Showing How The Specific Information At Issue Is But-For Material To The Patentability of The Sensor Design Patents ..............................................................................18

       E.     Masimo Fails To Plead Infectious Unenforceability With Particularity ..............20

VII.  CONCLUSION..............................................................................................................20

**TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Allergan USA, Inc. v. Prollenium US Inc.*,
　　2019 WL 7298569 (D. Del. Dec. 30, 2019)....................................................... 17

*Alza Corp. v. ParPharm., Inc.*,
　　2014 WL 12908353 (D. Del. May 27, 2014)............................................... 9, 10

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009)........................................................................................ 5

*Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*,
　　930 F.3d 1314 (Fed. Cir. 2019)....................................................................... 19

*Avid Identification Sys., Inc. v. Crystal Imp. Corp.*,
　　603 F.3d 967 (Fed. Cir. 2010)......................................................................... 13

*Baxalta Inc. v. Bayer Healthcare LLC*,
　　2020 WL 5445375 (D. Del. July 13, 2020) ................................................... 7-8

*Bayer Cropscience AG v. Dow Agrosciences LLC*,
　　2012 WL 1253047 (D. Del. Apr. 12, 2012)................................................... 17

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*,
　　2021 WL 1405477 (N.D. Cal. Apr. 14, 2021) .............................................. 11

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*,
　　2021 WL 5449073 (N.D. Cal. Nov. 22, 2021) ........................................ 12, 13

*Courtesy Prod. L.L.C. v. Hamilton Beach Brands, Inc.*,
　　2015 WL 6159113 (D. Del. Oct. 20, 2015) ................................................... 18

*Delano Farms Co. v. Cal. Table Grape Com'n*,
　　655 F.3d 1337 (Fed. Cir. 2011)........................................................... 6, 14, 18

*EMC Corp. v. Pure Storage, Inc.*,
　　2014 WL 5795557 (D. Del. Nov. 5, 2014) ................................................... 12

*Ethicon End-Surgery, Inc. v. Covidien, Inc.*,
　　796 F.3d 1312 (Fed. Cir. 2015)................................................................... 18-19

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
　　575 F.3d 1312 (Fed. Cir. 2009).......................................................... *passim*

**TABLE OF AUTHORITIES (cont'd)**

**Pages**

*Invista N. Am. S.a.r.l. v. M&G USA Corp.*,
  2013 WL 12304544 (D. Del. May 3, 2013)........................................................ 10, 15, 16

*Kranos IP Corp. v. Riddell, Inc.*,
  334 F. Supp. 3d 907 (N.D. Ill. 2018) ........................................................................ 5, 18

*LEO Pharma A/S v. Actavis Labs. UT, Inc.*,
  2018 WL 1045816 (D. Del. Feb. 26, 2018) ................................................................. 7, 8

*Molins PLC v. Textron, Inc.*,
  48 F.3d 1172 (Fed. Cir. 1995)...................................................................................... 17

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  2009 WL 4928024 (D. Del. Dec. 18, 2009)................................................................... 20

*Princeton Dig. Image Corp. v. Konami Entm't Inc.*,
  2017 WL 239326 (D. Del. Jan. 19, 2017)..................................................................... 4-5

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*,
  921 F. Supp. 2d 297 (D. Del 2013)........................................................................ passim

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
  2014 WL 2622240 (D. Del. June 11, 2014).................................................................. 10

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011).............................................................................. 5, 18

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
  326 F. Supp. 3d 521 (E.D. Mich. 2018)........................................................................ 18

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
  868 F. Supp. 2d 376 (D. Del. 2012)......................................................................... 9, 10

**Regulations**

37 C.F.R. § 1.56(c)..................................................................................................... 11

**Rules**

Fed. R. Civ. P. 12(f)....................................................................................................... 5

Fed. R. Civ. P. 9(b) ........................................................................................................ 5

## I.    INTRODUCTION

Apple filed this patent infringement lawsuit to redress Masimo's willful infringement of four Apple design patents by Masimo's recently-released, copy-cat W1 watch.  Masimo now alleges that Apple committed inequitable conduct with respect to three of those design patents. Masimo, however, fails to plead particularized ***facts*** supporting its unfounded, speculative allegations and falls far short of satisfying Federal Rule of Civil Procedure 9(b)'s heightened standard for pleading inequitable conduct with particularity.

