# EXHIBIT 17

**PUBLIC VERSION**

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED PHYSIOLOGICAL MEASUREMENT DEVICES AND COMPONENTS THEREOF** | **Inv. No. 337-TA-1276** |

**FINAL INITIAL DETERMINATION ON VIOLATION OF SECTION 337**

Administrative Law Judge Monica Bhattacharyya

(January 10, 2023)

**Appearances**:

*For Complainants Masimo Corporation and Cercacor Laboratories, Inc.:*

Stephen C. Jensen, Joseph R. Re, Irfan A. Lateef, Sheila N. Swaroop, Ted M. Cannon, Brian C. Claassen, Alan G. Laquer, Kendall M. Loebbaka, Daniel C. Kiang, and Douglas B. Wentzel of Knobbe, Martens, Olson & Bear, LLP in Irvine, CA; William R. Zimmerman and Jonathan E. Bachand of Knobbe, Martens, Olson & Bear, LLP in Washington, DC; Carol Pitzel Cruz of Knobbe, Martens, Olson & Bear, LLP in Seattle, WA; and Karl W. Kowallis and Matthew S. Friedrichs of Knobbe, Martens, Olson & Bear in New York, NY.

*For Respondent Apple Inc.:*

Mark D. Selwyn of Wilmer Cutler Pickering Hale and Dorr LLP in Palo Alto, CA; Joseph J. Mueller, Richard Goldenberg, and Sarah R. Frazier of Wilmer Cutler Pickering Hale and Dorr LLP in Boston, MA; and Michael D. Esch and David Cavanaugh of Wilmer Cutler Pickering Hale and Dorr LLP in Washington, DC.

PUBLIC VERSION

Pursuant to the Notice of Investigation (EDIS Doc. ID 749538), 86 Fed. Reg. 46275-76 (Aug. 18, 2021), and Commission Rule 210.42, this is the administrative law judge's final initial determination on violation in the matter of *Certain Light-Based Physiological Measurement Devices and Components Thereof,* Commission Investigation No. 337-TA-1276.  19 C.F.R. § 210.42(a)(1)(i).

For the reasons discussed herein, it is the undersigned's final initial determination that there has been a violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain wearable electronic devices with light-based pulse oximetry functionality and components thereof by reason of infringement of certain claims of U.S. Patent No. 10,945,648.

It is also the undersigned's final initial determination that there has been no violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain wearable electronic devices with light-based pulse oximetry functionality and components thereof with respect to U.S. Patent Nos. 10,912,501, U.S. Patent No. 10,912,502, U.S. Patent No. 10,687,745, and U.S. Patent No. 7,761,127.

TABLE OF CONTENTS

I. **BACKGROUND** ................................................................................................................ 1
  A. Procedural History ....................................................................................................... 1
  B. The Parties ................................................................................................................... 3
  C. Asserted Patents ........................................................................................................... 4
  D. Products at Issue .......................................................................................................... 4
  E. Witness Testimony ...................................................................................................... 5
II. **JURISDICTION AND IMPORTATION** ......................................................................... 8
  A. Personal Jurisdiction .................................................................................................... 8
  B. *In Rem* Jurisdiction and Importation ........................................................................... 8
III. **LEGAL STANDARDS** ..................................................................................................... 8
  A. Infringement ................................................................................................................ 8
  B. Invalidity .................................................................................................................... 11
  C. Inequitable Conduct .................................................................................................. 16
  D. Domestic Industry ..................................................................................................... 17
IV. **POEZE PATENTS** ........................................................................................................... 19
  A. Specification .............................................................................................................. 20
  B. Asserted claims ......................................................................................................... 21
  C. Level of Ordinary Skill in the Art ............................................................................. 25
  D. Claim Construction ................................................................................................... 26
  E. Infringement .............................................................................................................. 33
  F. Domestic Industry—Technical prong ....................................................................... 55
  G. Invalidity – Anticipation/Obviousness ..................................................................... 88
  H. Invalidity – Written Description and Enablement .................................................. 156
  I. Prosecution Laches and Unclean Hands ................................................................. 170
V. **U.S. PATENT NO. 10,687,745** ..................................................................................... 174
  A. Specification ............................................................................................................ 174
  B. Claims ...................................................................................................................... 176
  C. Level of Ordinary Skill in the Art ........................................................................... 179
  D. Claim Construction ................................................................................................. 179
  E. Infringement ............................................................................................................ 180
  F. Domestic Industry—Technical Prong ..................................................................... 199
  G. Invalidity – Obviousness ......................................................................................... 209
  H. Invalidity – Written Description and Enablement .................................................. 241
  I. Prosecution Laches .................................................................................................. 245
VI. **U.S. PATENT NO. 7,761,127** ....................................................................................... 246
  A. Specification ............................................................................................................ 247
  B. Claims ...................................................................................................................... 248
  C. Level of Ordinary Skill in the Art ........................................................................... 249
  D. Claim Construction ................................................................................................. 250
  E. Infringement ............................................................................................................ 259
  F. Domestic Industry—Technical Prong ..................................................................... 273
  G. Invalidity .................................................................................................................. 283
VII. **DOMESTIC INDUSTRY – ECONOMIC PRONG (MASIMO WATCH)** ............... 301
  A. The "Masimo Watch" Articles ................................................................................ 301

