# EXHIBIT 18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>SOTO MASSINI (USA) CORP., a Delaware corporation; SOTO MASSINI S.R.L.S., an Italian limited company; and THOMAS PICHLER, an individual,<br><br>        Defendants. | Civil Action No. 18-462-GMS |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 16, D. Del. L.R. 16.2, the Court's Order Regarding Case Management in Civil Cases (D.I. 25), the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Fed. R. Civ. P. 26(f) on May 31, 2018. Michael Lyons, Sharon Smith, Ahren Hsu-Hoffman, and Ehsun Forghany of Morgan, Lewis & Bockius LLP participated on behalf of plaintiff Gavrieli Brands LLC ("Gavrieli").[1] Sara Bussiere of Bayard, P.A. and Stephen Lobbin of Foundation Law Group LLP participated on behalf of Defendants Soto Massini (USA) Corp. ("SM USA), Soto Massini S.R.L.S. ("SM Italy"), and Thomas Pichler ("Pichler," and collectively with SM USA and SM Italy, "Defendants").[2]

---

[1] Delaware counsel for Gavrieli and Defendants conferred separately via a telephone conference after the joint May 31, 2018 teleconference.

[2] Pichler and SM Italy participated in this Court-ordered conference without waiving and expressly reserving all contentions supporting their dismissal from this action, including but not limited to their objections to the Court's exercise of personal jurisdiction.

1

**Requests for Admission:**  Gavrieli may serve a maximum of 50 common requests for admission (*i.e.*, requests for admission that are concurrently served on all Defendants) on each Defendant, to which each Defendant will separately respond.  Gavrieli may serve up to 10 additional requests for admission on each Defendant.  Collectively, Defendants may serve a maximum of 50 common requests for admission (*i.e.*, requests for admission that are served on behalf of all Defendants).  Each Defendant may serve up to 10 additional requests for admission on Gavrieli.  The preceding limits on requests for admission are exclusive of requests for admission solely for the purpose of authenticating documents or establishing that documents are business records.

**Requests for Production:**  The Parties agree to produce documents on a rolling basis.  Gavrieli may serve common requests for production on Defendants.

**Interrogatories:**  Gavrieli may serve a maximum of 25 common interrogatories (*i.e.*, interrogatories that are concurrently served on all Defendants), including all discrete subparts, on each Defendant, to which each Defendant will separately respond.  Gavrieli may serve up to 5 additional interrogatories on each Defendant.  Collectively, Defendants may serve a maximum of 25 common interrogatories (*i.e.*, interrogatories that are served on behalf of all Defendants), including all discrete subparts, on Gavrieli.  Each Defendant may serve up to 5 additional interrogatories on Gavrieli.

**Depositions:**  Plaintiff proposes that each side shall be limited to a maximum of 35 hours of fact witness depositions, without limit on the number of depositions that may be taken.  This hour limit is exclusive of depositions for jurisdictional discovery and for depositions of third-party witnesses who have no prior relationship with any of the named parties.  Defendants disagree with the foregoing proposal, and would not alter the limits stated in Rule 30(a).

The Parties agree that each named inventor of the Patents-In-Suit may be deposed for 7 hours and that, if Gavrieli produces a witness for a deposition for one Defendant, Gavrieli is not required to produce that witness against for any other Defendant. The Expert witness depositions shall be limited to 7 hours per report. For any expert witness that serves more than one report, the deposition record time shall not exceed 7 hours in any single day and shall occur on consecutive days unless otherwise agreed.

The Parties further agree that these limitations may be modified by stipulation of the Parties or with leave of the Court for good cause shown.

### Proposed Case Schedule

**Plaintiff's Position:**

Gavrieli proposes the following case schedule:

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | June 29, 2018 |
| Gavrieli identifies the accused products and the asserted patents they allegedly infringe, and produces the file history for each asserted patent | July 27, 2018 |
| Defendants produce core technical and design documents related to accused products, including design drawings, manuals, product literature, schematics, and specifications | August 31, 2018 |
| Gavrieli produces an initial claim chart relating each accused product to the asserted claims each product allegedly infringes | October 5, 2018 |
| Defendants produce invalidity contentions for each asserted claim, as well as the related invalidating references | November 2, 2018 |
| Close of Fact Discovery | December 12, 2018 |

| Opening Expert Reports | January 18, 2019 |
| --- | --- |
| Rebuttal Expert Reports | February 15, 2019 |
| Close of Expert Discovery | March 1, 2019 |
| Final Day to File Dispositive Motions | March 15, 2019 |
| Joint Proposed Pretrial Order | March 29, 2019 |
| Pretrial Conference | April 2019 |
| Trial | May 2019 |

Gavrieli submits that the case and discovery should proceed in parallel with any pending motions to dismiss. There is no reason to stay the case and discovery, as Defendants propose, because SM USA has appeared in this action, does not dispute personal jurisdiction, and is likely to be a source of highly relevant discovery. Starting discovery at the outset of this litigation is important so that Gavrieli can begin working toward crystalizing its infringement positions and gathering evidence for its state law causes of action against SM USA and the other Defendants. There is also no reason to stay the case schedule and discovery to accommodate SM Italy and Pichler's anticipated motion to dismiss for lack of jurisdiction because, even if they move for dismissal, Gavrieli would still be entitled to take discovery from them in order to verify their alleged lack of minimum contacts with this jurisdiction and conclusively establish a basis for jurisdiction. Accordingly, Gavrieli respectfully submits that the case and discovery should proceed in accordance with the above-proposed schedule.

**Defendants' Position:**

Defendants believe that a stay of discovery is appropriate in light of SM Italy and Pichler's forthcoming motion to dismiss based on lack of personal jurisdiction. However, should the Court

14

set a case schedule without a stay of discovery, Defendants propose moving out Plaintiff's proposed dates by two (2) months.

9. **Estimated trial length**

The parties estimate that the trial will require five (5) days to resolve the issues in this case. At this time, the parties do not desire bifurcation of issues for trial. The parties will cooperate in an attempt to reduce the length of trial by way of stipulations and/or other means for expediting the presentation of evidence.

10. **Jury trial**

The parties have requested a jury trial on all issues so triable.

11. **Settlement**

Although the parties have not yet held any settlement discussions or determined whether mediation or settlement is likely to be successful, they have discussed arranging an informal settlement conference with a third-party neutral in the coming months. The parties are open to referral to a Magistrate Judge for informal mediation or settlement discussions at the appropriate time.

12. **Other**

The parties are not aware at this time of any additional matters conducive to the just, speedy, and inexpensive determination of this action.

13. **Conference of Counsel**

Counsel for the parties conferred about each of the above matters on May 31, 2018. Counsel is prepared to provide any additional information requested by the Court.