# EXHIBIT 19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GAVRIELI BRANDS LLC, a California
Limited Liability Company,

      Plaintiff,

                  v.

SOTO MASSINI (USA) CORPORATION, a
Delaware corporation; SOTO MASSINI
S.R.L.S., an Italian limited company; and
THOMAS PICHLER, an individual,

      Defendants.

C.A. No. 1:18-cv-00462-GMS

JURY TRIAL DEMANDED

## DEFENDANT SOTO MASSINI (USA) CORPORATION'S ANSWER TO
## AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS

Defendant Soto Massini (USA) Corporation ("Defendant"),[1] through its undersigned

attorneys, hereby answers the corresponding paragraphs of Plaintiff Gavrieli Brands LLC's

("Plaintiff") Amended Complaint as follows:

### NATURE OF THE ACTION

1.     Defendant admits that this is an action for patent infringement, trade dress

infringement, and unfair trade practices.  Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 1.

2.     Denied.

3.     Denied.

4.     The allegations in Paragraph 4 describe the relief sought by Plaintiffs, to which no

response is required.  To the extent a response is required, denied.

---

[1] The other two named defendants have filed a motion to dismiss.  Moreover, Defendant Soto
Massini S.R.L.S. has not been properly served with the Complaint in this matter and reserves all
rights in connection therewith.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.      Denied.

7.      Admitted.

8.      Admitted.

9.      Denied, except that Defendant admits that Thomas Pichler is the founder and owner of Soto Massini (USA) Corp. ("Soto USA") and Soto Massini S.R.L.S. ("Soto SRLS," and together with Soto USA, "Soto").

10.     Denied.

11.     Denied.

12.     Denied.

## JURISDICTION AND VENUE

13.     Admitted.

14.     Admitted.

15.     Personal jurisdiction is admitted, but otherwise denied.

16.     Denied.

17.     Denied.

18.     Denied.

## FACTUAL ALLEGATIONS

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.     Denied.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, but admitted that the '035 patent is attached to the Complaint as Exhibit A.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, but admitted that the '032 patent is attached to the Complaint as Exhibit B.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, but admitted that the '034 patent is attached to the Complaint as Exhibit C.

4

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, but admitted that the '927 patent is attached to the Complaint as Exhibit D.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, but admitted that the '538 patent is attached to the Complaint as Exhibit E.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

44.     Admitted.

45.     Admitted.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

47.     Admitted.

48.     Admitted.

49.     Admitted, with the exception that the Kickstarter project was on behalf of Defendant, not Mr. Pichler personally.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.  Admitted that Defendant raised around $694,417.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

52.     Admitted.

53.     Denied.

54.     Denied.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

56.     Denied, except admitted that Paragraph 56 includes an image of the Soto Massini advertisement.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     The allegations refer to a letter dated February 16, 2018 (the "February 16 Letter"), a document that speaks for itself.  Defendant denies the allegations to the extent they paraphrase or characterize the February 16 Letter in a manner inconsistent with its actual terms or substance, taken as a whole, in the proper context, and refers to the February 16 Letter for the true and correct contents thereof.

64.     The allegations refer to an email on March 13, 2018 (the "March 13 Email"), a document that speaks for itself.  Defendant denies the allegations to the extent they paraphrase or characterize the March 13 Email in a manner inconsistent with its actual terms or substance, taken as a whole, in the proper context, and refers to the March 13 Email for the true and correct contents thereof.

65.     The allegations refer to an email on March 15, 2018 (the "March 15 Email"), a document that speaks for itself.  Defendant denies the allegations to the extent they paraphrase or

6

characterize the March 15 Email in a manner inconsistent with its actual terms or substance, taken as a whole, in the proper context, and refers to the March 15 Email for the true and correct contents thereof.

66.     The allegations refer to an email on March 16, 2018 (the "March 16 Email"), a document that speaks for itself.  Defendant denies the allegations to the extent they paraphrase or characterize the March 16 Email in a manner inconsistent with its actual terms or substance, taken as a whole, in the proper context, and refers to the March 16 Email for the true and correct contents thereof.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 and so denies those allegations.  Denied as to acknowledgement of infringement.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

74.     Admitted.

75.     Denied.

76.     Admitted.

77.     Admitted.

78.     Denied.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

113.    Denied.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

118.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

119.    Denied.

120.    Denied.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

## FIRST CLAIM FOR RELIEF

127.    Defendant repeats and realleges each and every response set forth hereinabove.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

## SECOND CLAIM FOR RELIEF

138.     Defendant repeats and realleges each and every response set forth hereinabove.

139.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146. Denied.

