# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>   *Plaintiff*,<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants*. | Civil Action No. 22-1377 (MN) |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF
## THEIR MOTION TO CONSOLIDATE

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Benjamin A. Katzenellenbogen
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

Dated: February 24, 2023

## TABLE OF CONTENTS

Page No.

INTRODUCTION ..................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENTS ................................................................................................ 2

STATEMENT OF FACTS ......................................................................................................... 3

LEGAL STANDARDS .............................................................................................................. 4

ARGUMENT .............................................................................................................................. 5

I.     Apple's Design-Patent Claims Here And Its Utility-Patent Claims In The Companion Case Share Common Questions Of Law And Fact ........................................ 5

II.    Apple's Design-Patent Claims Here And Masimo's Counterclaims In The Companion Case Share Common Questions Of Law And Fact ........................................ 7

III.   Apple's Motion For An Expedited Trial Should Not Prevent Consolidation .................... 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page No(s).

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
   No. 06-514 GMS, 2007 WL 2892707 (D. Del. Sep. 30, 2007) ................................................. 4

*Beacon Theatres, Inc. v. Westover*,
   359 U.S. 500 (1959) ................................................................................................................ 2, 8

*Celgene Corp. v. Barr Labs., Inc.*,
   No. 07-286, 2008 WL 2447354 (D.N.J. June 13, 2008) ............................................................ 9

*Cirba Inc. v. VMWARE, Inc.*,
   No. 19-742-LPS, 2020 WL 7489765 (D. Del. Dec. 21, 2020) .................................................. 5

*Eastman Chem. Co. v. AlphaPet, Inc.*,
   No. 09-971-LPS, 2011 WL 7121180 (D. Del. Dec. 29, 2011) .................................................. 5

*Rohm & Haas Co. v. Mobil Oil Corp.*,
   525 F. Supp. 1298 (D. Del. 1981) ......................................................................................... 4, 5

*Schering Corp. v. Mylan Pharms., Inc.*,
   No. 09-6383, 2010 WL 11474547 (D.N.J. June 10, 2010) ....................................................... 8

*SenoRx, Inc. v. Hologic, Inc.*,
   920 F. Supp. 2d 565 (D. Del. Jan. 30, 2013) ............................................................................ 9

*Shum v. Intel Corp.*,
   499 F.3d 1272 (Fed. Cir. 2007) ................................................................................................ 8

*Syngenta Seeds, Inc. v. Monsanto Co.*,
   No. 04-908-SLR, 2005 WL 678855 (D. Del. Mar. 24, 2005) ............................................... 5, 9

## OTHER AUTHORITIES

Fed. R. Civ. P. 42 ............................................................................................................................ 4

# INTRODUCTION

Apple filed two patent-infringement cases in this Court against Masimo and Sound United on the same day. All of Apple's claims in both cases involve the same parties and the same accused product—Masimo's W1 health watch. In the companion case, Masimo counterclaimed for false advertising, antitrust violations, and patent infringement. Masimo's antitrust claims include *Walker Process* claims based on Apple's inequitable conduct in procuring utility patents asserted in the companion case and design patents asserted in this case. Every claim in each case involves either Masimo's W1 or Apple's Apple Watch, and most claims implicate both products.

Because of the numerous overlapping legal and factual issues, discovery in both cases will involve many of the same documents, the same witnesses, and the same information. Indeed, under the Seventh Amendment, the Court cannot resolve Masimo's inequitable conduct defenses in this case (and thus Apple's design-patent claims as a whole) before the jury decides Masimo's *Walker Process* claims in the companion case.

Defendants therefore respectfully request that the Court consolidate this case with Apple's companion case at least for discovery and pretrial matters. Doing so would promote efficiency, guard against Apple taking inconsistent positions in the two cases, and protect Masimo's right to a jury trial. Although Masimo maintains that consolidation through trial would be appropriate, it submits that the Court can address the contours of a trial at a later stage when it becomes more clear which claims and defenses will be tried.

