IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | |
| | ) | **PUBLIC VERSION** |
| Defendants. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**PLAINTIFF APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR AN EXPEDITED TRIAL</u>**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  March 3, 2023
10670873 / 12209.00051

 Public Version Dated: March 10, 2023

# **TABLE OF CONTENTS**

**Pages**

I. MASIMO FAILS TO REBUT APPLE'S SHOWING OF IRREPARABLE HARM ................................................................................................................................1

II. MASIMO FAILS TO REBUT APPLE'S SHOWING THAT AN EXPEDITED TRIAL WILL MITIGATE APPLE'S IRREPARABLE HARM THROUGH A LIKELIHOOD OF A POST-TRIAL INJUNCTION. ........................................................3

    A. Apple's Motion Is Not "Futile." ..................................................................3

        1. Masimo's *Walker Process* Counterclaim In A Separate Action Has No Impact On Expediting Trial. ..................................................3

        2. Masimo's Alleged Redesign Has No Impact On Expediting Trial..............4

    B. Masimo's Claims That Apple Is Not Likely To Prevail On The Merits Fail. ..................................................................................................................4

        1. Masimo Is Unlikely To Prove Obviousness. ..............................................4

        2. Masimo Misconstrues The Functionality Inquiry And Is Unlikely To Prove That The Patented Designs Are *Dictated By* Function. ...............5

        3. Masimo's Non-Infringement Arguments Rely On Flawed Analyses. ......................................................................................................6

        4. Masimo's Unenforceability Arguments Rely On Flawed Functionality Arguments. ...........................................................................8

    C. Masimo Fails to Show That A Post-Trial Injunction Is Unlikely. ...........................8

III. MASIMO FAILS TO SHOW AN EXPEDITED SCHEDULE IS NOT FEASIBLE OR IS PREJUDICIAL. ........................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple Inc. v. Masimo Corp. et al.*,
  C.A. No. 22-1378-MN ........................................................................................................... 3

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015) ............................................................................................................... 3

*Complete Genomics, Inc. v. Illumina, Inc.*
  No. 21-CV-00217-WHO, 2021 WL 1197096 (N.D. Cal. Mar. 30, 2021) ........................... 3-4

*Dairy Queen, Inc. v. Wood*,
  369 U.S. 469 (1962) ............................................................................................................... 4

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) (en banc) ................................................................................ 7

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010) ............................................................................................ 8-9

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
  589 F.3d 1233 (Fed. Cir. 2009) .............................................................................................. 7

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed. Cir. 1993) ................................................................................... 5, 6, 7, 8

*Parklane Hosiery v. Shore*,
  439 U.S. 322 (1979) ............................................................................................................... 3

*Rosco, Inc. v. Mirror Lite Co.*,
  304 F.3d 1373 (Fed. Cir. 2002) .............................................................................................. 6

*Spigen Korea Co., Ltd. v. Ultraproof, Inc.*,
  955 F.3d 1379 (Fed. Cir. 2020) ........................................................................................... 4-5

*Sport Dimension, Inc. v. Coleman Co., Inc.*,
  820 F.3d 1316 (Fed. Cir. 2016) ........................................................................................... 6-7

**STATUTES & RULES**

19 U.S.C. § 1337(c) ..................................................................................................................... 9

19 U.S.C. § 1337(j) ...................................................................................................................... 9

19 C.F.R. § 210.45 ....................................................................................................................... 9

Fed. R. Civ. 12(b)(6) ................................................................................................................. 3

