# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br>       *Plaintiff*, <br> v. <br> MASIMO CORPORATION and <br> SOUND UNITED, LLC, <br>       *Defendants*. | Civil Action No. 22-1377-MN-JLH |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION TO CONSOLIDATE

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Dated: March 17, 2023

(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## TABLE OF CONTENTS

**Page No.**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

I.     The Overlap Between Apple's Claims Warrants Consolidation ....................................... 1

II.    The Overlap Between This Case And Masimo's Counterclaims In The Companion Case Further Supports Consolidation ................................................................ 5

III.   Defendants Explained Why Consolidation Is Warranted, And Apple's Purported Concerns With Consolidation Are Misplaced ...................................................... 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page No(s).**

*Abbott GmbH & Co., KG v. Centocor Ortho Biotech, Inc.*,
   870 F. Supp. 2d 206 (D. Mass. 2012) ............................................................................. 5, 8, 9

*Cedars-Sinai Medical Center v. Revlon, Inc.*,
   111 F.R.D. 24 (D. Del. 1986) ................................................................................................ 7, 8

*Complete Genomics, Inc. v. Illumina, Inc.*,
   No. 21-00217-WHO, 2021 WL 1197096 (N.D. Cal. Mar. 30, 2021) ....................................... 7

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) ................................................................................................................. 7

*Emerson Elec. Co. v. Emerson Quiet Kool Co. Ltd.*,
   No. 17-1846-JPS-JLH, 2021 WL 663058 (D. Del. Feb. 19, 2021) .......................................... 4

*Parklane Hosiery Co., Inc. v. Shore*,
   439 U.S. 322 (1979) ................................................................................................................. 7

*Sport Dimension, Inc. v. Coleman Co.*,
   820 F.3d 1316 (Fed. Cir. 2016) ....................................................................................... 2, 3, 4

*Sygenta Seeds, Inc. v. Monsanto Co.*,
   No. 02-1331-SLR, 2004 WL 2002208 (D. Del. Aug. 27, 2004) .............................................. 5

*Westinghouse Air Brake Techs. Co. v. Siemens Mobility, Inc.*,
   330 F.R.D. 143 (D. Del. 2019) ................................................................................................ 9

## OTHER AUTHORITIES

Seventh Amendment ........................................................................................................... 1, 2, 6

**INTRODUCTION**

Apple's two cases—filed against the same parties, in the same court, on the same day, accusing the same product of patent infringement—substantially overlap and should be consolidated for discovery and pretrial. Discovery, claim construction, and dispositive motions in both cases will involve many of the same documents, the same witnesses, and the same information, and consolidation will thus promote efficiency and reduce the risk of inconsistent arguments. The particular legal and equitable issues in the cases also support consolidation to protect Masimo's Seventh Amendment right to a jury on its *Walker Process* counterclaims in the Companion Case.

Apple misplaces its arguments that consolidation would cause inconvenience, increased expense, delay, and unfairness. Both cases were filed on the same day and are in the same early stage without a scheduled trial. Apple's purported concerns, moreover, speak primarily to the questions of consolidation for trial. Because Defendants currently seek consolidation only for discovery and pretrial, Apple's concerns are unfounded. Finally, Apple's argument that consolidation might cause it irreparable harm is based on unsupported speculation.

**ARGUMENT**

**I.   The Overlap Between Apple's Claims Warrants Consolidation**

Apple wrongly accuses Defendants of exaggerating the overlap between Apple's claims in the two cases. D.I. 75 at 3, 6. For example, Apple states that Defendants rely merely on the fact that the cases concern Apple, Masimo, and their products. To the contrary, both cases involve the *same* products. Apple alleges in each case that Masimo's W1 infringes Apple's patents and that Masimo copied Apple to design the W1. *See* D.I. 62 at 5. In fact, in both cases, Apple's bases its infringement allegations on the same component of the W1—the sensor module on the back of the

watch. Therefore, Masimo's design, development, and sale of the W1 (and, more specifically, the sensor module), as well as the mental state of those involved, will be a core part of each case. *See id*.

