# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1377-MN-JLH |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and ) | |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## JOINT LETTER TO JUDGE HALL REGARDING PROPOSED SCHEDULING ORDER

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Dated: March 27, 2023
10705634 / 12209.00051

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

Re:     *Apple Inc. v. Masimo Corporation, et al*, C.A. No. 22-1377-MN-JLH

Dear Judge Hall:

Plaintiff Apple Inc. ("Apple") and Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") (collectively, "Defendants") in the above-captioned case submit this joint letter addressing disputes in the scheduling order filed herewith.

### 1. Description of the Case

Apple filed this case in October 2022 alleging Defendants' willful infringement of the ornamental designs claimed in U.S. Patent Nos. D735,131; D883,279; D947,842; and D962,936 ("the Asserted Patents") by Defendants' W1 watch and its charger. Defendants assert defenses of non-infringement, invalidity, and unenforceability.

### 2. Scheduling Order Disputes

The parties have contradicting views regarding how this case (C.A. No. 22-1377-MN-JLH, hereinafter, the "Design Case" or "1377 Case") and another case between the parties (C.A. No. 22-1378-MN-JLH, hereinafter, the "Utility Case" or "1378 Case") should proceed and were not able to reach agreement on a schedule or discovery limits. In short, Apple filed a motion to expedite trial in this case (D.I. 44), and Defendants filed a motion to consolidate (D.I. 61).

**Apple's Position**: This is a simple design patent case in which a copy-cat product will irreparably harm Apple if Apple's infringement claims are not resolved expeditiously. Apple has moved to expedite trial in late 2023 to mitigate that harm before Masimo ramps up its W1 sales. In the alternative, Apple proposed a non-expedited schedule that is more than feasible based on the narrow scope of this case.

**Issue 1, an expedited trial is appropriate.** Apple's motion to expedite trial should be granted, and the Court adopt **Schedule A** in the enclosed Proposed Scheduling Order (Ex. 1), which sets trial eight months after the Court's decision on Apple's Motion.[1] An expedited trial is necessary to mitigate the irreparable harms Apple is likely to suffer *in the second half of 2023* when Defendants plan to significantly increase sales of their W1 watch, which copies Apple's iconic patented designs, by distributing it through *some of the same retail channels* that sell Apple Watch. *See* D.I. 45 ("Motion") at 5-6, 7-12. Moreover, expediting trial is appropriate because Apple's claims are limited to infringement of *design* patents (rather than utility patents) by a single product (W1 and its charger). *Id.* at 17-18. **Schedule A** provides Defendants more than enough time for discovery on their defenses. Defendants fail to show otherwise.

If the Court denies Apple's Motion, the Court should adopt **Schedule B**, which sets trial 12.5 months after the Court's decision. Far from being "unreasonably short," **Schedule B** is consistent with Judge Noreika's schedule in *Gavrieli*, which set a design patent trial 10 months after the scheduling order (without *Markman*). *Gavrieli Brands LLC v. Soto Massini (USA) Corp. et al.*, C.A. No. 18-462-GMS, D.I. 44-45.

---

[1] A substantially similar schedule to Schedule A was attached as Exhibit R to Apple's Motion.

The Honorable Jennifer L. Hall
March 27, 2023
Page 2

**Issue 2, claim construction is not necessary.** "[T]he preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (*en banc*). Indeed, Judge Noreika did not hold *Markman* in *Gavrieli*, and Defendants fail to show that it is required here. **Schedule A** does not include *Markman*, but if the Court determines it is necessary, those limited proceedings can occur during fact discovery, as shown in **Schedule B**, without special sequencing.

**Issue 3, bifurcating damages is appropriate.** Apple proposes bifurcating damages to streamline the issues for discovery and trial. *See* D.I. 45 at 1. Apple's proposal thus includes two sets of discovery limits: one for liability issues only and another for liability and damages issues.[2] However, Apple is prepared to proceed with Defendants' proposed limits for **Schedules A or B** to mitigate any alleged prejudice to Defendants.

