# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MASIMO CORPORATION, | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |
| | ) |

### [PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA][1]

---

[1] As stated in the parties' letter, Apple includes herein two alternative schedules based on the outcome of Apple's Motion For An Expedited Trial.  D.I. 44 ("Motion to Expedite").  **Schedule A** reflects Apple's proposed schedule if the Court grants the Motion to Expedite and sets trial approximately eight months after the Court's decision on that motion. **Schedule B** reflects Apple's proposed schedule if the Court denies the Motion to Expedite and sets trial approximately 12 months after the Court's decision on that motion.

**Schedules A and B** include deadlines based on the date of the order on the Motion to Expedite. Apple proposes that the parties submit a revised schedule with concrete dates following the Court's decision on that motion.

Also included herein is Masimo Corporation's ("Masimo") and Sound United, LLC's ("Sound United") (collectively, "Defendants") proposed schedule.  As stated in the Rule 26(f) Report and Defendants' opposed Motion to Consolidate, Defendants submit that this case should be consolidated with the parties' companion case, Civil Action No. 22-1378-MN-JLH, and should follow the schedule that Defendants propose in that case.  Defendants have nevertheless included a proposed schedule here if the Court denies Defendants' Motion to Consolidate.  Defendants' schedule includes deadlines based on the date of the Court's resolution of the Motion to Consolidate and Apple's Motion to Expedite.  Defendants propose that the parties submit a revised schedule with concrete dates following the Court's decision on those motions.

This _____ day of _____ , 20____, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery).  The parties agree to meet and confer concerning issues related to ESI and to address such issues via a separate proposed order.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before [**Plaintiff**: Schedules A & B - 4 weeks after Order on Motion For An Expedited Trial / **Defendants**: 16 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3.      Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this

Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers and Proceedings Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits,

declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      <u>ADR Process.</u> Magistrate Judges will no longer engage in alternative dispute resolution in patent and securities cases. See the Court's Standing Order No. 2022-2 dated March 14, 2022.

7.      <u>Disclosures.</u>[2] Absent agreement among the parties, and approval of the Court:

(a)      By [**Plaintiff**: Schedules A & B - 5 days after Order on Motion For An Expedited Trial / **Defendants:** 5 days after Order on Motion For An Expedited Trial and Motion to Consolidate], Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b)      By [**Plaintiff**: Schedules A & B - 2 weeks after Order on Motion For An Expedited Trial / **Defendants**: 5 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c)      By [**Plaintiff**: Schedules A & B - 2 weeks after Order on Motion For An Expedited Trial / **Defendants**: 8 weeks after Order on Motion For An Expedited Trial and Motion

_____

[2] As stated in the Rule 26(f) Report, Defendants submit that while Judge Noreika's February 23, 2023 Oral Order has been modified, Defendants propose to follow the sequence of case events outlined in that Order: final contentions around the close of fact discovery, claim construction following the close of fact discovery, and expert reports following the claim construction hearing. Defendants submit that this sequence, particularly final contentions around the close of fact discovery and claim construction following the close of fact discovery, will help focus the claim construction disputes.

To Consolidate], Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)     By [**Plaintiff**: Schedules A & B - 3 weeks after Order on Motion For An Expedited Trial / **Defendants**: 11 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)     By [**Plaintiff**: Schedules A & B - 8 weeks after Order on Motion For An Expedited Trial / **Defendants**: 40 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], Plaintiff shall provide final infringement contentions.

(f)     By [**Plaintiff**: Schedules A & B - 9 weeks after Order on Motion For An Expedited Trial / **Defendants**: 41 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], Defendant shall provide final invalidity contentions.

8.     Discovery.[3,4,5] Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be strictly observed.

---

[3] As explained in Apple's Motion to Expedite, Apple proposes bifurcating damages to further streamline the issues for expedited discovery and trial. *See* D.I. 45 at 1. Apple's proposal therefore includes separate discovery limits for liability issues, including infringement, validity, willfulness, and injunctive relief. If the Court decides to bifurcate damages, Apple proposes proceeding with the discovery limits for liability set forth herein. After the expedited trial on liability concludes, the parties will meet and confer regarding a separate schedule for the damages phase, if necessary at that time. If the Court does not bifurcate damages, Apple proposes using the alternative discovery limits herein for a non-bifurcated case. And, though Apple believes Masimo's discovery limits are not necessary, Apple is prepared to proceed with Defendants' proposed limits for **Schedules A or B** to mitigate any alleged prejudice to Defendants.

