# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1377-MN-JLH |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and ) | |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS MASIMO CORPORATION'S INEQUITABLE CONDUCT COUNTERCLAIM AND STRIKE ITS AFFIRMATIVE DEFENSE

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  April 18, 2023
10762374.2 / 12209.00051

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT..........................................................................................................................1

    A. Masimo Fails To Demonstrate That Its Mishmash Of Collective Group Allegations Pled Particularized Conduct By Any Specific Individual ....................1

    B. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Mr. Myers Was Substantively Involved In Prosecution As To Give Rise To A Duty Of Disclosure To The PTO............................................................4

    C. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Any Individual Knew Of Any Undisclosed Material Information..................7

    D. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Any Individual Had A Specific Intent To Deceive The PTO..........................8

    E. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing How Any Undisclosed Information Was But-For Material To The Patentability Of The Sensor Design Patents ..............................................................9

    F. Masimo Fails To Demonstrate That It Pled Infectious Unenforceability..............10

III. CONCLUSION....................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Baxalta Inc. v. Bayer Healthcare LLC*,
   2020 WL 5445375 (D. Del. July 13, 2020) .................................................................... 2

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*,
   2021 WL 5449073 (N.D. Cal. Nov. 22, 2021) ............................................................ 5, 6

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988)........................................................................................ 5, 6

*Digital Ally, Inc. v. Taser Int'l, Inc.*,
   2016 WL 3365440 (D. Kan. June 17, 2016)................................................................... 6

*EMC Corp. v. Pure Storage, Inc.*,
   2014 WL 5795557 (D. Del. Nov. 5, 2014) ................................................................. 5, 6

*Ethicon End-Surgery, Inc. v. Covidien, Inc.*,
   796 F.3d 1312 (Fed. Cir. 2015).................................................................................... 10

*Honeywell, Int'l, Inc. v. Maltseff*,
   2014 WL 3360334 (W.D. Wash. July 9, 2014) ............................................................. 6

*Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*,
   2017 WL 1349175 (D. Del. Apr. 10, 2017)................................................................... 3

*Invista N. Am. S.a.r.l. v. M&G USA Corp.*,
   2013 WL 12304544 (D. Del. May 3, 2013)........................................................... 2, 4, 9

*LEO Pharma A/S v. Actavis Labs. UT, Inc.*,
   2018 WL 1045816 (D. Del. Feb. 26, 2018) ................................................................... 3

*Polara Eng'g, Inc. v. Campbell Co.*,
   2014 WL 12584441 (C.D. Cal. Nov. 4, 2014)............................................................... 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   2009 WL 4928024 (D. Del. Dec. 18, 2009)................................................................. 10

*Sport Dimension, Inc. v. Coleman Co., Inc.*,
   820 F.3d 1316 (Fed. Cir. 2016).................................................................................... 10

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
   2014 WL 2622240 (D. Del. June 11, 2014) ................................................................... 2

### **RULES**

Fed. R. Civ. P. 9(b) .............................................................................................................. 1

## I. INTRODUCTION

Masimo's conspiratorial narrative that Apple obtained the asserted design patents through fraud on the patent office is false, speculative, and unsupported by its pleadings. And pertinent to this motion, Masimo fails to demonstrate that its pleadings satisfy Federal Rule of Civil Procedure 9(b)'s heightened standard for pleading inequitable conduct with particularity and fails to rebut the fatal pleading deficiencies identified in Apple's motion. Instead, Masimo's opposition disregards those heightened pleading requirements and mischaracterizes, exaggerates, and improperly attempts to rewrite Masimo's deficiently-pled inequitable conduct allegations.

*First*, Masimo fails to demonstrate that it pled particularized conduct by any specific individual, as required, as opposed to a mishmash of collective allegations against constantly-shifting groups. *Second*, Masimo fails to demonstrate that it pled particularized facts showing that Mr. Myers was substantively involved in prosecution as to give rise to a duty of disclosure to the PTO. *Third*, Masimo fails to demonstrate that it pled particularized facts showing that any specific individuals knew of any allegedly undisclosed material information. *Fourth*, Masimo fails to demonstrate that it pled particularized facts showing that any specific individuals failed to disclose material information with specific intent to deceive the PTO. *Fifth,* Masimo fails to demonstrate that it pled particularized facts showing that any allegedly undisclosed information was material to patentability under the but-for standard. *Finally*, Masimo fails to demonstrate that it properly pled infectious unenforceability. Accordingly, the Court should dismiss Masimo's inequitable conduct counterclaim and strike its inequitable conduct affirmative defense.

