# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MASIMO CORPORATION, | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

## JOINT LETTER TO JUDGE HALL REGARDING MAY 5, 2023
## SCHEDULING CONFERENCE

| | |
|---|---|
| David E. Moore (#3983) | John C. Phillips, Jr. (#110) |
| Bindu A. Palapura (#5370) | Megan C. Haney (#5016) |
| Andrew L. Brown (#6766) | PHILLIPS MCLAUGHLIN & HALL, P.A. |
| POTTER ANDERSON & CORROON LLP | 1200 North Broom Street |
| Hercules Plaza, 6th Floor | Wilmington, DE 19806 |
| 1313 N. Market Street | Tel: (302) 655-4200 |
| Wilmington, DE 19801 | jcp@pmhdelaw.com |
| Tel: (302) 984-6000 | mch@pmhdelaw.com |
| dmoore@potteranderson.com | |
| bpalapura@potteranderson.com | *Attorneys for Defendants Masimo Corporation* |
| abrown@potteranderson.com | *and Sound United, LLC* |

*Attorneys for Plaintiff/Counter-Defendant*
*Apple Inc.*

Dated: May 1, 2023

Re:     *Apple Inc. v. Masimo Corporation, et al*, C.A. No. 22-1377-MN-JLH

Dear Judge Hall:

Plaintiff Apple Inc. ("Apple") and Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") submit this joint letter in response to the Court's April 12, 2023 Order Setting Scheduling Conference, in which the Court requested information concerning the parties' other pending litigations. D.I. 86. Additionally, in view of the parties' pending motions in C.A. No. 22-1377 and C.A. No. 22-1378, the parties respectfully request guidance from the Court on which, if any, of the motions the Court would like the parties to address at the scheduling conference.

## I.  All Pending Litigation Between The Parties.

### (a)  District Court Proceedings

***Masimo Corporation and Cercacor Laboratories, Inc. v. Apple Inc.*, C.A. No. 8:20-00048-JVS-JDE (CDCA) (the "CDCA Case")**

Masimo and Cercacor Laboratories, Inc. ("Cercacor") filed the CDCA Case on January 9, 2020, asserting claims of patent infringement, trade secret misappropriation, and correction of inventorship. Masimo and Cercacor allege that Apple willfully infringed twelve of its utility patents through, e.g., Apple's sale of various Apple Watches. Apple denies those claims. Among other defenses, Apple contends that it does not infringe the asserted patents and that those patents are invalid. Apple filed *inter partes* review ("IPR") petitions challenging each patent asserted in the CDCA Case, as shown in Appendix A. On October 13, 2020, the court stayed the patent infringement claims pending the PTAB's disposition of Apple's IPR petitions. *See* Appendix A. The patent claims will remain stayed through the Federal Circuit's decisions on the PTAB's IPR decisions related to those patents. D.I. 786. The parties estimate that those appeals will not resolve until the end of 2023 or early 2024. *See* Appendix A.

Masimo also alleges that Apple misappropriated Masimo's and Cercacor's trade secrets in connection with Apple Watch. Masimo and Cercacor also allege that Apple filed patents claiming inventions to which certain Masimo and Cercacor employees contributed, such that (1) those employees should be added as named inventors and (2) Masimo and Cercacor should be joint owners of those patents. Masimo and Cercacor seek monetary relief in the form of unjust enrichment or a reasonable royalty.

Apple denies Masimo's and Cercacor's claims. Apple contends that the alleged trade secrets do not meet the definition of trade secrets under California law, including because Apple contends that the information was generally known to the public. Apple contends that it did not misappropriate Masimo's or Cercacor's alleged trade secrets. Apple further disputes that the alleged misappropriation caused any unjust enrichment to Apple. Apple also asserts that Masimo and Cercacor did not file their lawsuit within the time permitted by law. Apple also contends that Masimo's and Cercacor's employees should not be added as co-inventors to the disputed patents and that neither Masimo nor Cercacor is a joint owner of those patents.

The Honorable Jennifer L. Hall
May 1, 2023
Page 2

From April 4 through April 26, 2023, the court held a jury trial on Masimo's and Cercacor's claims for alleged trade secret misappropriation and patent ownership and Apple's defenses to those claims. The jury began its deliberation on April 26, 2023. On April 28, the jury retired from deliberations with plans to resume at 9:00 am PDT on May 1, 2023.

### *Apple Inc. v. Masimo Corporation, et al.*, C.A. No. 22-1377-MN-JLH (D. Del.) (the "1377 Case")

Apple filed the 1377 Case on October 20, 2022, asserting that Masimo and Sound United willfully infringe four of Apple's design patents through, e.g., the sale of Masimo's W1 watch and its charger. Masimo denies Apple's claims. Among other defenses, Masimo contends that the W1 does not infringe the asserted patents, the patents are invalid, and the patents are unenforceable for alleged inequitable conduct. *See* D.I. 31. Apple has moved to dismiss and strike Masimo's allegations of inequitable conduct for failure to satisfy the applicable pleading requirements. *See* D.I. 54.

