# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1377 (MN) (JLH) |
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: June 20, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

Dear Judge Hall:

This is a garden-variety motion for leave to supplement existing defenses and counterclaims with additional allegations in accordance with the scheduling order and long before the close of discovery. In case 22-1377, Masimo already alleges three of Apple's four asserted design patents are unenforceable because Apple committed inequitable conduct before the Patent and Trademark Office (PTO). Masimo alleges Apple concealed its own utility patent applications, which demonstrate the claimed designs are functional and Apple named the wrong inventors. In case 22-1378, Masimo relies on the same allegations to assert *Walker Process* antitrust counterclaims. Masimo now seeks leave to amend its pleadings in both cases to add the exact same kind of allegations for the one remaining design patent.

Attachments A and B show Masimo's proposed amendments. The amendments overlap with bases for invalidity that Masimo discovered as it developed its initial invalidity contentions served on June 8. Apart from allegations of deceptive intent, the amendments introduce no new facts—the relevant prior art and basic facts are already at issue in Masimo's invalidity theories. Nothing warrants straying from the liberal policy of freely granting leave to amend.

### Statement Of Facts

Apple filed these two actions in late 2022, asserting four design patents in case 22-1377. In December 2022, Masimo answered the complaints and brought counterclaims. (No. 22-1377 D.I. 31; No. 22-1378 D.I. 15.) Masimo alleged three of the asserted design patents were unenforceable because Apple committed inequitable conduct. In particular, Apple withheld from the PTO its own utility patents and patent applications establishing that the claimed designs were functional and non-ornamental. (No. 22-1377 D.I. 31 pp. 11–21 (Second Defense).) The disclosure of the claimed designs in the same Apple utility patents and applications also demonstrated Apple mispresented the inventorship of the three design patents. (*Id.* at 21–33.) Masimo identified these utility references because either Apple had asserted them against Masimo (e.g., Patent No. 10,987,054) or they belonged to the same family as an asserted patent (e.g., application 16/118,282, to which the '054 patent claims priority). Masimo repeated its allegations in case 22-1378 in support of its *Walker Process* fraud counterclaims. (*E.g.*, D.I. 15 pp. 44–86 (§ F. Apple's Fraudulent Conduct Before The USPTO).) Apple has not answered those allegations because it moved to dismiss. The Court heard argument on June 15, 2023, and is announcing its ruling at the same time this brief is due. (*See* D.I. 115 & 118.)

In the meantime, Masimo developed invalidity theories and served its initial contentions on the June 8 deadline in the scheduling orders. (*E.g.*, No. 22-1377 D.I. 103 at 15.) In those contentions, Masimo identified utility patent application 14/310,694, which published as US2015/0371768 and issued as U.S. Patent No. 9,460,846. When Masimo filed its initial counterclaims, it had not identified the '694 application because, unlike the references for the first three design patents, the '694 application does not belong to the same priority family as any patent asserted against Masimo. The '694 application discloses the same charger claimed in the last asserted design patent, the D131 patent. (*E.g.*, Attachment A at 12, 15–16, 20–21.) The '694 application's disclosure demonstrates the design claimed in the D131 patent is functional and non-ornamental and consequently ineligible for design-patent protection. (*E.g.*, *id.*) And because the '694 application and D131 patent list different inventors, the '694 application also demonstrates the D131 patent's stated inventorship is false. (*E.g.*, *id.* at 38–41.) The '694 application thus shows the D131 patent is invalid.

The Honorable Jennifer L. Hall  2
June 20, 2023

     Apple knew these facts when it pursued the D131 patent: it filed the '694 application before it applied for the D131 patent, and it prosecuted the two applications simultaneously.  As with Masimo's existing inequitable-conduct allegations, Masimo alleges Jeffrey Myers, Apple's Chief IP Counsel, selected different law firms to prosecute the two applications.  Masimo alleges Mr. Myers did so to compartmentalize knowledge of the applications and prevent the PTO from considering material information about the '694 application when examining the application leading to the D131 patent. (*E.g.*, *id.* at 12–13.)  Mr. Myers and the D131 patent's named inventors knew the D131 patent claimed functional and non-ornamental subject matter and knew they had misrepresented inventorship to the PTO. (*E.g.*, *id.* at 15–16, 25–26, 38–42.)  Apple therefore committed inequitable conduct, rendering the D131 patent unenforceable. (*See generally id.*) Apple's fraud at the PTO supplements Masimo's existing *Walker Process* counterclaims.

     The day after serving its initial invalidity contentions, Masimo informed Apple it intended to amend its pleadings in case 22-1377 to include theories that the D131 patent is unenforceable due to inequitable conduct and to correspondingly update its pleadings of fraudulent conduct in case 22-1378.  The parties conferred and Apple declined to consent to the amendments.  Masimo therefore sought leave to amend its pleadings by the June 13 deadline for amending pleadings under Rule 15. (*See* No. 22-1377, D.I. 103 (scheduling order).)

