# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>　　　　　Defendants. | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION,<br><br>　　　　　Counter-Claimant,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Counter-Defendant. | |
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>　　　　　Defendants. | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC.,<br><br>　　　　　Counter-Claimants,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Counter-Defendant. | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Cosmin Maier
Jordan N. Malz
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  June 29, 2023
1089698 / 12209.00051

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*



**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

June 29, 2023

**VIA ELECTRONIC FILING**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

    Re:    *Apple Inc. v. Masimo Corp. and Sound United, LLC*, C.A. Nos. 22-1377 & -1378

Dear Judge Hall:

    Plaintiff Apple Inc. ("Apple") respectfully submits this letter in response to the Court's June 26, 2023 Order setting a discovery conference. 1377 Case, D.I. 141; 1378 Case, D.I. 135.

    The Court should compel Masimo Corporation ("Masimo") to produce three samples of the following accused products: (1) Freedom smartwatch; (2) the purportedly redesigned W1 ("Redesigned W1")[1] Masimo referenced in Opposition to Apple's Motion for an Expedited Trial (1377 Case, D.I. 58 at 5); and (3) the Freedom Band (or "B1"). Apple identified these products in its infringement contentions and served discovery requests seeking samples of each one. *See* Ex. B, Apple's Requests for Production (C.A. No. 22-1377) at RFP No. 26; Ex. C, Apple's Preliminary Infringement Contentions (C.A. No. 22-1377) at 2-3; Ex. D, Apple's Preliminary Infringement Contentions (C.A. No. 22-1378) at 2-3. Apple seeks samples of these products from Masimo because Apple has no other avenue by which to obtain them—Apple has been unable to purchase them in the market.

    A motion to compel discovery is controlled by Rule 26(b)(1), which sets forth that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Santiago v. Gray*, C.A. No. 18-814-RGA, 2020 WL 838456, at *2 (D. Del. Feb. 20, 2020) (quoting Fed. R. Civ. P. 26(b)(1)).

    Apple's request for samples of the accused products is indisputably relevant. Each product is identified in Apple's Preliminary Infringement Contentions and—as Masimo's marketing materials confirm—appears to feature a substantially similar rear design to that of the accused W1 in its original, non-redesigned form ("Original W1"). *See* 1377 Case, D.I. 1 at ¶ 3 (showing the rear design of the Original W1); Ex. A at 2 (showing the rear design of the Redesigned W1); Ex. E at 1 (showing the rear design of the Freedom smartwatch), 2 (showing the rear design of the Freedom Band). And Masimo itself stated that the Freedom smartwatch and Freedom Band use the same sensor technology on the rear of each product as is accused in the Original W1. Ex. F, Transcript from Dec. 13, 2022 Masimo Analyst/Inventor Day at 10 ("Our best-in-class health

---

[1] "Redesigned W1" means the W1 Watch with the rear design shown at https://www.masimopersonalhealth.com/products/masimo-w1. *See* Ex. A (capture of webpage as of June 21, 2023).

The Honorable Jennifer L. Hall                                                                                                                                Page 2
June 29, 2023

sensor for wearables currently being deployed in the W1 is launching in the premium consumer watch segment format with Freedom and [Band].").

      Masimo refused to produce any samples of these products, contending that it "do[es] not currently have physical samples of the W1 with the wave electrode [i.e., the Redesigned W1], the Freedom Watch, or the Freedom Band." Ex. G, June 5, 2023 Bunker Email re Discovery Responses at 1. Masimo's claim that it does not possess these products is not credible. Regarding the Redesigned W1, that is the sole W1 design advertised on Masimo's website as currently available for purchase—and has been for the past several months. *See* Ex. H (capture of webpage as of February 23, 2023); Ex. A (capture of webpage as of June 21, 2023). Apple's counsel has repeatedly placed orders through that website yet received only Original W1s via such purchases. *See, e.g.*, 1377 Case, D.I. 67 at ¶¶ 3–12. While Masimo's website may be misleading in that it advertises the Redesigned W1 while in fact shipping to customers the Original W1, Masimo cannot credibly assert that it possesses no example of a product it currently advertises for sale. This is particularly true given that Masimo has trumpeted that purported redesign as a reason why Masimo should not be enjoined from selling the W1. 1377 Case, D.I. 68 at 11 ("Apple has no need for an expedited trial to enjoin a design that is being phased out.").

      With respect to the Freedom smartwatch, Masimo's CEO wore that product at trial in California in April 2023 and testified under oath about it in response to questions from his own counsel eliciting the information:

```
2  Q    Now, when you said "this," you pointed to your wrist?
3  A    Sorry.  This is a new version.  Yes, SR W1.
4  Q    W1 is the physical exhibit of 0110 that we introduced
5  earlier?
6  A    Yes, this thing (indicating).
7  Q    I'd like you to take a look at Exhibit 1363 and identify
8  that for the record.
9  A    Yes.  That's a presentation regarding Freedom, which is
10 this guy, in August 2022.
```

Ex. I, Apr. 5, 2023 Trial Tr. of Masimo's CEO Joe Kiani in *Masimo Corp. v. Apple Inc.*, No. 20-cv-48-JVS-JDE (C.D. Cal.) at 61:2-10. Masimo also publicly displayed the Freedom smartwatch at a tennis tournament—the 2023 BNP Paribas Open—more than three months ago.



(Ex. J, Screenshot of video posted by Masimo on March 24, 2023 from the BNP Paribas Open at 00:18, *available at* https://www.facebook.com/MasimoCorp/videos/5949478548479363/?extid=CL-UNK-UNK-UNK-IOS_GK0T-GK1C&mibextid=YCRy0i) (the video caption includes the phrase "debuting the new Masimo Freedom Smartwatch."). And Masimo currently advertises the Freedom smartwatch and Masimo Freedom Band on its website as available for anyone to reserve for an upcoming launch date. Ex. E (https://www.masimoconsumer.com captured on June 21, 2023) (inviting customers to place a deposit and reserve those products "today"). Masimo's website also states that Freedom smartwatch "Arrives Fall 2023." *Id.* With respect to the Masimo Freedom Band, Masimo "expects to have [it] ready for sale this summer." *See* Ex. K (https://www.massdevice.com/masimo-unveils-freedom-health-tracking-smartwatch/ captured on June 28, 2023). If its marketing and public statements are accurate, then Masimo cannot credibly assert it possesses no examples of products that it has shown publicly and currently advertises with plans to start selling in the coming months.

      Finally, Apple's request is proportional to the needs of the case. Apple is only requesting samples of products that: (1) Masimo has advertised for sale or publicized with express intent to sell to the public in the coming months; (2) Apple has explicitly accused of infringement; and (3) Apple has been unable to obtain through commercial means.

      Respectfully,

      */s/ David E. Moore*

      David E. Moore

DEM:nmt/10896986/ 12209.00051

Enclosures

cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)