**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>Defendants. | ) | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>APPLE INC.,<br><br>Counter-Defendant. | ) | |
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>Defendants. | ) | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC.,<br><br>Counter-Claimants,<br><br>v.<br><br>APPLE INC.,<br><br>Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Cosmin Maier
Jordan N. Malz
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: July 3, 2023
10901226 / 12209.00051

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*



**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

July 3, 2023

**VIA ELECTRONIC FILING**
The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Re: Apple Inc.'s Opposition To Masimo's Letter Brief Concerning Discovery Disputes

Dear Judge Hall:

Masimo improperly seeks vast amounts of technical discovery of Apple products and features that Masimo has ***not*** accused of infringement and that Apple does ***not*** contend practice its patents. The Court should deny Masimo's improper requests because they seek overbroad and irrelevant discovery that—especially in view of the parties' broad cross-use agreement—is not proportional to the needs of this case. Masimo's catch-all and repeated refrain that such discovery is necessary to "assess the value" and "functionality" of Apple Watch is vague and without basis.

**BACKGROUND CONCERNING APPLE'S PRIOR PRODUCTIONS AND CROSS-USE**

The parties are engaged in several litigations, including in the Central District of California ("the CDCA case"), in which Masimo accuses Apple of patent infringement and trade secret misappropriation related to Apple Watch, and at the ITC, in which Masimo accuses Apple of patent infringement related to Apple Watch. In this case, Masimo requested, and the Court granted, broad cross-use of documents exchanged between the parties during those litigations. In response to ***many hundreds*** of discovery requests in those cases, Apple produced over ***360,000 documents*** comprising ***over 5,500,000 pages***, including bills of materials, sensor modules, back crystal diagrams and assembly drawings, and many other documents related to Apple Watch. Last week, Apple produced over ***20,000 more documents*** related to Apple Watch—nearly ***ten times*** the volume of Masimo's production in this case.

Despite the breadth of discovery subject to cross-use and the exhaustive search for responsive documents that Apple has already undertaken, Masimo served extremely broad requests in this case. Apple has agreed to search for documents responsive to many of those requests. But for the discovery below, Masimo has failed to: (1) identify any ***specific*** information that Masimo contends is missing from Apple's prior productions; (2) articulate any reason why Masimo's requested discovery is needed; or (3) explain how such information is not cumulative of information that Apple has produced or will produce in response to other requests. Masimo's failure to provide that information, following years of prior litigation between the parties in which Masimo's counsel here participated, demonstrates the disproportionate scope of each request.

**ISSUE #1: MASIMO'S IMPROPER REQUEST FOR ELEMENT-BY-ELEMENT CLAIM CHARTS FOR APPLE PRACTICING PRODUCTS (INTERROGATORY NO. 4)**

Masimo's Interrogatory No. 4 improperly seeks an element-by-element claim chart identifying how Apple's products practice Apple's asserted patents. Apple has already served an expert declaration with Apple's Motion For An Expedited Trial that provides that information for Apple's asserted design patents. D.I. No. 51-3 at 35-39. Apple is still in the process of identifying,

retaining, and working with experts to prepare similar analyses for Apple's asserted utility patents, and will timely disclose that expert analysis according to this Court's schedule. Masimo's demand for that expert discovery now, however, is both premature and inconsistent with the law in this District. The ***only*** case Masimo cites is from the Northern District of California, which has specific local patent rules ***requiring*** "a claim chart if the party wishes 'to rely, for any purpose, on the assertion that its own . . . instrumentality practices the claimed invention." *PersonalWeb Techs., LLC v. Google Inc.*, 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (citing N.D. Cal. Local Rule 3-1(g)). This Court's rules have no such requirement. *See, e.g.*, *Leader Techs. Inc. v. Facebook Inc.*, C.A. No. 08-862-JJF-LPS, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009) (finding "detailed claim charts showing precisely how its products practice each of the asserted claims" to be "unduly burdensome"). Finally, Masimo offers no support for its conclusory statement that having Apple create such charts during fact discovery is necessary for Masimo to conduct "an assessment of the value of the allegedly patented features."

**ISSUE #2: MASIMO'S IMPROPER REQUEST CONCERNING UNACCUSED AND NON-PRACTICING PRODUCTS, NAMELY APPLE WATCH SERIES 0-3 (RFP 15)**

Masimo's RFP No. 15 seeks discovery concerning users' responses and reactions to Apple Watch Series 0 through Ultra (including their chargers) and certain of their features, including their graphical user interface ("GUI"). Apple agrees to produce responsive, non-privileged documents in its possession, custody, or control located by a reasonable search concerning each Apple Watch product that practices one or more of Apple's asserted patents, namely Apple Watch Series 4 through Ultra and Apple Watch's charger. No further discovery is relevant or proportional because Apple Watch Series 0 through 3 are ***not*** accused products, and Apple does ***not*** contend that those products practice its asserted patents. And while Masimo has identified publicly available ***designs*** of earlier Apple Watches as alleged prior art to Apple's design patents, Masimo has not identified those watches as prior art to Apple's utility patents and thus cannot justify technical discovery into those products.[1] In any event, Apple has already produced bills of materials, sensor modules, back crystal diagrams and assembly drawings, and other documents for Series 0-3 (if available) in the CDCA case, rendering further discovery disproportionate.

