IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1377 (MN) (JLH) <br><br> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <br><br> REDACTED -- PUBLIC VERSION |
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1378 (MN) (JLH) <br><br> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: June 29, 2023

> John C. Phillips, Jr. (No. 110)
> Megan C. Haney (No. 5016)
> PHILLIPS, MCLAUGHLIN & HALL, P.A.
> 1200 North Broom Street
> Wilmington, Delaware 19806
> Telephone: (302) 655-4200
> jcp@pmhdelaw.com
> mch@pmhdelaw.com
>
> *Attorneys for Defendants*

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Dear Judge Hall:

Pursuant to the Court's Order of June 26, 2023 (D.I. 141, C.A. No. 22-1377; D.I. 135, C.A. No. 22-1378, Masimo respectfully requests the Court compel Apple to supplement Apple's response to Interrogatory No. 4, produce documents responsive to Requests for Production Nos. 10, 15-17, 24, 42-47, and 49, and search and produce documents from Apple's Radar system. For the Court's convenience, Exhibit 1 contains a table summarizing the requests, Masimo's offer to narrow, and Apple's responses.

**Procedural History.** Apple asserts four design patents against Masimo in the 1377 Case and six utility patents against Masimo in the 1378 Case ("Apple Asserted Patents"). Dkt. No. 1377-1 ¶ 12; Dkt. No. 1378-1 ¶ 12. The Apple Asserted Patents relate to the design of a charger, the design of the back of a watch, graphical user interfaces (GUI) for electronic devices, and physiological measurements using electronic devices. Apple contends that the Apple Watch Charger and the Apple Watch Series 4-8 and Apple Watch Ultra fall within the scope of the Apple Asserted Patents. Ex. 3 at 14; Ex. 4 at 14. Masimo asserts that the Series 6-8 and Apple Watch Ultra infringe one of more of its patents. Masimo also asserts that Apple has falsely advertised its blood oxygen, irregular heart rhythm notification, and ECG features and functionalities for the Apple Watch. Dkt. No. 1378-15 ¶¶ 142-165.

**Apple's General Objection Based On Cross-Use.** Apple generally objects to Masimo's requests because the parties agreed to cross-use of materials from co-pending actions. Ex. 11 at 1, 2-3. Apple argues that Masimo must identify what discovery is missing from Apple's prior productions and articulate why additional discovery is needed. *Id*. But Masimo cannot know what Apple has in its possession. Apple's attempt to shift the burden to Masimo is therefore misplaced.

**Issue #1 - Apple Products That Practice the Apple Asserted Patents (Interrogatory No. 4).** Interrogatory No. 4 requests Apple to identify and describe how models of the Apple Watch practice the Apple Asserted Patents. Ex. 2 (Interrogatory No. 4). Masimo requested that Apple supplement its response to (1) identify the practiced claims and (2) provide an element-by-element analysis of how the Apple Watch practices the claims. Ex. 8 at 3. Apple has represented it will supplement its response, but maintained it is not required to provide claim charts showing on an element-by-element basis how models of the Apple Watch practice the claims. Ex. 11 at 3. Claim charts explaining Apple's contention why certain models practice its claims are relevant and proportional to Apple's alleged damages, including an assessment of the value of the allegedly patented features. *PersonalWeb Techs., LLC v. Google Inc.*, 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (ordering patent owner to provide limitation-by-limitation claim chart).

**Issue #2 – Testing or Research (RFP No. 15).** Masimo narrowed this request to documents regarding "any testing or research with respect to the efficacy or performance of, or user response or reaction to, the design of the back of the Apple Watch, the design of the Apple Watch charger, the Apple Watch GUI, or the performance of the Apple Watch blood oxygen, irregular heart rhythm notification, or ECG features/functionalities." Ex. 10 at 3. Apple agreed to produce only documents "sufficient to show the efficacy or performance of the back of the Apple Watch Series 4 (and later versions)." Ex. 11 at 2. Apple refuses to produce multiple categories of documents responsive to this request.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 2
June 26, 2023

*User Response or Reaction*. Apple refuses to produce requested documents on the "user response or reaction to" the identified aspects of all models, including those allegedly covered by the Apple Asserted Patents and those that are not. But such documents are relevant and proportional to Apple's alleged damages, including an assessment of the value of the allegedly patented features. They are also relevant and proportional to assessing the functionality of the designs claimed in the Asserted Design Patents.

