**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants*. | C.A. No. 22-1377-MN-JLH |
| APPLE INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants*. | C.A. No. 22-1378-MN-JLH |

**[PROPOSED] <u>ORDER</u>**

At Wilmington, this _____ day of _____, 2023, having considered the parties' Joint Motion for Teleconference to Resolve Discovery Dispute (D.I. 159, C.A. No. 22-1377; D.I. 154, C.A. No. 22-1378) and the papers submitted in connection therewith;

IT IS HEREBY ORDERED that:

1. Defendants' Motion is GRANTED.

2. Plaintiff Apple, Inc. ("Apple") shall:

   a. Describe Dr. Irazoqui's current and planned work or research on technology, for commercial use, of non-invasive physiological measurements;

   b. identify which biological signals Neurava's commercial wearable devices monitor and which biological signals for monitoring by wearable devices Neurava is developing; and

   c. describe why Dr. Irazoqui identifies himself as Scientific Advisor at Neurava and why he is identified as Scientific Advisor on Neurava's website if Apple asserts that Dr. Irazoqui has not and does not work at Neurava.

3. Apple shall identify which Apple products are covered by each asserted claim.

4. A "custodian" for purposes of Apple's obligation to search its Radar system includes individuals who initiated, were assigned to, edited, or annotated a Radar.


_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE