Case 1:22-cv-01377-MN-JLH   Document 172   Filed 07/13/23   Page 1 of 5 PageID #: 10007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and <br> SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1377-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION, <br><br> Counter-Claimant, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and <br> SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1378-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and <br> CERCACOR LABORATORIES, INC., <br><br> Counter-Claimants, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  July 13, 2023
10915115 / 12209.00051

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*



**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

July 13, 2023

**VIA ELECTRONIC FILING**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

    Re:    Apple Inc.'s Opposition To Masimo's Letter Brief Concerning Discovery Disputes

Dear Judge Hall:

Pursuant to the Court's July 7, 2023 Order (1377 Case, D.I. 159; 1378 Case, D.I. 160), Plaintiff Apple Inc. ("Apple") respectfully submits this response to Masimo's July 12, 2023 Letter to the Court (1377 Case, D.I. 170; 1378 Case, D.I. 166 (hereinafter "Masimo's Letter")).

**Masimo's Request to Prevent Disclosure of Protected Materials to Apple's Chosen Expert**

Through Masimo's Letter to the Court, Masimo effectively concedes that it has no good cause to object to Apple's expert, Dr. Pedro Irazoqui ("Dr. Irazoqui"). Instead, Masimo asks the Court to compel Apple to provide information that Apple and Dr. Irazoqui do not have concerning non-party Neurava's current and future products, and to provide further explanation of Dr. Irazoqui's future work or research in physiological monitoring. And—without articulating any standard by which the Court should grant such relief—Masimo asks the court to "issue an order preventing Apple's proposed disclosure to Dr. Irazoqui." Masimo's Letter. 2.

Masimo's request for information about non-party Neurava's products and its request for a protective order preventing disclosure of Masimo's protected information to Dr. Irazoqui should be denied.[1] Dr. Irazoqui does not work for Neurava in any capacity. Ex. A [Declaration of Dr. Irazoqui], ¶ 5. Neurava does not pay Dr. Irazoqui. *Id.* Nor does Neurava sponsor any of Dr. Irazoqui's lab work. *Id.* Moreover, Dr. Irazoqui has no current or planned research or work on technology for any (commercial or non-commercial) use of non-invasive physiological monitoring. *Id.*, ¶ 7. Apple should not be compelled to provide information about a non-party's product development plans that it does not even possess.

The "Agreed Protective Order" (1377 Case, D.I. 127; 1378 Case, D.I. 119) requires the Party seeking to disclose Protected Material (here, Apple) to an expert to provide "information regarding the [expert's] professional activities *reasonably requested* by the Producing Party for it to evaluate whether *good cause* exists to object to the disclosure of Protected Material to the outside expert or consultant." *Id.*, ¶ 12. Masimo's request for information about non-party

---

[1] Masimo also requested a description of "Dr. Irazoqui's current and planned work or research on technology, for commercial use, of non-invasive physiological measurements." Masimo's Letter, 2. Apple already provided that information—Dr. Irazoqui has no such current or planned work or research. Ex. A, ¶ 7.

Neurava's product development plans is not only unreasonable, that information is not necessary to evaluate whether good cause exists to object to Dr. Irazoqui's receipt of Masimo's Protected Material.  ***First***, the information Masimo seeks belongs to non-party Neurava—not Apple or Dr. Irazoqui.  Indeed, Dr. Irazoqui does not "have any information concerning Neurava's current or future products other than what is described on Neurava's public facing website."  Ex. A, ¶ 8.  ***Second***, whatever that information would reveal has no bearing on whether Dr. Irazoqui can abide by the Agreed Protective Order and thus does not constitute the requisite good cause for Masimo's objection.[2]  Dr. Irazoqui does not "work for, or with, Neurava in any way."  *Id.*, ¶ 5.  Masimo does not even speculate as to how Dr. Irazoqui could misuse its confidential information[3] on behalf of a company he does not work for, or with.  Dr. Irazoqui read and understands the Agreed Protective Order, and intends to abide by it.  *Id.*, ¶ 2.

