IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>　　　　　　Defendants. | Civil Action No. 22-1377 (MN) (JLH) |
| APPLE INC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>　　　　　　Defendants. | **REDACTED - PUBLIC VERSION**<br><br><br>Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated:  July 21, 2023

                                            John C. Phillips, Jr. (No. 110)
                                            Megan C. Haney (No. 5016)
                                            PHILLIPS, MCLAUGHLIN & HALL, P.A.
                                            1200 North Broom Street
                                            Wilmington, Delaware 19806
                                            Telephone:  (302) 655-4200
                                            jcp@pmhdelaw.com
                                            mch@pmhdelaw.com

                                            *Attorneys for Defendants*

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Dear Judge Hall:

Pursuant to the Court's Order (D.I. 181), Masimo requests the Court compel Apple to produce documents responsive to RFP Nos. 62-65, 77-78, 80-84, 86-90, and 112-114. Exhibit 1 recites the text of each request, including some that Masimo narrowed.[1]

The discovery at issue here relates to Masimo's antitrust counterclaims. Unlike some parts of this case, the antitrust counterclaims involve many facts that were *not* subject to discovery in prior cases. Although broader discovery is appropriate, Masimo narrowly tailored its requests to specific factual allegations in its counterclaims. The Court should grant Masimo's motion.

**Apple's refusal to provide discovery on predatory infringement and monopoly leveraging.** This Court recommended denying Apple's motion to dismiss Masimo's antitrust claims. D.I. 124. But Apple refused discovery on predatory infringement and monopoly leveraging by arguing both theories "are invalid as a matter of law, and that the case should not proceed on those theories." D.I. 140 at 2; D.I. 171-2, Ex. B at 1. Apple demanded Masimo agree not to "seek fact discovery," "submit expert reports," or rely on those theories "in summary judgment briefing or at trial." D.I. 171-3, Ex. C at 1. Apple stated it would provide no discovery *at all* on "predatory infringement" and no discovery on "monopoly leveraging" apart from the "narrow scope of documents" it previously agreed to provide. D.I. 171-1, Ex. A at 1; D.I. 171-2, Ex. B at 1-2. Apple also stated it would not (1) answer or supplement interrogatories, (2) perform ESI searching, or (3) provide any initial, supplemental, or pretrial disclosures as to discovery beyond the "narrow scope" of documents it agreed to provide for monopoly leveraging. *Id*.

Apple relies on the Court's observation that it had "questions" about these two theories. Ex. 4 at 19:16-20:6. But the Court did not dismiss either theory or recommend that they be found invalid. As Masimo explained, Apple's motion was not "a good forum to decide the economics of our theories because Apple primarily argues bright-line rules." Ex. 5 at 50:18-20. Masimo argued the theories "should be addressed with expert testimony on the economics," and the Court should examine "the conduct as a whole, which will be developed at that time." *Id*. at 50:21-51:2. At the hearing, Apple argued the Court should preclude discovery on these theories by falsely asserting Masimo was seeking "every App store review." *Id.* at 44:1-4. The Court did not preclude discovery, instead stating it would evaluate discovery requests individually. Ex. 4 at 20:7-10. The Court never allowed Apple to blanketly refuse to provide discovery on these theories.

Moreover, the facts underlying these theories are relevant to Apple's overall predatory scheme, regardless of whether the theories are independently actionable. Masimo's counterclaims include detailed allegations about Apple's overall predatory scheme, including how each category of conduct "compliments the others" in harming competition. *See* D.I. 132 ¶¶ 226-230. Such conduct is also relevant to Apple's monopoly power and predatory intent. *See* Ex. 5 at 52:20-53:6 (the Court asking whether such facts could be relevant to Apple's intent); Ex. 6 at 12-15 (Apple refused to update Masimo's pulse oximetry app until after releasing its pulse oximetry product).

Apple has cited three cases in arguing Masimo's discovery position is "wrong as a matter of law." Dkt. 174 at 2. The first two cases are irrelevant because they are not antitrust cases and involved very different facts. *See IBM v. Priceline Grp. Inc.*, 2017 WL 1349175, at *7 (D. Del.

