# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff*, | |
| v. | C.A. No. 22-1377-MN-JLH |
| | C.A. No. 22-1378-MN-JLH |
| MASIMO CORPORATION and | |
| SOUND UNITED, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | |
| *Counter-Claimants*, | |
| v. | |
| APPLE INC. | |
| *Counter-Defendant*. | |

<u>**PLAINTIFF APPLE INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS'**</u>
<u>**SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 50-165)**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Delaware, Plaintiff Apple Inc. ("Apple") hereby provides the following Objections and Responses to Defendants Masimo Corporation's ("Masimo"), Sound United, LLC's ("Sound United"), and Counterclaimant Cercacor Laboratories, Inc.'s ("Cercacor") (collectively, "Defendants") Second Set of Requests for Production (Nos. 50-165). Apple's discovery and investigation in connection with this action are continuing. As a result, Apple's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to Apple's right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, the Local

1

Rules of this Court, and any applicable scheduling orders as discovery and Apple's investigation in the action proceeds.

## **GENERAL OBJECTIONS**

Apple makes the following General Objections to Defendants' Second Set of Requests For Production, which apply to each request regardless of whether the General Objections are specifically incorporated into the specific objections and responses below.

1.      Apple objects to each request, definition, and instruction to the extent it calls for information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense/common interest privilege, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, any applicable Orders of this Court, and/or relevant statutory or case law. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

2.      Apple objects to each request, definition, and instruction to the extent it seeks to impose any requirements or obligations in addition to or broader than those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, any applicable orders of this Court, any stipulation or agreement between the parties, and/or relevant statutory or case law.

3.      Apple objects to each request, definition, and instruction to the extent it seeks information that: (a) is not proportional to the needs of the case; (b) is not relevant to any party's claims or defenses; (c) is unreasonably cumulative, repetitive, or duplicative; (d) has already been provided to Defendants or is obtainable from some other source that is more convenient, less

burdensome, or less expensive; (e) creates a burden or expense outweighing any likely benefit; (f) is not restricted to any particular time frame; and/or (g) is overbroad.

4.      Apple objects to each request, definition, and instruction to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

5.      Apple objects to each request to the extent it calls for confidential and/or proprietary information of any individual or entity other than Apple, except as allowed by any court orders, including any applicable orders of this Court, and/or relevant statutory or case law governing the disclosure of such information.

6.      Apple objects to each request, definition, and instruction to the extent it conflicts with or purport to require the production of information prohibited from disclosure by protective orders in other litigations or improperly seek to cross-use information from other litigations.

7.      Apple objects to each request to the extent it calls for legal conclusions, presents questions of pure law, or calls for expert opinion.  No response or agreement to produce discovery shall be construed as acceptance of any contention or legal claim included or implied in the request.

8.      Apple objects to each request to the extent it seeks mental impressions, legal conclusions, legal opinions, or legal theories of Apple.

9.      Apple objects to each request as premature to the extent it calls for discovery, including discovery concerning initial disclosures, the parties' contentions, claim construction, or expert testimony, in advance of the dates set by the Court for disclosure of such information in the relevant scheduling orders.

10.     Apple objects to each definition and instruction to the extent it purports to alter the plain meaning and/or scope of any specific request on the ground that such alteration renders the request vague, ambiguous, overbroad, or uncertain.

11.     Apple objects to each request using the term "Apple Watch," as well as Defendants' definition of that term, as overbroad, vague, ambiguous, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  For example, Defendants' definition of "Apple Watch" includes versions of Apple Watch that are unrelated to the parties' claims and defenses in this case.

12.     Apple objects to each request using the term "Apple Asserted Patents," as well as Defendants' definition of that term, as overbroad, vague, ambiguous, irrelevant, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.  In particular, Apple objects to defining, in this case, "Apple Asserted Patents" to include any patent asserted by Apple in Case No. 22-1378, including but not limited to United States Patent Nos. 10,076,257 (the "'257 patent"), 10,627,783 (the "'783 patent"), 10,942,491 (the "'491 patent"), 10,987,054 (the "'054 patent"), 11,106,352 (the "'352 patent"), and 11,474,483 (the "'483 patent").  Apple interprets "Apple Asserted Patents" in these responses as one or more of the patents asserted by Apple in Case No. 22-1377, including United States Patent Nos. D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), and D735,131 (the "'D131 Patent").

13.     Apple objects to each request using the term "Apple Fraudulently Obtained Patents" as misleadingly adopting Defendants' baseless contention that U.S. Patent Nos. D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 11,474,483 (the "'483 Patent") were

4

fraudulently procured.  Apple will construe the term as those patents subject to Defendants' *Walker Process* claims ("Walker Process Patents") and use that terminology.

14.     Apple objects to each request using the term "concerning," "relating to," "related to," "relate to," or "including," or similar phrases as overbroad, vague, and ambiguous. Furthermore, Apple objects to each use of these terms to the extent that it requires subjective judgment and speculation on the part of Apple.

15.     Apple objects to each request using the terms "document," "communication," and "thing," as well as Defendants' definition of those terms, to the extent it seeks materials beyond what is contemplated by Federal Rule of Civil Procedure 34, applicable Local Rules of this Court, or agreements entered into by the parties.  Apple objects to each request to the extent that it seeks to require Apple to conduct a general search of email or other ESI to identify responsive documents.  Apple does not intend to search and produce emails or ESI based on any such search, absent a showing of good cause by Defendants.  Defendants have not made such a showing with respect to any request.  Apple will not produce tangible things unless specifically designated in the request.

16.     Apple objects to each request using the term "Apple," "You" and "Your," as well as Defendants' definition of those terms, to the extent that those definitions include any persons or entities other than Apple Inc.

17.     Apple objects to each request using the term "Masimo," as well as Defendants' definition of that term, to the extent that those definitions include any persons or entities other than Masimo Corp.

18.     Apple objects to each request using the term "Sound United," as well as Defendants' definition of that term, to the extent that those definitions include any persons or entities other than Sound United, LLC.

19.     Apple objects to each request using the term "Cercacor" as well as Defendants' definition of that term, to the extent that those definitions include any persons or entities other than Cercacor Laboratories, Inc.

20.     Apple objects to each request using the term "prior art," as well as Defendants' definition of that term, as overbroad, vague, ambiguous, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

21.     Apple objects to each request using the term "prosecute," as well as Defendants' definition of that term, as overbroad, vague, ambiguous, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

22.     Apple objects to each request, definition, and/or instruction as overbroad, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense nor proportional to the needs of the case to the extent the request, definition, and/or instruction seeks identification of "all" facts, documents, persons, evidence, or bases, or that purports to require Apple to marshal "all" evidence concerning any issue in dispute.  Consistent with its obligations under the Federal Rules of Civil Procedure, Apple will make a reasonable response and/or production at the appropriate stage of discovery proportional to the needs of the case.  Where Apple commits to producing categories of documents that "are located after a reasonably diligent search" it intends to limit its search to the parties' agreed upon scope of ESI custodians and search

terms, as well as any applicable Court orders.  Unless otherwise stated herein, Apple's reasonably diligent search will include documents created on or between December 12, 2020 and May 31, 2023.

23.     Apple objects to each request using the term "person," as well as Defendants' definition of that term, as overbroad, vague, and ambiguous.  Furthermore, Apple objects to each use of this term to the extent that it requires subjective judgment and speculation on the part of Apple.  Apple interprets Defendants' definition of "Person" as any natural person or legal entity.

24.     Apple's discovery and investigation in connection with this case are continuing. As a result, Apple's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to Apple's right to amend or supplement these objections and responses as discovery and Apple's investigation in this case proceeds.

25.     Apple objects to each request, definition, and instruction to the extent it requires Apple to respond to discovery that is duplicative of discovery provided in *Masimo Corporation et al. v. Apple Inc.*, No. 8:20-cv-00048 and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 and subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

26.     To the extent each request relates to Counter-Claimants' Counterclaims in Case No. 22-1378, Apple reserves the right to revisit its responses following the Court's decision on Apple's motion to dismiss Counterclaims I-VI.  D.I. 39 (No. 22-1378).

