# EXHIBIT 8

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Mark Lezama
mark.lezama@knobbe.com

June 30, 2023

VIA EMAIL

Carson Olsheski
Desmarais LLP
230 Park Avenue, 26th Floor
New York, NY 10169

Re:   *Apple Inc. v. Masimo Corp.*, Nos. 22-1377, -1378

Dear Carson:

I write regarding Apple's responses to certain requests for production, as well as Apple's assertions of privilege. We propose conferring on these topics at 10:00 am Pacific on July 5. Please let us know whether that time works for you. If it does not, please suggest some other times on July 5 or 6.

**Request for Production 166**

Request for Production 166 seeks documents, communications, and things referring or relating to Apple's policies, preferences, or practices regarding who to name as an inventor on Apple patent applications. Apple states it will produce only documents "sufficient to identify Apple's policies and/or practices regarding who to name as an inventor on Apple patent applications." Masimo[1] is entitled to the full scope of the request. Apple neither objects on relevance grounds nor explains why it would be burdensome to produce such documents.

**Request for Production 167**

Request for Production 167 seeks documents, communications, and things referring or relating to any consideration of, or decision as to, who to name as an inventor on any of the Apple Asserted Patents. Apple states it will produce only documents "sufficient to identify Apple's policies and/or practices regarding who to name as an inventor on Apple patent applications." Given Masimo's theories of invalidity and inequitable conduct, Apple may not selectively produce only the documents most favorable to its case theory; Masimo is entitled to discovery that undercuts Apple's position. Masimo is entitled to the full scope of the request. Apple does not object on relevance grounds.

**Requests for Production 168 and 171**

Requests for Production 168 and 171 seek, respectively, "documents, communications, and things referring or relating to Apple's policies, preferences, or practices regarding which law firm(s) or lawyer(s) Apple chooses to prosecute Apple patent applications or represent Apple in *inter partes* review proceedings" and "documents, communications, and things referring or relating to Apple's policies, preferences, or practices as to what prior-art references it submits to the Patent and Trademark Office during prosecution of Apple patent applications." In response, Apple states it will produce only documents referring or relating to Apple's policies. But documents, communications, and things referring or relating to Apple's preferences or practices are relevant to Masimo's theories of inequitable and fraudulent conduct; Apple cannot avoid producing responsive materials based on a preference or practice not being an official "policy." Apple does not object on relevance grounds or explain why it would be unduly burdensome to produce these documents. Masimo is entitled to the full scope of the request.

---

[1] In this letter, "Masimo" refers to Masimo Corporation, Sound United, LLC, and Cercacor Laboratories, Inc.

**Knobbe Martens**

**Requests for Production 169 and 173–175**

Apple states it will not search for or produce documents, communications, or things responsive to Requests 169 and 173–175. Apple's refusal to search for and produce responsive documents is improper, as such documents relate directly to Masimo's theories of inequitable and fraudulent conduct. Apple does not object on relevance grounds. To the extent Apple contends the requested documents are privileged, it must still search for such documents and include them on a privilege log. Masimo is entitled to the full scope of each request.

**Request for Production 177**

Request for Production 177 seeks documents, communications, and things referring or relating to the function and/or non-ornamental nature of the designs claimed by the Apple Fraudulently Obtained Design Patents. Apple states it will produce documents "referring or relating to the function and/or the ornamental nature of commercial embodiments of the articles of manufacture whose designs are protected by U.S. Patent Nos. D883,279, D947,842, and D962,936." Apple limits its search to commercial embodiments. But documents referring or relating to non-commercial embodiments, such as prototypes, are relevant to the issues of the case, such as invalidity. Apple does not object on relevance grounds or explain why it would be unduly burdensome to produce these documents. Apple must also search for and produce documents referring or relating to the non-ornamental nature of the claimed designs. Apple must also search for responsive documents in connection with the D131 patent. Masimo is entitled to the full scope of the request as Masimo worded it.

**Requests for Production 178–180**

Requests for Production 178–180 seek documents, communications, and things referring or relating to specific features of the Apple Watch. Apple states it will produce documents in Apple's possession, custody, and control referring or relating to the alleged function and/or the ornamental nature of commercial embodiments of the articles of manufacture whose designs are protected by U.S. Patent Nos. D883,279, D947,842, and D962,936. The requested documents are directed to specific features of the accused product and relevant to the issues in the case beyond those specific to the U.S. Patent Nos. D883,279, D947,842, and D962,936, such as infringement and validity of the other patents at issue. Additionally, the requests seek materials that would undermine Apple's contention that its claimed designs are ornamental. Apple must not limit its production based on its contentions or otherwise withhold discovery relevant to Masimo's theories of invalidity and inequitable and fraudulent conduct. Masimo is entitled to the full scope of each request as Masimo worded it.

**Request for Production 182**

Request for Production 182 seeks documents, communications, and things referring or relating to Apple considering or deciding to assert the Apple Fraudulently Obtained Patents against Masimo. Apple's refusal to search for and produce responsive documents is improper. Apple does not object on relevance grounds. To the extent Apple contends the requested documents are privileged, it must still search for such documents and include them on a privilege log. Masimo is entitled to the full scope of the request.

**Request for Production 184**

Request for Production 184 seeks documents, communications, and things referring or relating to Apple's contemplated, planned, threatened, or actual assertion of the Apple Fraudulently Obtained Patents against any party, including Apple's business plans and communications relating to such potential or actual assertions and any such plans or communications relating to Apple's contemplated, planned, threated, or actual assertion of the Apple Fraudulently Obtained Patents to limit or impede competitors. In responding to Request 184, Apple limits its search to business plans. Apple does not object on relevance grounds or explain why it would be unduly burdensome to produce these documents. Masimo is entitled to the full scope of the request.

**Assertion or Waiver of Privilege**

With fact discovery closing in September, Apple must commit now to whether it will maintain or waive privilege in connection with all issues, especially Masimo's theories of inequitable and fraudulent conduct. As one example,

# Knobbe Martens

Apple must decide now whether it will maintain or waive privilege with respect to its reasons for, or any advice or communications relating to, not disclosing Tanagi, Kotanagi, and Shmueli to the PTO. As another example, Apple must decide now whether it will maintain or waive privilege with respect to its reasons for including or excluding any persons as inventors on the asserted design patents. Apple must also decide now whether it will maintain or waive privilege with respect to its reasons for selecting different law firms to prosecute the various patents and other proceedings identified in Masimo's counterclaims. Apple must also decide now whether it will maintain or waive privilege with respect to willful infringement of Masimo's patents. If Apple chooses to maintain its privilege assertions, it must immediately serve a privilege log identifying all withheld materials, subject to any agreement between the parties relating to what must be logged. And Apple will be precluded from taking a position that it relied on advice of counsel. Apple will also be precluded from having any attorney or persons involved in patent prosecution explain their reasons for their representations or omissions to the PTO. Alternatively, if Apple wishes to avoid being so precluded or otherwise wishes to waive privilege, it must immediately produce the putatively privileged materials within the scope of the waiver. Apple must commit to a position now because any delay will prejudice Masimo.

Sincerely,

Mark Lezama