**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1378-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and | ) | |
| CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

| | |
|---|---|
| OF COUNSEL: | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| John M. Desmarais | Andrew L. Brown (#6766) |
| Jordan N. Malz | POTTER ANDERSON & CORROON LLP |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: August 25, 2023
10986636/ 12209.00051

Public Version Dated: September 1, 2023

Re:     Apple Inc.'s Letter Brief Concerning Discovery Disputes

Dear Judge Hall:

### ISSUE #1:     APPLE'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25 MOOTS ISSUE NO. 1.

Masimo filed its Motion for Teleconference with the Court to ask it to resolve "*[w]hen* Apple must supplement its response to Masimo's Interrogatory No. 25." 1378 Case, D.I. 239 (Issue 1). Apple supplemented its response to Interrogatory No. 25 on August 23, 2023. Ex. A, 4–6. That should come as no surprise to Masimo—Apple stated its intent to supplement during conferral, but Masimo refused to wait and instead rushed to the Court to seek the very relief that Apple already committed to provide. *See* Ex. 14, 1 ("To confirm where things stand: Apple plans to supplement its response to interrogatories 24 and 25"). Apple's supplement to Interrogatory No. 25 moots the issue Masimo raised of *when* Apple must supplement its response. *Sears v. Mooney*, No. 1:17-CV-00050, 2018 WL 1783170, at *2 (M.D. Pa. Apr. 13, 2018). And this Court should reject Masimo's attempt to transform the dispute into one over the scope of Apple's response because that issue is not ripe. *See* 1378 Case, D.I. 251 ("Masimo Letter") at 1.[1]

Even if Masimo's newly raised dispute about the scope of Apple's response was ripe, the Court should not compel Apple to provide the extraordinary breadth of information Masimo seeks. Interrogatory No. 25 asks Apple to identify any of its approximately 164,000 employees plus unidentified others "associated with Apple" who were "Aware"[2] of "Asserted References *and* Information."[3] It is implausible to expect Apple to conduct such a far-reaching investigation over any length of time, much less "within three business days of the hearing." *See* Masimo Letter, 2.

Moreover, the exhaustive investigation Masimo demands is not proportional to the needs of the case. *First*, Masimo's request is overly broad because it covers individuals with no substantive involvement in prosecution of the relevant patents. The inequitable conduct defense concerns the actions or omissions of individuals *with a duty of candor* to the USPTO in connection with the relevant patent prosecutions. *Baxalta Inc. v. Bayer Healthcare LLC*, C.A. No. 17-1316-RGA-SRF, 2021 WL 7441631, at *3 (D. Del. Apr. 22, 2021). Accordingly, Apple's response is appropriately limited to individuals with such a duty, and Mr. Myers (who lacked such a duty, but is referenced in Masimo's inequitable conduct allegations). *Second*, Masimo's request calls for information that is not reasonably within Apple's possession, custody, and/or control to the extent that it seeks information regarding the state of mind of anyone "associated with Apple" by demanding Apple identify their "Awareness" of certain classes of information. Apple cannot reasonably be called upon to answer for the state of mind of all those "associated with Apple." *See Tobacco & Allied Stocks v. Transamerica Corp*, 16 F.R.D. 537, 540–41 (D. Del. 1954) ("In

---

[1]   Importantly, this is not a situation where a party vaguely offers to make a supplement but refuses to engage in a meet and confer regarding the scope of the supplement, as Masimo has done on multiple occasions, including with respect to its response to Interrogatory No. 12 (formerly Issue #4 here). Instead, Apple has been forthright about the scope of its supplement, and Apple provided exactly what it previewed to Masimo.

[2]   According to Masimo, and counter-intuitively, a person is "Aware" of information "regardless of whether the person was actively conscious of the information" or even if that person "subsequently forgot the information." Ex. 8, 4 at ¶ 12.

[3]   As defined by Masimo, the "Asserted References and Information" include at least ten sub-classes of information. Ex. 8, 4 at ¶ 11.

fact, these interrogatories make inquiry concerning knowledge, state of mind, plan or purpose of defendant's stockholders . . . . The specific interrogation calls for questioning hundreds of thousands of persons. The task is impossible . . . . I have never observed an interrogatory so oppressive."). *Third*, Masimo's request seeks at least ten vague sub-classes of information, including information that Apple could not reasonably investigate, such as awareness "that the Accused Apple Design Patents claim designs that are functional in nature" or that they "resulted from development of functional features of the Apple Watch." Ex. 8, 4 at ¶ 11. Apple appropriately limited its investigation to the disclosures Masimo specifically relies on—disclosures within the Apple Utility References, Kotanagi, Tanagi, and Shmueli. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) ("A reference may be many pages long, and its various teachings may be relevant to different applications for different reasons. Thus, one cannot assume that an individual, who generally knew that a reference existed, also knew of the *specific* material information contained in that reference."). Apple's limitations are thus reasonable and proportional to the needs of this case.

