IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1377 (MN) (JLH) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL STAY**

Defendants Masimo Corporation and Sound United, LLC (collectively, "Defendants") respectfully move the Court for an Order permitting Defendants to file a motion seeking a focused and limited stay as submitted with this motion. *See* Exs. 1–3. Specifically, Defendants seek a stay of the deadlines for exchanging expert reports and conducting discovery regarding ***design patent obviousness*** until the Federal Circuit announces the new legal standards that will govern this and future cases.

Although Defendants briefly raised this issue at the discovery dispute hearing, Defendants respectfully submit that they should be permitted to file a written motion seeking a focused stay of only the obviousness design patent issues because (1) Apple inaccurately characterized the scope of Defendants' request at the discovery dispute hearing; (2) Defendants have not previously filed a written motion seeking this relief; and (3) the stay factors favor granting a limited stay to conserve the parties' and Court's resources with respect to one narrow issue.

The Federal Circuit, sitting en banc, will likely change the legal standards governing design patent obviousness. The United States filed an amicus brief that "urges the Court to clarify that

the [existing] test should be modified to better accord with the principles underlying the [Supreme Court's] *KSR* decision's discussion of § 103." Ex. 3 (Youngblood Decl.) at Ex. G (Brief for the United States as Amicus Curiae on Rehearing En Banc in Support of Neither Party, *LKQ Corp. v. GM Glob. Tech. Operations LLC*, Case No. 21-2348, ECF No. 120 (Fed. Cir. Aug. 28, 2023)) at 3. Numerous commentators have observed that it is likely the Federal Circuit will hold that *KSR* implicitly rejected any "rigid" or "mandatory" approach to evaluating design patent obviousness, but it is impossible to predict what the new approach will be. *See id.* at Ex. C (Deirdre M. Wells et al., *Is Federal Circuit on the verge of upending harmonious co-existence between design patents and utility patents?* REUTERS, July 31, 2023) at 3 ("The case … could dramatically change the design patent landscape — in a myriad of unknown and unpredictable ways."); *id.* at Ex. D (*Federal Circuit Set to Rehear Case En Banc Impacting the Longstanding Test for Design Patent Obviousness*, JD SUPRA, Aug. 10, 2023) at 3 ("The Federal Circuit's *en banc* review seems likely lead to a clarification of *Rosen* or set forth a new test."); *id.* at Ex. E (Eileen Mcdermott, *Full Federal Circuit to Review Challenge to Test for Design Patent Obviousness*, IP WATCHDOG, June 30, 2023) at 3 ("[T]he en banc court has signaled that it needs a viable alternative test….").

Defendants therefore seek a focused limited stay as to only the issues regarding design patent obviousness. Courts in this district commonly grant stays when the governing legal standards are likely to change. Moreover, the traditional stay factors favor granting a stay: (1) simplification and judicial economy are served because the current design patent obviousness standard will almost certainly not be the law by the time this case goes to trial; (2) the early status of the litigation with fact discovery ongoing and no set trial date ensure that the parties will receive the benefit of a stay; and (3) no party will suffer any prejudice, especially not undue prejudice, from a brief stay.

Defendants respectfully request that the Court allow them to file the attached motion and proposed order (Ex. 1). The attached motion seeks to stay only the expert report and discovery deadlines related to design patent obviousness pending the Federal Circuit's en banc opinion in *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 71 F.4th 1383 (Fed. Cir. 2023). The basis for the motion is set forth in the accompanying opening brief (Ex. 2) and the Declaration of James E. Youngblood in Support of Defendants' Motion to Stay (Ex. 3).

Pursuant to District of Delaware Local Rule 7.1.1, counsel for Defendants certify that they met and conferred with opposing counsel regarding Defendants' Motion to Stay and Motion for Leave to File a Motion to Stay, and reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion, but Plaintiff Apple Inc. indicated that it would oppose the motion.

Respectfully submitted,

September 7, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Edward M. Cannon
Brian C. Claassen
Jared C. Bunker
Mark Lezama
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
ted.cannon@knobbe.com
brian.claassen@knobbe.com
jared.bunker@knobbe.com
mark.lezama@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Daniel P. Hughes
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com
Daniel.hughes@knobbe.com

Carol M. Pitzel Cruz
Knobbe, Martens, Olson & Bear, LLP
925 4th Ave., #2500
Seattle, WA 98104
206-405-2000 Telephone
206-405-2001 Facsimile
carol.pitzelcruz@knobbe.com