# EXHIBIT 2

**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

APPLE INC.,

        *Plaintiff*,

v.

MASIMO CORPORATION and
SOUND UNITED, LLC,

        *Defendants*.

Civil Action No. 22-1377 (MN) (JLH)

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF
THEIR MOTION TO STAY**

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Edward M. Cannon
Brian C. Claassen
Jared C. Bunker
Mark Lezama
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
ted.cannon@knobbe.com
brian.claassen@knobbe.com
jared.bunker@knobbe.com
mark.lezama@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

Dated: September 7, 2023

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Daniel P. Hughes
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com
Daniel.hughes@knobbe.com


Carol M. Pitzel Cruz
Knobbe, Martens, Olson & Bear, LLP
925 4th Ave., #2500
Seattle, WA 98104
206-405-2000 Telephone
206-405-2001 Facsimile
carol.pitzelcruz@knobbe.com

**TABLE OF CONTENTS**

**Page No.**

INTRODUCTION ...................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENTS ............................................................................................... 2

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 3

I.     The Federal Circuit Will Likely Change the Legal Test for Design Patent
Obviousness in 2024 ..................................................................................................... 3

II.    This Court Grants Stays When Governing Standards Are on Review ............................ 5

III.   All Three Factors Favor a Stay ..................................................................................... 6

       A.     Simplification and Judicial Economy .................................................................. 6

       B.     Status of Litigation ............................................................................................... 7

       C.     Undue prejudice ................................................................................................... 7

CONCLUSION ......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page No(s).**

*Accenture Glob. Servs. GmbH v. Guidewire Software Inc.*,
   No. CIV. 07-826-SLR, 2010 WL 723003 (D. Del. Feb. 26, 2010) ...........................................6

*Actelion Pharms. Ltd. v. Lee*,
   No. 1:15-CV-1266, 2016 WL 205377 (E.D. Va. Jan. 13, 2016) ...............................................6

*Bone v. XTO Energy, Inc.*,
   No. CV 21-1460-GBW, 2022 WL 4355258 (D. Del. Sept. 20, 2022) ..................................5, 7

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
   No. CV 11-54-SLR, 2014 WL 12639238 (D. Del. July 11, 2014).......................................5, 7

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. CV 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) ..........................................6

*Greatbatch Ltd. v. AVX Corp.*,
   179 F. Supp. 3d 370 (D. Del. 2016), *aff'd,* 813 F. App'x 609 (Fed. Cir. 2020) .......................3

*Hologic, Inc. v. Minerva Surgical, Inc.*,
   2021 WL 7184251 (D. Del. Apr. 6, 2021)..................................................................3, 5, 7, 8

*KSR International Co. v. Teleflex Inc.*,
   550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007)...........................................................4

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
   71 F.4th 1383 (Fed. Cir. 2023) .......................................................................................2, 4, 7

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
   Case No. 21-2348, ECF No. 120 (Fed. Cir. Aug. 28, 2023)......................................................4

*In re Rosen*,
   673 F.2d 388 (CCPA 1982) ......................................................................................................4

*Takeda GmbH v. Mylan Pharms. Inc.*,
   No. CV153384FLWDEA, 2016 WL 146443 (D.N.J. Jan. 12, 2016)........................................6

*Wi-Fi One, LLC v. Broadcom Corp.*,
   851 F.3d 1241 (Fed. Cir. 2017)..................................................................................................3

*Wi-Fi One, LLC v. Broadcom Corp.*,
   878 F.3d 1364 (Fed. Cir. 2018), *abrogated by Thryv, Inc v. Click-To-Call
   Techs., LP*, 140 S. Ct. 1367 (2020)...........................................................................................3

**INTRODUCTION**

The Federal Circuit is reconsidering en banc the standard for evaluating obviousness of design patents.  The Court should enter a very narrow stay of the deadlines for exchanging expert reports and conducting discovery regarding ***design patent obviousness*** until the Federal Circuit announces the new legal standards that will govern this and future cases.  Masimo is not seeking to stay Apple's entire design patent case, or any other aspect of design patent invalidity.

**NATURE AND STAGE OF THE PROCEEDINGS**

Apple filed this case on October 20, 2022, asserting design patent infringement.  Masimo filed its answer and counterclaims on December 12, 2022.  This case has been coordinated with the parallel case (No. 1378) in which Apple asserts infringement of utility patents and Masimo asserts infringement of utility patents, as well as antitrust and false advertising claims against Apple.  Fact discovery is proceeding on all issues and is scheduled to close on September 21, 2023.  Opening expert reports are due October 4, 2023.

