# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

```
APPLE INC.,                          )
                                     )
-------------------Plaintiff,        )
                                     )Case No.
         vs.                         )22-1377-MN-JLH
                                     )22-1378-MN-JLH
MASIMO CORP, et al.,                 )
                                     )
-------------------Defendant.        )
```

TRANSCRIPT OF DISCOVERY CONFERENCE

DISCOVERY CONFERENCE had before the Honorable Jennifer L. Hall, U.S.M.J., in Courtroom 2B on the 3rd of August, 2023.

APPEARANCES

POTTER ANDERSON & CORROON LLP
   BY:  DAVID MOORE, ESQ.

-and-

WILMER CUTLER PICKERING HALE AND DORR LLP
   BY:  JENNIFER MILICI, ESQ.
        MARK FORD, ESQ.
        LYDIA TURNAGE, ESQ.

-and-

DESMARAIS LLP
   BY:  JEFF SEDDON, ESQ.
        BEN LUEHRS, ESQ.

                              Counsel for Plaintiff

```
 1          (Appearances continued.)
 2
            PHILLIPS MCLAUGHLIN & HALL P.A.
 3               BY:  MEGAN HANEY, ESQ.
 4                       -and-
 5          KNOBBE MARTENS
                 BY:  STEPHEN LARSON, ESQ.
 6
                             Counsel for Defendant
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   THE COURT: All right. So we're here
2   for some discovery disputes. Why don't we have
3   folks make their appearances for the record
4   MR. MOORE: Good morning, Your Honor.
5   David Moore from Potter Anderson on behalf of
6   Apple. I'm joined by co-counsel from Wilmer
7   Hale Jennifer Milici, Mark Ford, and Lydia
8   Turnage. Also joined by Jeff Seddon and Ben
9   Luehrs from Desmarais, and also Natalie Pous
10  and Jack Pararas from Apple.
11  THE COURT: Hi. Good morning,
12  everybody.
13  They've got you out numbered today.
14  MS. HANEY: Yes, Your Honor. Good
15  morning. Megan Haney from Phillips,
16  McLaughlin, and Hall, and I'm joined today by
17  Steve Larson from Knobbe.
18  THE COURT: Good morning.
19  Well, I've got a giant stack of discovery
20  disputes in front of me. I can tell you we've
21  looked them over closely. One thing I will say
22  is this: You probably have a better
23  recollection of everything that's happened in
24  this courtroom than I do because I know, and I
25  can tell the way this case has been going, you

| | |
|---|---|
| 1 | individual requests as they came up. |
| 2 | So there's been a lot of -- |
| 3 | THE COURT:  Let's talk about the |
| 4 | predatory infringement request for production. |
| 5 | It was very helpful that you attached as |
| 6 | Exhibit 1 a summary of what's going on here. |
| 7 | So which ones are the predatory |
| 8 | infringement? |
| 9 | MR. LARSON:  Predatory infringement |
| 10 | is the next section of the letter.  That's 83 |
| 11 | to 84 and 86 to 90. |
| 12 | THE COURT:   83 talks about all |
| 13 | documents and communications referencing, |
| 14 | relating to, or discussing the practice of |
| 15 | efficient infringement for the practice of |
| 16 | infringing and appropriating intellectual |
| 17 | property even after being informed of such |
| 18 | conduct because it is more advantageous to do |
| 19 | so that to pay for lawful use or draw up the |
| 20 | intellectual property. |
| 21 | That request is going to be denied as not |
| 22 | proportional to the needs of the case. |
| 23 | What's the next one? |
| 24 | MR. LARSON:  That's 83, Your Honor. |
| 25 | THE COURT:  Yes. |

1           MR. LARSON:  The next one is 84.
2           THE COURT:  84.  All communications
3    with third parties related to allegations that
4    Apple unlawfully acquired or used intellectual
5    property.  Merit two responsive documents
6    regarding -- this sounds like a trade secrets
7    dispute that you had with them; right?  Is this
8    something different?
9           MR. LARSON:  This is something
10   different.  I think what's important here, the
11   point I wanted to make on some of these
12   requests, and for a number of these requests,
13   is we saw Apple argue in its motion to dismiss,
14   and we're going to see Apple argue again on the
15   motion for summary judgment, say, "Masimo,
16   you've only shown harm to yourself.  You
17   haven't shown harm to competition."  So Apple
18   is saying, "We'll provide these documents as to
19   you, Masimo, but we're not going to provide
20   discovery as to this practice as regards other
21   parties," which is what we need to show or want
22   to show harm to competition.
23          So I think just for a little bit of
24   perspective here, we did take Your Honor's
25   ruling into account, and I think Apple has

|  |  |
|---|---|
| 1 | seasoned counsel that I think can confirm that |
| 2 | the discovery we're seeking here is really a |
| 3 | drop in the bucket to what you typically have |
| 4 | in big antitrust cases.  It's very expensive |
| 5 | and burdensome discovery. |
| 6 | THE COURT:  I understand. |
| 7 | MR. LARSON:  It's really focused on |
| 8 | the facts of what actually occurred, is what |
| 9 | we're seeking with these requests.  And I'm |
| 10 | hoping this will be our main, only discovery |
| 11 | dispute about antitrust discovery.  These are |
| 12 | the requests that we brought to the Court that |
| 13 | we feel we need to be able to develop that part |
| 14 | of the case. |
| 15 | THE COURT:  Okay.  84 is also denied. |
| 16 | What's the next one? |
| 17 | MR. LARSON:  86. |
| 18 | THE COURT:  86.  Denied. |
| 19 | MR. LARSON:  Can I ask for |
| 20 | clarification on that? |
| 21 | THE COURT:  That's denied pursuant to |
| 22 | Rule 26.  It's not proportional to the needs of |
| 23 | the case. |
| 24 | MR. LARSON:  That answered my |
| 25 | question.  So it's not a blanket embargo for |