Masimo's inequitable conduct allegations fail for four reasons.  ***First***, Masimo fails to plead particularized factual allegations against any specific individual who had a duty of disclosure to the United States Patent and Trademark Office ("PTO").  Instead, Masimo asserts a mishmash of improper collective allegations against "Apple" and an open-ended, undefined group of "others"— including Jeffrey Myers (Apple's Chief IP Counsel), whom Masimo does not plausibly allege owes a duty of disclosure.  ***Second***, Masimo pleads no facts plausibly showing that Mr. Myers, the design patent inventors, or anybody else knew of the alleged art at issue, let alone any specific material information contained therein.  ***Third***, Masimo pleads no facts plausibly showing that Mr. Myers, the design patent inventors, or anybody else withheld any alleged material information with a specific intent to deceive the PTO.  ***Fourth***, Masimo pleads no facts plausibly showing that any art was but-for material to the patentability of the three design patents such that the PTO would not have issued the three design patents had it known of that art.  Masimo also pleads no facts plausibly showing that any other patent has been tainted by any alleged inequitable conduct.  The Court thus should dismiss Masimo's deficient inequitable conduct claim and affirmative defense.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On October 20, 2022, Apple sued Masimo for willful infringement of four design patents related to smart watches and smart watch chargers.  *See* D.I. 1 ("Complaint").  On December 12,

2022, Masimo answered the Complaint (D.I. 31), and Sound United moved to dismiss Apple's claims for direct and willful infringement.  D.I. 29; D.I. 30.  On February 3, 2023, Apple filed a motion for an expedited trial of this case.  D.I. 44; D.I. 45.

## III.    SUMMARY OF THE ARGUMENT

Masimo's inequitable conduct counterclaim and affirmative defense are deficiently pled and should be dismissed for multiple reasons:

1.    Masimo fails to identify, let alone plead particularized factual allegations regarding, any specific individual who had a duty of disclosure to the PTO that purportedly committed inequitable conduct.  Masimo's mishmash of collective allegations regarding "Apple," unnamed "others at Apple," all 21 design patent inventors overall, and Mr. Myers—all as a collective group—neither identifies nor pleads particularized inequitable conduct allegations regarding any specific individual.  In addition, Masimo fails to plausibly allege that Mr. Myers had a duty of disclosure to the PTO in the first place because Masimo does not (and cannot) plead facts showing that Mr. Myers was a named inventor, prepared or prosecuted the design patents at issue, or was substantively involved in their preparation or prosecution.

2.    Masimo also fails to plausibly allege that the 21 design patent inventors, Mr. Myers, or any other specific individual knew of any purportedly withheld or misrepresented information, let alone any specific material information therein, during prosecution of the design patents.

3.    Masimo further fails to plausibly allege that the 21 design patent inventors, Mr. Myers, or any other specific individual withheld or misrepresented any purportedly material information with a specific intent to deceive the PTO.

4.    Masimo additionally fails to plausibly allege how any purportedly withheld or misrepresented information would have been but-for material to the PTO's issuance of the three design patents, *i.e.*, why the patent examiner purportedly would not have issued these patents had

the allegedly material information been disclosed.  Rather than showing that the examiner would have found the patented designs invalid for functionality, Masimo's own allegations confirm that the claimed designs are **not** dictated by function because the purported functional disclosures indicate that alternative designs can achieve the same function.

5.      Finally, Masimo fails to plausibly allege that any other specific patent has been tainted under the doctrine of infectious unenforceability.

## IV.    FACTUAL BACKGROUND

Apple's October 20, 2022 patent infringement complaint accused Masimo of infringing four Apple design patents:  U.S. Patent Nos. D883,279 (the "D279 patent"), D947,842 (the "D842 patent"), D962,936 (the "D936 patent"), and D735,131 (the "D131 patent").  D.I. 1.  These design patents claim iconic, ornamental designs, including those embodied by the patented Apple Watch and charger.  D.I. 1 ¶¶ 18-19, 41-68.  Apple's Complaint accused Masimo products, including Masimo's W1 watch device and charger, of infringing claims of these patents.  *Id.* ¶¶ 41-68.

Masimo's answer asserted that three of these design patents—the D279, D842, and D936 patents (collectively defined by Masimo as the "Sensor Design Patents")[1]—are "unenforceable for inequitable conduct."  D.I. 31 at 11.  Masimo alleges inequitable conduct in its Second Defense (*id.* at 11-33) and "incorporates by reference the allegations contained in its Defenses for unenforceability based on inequitable conduct" in its Count III for "Declaratory Judgment of Unenforceability."  *Id.* at 37 (¶ 20).

Masimo asserts two theories of inequitable conduct.  Masimo's first theory purportedly concerns "Apple's Concealment Of Material References And The Functionality And

---

[1] Apple disagrees with Masimo's misleading characterization of the D279, D842, and D936 patents as "Sensor Design Patents" throughout its pleading.  Apple's motion uses this naming convention strictly for purposes of consistency in explaining the deficiencies in Masimo's allegations.

Non-Ornamentality Of The Claimed Design." *Id.* at 13. For this theory, Masimo alleges that Apple withheld and concealed the '282 Application and the '912 Publication[2]—which purportedly show that certain portions of the claimed designs are primarily functional and non-ornamental— with intent to deceive the PTO. *Id.* at 11-14. Masimo's second theory purports to concern "Apple's Concealment Of Inventorship." *Id.* at 21. For this theory, Masimo alleges that Apple concealed inventors of the Sensor Design Patents—namely, the nine inventors of the '212 Application and '912 Publication (collectively defined by Masimo as the "Named Utility Inventors"), who Masimo alleges should have been named—with intent to deceive the PTO. *Id.*

Masimo asserts its inequitable conduct allegations collectively against "Apple" the organization, unnamed "others at Apple," all 21 Named Design Inventors overall,[3] and Mr. Myers—all as a collective group—without providing particularized allegations regarding any specific individual who purportedly committed inequitable conduct. *See* Section VI.A.1. Masimo also pleads no particularized facts plausibly showing that Mr. Myers had a duty of disclosure to the PTO (Section VI.A.2), that any specific individual knew of any purportedly material information (Section VI.B) and withheld it with specific intent to deceive the PTO (Section VI.C), or that the purportedly withheld information was but-for material to the patentability of the Sensor Design Patents (Section VI.D).