    B.    Disputed Background Issues Regarding Domestic Industry Investments ...................... 302
    C.    Domestic Industry Existing at the Time of the Complaint ............................................. 305
    D.    Domestic Industry in the Process of Being Established ................................................. 319
**VIII.  DOMESTIC INDUSTRY – ECONOMIC PRONG ('127 PATENT)......................... 324**
    A.    Domestic Industry Existing at the Time of the Complaint ............................................. 324
    B.    Domestic Industry in the Process of Being Established ................................................. 326
    C.    Asserted Domestic Industry Expenditures ...................................................................... 327
**IX.    CONCLUSIONS OF LAW ................................................................................................ 335**

significance where a domestic industry is based on "core manufacturing activities," affirming an initial determination finding that "[s]uch activities have long been recognized as a domestic industry within the meaning of section 337.").

In opposition, Apple argues that "Complainants ignore that rainbow® product revenues generally comprise only ▓ of Masimo's total product revenues in 2020." *See* RIB at 278. Apple, however, fails to explain why this would be a more appropriate comparison under these circumstances. *See, e.g., Certain Carburetors and Prods. Containing Such Carburetors*, Inv. No. 337-TA-1123, Comm'n Op. at 28 (Oct. 28, 2019) ("Significance is based on the marketplace conditions regarding the articles protected by the Asserted Patents. The fact that a complainant may have substantial sales of other products is not pertinent to this analysis.").

Accordingly, the undersigned finds that Complainants have demonstrated significant employment of labor or capital with respect to the rainbow® sensors. As discussed above, however, Complainants have not satisfied the domestic industry requirement with respect to the '127 patent because the current rainbow® sensors have not been shown to practice any claim of the '127 patent.

## IX. CONCLUSIONS OF LAW

Based on the foregoing, and the record as a whole, it is the undersigned's final initial determination that there has been a violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain wearable electronic devices with light-based pulse oximetry functionality and components thereof by reason of infringement of claims 24 and 30 of the '648 patent. There has been no violation of the statute with respect to the asserted claims of the '501 patent, the '502 patent, the '745 patent, or the '127 patent.

This determination is based on the following conclusions of law:

1. The Commission has subject matter jurisdiction over this investigation.

2. The Accused Products have been imported into the United States, sold for importation, and/or sold within the United States after importation.

3. The Commission has *in rem* jurisdiction over the Accused Products.

4. The Accused Products infringe claim 12 of the '501 patent, claims 22 and 28 of the '502 patent, and claims 12, 24, and 30 of the '648 patent.

5. The technical prong of the domestic industry requirement has been satisfied for claim 12 of the '501 patent, claim 28 of the '502 patent, and claims 12, 24, and 30 of the '648 patent.

6. Claim 12 of the '501 patent, claim 28 of the '502 patent, and claim 12 of the '648 patent are invalid.

7. The '501 patent, '502 patent, and '648 patent have not been shown to be unenforceable.

8. The economic prong of the domestic industry requirement has been satisfied with respect to the '501 patent, the '502 patent, and the '648 patent.

9. The Accused Products have not been shown to infringe claims 9 or 27 of the '745 patent.

10. The technical prong of the domestic industry requirement has been satisfied for claim 18 of the '745 patent.

11. Claims 9, 18, and 27 of the '745 patent have not been shown to be invalid.

12. The '745 patent has not been shown to be unenforceable.

13. The economic prong of the domestic industry requirement has been satisfied with respect to the '745 patent.

14. The Accused Products have not been shown to infringe claim 9 of the '127 patent.

15. The technical prong of the domestic industry requirement has been satisfied for claim 9 of the '127 patent.

16. Claim 9 of the '127 patent has not been shown to be invalid.

17. The economic prong of the domestic industry requirement has not been satisfied with respect to the '127 patent.

The undersigned hereby certifies the record in this investigation to the Commission with the undersigned's final initial determination. Pursuant to Commission Rule 210.38, the record further comprises the complaint and exhibits thereto, and the exhibits attached to the parties' summary determination motions and the responses thereto. 19 C.F.R. § 210.38(a).

Pursuant to Commission Rule 210.42(h)(2), this initial determination shall become the determination of the Commission 60 days after the service thereof, unless a party files a petition for review pursuant to Commission Rule 210.43(a), the Commission orders its own review pursuant to Commission Rule 210.44. 19 C.F.R. § 210.42(h)(2).

This initial determination is being issued with a confidential designation pursuant to Commission Rule 210.5 and the protective order in this investigation. Within 10 days of the date of this document, the parties shall submit a joint statement as to whether or not they seek to have any portion of this document deleted from the public version. If the parties do seek to have portions of this document deleted from the public version, they must submit a single proposed public version of this final initial determination with any proposed redactions consistent with the manner specified by Ground Rule 1.9.[138] The submission shall be made by email to Bhattacharyya337@usitc.gov and need not be filed with the Commission Secretary.

**SO ORDERED.**

*[signature]*
Monica Bhattacharyya
Administrative Law Judge

---

[138] Redactions should be limited to avoid obscuring the reasoning underlying the decision. Parties who submit excessive redactions may be required to provide an additional written statement, supported by declarations from individuals with personal knowledge, explaining why each proposed redaction meets the definition for confidential business information in 19 C.F.R. § 201.6(a).