147. Denied.

148. Denied.

### THIRD CLAIM FOR RELIEF

149. Defendant repeats and realleges each and every response set forth hereinabove.

150. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied

158. Denied.

159. Denied.

### FOURTH CLAIM FOR RELIEF

160. Defendant repeats and realleges each and every response set forth herinabove.

161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

## FIFTH CLAIM FOR RELIEF

171. Defendant repeats and realleges each and every response set forth hereinabove.

172. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

## SIXTH CLAIM FOR RELIEF

182. Defendant repeats and realleges each and every response set forth hereinabove.

183. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

184.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

185.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and so denies them.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

## SEVENTH CLAIM FOR RELIEF

195.    Defendant repeats and realleges each and every response set forth hereinabove.

196.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations so denies them.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

## EIGHTH CLAIM FOR RELIEF

206. Defendant repeats and realleges each and every response set forth hereinabove.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

## NINTH CLAIM FOR RELIEF

212. Defendant repeats and realleges each and every response set forth hereinabove.

213. Denied.

## TENTH CLAIM FOR RELIEF

214. Defendant repeats and realleges each and every response set forth hereinabove.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222.    Denied.

## ELEVENTH CLAIM FOR RELIEF

223.    Defendant repeats and realleges each and every response set forth hereinabove.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

## DEMAND FOR JURY TRIAL

229.    The allegations constitute Plaintiff's demand for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief sought in the Complaint or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over one or more of the defendants.

## THIRD AFFIRMATIVE DEFENSE

Defendant has not infringed and is not infringing any valid and enforceable claim of the '035 patent, the '032 patent, the '034 patent, the '927 patent, or the '538 patent, either directly or indirectly, and including under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has not infringed and is not infringing any valid trademark or trade dress rights of Plaintiff, as alleged or otherwise, including for functionality, lack of distinctiveness and/or secondary meaning, and unlikely confusion.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not engaged in false advertising or otherwise competed unfairly with Plaintiff, as alleged or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims for damages and other relief are barred by the doctrines of patent misuse, waiver, estoppel, laches, unclean hands and/or other equitable doctrines.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are precluded, in whole or in part, by an express or implied license.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's request for monetary relief is barred or limited, in whole or in part, pursuant to the requirements of 35 U.S.C. §§ 284-288, and by a lack of causation of any damages by any actions of Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

Soto Massini (USA) Corporation ("Counter-Claimant") alleges the following counterclaims against Plaintiff and Counter-Defendant Gavrieli Brands LLC ("Counter-Defendant" or "Gavrieli").

### NATURE OF THE ACTION

1.      This is a civil action arising out of Gavrieli's false advertising and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), California's Intentional Interference with Contractual Relations Law, California's Intentional Interference with Prospective Economic Relations, and California's Trade Libel Law.

### PARTIES

2.      Counterclaimant Soto Massini ("Soto USA") Corporation is a Delaware corporation with its principal place of business in San Diego, California.

3.      Upon information and belief, Counter-Defendant Gavrieli Brands LLC is a California limited liability company with its principal place of business in Culver City, California.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28. U.S.C. §§ 1331 and 1338(a) as this action arises under the Lanham Act.  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

5.      Personal jurisdiction and venue are proper in this district because it is Counter-Defendant's choice of forum and Counter-Defendant transacts business in this district.

## FACTUAL BACKGROUND

6.      Soto USA is a "startup" company, founded by Thomas Pichler, which is planning to manufacture and sell ballet flats with orthotic insoles.

7.      Soto USA's "Terzetto Milano" flat is built with the highest quality materials and uses the latest manufacturing technology, resulting in a shoe that looks like a ballet flat but is built like an orthotic running shoe.

8.      Soto USA has pursued campaigns on two different "crowdsourcing" platforms, Kickstarter and Indiegogo, in order to generate support from small investors, or "backers," who receive steep discounts if and when the products eventually are manufactured and become available for sale in exchange for investing in the project.

9.      Soto USA has spent considerable investment, time, effort and resources to ensure that its product is a unique and novel design and does not infringe any intellectual property rights of others, including Counter-Defendant.

10.     Gavrieli makes and sells foldable ballet flats under the brand name "Tieks."

11.     For many years, Gavrieli's "Tieks" products have been made in China.

12.     Despite the products being made in China, Gavrieli has advertised the products as being Italian-made, including a claim that the products are made with "Italian Leather."

13.     Gavrieli also has sold the products without any appropriate label stating that the products are "Made in China," including but not limited to removing "Made in China" or similar labels after the products are imported into the United Stated, but before being shipped and/or delivered to customers.

14.     On its website, https://tieks.com, Gavrieli claims that its Tieks brand flats feature a "unique split-sole and flexible midsole."

15. On information and belief, ballet flats with split-soles and flexible midsoles have been on the market for many years, making Gavrieli's statements misleading, at best.