# NATURE AND STAGE OF THE PROCEEDINGS

Apple filed this case and a companion case, Civil Action No. 22-1378, on October 20, 2022. Apple asserts design patents in this case and utility patents in the companion case. Masimo filed its answer and counterclaims in both cases on December 12, 2022. In the companion case,

Masimo counterclaimed for false advertising, antitrust violations, and patent infringement. Masimo's antitrust claims include *Walker Process* claims based in part on Apple's inequitable conduct in procuring some of the patents asserted in this case and the companion case.

In this case, Apple moved for expedited discovery and threatened to move for a preliminary injunction. The Court denied the motion for expedited discovery, and Apple never filed its preliminary injunction motion. Instead, Apple filed a motion seeking an expedited trial, and, in the companion case, moved to (1) sever Masimo's false advertising and antitrust claims, and (2) stay Masimo's patent infringement claims.

## SUMMARY OF ARGUMENTS

1. Apple's design-patent claims share many common legal and factual questions with Apple's utility-patent claims in the companion case. Both cases involve the same parties, the same accused products, and some of the same patents. Consolidation would promote efficiency, avoid duplicative discovery, and help prevent inconsistent arguments.

2. Apple's design-patent claims also share many common legal and factual questions with Masimo's counterclaims in the companion case. For example, Apple's claims and Masimo's counterclaims all invoke the function and design of the Apple Watch. Also, Masimo asserts patents in the companion case that demonstrate Apple's claimed designs in this case are functional. Moreover, Apple's inequitable conduct in procuring the design patents asserted in this case support Masimo's *Walker Process* claims in the companion case. To protect Masimo's Seventh Amendment right to a jury on its *Walker Process* counterclaims, those counterclaims must be resolved before the Court can enter final judgment on Apple's design-patent claims. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–511 (1959). Consolidation and coordination for

discovery and pretrial thus fosters efficiency and facilitates a constitutionally proper sequencing of the proceedings.

## STATEMENT OF FACTS

On October 20, 2022, Apple sued Masimo and Sound United. D.I. 1. Apple alleged that Masimo and Sound United infringe four design patents ("Asserted Design Patents"). D.I. 1 ¶¶ 45, 52, 59, 66. Sound United moved for dismissal, D.I. 29, and Masimo answered the Complaint, D.I. 31.

On the same day it filed the Complaint, Apple also filed a companion complaint accusing Masimo's W1 of infringing six utility patents ("Asserted Utility Patents"). *See Apple, Inc. v. Masimo Corp., et al.*, No. 22-cv-01378-MN (D. Del.) ("Companion Case"), D.I. 1 ¶¶ 53-55, 69-71, 86-88, 104-106, 121-123, 142-144. Masimo answered the complaint in the Companion Case. Companion Case, D.I. 15.

In both cases, Apple asserts that the Apple Watch is covered by several of the asserted patents. D.I. 45 at 3; Companion Case, D.I. 1 ¶¶ 17-18. In both cases, Apple accuses Masimo of copying the Apple Watch to develop the W1. D.I. 1 ¶¶ 3, 22, 30, 36, 40; Companion Case, D.I. 1 ¶¶ 3, 22, 30, 36, 40.

In its answer in the Companion Case, Masimo counterclaimed for false advertising, antitrust violations, and patent infringement. Companion Case, D.I. 15 at Counterclaims. Masimo's antitrust claims include *Walker Process* claims based in part on Apple's assertion of fraudulently obtained patents in this case and the Companion Case. *Id.* at 44-86. In particular, Masimo asserts that three of the Asserted Utility Patents and three of the Asserted Design Patents were procured through inequitable conduct before the U.S. Patent Office ("PTO"). *Id.*

Masimo's infringement claims accuse the Apple Watch of infringement. *Id*. at 128-148. An ALJ at the U.S. International Trade Commission has already determined that two of these patents are valid and infringed by the Apple Watch—U.S. Patent Nos. 10,912,502 and 10,945,648—and Apple may be banned from importing the watch. Declaration of Brian Horne in Support of Defendants' Motion to Consolidate, Ex. 1 at 6-7. Masimo's false advertising claims accuse Apple of falsely promoting the Apple Watch as capable of reliably and accurately measuring blood oxygen levels and heart rhythms. Companion Case, D.I. 15 at 86-95.