**TABLE OF EXHIBITS**[1]

| Exhibit | Supplemental Declaration Of Kerri-Ann Limbeek - Description |
|---|---|
| Ex. S | A true and correct copy of "How to Buy Pulse Oximeters For Your Medical Facility" published by Infinium Medical, a company who incorporates Masimo's Signal Extraction Technology (SET) into its pulse oximeter products, available at https://infiniummedical.com/how-to-buy-pulse-oximeters-for-your-medical-facility/ |
| Ex. T | A true and correct copy of Michael W. Sjoding, "Racial Bias in Pulse Oximetry Measurement," New Eng. J. Med (Dec. 17, 2020) |
| Ex. U | A true and correct copy of "Blood Oxygen app on Apple Watch" (October 2022), available at: https://www.apple.com/healthcare/docs/site/Blood_Oxygen_app_on_Apple_Watch_October_2022.pdf |
| Ex. V | A true and correct copy of an email sent on February 17, 2023, from counsel for Apple to counsel for Defendants attaching a draft Rule 26(f) Report (Attachment A) and draft Proposed Scheduling Order (Attachment B), which includes Apple's proposals for an expedited schedule and a non-expedited schedule in this case |
| Ex. W | A true and correct copy of the Best Buy webpage showing the back of the Samsung Galaxy Watch5, available at https://www.bestbuy.com/site/samsung-galaxy-watch5-aluminumsmartwatch-40mm-bt-bora-purple/6510878.p?skuId=6510878 |
| Ex. X | A true and correct copy of the Best Buy webpage showing the back of the Garmin - Forerunner 955 GPS Smartwatch, available at https://www.bestbuy.com/site/garmin-forerunner-955-gpssmartwatch-47-mm-fiber-reinforcedpolymerwhitestone/6513334.p?skuId=6513334 |
| Ex. Y | A true and correct copy of a Fox Business News clip, screenshotted at 1:38 of the video, available at https://video.foxbusiness.com/v/6317609549112#sp=show-clips |

| Exhibit | Declaration Of Benjamin N. Luehrs - Description |
|---|---|
| Ex. 1 | A true and correct copy of Masimo's website, https://www.masimopersonalhealth.com/products/masimo-w1, as it appeared on February 23, 2023 |
| Ex. 2 | A true and correct copy of a confirmation email received on February 23, 2023, for order #24735 for a W1 watch |
| Ex. 3 | A true and correct copy of a confirmation email received on February 27, 2023, that order #24735 had shipped |
| Ex. 4 | A true and correct copy of an iPhone screenshot of a summary of the shipment log for order #24735 |
| Ex. 5 | A true and correct copy of a photo of a FedEx package received on February 28, 2023, containing the contents of order #24735 |
| Ex. 6 | A true and correct copy of a photo of the front of the box containing the W1 watch shipped pursuant to order #24735 |

---

[1] Exhibits A-R are attached to the Declaration of Kerri-Ann Limbeek filed with Apple's Motion. Exhibits S-Y are attached to the Supplemental Declaration of Kerri-Ann Limbeek filed herewith.

| Exhibit | Declaration Of Benjamin N. Luehrs - Description |
|---|---|
| Ex. 7 | A true and correct copy of a photo of the back of the box containing the W1 watch shipped pursuant to order #24735 |
| Ex. 8 | A true and correct copy of a photo of the charger that came with the W1 watch shipped pursuant to order #24735 |
| Ex. 9 | A true and correct copy of a photo of the front of the W1 watch shipped pursuant to order #24735 |
| Ex. 10 | A true and correct copy of a photo of the back of the W1 watch shipped pursuant to order #24735 |

Masimo fails to meaningfully refute Apple's showing of good cause for an expedited trial. Masimo never once denies it plans to escalate its infringing watch sales, a fact upon which Apple's ***entire Motion*** is based. Nor does Masimo meaningfully contest Apple's infringement analysis comparing W1 to the patented designs. Its only non-infringement defense—like its invalidity and unenforceability defenses—misapplies the law regarding functionality for design patents. Further, Masimo fails to show that trial in eight months for this single-product design case is not feasible or will prejudice the development or presentation of Masimo's routine defenses, which require little more than comparing designs.

Instead, Masimo seeks to derail this case by arguing futility based on: (1) a meritless antitrust counterclaim in a ***different case***, which is irrelevant to the sequencing of ***this case***; and (2) a fictional "redesign" of W1 for which Masimo offers no release date and fails to show it does not infringe. The Court should reject those arguments and grant Apple's Motion.

## I. MASIMO FAILS TO REBUT APPLE'S SHOWING OF IRREPARABLE HARM.

Courts in this District routinely expedite trials upon a showing of potential irreparable harm, even if not imminent. *See* Mot. at 6-7; *contra* Opp. at 11.[2] Here, Masimo's planned escalation of infringing sales later this year is undisputed, and Masimo fails to contest the key facts behind Apple's likely irreparable harm from that escalation, warranting an expedited trial.