Apple also does not dispute that Apple's Apple Watch will be fundamental to both cases. *See id*. To support its claims in each case, Apple (1) alleges that the Apple Watch embodies Apple's asserted patent claims and (2) touts the development and design of the Apple Watch. *See id*. Indeed, the background allegations in the Complaint here are nearly identical to those in the complaint in the Companion Case. *Compare* D.I. 1 *with* Companion Case, D.I. 1. Consolidation would thus promote efficiency by reducing duplicative discovery and promote fairness by discouraging inconsistent arguments.

Aside from ignoring the obvious similarities between the cases, Apple relies on unremarkable differences. For example, Apple argues that it has not asserted the exact same patents in both cases. D.I. 75 at 7. Apple also notes that the patents in the two cases have different claims and are in different families. *Id*. But under Apple's logic, courts would almost never consolidate two patent cases involving the same parties and products. Moreover, Masimo explained that the subject matter in the patents overlaps between the two cases. *See* D.I. 62 at 6. Apple failed to address that overlap.

Next, Apple argues that the cases differ because claim construction for design patents is "the exception," while claim construction for utility patents is "the rule." D.I. 75 at 7-8. But the design patents asserted by Apple here must be construed. Apple's Asserted Design Patents include functional features, *see* D.I. 62 at 6-7, and courts must construe design patents to eliminate such features from the scope of the claims. *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016).

Apple also argues that the infringement analysis differs between the two cases because design patents cover only ornamental design features while utility patents cover functional or useful features. D.I. 75 at 7-8. But this difference supports consolidation. Apple asserted its design patents and utility patents against the same component of Masimo's W1 health watch. As Defendants explained in their opening brief, consolidating the cases would limit Apple's ability to take inconsistent positions regarding, for example, whether certain features in its patents are ornamental or functional. D.I. 62 at 1, 6-7. Moreover, because Apple is asserting its patents against the same W1, the infringement analysis for both the design patents and the utility patents will involve the design, development, and functionality of the W1. *See* D.I. 62 at 5. The infringement issues are not "totally distinct and different," as Apple asserts. D.I. 75 at 9.

Apple makes several additional unpersuasive arguments. For example, Apple asserts that some of the counterclaims in the Companion Case involve another party, Cercacor Laboratories, Inc. D.I. 75 at 10. But the additional party does not change the substantial overlap between the cases and the efficiency and fairness that consolidation would promote. Apple also attempts to downplay the similarity between the figures in the Asserted Design Patents and the figures and disclosure in the Asserted Utility Patents. It argues that the infringement analysis compares the accused product to the claims and not to figures in the Asserted Utility Patents. *Id*. But the figures in Apple's utility patents affect the infringement analysis for Apple's design patents—the overlapping disclosure demonstrates that the features claimed in the design patents are functional and, at a minimum, informs the scope of the design-patent claims. The figures in the utility patents also bear on Masimo's inequitable-conduct defense in the design case. Apple fraudulently withheld the disclosure of a patent in the utility case from the PTO when prosecuting the

applications leading to the Asserted Design Patents.[1] *See* D.I. 62 at 6-7. Apple asserts that Masimo can make that inequitable conduct argument without consolidating the cases. D.I. 75 at 10. But the point is not whether consolidation is necessary, but whether it would promote efficiency and fairness through consistency. The evidence shows that it would.

Apple also asserts that the risk of juror confusion cuts against consolidation. D.I. 75 at 10. But Defendants are not requesting that the Court commit today to consolidate all issues for trial. D.I. 62 at 1, 10. The contours of a trial can be decided at a later stage when it becomes clear which claims and defenses will be tried. *Id*.