**Issue 4, consolidation is not appropriate.** As explained in Apple's briefing, this case should not be consolidated with the Utility Case at least because: (1) Masimo's *Walker Process* counterclaim, which Apple has moved to dismiss, is in a ***different case*** and has no impact on expediting trial here; (2) there are substantial differences between Apple's claims here and Apple's claims and Masimo's counterclaims in the Utility Case; (3) consolidation would create an inefficient mega-proceeding involving dozens of claims; and (4) consolidation would cause prejudicial delays,[3] subjecting Apple to irreparable harm. *See* D.I. 65 at 3-4; D.I. 75.[4]

**Defendants' Position**: The 1377 and 1378 Cases were filed on the same day, in the same court, against the same defendants, accusing the same product (Masimo's W1 health watch) of patent infringement. Apple's Apple Watch also bears on the claims in both cases, and Masimo's antitrust counterclaims in the 1378 Case include *Walker Process* claims based on Apple's inequitable conduct in procuring patents asserted in both cases. Every claim in each case involves either Masimo's W1 or Apple's Apple Watch, and most claims implicate both. Due to the numerous overlapping legal and factual issues, Defendants have moved to consolidate this case with the 1378 Case. D.I. 61 ("Motion to Consolidate"). Defendants respectfully request that if the Court grants Defendants' Motion to Consolidate, the consolidated case should proceed according to the schedule and discovery limits proposed by Defendants in the 1378 Case.

Even if the Court denies Defendants' Motion to Consolidate, the Court should deny Apple's Motion to Expedite and reject Plaintiff's proposed expedited schedule. As Defendants explained in their Opposition to Apple's Motion to Expedite, Apple's shortened schedule and trial prejudices Defendants' ability to develop and present their invalidity defenses—including functionality, obviousness, and indefiniteness—as well as their unenforceability defenses. D.I. 58. It also threatens Masimo's right to a jury on its overlapping legal causes of action. Moreover, Apple's claimed designs are dictated by function, and Defendants are entitled to discover Apple's engineering documents and depose Apple's designers and engineers to help establish their defense. The functional features in Apple's claimed designs must also be addressed in claim construction

---

[2] Liability issues include infringement, validity, willfulness, and injunctive relief.
[3] Even Defendants' proposal is **22** months for this case versus **35** months for a consolidated case.
[4] If the Court decides to consolidate, Apple proposes that its discovery limits for a non-bifurcated trial be added to any discovery limits in the Utility Case, and that the case proceed according to the most expedient schedule proposed by Apple.

The Honorable Jennifer L. Hall
March 27, 2023
Page 3

proceedings. Apple's assertion that claim construction is unnecessary is incorrect. *See Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016).

Even Apple's alternative schedule—setting trial approximately 12 months after the Court's decision on the parties' motions—is unreasonably short. Claim construction is necessary in this case, and Defendants need a reasonable period of discovery to develop their invalidity and unenforceability defenses. Accordingly, if the Court denies Defendants' Motion to Consolidate and keeps the 1377 and 1378 Cases separate, Defendants respectfully request the Court schedule trial approximately 22 months after the Court's decision on the parties' motions.

Moreover, while Judge Noreika's February 23, 2023 Oral Order has been modified, Defendants propose the schedule follow the sequence of case events outlined in that Order: final contentions around the close of fact discovery, claim construction following the close of fact discovery, and expert reports following the claim construction hearing. Defendants submit that this sequence, particularly final contentions around the close of fact discovery and claim construction following the close of fact discovery, will help focus the claim construction disputes.

Defendants also propose that, assuming no consolidation and no bifurcation, this case should include the following discovery limits per side: (a) 100 requests for production, (b) 50 requests for admission, (c) 20 interrogatories, and (d) 70 hours of fact witness deposition.

The parties respectfully request an opportunity to revise their Proposed Scheduling Orders once the Court has issued its rulings on the pending motions and scheduling disputes.

**3.   Other Issues**

**Plaintiff's Position**: *Cross-Use*. Apple disagrees with Defendants' proposal that all discovery and testimony from the CDCA, ITC, and Utility cases "be available" for use in this case. Defendants have not demonstrated that such broad discovery would be relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). For example, the CDCA case involves trade secret claims not at issue here. Apple would be open to considering cross-use on a subject matter basis, but Defendants have made no such proposal.

**Defendants' Position**: *Cross-Use*. Assuming no consolidation, Defendants also propose that discovery and testimony from the 1378 Case should be available for all uses in this case, and discovery and testimony from this case should be available for all uses in the 1378 Case. Moreover, the parties are involved in two other actions: Case No. 20-cv-00048-JVS-JDE pending in the District Court for the Central District of California and Inv. No. 337-TA-1276 pending before the U.S. International Trade Commission ("Additional Actions"). Masimo also proposes that the parties agree that all discovery and testimony in the Additional Actions be available for all uses in the 1377 and 1378 Cases.

Respectfully,

*/s/ David E. Moore*

David E. Moore

The Honorable Jennifer L. Hall
March 27, 2023
Page 4


DEM:nmt/10705634/12209.00051

Enclosures
cc: Clerk of Court (via hand delivery)
 Counsel of Record (via electronic mail)