[4] Defendants submit that bifurcation is unnecessary. Defendants propose discovery limits based on the current configuration of the case.

[5] See footnote 2, *supra*.

      (a)    <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before [Plaintiff: Schedule A - 10 weeks after Order on Motion For An Expedited Trial; Schedule B – 23 weeks after Order on Motion For An Expedited Trial / **Defendants**: 37 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate].

      (b)    <u>Document Production.</u> Document production shall be substantially complete by [**Plaintiff**: Schedule A - 7 weeks after Order on Motion For An Expedited Trial; Schedule B – Technical document production shall be substantially complete by 7 weeks after Order on Motion For An Expedited Trial, and all document production shall be substantially complete 15 weeks after Order on Motion For An Expedited Trial / **Defendants**: 24 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate].  [**Plaintiff**: A maximum of 50 requests for production are permitted for each side for liability issues and a maximum of 75 requests for production are permitted for each side if the case is not bifurcated. / **Defendants**: A maximum of 100 requests for production are permitted for each side.]

      (c)    <u>Requests for Admission.</u> [**Plaintiff:** A maximum of 30 requests for admission are permitted for each side for liability issues and a maximum of 45 requests for admission are permitted for each side if the case is not bifurcated. / **Defendants**: A maximum of 50 requests for admission are permitted for each side.]

      (d)    <u>Interrogatories.</u>

      i.    [**Plaintiff**: A maximum of 15 interrogatories, including contention interrogatories, are permitted for each side for liability issues and a maximum of 20 interrogatories, including contention interrogatories, are permitted for each side if the case is not bifurcated. / **Defendants**: A maximum of 20 interrogatories, including contention interrogatories, are permitted for each side.]

ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)     Depositions.

i.     Limitation on Hours for Deposition Discovery. [**Plaintiff**: Each side is limited to a total of 35 hours of taking fact testimony by deposition upon oral examination for liability issues and each side is limited to a total of 55 hours of taking fact testimony by deposition upon oral examination if the case is not bifurcated. / **Defendants**: Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.]

ii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  The parties agree that depositions of parties and representatives (officer, director, or managing agent) of parties may be deposed in the location that they reside, subject to a showing of good cause for holding the deposition in another location.

(f)     Disclosure of Expert Testimony.

i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before [**Plaintiff**: Schedule A - 12 weeks after Order on Motion For An Expedited Trial;

Schedule B - 25 weeks after Order on Motion For An Expedited Trial / **Defendants**: 61 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before [**Plaintiff**: Schedule A - 14 weeks after Order on Motion For An Expedited Trial; Schedule B - 27 weeks after Order on Motion For An Expedited Trial / Defendants: 65 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate].[6] Reply expert reports from the party with the initial burden of proof are due on or before [**Plaintiff**: Schedule A - 16 weeks after Order on Motion For An Expedited Trial; Schedule B - 29 weeks after Order on Motion For An Expedited Trial / **Defendants**: 68 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.     <u>Expert Report Supplementation.</u> The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).[7]

        iii.     <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless

---

[6] For the avoidance of doubt, this includes rebuttal expert reports/reports for which the opposing side bears the burden of proof.

[7] Nothing in this Order shall prohibit any party from submitting a declaration from a testifying expert that merely attaches and incorporates by reference expert reports previously served by that party.

otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

       iv.    Expert Discovery Cut-Off. All expert discovery in this case shall be initiated so that it will be completed on or before [**Plaintiff**: Schedule A - 18 weeks after Order on Motion For An Expedited Trial; Schedule B - 31 weeks after Order on Motion For An Expedited Trial / **Defendants**: 72 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate].