## II. ARGUMENT

### A. Masimo Fails To Demonstrate That Its Mishmash Of Collective Group Allegations Pled Particularized Conduct By Any Specific Individual

Masimo fails to demonstrate that its mishmash of collective allegations against "Apple" in

general, unidentified "others at Apple," all 21 "Named Design Inventors," and Mr. Myers—in constantly-shifting groups—meets the heightened requirement to identify and plead particularized factual allegations regarding the specific individual "who" committed inequitable conduct.

*First*, contrary to Masimo's argument (D.I. 83 at 10), Apple cited numerous cases holding that inequitable conduct pleadings with collective allegations against an entire group failed to meet the "who" requirement where the allegations did not tie specific conduct to particular individuals—even where they identified individuals by name in the group. *See, e.g.*, D.I. 55 at 10. For example, *St. Jude* found collective allegations against two named inventors "and other individuals" deficient because they "fail[] to sort out the specific facts and attribute them to a particular individual." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 2014 WL 2622240, at *2 (D. Del. June 11, 2014) ("[Defendant] needs to individually identify whose actions constitute affirmative misconduct or were contrary to the duty of candor."). And *Invista* found collective allegations against four named inventors and three named attorneys deficient because "[n]one of [defendant's] allegations tie specific conduct to any specific individual" making it "impossible to discern exactly which individual or individuals [defendant] intends to implicate as having knowledge of the material information and to have had a deliberate intent to deceive." *Invista N. Am. S.a.r.l. v. M&G USA Corp.*, 2013 WL 12304544, at *8 (D. Del. May 3, 2013); *see also Baxalta Inc. v. Bayer Healthcare LLC*, 2020 WL 5445375, at *5 (D. Del. July 13, 2020) ("This lack of connection between the allegations of knowledge by particular [named] individuals and contentions regarding concealment directed broadly to the 'Applicants' is fatal to the claim."). These cases show that shifting, collective allegations against a group—even when individuals are named—fail to meet the heightened requirement for pleading with particularity who committed inequitable conduct.

*Second*, Masimo's assertion that "Masimo merely saves space by defining a term ["Named

Design Inventors"] instead of repeating 21 names" attacks a straw man. D.I. 83 at 10. Apple does not dispute that Masimo may use defined terms in its pleading. But here, Masimo misuses its "definition" to gloss over and obfuscate its failure to plead particularized facts regarding any specific inventor(s) "who" purportedly committed inequitable conduct. *See LEO Pharma A/S v. Actavis Labs. UT, Inc.*, 2018 WL 1045816, at *4 (D. Del. Feb. 26, 2018) ("[B]road references to named inventors are inadequate in the absence of identifying a specific individual who knew about the withheld information and its materiality."). Masimo's only cited case, *Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, 2017 WL 1349175, at *9 (D. Del. Apr. 10, 2017) (D.I. 83 at 10-11), is inapposite. That case merely notes that the allegations against the "'named inventors' . . . *could* be specific enough to meet the 'who' requirement, to the extent that they could be understood to accuse each of the members of a known, clearly ascertainable group"; however, the Court did not reach this "who" pleading issue given other pleading deficiencies as to the "named inventors." *Id.* (emphasis in original).

*Third*, Masimo concedes that its "allegations refer to multiple individuals and groups" but provides no valid justification for failing to plead particularized conduct by specific individuals. D.I. 83 at 11. Masimo's assertion that it never uses "or" or "and/or" in referring to multiple individuals and groups (*id.*) misses the point; Masimo's pleading failure is its use of shifting, collective allegations that do not identify "who" committed what conduct. Also, Masimo's pleading does not make only "*occasional* use of 'and others' in *some* allegations." *Id.* (emphasis added). Rather, Masimo's pleading blames unspecified "others" at Apple ***10 times***, and its collective group allegations regarding "Named Design Inventors" and Mr. Myers are consistently pled in conjunction with "others" at Apple. D.I. 31 at 12-14, 20-21, 32. Indeed, *every* bullet point on pages 6-7 of Masimo's brief paraphrases an allegation in Masimo's pleading that attributes

3

alleged conduct to "others at Apple." *See, e.g.*, *id.* at 12 ("Jeffrey Myers and ***others at Apple*** selected the law firm…"), 20 ("Mr. Myers, the Named Design Inventors, and ***others at Apple*** knew that the designs claimed in the Sensor Design Patents were functional…"), 21 ("Mr. Myers, the Named Design Inventors, and ***others at Apple*** affirmatively concealed the '282 Application and the '912 Publication…") (emphases added). Although Masimo concedes that it "alleges that many people knew of and were involved in the fraud" (D.I. 83 at 11), its pleading fails to particularize "exactly who is said to have known and done what." *Invista*, 2013 WL 12304544, at *8.