Apple moved for an expedited jury trial and proposes holding a jury trial approximately eight months from a decision on its motion. *See* D.I. 44; D.I. 82 at 1. Masimo opposes Apple's motion. D.I. 58. Masimo moved to consolidate this case with the 1378 Case identified below (*see* C.A. No. 22-1378, D.I. 47) and proposes holding a jury trial in the consolidated case in February 2026. *See id.*, D.I. 66 at 2-3; 66-3 at 17. Apple opposes Masimo's motion to consolidate. *See id.*, D.I. 56.

### *Apple Inc. v. Masimo Corporation, et al.,* C.A. No. 22-1378-MN-JLH (D. Del.) (the "1378 Case")

On October 20, 2022, Apple filed the 1378 Case, asserting that Masimo and Sound United willfully infringe six of Apple's utility patents through, e.g., the sale of Masimo's W1 watch. Masimo denies Apple's claims. Among other defenses, Masimo contends that the W1 does not infringe the asserted patents, the patents are invalid, and the patents are unenforceable for inequitable conduct. Masimo also asserts counterclaims against Apple for alleged antitrust violations, false advertising, deceptive trade practices, and unfair competition. *See* D.I. 15. Masimo and Cercacor assert counterclaims for alleged willful infringement of ten patents. *See* D.I. 15. Five of Masimo's and Cercacor's patent-infringement counterclaims have been stayed pursuant to 28 U.S.C. § 1659 for involving patents that are currently at issue in the parties' parallel ITC Investigation (described below). D.I. 25.

Apple has moved to dismiss Masimo's counterclaims and strike its inequitable conduct affirmative defense for failure to satisfy the applicable pleading requirements. *See* D.I. 39.

Apple has also moved to (1) sever Masimo's non-patent-infringement counterclaims and Masimo's and Cercacor's patent-infringement counterclaims and (2) stay Masimo's patent-infringement counterclaims with respect to the five remaining Masimo patents. D.I. 34. Apple further moved to stay discovery on Masimo's non-patent infringement counterclaims pending a decision on Apple's motion to dismiss. D.I. 39, 58. Masimo opposes Apple's motions. D.I. 45, 68, 70.

The Honorable Jennifer L. Hall
May 1, 2023
Page 3

Apple proposes holding a jury trial in March 2025 or August 2025, depending on the outcome of its motion to sever.  *See* D.I. 66-1 at 1.  Masimo moved to consolidate this case with the 1377 Case identified above, *see* D.I. 47, and proposes holding a jury trial in the consolidated case in February 2026.  *See* D.I. 66 at 2-3; 66-3 at 17.  Apple opposes Masimo's motion to consolidate.  *See* D.I. 56.

### (b)   Proceedings at the International Trade Commission

***Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (ITC) (the "ITC Investigation")**

Masimo and Cercacor filed the operative complaint in the ITC Investigation on July 7, 2021, asserting that Apple violated 19 U.S.C. § 1337 by, e.g., importing into the United States the Apple Watch Series 6 and later Apple Watch models that infringe five utility patents.  Apple asserted defenses of non-infringement, invalidity, lack of domestic industry, no unfair act that qualifies as a violation of 19 U.S.C. § 1337, adverse effect on public interest, estoppel, ensnarement, equitable doctrines (equitable estoppel, acquiescence, waiver, unclean hands, prosecution laches), and inequitable conduct.

The Administrative Law Judge ("ALJ") issued a final Initial Determination on January 10, 2023, finding a violation by Apple with respect to two claims in one of the five asserted Masimo and Cercacor patents.  D.I. 46-1 at 335-336.  The Commission set a deadline of May 15, 2023 for determining whether to review the final Initial Determination, and set a target date of July 17, 2023 for the completion of the ITC Investigation.  Beyond those dates, the completion of the ITC case will depend upon the duration of any appeals.

### (c)   Related IPR Proceedings and Federal Circuit Appeals

For the Court's reference, Appendix A identifies (1) all pending and terminated IPR proceedings between the parties; (2) the patents at issue in those IPR proceedings; (3) the relation of the IPR proceedings to the above-described district court cases and ITC Investigation; and (4) any related Federal Circuit appeals.  For the parties' pending IPR proceedings, the parties estimate that the PTAB will issue an institution decision six months after a given petition was filed, and, if instituted, issue a final written decision twelve months after institution.  For each Federal Circuit appeal, the parties estimate a resolution of approximately 18 months after the anticipated date of filing a notice of appeal.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10785099/12209.00051

Enclosure
cc:   Clerk of Court (via hand delivery)
      Counsel of Record (via electronic mail)