### The Liberal Standard of Rule 15 Strongly Favors Granting Leave to Amend

     Under Rule 15, courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Courts "have shown a strong liberality" in "allowing amendments under Rule 15(a)."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  While courts have discretion to consider additional equities, *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017), typically they may deny leave to amend only in the presence of undue delay, bad faith, dilatory motive, undue prejudice, or futility, *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *accord Foman*, 371 U.S. at 182.  These factors are not all equal, as "prejudice to the non-moving party is the touchstone for the denial of an amendment."  *Mullin*, 875 F.3d at 150 & n.18 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).  This approach strongly favors decisions on the merits rather than on technicalities. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  "The non-movant bears the burden to demonstrate that the proposed amendment should be denied."  *MacQueen v. Union Carbide Corp.*, 2014 WL 1338729, at *2 (D. Del. Apr. 1, 2014).  For the reasons discussed below, Apple cannot meet its burden to show amendment should be denied.

     **Undue Delay**.  Masimo did not delay in seeking to amend.  Masimo informed Apple that it would move to amend within a day of serving its initial invalidity contentions that identified the '694 application.  Masimo also sought leave to amend on June 13, 2023—the stipulated deadline for doing so.  Moreover, only six months have passed since Masimo served its original answers and counterclaims, and significant fact discovery remains.  Indeed, the parties have not exchanged electronic search terms, much less produced substantial document discovery.  Nor have the parties taken any depositions.

     During the meet and confer, Apple argued that Masimo unduly delayed by filing this request about six months after its initial counterclaims.  As the Third Circuit has stated, "a period of eleven months from commencement of an action to the filing of a motion for leave to amend is

not, on its face, so excessive as to be presumptively unreasonable." *Arthur*, 434 F.3d at 205. In *Arthur*, the Third Circuit stated: "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year." *Id.* at 204 (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141–42 (5th Cir. 1993)). That case was from another circuit and involved a delay of nine months plus a finding the movant had acted in bad faith. *See id.*; *Wimm*, 3 F.3d at 141–42. No such facts exist here.

In any event, "simple delay cannot justify denying leave to amend by itself." *Mullin*, 875 F.3d at 151. Only "delay that is protracted and unjustified" qualifies as undue. *Id.* Here, Masimo timely developed its invalidity contentions in accordance with the scheduling order. In doing so, Masimo recognized the '694 application not only demonstrates the D131 patent's invalidity but also evidences inequitable conduct in Apple's prosecution of the D131 patent. Unlike the inequitable-conduct grounds Masimo identified in its original pleadings, the '694 application does not belong to the same priority family as any of the asserted utility patents. Thus, Masimo's timing in seeking leave to amend is neither protracted nor unjustified.

**Bad Faith And Dilatory Motive.** Masimo presents these amendments in good faith and without dilatory motive. After concluding it had an additional basis to assert inequitable conduct, Masimo promptly informed Apple of its intent to amend. The amendments will not delay the schedule.

**Undue Prejudice.** Apple cannot demonstrate prejudice. As discussed, significant fact discovery remains. The proposed amendments merely supplement existing allegations of inequitable and fraudulent conduct. And the core facts underlying the amendments will already be at issue because Masimo will rely on the same facts to demonstrate the D131 patent is invalid. Thus, Apple cannot show that the amendments significantly change the scope of this case. Moreover, the Third Circuit has held that a district court abused its discretion in denying leave to amend far later in the case. *See Adams*, 739 F.2d at 869 (reversing and finding no prejudice even though plaintiff sought to amend after losing a motion for summary judgment).

When the parties conferred, Apple contended it would suffer prejudice by having to brief a new motion to dismiss. Masimo is aware of no case finding prejudice in such circumstances, much less prejudice sufficient to deny leave to amend. Moreover, regardless of the outcome, the Court's imminent ruling on Apple's current motion to dismiss should provide the parties with enough information to avoid another motion to dismiss.

**Futility.** Masimo's new allegations state nonfrivolous defenses and plausible claims for relief. During the parties' conference, Apple argued Masimo's amendments are futile for the same reasons set forth in its pending motions to dismiss and strike. Masimo disagrees for the reasons set forth in its oppositions. Apple also presented no basis for granting its motions to dismiss and strike with prejudice. Thus, if the Court were to grant any portion of Apple's pending motions, it should grant Masimo leave to amend its pending responsive pleadings. In such an amendment, Masimo could amend both the original allegations and D131 patent allegations.

Against the backdrop of Rule 15(a)(2)'s liberal standard, the equities here do not justify denying leave to amend. The Court should permit Masimo to file its proposed amended answers and counterclaims.

The Honorable Jennifer L. Hall 4
June 20, 2023

                                                Respectfully submitted,

                                                */s/ John C. Phillips, Jr.*

                                                John C. Phillips, Jr. (#110)

cc:    All counsel of record (via Email & CM/ECF)