**ISSUE #3: MASIMO'S IMPROPER REQUEST FOR TECHNICAL DISCOVERY CONCERNING IRRELVANT GRAPHICAL USER INTERFACES (RFPS 42-47 AND 49)**

With these requests, Masimo seeks voluminous and detailed technical information concerning Apple Watch GUIs that have ***not*** been accused of infringement, that Apple does ***not*** contend practice its patents, and have ***not*** been identified by either party as prior art. Masimo's request for this discovery is disproportionate and irrelevant, and should accordingly be denied.

**ISSUE #4: MASIMO'S IMPROPER REQUEST FOR DISCOVERY FROM A SEPARATE APPLE LITIGATION INVOLVING DIFFERENT PARTIES AND PATENTS (RFP 24)**

The Court should reject Masimo's belated attempt to vastly broaden the scope of discovery from Apple's other cases that may be used in this case to now encompass litigation between Apple and an unrelated third party in ITC Investigation No. 337-TA-1266 ("the *AliveCor* case"). That case involves ***different*** parties and ***different*** patents. Moreover, Masimo has again failed to explain what ***specific*** and relevant information it is seeking through this request that is unavailable through Apple's other productions. Indeed, Apple has already produced, and is searching for and

---

[1] Apple identified Series 0 as prior art to Masimo's asserted patents, but for the same reasons that Apple asserted that art in the ITC litigation, eliminating any need for additional discovery.

will produce, discovery concerning Apple Watch's "ECG functionality." A blanket production from the AliveCor case is not warranted. *Wyeth v. Impax Lab'ys, Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (denying motion to compel documents from prior litigation). Masimo's request would also unfairly provide it more interrogatories and ESI custodians and search terms than Apple. And Apple cannot even comply with this request without violating the *AliveCor* protective order, as documents that Apple "served" and "filed" contain AliveCor's confidential information.

**ISSUE #5: MASIMO'S IMPROPER AND PREMATURE REQUESTS FOR SEVERANCE AGREEMENTS, FDA DOCUMENTS, AND FCC DOCUMENTS (RFPS 10, 16, AND 17)**

With respect to Masimo's Request No. 10, which seeks severance agreements, Masimo's only stated relevance of those documents is a speculative assertion that they will contain assignment provisions. But Apple has already produced assignment records and has also agreed to produce employment agreements, rendering Masimo's request for severance agreements cumulative and improper. Indeed, Masimo never explains why a severance agreement could reasonably include a provision by which Apple reassigns patent applications away from the company and into the hands of departing employees. That speculative discovery should be denied.

Through Masimo's Request Nos. 16 and 17, Masimo improperly seeks "***[a]ll documents, communications, and things*** referring or related to ***contemplated*** or actual filings and supporting studies" exchanged between Apple and the FDA and the FCC concerning various features of Apple Watch. In response to these requests, Apple will produce responsive, non-privileged documents in its possession, custody, or control located by a reasonable search concerning actual FDA applications related to Apple Watch's irregular heart rhythm notifications and ECG functionality. Apple has not made FDA applications related to Masimo's other identified features, such as blood oxygen. Moreover, Masimo's request is significantly overbroad as it relates to "contemplated" documents and FCC documents. Masimo has ***never*** articulated what "contemplated" documents are or how FCC documents are relevant to this case, and it fails to do so in its brief.

**ISSUE #6: MASIMO'S IMPROPER REQUEST FOR RADAR DOCUMENTS**

With this request, Masimo fails to identify any specific RFPs, but instead improperly demands that Apple search its Radar system in response to Masimo's ***more than 180 RFPs***. The Court should deny Masimo's request. Radar is a task-tracking system in which tickets (Radar numbers) are generated to address technical issues in Apple's products. There are literally millions of Radar tickets, spanning all of Apple's products ***from the last 30 years***. Each Radar can comprise ***thousands*** of irrelevant documents included by engineers and designers. And critically, Radars are not designed to reflect the final operation of Apple's products, and thus are not informative as to Apple's practicing or accused functionalities. Apple has already produced that information in other documents, including those mentioned above. Indeed, Masimo has failed to show, or even assert, that it does not have the information it needs to understand Apple's products. The testimony Masimo cites from the CDCA case, which concerned allegations of trade secret misappropriation not at issue here, has no relevance to this case, and merely confirms Radar is a "document management system." *See* Ex. 14 at 507:20-22. One Apple witness explicitly stated that he instead keeps his documents on his "primary work computer" (as do Apple's other witnesses). Ex. 16 at 151:19-152:6. Requesting that Apple go through Radars to identify documents that confirm what Masimo already knows would be extremely burdensome, unnecessary, and cumulative. Masimo's request should be denied or, at a minimum, limited to ESI discovery requests directed towards ***specific*** and relevant Radars (e.g., limited by custodian, product/functionality, and timeframe).

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10901226/12209.00051
cc: Clerk of Court (via hand delivery)
Counsel of Record (via electronic mail)