*Apple Watch Charger; Apple Watch GUI*. Apple refuses to produce requested documents regarding the Apple Watch charger and GUI. The requested documents regarding the Apple Watch charger are relevant and proportional to the functionality of the design claimed in Apple's Asserted Design Patent on the charger. The requested documents regarding the Apple Watch GUI are relevant and proportional to Apple's alleged damages, including an assessment of the value of the features allegedly covered by Apple's GUI patent, and validity of Apple's GUI patent because some of the models are prior art.

**Issue #3 – Additional Technical Documents Regarding Apple Watch GUI (RFP Nos. 42-47, 49).** Masimo served requests for multiple categories of documents on the Apple Watch, including operation of the watch (RFP No. 42), training (RFP No. 43), marketing (RFP No. 44), publications or articles (RFP No. 45), videos on the operation (RFP No. 46), technical documents (RFP No. 47), and research and development (RFP No. 49). Masimo agreed to narrow these requests to documents on the design of the back of the Apple Watch, the design of the Apple Watch charger, the Apple Watch GUI, or the performance of the Apple Watch blood oxygen, irregular heart rhythm notification, or ECG features/functionalities. Ex. 10 at 3-4. Apple limits its responses to the requested documents relating to the "accused features" of the Apple Watch. Ex. 11 at 4-7. Because Masimo is not accusing Apple Watch Series 0-5 of infringement, Apple is refusing to produce the requested documents relating to the Apple Watch GUI on those models. The requested documents regarding the Apple Watch GUI are relevant and proportional to Apple's alleged damages, including an assessment of the value of the features allegedly covered by Apple's GUI patent, and validity of Apple's GUI patent because some of the models are prior art.

**Issue #4 – Documents Regarding Masimo and the Apple Watch ECG Feature From Apple's ITC Proceeding Against AliveCor (RFP No. 24).** Masimo seeks documents concerning Masimo or the Apple Watch that Apple produced, served, or filed in the ITC proceeding between AliveCor and Apple (*In the Matter of Certain Wearable Electronic Devices with ECG Functionality and Components Thereof.*, No. 337-TA-1266 ("*AliveCor*")). Ex. 5 at 8. Apple refused to produce documents because *AliveCor* "involved different parties and different patents" and is an "improper request for cross-use of discovery materials" from a different litigation. *Id.* Both actions, however, involve the same ECG functionality of the Apple Watch. *See, e.g.*, Ex. 20, *AliveCor* Asserted Patent at Fig. 5, Claim 12; Ex. 21, Apple Asserted Design Patent at Fig. 4. Because Apple's Asserted Design Patents allegedly cover components used for ECG measurements, Apple's documents regarding its ECG functionality in *AliveCor* are relevant and proportional to assessing the functionality of the designs claimed in the Asserted Design Patents. The documents are also relevant and proportional to assessing the veracity of Apple's advertisements regarding the performance of the ECG features and functionalities of the Apple Watch.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 3
June 26, 2023

**Issue #5 – Apple's Failure to Agree to Produce Severance Agreements, FDA Documents, and FCC Documents (RFP Nos. 10, 16, and 17).** For multiple requests, Apple agreed that it would investigate the existence of particular documents but did not agree to produce responsive documents. First, Apple agreed to "investigat[e] the existence of any severance agreements" for RFP No. 10, which requests agreements between Apple and the named inventors of the Apple Asserted Patents. Ex. 11 at 1-2; Ex. 5 at 6 (RFP No. 10). Second, Apple also agreed it would investigate "the scope of documents that are responsive to Masimo's narrowed Request[s]" for FDA and FCC documents in response to RFP Nos. 16 and 17. Ex. 11 at 1-2. Although Apple agreed to investigate, Apple did not provide a timeframe for which it would produce responsive documents or agree to produce such documents. Masimo's requests seek relevant and proportional discovery regarding, among other issues, the ownership of the Apple Asserted Patents, the functionality and performance of allegedly patented features in the Apple Watch, and the veracity of Apple's advertisements regarding the performance of the blood oxygen, irregular heart rhythm notification, and ECG features and functionalities. In view of the compressed schedule, Masimo seeks an order compelling Apple to promptly investigate and produce responsive documents.