The Agreed Protective Order sets forth that the party objecting to the disclosure "shall have the burden of proving the need for a protective order."  Agreed Protective Order, ¶ 12(b).  Here, Masimo articulates no need and offers only speculation.  *See* Masimo's Letter, 2 ("If Dr. Irazoqui is involved in commercial research or development . . . the risk of inadvertent or improper use of Masimo's confidential and valuable information is increased.")  Masimo's concern can be set aside: Dr. Irazoqui's current funding and work is in therapeutics (i.e., devices that stimulate or control physiological processes), not physiological monitoring.  *Compare* Ex. A, ¶ 7 *with* Masimo's Letter, 1 ("Masimo has produced thousands of pages of highly confidential information on its non-invasive monitoring technologies").  Masimo does not attempt to explain how its protected information about monitoring would be useful in therapeutics.  Nor does Masimo even attempt to explain how its protected information would be useful for Neurava's products that purport to "giv[e] back control to patients with uncontrolled epilepsy," as described on Neurava's public website.  *See* Masimo Ex. 6.

Masimo's suggestion that it is entitled to a protective order because Dr. Irazoqui is listed as a scientific advisor on Neurava's website is also without merit.  *See* Masimo's Letter, 2.  Dr. Irazoqui appears on Neurava's website because its founders are Dr. Irazoqui's former students, and its intellectual property emerged from Dr. Irazoqui's lab at Purdue.  *See* Ex. A, ¶¶ 2–5.  He does no work for Neurava.  *Id.*, ¶ 5   Thus, Dr. Irazoqui's appearance on Neurava's website does not raise any bona fide concern that he will not comply with the Agreed Protective Order.  Accordingly, the Court should deny Masimo's request for relief.

**Outstanding Items From the July 7 Discovery Dispute Conference**

*Identification of Practicing Products ("Issue #1").*  The Court has already resolved this dispute.  Masimo has failed to provide any reason why the Court should reconsider its prior order.  Indeed,

---

[2]     The Agreed Protective Order explains that "'good cause' shall include an ***objectively reasonable concern*** that the Person will, advertently or inadvertently, use or disclose Discovery Material in a way or ways that are inconsistent with the provisions contained in [the Agreed Protective Order]." Agreed Protective Order, ¶ 12(c).

[3] Masimo's Letter endeavors to describe Masimo's "core technologies" not by reference to the Accused Products in this case (i.e., the Masimo W1, Freedom, and Band) but rather to unaccused and irrelevant products.  Tellingly, Masimo cites no such documents reflecting these purportedly "core technologies" from its document production that would be disclosed to Dr. Irazoqui.  *See* Masimo Letter, 1 (describing, inter alia, Masimo's EEG, DSA, and SedLine® products).  Nor does Masimo's letter provide any evidence of competitive harm to itself from disclosure to Dr. Irazoqui.

at last Friday's hearing, this Court asked Apple whether its contentions let Masimo know what products Apple thinks are covered by Apple's asserted patents. July 7, 2023 Hearing Transcript ("Tr.") at 13. Upon Apple's confirmation that its contentions do that, and that Apple would continue to supplement its interrogatory responses pursuant to Apple's ongoing investigation, the Court denied Masimo's request for further detail prior to expert discovery. *Id.* at 14 ("[T]hat first request is going to be denied."). There is no reason for the Court to reconsider its prior order (and Masimo fails to identify one). Masimo's request should again be denied.

*RADAR Discovery ("Issue #6)*. The Court should deny Masimo's continued, overbroad demands for RADAR discovery. Masimo has shown throughout this case that it is never satisfied with reasonable and proportional discovery. Since this dispute began, Apple has made repeated, reasonable proposals to resolve this issue. Masimo has rejected each one. Apple's current proposal is that, for each of Masimo's *twenty* (20) identified custodians, Apple will: (1) search for RADARs that were either created by those custodians or ever assigned to those custodians; (2) apply Masimo's *twenty* (20) search terms to those identified RADARs (subject to any search term modifications necessitated by either the specific search parameters of the RADAR system or to limit the number of responsive documents to a reasonable amount); and (3) produce non-privileged, responsive documents that hit upon those agreed terms. Masimo instead wants Apple to search for and review *every RADAR* that each of Masimo's twenty identified custodians have *ever engaged with*. That is not reasonable and not proportional to the needs of this case, especially in view of the **380,000** other documents Apple has already produced to Masimo related to Apple Watch. Apple's reasonable proposal should be adopted, and Masimo's repeated overbroad and disproportionate demands for RADAR discovery should be denied.

                                                                          Respectfully,

                                                                          */s/ David E. Moore*

                                                                          David E. Moore

DEM:nmt/10915115/12209.00051

Enclosures
cc:     Clerk of Court (via hand delivery)
           Counsel of Record (via electronic mail)