---

[1] In an effort to limit disputes, Masimo moves on a subset of issues from its request for hearing because the parties resolved some issues and Masimo believes additional discussions may resolve other issues. Unless noted otherwise, all docket cites are to the -1378 case.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 2
July 21, 2023

Apr. 10, 2017) (refusing to allow one inequitable conduct theory that failed to comply with Rule 9 merely because a different theory did comply with Rule 9); *loanDepot.com v. CrossCountry Mortg., Inc.*, 399 F. Supp. 3d 226, 235 (D.N.J. 2019) (rejecting argument that the court was unable to dismiss some but not all tortious interference theories). The third case was an antitrust case, but did not address an overall scheme and found discovery on an invalid theory was completely irrelevant to the case. *See FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 61 (D.D.C. 2022).

Contrary to Apple's assertions, Apple's conduct must be evaluated as a whole. *See Le v. Zuffa, LLC*, 216 F. Supp. 3d 1154, 1168 (D. Nev. 2016) ("'[I]t would not be proper to focus on specific individual acts of an accused monopolist while refusing to consider their overall combined effect.'"); *Stiles v. Wal-Mart Stores, Inc.*, 2019 WL 1429651, at *3 (E.D. Cal. Mar. 29, 2019) (considering patent infringement as part of overall scheme to "push Plaintiff out of the" market). Delaware courts thus consider overall schemes if at least part of the overall scheme is independently actionable. *See, e.g.*, *Rochester Drug Co-op., Inc. v. Braintree Lab'ys*, 712 F. Supp. 2d 308, 318-19 (D. Del. 2010) (plaintiffs sufficiently alleged overall scheme that included sham litigation); *see also 3Shape Trios A/S v. Align Tech., Inc.*, 2019 WL 3824209, at *10-*12 (D. Del. Aug. 15, 2019) (Hall, M.J.) (distinguishing *Rochester* in a case where the alleged conduct was ***all*** legal, explaining a plaintiff should "plead at least one instance of conduct not otherwise insulated from antitrust scrutiny"). Here, even Apple does not dispute that the Court found at least Masimo's *Walker Process* theory independently actionable. Masimo may properly pursue Apple's overall anticompetitive scheme as pleaded in the counterclaims.

**RFPs related to predatory infringement (RFP Nos. 83-84, 86-90).** RFP 83 seeks basic discovery related to Apple's practice of so-called "efficient" or "predatory" infringement, which Masimo's counterclaims explain in detail. D.I. 132 ¶¶ 61-66. RFPs 86-88 seek discovery about specific phrases and instances evidencing Apple's disregard for others' intellectual property, including Apple's use of the motto "good artists copy, great artists steal," Apple's emphasis on a culture of piracy, Apple's practice of so-called "Sherlocking" to implement others' technology, and Apple's CEO championing acts that were found to be anticompetitive because Apple gained a competitive advantage. All of these phrases and instances are specifically identified in Masimo's counterclaims. D.I. 132 ¶¶ 44-47. Masimo also alleged why such tactics are highly relevant to Apple's intent and overall scheme to monopolize. *Id.* ¶¶ 226-230. Apple could provide Masimo's requested discovery, in part, by performing Masimo's requested ESI searches. Ex. 7 at 2. Apple should also perform a reasonable search by questioning potential custodians, etc.

RFP 84 seeks Apple's communications with third parties related to allegations that Apple unlawfully acquired or used intellectual property relating to oxygen saturation, ECG, and heart sensing technologies ("Relevant Technologies"). The counterclaims define the relevant market to include Relevant Technologies. D.I. 132 ¶ 188. RFPs 89-90 seek certain documents related to three specific third parties that each allege Apple misused their intellectual property relating to Relevant Technologies. *See id.* ¶¶ 49-51 (naming each third party). Thus, all of these requests are limited to Relevant Technologies or companies named in the counterclaims that allege misuse of Relevant Technologies. Masimo further limited RFP 89 to pre-suit and other non-litigation communications, and RFP 90 to specific litigation documents that should be easy to locate and produce. *See* Ex. 1. Apple has argued that Masimo can show harm to Masimo only but not harm to competition. Apple cannot take that position and deny Masimo basic fact discovery that would demonstrate harm to competition.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 3
July 21, 2023

Apple refuses to provide discovery based on its blanket objection to discovery on predatory infringement. As discussed, that objection lacks merit. These requests are narrowly tailored to allegations in Masimo's counterclaims that are relevant regardless of Apple's blanket objection.

**RFPs related to monopoly leveraging (RFP Nos. 62-63, 78, 80-82).** RFPs 62-63 seek basic discovery related to market definition and market power for app distribution markets. Apple's only objection to these requests appears to be its blanket refusal to produce discovery on monopoly leveraging. As discussed, that objection lacks merit.