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 50:

All documents, communications, and things comparing the Apple Watch to other watches, including but not limited to, the Masimo W1 or Masimo Freedom.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery "comparing" the Apple Watch to "other watches" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of comparisons sought.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276

that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which contain feature, quality, or price comparisons between the Apple Watch and any of the Defendants' W1 Watch, Defendants' Freedom Watch, or any other watch product sold in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 51:

All documents, communications, and things comparing the marketing, sale, distribution, consumers, prices, demand curves, or marketing approaches of Apple Watch to the marketing, sale, distribution, consumers, prices, demand curves, or marketing approaches of other watches, including but not limited to, the Masimo W1 or Masimo Freedom.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information,

documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control that contain marketing, sales, distribution, consumer, price, demand, or marketing comparisons between the Apple Watch and any of the Defendants' W1 Watch, Defendants' Freedom Watch, or any other watch product sold in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 52:**

All documents, communications, and things referring or relating to non-Apple watches that can measure oxygen saturation, take an ECG, or detect arrhythmias, or to any other potential alternative to the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case: (1) to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope; and (2) to the extent it seeks any and all documents concerning certain watches implicating substantial volumes of irrelevant materials.  Apple further objects to this request because the request for discovery regarding "non-Apple watches that can measure oxygen saturation, take an ECG, or detect arrhythmias," and "any other potential alternative to the Apple Watch" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the products for which discovery is sought.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that provide competitive assessments between the Apple Watch and other watch products sold in the United States and which discuss or analyze features in those other watches that measure oxygen saturation, take an ECG, and/or detect arrhythmias, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 53:**

All documents, communications, and things referring or relating to the interchangeability or cross-elasticity of demand between Apple Watches and other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the term "interchangeability" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request as improper to the extent it calls for legal conclusions and/or premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple;

12

that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that discuss the cross-price elasticity of demand between the Apple Watch and any product sold in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 54:

All documents, communications, and things referring or relating to any definition, description, or analysis of the product market(s), product submarket(s), or geographic market(s) in which You compete for the sale of Apple Watches, including marketing studies, analyses, or market reports (internal to Apple or from a third party) that refer to Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this

case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple further objects to this request because the terms and phrases "marketing studies, analyses, or market reports (internal to Apple or from a third party) that refer to Apple Watch" are vague, ambiguous, overbroad, and do not describe with reasonable particularity the type of documents sought. Apple further objects to this request as improper to the extent it calls upon Apple to identify relevant antitrust product markets or geographic markets or submarkets thereof on the grounds that it calls for legal conclusions and/or is premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court. Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that constitute market analyses and studies (for any United States market) for the Apple Watch, to the extent such documents exist, are located after a reasonably

diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 55:**

All documents, communications, and things referring or relating to competition between Apple Watch and other watches, including but not limited to, the Masimo W1 or Masimo Freedom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "referring or relating to competition" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject

to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that contain competitive assessments and competitive analysis of Defendants' W1 Watch, Defendants' Freedom Watch, and any other watch product sold in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 56:**

All documents, communications, and things referring or relating to competitive conditions for any market in which You contend the Apple Watch competes, including  (a) market shares of competing products; (b) trends in pricing; (c) the maturity or lack of maturity of the industries for such products; (d) supply and/or demand; (e) price elasticity; (f) cross-elasticity; (g) the presence or absence of product substitutes; (h) product fungibility or interchangeability; and (i) industry concentration or consolidation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as containing a series of sub-requests that are overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the terms and phrases "competing products," "trends in pricing," "the maturity or lack of maturity of the industries," "price elasticity," "cross-elasticity," "the presence or absence of product substitutes," "product

16

fungibility or interchangeability," and "industry concentration or consolidation" are vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought. Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court. Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that constitute market analyses for the Apple Watch, including documents that discuss any share estimates, competitive products, pricing analyses or comparisons

among products (including price elasticity), and other supply and demand factors facing the Apple

Watch, to the extent such documents exist, are located after a reasonably diligent search, and are

not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order

regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 57:

All documents, communications, and things referring or relating to the buying patterns or behavior of consumers of Apple Watch inside the U.S. as compared to the buying patterns or behavior of consumers of Apple Watch outside the U.S.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Apple incorporates by reference its General Objections.  Apple further objects to this

request as not relevant to the claims or defenses of any party because it seeks discovery concerning

markets outside of the United States.  Apple further objects to this request as overbroad, unduly

burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll

documents, communications, and things" without limitation, including with respect to a relevant

temporal or geographic scope.  Apple further objects to this request because the terms and phrases

"buying patterns" and "behavior of consumers" are vague, ambiguous, and overbroad does not

describe with reasonable particularity the type of documents sought.  Apple further objects to this

request to the extent it seeks information protected from disclosure by the attorney-client privilege,

common interest privilege, and/or work product doctrine, or that is otherwise protected from

disclosure.  Apple further objects to this request to the extent it seeks information, documents,

and/or things that are outside the possession, custody, or control of Apple; that are not kept in the

ordinary course of Apple's business; that can be obtained from other sources that are more

convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or

that are publicly available.  Apple further objects to this request to the extent that it seeks discovery

18

duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All documents, communications, and things comparing versions of Apple Watch sold inside the U.S. to versions of Apple Watch sold outside the U.S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks discovery concerning markets outside of the United States.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less

burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 59:

All documents, communications, and things referring or relating to differences in the regulatory requirements that apply to the Apple Watch in the U.S. as compared to regulatory requirements that apply to the Apple Watch outside the U.S.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks discovery concerning markets outside of the United States.  Apple objects to this request because the phrase "regulatory requirement" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show the differences between the versions of Apple Watch sold inside the U.S. and the versions of Apple Watch sold outside the U.S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks discovery concerning markets outside of the United States.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that

it requests "differences between the versions of Apple Watch sold inside the U.S. and versions of the Watch sold outside the U.S."  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to show the differences between the Apple App Store inside the U.S. and the Apple App Store outside the U.S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks irrelevant discovery about the Apple App Store and because it seeks discovery concerning markets

22

outside of the United States. Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case on the same grounds. Apple further objects to this request because the phrase "differences between the Apple App Store inside the U.S. and the Apple App Store outside the U.S." is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 62:**

All documents, communications, and things referring or relating to any definition, description, or analysis of the market(s) for app stores or app distribution, including marketing studies, analyses, or market reports (internal to Apple or from a third party) that refer to app stores or app distribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party as it seeks irrelevant

discovery regarding the Apple App Store.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "marketing studies, analyses, or market reports (internal to Apple or from a third party) that refer to app stores or app distribution" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request as improper to the extent it calls upon Apple to identify a relevant antitrust market applicable to the Apple App Store on the grounds that it calls for legal conclusions and/or is premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents, communications, and things referring or relating to Apple's control of iOS app distribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party on the grounds that it seeks irrelevant discovery into Apple's iOS application distribution.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the terms and phrases "referring or relating to Apple's control of iOS app distribution" are vague, ambiguous, overbroad, and do not describe with reasonable particularity the type of documents sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases

captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 64:

All documents, communications, and things referring or relating to the ability of Apple users to switch to products or services from other companies, including but not limited to the ease or difficulty with which consumers can switch between Android and Apple devices.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party to the extent it seeks irrelevant discovery concerning Apple products other than the Apple Watch.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "referring or relating to . . . the ease or difficulty with which consumers can switch between Android and Apple devices" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents,

26

and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control created on or between January 1, 2020 and May 31, 2023 that discuss the willingness or ability of Apple Watch users to switch to other products, including without limitation to other watch products to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 65:**

All documents, communications, and things comparing the marketing, sale, or distribution of iOS apps to the marketing, sale, or distribution of apps used on other operating systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party to the extent it seeks irrelevant discovery concerning the marketing, sale, and distribution of applications and to the extent it seeks information regarding the marketing, sale or distribution of iOS apps outside the United States.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because phrase "comparing the marketing, sale, or distribution of iOS apps to the marketing, sale, or distribution of apps used on other operating systems" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use

agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control created on or between January 1, 2020 and May 31, 2023 that discuss whether and to what extent the distribution of iOS apps impacts demand for the Apple Watch to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 66:**

All documents, communications, and things referring or relating to the market shares and/or projected market shares of the Apple Watch from 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning the market shares and/or project market shares of Apple Watch outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation as to a relevant geographic scope and to the extent it seeks information from 2018 to present.  Apple further objects to this request as improper to the extent it calls for legal conclusions regarding the relevant antitrust product market, and premature to the extent it seeks expert discovery in advance of dates for

29

disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which provide any share analysis for the Apple Watch in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 67:**

All documents, communications, and things referring or relating to Apple as a market leader and/or as having a dominant or strong position in connection with sale of Apple Watch, including documents referring or relating to the Apple Watch as a leading, prominent, or dominant watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning Apple's market position outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrases "relating to Apple as a market leader and/or as having a dominant or strong position" and "the Apple watch as a leading, prominent, or dominant watch" are vague, ambiguous, overbroad, and do not describe with reasonable particularity the type of documents sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No.