**ISSUE #2A:   APPLE'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 MOOTS ISSUE NO. 2 WITH RESPECT TO INTERROGATORY NO. 3.**

Masimo filed its Motion for Teleconference asking the Court to resolve "*[w]hether* Apple must supplement its response[ ] to Masimo's Interrogatory No[ ]. 3" 1378 Case, D.I. 239 (Issue 2). Apple supplemented its response to Interrogatory No. 3 on August 22. Ex. B, 11–15. Thus, Masimo's request for the Court to provide guidance is moot.

**ISSUE #2B:   APPLE FULLY RESPONDED TO INTERROGATORY NOS. 3 & 27**

Masimo's request for further supplementation of Apple's Response to Interrogatory Nos. 3 & 27 should be denied because Apple's responses already set forth in detail the individual inventors' contributions, and the collaborative processes leading to the joint inventions of the patents-in-suit. "[A] joint invention is simply the product of a collaboration between two or more persons working together to solve the problem addressed." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). Joint inventorship arises when "inventors have some open line of communication during or in temporal proximity to their inventive efforts." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004). Joint inventors need not physically work together or at the same time and need not make the same type or amount of contribution. 35 U.S.C. § 116. Each must only perform "part of the task which produces the invention." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d. 1456, 1460 (Fed. Cir. 1998). And there is "no explicit lower limit on the quantum or quality of inventive contribution required for a person to qualify as a joint inventor.'" *Fina Oil*, 123 F.3d at 1473. All that is required is "at least some quantum of collaboration or connection." *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 917 (Fed. Cir. 1992).

Apple has provided Masimo with all required information concerning the inventorship of Apple's asserted patents. With respect to Apple's design patents, Apple's response to Interrogatory 3 explains that each named inventor contributed to the conception of the claimed designs through their participation in Apple's industrial design team's ███████████████ ███████████  *see* Ex. B, 9–10, through which design team members ███████████████ ██████████  Id. at 10. ████████████████████████████████████████  *Id*. Some of the named inventors,

The Honorable Jennifer L. Hall                                                                                           Page 3
August 25, 2023

███████████████████████████████████████████████████████████
████████████████ *Id.* Additionally, Apple's Second Supplemental Response
████████████████████████████ Ex. B, 11–15.

Apple has likewise provided all required inventorship information for Apple's utility patents, including in its response to Masimo's Interrogatory No. 27, *see* Ex. 9, 31–40, which Apple has now explicitly incorporated in relation to Interrogatory No. 3. Ex. 13, 10. By way of example, for U.S. Patent No. 10,076,257 Apple explained that one of the claimed inventions ███████ ██████████████ which was ███████ Ex. 9, 35–36. ██████████████████████████ █████████████████████████████████████████████████████████ *Id.* at 36. For U.S. Patent No. 11,106,352, which identifies William Tyler as a sole inventor, Apple explains that ███ ████████████████████████████████████████ *Id.* at 36–37. For U.S. Patent No. 10,987,054, Apple outlined specific roles for each named inventor: █████████████████████████████████ █████████████████████████████████████████████████████████ ██████████████████████████████ *Id.* at 37–38. Finally, for U.S. Patent Nos. 10,627,783, 10,942,491, and 11,474,483, Apple explained that the named inventors contributed to the conception of the claimed inventions by: █████████████████████████████ █████████████████████████████████████████████████████████ ██████████ *Id.* at 38–40.

Masimo deliberately mischaracterizes with its claim that Apple's interrogatory responses fail to "identify *any* facts satisfying the legal test for inventorship." Masimo Letter, 3. *First*, because "[t]he inventors as named in an issued patent are presumed to be correct," it is not Apple's burden to satisfy any legal test for inventorship. *See Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). Nevertheless, Apple provided such facts by describing, *inter alia*, "collaboration between two or more persons working together to solve the problem addressed." *See Fina Oil*, 123 F.3d at 1473. *Second*, Masimo's myopic focus on facts taken out of context, e.g., ████████████████████████████ and "by itself . . . prototyping the invention . . . does not make a person an inventor" ignores those functions as part of a collaborative effort resulting in a joint invention. *See* Masimo Letter, 3. *Third*, Masimo's fear that Apple will "spring [the invention] story on Masimo at trial" is wholly speculative. *See Id.* Discovery is ongoing, and Masimo will have the opportunity to further probe facts relating to inventorship and Apple's trial "story" through depositions[4], continued document production, and pretrial disclosures.

---

[4] Indeed, Masimo noticed the deposition of **25** design inventors. *See* 1378 Case, D.I. 259.

The Honorable Jennifer L. Hall  Page 4
August 25, 2023

                                      Respectfully,

                                      */s/ David E. Moore*

                                      David E. Moore

DEM:nmt/10986636/12209.00051/52

Exhibits
cc:    Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)