Masimo raised the upcoming likely change in the law with Apple, and then attempted to raise the issue with the Court at the discovery hearing on August 3, 2023.  Apple inaccurately told the Court that Masimo was "trying to stay Apple's design patent claims because there's a pending issue on appeal."  Hr. Tr. at 57:24-58:1.  As explained herein, Masimo seeks a far narrower stay.  Before Masimo could explain, however, the Court responded that "[t]he train is going to keep plowing full speed ahead, and we'll deal with it in January when we've got some information from the Federal Circuit and how it shakes out."  *Id.* at 58:2-6.  Masimo files this Motion now to ensure the Court has all the relevant information regarding whether the requested narrow stay is appropriate.

## SUMMARY OF ARGUMENTS

The Federal Circuit, sitting en banc, will likely change the legal standards governing design patent obviousness. Postponing the expert deadlines for design patent obviousness until the Federal Circuit issues its ruling would promote judicial economy.

## STATEMENT OF FACTS

On June 30, 2023, the Federal Circuit granted a petition for rehearing en banc to review the standard for design patent obviousness. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 71 F.4th 1383 (Fed. Cir. 2023).[1] The Federal Circuit directed the parties to file new briefs on comprehensive questions concerning the standard. In particular, the Court asked:

A. Does *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007), overrule or abrogate *In re Rosen*, 673 F.2d 388 (CCPA 1982), and *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100 (Fed. Cir. 1996)?

B. Assuming that *KSR* neither overrules nor abrogates *Rosen* and *Durling*, does *KSR* nonetheless apply to design patents and suggest the court should eliminate or modify the *Rosen-Durling* test? In particular, please address whether *KSR*'s statements faulting "a rigid rule that limits the obviousness inquiry," 550 U.S. at 419, 127 S.Ct. 1727, and adopting "an expansive and flexible approach," *id.* at 415, 127 S.Ct. 1727, should cause us to eliminate or modify: (a) *Durling*'s requirement that "[b]efore one can begin to combine prior art designs ... one must find a single reference, 'a something in existence, the design characteristics of which are basically the same as the claimed design,'" 101 F.3d at 103 (quoting *Rosen*, 673 F.2d at 391); and/or (b) *Durling*'s requirement that secondary references "may only be used to modify the primary reference if they are 'so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other,'" *id.* at 103 (quoting *In re Borden*, 90 F.3d 1570, 1575 (Fed. Cir. 1996)) (internal alterations omitted).

C. If the court were to eliminate or modify the *Rosen-Durling* test, what should the test be for evaluating design patent obviousness challenges?

---

[1]     Four *amici curiae* filed briefs in support of rehearing en banc to change the legal standard. *LKQ*, 71 F.4th at 1384 (Fed. Cir. 2023).

D. Has any precedent from this court already taken steps to clarify the *Rosen-Durling* test? If so, please identify whether those cases resolve any relevant issues.

E. Given the length of time in which the *Rosen-Durling* test has been applied, would eliminating or modifying the design patent obviousness test cause uncertainty in an otherwise settled area of law?

F. To the extent not addressed in the responses to the questions above, what differences, if any, between design patents and utility patents are relevant to the obviousness inquiry, and what role should these differences play in the test for obviousness of design patents?

*Id.* at 1384-85.

## ARGUMENT

"District Courts have inherent power to manage their own docket." *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 380 (D. Del. 2016), *aff'd,* 813 F. App'x 609 (Fed. Cir. 2020) (citations omitted). This includes discretionary authority to grant a motion to stay. *Hologic, Inc. v. Minerva Surgical, Inc.*, 2021 WL 7184251, at *2 (D. Del. Apr. 6, 2021) (citations omitted).