```
1        predatory infringement discovery?
2                 THE COURT:  These particular requests
3        are denied.
4                 MR. LARSON:  Thank you, Your Honor.
5           Next one is 87.
6                 THE COURT:  Denied.
7                 MR. LARSON:  Next one is 88.
8                 THE COURT:  Denied.
9                 MR. LARSON:  89.  And can I offer a
10       little bit of argument on this one.
11                THE COURT:  That's fine.
12                MR. LARSON:  Again, you see here,
13       we're referring to specific parties, and these
14       are parties that I mentioned in our complaint
15       that we believe Apple engaged in the practice
16       of predatory infringement with regarding these
17       parties.  And again, Apple is going to argue
18       we're only showing harm in competition to
19       ourselves and not these other parties.  This is
20       the the type of discovery that we would seek to
21       be able that establish that.  I don't see
22       arguments about burden or proportionality.
23       It's really just about relevance, and what
24       Apple argues about these parties is these
25       parties aren't in the relevant market.  To the
```

```
 1        extent that's true, we believe it's because of
 2        the conduct that Apple engaged in.
 3                  THE COURT:  I understand the
 4        argument, but that one is also denied.  I
 5        appreciate your argument.
 6                  MR. LARSON:  Understood.
 7             Next one is 90.
 8                  THE COURT:  Denied.
 9                  MR. LARSON:  And next one is -- I
10        believe that's --
11                  THE COURT:  Predatory infringement.
12                  MR. LARSON:  Predatory infringement.
13                  THE COURT:  Okay.  Monopoly
14        leveraging.
15             So I'm confused about 62.  I'll be honest
16        with you.  It's about -- I thought the market
17        you wanted was the market for IOS app
18        distribution.  Am I a moron?  Isn't that a high
19        percent?  Don't they have a monopoly on that
20        market?  Is there something I'm not getting?
21        What am I missing out on?
22                  MR. LARSON:  What they're going to
23        argue is that's not about the market.  They're
24        going to say that it should be a broader
25        market, and this really goes to the ecosystem
```

# **C E R T I F I C A T E**

STATE OF DELAWARE     )
                     ) ss:
COUNTY OF NEW CASTLE  )

I, Deanna L. Warner, a Certified Shorthand Reporter, do hereby certify that as such Certified Shorthand Reporter, I was present at and reported in Stenotype shorthand the above and foregoing proceedings in Case Number 22-1377-MN-JLH, *APPLE INC. Vs. MASIMO CORP, et al.*, heard on August 3, 2023.

I further certify that a transcript of my shorthand notes was typed and that the foregoing transcript, consisting of 59 typewritten pages, is a true copy of said **DISCOVERY CONFERENCE**.

**SIGNED**, **OFFICIALLY SEALED**, and **FILED** with the Clerk of the District Court, NEW CASTLE County, Delaware, this 6th day of August, 2023.

_____
Deanna L. Warner, CSR, #1687
Speedbudget Enterprises, LLC