## V.    LEGAL STANDARD

### A.    Motion To Dismiss

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Princeton Dig. Image Corp. v. Konami*

---

[2] The "'282 Application" refers to U.S. Patent Application 16/118,282, which published as US2019/0072912, hereinafter, the "'912 Publication." D.I. 31 at 11. The '912 Publication eventually issued as a utility patent identified as U.S. Patent No. 11,432,766. *Id.*

[3] The "Named Design Inventors" are the inventors of the Sensor Design Patents. D.I. 31 at 12-13.

*Entm't Inc.*, 2017 WL 239326, at *3 (D. Del. Jan. 19, 2017).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### B.     Motion To Strike

Federal Rule of Civil Procedure 12(f) permits "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Just as a claim for inequitable conduct must meet the heightened pleading requirements of Rule 9(b), a defendant is also required to plead this affirmative defense with particularity under Rule 9(b)."  *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del 2013) (internal quotation marks omitted).  Thus, a "counterclaim and affirmative defense for inequitable conduct rise or fall together."  *Id.*

### C.     Heightened Pleading Standard For Inequitable Conduct

"The Federal Circuit has established a demanding standard for pleading inequitable conduct.  It described the doctrine as the 'atomic bomb of patent law' due to its draconian effects on patent holders' property rights."  *Kranos IP Corp. v. Riddell, Inc.*, 334 F. Supp. 3d 907, 912 (N.D. Ill. 2018) (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011)).  Federal Rule of Civil Procedure Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)."  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (internal quotation marks omitted).  "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the

allegation, does not satisfy Rule 9(b)." *Id.* at 1326-27.

"[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. "Moreover, although 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-1329. "A charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the plaintiff's complaint recites facts from which the court may ***reasonably infer*** that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape Com'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (emphasis added).

## VI.  ARGUMENT

### A.  Masimo Fails To Identify, Let Alone Plead Particularized Factual Allegations Regarding, The Specific Individual "Who" Committed The Alleged Inequitable Conduct

Among other requirements, a pleading of inequitable conduct must sufficiently "identify the '***who***' of the material omissions and misrepresentation." *Exergen*, 575 F.3d at 1329 (emphasis added). To plead the specific "who," the allegations must "name the specific individual" who committed the alleged inequitable conduct. *Id.* **First**, Masimo's mishmash of collective allegations against "Apple" overall, unnamed "others at Apple," the set of 21 "Named Design Inventors," and Mr. Myers fail to meet the heightened standard for pleading inequitable conduct because Masimo does not plead any particularized factual allegations that attribute any specific

conduct to any specific individual.  **Second**, Masimo's allegations against Mr. Myers fail for the additional reason that Masimo pleads no facts that would allow the Court to reasonably infer that Mr. Myers was substantively involved in the prosecution of the Sensor Design Patents as to give rise to a duty of disclosure to the PTO.   Accordingly, the Court should dismiss Masimo's inequitable conduct counterclaim and affirmative defense for failure to properly plead the "who."

> ### 1.   Masimo's Collective Allegations Against "Apple" In General, Unidentified "Others At Apple," The 21 Inventors, And Mr. Myers As A Collective Group Are Deficient As A Matter Of Law

Masimo's mishmash of collective allegations against "Apple" in general, unidentified "others at Apple," the 21 "Named Design Inventors," and Mr. Myers as a collective group— without attributing responsibility for the alleged omission or misrepresentation to any specific individual—does not satisfy *Exergen* and does not suffice as a matter of law.  *See Exergen*, 575 F.3d at 1329 ("[U]nder Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.").

First, Masimo improperly directs many of its inequitable conduct allegations to "Apple" (*i.e.*, the entire organization) and unnamed "others at Apple."  *See, e.g.*, D.I. 31 at 11 & 13 ("Apple concealed . . ."), 13-14 & 21 ("Apple did not disclose . . ."); *see also id.* at 14 ("Mr. Myers and others at Apple . . ."), 32 ("Mr. Myers, the Named Design Inventors, and others at Apple . . .").  But "[t]he duty of candor and good faith in dealing with the PTO applies to individuals, not organizations."  *Senju*, 921 F. Supp. 2d at 307; *see also LEO Pharma A/S v. Actavis Labs. UT, Inc.*, 2018 WL 1045816, at *4 (D. Del. Feb. 26, 2018).   Here, Masimo's general allegations regarding "Apple" and unnamed "others at Apple" fail to "identify the specific individuals" responsible for any inequitable conduct.  *Exergen*, 575 F.3d at 1329-30 (dismissing allegations against "Exergen, its agents and/or attorneys" for failure to meet the "who" requirement); *see also Baxalta Inc. v. Bayer Healthcare LLC*, 2020 WL 5445375, at *4 (D. Del. July 13, 2020) (finding