16. On its website, Gavrieli claims that its Tieks brand flats possess "unparalleled comfort, flexibility, durability, and style."

17. On information and belief, Tieks brand flats are neither comfortable nor durable, and certainly not to the extent Gavrieli claims.

18. On information and belief, Gavrieli pays websites and other content creators (*see* https://tieks.com/review/) to give positive reviews of its Tieks brand flats without disclosing that the author was paid for its review, in violation of FTC rules.

19. On information and belief, Gavrieli permitted its false or misleading claims to enter interstate commerce knowing that they were not fully substantiated and would deceive customers into purchasing Gavrieli's products.

20. Consumers are being defrauded into purchasing Gavrieli's products. As a result, consumers are not purchasing other products, including Soto USA's products that actually provide the stated benefits.

21. Gavrieli engaged in a subversive campaign to interfere with Soto USA's crowdsourcing partners, Kickstarter and Indiegogo.

22. Gavrieli intentionally misled Kickstarter and Indiegogo with the intent that Kickstarter and Indiegogo would suspend and/or terminate Soto USA's crowdsourcing campaigns.

23. Gavrieli intentionally misled this Court and withheld key information in its application for a temporary restraining order and preliminary injunction.

24.     On information and belief, after the aforementioned temporary restraining order and preliminary injunction were denied, Gavrieli continued to make false statements to Kickstarter and Indiegogo without notifying them of this Court's decision.

25.     On information and belief, Gavrieli intentionally withheld key information, specifically this Court's order denying the temporary restraining order and preliminary injunction, when it contacted Kickstarter and Indiegogo and interfered with their relationship with Soto USA.

26.     Gavrieli intentionally made claims to disparage the quality and novelty of Soto USA's products with the intent to make Soto USA suffer financial harm.

## FIRST CLAIM FOR RELIEF
### Patent Non-Infringement

27.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

28.     Soto USA has not infringed, either directly or indirectly, any valid claim of the patents-in-suit—*i.e.*, the'035 patent, the '032 patent, the '034 patent, the '927 patent, or the '538 patent.

## SECOND CLAIM FOR RELIEF
### Patent Invalidity

29.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

30.     Each claim of the patents-in-suit—*i.e.*, the'035 patent, the '032 patent, the '034 patent, the '927 patent, and the '538 patent—is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD CLAIM FOR RELIEF
### Trade Dress Non-Infringement

31.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

32.     Soto USA has not infringed and is not infringing any valid trademark or trade dress rights of Plaintiff, as alleged or otherwise, including for no likelihood of confusion.

### FOURTH CLAIM FOR RELIEF
### Trade Dress Invalidity

33.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

34.     Gavrieli's asserted trademark and/or trade dress rights are invalid, including for functionality, lack of distinctiveness and/or lack of secondary meaning.

### FIFTH CLAIM FOR RELIEF
### False Advertising
### (15 U.S.C. § 1125(a))

35.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

36.     Gavrieli is engaged in commercial advertising and promotion of its Tieks brand flats.

37.     Gavrieli's commercial advertising and promotion includes false and misleading statements of fact about, at least, the comfort, durability, novelty, quality, and place of origin of its products.

38.     Gavrieli's statements either deceived or have the capacity to deceive a substantial segment of potential customers.

39.     The deception is material, in that it is likely to influence the consumer's purchasing decision.

40.     Gavrieli's Tieks brand flats are advertised and sold in interstate commerce.

41.     Gavrieli's deceptive conduct has been deliberate and willful and has injured and continues to injure Soto USA.

42.     As a direct and proximate cause of Gavrieli's improper actions, Gavrieli has been unjustly enriched.

43.     Gavrieli's false advertising has caused and, if not enjoined, will continue to cause Soto USA irreparable harm, for which there is no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**False Advertising**
**(Cal. Bus. & Prof. Code § 17500)**

44.     Gavrieli repeats and incorporates by reference the allegations of the preceding paragraphs and counterclaims.

45.     Gavrieli's commercial advertising and promotion includes false and misleading statements of fact about, at least, the comfort, durability, novelty, quality, and place of origin of its products.

46.     Gavrieli knows, or by the exercise of reasonable care should have known, that the statements in its commercial advertising were untrue or misleading.

47.     On information and belief, Gavrieli's statements were likely to deceive members of the public and did deceive members of the public, including potential customers of Soto USA's products.

48.     On information and belief, Gavrieli knew or should have known it would deceive consumers.

49.     Soto USA has suffered an injury in fact and has lost income or property, including lost sales as well as costs and expenses incurred in having to bring this action to protect consumers and the market.