## LEGAL STANDARDS

A court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In rendering this discretionary decision, courts balance expense, fairness, and judicial efficiency. *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). Courts often consolidate patent-infringement cases that involve the same parties, the same accused product, similar patents, and overlapping witnesses and evidence. *See id*. at 1310; *see also Abbott Diabetes Care, Inc. v. Dexcom, Inc.,* No. 06-514 GMS, 2007 WL 2892707, *4 (D. Del. Sep. 30, 2007).

Courts consolidate patent-infringement cases even where additional claims and patent-infringement counterclaims are asserted. In *Rohm & Haas*, Mobil accused Rohm and Haas of patent infringement in two separate cases.[1] The court consolidated those cases even though Rohm and Haas counterclaimed for patent infringement in one of the cases. *Rohm & Haas*, 525 F. Supp. at 1309-1310. The court found that the parties' patents covered similar technology and that each case involved at least some common questions of law and fact. *Id*.; *see also Cirba Inc. v.*

---

[1] Rohm & Haas was the declaratory judgment plaintiff in one of those cases. *Rohm & Haas*, 525 F. Supp. at 1309.

*VMWARE, Inc.*, No. 19-742-LPS, 2020 WL 7489765, *6 (D. Del. Dec. 21, 2020) (because underlying technology and products were similar, court consolidated two cases with same parties who each asserted patents).

Similarly, in *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 04-908-SLR, 2005 WL 678855 (D. Del. Mar. 24, 2005), the court consolidated a patent-infringement case with a monopolization and attempted-monopolization case. *Syngenta*, 2005 WL 678855 at *3. Although the court recognized different legal and factual issues existed between the patent-infringement and antitrust claims, it found even a "minimal factual and legal overlap" between the cases sufficient for consolidation, and that consolidation would promote efficiency. *Id.*; *see also Eastman Chem. Co. v. AlphaPet, Inc.*, No. 09-971-LPS, 2011 WL 7121180 (D. Del. Dec. 29, 2011) (consolidating two patent-infringement cases that also involved claims for breach of contract and trade secret misappropriation).

**ARGUMENT**

I. **Apple's Design-Patent Claims Here And Its Utility-Patent Claims In The Companion Case Share Common Questions Of Law And Fact**

Apple's claims in the two cases involve common questions of law and fact because they involve the same parties (Apple, Masimo, and Sound United) and the same accused product (Masimo's W1 health watch). D.I. 1 ¶¶ 45, 52, 59, 66; Companion Case, D.I. 1 ¶¶ 53-55, 69-71, 86-88, 104-106, 121-123, 142-144. Further, in both cases, Apple accuses Masimo and Sound United of copying the Apple Watch. D.I. 1 ¶¶ 3, 22, 30, 36, 40; Companion Case, D.I. 1 ¶¶ 3, 22, 30, 36, 40. Thus, discovery in both cases will cover the design, development, and sale of the W1, as well as the mental state of those involved.

The Apple Watch is also relevant in both cases. Apple contends that its Apple Watch practices the inventions claimed in several of the Asserted Utility Patents and Asserted Design

Patents. D.I. 45 at 3; Companion Case, D.I. 1 ¶¶ 17-18. Apple also argues that its designs are iconic, that the Apple Watch is superior to Masimo's W1, and that the W1 is harming the reputation of the Apple Watch. D.I. 45 at 8-11; Companion Case, D.I. 1 ¶¶ 2, 19-20, 22. Apple has thus put its reputation and the design and functionality of the Apple Watch at issue in both of the cases.