***First***, Masimo fails to even address that later this year it plans to significantly expand its sales of infringing watches, including by selling in some of the same retailers that sell Apple Watch. Mot. at 5, 7–8; *see also* Ex. I at 8. Nor does Masimo dispute that its forthcoming watches, Freedom and B1, will also infringe. It alleges Freedom will have a ███████████

---

[2] Apple brought this Motion in lieu a preliminary injunction motion to conserve court and party resources as the potential harm can largely be mitigated with an expedited trial in late 2023 given Masimo's plan to not make substantial sales before then. Masimo cannot cite any cases ***requiring*** a motion for preliminary injunction for such relief.

but only shows its *front* and *does not assert* that its back is different than W1's. Opp. at 6. And it does not mention B1, which, like Freedom, Masimo has indicated will infringe. Ex. I at 10.

*Second*, Masimo fails to substantively rebut the specific irreparable harms—or the nexus between those harms and Masimo's infringement—that are likely to result from Masimo's planned expansion and warrant an expedited trial. *See* Mot. at 7–12. Masimo fails to address Apple's showings, based on expert testimony, that: (1) Apple is likely to sustain irreparable harm from both lost market share from competing against its own designs and lost brand value from an adverse impact on Apple's reputation for innovation; (2) Apple's potential recovery of Masimo's profits or a reasonable royalty will not be sufficient; and (3) enjoining Masimo's distribution of W1 during 2023 will mitigate Apple's harm. *See* Mot. at 7–12; Ex. O ¶¶ 71–141. Nor does Masimo contest that Apple's irreparable harms are causally linked to Masimo's infringement (Mot. at 9, 12; Ex. O ¶¶ 102–112, 127–129)—neither "nexus" nor "causal" appears in the Opposition.

For example, Masimo's entire rebuttal to Mr. Malackowski's 62-page declaration supporting those conclusions comprises a single paragraph of unsupported argument. Opp. at 18. That paragraph asserts that W1: (1) is not a copy of Apple Watch and (2) allegedly outperforms Apple Watch. Opp. at 18. But, unlike Masimo, Apple addressed copying through expert analysis. See Ex. M at ¶¶ 203, 213, 221; Ex. O at ¶¶ 57, 113, 120. And Masimo's false assertions about the relative functional performance between Apple Watch and W1 attack a strawman. Apple's experts addressed Apple Watch's and W1's materials, not their functionality. Ex. O ¶ 123.

And Masimo similarly fails to credibly rebut Apple's surveys. It does not even address the Materiality Survey (Ex. N ¶¶ 19–34). As to the Association Survey, which showed that *50 percent* of respondents associated W1's back design with Apple (Ex. N ¶ 45), the only "flaw" Masimo identified—that the survey's images "look nothing like Best Buy's website"—is wrong. Opp. at

2

18. The back design of each watch other than W1 appears on Best Buy's website, which Dr. Simonson cited. *See* Ex. N, Appendix C-3–5; *see also, e.g.,* Exs. W, X. And W1, Freedom, and B1 will also be on Best Buy's website and in its stores soon. Mot. at 5. Masimo's criticism that the Association Survey's "stimulus differs from what consumers would likely" encounter is thus incorrect, and its reliance on *Kargo Global, Inc. v. Advance Magazine Publishers, Inc.*, which involved advertisements of two unrelated products that a consumer would not likely encounter together, is misplaced. No. 06 Civ. 550 (JFK), 2007 WL 2258688 (S.D.N.Y. Aug. 6, 2007).

II. **MASIMO FAILS TO REBUT APPLE'S SHOWING THAT AN EXPEDITED TRIAL WILL MITIGATE APPLE'S IRREPARABLE HARM THROUGH A LIKELIHOOD OF A POST-TRIAL INJUNCTION.**

    A. **Apple's Motion Is Not "Futile."**

        1. **Masimo's *Walker Process* Counterclaim In A Separate Action Has No Impact On Expediting Trial.**

Masimo's inequitable conduct defense and *Walker Process* counterclaim are meritless and should be dismissed pursuant to Apple's motions under Rule 12(b)(6), mooting any Seventh Amendment concerns. D.I. 55; *Apple Inc. v. Masimo Corp. et al.*, C.A. No. 1:22-cv-1378-MN ("Utility Case"), D.I. 40 (collectively, "Motions to Dismiss").

Even if those counterclaims are not dismissed, Masimo's *Walker Process* counterclaim in the separate Utility Case need not be adjudicated before final judgment in ***this*** case because the Supreme Court has held that an equitable claim in one case can precede and collaterally estop a legal claim in another and that this "***does not*** violate the Seventh Amendment." *See Parklane Hosiery v. Shore,* 439 U.S. 322, 334–35 (1979); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 150 (2015).[3] Similarly, in *Complete Genomics, Inc. v. Illumina, Inc.*, a district

---

[3] Nor should the Court ***create*** a possible Seventh Amendment issue by consolidating this case with the Utility Case—an improper proposal that Apple will oppose in a separate filing.