The cases cited by Apple are inapposite. D.I. 75 at 6, 9, 11 n.2. In *Emerson*, the court denied consolidation because the two cases involved different plaintiffs and were filed months apart. *Emerson Elec. Co. v. Emerson Quiet Kool Co. Ltd.*, No. 17-1846-JPS-JLH, 2021 WL 663058, *2-*3 (D. Del. Feb. 19, 2021). In *10X Genomics*, the court did not consolidate the cases because a consolidated trial might have confused jurors. D.I. 76, Ex. 1 at 3. But Defendants do not seek to consolidate trial at this time. In *GI Sportz*, the court denied a motion to consolidate three cases filed many months apart that accused different products of infringement. D.I. 76, Ex. 2 at 2, 4. And in *Sygenta Seeds I*, consolidation would have delayed the trial because the second case was filed only months before trial was scheduled to start in the first case. *Sygenta Seeds, Inc. v. Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2002208, *1-*2 (D. Del. Aug. 27, 2004).

---

[1] Apple argues that Masimo's inequitable-conduct claim does not rely on the actual patent asserted in the utility case. D.I. 75 at 10. But Apple's argument puts form over substance. The published application Masimo relies on for its inequitable-conduct claim is a parent of an Asserted Utility Patent. Thus, the published application shares the same disclosure and same inventors. *See* D.I. 62 at 7. Apple also argues that the overlap between the cases should be disregarded because Apple has sought to dismiss Defendants' inequitable-conduct defense. D.I. 75 at 10-11. But Defendants more than adequately pled inequitable conduct.

Apple fails to meaningfully distinguish the cases Defendants cited. *See* D.I. 75 at 11-12. Apple argues that *Rohm & Haas* is inapplicable because the cases that were consolidated are more complex than Apple's cases here. *Id*. at 11. But that argument speaks more to concerns of juror confusion, which is inapplicable on this motion. Discovery must be conducted in both of Apple's cases, and Apple fails to explain why doing the same discovery tasks in separate cases is less complex and more efficient than doing them once in the same case.

Apple also attempts to distinguish *Abbott* and *Eastman*. According to Apple, the patents in those cases covered similar subject matter, but Apple's patents differ because they include both design and utility patents. D.I. 75 at 11. As explained above, however, Apple's design and utility patents *do* cover similar subject matter. Apple also argues that in *Cirba*, the court had previously granted and held an expedited trial in one of the actions. D.I. 75 at 12. But nothing suggests that the previous expedited trial caused the court to consolidate.

## II. The Overlap Between This Case And Masimo's Counterclaims In The Companion Case Further Supports Consolidation

While the overlap between Apple's claims in the two cases warrants consolidation, the overlap between Apple's claims here and Masimo's counterclaims in the Companion Case provide further support.[2] *See* D.I. 62 at 7-9. Apple asserts that the claims differ because Masimo's antitrust and false advertising counterclaims have no bearing on whether Masimo's W1 infringes the Asserted Design Patents. D.I. 75 at 13. Apple is incorrect. As Defendants previously explained, Masimo's *Walker Process* claims in the Companion Case rely on Apple's inequitable conduct in procuring three of Apple's design patents asserted in this case. *See* D.I. 62 at 7-9. Masimo relies

---

[2] Sound United did not join Masimo in the counterclaims asserted in the Companion Case. Companion Case, D.I. 15 at Counterclaims.

on the exact same inequitable conduct as a defense in this case. Moreover, the Apple Watch will be a focus of the claims here and Masimo's counterclaims. *Id*.

Apple asserts that Masimo's counterclaims in the Companion Case do not arise from the same transaction or occurrence as Apple's claims there. D.I. 75 at 12-13. But that argument is irrelevant. The Court should assess the overlap between the claims in this case and those in the Companion Case.[3]

Apple argues that the Court should disregard any such overlap because Apple has moved to dismiss those claims. D.I. 75 at 13-14. But as Masimo will explain when opposing Apple's motion to dismiss, Masimo more than adequately pled its counterclaims. Apple's speculation regarding its motion does not undercut the justification for consolidation here, or its benefits.