       (g)    Discovery Matters and Disputes Relating to Protective Orders.

       i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

       ii.    Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

       iii.    The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in

dispute.  On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing.  All courtesy copies shall be double-sided.

        v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend / Motions to Strike.</u>

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

    (b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

10.    <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.     Claim Construction Issue Identification.[8,9] On [**Plaintiff**: Schedule B – 5 weeks after Order on Motion For An Expedited Trial / **Defendants**: 17 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.     Claim Construction Briefing.[10,11] The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on [**Plaintiff**: Schedule B - 14 weeks after Order on Motion For An

---

[8] As explained in Apple's Motion to Expedite, Apple does not believe that claim construction is necessary in this design patent case.  Thus, consistent with the Court's scheduling order in *Gavrieli Brands LLC v. Soto Massini (USA) Corp. et al.*, C.A. No. 18-462-GMS, D.I. 44-45, which did not include claim construction deadlines, Apple did not include claim construction deadlines in **Schedule A**.  However, in the event the Court determines that claim construction is necessary, the claim construction issues will be minimal and thus can proceed in parallel with fact discovery, as provided for in **Schedule B**.

[9] As explained in Defendants' Response to Apple's Motion to Expedite, Defendants submit that, according to *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316 (Fed. Cir. 2016) and other caselaw, claim construction is necessary in this case to eliminate functional features from the scope of Apple's design patent claims.  D.I. 58 at 9.  Defendants' proposed schedule includes deadlines for claim construction.

[10] *See* footnotes 8 and 9, *supra*.

[11] *See* footnote 2, *supra*.

Expedited Trial / **Defendants**: 48 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on [**Plaintiff**: Schedule B – 16 weeks after Order on Motion For An Expedited Trial / **Defendants**: 51 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on [**Plaintiff**: Schedule B - 17 weeks after Order on Motion For An Expedited Trial / **Defendants**: 52 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on [**Plaintiff**: Schedule B - 18 weeks after Order on Motion For An Expedited Trial / **Defendants**: 53 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate]. No later than [**Plaintiff**: Schedule B - 19 weeks after Order on Motion For An Expedited Trial / **Defendants**: 54 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-Upon Constructions

II.     Disputed Constructions

        [TERM 1]

                1.      Plaintiff's Opening Position

                2.      Defendant's Answering Position

                3.      Plaintiff's Reply Position

                4.      Defendant's Sur-Reply Position

[TERM 2]

    1.    Plaintiff's Opening Position

    2.    Defendant's Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

    13.    <u>Hearing on Claim Construction.</u>[12,13] Beginning at _____ on [**Plaintiff**: Schedule B – 22 weeks after Order on Motion For An Expedited Trial / **Defendants**: 57 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

    Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

---

[12] *See* footnotes 8 and 9, *supra.*

[13] *See* footnote 2, *supra.*

14.    _Supplementation._ Absent agreement among the parties, and approval of the Court, no later than [**Plaintiff**: Schedules A & B - 8 weeks after Order on Motion For An Expedited Trial / **Defendants**: 28 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate] the parties must finally supplement, _inter alia,_ the identification of all accused products and of all invalidity references.

15.    _Interim Status Report._ On [**Plaintiff**: Schedule A - 17 weeks after Order on Motion For An Expedited Trial; Schedule B - 30 weeks after Order on Motion For An Expedited Trial / **Defendants**: 70 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    _Case Dispositive Motions._

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [**Plaintiff**: Schedule A - 19 weeks after Order on Motion For An Expedited Trial; Schedule B - 32 weeks after Order on Motion For An Expedited Trial / **Defendants**: 76 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate] [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)    _Concise Statement of Facts Requirement._ Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the

summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)        Page limits combined with Daubert motion page limits. Each party is permitted to file as many case dispositive motions as desired provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's

testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[14]

16.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.  Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.  Pretrial Conference. On [**Plaintiff**: Schedule A - Appx. 31 weeks (7 months) after Order on Motion For An Expedited Trial; Schedule B – Appx. 51 weeks (11 months) after Order on Motion For An Expedited Trial / **Defendants**: 91 weeks after Order on Motion For An