> **B.    Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Mr. Myers Was Substantively Involved In Prosecution As To Give Rise To A Duty Of Disclosure To The PTO**

Notwithstanding its attempts to mischaracterize its pleading, Masimo does not and cannot identify particularized factual allegations showing that Mr. Myers was substantively involved in prosecuting the Sensor Design Patents as to give rise to a duty of disclosure to the PTO.

*First*, Masimo identifies only a single allegation that purportedly supports its assertion that it pled facts plausibly showing that Mr. Myers was substantively involved in prosecuting the Sensor Design Patents: "Jeffrey Myers ***and others at Apple*** selected the law firm" and "compartmentalized information."  D.I. 31 at 12 (emphasis added) (cited by D.I. 83 at 11). Masimo's attempt to recast and repurpose this off-point allegation fails for numerous reasons. For starters, this allegation does not plausibly show that Mr. Myers was substantively involved in the prosecution—it does not aver that Mr. Myers signed or filed any document with the PTO, presented any argument to the PTO, or had any other substantive involvement in prosecuting the Sensor Design Patents.

In addition, Masimo misleadingly paraphrases this allegation by omitting its express reference to "others at Apple." D.I. 83 at 12. That Masimo directed this pleading not to Mr. Myers individually but rather to an open-ended, unspecified group confirms that this allegation has

4

nothing to do with pleading a duty of disclosure.

Further, Masimo's reliance on *Polara Eng'g, Inc. v. Campbell Co.*, 2014 WL 12584441, at *2 (C.D. Cal. Nov. 4, 2014) is misplaced. In *Polara*, the defendant specifically alleged that the company president was **the person "who supervised the patent application."** *Id.* at *1-2 (emphasis added). Here, by contrast, Masimo does not (and cannot) allege that Mr. Myers was the person who supervised the applications that led to the Sensor Design Patents.

Moreover, Masimo improperly attempts to rewrite its pleading through its brief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citations and quotations omitted)). Masimo asserts in its brief that Mr. Myers had "involvement in dictating . . . material information in related patent applications" (D.I. 83 at 11), but cites nothing (and there is nothing) in its pleading making this allegation. Masimo's bare assertion in its brief that Mr. Myers had "involvement in . . . avoiding disclosure of material information in related patent applications" (*id.*) fails for the same reason.

*Second*, Masimo fails to distinguish *EMC Corp. v. Pure Storage, Inc.*, 2014 WL 5795557 (D. Del. Nov. 5, 2014) and *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, 2021 WL 5449073 (N.D. Cal. Nov. 22, 2021), both of which show why Masimo's allegations fall far short of pleading a duty of disclosure. *EMC* dismissed inequitable conduct allegations against two attorneys whose only alleged involvement in prosecution was that they had been given powers of attorney. *See* 2014 WL 5795557, at *2 ("Without more, there is no reason to infer that the lawyers, simply listed as power of attorney along with five others, were substantively involved in prosecuting the [] patent."). Here, Masimo never even pled that Mr. Myers had power of attorney, asserting that for the first time in its opposition brief. D.I. 83 at 12. Thus, even the unpled

5

assertions in Masimo's brief are insufficient under *EMC*. Masimo also argues that "the plaintiff in *Certainteed Gypsum* failed to allege any decisions relating to prosecution," *id.* (citing *Certainteed Gypsum*, 2021 WL 5449073, at *8); however, Masimo likewise alleges no specific actions by Mr. Myers plausibly showing that he had substantive involvement in prosecuting the Sensor Design Patents.