**Issue #6 – Apple Radar System.** Apple uses a document and project management system called Radar. Ex. 16, Fu Dep. Tr. at 150:18-151:14; Ex. 14, Lamego Dep. Tr. Vol. II at 507:17-508:1; Ex. 15, Bokma Dep. Tr. at 51:15-53:20; Ex. 16, Fu Dep. Tr. at 151:8-14; Ex. 17, Hotelling Dep. Tr. at 119:11-21; Ex. 18, Block Dep. Tr. at 93:21-25. In the parties' co-pending CDCA action, multiple Apple employees identified Apple's Radar system as a source for responsive documents. Ex. 19 at ¶9(e), (f), and (h). In response to Masimo's request that Apple confirm its search will include the Apple Radar system, Apple stated "to the extent specific, responsive Radar documents are identified, Apple will produce those and available metadata in accordance with the ESI Order." Ex. 12 at 1. Apple's refusal to search the Apple Radar system for responsive documents and instead place the burden on Masimo to identify specific documents from Apple's system is misplaced.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: All counsel of record (via Email & CM/ECF)

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall  4
June 26, 2023

## Table of Exhibits

| Ex. No. | Description |
|---|---|
| 1 | Table Summarizing Masimo's Interrogatory and Requests for Production at Issue, Masimo's Offer to Narrow the Same, and Apple's Response Thereto |
| 2 | Defendants Masimo Corporation and Sound United, LLC's First Set of Interrogatories to Apple Inc. (Nos. 1-5), Case No. 22-1377 and -1378, Mar. 16, 2023 |
| 3 | Excerpts of Plaintiff Apple Inc.'s Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-5), Case No. 22-1377, Apr. 17, 2023 |
| 4 | Excerpts of Plaintiff Apple Inc.'s Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-5), Case No. 22-1378, Apr. 17, 2023 |
| 5 | Defendants Masimo Corporation and Sound United, LLC's First Set of Requests for Production to Apple Inc. (Nos. 1-48), Mar. 16, 2023 |
| 6 | Excerpts of Plaintiff Apple Inc.'s Objections and Responses to Defendants' First Set of Requests for Production to Apple Inc. (Nos. 1-49), Case No. 22-1377, Apr. 17, 2023 |
| 7 | Excerpts of Plaintiff Apple Inc.'s Objections and Responses to Defendants' First Set of Requests for Production to Apple Inc. (Nos. 1-49), Case No. 22-1378, Apr. 17, 2023 |
| 8 | Letter from Counsel for Masimo to Counsel for Apple, May 8, 2023 |
| 9 | [AEO] Letter from Apple to Bunker, May 26, 2023 |
| 10 | Email from Counsel for Masimo to Counsel for Apple, June 6, 2023 |
| 11 | Letter from Apple to Bunker, June 21, 2023 |
| 12 | [AEO] Email from Counsel for Apple to Counsel for Masimo, June 21, 2023 |
| 13 | [AEO] Email from Counsel for Masimo to Counsel for Apple, June 22, 2023 |
| 14 | [AEO] Excerpts of Deposition Transcript of Marcelo Lamego, Volume II, July 13, 2022 |
| 15 | [AEO] Excerpts of Deposition Transcript of Louis Bokma, June 16, 2022 |
| 16 | [AEO] Excerpts of Deposition Transcript of Jack Fu, June 16, 2022 |
| 17 | [AEO] Excerpts of Deposition Transcript of Steven Hotelling, August 2, 2022 |
| 18 | [AEO] Excerpts of Deposition Transcript of Ueyn Block, July 21, 2022 |
| 19 | [AEO] Declaration of Robin Goldberg in Response to Order No. 2 of Special Master on Discovery Motions, Dec. 21, 2021, *Masimo Corp. v. Apple Inc.*, No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.) |
| 20 | U.S. Patent No. 10,638,941 |
| 21 | U.S. Patent No. D883279 |

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**