RFPs 78 and 81 seek documents related to specific portions of Apple's Developer Agreement and App Store Review Guidelines that Masimo alleges Apple uses to obtain competitive information. RFP 82 seeks facts about Apple using that competitive information to develop its products. Masimo limited all of these requests to the Relevant Technologies. Apple agreed to produce responsive documents only if they involve ***Masimo***. But, as discussed above, Apple has argued that Masimo fails to show harm to competition rather than just harm to Masimo. D.I. 40 at 3. Unless Apple agrees not to challenge harm to competition, Apple should not be allowed to refuse the very discovery Masimo needs to prove Apple's act harmed other competitors.

RFP 80 seeks documents in Apple's possession relating to Masimo's FDA strategies and interactions. This is the information that Masimo alleges Apple sought to obtain by leveraging its monopoly over iOS app distribution. D.I. 132 ¶¶ 71-74. Apple's internal discussions regarding Masimo's FDA strategies and interactions are thus directly relevant to proving Apple's intent and overall scheme. Apple refuses to provide discovery based on its blanket objection to discovery on monopoly leveraging. As discussed, that objection lacks merit.

**Apple's ecosystem (RFP Nos. 112-114).** These requests relate to Apple's ecosystem, which is discussed throughout Masimo's counterclaims. D.I. 132 ¶¶ 64, 197-201, 220-221. To identify responsive documents, Masimo served email search-term requests for documents containing both the words "watch" and "ecosystem." Ex. 7 at 1. Apple appears willing to run those search terms but plans to withhold documents unless they "discuss whether and how any so-called 'ecosystem' of Apple products relates to the Apple Watch." D.I. 171-2, Ex. B at 3. This would allow Apple to withhold relevant documents identified by Masimo's email search term merely because the documents do not contain the very specific discussion that Apple identifies. The Court should not allow Apple to withhold such documents.

**Time periods for antitrust-related documents (RFP Nos. 64-65, 77-78, 81-82).** The parties dispute the proper time period for these requests. Masimo proposed narrowing these requests to documents created on or after October 20, 2018—four years before the complaint. Ex. 1. This timeframe corresponds to the statute of limitations for Masimo's antitrust counterclaims and the approximate time Apple released the first Apple Watch with the Relevant Technologies. Masimo proposed that this four-year date be reciprocal for both parties' antitrust-related RFPs. D.I. 171-1, Ex. A at 2. Apple refuses to produce documents created before December 2020 or January 2020 (depending on the request). Apple offers no explanation for its December 2020 date, which is less than two years before the complaint. Apple argues the January 2020 date corresponds to Apple's interactions with Masimo regarding iOS app approvals. But RFPs 64-65, 77-78, and 81-82 are not limited to Apple's interactions with Masimo. Apple's timeframe limitation is also fundamentally unfair because Apple is demanding a ***twenty-three***-year timeframe for documents that would support Apple's patent case. *See* Ex. 8 at 1.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 4
July 21, 2023

                    Respectfully submitted,

                    */s/ John C. Phillips, Jr.*

                    John C. Phillips, Jr. (#110)

cc:     All counsel of record (via Email & CM/ECF)

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall   5
July 21, 2023

## Table of Exhibits

| Ex. No. | Description |
|---|---|
| 1 | Table Summarizing Masimo's Requests for Production at Issue, Including Narrowing |
| 2 | Masimo and Sound United's Second Set of Requests for Production of Documents to Apple (50-165), May 5, 2023 |
| 3 | Apple's Responses to Masimo and Sound United's Second Set of Requests for Production of Documents to Apple (50-165), June 13, 2023 |
| 4 | Transcript of Telephonic Hearing Containing the Court's Report and Recommendation Regarding Apple's Motion to Dismiss Masimo's Counterclaims and Strike its Inequitable Conduct Affirmative Defense, June 20, 2023 |
| 5 | Excerpts of Transcript of Hearing Regarding Apple's Motion to Dismiss Masimo's Counterclaims and Strike its Inequitable Conduct Affirmative Defense, June 15, 2023 |
| 6 | Excerpts of Masimo's Responses and Objections to Apple's Second Set of Interrogatories (4-14), June 26, 2023 |
| 7 | Masimo's Email Search Term Tequests, July 13, 2023 |
| 8 | Apple's Email Search Term Requests, July 13, 2023 |

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**