31

337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which describe the Apple Watch's position in the United States among competing products, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 68:**

All documents, communications, and things referring or relating to the costs or barriers of introducing new, updated, or modified Apple Watches or products that compete with Apple Watches, including, for example, regulatory hurdles, contracts, intellectual property, costs, specialized technical and medical knowhow, developing distribution channels, customer loyalty, brand recognition, and interface with smartphones and smartphone apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information concerning costs or barriers outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "new, updated, or modified Apple Watches" is vague,

ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  The request also seeks material not relevant to any claim or defense, and disproportionate to the needs of the case, to the extent it seeks discovery on a list of facts that could be considered barriers to entry or expansion, such as "regulatory hurdles, contracts, intellectual property, costs, specialized technical and medical knowhow, developing distribution channels, customer loyalty, brand recognition, and interface with smartphones and smartphone apps," including documents that discuss any one of those factors outside the context of discussing them as barriers.  Apple further objects to this request as improper to the extent it calls for legal conclusions and/or premature to the extent it seeks expert discovery on barriers to entry or expansion in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that discuss "barriers to entry" or "barriers to expansion" in the United States for products competing with the Apple Watch, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 69:**

All documents, communications, and things referring or relating to Apple monopolizing or attempting to monopolize any market in which Apple Watch competes, including documents that support or refute your contention that You have not monopolized or attempted to monopolize any market in which Apple Watch competes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information concerning any markets outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "relating to Apple monopolizing or attempting to monopolize any market in which Apple Watch competes" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of documents sought.  Apple further objects to this request as improper to the extent it calls for legal conclusions and/or premature to the extent it

34

seeks expert discovery on barriers to entry or expansion in advance of dates for disclosing such information set by the Court. Apple objects to the request to the extent that it seeks documents that "support or refute" a contention on that grounds that it vague and ambiguous.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.   Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that refer to or describe Apple as having a "monopoly" or "monopolizing" with respect to the Apple Watch in the United States, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  In addition, Apple will produce non-privileged, non-duplicative documents within its possession, custody, or control upon which it intends to rely in defense of Defendants' claim that Apple has "monopolized or attempted to monopolize any market in which Apple Watch competes."

**REQUEST FOR PRODUCTION NO. 70:**

All documents, communications, and things referring or relating to any business justification or pro-competitive benefit Apple asserts in defending against Masimo's antitrust claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and thing" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery on documents "referring or relating to any business justification or pro-competitive benefit" Apple may cite in this litigation is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which it intends to rely in support of any business justification or pro-competitive benefit Apple proffers in defense of Defendants' antitrust claims, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of

discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 71:**

All documents, communications, and things referring or relating to the impact Masimo's products may have on the price, quality, availability, or market-wide output of products in any market in which Apple Watch competes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information concerning any market outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a temporal or geographic scope of the request.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in its possession, custody, and control, which discuss or analyze the competitive impact (if any) Defendants' products may have on the Apple Watch or other products competing with the Apple Watch in the United States, including impact on product pricing, quality, and supply, to the extent such document exists, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

### REQUEST FOR PRODUCTION NO. 72:

For the period from January 1, 2018 to present, documents sufficient to show for each of your Apple Watches on a transactional basis (or the most granular level at which such information is stored):

a. The net price charged;
b. Gross revenue and net revenue, by customer and product, listing the amount of all deductions required to reconcile gross and net revenues;
c. Total quantity of units sold and the total quantity sold, net of any returns by customer;
d. Total quantity of units produced;
e. Marginal cost of production;
f. Cost of goods sold on a per product basis, including but not limited to: (i) direct labor and material costs, (ii) indirect labor and material costs, (iii) manufacturing overhead costs, (iv) standard costs and any associated variances, (v) actual total costs and variances from standard costs, (vi) gross profit, gross margins, or standard margins on a per product basis, and (vii) all costs other than manufacturing costs, on a per product basis, including but not limited to: (A) commissions and other selling expenses, (B) general and administrative expenses, (C) engineering, research, and development expenses, and (D) net income or net profit before taxes on a per product basis;
g. Marketing and sales expenses;
h. Advertising and promotional expenses;
i. Commission and selling expenses;
j. General and administrative expenses;
k. All costs other than standard costs;
l. Actual total cost;
m. Average variable cost;

    n.  Total gross profits or losses;
    o.  Average sales price;
    p.  Sales volume;
    q.  Total net profit;
    r.  Profit margin; and
    s.  Earnings before interest, taxes, depreciation, and amortization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information concerning transactional data regarding sales outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests information predating the commercialization of Masimo's W1 by four years and without limitation, including with respect to a relevant geographic scope.  Apple objects to this request because the sub-requests seeking overlapping documents and information (e.g., "total quantity of units sold" and "sales volume") is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple objects to this request as not relevant to the extent it requests information that has no bearing on the claims or defenses of any party, including "quantity of units produced."  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo*

*Corp. et al., v. Apple, Inc., No. 20-cv-00048* (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 73:

All documents, communications, and things referring or relating to Apple's basis for the following statements in its opening brief in support of its motion for an expedited trial in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377, D.I. 45 (D. Del. Feb. 3, 2023).

a.  "[I]n the latter half of 2023, [Masimo] intends to sell W1 and other smart watches that Masimo has suggested will use W1's infringing design through Sound United's distribution channels—including through retailers that sell Apple Watch, like Best Buy and Amazon. [Citations.] Masimo's competing sales in those retailers will irreparably harm Apple . . . ."  *Id.* at 7-8.

b.  "In the latter half of 2023, . . . Apple Watch and W1 will be in direct competition at the same retailers . . . ."  *Id.* at 8.

c.  "'[T]he ready availability of W1 . . . creates a disincentive for consumers to buy the authentic Apple Watch,' leading to irreparable losses by Apple."  *Id.* at 9.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents,

and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which formed the basis for the cited statements, beyond the support explicitly cited and provided in as part of Apple's motion to expedite, D.I. 45 (No. 22-1377) and supporting materials, to the extent such documents are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 74:**

All documents, communications, and things referring to Apple's strategies, plans and/or policies relating to intellectual property, including maintaining exclusivity rather than licensing the Apple Asserted Patents, Apple's assertion of patents or other intellectual property against others, and Apple's response to assertions of patents or other intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request because the phrases and terms "relating to Apple's strategies, plans and/or

policies relating to intellectual property" are vague, ambiguous, overbroad, seeks materials that are neither relevant nor proportional to the needs of the case, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 75:**

All documents, communications, and things referring to, relating to, or comprising any cease-and-desist letters sent by You or your legal counsel to third parties asserting or referring to any of the Apple Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Apple incorporates by reference its General Objections.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 76:**

All documents, communications, and things referring or relating to Apple's process for approving apps for Apple's App Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery "relating to" Apple's process for approving apps for Apple's App Store is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, which are sufficient to show Apple's standard protocol for review

of applications for Apple's App Store, to the extent such documents exist and are prepared and maintained in the ordinary course, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 77:**

All documents, communications, and things referring or relating to Articles 9.3 or 14.4 of Apple's Developer Agreement as referenced in the Counterclaims, including internal and external communications regarding those provisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request on the grounds that it seeks discovery not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023 discussing the application of Articles 9.3 or 14.4 of Apple's Developer Agreement to Masimo's application for the "Masimo Health" app, Masimo's "SafetyNet" app, and the Cercacor Ember app to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 78:**

All documents, communications, and things referring or relating to instances where Apple invoked, enforced, or attempted to enforce Article 9.3 or 14.4 of Apple's Developer Agreement as referenced in the Counterclaims, in connection with any app or proposed app.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it pertains to any application other than the Masimo Health App, Masimo's "SafetyNet" app, or the Cercacor Ember app as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery regarding "instances where Apple invoked, enforced, or attempted to enforce Article 9.3 or 14.4 of Apple's Developer Agreement" and "proposed app" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents,

45

and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023, which discuss the application of Articles 9.3 or 14.4 of Apple's Developer Agreement to Masimo's application for the "Masimo Health" app, Masimo's "SafetyNet" app, and the Cercacor Ember as well as any documents received from Masimo or Cercacor as part of the review and approval of those applications to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 79:

All documents, communications, and things referring or relating to new or updated Masimo or Cercacor iOS apps (including for Masimo SafetyNet, Masimo W1, or Cercacor Ember), including Apple's review, evaluation, and decision to approve or reject such apps or updates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request on the grounds that it seeks discovery not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or

geographic scope.  Apple also objects to the request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests discovery concerning Apple's "review, evaluation, and decision to approve or reject" applications that do not appear to have any bearing on the relevant market Masimo pleaded.  Apple further objects to this request because the identification of the "Masimo W1" app is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought, and construes it to refer to the "Masimo Health" app.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in its possession, custody, or control created on or between January 1, 2020 and May 31, 2023 concerning Apple's review and approval of the "Masimo Health" app, Masimo's "SafetyNet" app, and the Cercacor Ember app, as well as concerning Apple's review and approval of updates to the Masimo "SafetyNet" app to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 80:**

All documents, communications, and things referring or relating to Masimo's FDA strategies and/or interactions with the FDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks Apple documents concerning Masimo's FDA strategies or communications as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to the phrase "Masimo's FDA strategies" on the grounds that it is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or I*n the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 81:**

All documents, communications, and things referring or relating to Apple's App Store Review Guideline 1.4.1, as referenced in the Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it pertains to any application other than the Masimo Health App, Masimo's "SafetyNet" app, or the Cercacor Ember app as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023 that discuss the application of App Store Review Guideline 1.4.1 to Masimo's application for the "Masimo Health" app, Masimo's "SafetyNet" app, and to Cercacor's application of the Ember app to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 82:**

All documents, communications, and things referring or relating to Apple using information submitted during the iOS app approval process for competitive purposes, including for development of Apple apps or products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent unrelated with any of Defendants' technology or information as not relevant to the claims or defenses of any party.  Apple further objects to this request to the extent that it requests discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to the phrase "for competitive purposes" as vague, ambiguous, overbroad, and not describing with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks

information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023 that comprise or discuss information received from Defendants as part of Apple's App Store review process to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 83:**

All documents or communications referencing, relating to, or discussing the practice of efficient infringement or the practice of infringing or misappropriating intellectual property, even after being informed of such improper conduct, because it is more advantageous to do so than pay to lawfully use or develop the intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery of alleged infringement of intellectual property other than the Masimo Asserted Patents as not relevant to the claims or defenses of any party.  Apple further objects to this request to the extent that it requests discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete.  Apple further objects to this request as

overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "all documents or communications" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery regarding "improper conduct" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc*., No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 84:

All communications with third parties relating to allegations that Apple unlawfully acquired or used intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery into allegations that Apple unlawfully acquired or used third-party intellectual property as not relevant to the claims or defenses of any party.  Apple further objects to this request to the extent it seeks discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "all communications with third parties" regarding such allegations, and to the extent it requests discovery of anything based on "allegations."  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 85:**

All documents, communications, and things referring or relating to any decision or consideration by Apple whether to consider, respect or disregard intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery unrelated to the Masimo Asserted Patents as not relevant to the claims or defenses of any party.  Apple also objects to this request to the extent it seeks discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete. Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "all documents, communications, or things" without limitation, including with respect to a relevant temporal or geographic scope. Apple further objects to this request because the request for discovery relating to "any decision or consideration...whether to consider, respect or disregard intellectual property rights" without defining with reasonable particularity the terms "consider," "respect," or "disregard" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or

54

control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc*., No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 86:

All documents, communications, and things referring or relating to the quote "good artists copy, great artists steal," Apple's use of pirate imagery and flags, the quote "it's better to be a pirate than join the navy," or Apple's practice of taking something from someone else and making it your own, as explained by Bud Tribble (*see* https://www.cnet.com/tech/tech-industry/what-steve-jobs-really-meant-when-he-said-good-artists-copy-great-artists-steal/).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party nor proportional to the needs of the case as it seeks discovery unrelated to Defendants or Apple Watch.  Apple also objects to this request to the extent it seeks discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete.  Apple further objects to this request as overbroad, unduly burdensome, and

not proportional to the needs of this case to the extent that it requests "all documents, communications, or things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to the request on the grounds that it mischaracterizes statements from the article cited.  Apple objects to this request because the request for discovery regarding "pirate imagery and flags" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  No statement in the cited article refers to Apple's use of "pirate imagery and flags" or the quote "it's better to be a pirate than join the navy." Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 87:

All documents, communications, and things referring or relating to the practice of "Sherlocking" or meeting with another company and then Apple deciding to implement an idea or technology from the other company without permission.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party. Apple also objects to this request to the extent it seeks discovery relevant only to claims already subject to litigation between the parties in *Masimo Corp. et al. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal.) for which discovery is complete. Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the request for discovery regarding "Sherlocking."" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement*

*Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 88:**

Communications between Tim Cook and Bruce Sewell related to *U.S. v. Apple Inc., et al.,* No. 1:12-cv-02826-DLC (S.D.N.Y), as referenced in the video available at https://www.youtube.com/watch?v=-wuf3KI76Ds&t=2s, including communications related to the following:

    a.  Sewell explaining that case was an example of Apple making a conscious and deliberate choice to use the legal system to gain a "competitive advantage" over others by "sailing as close to the wind" as possible because capturing ebook sales was "so important" to Apple;

    b.  Sewell stating Apple "ended up being sued by the government and ended up having to pay a large fine;"

    c.  Sewell stating that Apple's CEO, Tim Cook, did not discipline him for his role in allowing Apple to engage in anticompetitive conduct;

    d.  Cook applauding Sewell;

    e.  Cook stating to Sewell, "that's the right choice;" and

    f.  Cook telling Sewell "don't let that scare you, I don't want you to stop pushing the envelope."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as seeking discovery—relating to *U.S. v. Apple Inc., et al.,* No. 1:12-cv-02826-DLC (S.D.N.Y) and communications between Apple's CEO and then general counsel about that litigation—that is not relevant to the claims or defenses of any party nor proportional to the needs of the case. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or the work

product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to the request to the extent that the request itself mischaracterizes statements made in the video cited.  No statement in the cited video suggests in any way that Apple "made a conscious and deliberate choice to use the legal system to gain a competitive advantage," or that Mr. Sewell "allow[ed] Apple to engage in anticompetitive conduct"  Regardless, the conduct at issue in *U.S. v. Apple Inc., et al.,* No. 1:12-cv-02826-DLC (S.D.N.Y), has no bearing on the claims or defenses in this case, or even the relevant market Defendants have alleged.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 89:

All documents, communications, and things referring or relating to AliveCor, Omni MedSci and/or Valencell's allegations that Apple misappropriated their intellectual property and/or improperly acquired their technologies, including all communications and interactions with these companies relating to such allegations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery into third-party allegations of intellectual property infringement or trade secret misappropriation as not relevant to the claims or defenses of any party.  Apple further objects to this request to the extent that it seeks discovery relevant only to claims already subject to litigation between the parties in duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) for which discovery is complete. Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery including the phrase "improperly acquired" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and*

*Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 90:**

All documents, communications, and things referring or relating to Apple's litigations with AliveCor, Omni MedSci, and Valencell, including discovery responses, deposition and trial testimony of Apple witnesses, unsealed trial exhibits, sealed Apple trial exhibits, and documents produced by Apple.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery into Apple's litigation with third parties and/or third-party allegations of intellectual property infringement or trade secret misappropriation as not relevant to the claims or defenses of any party.  Apple further objects to this request to the extent that it seeks discovery relevant only to claims already subject to litigation between the parties in duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) for which discovery is complete.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things

that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 91:

All documents, communications, and things referring or relating to any possible, alleged, or actual violations of U.S. federal, state, or foreign antitrust laws, competition laws, anti-bribery laws, or any similar laws, rules, or regulations by Apple or any current or former officer, director, employee, or agent of Apple, including any documents produced or provided to any governmental entity in connection with an investigation of a violation or alleged violation of the same laws, rules, or regulations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery concerning "any possible, alleged, or actual violations of U.S. federal, state, or foreign antitrust laws, competition laws, anti-bribery laws, or any similar laws, rules, or regulations" as not relevant to the claims or defenses of any party.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents,

communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the scope of the request for discovery—including its reference to "any possible … violation" or reference to "any similar laws, rules, or regulations" is vague, ambiguous, overbroad, not proportionate to the needs of the case, and does not describe with reasonable particularity the type of information sought.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 92:**

All documents, communications, and things referring or relating to Apple's decision to assert the Apple Fraudulently Obtained Patents, including Apple's decision to assert the Apple Fraudulently Obtained Patents against Masimo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly "relating to Apple's decision to assert the [Walker Process Patents]" without limitation.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 93:**