**I.    The Federal Circuit Will Likely Change the Legal Test for Design Patent Obviousness in 2024**

Granting a petition for rehearing en banc is extremely rare and will likely result in a substantive change in the law. *See, e.g.,* Ex. A ("Two Years in Review: Rehearing Petitions in Patent Cases," *Intellectual Property & Technology Law Journal*, Vol. 35, No. 4 (April 2023); Ex. B (*En Banc Petitions*, FED CIRCUIT BLOG) (collecting recent en banc petitions—306 denied, one granted). The last time the Federal Circuit granted an en banc petition in a patent case was January 4, 2017. *Id.; Wi-Fi One, LLC v. Broadcom Corp.*, 851 F.3d 1241 (Fed. Cir. 2017). In that case, the Federal Circuit overturned prior precedent regarding the appealability of time-bar determinations under 35 U.S.C. § 315(b). *Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364 (Fed. Cir. 2018), *abrogated by Thryv, Inc v. Click-To-Call Techs., LP*, 140 S. Ct. 1367 (2020).

In *LKQ*, the Federal Circuit asked the parties, the United States, and *amici curiae*, to address whether the Supreme Court's holding in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), abrogated the current obviousness standard and what the new test for design patent obviousness should be. *Id.* at 1384; *see also* Ex. C (Deirdre M. Wells et al., *Is Federal Circuit on the verge of upending harmonious co-existence between design patents and utility patents?* REUTERS, July 31, 2023) at 3 ("Perhaps recognizing the importance of this case … the Federal Circuit has asked for feedback from the government and issued an open call for amici….").

In *KSR*, the Supreme Court rejected the Federal Circuit's "rigid, mandatory formula" for evaluating utility patent obviousness as improperly limiting the obviousness inquiry and, instead, prescribed a more flexible approach. *KSR*, 550 U.S. at 420–22. The United States filed an amicus brief that "urges the Court to clarify that the *Rosen-Durling* test should be modified to better accord with the principles underlying the *KSR* decision's discussion of § 103." Ex. G (Brief for the United States as Amicus Curiae on Rehearing En Banc in Support of Neither Party, *LKQ Corp. v. GM Glob. Tech. Operations LLC*, Case No. 21-2348, ECF No. 120 (Fed. Cir. Aug. 28, 2023)) at 3. Numerous commentators have observed that it is likely the Federal Circuit will hold that *KSR* implicitly rejected any "rigid" or "mandatory" approach to evaluating design patent obviousness, but it is impossible to predict what the new approach will be. Ex. C at 3 ("The case … could dramatically change the design patent landscape — in a myriad of unknown and unpredictable ways."); Ex. D (*Federal Circuit Set to Rehear Case En Banc Impacting the Longstanding Test for Design Patent Obviousness*, JD Supra, Aug. 10, 2023) at 3 ("The Federal Circuit's *en banc* review seems likely lead to a clarification of *Rosen* or set forth a new test."); Ex. E (Eileen Mcdermott, *Full Federal Circuit to Review Challenge to Test for Design Patent Obviousness*, IP Watchdog, June 30, 2023) at ("[T]he en banc court has signaled that it needs a viable alternative test….").

The Federal Circuit typically issues an en banc opinion between seven and fourteen months after granting the rehearing request. *See* Ex. F ("Fed Circuit Blog, En Banc Cases") (collecting and summarizing en banc patent cases). Thus, the Federal Circuit will likely issue a decision on the new standard for design patent obviousness between January and August 2024.

## II.   This Court Grants Stays When Governing Standards Are on Review

To avoid wasting time and resources, courts in this district routinely grant stays when a higher court decides to review an applicable legal standard. For example, a court in this district granted a stay pending Supreme Court review of one of three tests for determining whether an employee is exempt from overtime. *Bone v. XTO Energy, Inc.*, No. CV 21-1460-GBW, 2022 WL 4355258 (D. Del. Sept. 20, 2022). The court noted that not granting the stay "would be contrary to judicial economy, while wasting the time and resources of both parties." *Id.* at *2.

Similarly, a court in this district granted a stay pending Supreme Court review of the doctrine of assignor estoppel. *Hologic, Inc. v. Minerva Surgical, Inc.*, No. CV 20-295-JFB-SRF, 2021 WL 7184251 (D. Del. Apr. 6, 2021). The court found the simplicity and economy "factor weighs in favor of a stay because the Supreme Court's ruling may have an impact on future rulings in the case." *Id.* at *3.

Another court in this district granted a stay pending Supreme Court review of the deference due claim constructions. *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. CV 11-54-SLR, 2014 WL 12639238, at *1–2 (D. Del. July 11, 2014) (granting stay because "the case at bar is left in a state of flux" and "any future change in the claim construction would negate the interim jury verdict").