allegations regarding "Applicants" and "one or more of [seven identified individuals]" insufficient under Rule 9(b)). Indeed, "[t]hese generalized allegations leave open the possibility that the counterclaim 'implicate[s] all or none of the individuals who had dealings with the PTO' during prosecution of the [asserted patents]." *LEO Pharma*, 2018 WL 1045816, at *4 (finding allegations regarding "LEO Labs" and "LEO Labs employees and prosecuting attorneys and agents" to be "inadequate") (quoting *Senju*, 921 F. Supp. 2d at 307). Accordingly, Masimo's allegations regarding "Apple" and "others at Apple" are deficient as a matter of law.

In addition, Masimo's collective allegations regarding the overall set of 21 "Named Design Inventors" as a collective group—without pleading any particularized factual allegations regarding any specific one of them—also fail to satisfy the heightened standard for pleading inequitable conduct. Courts in this district routinely dismiss inequitable conduct allegations against broad groups comprising all inventors, especially where the allegations do not identify specific conduct by any specific individual, for failure to comply with *Exergen*'s "who" requirement. In *LEO Pharma*, the court dismissed an inequitable conduct allegation that "broadly identifies . . . the inventors named on the face of the [patents]" for failure to comply with *Exergen*'s "who" requirement. *LEO Pharma*, 2018 WL 1045816, at *4. *LEO Pharma* explained that "broad references to named inventors are inadequate in the absence of identifying a specific individual who knew about the withheld information and its materiality." *Id*. In *Senju*, the court similarly dismissed an inequitable conduct allegation that "Senju [Pharma], Kyorin, the inventors and/or those acting on their behalf made the alleged misrepresentations and omissions before the PTO" for failure to comply with *Exergen*'s "who" requirement. 921 F. Supp. 2d at 307. *Senju* explained that a "broadly cast net around the inventors and those acting on their behalf also does not allow the court to reasonably infer that a specific individual both knew of the invalidating information

and had a specific intent to deceive the PTO."  *Id.*  And in *XpertUniverse, Inc. v. Cisco Sys., Inc.*, the court dismissed an inequitable conduct allegation against "'XU personnel including at least Abraham Zelkin or one or more of the other individuals listed as an inventor' [for] fail[ure] to meet the pleading standard for 'who' deceived the PTO."  868 F. Supp. 2d 376, 381 (D. Del. 2012).

Like in *LEO Pharma*, *Senju*, and *XpertUniverse*, Masimo here asserts generalized allegations referencing all 21 "Named Design Inventors" overall as a collective group.  Masimo does not plead any particularized factual allegations regarding any specific one of them, let alone factual allegations plausibly showing that any specific "who" among them committed the alleged inequitable conduct.  Accordingly, Masimo's generalized, collective allegations referencing all 21 "Named Design Inventors" likewise fail as a matter of law.

Finally, apart from the dispositive pleading deficiencies above, Masimo's allegations fail to meet the pleading standard for another reason—Masimo's inconsistent and constantly-shifting allegations regarding "who" committed the alleged inequitable conduct.  Masimo sometimes directs its allegations to "Mr. Myers, the Named Design Inventors, and others at Apple" (*see, e.g.*, D.I. 31 at 13, 20, 21, 32); other times to "Mr. Myers and the Named Design Inventors" (*see, e.g.*, *id.* at 32); still other times to the group comprising "Jeffrey Myers and others" (*see e.g.*, *id.* at 12); and yet other times to just "Apple" overall (*see e.g.*, *id.* at 11, 13, 14).

Courts in this district routinely reject such shifting, amorphous allegations that do not attribute alleged conduct to a specific person.  For example, in *Alza Corp. v. ParPharm., Inc.*, the court dismissed inequitable conduct allegations that "allege a mishmash of facts without sorting them out in relation to particular acts of particular individuals" for "fail[ure] to adequately plead the 'who' of the inequitable conduct allegations."  2014 WL 12908353, at *1 (D. Del. May 27, 2014) (noting inequitable conduct allegations' "repeated reference to 'the Applicants,' which is