50.     Gavrieli's false advertising has caused and, if not enjoined, will continue to cause Soto USA irreparable harm, for which there is no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### Unfair Competition
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

51.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

52.     Gavrieli's wrongful conduct alleged herein constitutes an unlawful, fraudulent, and/or unfair act or practice within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq.*

53.     Gavrieli's wrongful acts complained of herein have injured and damaged Soto USA.

54.     As a direct and proximate cause of Gavrieli's improper actions, Soto USA has been harmed in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
### Intentional Interference with Contractual Relations

55.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

56.     There were contracts between Soto USA and Kickstarter and Soto USA and Indiegogo.

57.     Gavrieli intentionally interfered with the contracts between Soto USA and Kickstarter and Soto USA and Indiegogo.

58.     On information and belief, Gavrieli knew of the contracts.

59. Gavrieli's conduct prevented performance and/or made performance of these contracts more expensive and difficult.

60. Gavrieli intended to disrupt the performances of these contracts or knew that disruptions were certain or substantially certain to occur.

61. Gavrieli's conduct was a substantial factor in causing Soto USA harm, Soto USA has been harmed in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
### Intentional Interference with Prospective Economic Relations

62. Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

63. There was an economic relationship between Soto USA and Kickstarter and Soto USA and Indiegogo.

64. These relationships would have resulted in an economic benefit to Soto USA.

65. Gavrieli knew of these relationships.

66. Gavrieli engaged in conduct with the intention of harming or completely destroying these relationships, or knew harm or destruction of the relationships was likely to occur.

67. These relationships were disrupted as a result of Gavrieli's conduct and Soto USA was harmed thereby.

68. Gavrieli's conduct was a substantial factor in causing Soto USA harm, and Soto USA has been harmed in an amount to be proven at trial.

## TENTH CLAIM FOF RELIEF
### Trade Libel

69.     Soto USA repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

70.     Gavrieli made statements that would be clearly or necessarily understood to have disparaged the quality of Soto USA's products.

71.     The statements made by Gavrieli were made to persons other than Soto USA.

72.     The statements made by Gavrieli were untrue.

73.     Gavrieli knew that the statements were untrue or acted with reckless disregard of the truth or falsity of the statements.

74.     Gavrieli knew or should have recognized that someone else might act in reliance on the statement, causing Soto USA financial loss.

75.     Soto USA suffered direct financial harm because someone else acted in reliance on the statement.

76.     Gavrieli's conduct was a substantial factor in causing Soto USA harm, and Soto USA has been harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

Defendant and Counter-Claimant Soto USA prays for judgment as follows:

A.     That this Court dismiss the Complaint with prejudice and deny Plaintiff any relief, including any award of damages, costs, or attorney's fees;

B.     For a declaratory judgment, including that (i) the patents-in-suit are invalid and not infringed, and (ii) the asserted trademarks and/or trade dress are invalid and/or not infringed;

C.     For preliminary and permanent injunctive relief enjoining Gavrieli from (i) engaging in further false advertising, (ii) requiring corrective advertising, (iii) prohibiting

Gavrieli from interfering with any contractual relationships or prospective business relationships between Soto USA and third parties, (iv) prohibiting Gavrieli from making further libelous statements about Soto USA, its products, and its officers and executives, and (v) any and all other appropriate and injunctive relief;

D.      For an award of compensatory damages to be proven at trial, including in accordance with 15 U.S.C. § 1117;

E.      For an award of compensatory and punitive damages to be proven at trial for the significant damage caused to Soto USA's brand and reputation as a result of Gavrieli's false statements;

F.      For an award of any and all of Gavrieli's profits arising from the foregoing acts, including in accordance with 15 U.S.C. § 1117;

G.      For restitution for Gavrieli's ill-gotten gains, including in accordance with Cal. Bus. & Prof. Code § 17203;

H.      For treble damages, including in accordance with 15 U.S.C. § 1117;

I.      For costs and attorney fees, including in accordance with 15 U.S.C. § 1117 and 35 U.S.C. § 285;

J.      For pre-judgment interest, including in accordance with Cal. Civ. Code. § 3287 and;

K.      Such other and further relief that this Court may deem just and proper.

Dated:  June 5, 2018

OF COUNSEL:

Stephen M. Lobbin
Austin J. Richardson
**FOUNDATION LAW GROUP LLP**
445 South Figueroa Street, Suite 3100
Los Angeles, CA 90017
stephen@foundationlaw.com
austin@foundationlaw.com

**BAYARD, P.A.**

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Sara E. Bussiere (#5725)
600 North King Street, Suite 400
Wilmington, DE  19899
302.655.5000
Sbrauerman@bayardlaw.com
Sbussiere@bayardlaw.com

*Attorneys for Defendants*