The Asserted Utility Patents and Asserted Design Patents share other similarities. For example, Figure 4 from Apple's asserted '054 utility patent shows a configuration that looks strikingly similar to the designs in the Asserted Design Patents:

| Companion Case | This Case | | |
|---|---|---|---|
| Figure 4A, U.S. Patent No. 10,987,054 ("Wearable Electronic Device With Electrodes For Sensing Biological Parameters") ("'054 patent"), Companion Case, D.I. 1, Ex. D at 8 | Figure 2, U.S. Patent No. D947,842 ("Electronic Device"), D.I. 1, Ex. B at 4 | Figure 2, U.S. Patent No. D883,279 ("Electronic Device"), D.I. 1, Ex. A at 5 | Figure 2, U.S. Patent No. D962,936 ("Electronic Device"), D.I. 1, Ex. C at 4 |

The '054 utility patent also describes the same arc-shaped electrodes, central opening, and eight radial openings depicted in the Asserted Design Patents. Companion Case, D.I. 1, Ex. D at 48 (13:42-45), 49 (15:11-13).

Indeed, Masimo will rely on the '054 patent to defend itself against Apple's Asserted Design Patents. As Masimo explains in its opposition to Apple's motion for an expedited trial, the '054 patent demonstrates that Apple's design patents cover purely functional components and are

therefore invalid. At the very least, the '054 patent is relevant to construe the scope of Apple's design patents.

Second, Masimo relies on an earlier-filed application with the same disclosure as the '054 patent as a basis for its inequitable-conduct defense. As explained in more detail in Masimo's counterclaims, Apple intentionally withheld that earlier application from the PTO when Apple prosecuted three of its Asserted Design Patents. Companion Case, D.I. 15 at 44-67. Apple also fraudulently omitted the inventors identified on the '054 patent from the list of named inventors identified on those design patents. *Id.* Apple did so because the '054 inventors knew that Apple's claimed designs cover purely functional elements. Thus, discovery on Apple's development work leading to the '054 patent and discovery from the named inventors on the '054 patent will be necessary for both cases.

Because of these overlapping legal and factual issues, consolidation for discovery and pretrial matters would promote efficiency and fairness. In contrast, separate discovery and pretrial—including separate document requests, responses, depositions, and discovery disputes regarding many of the same discovery subjects—would create additional burdens on both the parties and the Court. Separate proceedings also increase the chances of inconsistent arguments and outcomes.

## II. Apple's Design-Patent Claims Here And Masimo's Counterclaims In The Companion Case Share Common Questions Of Law And Fact

Besides playing a prominent role in Apple's claims for design-patent and utility-patent infringement, the Apple Watch will permeate Masimo's counterclaims in the Companion Case. First, Masimo counterclaimed that the Apple Watch infringes Masimo's patents. Companion Case, D.I. 15 at 128-147. Second, Masimo's false advertising counterclaims rely on Apple's false and deceptive advertisements that the Apple Watch reliably measures wearer's blood-oxygen

levels and heart rhythms. *See id*. at 121-128; *see also id.* at 86-95. Third, Masimo's antitrust counterclaims also address Apple's false advertising of the Apple Watch and the poor performance of the Apple Watch. *Id*. at 162-63.

Moreover, Masimo asserts *Walker Process* claims, which rely on Apple's inequitable conduct in procuring some of the Asserted Utility Patents and Asserted Design Patents. Companion Case, D.I. 15 at 44-67. Because Apple's inequitable conduct in obtaining those design patents is an element of Masimo's *Walker Process* counterclaims, Masimo is entitled to have a jury decide Masimo's antitrust counterclaims in the Companion Case before the Court can resolve Masimo's inequitable conduct defenses and enter final judgment in this case. *See Beacon Theatres,* 359 U.S. at 510–511.