3

court distinguished cases like those cited by Masimo, including *Beacon Theatres, Shum*, and *Schering,* because those cases, unlike this one, "address . . . equitable and legal claims . . . in the ***same action***." No. 21-CV-00217-WHO, 2021 WL 1197096, at *3 (N.D. Cal. Mar. 30, 2021); *accord Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) (*Beacon Theatres* concerned legal and equitable issues "***in a single case***").

### 2. Masimo's Alleged Redesign Has No Impact On Expediting Trial.

Masimo alleges that it changed the layout of W1's ECG electrodes after Apple accused W1 of infringing its design patents in this case, and that an expedited trial is not warranted on that basis. Opp. at 11. Masimo is wrong. ***First***, Masimo fails to credibly dispute its redesign still infringes. ***Second***, Masimo fails to show that it has ***implemented***, or will implement, that redesign. In fact, Masimo's CEO asserted that Masimo updated its website to reflect W1's "new design" before "February 3, 2023," but Apple's counsel ordered a supposedly redesigned W1 on February 23, 2023 and received a W1 this week with ***the original infringing design, not the "redesign."*** Luehrs Decl. ¶¶ 1-12, Exs. 1-10. Thus, Masimo is misrepresenting the appearance of W1 on its website and its CEO submitted a deceptive declaration to this Court. Masimo's mere assertion of a hypothetical redesign should not impact this Motion.

### B. Masimo's Claims That Apple Is Not Likely To Prevail On The Merits Fail.

### 1. Masimo Is Unlikely To Prove Obviousness.

Masimo cannot overcome the presumption that Apple's Watch Patents are valid. Masimo does not argue they are anticipated. Rather, without expert support, Masimo speculates that the patented designs are obvious in light of its selected prior art. Opp. at 15-16. Those arguments fail.

***First***, neither Yuen nor Paulke is "basically the same as the claimed design" as required for primary references. Both have "substantial differences in the[ir] overall visual appearance[s]" that Masimo does not address. *See, e.g.*, *Spigen Korea Co., Ltd. v. Ultraproof, Inc.*, 955 F.3d 1379,

4

1383–85 (Fed. Cir. 2020). For example, as shown below, Yuen: (1) is asymmetrical; (2) does not have concentric-circular design; (3) has thick, internally-squared arch-like structures; (4) has an off-center rectangular element nearly touching its arch-like structures; and (5) lacks a broken-circle of four-sided shapes entirely. And Paulke: (1) has thick arches, positioned left-to-right; (2) has its arches nearly touching a central element; (3) has a more extreme protrusion with a concave perimeter and without a beveled edge; and (4) lacks a broken-circle of four-sided shapes entirely.

| Yuen (Ex. 25), Figs. 1B, 3A | Paulke (Ex. 24) Figs. 1F, 1E | D'279 Figs. 2, 8 |
|---|---|---|
| | | |

*Second*, Masimo fails to address that its secondary reference, Mendelson, does not include the broken-circular layout entirely missing from those other references:

| Mendelson (Ex. 26), Fig. 7 | D'279, Fig. 4 |
|---|---|
| | |

*Third*, Masimo baldly concludes that combining its selected art would render the patented design obvious without any expert testimony. Further, Masimo relies on attorney argument and hindsight, and entirely fails to address the objective indicia of nonobviousness raised in Apple's opening brief. *See* Mot. at 15, Ex. O ¶¶ 145–52; *see generally* Opp.

        2.    **Masimo Misconstrues The Functionality Inquiry And Is Unlikely To Prove That The Patented Designs Are *Dictated By* Function.**

Masimo applies an incorrect standard to argue invalidity based on functionality. *See* Opp. at 11–14. "[T]he utility of each of the various elements that comprise the design is *not* the relevant inquiry." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). Instead,

5

"the claimed design is viewed in its entirety" to "determine[e] whether the claimed design is *dictated by* the utilitarian purpose of the article." *Id.*[4] Apple's designs are not.