Finally, Apple argues that the Supreme Court's *Beacon Theatres* doctrine does not apply when the relevant legal and equitable claims are filed in different cases. D.I. 75 at 14-15. Thus, according to Apple, Masimo has no constitutional right for a jury to decide whether Apple committed inequitable conduct when procuring its design patents even though Masimo relies on that inequitable conduct for its *Walker Process* claims. But Apple artificially separated its patent claims into two cases filed on the same day in the same court, and then moved to expedite one while simultaneously slowing the other. Apple's procedural tactics pose the same threat to Masimo's right to a jury that the Supreme Court addressed in *Beacon Theatres*: one party asking

---

[3] Regardless, as Defendants explained when opposing Apple's motion to sever, Masimo's antitrust, false advertising, and patent infringement counterclaims do arise from the same transaction and occurrence because, among other reasons, Masimo's *Walker Process* claims are based on Apple's assertion of its fraudulently procured patents. *See* Companion Case, D.I. 45 at 7-8. Moreover, the claims and counterclaims focus on the design and function of the Apple Watch, as well as competition between the Apple Watch and Masimo's W1. *Id.*

a court to address equitable causes first and depriving the opposing party of a right to a jury on legal causes with common issues. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 (1962).

Apple cites *Complete Genomics, Inc. v. Illumina, Inc.*, No. 21-00217-WHO, 2021 WL 1197096, at *4 (N.D. Cal. Mar. 30, 2021). D.I. 75 at 14-15. But that case is distinguishable, and the court's reasoning supports consolidation here. In *Complete Genomics*, the equitable claim was filed one year before the legal claim. Moreover, the parties had completed discovery on the equitable claim, and the case was set for trial. *Id*. The court found that *Beacon Theatres* did not require delaying trial of the equitable claim by a year or more for the legal claim to catch up. *Id*. The court also distinguished *Abbott GmbH & Co., KG v. Centocor Ortho Biotech, Inc.* because the plaintiff in *Abbott* filed two cases only two weeks apart. *Id.* (citing 870 F. Supp. 2d 206, 218 (D. Mass. 2012) (discussed below)). In contrast to *Complete Genomics*, Apple filed its cases on the same day and in the same court. The Court should reject Apple's request to exalt form over substance.[4]

*Cedars-Sinai Medical Center v. Revlon, Inc*., 111 F.R.D. 24 (D. Del. 1986) is on point and supports consolidation here. In *Cedars-Sinai*, the plaintiff filed two patent-infringement cases asserting different patents against overlapping defendants nine months apart. *Cedars-Sinai*, 111 F.R.D. at 25-26. Discovery in the first case was "not far advanced." *Id.* at 34. The plaintiff failed to timely demand a jury trial in the first case, but properly demanded a jury in the second. *Id.* at 31. Despite the plaintiff's failure to preserve its right to a jury in the first case, the court granted

---

[4] In its reply brief on its motion to expedite, Apple also cites *Parklane Hosiery v. Shore*, 439 U.S. 322 (1979) to argue that the *Beacon Theatres* doctrine does not apply when the relevant legal and equitable claims are filed in different cases. D.I. 65 at 3. But *Parklane* is also distinguishable. In *Parklane*, the equitable claim had already been adjudicated against the defendant by the trial court and affirmed on appeal, and the question for the Court was whether to collaterally estop the defendant from relitigating the same issue before a jury in a subsequent legal action.

plaintiff's motion to consolidate the two cases so the common legal issues in plaintiff's first case could be tried before a jury. *Id*. at 32. Citing *Beacon Theatres* and *Dairy Queen*, the court reasoned that all efforts should be made to preserve a party's Seventh Amendment right to a jury: "the high probability of collateral estoppel in this case . . . favors consolidation of the two cases before a single jury. A court must make every effort to ensure that a party's right to trial by jury is not weakened or eliminated altogether by a prior determination of common issues in a non-jury trial." *Id.* at 33.

*Abbott* is also instructive. In *Abbott*, the plaintiff filed separate cases weeks apart in the same court involving overlapping legal and equitable causes. *Abbott*, 870 F. Supp. 2d at 218. The court declined a request to decide the equitable cause first. *Id*. at 223-224. Like the court in *Cedars-Sinai*, the *Abbott* court reasoned that, under *Beacon Theatres*, courts should, where possible, manage cases to preserve a party's right to a jury. *Id.* at 226. The same principles apply here. Because of the overlap between Apple's cases and that both cases are at the same early stage without a scheduled trial, the Court can and should coordinate the cases to protect Masimo's right to a jury. Therefore, Masimo's *Walker Process* claims should be tried no later than Apple's design-patent claims. Consolidating the two cases will facilitate that coordination.