---

[14] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., $50 \pm 50 \pm 25$ regarding one side's motions, and $50 \pm 50 \pm 25$ regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Expedited Trial and Motion To Consolidate], the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20.    Trial. This matter is scheduled for a [**Plaintiff**: 3 day / **Defendants**: 5 day] jury trial beginning at 9:30 a.m. on [**Plaintiff**: Schedule A - Appx. 35 weeks (8 months) after Order on Motion For An Expedited Trial; Schedule B – Appx. 55 weeks (12 months) after Order on Motion For An Expedited Trial / **Defendants**: 94 weeks after Order on Motion For An Expedited Trial and Motion To Consolidate], with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial

will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.     <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.     <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____

United States District Court Judge

Counsel Shall Provide a Chart of All Relevant Deadlines[15,16]

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| Deadline for each party to serve initial disclosures pursuant to Rule 26(a)(1) (¶1) | 5 days | 5 days | 5 days |
| Deadline for Apple to identify all accused product(s), its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s), and to produce the file history for each asserted patent (¶7(a)) | 5 days | 5 days | 5 days |
| Deadline for the parties to file a proposed protective order (¶3) | 10 days | 10 days | 10 days |
| Deadline for parties to disclose: The 10 | 15 days | 15 days | 4 weeks |

[15] As explained in footnote 8, *supra,* Apple does not believe that claim construction is necessary in this case.  However, Apple has included provisional claim construction deadlines in this Schedule (noted with *) that would apply in the event that the Court believes claim construction is necessary.

[16] As explained in footnote 9, *supra,* Defendants submit that claim construction is necessary and have included claim construction deadlines in this Schedule.  Also, as explained in footnote 3, *supra,* to focus the claim construction disputes, Defendants propose to follow the sequence of case events outlined in Judge Noreika's February 23, 2023 Oral Order: final contentions around the close of fact discovery, claim construction following the close of fact discovery, and expert reports following the claim construction hearing.

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely (Modified Default Standard ¶3(a)) | | | |
| Deadline for parties to disclose: A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely (Modified Default Standard ¶3(b)) | 15 days | 15 days | 4 weeks |
| Deadline for the parties to provide the notices identified in Modified Default Standard ¶3(c) | 15 days | 15 days | 4 weeks |
| Deadline for Defendants to produce core technical documents related to the | 2 weeks | 2 weeks | 5 weeks |

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| accused product(s) sufficient to show how the accused product(s) work and sales figures (¶7(b)) | | | |
| Deadline for Apple to serve initial infringement contentions (¶7(c)) | 2 weeks | 2 weeks | 8 weeks |
| Deadline for Defendants to serve initial invalidity contentions, as well as produce the known related invalidating references (¶7(d)) | 3 weeks | 3 weeks | 11 weeks |
| Deadline for Defendants to serve initial non-infringement contentions | N/A | 5 weeks | 12 weeks |
| Deadline for Apple to serve initial response to invalidity contentions | N/A | 6 weeks | 14 weeks |
| Deadline for joinder of other parties and amendment of pleadings (¶2) | 4 weeks | 4 weeks | 16 weeks |
| Deadline to exchange list of claims that the parties believe need construction and | N/A | 5 weeks | 17 weeks |

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| proposed constructions* (¶11) | | | |
| Deadline for the substantial completion of technical document production (¶8(b)) | N/A | 7 weeks | N/A |
| Deadline for the parties to finally supplement the identification of all accused products and all invalidity references (¶14) | 8 weeks | 8 weeks | 28 weeks |
| Deadline for the close of fact discovery (¶8(a)) | 10 weeks | 23 weeks | 37 weeks |
| Deadline for Apple to serve final infringement contentions (¶7e) | 8 weeks | 8 weeks | 40 weeks |
| Deadline for Defendants to serve final invalidity contentions (¶7(f)) | 9 weeks | 9 weeks | 41 weeks |
| Deadline for Defendants to serve final non-infringement contentions | N/A | 10 weeks | 43 weeks |
| Deadline for Apple to serve final response to invalidity contentions | N/A | 11 weeks | 44 weeks |
| Deadline to file Joint Claim | N/A | 12 weeks | 46 weeks |