*Finally*, Masimo's brief improperly attempts to rewrite its deficient pleading by making new, unpled assertions regarding "customer numbers" and powers of attorney. As discussed above, "[a] complaint may not be amended by the briefs in opposition to a motion to dismiss" (*Com. of Pa.*, 836 F.2d at 181) and, in any event, merely having power of attorney does not show substantive involvement in prosecution. *See EMC*, 2014 WL 5795557, at *2. In addition, Masimo's brief misleadingly claims that Masimo's extrinsic evidence from "the PTO website . . . lists Mr. Myers as **one of a few** Apple employees with 'Power of Attorney' for the Sensor Design Patents." D.I. 83 at 12 (emphasis added). But in reality, Masimo's extrinsic evidence is a laundry list recitation of over **100** outside and in-house counsel having power of attorney to practice before the PTO on behalf of Apple. *See* D.I. 84-1–84-3 (Exs. 1–3) (showing customer number 63975 listing Sterne Kessler law firm and over 100 others, including Mr. Myers). Masimo cannot plausibly allege that all 100+ attorneys having power of attorney were substantively involved in prosecuting the Sensor Design Patents. And even had Masimo pled this laundry list in its pleading, it would not have helped because a PTO "customer number . . . ***in no way indicates any role or responsibility in prosecution.***" *Digital Ally, Inc. v. Taser Int'l, Inc.*, 2016 WL 3365440, at *3 (D. Kan. June 17, 2016) (emphasis added) (citation and quotations omitted). Masimo's cited case, *Honeywell Int'l Inc. v. Maltseff*, does not hold otherwise and concerned neither a motion to dismiss nor an inequitable conduct defense. 2014 WL 3360334, at *2 (W.D. Wash. July 9, 2014).

6

### C. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Any Individual Knew Of Any Undisclosed Material Information

Masimo does not cite a single case or offer a single quotation from its pleading to support its assertion that it pled facts showing any individual knew that the claimed designs were purportedly functional and non-ornamental and/or that inventorship of the Sensor Design Patents was purportedly incorrectly represented. D.I. 83 at 12-16. Masimo devotes most of this section to discussing its allegations that compare disclosures in the '912 Publication with the claims of the Sensor Design Patents, but those comparisons are irrelevant to whether Mr. Myers or the Named Design Inventors *knew* of any undisclosed material information. Masimo can point to no allegations of particularized facts plausibly showing such knowledge.

Masimo mischaracterizes its pleading and again improperly relies on new, unpled assertions in its opposition brief. Contrary to Masimo's misleading paraphrasing in its opposition, Masimo did not plead that "Mr. Myers assigned prosecution of utility patents on the functional biological sensors to one law firm and specifically decided to segregate prosecution of design patents on the supposedly ornamental design of those sensors to a different firm" nor that "Mr. Myers would have been aware of the functional biological sensors he asked the first law firm to patent before he gave the same sensors to the second law firm." *Id.* at 13-14. And even had Masimo pled these allegations, they would be conclusory, speculative, and deficient; merely alleging that a company used different law firms for different proceedings does not plausibly show that anybody *knew* of undisclosed material information. Masimo also pled no particularized facts showing that Mr. Myers was familiar with the technical subject matter of the applications, let alone knew of undisclosed material information therein. That is confirmed by Masimo's failure to quote anything from its pleading alleging any such knowledge.

Regarding the Named Design Inventors, Masimo fails to demonstrate that its vague and

7

conclusory allegation "that the Named Design Inventors had exposure to the development" process plausibly shows that they *knew* of any undisclosed material information. *Id.* at 14 (citing D.I. 31 at 14-15). Once again, Masimo's allegation is speculative and unsupported by particularized pleadings of fact.

### D. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing That Any Individual Had A Specific Intent To Deceive The PTO

Masimo identifies no pleadings of particularized facts showing that Mr. Myers or the Named Design Inventors had specific intent to deceive the PTO. Tellingly, Masimo offers no quotation from its pleading to support its assertion of specific intent.

Contrary to its new assertion, Masimo nowhere "pleads facts showing Mr. Myers and the Named Design Inventors understood the consequences that the material information could have in trying to obtain the Sensor Design Patents" and Masimo cites nothing in its pleading for this assertion. D.I. 83 at 16. In addition, Masimo fails to explain how merely using different law firms for different proceedings plausibly shows specific intent to deceive the PTO, especially given Masimo's failure to plausibly allege that Mr. Myers knew of any undisclosed material information in the first place. Masimo cites no case law that supports its novel theory that merely using multiple law firms—a common practice—shows specific intent to deceive the PTO. Further, Masimo fails to demonstrate that its bare allegation that Mr. Myers "compartmentalized information" (*id.* at 16) is more than a conclusory assertion, and Masimo again misleadingly paraphrases its pleading by omitting the reference to "others at Apple." D.I. 31 at 12.

Moreover, Masimo nowhere "alleges facts showing that Mr. Myers concealed and withheld this material information from the PTO because he knew it would have resulted in the PTO rejecting the claims." D.I. 83 at 17. Masimo quotes nothing in its pleading for this new assertion.