All documents, communications, and things referring or relating to the performance of Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4 and later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple further objects to this request because the request for discovery including the phrase "performance" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the

applicable scheduling orders of the Court.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc*., No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents and communications in Apple's possession, custody, and control, that discuss the clinical accuracy of the measurements provided by Blood Oxygen, ECG, and/or Irregular Rhythm Notification features of Apple Watch Series 4, 5, 6, 7, 8 and Ultra to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 94:

All documents, communications, and things referring or relating to the performance of the Blood Oxygen feature of the Apple Watch at different altitudes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation,

including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery including the phrase "performance" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 95:**

All marketing studies, marketing surveys, consumer studies, and consumer surveys referring or relating to the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4 and later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll marketing studies, marketing surveys, consumer studies, and consumer surveys" regarding the requested subject matter, without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged market studies, market surveys, consumer studies, and consumer surveys in Apple's possession, custody, and control, created on or between January 1, 2020 and May 31, 2023, that discuss the clinical accuracy of the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4, 5, 6, 7, 8, and Ultra, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 96:**

All consumer studies and surveys related to the consumer demand for, consumer use, and consumer response to the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll consumer studies and surveys" regarding the requested subject matter without limitation, including with respect to relevant temporal, geographic, or subject-matter scope.  Apple further objects to this request to the extent it seeks "studies … related to the consumer demand for, consumer use, and consumer response to the Apple Watch" as vague, ambiguous, overbroad, and not proportionate to the needs of the case.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of*

*Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged reports of consumer surveys in Apple's possession, custody, and control, created on or between January 1, 2020 and May 31, 2023, addressing demand for and/or consumer perceptions of the Apple Watch Series 4-8, SE, and Ultra, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 97:

All buyer survey presentations or other summaries of buyer surveys related to Apple Watch Series 4 and later.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll buyer survey presentations or other summaries of buyer surveys" regarding the requested subject matter, without limitation, including with respect to a relevant temporal, geographic, or subject-matter scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery

previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378). Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged buyer survey presentations and summaries of buyer surveys in Apple's possession custody or control that discuss Apple Watch Series 4-8, SE, and Ultra, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 98:

All Pepper Data Reports related to Apple Watch Series 4 and later.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this

case to the extent that it requests every Pepper Data Report relating to Apple Watch Series 4 and later without limitation, including with respect to a relevant temporal or geographic scope. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc*., No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged Pepper Data Reports in Apple's possession, custody, and control that address the Apple Watch Series 4-8, SE, and Ultra, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 99:

All documents, communications, and things identifying or discussing the features of Apple Watch that drive customer demand for Apple Watch Series 4 and later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control, that identify or discuss consumer demand for features of the Apple Watch Series 4-8, SE, and Ultra, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 100:

Documents sufficient to identify all advertising and marketing campaigns promoting the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests discovery as to "all" advertising and marketing campaigns promoting the cited features without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the request for discovery including the phrase "documents sufficient to identify all … marketing campaigns" is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request because the request for production requesting whether an advertisement or marketing campaign "promot[es]" a particular feature is vague, ambiguous, overbroad, and does not describe with reasonable particularity the type of information sought. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly

available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or I*n the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control created on or between January 1, 2020 and May 31, 2023 sufficient to identify all advertisements that explicitly focus on the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4, 5, 6, 7, 8 and Ultra  to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 101:

All documents, communications, and things, analyzing or referring to the impact, analytics, results, or effectiveness of Apple's advertising or marketing campaigns promoting the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without

limitation, including with respect to a relevant temporal or geographic scope, and on the grounds that it seeks discovery into all analysis relating to or referring to the impact of advertisements concerning the cited features. Apple objects to this request because the phrase "Apple's advertising or marketing campaigns promoting the Blood Oxygen, ECG, or Irregular Rhythm Notification features" is vague, ambiguous, and overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple further objects to this request because the terms "analytics" or "results" are vague, ambiguous, and overbroad. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378). Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court. Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023 that discuss the impact or effectiveness of advertising that explicitly focuses on the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4, 5, 6, 7, 8 and Ultra to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 102:

All documents, communications, and things referring or relating to customer complaints, criticisms, or customer feedback related to the Apple Watch, including without limitation with respect to the quality, performance, accuracy, cost, safety, utility, Blood Oxygen feature, ECG feature, or Irregular Rhythm Notification feature.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery into every consumer complaint, criticism, and feedback relating to the Apple Watch as not relevant to the claims or defenses of any party, nor proportional to the needs of the complaint.  Even to the extent the request seeks relevant material, Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the request for discovery regarding "quality," "performance" or "utility" of the Blood Oxygen feature in the Apple Watch is vague, ambiguous, and overbroad.

Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control created on or between January 1, 2020 and May 31, 2023, that analyze, summarize, or survey customer complaints, criticisms, or customer feedback regarding the quality, performance, accuracy, safety, and/or utility of the Blood Oxygen feature, ECG feature, or Irregular Rhythm Notification feature to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 103:**

All documents, communications, and things evaluating, assessing, or reporting consumer sentiment for or against the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control, that analyze, summarize, or survey customer sentiment for the Blood Oxygen, ECG, or Irregular Rhythm Notification features of Apple Watch Series 4, 5, 6, 7,

8 and Ultra, to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 104:**

All documents, communications, and things referring or relating to any of the following, including Apple's planning, drafting, and approval thereof:

a. the September 2020 Apple Event, including portions of the event related to health features such as Blood Oxygen, ECG, or Irregular Rhythm Notification;
b. the September 2021 Apple Event, including portions of the event related to health features such as Blood Oxygen, ECG, or Irregular Rhythm Notification;
c. the September 2022 Apple Event, including portions of the event related to health features such as Blood Oxygen, ECG, or Irregular Rhythm Notification;
d. the statement on Apple's website that "[t]he remarkable sensor and app in Apple Watch Series 6 allow you to take on-demand readings of your blood oxygen as well as background readings, day and night;"
e. the Apple advertisement entitled "It Already Does That;"
f. the statement in Apple's advertising that "[t]he future of health is on your wrist;"
g. the Hello Sunshine advertisement that Apple released in July 2021 showing a woman measuring her blood oxygen saturation while hiking "to the top of a giant mountain;"
h. the Apple healthcare website;
i. the statement on the Apple healthcare website that the irregular rhythm notification occasionally checks for signs of irregular rhythms that may be suggestive of atrial fibrillation (AFib);
j. the statement by Apple that, "With the ECG app, patients who experience symptoms such as rapid or skipped heartbeat, or receive the irregular rhythm notification, can capture an ECG and record their symptoms;"
k. the statement by Jeff Williams when unveiling the Apple Watch Series 4 with ECG that it "is the intelligent guardian for your health;" and
l. the statement by Tim Cook that the Apple Watch "monitors your health and gets help when you need it."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks "[a]ll documents, communications and things" related to the "planning, drafting, and approval" of the cited advertisements as not relevant to the claims or defenses of any party, nor proportional to the needs of the case.  Even to the extent the request

reaches relevant materials, Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications and things" related the "planning, drafting, and approval" of the cited advertisements.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 105:**

All documents, communications, and things referring or relating to Apple's strategic plans for 2018 to present regarding health features of Apple Watch, including any documents presented to Apple's board of directors and any documents comprising such strategic plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks discovery into all aspects of Apple's strategic plans "regarding health features of Apple Watch" as not relevant to the claims or defenses of any party. Apple objects to the request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communication, and things" without

limitation, including with respect to a relevant geographic scope, and to the extent it seeks any such discovery for the period of 2018 to the present.  Apple further objects to this request because the phrases "strategic plans" and "health features" are vague, ambiguous, and overbroad, and seek materials that are neither relevant nor proportional to the needs of the case.  Apple objects to the request to the extent it seeks discovery into documents presented to Apple's board or directors as overbroad, unduly burdensome, and not proportional to the needs of the case.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control that constitute strategic planning documents for the Apple Watch Series 4, 5, 6, 7, 8 and Ultra and that include assessment or analysis of competing products, to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 106:**

All documents, communications, and things referring or relating to the quality or performance of Masimo's products or technologies, including any documents referring or relating to Masimo's reputation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "Masimo's products or technologies" is vague, ambiguous, and overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request as premature to the extent it calls for expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control, that comprise or discuss a competitive assessment of the quality or performance of any Masimo product or the reputation of Masimo in relation to the Apple Watch Series 4-8, SE and Ultra, to the extent such documents exist, are located by a reasonably diligent search, and are not duplicative of discovery that is subject to the parties' cross use agreement.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