A court in this district also granted a stay, even though it was shortly before trial, because of the pending Supreme Court's review of the "machine-or-transformation test" for patent

eligibility.  *Accenture Glob. Servs. GmbH v. Guidewire Software Inc.*, No. CIV. 07-826-SLR, 2010 WL 723003, at *1–2 (D. Del. Feb. 26, 2010).

Other district courts regularly reach the same conclusion pending Federal Circuit review. *See Takeda GmbH v. Mylan Pharms. Inc.*, No. CV153384FLWDEA, 2016 WL 146443, at *6 (D.N.J. Jan. 12, 2016) (granting stay pending Federal Circuit review of consent-by-registration as basis for personal jurisdiction); *Actelion Pharms. Ltd. v. Lee*, No. 1:15-CV-1266, 2016 WL 205377, at *4 (E.D. Va. Jan. 13, 2016) ("[I]f this Court decided to deny the stay and allow the case to go forward, any decision rendered would likely have to be revisited after the Federal Circuit's decision []—an unnecessary duplication of judicial efforts.").

## III.   All Three Factors Favor a Stay

In determining whether to grant a stay, "the Court must weigh the competing interests of the parties and attempt to maintain an even balance." *Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019).  Factors to consider include: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.*

### A.  Simplification and Judicial Economy

Granting a stay would promote simplicity and economy.  The current design patent obviousness standard will almost certainly not be the law by the time this case goes to trial, and certainly by the time any appeal is resolved.  Thus, preparing expert reports and conducting expert discovery using that legal standard will likely result in a needless waste of the parties' and the Court's resources.  Under the current schedule, the parties will begin exchanging expert reports regarding design patent obviousness on October 4, 2023.  D.I. 103 at 6.  The experts will not know what legal standard to apply and will not even have a finite number of options from which to

choose. Then, when the en banc opinion issues next year, the experts will need to redo their analysis under the new standard. Even if the case could be tried before the Federal Circuit's en banc decision, the Federal Circuit would likely remand for a new trial using the new standard regardless of which party prevails. This would needlessly waste the time and resources of this Court, the jury, and the Federal Circuit. *See Bone*, 2022 WL 4355258, at *2; *Hologic*, 2021 WL 7184251, at *3; *Butamax*, 2014 WL 12639238, at *1–2.

### B.  Status of Litigation

This factor also supports a stay. Fact discovery in both related proceedings is ongoing regarding all claims and issue, but depositions have not yet started. The Case Management Conference is scheduled for January 16, 2024. D.I. 103 at 13. No date for trial has been set. *Id.* at 14. At the CMC, the parties and the Court can address the expected timing of the Federal Court's decision and whether design patent obviousness should be tried at the same time as other issues.

### C.  Undue prejudice

The requested stay would neither prejudice Apple nor provide a clear tactical advantage to either side. Because the Federal Circuit requested briefing on so many fundamental issues regarding design patent obviousness, including eliminating the current analysis or modifying it in unknown ways, neither the parties nor the Court can reasonably predict what the law will be. *See, e.g., LKQ*, 71 F.4th at 1384-85. Unlike claim construction, where parties can prepare expert reports under each party's construction, it is not possible to identify and prepare reports based on a small number of potential outcomes of the Federal Circuit's review.

As previously discussed, waiting for the Federal Circuit's decision would save the parties and their experts from wasting time and expense analyzing design patent obviousness under a soon-to-be outdated legal standard. *See, e.g., Bone*, 2022 WL 4355258, at *2 ("[T]he Court finds that both parties would benefit from a stay of the present matter in order to gain pertinent insight

that the Supreme Court may offer."); *Hologic*, 2021 WL 7184251 (higher court review of legal standard favors stay).

Furthermore, Masimo's requested stay is limited to design patent obviousness. The rest of the case, including all other theories of design patent invalidity, should proceed under the current schedule. If the Federal Circuit issues its opinion quickly, the parties may be able to exchange design patent obviousness reports and complete depositions in time to try design patent obviousness with all other issues. If the Federal Circuit has not yet issued its opinion as this case approaches trial, the parties and the Court can determine the best course of action.

## CONCLUSION

The Federal Circuit will likely change the legal approach for evaluating design patent obviousness. Postponing the expert deadlines for design patent obviousness until the Federal Circuit issues its ruling would promote judicial economy. The case is in a relatively early stage, and Apple will not suffer prejudice. Thus, all factors support a stay.

Respectfully submitted,

September 7, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne

By: */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

-8-

KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

57107818