loosely defined as named inventors or identified inventors or one or more of their agents or attorneys or other persons involved in the prosecution of the applications . . .").  *Alza* explained that "[t]he Defendants need to identify by name the individuals who did things constituting affirmative misconduct or contrary to the duty of candor, and material to the issuance of the patents, on particular dates, with the intent to deceive the PTO."  *Id.*  And in *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, the court similarly dismissed an inequitable conduct allegation that "fails to sort out the specific facts and attribute them to a particular individual." 2014 WL 2622240, at *2 (D. Del. June 11, 2014).  *St. Jude* explained that that the defendant "needs to individually identify whose actions constitute affirmative misconduct or were contrary to the duty of candor, and material to the issuance of the [] patent, on particular dates, with the intent to deceive the PTO."  *Id.*; *see also Invista N. Am. S.a.r.l. v. M&G USA Corp.*, 2013 WL 12304544, at *8 (D. Del. May 3, 2013) (dismissing inequitable conduct allegations against "Applicants" because it "leaves the Court guessing as to exactly who is said to have known and done what"); *Senju*, 921 F. Supp. 2d at 307 ("[V]ague allegations could implicate all or none of the individuals who had dealings with the PTO."); *XpertUniverse*, 868 F. Supp. 2d at 381 ("Dropping Zelkin's name in the scrum of 'XU personnel including at least Abraham Zelkin or one or more of the other individuals listed as an inventor' fails to meet the pleading standard for 'who' deceived the PTO.").

Like in *Alza* and *St. Jude*, Masimo's mishmash of shifting collective allegations against "Apple" overall, unnamed "others at Apple," the set of 21 "Named Design Inventors," and Mr. Myers do not satisfy Rule 9(b)'s heightened standard for pleading inequitable conduct with particularity, which requires dismissal on that basis alone.  *See Invista*, 2013 WL 12304544, at *8 (finding dismissal of inequitable conduct defense appropriate "on this ground alone").

      **2.**     **Masimo Pleads No Facts Showing That Mr. Myers Had A Duty Of Disclosure To The PTO**

Among other requirements, inequitable conduct pleadings must provide a "factual basis to infer that any specific individual . . . owed a duty of disclosure in prosecuting" the patent. *Exergen*, 575 F.3d at 1330; *accord Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, 2021 WL 1405477, *6 (N.D. Cal. Apr. 14, 2021) ("*Certainteed Gypsum I*") ("To state a claim for inequitable conduct, a plaintiff must identify the specific individual or individuals who allegedly withheld material information in violation of their duty of candor to the PTO."). The duty of disclosure applies to only three classes of "[i]ndividuals associated with the filing or prosecution of a patent application . . . : (1) Each *inventor* named in the application; (2) Each *attorney or agent who prepares or prosecutes the application*; and (3) Every other person who is *substantively involved in the preparation or prosecution of the application* and who is associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application." 37 C.F.R. § 1.56(c) (emphasis added); *see Exergen*, 575 F.3d at 1329 (discussing 37 C.F.R. § 1.56).

Here, Masimo's purported allegations regarding "who" committed inequitable conduct fail with respect to Mr. Myers for the additional reason that Masimo does not (and cannot) plead facts plausibly showing that Mr. Myers had a duty of disclosure to the PTO with respect to the Sensor Design Patents. Masimo does not allege, let alone plead facts plausibly showing, that Mr. Myers was an inventor of the Sensor Design Patents, was an attorney or agent who prepared or prosecuted them, or was substantively involved in their preparation or prosecution. Instead, Masimo's only two allegations regarding Mr. Myers' purported duty of disclosure are wholly conclusory:

- "Mr. Myers, the Named Design Inventors, and others at Apple involved in the prosecution of the Sensor Design Patents had a duty to disclose information material to patentability to the USPTO during patent prosecution." D.I. 31 at 13.

- "Mr. Myers and the Named Design Inventors had a duty to disclose information material to patentability to the USPTO and breached that duty." *Id.* at 32.

These conclusory (and collective) allegations, devoid of any pleaded facts, do not satisfy the heightened standard for pleading inequitable conduct with particularity and therefore do not withstand dismissal. *See EMC Corp. v. Pure Storage, Inc.*, 2014 WL 5795557, at *2 (D. Del. Nov. 5, 2014) ("Indeed, the absence of any factual allegations suggests the opposite—that [attorney was] not involved, substantively or otherwise, in the prosecution of the [] patent.").

Masimo's pleading not only lacks particularized factual allegations but affirmatively undermines any suggestion that Mr. Myers was involved in prosecution of the Sensor Design Patents as to owe a duty of disclosure with respect to them. For example, Masimo alleges that "Mr. Myers was listed as an attorney of record during prosecution of the '211 patent" (D.I. 31 at 18)—a different patent not asserted in this case. But notably, Masimo does not make this allegation with respect to the Sensor Design Patents. Instead, Masimo's own allegations concede that Apple appointed a law firm to prepare and prosecute the patent applications rather than handle the prosecution in-house. *See id.* at 12 ("Mr. Myers and others at Apple selected a different firm, Stern[e], Kessler, Goldstein and Fox PLLC, to prosecute each of the design patent applications that resulted in the issuance of the Sensor Design Patents."); *see also* Section VI.C.