Under the Supreme Court's *Beacon Theatres* decision, "when legal claims involve factual issues that are 'common with those upon which [the] claim to equitable relief is based, the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" *Shum v. Intel Corp.,* 499 F.3d 1272, 1276 (Fed. Cir. 2007); *Schering Corp. v. Mylan Pharms., Inc.,* No. 09-6383, 2010 WL 11474547, at *1 (D.N.J. June 10, 2010). Thus, courts cannot resolve equitable defenses, like inequitable conduct, before resolving legal claims, like *Walker Process* counterclaims. *See Schering Corp.*, 2010 WL 11474547 at *1 ("because Plaintiffs' request to bifurcate the inequitable conduct defense and the antitrust counter claims would lead to this Court resolving an equitable claim (the inequitable conduct defenses) prior to a legal claim (the *Walker Process* counterclaims), and said claims share common factual elements, bifurcation would violate MPI's Constitutionally-guaranteed right to trial by jury"). Otherwise, a party's Seventh Amendment right to a jury trial on its legal claims would be eliminated. *Id.*; *see also Celgene Corp. v. Barr Labs., Inc.*, No. 07-286, 2008 WL 2447354, at *2-*3 (D.N.J. June 13,

2008). Because Apple's design-patent claims here cannot be resolved until after Masimo's *Walker Process* claims against Apple in the Companion Case, consolidation and coordination during discovery and pretrial would promote efficiency and facilitate constitutionally proper sequencing.

Moreover, numerous issues, such as market definition, the parties' market shares, and the existence of other alleged competitors and non-infringing alternatives will be relevant both to Apple's design-patent claims here and Masimo's antitrust counterclaim in the Companion Case. Additional overlap is also "inevitable, as it will likely be necessary to set out certain core testimony about the relevant products and industry in both the liability and damages trials." *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 569 (D. Del. Jan. 30, 2013). The common legal and factual issues shared by the claims, defenses, and counterclaims in both cases filed by Apple show much more than the "minimal factual and legal overlap" found sufficient for consolidation by other courts. *Syngenta*, 2005 WL 678855 at *3.

Finally, the patents Masimo asserts in its counterclaims help demonstrate that Apple's claimed designs are functional. As Masimo explains in more detail in its opposition to Apple's motion for an expedited trial, Apple's design patents all claim a protrusion, and its D'279 patent claims a convex dome protrusion. Masimo's U.S. Patent Nos. 10,912,502 and 10,945,648, which Masimo asserts in the Companion Case, describe the utilitarian benefits of the protrusion. Companion Case, D.I. 15, Ex. 2 at 96 (20:25-42), Ex. 3 at 96 (20:17-34).

### III. Apple's Motion For An Expedited Trial Should Not Prevent Consolidation

Apple has moved for an expedited trial in this case. D.I. 44. The Court should deny that motion for the reasons set forth in Defendants' opposition to that motion, including that Apple's proposed shortened schedule and trial would unfairly prejudice Masimo by eliminating claim construction and limiting Masimo's ability to develop and present its invalidity defenses and its defenses to Apple's charge of copying. An expedited trial would also be futile, and Apple has

failed to show a genuine need for expedited relief.  Therefore, Apple's motion should not prevent consolidation.

## CONCLUSION

Defendants respectfully request the Court consolidate this case with Apple's companion case against Defendants (Civil Action No. 22-1378 (MN)) for discovery and pretrial.  Defendants submit that consolidation at least for discovery and pretrial will promote efficiency and protect Masimo's constitutional right to trial by jury because of the common legal and factual questions extensively shared between the cases, including the fact that the cases involve the same parties, the same accused product, and many of the same patents.  Consolidation for trial would also be appropriate, but the contours of a trial can be addressed at a later stage once it becomes clear which issues will be tried.

Respectfully submitted,

February 24, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone

By: */s/ John C. Phillips, Jr.*
  John C. Phillips, Jr. (No. 110)
  Megan C. Haney (No. 5016)
  1200 North Broom Street
  Wilmington, DE 19806
  (302) 655-4200 Telephone
  (302) 655-4210 Fax
  jcp@pmhdelaw.com
  mch@pmhdelaw.com

  *Counsel for Defendants*
  *Masimo Corporation and Sound United, LLC*

-10-

(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com