Where, as here, "other designs could produce the same or similar functional capabilities," the designs are not *dictated by* function. *See Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002). With respect to the Watch Patents, Masimo does not and cannot dispute that alternative designs for the same or similar functional capabilities exist. *See* Mot. at 15; Ex. M at ¶¶ 205–11, 214–19, 222–27; Ex. L ¶¶ 10–12. Masimo criticizes that Mr. Ball is not a technical expert and cannot speak to other watches' functionality. Opp. at 16. But Mr. Ball, an industrial design expert, cites directly to the companies offering those alternatively-designed watches, who describe their functionalities. Ex. M at ¶¶ 205–11, 214–19, 222–27. And Masimo offers no evidence, expert testimony, or argument that rebuts those functionalities.

### 3. Masimo's Non-Infringement Arguments Rely On Flawed Analyses.

Despite calling Mr. Ball's over 30-page infringement analysis (Ex. M at ¶¶ 128–201) "cursory," Masimo, with no expert support, spends approximately one page arguing that it does not infringe. Masimo's non-infringement arguments rely on: (1) a flawed functionality analysis; (2) a piecemeal comparison of the claimed designs to identify minor differences; and (3) a failure to fully consider its infringement in light of the prior art. Masimo's approach fails on each front.

*First*, Masimo asserts that essentially every element of the claimed designs must be removed during claim construction because they are functional so that nothing is left to infringe. *See* Opp. at 16-18. That is incorrect as a matter of law. "[D]esign patents protect the overall ornamentation of a design, not an aggregation of separable elements. [E]liminating structural elements from the claim" because the elements also have functional aspects would be improper.

---

[4] All emphasis has been added unless otherwise noted.

*Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).

***Second***, Masimo identifies alleged "stark" differences, such as that W1's semicircular arches are narrower, spaced farther apart, and have rounder ends than the patented designs. Opp. at 17. But Masimo's approach is incorrect. The designs need not be identical, and such "minor or trivial differences" are insufficient to avoid infringement. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009). The ordinary observer test instead inquires whether the "effect of the whole design [is] substantially the same." *L.A. Gear*, 988 F.2d at 1125. Masimo ignores this overall comparison, which Mr. Ball performed (Ex. M at ¶¶ 128–201). Tellingly, while Masimo color codes elements of the D'279 patent and prior art, it fails to do so for W1. That comparison shows infringement:



***Third***, Masimo fails to properly analyze infringement in light of prior art. When "the accused design has copied [] particular feature[s] of the claimed design that depart[] conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar, and thus infringing." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008) (*en banc*). As Mr. Ball explained—and Masimo fails to dispute—the claimed and accused designs are similar in ways that depart conspicuously from the prosecution prior art. *See* Ex. M at ¶¶ 146-47, 168-69, 191-92. The same is true regarding the prior art Masimo cites in its opposition, shown in Section II.B.1 above. The claimed and accused designs share at least the following, not shown in that prior art: (1) two thin semi-circular arches rounded on the inner portions, together forming

an outer broken-circular shape—as opposed to thick side-to-side or squared arches; (2) multiple four-sided shapes aligned to form an inner broken-circular shape smaller in diameter than the outer broken-circular shape—as opposed to total lack of such element or an asterisk-style layout; and (3) a domed shape with a beveled edge protruding out from the rear of the watch—as opposed to a protrusion with a flattened surface, a recess, and/or a concave perimeter. *See, e.g.*, Section II.B.1.

### 4. Masimo's Unenforceability Arguments Rely On Flawed Functionality Arguments.

It is Masimo's burden to prove that the Watch Patents are unenforceable. It cannot. Masimo argues that Apple failed to disclose references showing that what it calls the "convex protrusion" element of D'279 is functional, but ignores other claimed design elements of the protrusion (*e.g.* domed shape, beveled edges) as well as the rest of the claimed design. Opp at. 14. But the claimed design must be "viewed in its entirety" when "determin[ing] whether [it] is ***dictated*** by the utilitarian purpose of the article." *L.A. Gear*, 988 F.2d at 1123. Apple's claimed designs are not dictated by function, including because alternative designs are readily available. *See, e.g.*, Mot. at 15; Section II.B.2 *supra*. Masimo's remaining arguments fall with its flawed functionality analysis and are addressed in detail in Apple's motion to dismiss. *See* D.I. 55.