### III. Defendants Explained Why Consolidation Is Warranted, And Apple's Purported Concerns With Consolidation Are Misplaced

Apple contends that Defendants did not address considerations of efficiency, expense, fairness, inconvenience, and delay. D.I. 75 at 15-16. Apple is incorrect. Defendants explained that the significant overlap between Apple's claims means that consolidation for discovery and pretrial would promote efficiency and fairness. D.I. 62 at 1, 2, 7. In particular, Defendants explained that discovery in a consolidated case would be more efficient because both cases would involve many of the same documents, the same witnesses, and the same information. *Id*.

Defendants also explained that consolidation would promote efficiency and fairness by facilitating a constitutionally proper sequence to protect Masimo's right to a jury. *Id*. at 1, 2, 9. Moreover, Defendants explained that consolidation would promote fairness by reducing Apple's ability to inconsistently tout the functionality of its utility patents and non-functionality of its design patents. *Id.* at 1, 2, 6-7.

Apple argues that consolidation would be inefficient, expensive, and inconvenient. D.I. 75 at 16-17. But Apple relies on purported problems caused by a consolidated trial. *Id*. at 17. Such concerns are inapplicable because Defendants presently seek to consolidate only for discovery and pretrial. Apple also argues that it would be inefficient to consolidate an advanced case with a trailing case. *Id.* But the two cases here were filed on the same day and are in the same early stage without a trial date. Apple also cites *Westinghouse*, D.I. 75 at 17, but that case addressed a motion to sever, not whether consolidation would promote efficiency or convenience. *Westinghouse Air Brake Techs. Co. v. Siemens Mobility, Inc.,* 330 F.R.D. 143, 145 (D. Del. 2019).

Apple also argues that consolidation would be inefficient because "design patent cases typically do not require a claim construction proceeding." D.I. 75 at 18. But as explained above, Apple's design patents here claim functional features and thus must be construed. Moreover, Apple's overlapping utility patents evidence that functionality. Because both sets of patents will be involved in the claim construction analysis, conducting claim construction in a consolidated proceeding will promote efficiency, not undercut it.

Apple similarly asserts that consolidation would cause delay, be unfair, and subject Apple to irreparable harm. D.I. 75 at 18-19. Apple's assertion of delay is misplaced. The two cases are in the same early stage: neither has a trial date or a schedule. While Apple has moved for expedited trial in this case, Masimo opposes that request for, among other reasons, improperly seeking to

avoid or restrict Defendants' ability to seek construction of the Asserted Design Patents and to develop and present Defendants' defenses.  *See* D.I. 59 at 8-10.  Apple's assertions of irreparable harm in the future should also be dismissed as unsupported speculation.  *See* D.I. 75 at 18-20.  Apple could have brought a motion for preliminary injunction, but it chose not to do so.

Apple also fails to address the fact that an ALJ at the International Trade Commission already ruled that Apple infringed two of Masimo's valid patents.  Companion Case, D.I. 46, Ex. 1 at 336.  And because the ALJ also found that Masimo satisfied the domestic industry requirement on one of those patents, Apple may be banned from importing the Apple Watch, undercutting any allegedly irreparable harm from sales of the W1.  Yet, despite being found to infringe Masimo's patents, Apple, under the banner of fairness and an allegation of irreparable harm, seeks not only to keep its artificially divided cases separate, but also jump to the front of the line and have its design-patent claims heard out of turn through its motion to expedite.  Apple's tactics should be rejected.

## CONCLUSION

For the reasons outlined above and in their opening brief, Defendants respectfully request the Court consolidate this case with Apple's companion case against Defendants (Civil Action No. 22-1378-MN-JLH) for discovery and pretrial.

Respectfully submitted,

March 17, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806

Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

March 17, 2023

                                      */s/ John C. Phillips, Jr.*
                                      John C. Phillips, Jr. (#110)