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| Construction Chart* (¶11) | | | |
| Deadline for Apple to serve its opening claim construction brief* (¶12) | N/A | 14 weeks | 48 weeks |
| Deadline for the substantial completion of all document production (¶8(b)) | 7 weeks | 15 weeks | 24 weeks |
| Deadline for Defendants to serve its answering claim construction brief* (¶12) | N/A | 16 weeks | 51 weeks |
| Deadline for Plaintiff to serve its reply claim construction brief* (¶12) | N/A | 17 weeks | 52 weeks |
| Deadline for Defendants to serve its sur-reply claim construction brief* (¶12) | N/A | 18 weeks | 53 weeks |
| Deadline to file Joint Claim Construction Brief* (¶12) | N/A | 19 weeks | 54 weeks |
| Claim construction hearing* (¶13) | N/A | 22 weeks | 57 weeks |
| Deadline for opening expert reports for each party that bears the | 12 weeks | 25 weeks | 61 weeks |

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| initial burden of proof (¶8(f)(i)) | | | |
| Deadline for rebuttal expert reports (¶8(f)(i))[17] | 14 weeks | 27 weeks | 65 weeks |
| Deadline for reply expert reports (¶8(f)(i)) | 16 weeks | 29 weeks | 68 weeks |
| Interim Status Report (¶15) | 17 weeks | 30 weeks | 70 weeks |
| Deadline for the completion of expert discovery (¶8(f)(iv)) | 18 weeks | 31 weeks | 72 weeks |
| Deadline for the parties to file all case dispositive and *Daubert* motions, as well as an opening brief, statement of facts, and affidavits, if any (¶16) | 19 weeks | 32 weeks | 76 weeks |
| Deadline for the parties to oppose case dispositive and *Daubert* motions (¶16) | 21 weeks | 34 weeks | 79 weeks |
| Deadline for the parties to reply to case dispositive and *Daubert* motions (¶16) | 22 weeks | 35 weeks | 81 weeks |
| Deadline for Apple to serve a draft | 25 weeks | 45 weeks | 82 weeks |

---

[17] For the avoidance of doubt, this includes rebuttal expert reports/reports for which the opposing side bears the burden of proof.

| EVENT | SCHEDULE A: APPLE'S PROPOSAL – 8 MONTHS (number of days/weeks after Order on Apple's Motion To Expedite) | SCHEDULE B: APPLE'S PROPOSAL – ~12.5 MONTHS (number of days/weeks after Order on Apple's Motion For An Expedited Trial) | DEFENDANTS' PROPOSAL (number of days/weeks after Order on Defendants' Consolidation Motion and Apple's Motion to Expedite |
|---|---|---|---|
| pretrial order (¶19; L.R. 16.3(d)(1)) | | | |
| Deadline for parties to serve motions *in limine* (¶18) | 24 weeks | 37 weeks | 83 weeks |
| Deadline for parties to serve oppositions to motions *in limine* (¶18) | 26 weeks | 39 weeks | 85 weeks |
| Deadline for parties to serve replies to motions in limine (¶18) | 27 weeks | 40 weeks | 86 weeks |
| Deadline for Defendants to serve response to Apple's draft pretrial order (¶19; L.R. 16.3(d)(1)) | 27 weeks | 47 weeks | 86 weeks |
| Deadline for parties to file joint pretrial order (¶18) | 7 days prior to Pretrial Conference | 7 days prior to Pretrial Conference | 89 weeks |
| Deadline for the parties to file proposed jury instructions, voir dire, and verdict forms (¶20) | 7 days prior to Pretrial Conference | 7 days prior to Pretrial Conference | 89 weeks |
| Pretrial Conference (¶20) | Appx. 31 weeks (7 months) | Appx. 51 weeks (~11.5 months) | 91 weeks |
| Trial (¶21) | Appx. 35 weeks (8 months) | Appx. 55 weeks (~12.5 months) | 94 weeks |

10705638