8

Finally, Masimo fails to identify anything in its pleading that supports its assertion that the Named Design Inventors had specific intent to deceive the PTO. Masimo's brief asserts that "Masimo's allegations show they had incentive to conceal the information" (*id.*); however, Masimo cites nothing in its pleading for this new assertion. Indeed, Masimo identifies no allegations showing that anyone had "incentive" and/or acted to conceal anything with intent to deceive the PTO.

### E. Masimo Fails To Demonstrate That It Pled Particularized Facts Showing How Any Undisclosed Information Was But-For Material To The Patentability Of The Sensor Design Patents

Masimo fails to show that it pled but-for materiality of any allegedly undisclosed information with the requisite particularity.

*First*, contrary to Masimo's assertion (D.I. 83 at 17-18), Masimo's failure to plead but-for materiality is not limited to its functional and non-ornamental allegations, but also concerns Masimo's related, speculative allegations that the design patents were purportedly invented by the Named Utility Inventors. D.I. 55 at 20. Indeed, Masimo itself concedes that its allegations of these two theories are intertwined. D.I. 83 at 18 ("These facts plausibly allege the claimed design of the dome and the sensor was ***both functional and invented by others***.") (emphasis added).

*Second*, Masimo's assertion that it alleged with particularity the inequitable conduct requirement of concealment (*id.*) is not only inaccurate, for the reasons stated in Section II.D above, but also irrelevant to the separate and discrete requirement of but-for materiality. *See Invista*, 2013 WL 12304544, at *5 ("materiality and intent must be viewed separately").

*Third*, Masimo's assertions regarding the separable elements depicted in the figures of the claimed designs (*e.g.*, dome-shaped sensor and arc-shaped electrodes) (*id.*) fail to demonstrate that it pled with particularity that the Sensor Design Patents would not have issued. The law is clear

9

that "design patents protect the overall ornamentation of a design, not an aggregation of separable elements."  *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).

*Finally*, as explained in Apple's opening brief, Masimo's own allegations confirm that the purported functions on which Masimo relies could be accomplished with alternative designs.  D.I. 55 at 19.  Masimo does not and cannot allege that no alternative designs could perform the same function.  To the contrary, Masimo repeatedly quotes portions of the '912 Publication that use permissive, exemplary language regarding how features "may" be designed.  *Id.* (quoting D.I. 31 at 15-17).  Rather than rebut Apple's argument, Masimo concedes that the existence of alternative designs "may be relevant at trial."  D.I. 83 at 19.  In sum, Masimo's allegations do not plausibly show that the claimed designs are "dictated by" function and, thus, they fail as a matter of law.  *Ethicon End-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015).

### F. Masimo Fails To Demonstrate That It Pled Infectious Unenforceability

Masimo fails to identify the patents to which its request of infectious unenforceability applies, let alone "the required 'immediate and necessary relation'" between the asserted patents and those that are allegedly infected.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2009 WL 4928024, at *9 (D. Del. Dec. 18, 2009).  Contrary to Masimo's assertion, Apple is not "merely quibbling about the potential scope of relief" sought by Masimo's inequitable conduct claim.  D.I. 83 at 20.  Masimo's flippant response still fails to identify and put Apple on notice of the patents Masimo seeks to render unenforceable.  As such, Masimo fails to demonstrate that it properly pled infectious enforceability.

### III. CONCLUSION

For the reasons discussed above and in Masimo's opening brief, the Court should grant Apple's motion to dismiss Masimo's inequitable conduct counterclaim and strike its inequitable conduct affirmative defense.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Bindu A. Palapura* |
|  | David E. Moore (#3983) |
| John M. Desmarais | Bindu A. Palapura (#5370) |
| Jordan N. Malz | Andrew L. Brown (#6766) |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| DESMARAIS LLP | Wilmington, DE  19801 |
| 230 Park Avenue | Tel:  (302) 984-6000 |
| New York, NY 10169 | dmoore@potteranderson.com |
| Tel: (212) 351-3400 | bpalapura@potteranderson.com |
|  | abrown@potteranderson.com |
| Peter C. Magic |  |
| DESMARAIS LLP | *Attorneys for Plaintiff/Counter-Defendant* |
| 101 California Street | *Apple Inc.* |
| San Francisco, CA 94111 |  |
| Tel: (415) 573-1900 |  |

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  April 18, 2023
10762374.2 / 12209.00051

11