### REQUEST FOR PRODUCTION NO. 107:

All documents, communications, and things referring or relating to the pricing of each version of Apple Watch Series 4 and later, including for example, price lists, documents showing any benchmarks considered in pricing, consumer studies, documents concerning any discounts or rebates such as volume-based discounts or rebates, and documents concerning the differences in price between each version of Apple Watch.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning Apple's pricing outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple also objects to this request to the extent it seeks all documents concerning "pricing" including all "price lists" for each version of the Apple Watch Series 4 and later, as well as all documents concerning any discounts or rebates or concerning price differences between versions of the Apple Watch on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course

of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce (1) documents created on or between January 1, 2020 and May 31, 2023 sufficient to show the list price of each version of the Apple Watch Series 4-8, SE and Ultra and (2) responsive, relevant, and non-privileged documents in Apple's  possession, custody, or control that constitute or discuss pricing analyses, strategies, or price setting decisions for each version of the Apple Watch Series 4-8, SE and Ultra, to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## **REQUEST FOR PRODUCTION NO. 108:**

All documents, communications, and things referring or relating to prices, product quality or performance, or innovation in any market in which Apple Watch competes.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 108:</u>**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning Apple's prices, product quality or performance, or innovation outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the request for discovery regarding "prices, product quality or performance, or innovation in any market" is vague, ambiguous, overbroad, and does not describe with reasonable particularity any particular product.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control that compare the Apple Watch Series 4-8, SE and Ultra with other products on sale in the United States in terms of price, quality, performance, or innovation, to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 109:

All documents, communications, and things, including meeting minutes and agendas, referring or relating to meetings of your board of directors and each committee or subcommittee thereof related to pricing, sales, supply, demand, costs, licensing, marketing, revenues, or profits of Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks materials from the Apple Board of Directors, or committees and subcommittees thereof, on the grounds that it seeks discovery not relevant to the claims or defenses of any party nor proportional to the needs of the case.  Apple further objects to the request to the extent it seeks any board of directors' materials concerning Apple's pricing, supply, demand, costs, licensing, marketing, revenues or profits of Apple Watch outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent that it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple also objects to the extent the request seeks discovery broadly on any aspect of "pricing, sales, supply, demand, costs, licensing, marketing, revenues, or profits" of Apple Watch on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case.  To the extent

discovery on those topics is relevant and proportional, such documents are covered by Apple's proposals in response to other requests herein.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 110:**

All documents, communications, and things referring or relating to your projected and actual revenues, profits, and losses for the sale of Apple Watches from 2018 to 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks the requested financial information from 2018 to 2024 on the grounds that it seeks discovery not relevant to the claims or defenses of any party nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks any financial information concerning Apple's sales outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the

extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant geographic scope, and to the extent it seeks information from 2018 to 2024. Apple objects to the request because the request for discovery of all "projections" regarding sales of the Apple Watch is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will produce documents sufficient to show Apple's revenues on the sale of Apple Watch Series 4-8, SE and Ultra within the United States since January 1, 2020, to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 111:

All documents, communications, and things referring or relating to any actual, planned, or proposed increases in the price of Apple Watches, including reports and analyses of customer reactions, lost sales, or the effect of the price increase on sales, profits, or margins.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information concerning Apple's actual, planned, or proposed increases in the price of Apple Watches outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to the request to the extent it seeks every document concerning every contemplated price increase of any Apple Watch on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Apple objects to this request because the request for discovery regarding "reports and analyses of customer reactions" and "the effect of the price increase on sales, profits, or margins" is vague, ambiguous, and overbroad.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-

1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, and control that constitute or describe analyses of the impacts of any price increases on the Apple Watch Series 4-8, SE and Ultra, including financial impacts and customer reactions, to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.

**REQUEST FOR PRODUCTION NO. 112:**

All documents, communications, and things referring to both Apple Watch and Apple's "ecosystem" of interconnected products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party to the extent it seeks "documents, communications, and things referring to . . . Apple's 'ecosystem' of interconnected products."  To the extent any responsive documents would be relevant to the claims or defenses of any party, or proportional to needs of the case, it is covered by Apple's responses to other requests herein.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrase "Apple's 'ecosystem' of interconnected products"

is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 113:**

All documents, communications, and things referring or relating to Apple's strategy to build and maintain users in Apple's ecosystem.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party to the extent it seeks "documents, communications, and things referring or relating to . . . Apple's strategy to build and maintain users in Apple's ecosystem."  To the extent any responsive documents would be relevant to the claims or defenses of any party, or proportional to needs of the case, it is covered by Apple's responses to other requests herein.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant

temporal or geographic scope.  Apple objects to this request because the phrase "Apple's ecosystem" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 114:

All documents, communications, and things referring or relating to Apple's strategy regarding functionality, compatibility, or interoperability of products within Apple's ecosystem, including documents referring or relating to limiting functionality, compatibility, or interoperability to Apple-approved apps and products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party to the extent it seeks "Apple's strategy regarding functionality, compatibility, or interoperability of products within Apple's ecosystem."  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or

geographic scope. Apple also objects to this request because the phrases and terms "Apple's strategy regarding functionality, compatibility, or interoperability of products within Apple's ecosystem," are vague, ambiguous, overbroad, and seek materials that are neither relevant nor proportional to the needs of the case. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 115:**

All documents, communications, and things referring or relating to any alleged legitimate business interests or procompetitive benefits that You contend justify Apple's conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrases and terms "any alleged legitimate business interests or procompetitive benefits" relating to "Apple's conduct" is vague, ambiguous, overbroad, and seeks materials that

are neither relevant nor proportional to the needs of the case.  Apple further objects to this request as premature to the extent it calls for legal conclusions and/or expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control upon which it intends to rely in support of any "procompetitive justification" or legitimate business interest defense Apple intends to assert in response to Defendants' antitrust counterclaims to the extent they exist, are located after a reasonably diligent search, and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 116:**

All documents, communications, and things You shared with any expert in connection with the above-captioned cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as premature to the extent it seeks any expert discovery in advance of dates for disclosing such information set by the Court.  Apple further objects to this request to the extent it seeks information protected from disclosure by the work product doctrine or any other applicable privilege.  Apple objects to this request to the extent it seeks any discovery into Apple's communications with any non-testifying experts.  Apple objects to this request to the extent it requires Apple to reproduce Defendants' documents or non-party documents provided in discovery on the grounds that doing so would be unduly burdensome and infringe upon Apple's attorney work product.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understand this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants to discuss reciprocal exchange of expert materials.

**REQUEST FOR PRODUCTION NO. 117:**

All documents, communications, and things referring or relating to the declaration of James Malackowski dated January 30, 2023, in support of Apple's motion for an expedited trial in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377, D.I. 46, Ex. O (D. Del. Feb. 3, 2023), including all documents, facts and data shared with or considered by James Malackowski.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request as overbroad, unduly burdensome,

96

irrelevant, and not proportional to the needs of this case to the extent that it requests "[a]ll documents, communications, and things" referring or relating to the declaration of James Malackowski dated January 30, 2023, regardless of the relevance of the documents and without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to the request to the extent it calls upon Apple to provide expert discovery beyond the scope of available expert discovery set forth in Fed. R. Civ. P. 26 or any agreement of the parties.  Apple also objects to the request to the extent it seeks materials already produced and/or already within Defendants' possession.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents to the extent not already part of the Court docket in this case, relied upon by James Malackowski in forming the opinions set forth in his January 30, 2023 declaration to the extent they are located after a reasonably diligent search and are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## **REQUEST FOR PRODUCTION NO. 118:**

All documents, communications, and things referring or relating to any communications, including phone calls, emails, letters, text messages, chats, electronic messages, and in-person

conversations between any of Your employees, directors, attorneys, or other representatives, on the one hand, and any employee, director, attorney, owner, partner, or other representative of Politan Capital Management, on the other hand, relating to Masimo, Sound United, or Cercacor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple also objects to the request to the extent it requires review of call records, text messages, chats, and other ESI sources which are disproportionate to the needs of the case.  Apple objects to the request to the extent it requires Apple to identify "any employee, director, attorney, owner, partner, or other representative of Politan Capital Management" on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Apple objects to the request to the extent it seeks discovery into communications by any "attorney" or "representative" of Apple without regard for whether that person is acting at Apple's direction or with Apple's knowledge. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 119:**

All documents, communications, and things referring to, relating to, or identifying any acceptable available noninfringing substitutes for the Accused Features of the Apple Watch, including but not limited to any design-arounds available to Apple and any available third-party products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Apple incorporates by reference its General Objections.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

99

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple does not infringe the Masimo Asserted Patents, thus the Accused Features are themselves noninfringing and do not require "design-arounds."  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to alternative designs and/or substitutes for the Accused Features located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 120:**