Courts routinely dismiss inequitable conduct claims where, as here, the pleaded facts do not plausibly show that a person was substantively involved in the preparation or prosecution of the patent application. For example, in *EMC Corp.*, the court dismissed as facially deficient inequitable conduct allegations against two attorneys whose only alleged involvement in prosecution was that they had been appointed powers of attorney. 2014 WL 5795557, at *2. That court held that, "[w]ithout more, there is no reason to infer that the lawyers, simply listed as power of attorney along with five others, were substantively involved in prosecuting the [] patent." *Id.*

Similarly, in *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, the plaintiff alleged

that an attorney, who was a lead partner at a law firm, was responsible for the client's prosecution because he had submitted assignments for the applications to the PTO and had initialed several "prosecution-related folders" for the patents. 2021 WL 5449073, at *8 (N.D. Cal. Nov. 22, 2021) (Koh, J.) ("*Certainteed Gypsum II*"). The court found these allegations deficient, holding that "these allegations do not show with the specificity required by Rule 9(b) that [the attorney] was '*substantively* involved in the preparation or prosecution of the application[s]'" because the complaint "fails to identify any specific actions performed by [the attorney] that involve the development of the 'content of the application or decisions related thereto.'" *Id.* (emphasis in original) (quoting *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 973-74 (Fed. Cir. 2010)). The court also found that the allegations "do not show that [the attorney] was involved in developing substantive arguments related to patentability" and "provide[] no information about the *type* of work that [the attorney] performed" and that "allegations that [the attorney] was involved with the prosecution in a general way are insufficient." *Id.* (emphasis in original). The court therefore dismissed the inequitable conduct allegations with prejudice. *See id.* at 12.

Here, Masimo alleges far less than the allegations found insufficient in *EMC Corp.* and *Certainteed Gypsum II*. Masimo does not plead a single fact plausibly showing that Mr. Myers signed or filed any document with the PTO, presented any argument to the PTO, or was otherwise substantively involved in the prosecution of the Sensor Design Patents. Therefore, Masimo's inequitable conduct allegations against Mr. Myers should be dismissed for the additional reason that Masimo fails to plausibly allege that Mr. Myers had a duty of disclosure to the PTO.

**B.     Masimo Fails To Plead With Particularity Facts Plausibly Showing That Any Specific Individual Knew Of The Allegedly Withheld Information, Let Alone That Any Specific Information Therein Was Material**

"[A] pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of

the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328-29. "Although 'knowledge' and 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id*. A claim of inequitable conduct can "survive a motion to dismiss only if the [pleading] ***recites facts from which the court may reasonably infer*** that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano*, 655 F.3d at 1350 (emphasis added).

Here, Masimo fails to plead facts plausibly showing that any specific individual knew of the allegedly withheld references or of the allegedly misrepresented inventorship, let alone of any specific material information therein or thereabout. Masimo once again pleads only wholly conclusory allegations that are devoid of any particularized pleading of facts:

- "Mr. Myers and others at Apple had knowledge of the '282 Application and the '912 Publication prior to and during prosecution of the Sensor Design Patents." D.I. 31 at 14.

- "Mr. Myers and other [*sic*] at Apple knew that the '282 Application and the '912 Publication disclosed that the designs claimed in the Sensor Design Patents were functional and non-ornamental." *Id.*

- "On information and belief, the Named Design Inventors also knew that the designs claimed in the Sensor Design Patents were functional and non-ornamental and, including as a result of their alleged exposure to the development process, also knew that the claimed designs had not been created for the purpose of ornamenting the article in which they are embodied." *Id.* at 14-15.

- "Mr. Myers, the Named Design Inventors, and others at Apple knew that inventorship was incorrect." *Id.* at 32.

Masimo fails to plead facts plausibly showing that Mr. Myers or the Named Design Inventors knew of the '282 Application or '912 Publication in the first place, let alone knew that any specific

passages or figures therein were material.  *See Exergen*, 575 F.3d at 1330 ("A reference may be many pages long, and its various teachings may be relevant to different applications for different reasons.  Thus, one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference." (emphasis in original)).  Nor does Masimo plead facts plausibly showing that any of the Named Utility Inventors were involved in the development of the designs claimed by the Sensor Design Patents, let alone that Mr. Myers or the Named Design Inventors knew about such purported involvement.  Masimo's bare allegations regarding knowledge fail to satisfy the heightened standard for pleading inequitable conduct with particularity.[4]

Courts in this district have dismissed similarly scant allegations regarding knowledge.  For example, in *Invista N. Am. S.a.r.l. v. M&G USA Corp.*, the court dismissed an inequitable conduct claim where the claimant "fail[ed] to plead facts plausibly connecting the required knowledge to [redacted text] specifically, or to any other specific individual."  2013 WL 12304544, at *10.  The pleading at issue alleged that "'the inventors and the prosecuting attorneys were necessarily conscious of this information'" because "'the data they did disclose was specifically extracted from the withheld internal test data (which they possessed)'" and, further, that "the materiality of the withheld data was 'obvious on its face.'"  *Id.* (quoting pleading).  The court found those to be "the most general of factual allegations," explaining that "[w]ith no real facts pled that are specific

---

[4] Masimo alleges that "Mr. Myers and the Named Design Inventors' knowledge that the claimed designs were directed toward ineligible subject matter is further evidenced by the public statements of Apple's counsel and the statements of Apple employee Brian Land in an [ITC] hearing."  D.I. 31 at 18.  But critically, Masimo does not allege that those ITC statements reference the '282 Application or the '912 Publication, that Mr. Myers or the Named Design Inventors had knowledge of those statements, that those statements could be attributed to Mr. Myers or the Named Design Inventors, or any other information leading to a reasonable inference that Mr. Myers and the Named Design Inventors knew of the allegedly withheld information.

to any individual, there is a clearly insufficient basis to reasonably infer that any particular person . . . did in fact know of the materiality of this data." *Id.*  Here, Masimo's allegations regarding knowledge are even more conclusory and plead far less.