### C. Masimo Fails to Show That A Post-Trial Injunction Is Unlikely.

As to the balance of hardships, Masimo asserts that whether W1 is a "core product" is "irrelevant." Opp. at 19. The Federal Circuit disagrees. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 862–63 (Fed. Cir. 2010) (balance of hardships favored patentee where infringing product "relates to only a small fraction" of infringer's business). Here, Masimo ***admits*** W1 is ***not*** a core product, *see* Opp. at 19, and does not refute Mr. Malackowski's opinion that a post-trial injunction will not cause Masimo harm. Ex. O ¶ 142. And, Masimo's desire for W1 to "become a core product," Opp. at 19, is exactly why this case should be promptly resolved. *See* Mot. at 17.

8

Further, Masimo is wrong that Apple's balance-of-hardship argument is "eviscerate[d]" by the initial determination ("ID") in a parallel ITC case that Apple Watch infringes Masimo patents. Opp. at 19. As Masimo recognizes, any ban on the import of Apple Watch is speculative. *Id.* at 2, 3, 7 ("*may* be banned"). Indeed, the ID has not yet been reviewed by the full ITC Commission, which can reverse it. 19 C.F.R. §210.45. Any final determination is further subject to: (1) potential Presidential veto; and/or (2) an appeal to the Federal Circuit, which may stay execution of a ban pending appeal and/or overturn the Commission's finding. 19 U.S.C. § 1337(c), (j).

As to public interest, Masimo side-steps the core consideration for this factor—the scope of the injunction. *See also i4i*, 598 F.3d at 863. Here, an injunction of W1 (and future infringing watches, like Freedom or B1) would be narrowly tailored to a non-clinical consumer product without widespread adoption. Masimo's further assertions regarding the alleged functional superiority of W1 are irrelevant to that inquiry. They are also wrong: while Apple Watch provides accurate blood oxygen measurements (*see, e.g.* Ex. U), W1's claimed functionality is suspect. *See, e.g.,* Ex. Y (PDF of relevant segment of Fox Business News video in which interviewer used a W1 showing an SpO2 of 91%, indicating a need for immediate medical attention); Ex. S (SpO2 reading of 92% or below "may need immediate medical care"); Ex. T (study showing Masimo's pulse oximeters perform poorly on darker skin).

### III. MASIMO FAILS TO SHOW AN EXPEDITED SCHEDULE IS NOT FEASIBLE OR IS PREJUDICIAL.

Contrary to Masimo's assertion, this case is not "complicated." Opp. at 8. Apple accuses only one product of infringing four design patents. The relevant infringement and validity analyses generally involve comparing designs. And Masimo asserts only routine defenses and counterclaims. *See, e.g.,* D.I. 31 at 10-34, 36-39. None of Masimo's alleged prejudices—insufficient time for discovery, the lack of an opportunity for claim construction, or insufficient

time at trial—should undermine Apple's Motion. Further, Masimo's assertions of prejudice should be rejected because it is Masimo's willful (and escalating) infringement that warrants an expedited trial, rendering any prejudice to Masimo not undue.

Discovery opened over three weeks ago on February 9, 2023.[5] An additional ten weeks following a decision on this Motion is more than sufficient for Masimo to "discover [] engineering documents," depose employees, and, "take discovery on [Masimo's] inequitable conduct defense," if not dismissed. Opp. at 8.[6] Apple's proposed schedule is especially appropriate if damages are bifurcated—a suggestion Masimo neither addresses nor rejects—and, in any event, is commensurate with other design patent schedules in this District. *See* Ex. Q; Mot. at 17-18.

Regarding claim construction, Masimo misconstrues the law as to when it is warranted in design patent cases and fails to demonstrate that it is here. *See* Section II.B.3, *infra*. Regardless, Apple has already proposed to Masimo a non-expedited, 12-month schedule if the Court denies this Motion, which includes claim construction deadlines if necessary. Ex. V. The parties can easily incorporate those deadlines into an expedited schedule as needed.

As to time at trial, Masimo vaguely suggests (without proposing an alternative) that it needs more time to tell its "story," but most of that story has little to do with this case. *See, e.g.,* Opp. at 9 (arguing for more time to present evidence about *Apple's* alleged infringement, despite having no counterclaim alleging infringement, and the relative functionality of Apple Watch and W1). Masimo fails to show that three days is insufficient. Apple's Motion should be granted.

---

[5] Apple has served initial written discovery. Masimo has not.
[6] Apple proposed limitations on discovery, but Apple's proposed schedule is feasible even if standard discovery limits apply.

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
 AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
 AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: March 3, 2023
10670873 / 12209.00051

Public Version Dated: March 10, 2023

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*