All documents, communications, and things referring or relating to Apple's investigation, consideration, or evaluation of any third-party component, product, or technology that Apple contends is an acceptable available noninfringing substitute for the Accused Features on the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Apple incorporates by reference its General Objections.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks any confidential information of third parties.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and

not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple does not infringe the Masimo Asserted Patents, thus the Accused Features are themselves noninfringing and do not require "design-arounds."  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to alternative designs and/or substitutes for the Accused Features located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 121:**

All communications with any third-party offering a component, product, or technology that Apple contends is an acceptable available noninfringing substitute for the Accused Features on the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Apple incorporates by reference its General Objections.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll communications" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 122:**

All documents, communications, and things referring or relating to Apple's requirements for working with third-party component suppliers for the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "Apple's requirements for working with third-party component suppliers for the Apple Watch" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 123:**

All Engineering Requirement Specification Agreements with third-party component suppliers for Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll Engineering Requirement Specification Agreements" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 124:**

All documents, communications, and things referring or relating to Apple's system, rules, or methods for selecting third-party component suppliers for Apple Watch, including but not limited to any Supplier Plan of Record documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378). Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 125:

All documents, communications, and things referring or relating to Apple's policy or preference for having at least two sources for third-party component suppliers for the Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 126:

All documents, communications, and things referring any situation when Apple made an exception to Apple's policy or preference for having at least two sources for third-party component suppliers for the Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 126:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 127:**

All documents, communications, and things referring or relating to Apple's policies, rules, or requirements for third-party component suppliers for Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

108

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 128:**

All documents, communications, and things referring or relating to Apple making exceptions to its Apple's policies, rules, or requirements for third-party component suppliers for Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Apple incorporates by reference its General Objections. Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components. Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378). Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 129:**

All documents, communications, and things referring or relating to Apple's supply chain management policies or requirements for third-party component suppliers for Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials broadly and without limitation as to relevant components.  Apple further objects to this request because the phrases and terms "third-party component suppliers" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).  Apple further objects to this request to the extent it seeks any confidential information of third parties.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 130:**

All documents, communications, and things referring or relating to market growth opportunities for wearables with noninvasive blood oxygen measurements.

110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning opportunities outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case, to the extent that it requests "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple further objects to this request because the phrase "market growth opportunities" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple further objects to the phrase "wearables with noninvasive blood oxygen measurements" to the extent it would require Apple to determine whether any product described in a document fits that description.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands the request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control that discuss any category-wide sales projections and market analyses for wearables with noninvasive blood oxygen measurements, to the extent such documents exist, are located after a reasonably diligent search, and are not duplicative of discovery that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 131:

All documents, communications, and things referring or relating to growing Apple's market share for wearables by incorporating non-continuous or continuous noninvasive blood oxygen measurements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 131:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request to the extent it seeks any information concerning growing Apple's market share for wearables outside of the United States on the grounds that it is not relevant to the claims or defenses of any party.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communications, and things" without limitation, including with respect to temporal or geographic scope.  Apple objects to this request because the phrase "growing Apple's market share for wearables" is vague, ambiguous, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple objects to this request to the extent

112

that it seeks discovery duplicative of discovery previously produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 132:

All documents, communications, and things referring or relating to Apple's analysis of subscription health or wellness services or applications related to noninvasive blood oxygen measurements or other noninvasive health monitoring features.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 132:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party, nor proportional to the needs of the case.  Apple further objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "[a]ll documents, communication, and things" without limitation, including with respect to a temporal or geographic scope.  Apple further objects to this request because the phrases "subscription health or wellness services or applications" and "other noninvasive health monitoring features" are vague, ambiguous, overbroad, and seek materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the

113

extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request as premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court. Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 133:**

Documents sufficient to show (on a monthly basis) all revenue sources, costs, and profits from 2018 to present for all services that are associated, are convoyed with, or are functionally related to the Apple Watch, including but not limited to Apple Store applications that are associated with the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks information regarding "revenue sources, costs, and profits" for "services" not accused of infringement or tied to any Accused Feature. Apple objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "all services." Apple objects to this request because the phrases "services that are associated, are convoyed with, or are functionally related to the Apple Watch" and "Apple Store applications that are associated with the Apple Watch" are vague, ambiguous, overbroad, and seek materials that are neither

relevant nor proportional to the needs of the case.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or product information responsive to this request.

## REQUEST FOR PRODUCTION NO. 134:

Documents sufficient to show (on a monthly basis) Apple's revenue, costs, and profits from 2018 to present for any services related to noninvasive blood oxygen measurements or other noninvasive health monitoring features.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 134:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks information regarding "revenue sources, costs, and profits" for "services" not accused of infringement or tied to any Accused Feature.  Apple objects to this request because the phrase "other noninvasive health monitoring features" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276

that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will not search for or produce information responsive to this request.

**REQUEST FOR PRODUCTION NO. 135:**

Apple's Line of Business Reports for the Apple Watch from 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party.  Apple objects to this request because the phrase "Line of Business Reports for the Apple Watch" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 136:**

Apple's Line of Business Reports for the Apple business segment related to services, applications, or Apple's App Store from 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks documents regarding unspecified "services," unspecified "applications," and "Apple's App Store," none of which are accused of infringement or tied to any Accused Feature.  Apple objects to this request because the phrases "Line of Business Reports" and "Apple business segment related to services, [or] applications" are vague, ambiguous, overbroad, and seek materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al.*, *v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will not search for or produce information responsive to this request.

**REQUEST FOR PRODUCTION NO. 137:**

All documents, communications, and things referring or relating to how sales of the Apple Watch impact or influence Apple's revenue, cost, or profits from the App Store.

117

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks documents regarding "the App Store," which is not accused of infringement or tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al.*, *v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands this request, Apple responds as follows:

Apple will not search for or produce information responsive to this request.

118

**REQUEST FOR PRODUCTION NO. 138:**

All documents, communications, and things referring or relating to how sales of the Apple Watch impact or influence Apple iPhone sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it seeks documents regarding "Apple iPhone sales," which are neither themselves accused of infringement nor tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a temporal or geographic scope.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understand this request, Apple responds as follows:

Apple will not search for or produce information responsive to this request.

## REQUEST FOR PRODUCTION NO. 139:

All documents, communications, and things referring to, relating to, or showing the marking of any products with the patent numbers of any of the Apple Asserted Patents, including marking found on products, packaging, or a posting on the internet.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 139:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use

agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to marking of any products with the patent numbers of any of the Apple Asserted Patents located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 140:**

All documents, communications, and things referring or relating to the value of the technology or features in each claim in the Apple Asserted Patents that you contend Masimo infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client

privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to the value of the technology or features in the Apple Asserted Patents located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 141:

All documents, communications, and things referring or relating to the value of the technology or features in each claim in the Masimo Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this

request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this Request as premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to the purported value of the technology or features in the Masimo Asserted Patents located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 142:**

All documents, communications, and things referring or relating to any assignment, license agreement, covenant not to sue, or other transfer or retention of rights, either to or from Apple, concerning patient monitoring, pulse rate, pulse oximetry, or non-invasive physiological measurements, including, but not limited to, drafts thereof or any inquiries or negotiations concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Apple incorporates by reference its General Objections. Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged assignments, license agreements, covenants not to sue, or other transfers or retention of rights in Apple's possession, custody, or control related to non-invasive monitoring located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 143:**

All documents, communications, and things referring or relating to any assignment, license agreement, covenant not to sue, or other transfer or retention of rights for the Apple Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery

duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged assignments, license agreements, covenants not to sue, or other transfers or retention of rights in Apple's possession, custody, or control for the Apple Asserted Patents located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 144:

All documents, communications, and things referring or relating to any assignment, license agreement, covenant not to sue, or other transfer or retention of rights that may be relevant to the determination of reasonable royalties, if infringement of one or more of the Masimo Asserted Patents or Apple Asserted Patents is found.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession,

custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged assignments, license agreements, covenants not to sue, or other transfers or retention of rights in Apple's possession, custody, or control related to non-invasive monitoring located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 145:

All documents, communications, and things referring or relating to the determination of reasonable royalties, if infringement of one or more of the Masimo Asserted Patents or Apple Asserted Patents is found, including but not limited to all documents relating to each of the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request as premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce non-privileged, non-duplicative documents on which it intends to rely as part of any analysis regarding the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), and further states that Apple may rely on expert testimony regarding the *Georgia-Pacific* factors and documents identified as part of that expert analysis, as well as documents from third-parties or Defendants themselves.  Furthermore, Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 146:

All documents, communications, and things referring or relating to any alleged harm or injury You contend You have suffered as a result of Masimo's alleged infringement of the Apple Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 146:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected

129

from disclosure.  Apple further objects to this request as premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to the harm and/or injury it has suffered as a result of Defendants' infringement of the Apple Asserted Patents located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**<u>REQUEST FOR PRODUCTION NO. 147:</u>**

All documents, communications, and things referring or relating to whether Masimo is or is not entitled to lost profits and the amount of those lost profits, if infringement of one or more of the Masimo Asserted Patents is found.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request as premature to the extent it seeks expert discovery in advance of dates for disclosing such information set by the Court.  Apple will disclose expert opinions in accordance with the applicable scheduling orders of the Court.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

131

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to whether Defendants are or  are not entitled to lost profits, if any, and the amount of those lost profits, if infringement of one or more of the Masimo Asserted Patents is found located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 148:

All documents, communications, and things referring or relating to whether Apple is or is not entitled to lost profits and the amount of those lost profits, if infringement of one or more of the Apple Asserted Patents is found.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected

132

from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to whether Apple is or is not entitled to lost profits and the amount of those lost profits, if infringement of one or more of the Apple Asserted Patents is found located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 149:**

All documents, communications, and things that support or rebut any assertion that Masimo or Apple is entitled to enhanced damages under 35 U.S.C. § 284.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case

to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control that support or rebut any assertion that Defendants or Apple is entitled to enhanced damages under 35 U.S.C. § 284 located by a reasonably diligent search that are not duplicative of discovery

subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 150:**

All documents, communications, and things that support or rebut any assertion that Masimo or Apple is entitled to attorneys' fees under 35 U.S.C. § 285.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request. Nonetheless, Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control that support or rebut any assertion that Defendants or Apple are entitled to attorneys' fees under 35 U.S.C. § 285 located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

**REQUEST FOR PRODUCTION NO. 151:**

All documents, communications, and things referring or relating to any licensing practices or policies of the industry and market that may be relevant to the Masimo Asserted Patents or Apple Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Apple incorporates by reference its General Objections. Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter. Apple further objects to this request because the phrases and terms "licensing practices or policies of the industry and market that may be relevant" are vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple;

136

that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to industry licensing practices or policies located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

## REQUEST FOR PRODUCTION NO. 152:

All year-end financial statements and/or annual reports from Apple from 2018 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 152:

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request to the extent it seeks discovery that is a matter of public record, equally

available to Defendants, and/or equally obtainable from more convenient sources.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll year-end financial statements and/or annual reports" without limitation.

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 153:**

Documents sufficient to show Apple's bill of materials for each component in each version of the Apple Watch from 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of Apple's bill of materials for components unrelated to the issues in this case.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties'

cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will not search for or produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 154:

All documents, communications, and things referring or relating to the advantages or disadvantages of the technology claimed or disclosed in the Masimo Asserted Patents or Apple Asserted Patents over competing technologies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 154:

Apple incorporates by reference its General Objections.  Apple further objects to this request as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case to the extent it requests discovery of "[a]ll documents, communications, and things" without limitation, including with respect to a relevant temporal or geographical scope, and to the extent it seeks all such materials regarding the requested subject matter.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple further objects to this request to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent that it seeks discovery duplicative of discovery produced in the cases captioned *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and *In the Matter of Certain Light-Based Physiological Measurement*

*Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce non-privileged, non-duplicative documents on which it intends to rely as part of any analysis regarding the factors identified in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), and further states that Apple may rely on expert testimony regarding the *Georgia-Pacific* factors and documents identified as part of that expert analysis, as well as documents from third-parties or Defendants themselves.  Furthermore, Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 155:**

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 6 and the Apple Watch Series 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents,

communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "changes between the Apple Watch Series 6 and the Apple Watch Series 7" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use.  D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 156:

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 6 and the Apple Watch Series SE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "changes between the Apple Watch Series 6 and the Apple Watch Series SE" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al.*, *v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 157:

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 7 and the Apple Watch Series SE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "changes between the Apple Watch Series 7 and the Apple Watch Series SE" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery

143

duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 158:

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 7 and the Apple Watch Series 8.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 158:

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "changes between the Apple Watch Series 7 and the Apple Watch Series 8" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.

Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al.*, *v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 159:**

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 7 and the Apple Watch Series Ultra.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature. Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrase "changes between the Apple

Watch Series 7 and the Apple Watch Series Ultra" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al.*, *v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 160:**

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 8 and the Apple Watch Series Ultra.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied

to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrase "changes between the Apple Watch Series 8 and the Apple Watch Series Ultra" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 161:**

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series 8 and the Apple Watch Series SE (2nd generation).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature. Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrase "changes between the Apple Watch Series 8 and the Apple Watch Series SE (2nd generation)" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent that Apple understands the request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 162:**

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with changes between the Apple Watch Series Ultra and the Apple Watch Series SE (2nd generation).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "changes between the Apple Watch Series Ultra and the Apple Watch Series SE (2nd generation)" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks

discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple is willing to meet and confer with Defendants regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 163:**

All documents, communications, and things referring or relating to, or otherwise evidencing, valuations of any physiological monitoring technology or intellectual property relating to physiological monitoring technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Apple incorporates by reference its General Objections.  In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Apple Asserted Patent, Masimo Asserted Patent, or Accused Feature.  Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope.  Apple objects to this request because the phrase "physiological monitoring technology" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case.  Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from

150

disclosure.  Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available.  Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request.  Nonetheless, Apple will produce responsive, relevant, and non-privileged documents on which it intends to rely as part of any analysis regarding valuations of any physiological monitoring technology, and further states that Apple may rely on expert testimony regarding such valuations and documents identified as part of that expert analysis, as well as documents from third-parties or Defendants themselves. Furthermore, Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 164:

All documents, communications, and things referring or relating to forecasts, projections, or strategic evaluations regarding Apple's consideration of a purchase, acquisition, or license of technology from any company concerning physiological monitoring.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not tied to any Apple Asserted Patent, Masimo Asserted Patent, or Accused Feature. Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request because the phrase "physiological monitoring" is vague, ambiguous, overbroad, and seeks materials that are neither relevant nor proportional to the needs of the case. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Defendants' request, which broadly calls for all documents related to a legal test, does not designate with reasonable particularity any category of documents, nor provide sufficient specificity to allow Apple to search for documents in response to the request. Nonetheless, Apple will produce responsive, relevant, and non-privileged documents on which it intends to rely as part of any analysis regarding strategic evaluations of any physiological monitoring technology, and further states that Apple may rely on expert testimony regarding such evaluations and documents identified as part of that expert analysis, as well as documents from third-parties or Defendants themselves. Furthermore, Apple is willing to meet and confer with Defendants regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 165:

All documents, communications, and things referring or relating to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with including pulse oximetry in any Apple Watch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

Apple incorporates by reference its General Objections. In addition, Apple specifically objects to this request as not relevant to the claims or defenses of any party because it is not limited to the Accused Features or the accused Apple Watches. Apple objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents, communications, and things" without limitation, including with respect to a relevant temporal or geographic scope. Apple objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege,

153

and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this request to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple objects to this request to the extent that it seeks discovery duplicative of discovery previously produced in *Masimo Corp. et al., v. Apple, Inc.*, No. 20-cv-00048 (C.D. Cal.) and/or *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof,* No. 337-TA-1276 that is subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

Based on its investigation to date, and subject to and without waiving the foregoing general and specific objections, and to the extent Apple understands this request, Apple responds as follows:

Apple will produce responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to forecasts or projections regarding sales, revenue, expenses, and/or profit associated with including pulse oximetry in any Apple Watch located by a reasonably diligent search that are not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378).

154

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  June 13, 2023

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ Bindu A. Palapura*
   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Andrew L. Brown (#6766)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel: (302) 984-6000
   dmoore@potteranderson.com
   bpalapura@potteranderson.com
   abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

## CERTIFICATE OF SERVICE

I, Mark A. Ford, hereby certify that on June 13, 2023, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

## VIA ELECTRONIC MAIL

John C. Phillips, Jr.
Megan C. Haney
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 N. Broom Street
Wilmington, DE 19806
jcp@pmhdelaw.com
mch@pmhdelaw.com

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Jared C. Bunker
Benjamin A. Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Knobbe.MasimoDE@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park E., Suite 600
Los Angeles, CA 90067
Knobbe.MasimoDE@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Knobbe.MasimoDE@knobbe.com

/s/ Mark A. Ford
Mark A. Ford