Furthermore, Masimo's bare allegations regarding knowledge of the Named Design Inventors—that they purportedly had "exposure to the development process"—fail for the additional reason that Masimo pleads them "[o]n information and belief."  D.I. 31 at 14-15. "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."  *Exergen*, 575 F.3d at 1330.  Here, Masimo fails to plead any "specific facts upon which the belief is reasonably based," as required by *Exergen*.

Accordingly, Masimo fails to plead facts sufficient to infer that Mr. Myers or the Named Design Inventors (or any other specific individual) knew of the allegedly withheld information, which further warrants dismissal of Masimo's inequitable conduct claim and affirmative defense.

### C.    Masimo Fails To Plead With Particularity Facts Plausibly Showing That Any Specific Individual Withheld Any Allegedly Material Information With A Specific Intent To Deceive The PTO

"A pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual . . . withheld or misrepresented this [material] information with a specific intent to deceive the PTO."  *Exergen,* 575 F.3d at 1327.  "[A] necessary predicate for inferring deceptive intent" is factual allegations that "plausibly suggest [a] 'deliberate decision to withhold a known material reference' or to make a knowingly false misrepresentation."  *Id.* at 1331 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).  "The allegations must nonetheless meet the particularity standard of Rule 9(b), and the facts must support a plausible inference that the claim will ultimately satisfy the clear and convincing burden of proof."  *Allergan USA, Inc. v. Prollenium US Inc.*, 2019 WL

7298569, at *8 (D. Del. Dec. 30, 2019), *report and recommendation adopted,* 2020 WL 409684 (D. Del. Jan. 24, 2020).  "[T]he mere fact that [an individual alleged to have] had this knowledge is not in an[d] of itself sufficient to justify the inference that '[the individual] deliberately withheld this information with a specific intent to deceive the PTO.'"  *Bayer Cropscience AG v. Dow Agrosciences LLC*, 2012 WL 1253047, at *4 (D. Del. Apr. 12, 2012).

Here, Masimo fails to plead facts plausibly showing that Mr. Myers, the Named Design Inventors, or anybody else concealed anything with a specific intent to deceive the PTO.  Rather, Masimo once again pleads only wholly conclusory allegations devoid of any facts:

- "Apple, through Mr. Myers and others involved in the prosecution of the Sensor Design Patents, withheld at least two references and additional information that was material to patentability during the prosecution of the Sensor Design Patents with intent to deceive the USPTO."  D.I. 31 at 13.

- "Apple, through Mr. Myers, the Named Design Inventors, and others at Apple affirmatively misrepresented who should be named as inventors and concealed the identity of the inventors who should have been named as inventors of the Sensor Design Patents with intent to deceive the USPTO."  *Id.* at 21.

Masimo may argue that intent can be inferred from its allegation that two different law firms handled the prosecution of Apple's design patents (Sterne, Kessler, Goldstein & Fox PLLC ("Sterne Kessler")) and utility patents (Brownstein Hyatt Farber Schreck, LLP ("Brownstein")). *Id.* at 12.  Masimo speculates—without any factual basis—that "Mr. Myers and others at Apple compartmentalized information about these highly related patents and applications so that Stern[e], Kessler, Goldstein [&] Fox PLLC would not disclose but-for material information."  *Id.*  But Masimo does not allege how the common occurrence of using different law firms to handle different proceedings standing alone constitutes "facts from which the court may reasonably infer" an intent to deceive the PTO.  *Delano*, 655 F.3d at 1350.  In fact, for years Apple has retained Sterne Kessler to handle its design patent prosecutions (*e.g.*, Exs. 1 & 2) and Brownstein to handle its utility patent prosecutions (*e.g.*, Exs. 3 & 4).  *See Allergan*, 2019 WL 7298569, at *6 ("[T]he

court may take judicial notice of the prosecution history, which is a matter of public record.").

In short, Masimo fails to plead facts plausibly showing that Mr. Myers or any of the Named Design Inventors withheld any material information in the first place, let alone did so with the specific intent to deceive the PTO. Accordingly, Masimo's inequitable conduct counterclaim and affirmative defense should be dismissed for this additional reason.

### D.     Masimo Fails To Plead With Particularity Facts Plausibly Showing How The Specific Information At Issue Is But-For Material To The Patentability of The Sensor Design Patents

To survive a motion to dismiss, the Court must also evaluate "whether materiality was properly alleged with sufficient particularity." *Courtesy Prod. L.L.C. v. Hamilton Beach Brands, Inc.*, 2015 WL 6159113, at *6 (D. Del. Oct. 20, 2015); *see id.* (citing *Therasense*, 649 F.3d at 1291 ("[A]s a general matter, the materiality required to establish inequitable conduct is but-for materiality.")). "When pleading how omitted prior art is material, a claimant must allege facts that lead to the conclusion that the examiner would have denied the application ha[d] she been aware of the omitted prior art reference." *Kranos*, 334 F. Supp. 3d at 912-14 (emphasis removed). Therefore, Masimo's allegations must explain "'***how***' an examiner would have used this information in assessing the patentability of the claims." *Exergen*, 575 F.3d at 1330 (emphasis added); *see also Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 531 (E.D. Mich. 2018) ("BesTop has failed to allege the 'how' – how the USPTO would have used this material information in assessing patentability." (quotation marks omitted)).

A design patent is invalid if the claimed design is "***dictated by***" its function. *Ethicon End-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015) (emphasis added). A design patent is "not invalid as functional simply because the 'primary features' of the design could perform functions." *Id.* at 1329. "[A]n important—if not dispositive—factor" in determining whether a design patent is invalid is to consider "***the availability of alternative designs***." *Id.* at

1329-30 (emphasis added); *see also Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, 930 F.3d 1314, 1319 (Fed. Cir. 2019) ("We have often emphasized the presence or absence of alternative designs, noting that the existence of 'several ways to achieve the function of an article of manufacture,' though not dispositive, increases the likelihood that a design serves a primarily ornamental purpose.").

Here, even taken as true, Masimo's allegations of but-for materiality are deficient because Masimo fails to plead that the claimed designs are ***dictated*** by function or that no alternative designs could perform the same function.  To the contrary, Masimo's own allegations confirm that the purported functions ***could*** be accomplished with an ***alternative design***.  Masimo alleges that "the '912 Publication demonstrates the functionality of at least the convex protrusion, the arc-shaped ECG sensors, and the photodiodes claimed in the Sensor Design Patents" and provides a chart allegedly showing those "Functional Disclosure[s]."  D.I. 31 at 15-17; *see also id.* at 22-31. That chart quotes portions of the '912 Publication that allegedly disclose the functional nature of the design; however, the passages quoted by Masimo merely use permissive, exemplary language regarding how features "***may***" be designed; they do not require that design nor preclude alternative designs that achieve that function.  *Id.* at 15 ("The carrier 404 ***may*** be dome-shaped ***or otherwise*** non-planar . . ."), 16 ("[T]he first and second electrodes 412, 414 ***may*** be arc-shaped (***e.g.***, semi-circle shaped) . . ."), 17 ("The optical sensor subsystem 416 ***may*** include a substrate 452 on which the set of one or more light emitters (e.g., LEDS) and the set of one or more light receivers (e.g., photodetectors, such as photodiodes) are attached.") (quoting '912 Publication) (emphases added). Notably, Masimo ***does not allege*** that no alternative designs could perform the same function.

Thus, Masimo's conclusory allegation that "[h]ad Apple cited the '282 Application or the '912 Publication during prosecution of the Sensor Design Patents, the Sensor Design Patents

would not have issued because the Examiner would have known the claimed designs are primarily functional" is speculative and unsupported by Masimo's own allegations.  *See id.* at 14; *see also id.* at 32 ("But for their misrepresentation regarding inventorship, suppressed evidence and withheld information, the PTO would not have allowed the claims.").  In short, Masimo's own allegations fail to plead that the designs are dictated by function—to the contrary they actually demonstrate that the withheld references would ***not*** have invalidated the Sensor Design Patents, because they indicate ***the availability of an alternative design*** to perform the same function.

### E.    Masimo Fails To Plead Infectious Unenforceability With Particularity

The Court also should strike Masimo's vague and broad allegation that "[a]ll subsequent 'child' or other related patents that are based on the same specification or relevant portions thereof, are tainted by Apple's inequitable conduct and, therefore, are also unenforceable under the doctrine of infectious unenforceability."   D.I. 31 at 32-33.   Masimo fails to allege which patents its conclusory allegation of infectious unenforceability applies to, let alone plead facts with particularity plausibly showing how and why any unidentified patents are supposedly infected. Courts dismiss broad and non-specific allegations of infectious unenforceability similar to those asserted by Masimo here.  *See, e.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2009 WL 4928024, at *9 (D. Del. Dec. 18, 2009) (dismissing infectious unenforceability allegations even where Power identified the alleged infected patents).  Indeed, Masimo here pleads far less than that found insufficient in *Power Integrations*.  Accordingly, Masimo's allegations of infectious unenforceability should be dismissed.

## VII.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Masimo's Count III seeking a declaratory judgment of unenforceability due to inequitable conduct and strike Masimo's Second Defense of unenforceability due to inequitable conduct.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
Thad Eagles
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated:  February 21, 2023
10650173 / 12209.00051

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*