# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>    *Defendants.* | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION,<br><br>    *Counter-Claimant,*<br><br>v.<br><br>APPLE INC.<br><br>    *Counter-Defendant.* | |
| APPLE INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>    *Defendants.* | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC.,<br><br>    *Counter-Claimants,*<br><br>v.<br><br>APPLE INC.<br><br>    *Counter-Defendant.* | |

**MASIMO CORPORATION, SOUND UNITED, LLC, AND CERCACOR LABS., INC.'S
SEVENTH SET OF REQUESTS FOR PRODUCTION TO APPLE INC. (248-266)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Masimo

Corporation and Sound United, LLC ("Sound United"), and Counterclaimants Masimo

-1-

Corporation and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Masimo") hereby request that Plaintiff Apple Inc. ("Plaintiff" or "Apple") respond to the following requests for production of documents and things, separately and fully, in writing, and produce the documents and things identified below for inspection and copying at the offices of Knobbe, Martens, Olson & Bear, LLP, located at 2040 Main Street, Fourteenth Floor, Irvine, California 92614. These requests are deemed continuing in nature, requiring amended or supplemental answers as necessary.

## DEFINITIONS

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1. "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), D735,131 (the "'D131 Patent"), and any additional patents that You may assert in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Masimo.

2. "Masimo Asserted Patents" shall mean U.S. Patent Nos. 10,687,743 (the "'743 Patent"), 10,722,159 (the "'159 Patent"), 8,190,223 (the "'223 Patent"), 10,736,507 (the "'507 Patent"), and 10,984,911 (the "'911 Patent").

3. "Apple Asserted Patents Related Publications" shall mean any patent in the same patent family as any of the Apple Asserted Patents, including any patent in the priority chain of the Apple Asserted Patents, all patent applications related to the Apple Asserted Patents, and any

patents in the same family as any of the Apple Asserted Patents, including any patent application in the priority chain of the Apple Asserted Patents.

4. The term "concerning" means evidencing, comprising, constituting, reflecting, respecting, relating to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or evaluating.

5. The terms "relating to," "related to" or "relate to" mean concerning, referring to, describing, evidencing, comprising, constituting, supporting, or tending to negate.

6. The term "document" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voicemails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

7. "Apple," "You," and "your" mean Apple Inc. and any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Apple Inc.

8. "Masimo" means Masimo Corporation and its divisions, departments, parents, subsidiaries, affiliates or predecessors.

9. "Sound United" means Sound United, LLC and its divisions, departments, parents, subsidiaries, affiliates or predecessors.

10. "Cercacor" means Cercacor Laboratories, Inc. and its divisions, departments, parents, subsidiaries, affiliates or predecessors.

11. "Accused Apple Watches" shall mean the Apple Watch Series 6, 7, 8, Ultra, and any other Apple Watch capable of measuring blood oxygen.

12. "Relevant Technologies" means oxygen saturation, ECG, and heart sensing technologies.

13. The "Apple E-Book Price-Fixing Case" means *U.S. v. Apple Inc., et al.*, No. 1:12-cv-02826-DLC (S.D.N.Y).

14. "Litigation" means the above captioned Case No. 1377, Case No. 1378, or both.

15. "The term "including" shall be construed broadly, as "including but not limited to" or "including without limitation."

16. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa; "any" and "all" mean one or more.

17. The singular form of any noun or pronoun used herein includes within its meaning the plural form thereof and vice versa; the neuter, masculine or feminine form of any pronoun used herein includes within its meaning the neuter, masculine and feminine forms; and the use herein of any tense of any verb includes within its meaning all other tenses of the verb. In every such instance, the specific request shall be construed in the broadest sense so as to call for the most complete and inclusive answer.

18. "All" shall be construed as all and each, and "each" shall be construed as all and each.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 248:**

Apple emails that reference efficient infringement, predatory infringement, or Sherlocking.

**REQUEST FOR PRODUCTION NO. 249:**

Apple emails that reference patent infringement and AliveCor, Omni MedSci, or Valencell.

**REQUEST FOR PRODUCTION NO. 250:**

Apple emails that reference the phrases "close to the wind," "good artists copy," or "great artists steal."

**REQUEST FOR PRODUCTION NO. 251:**

Internal Apple documents regarding any strategy or plan by Apple to misuse intellectual property of others relating to Relevant Technologies because it is cheaper or more advantageous than lawfully using and developing the intellectual property.

**REQUEST FOR PRODUCTION NO. 252:**

Internal Apple documents regarding Boris Teksler's statement: efficient infringement, where the benefits outweigh the legal costs of defending against a suit, could almost be viewed as a fiduciary responsibility, at least for cash-rich firms that can afford to litigate without end.

**REQUEST FOR PRODUCTION NO. 253:**

Internal Apple documents regarding any strategy or plan for "efficient" infringement for intellectual property that relates to the Relevant Technologies.

**REQUEST FOR PRODUCTION NO. 254:**

Internal Apple documents regarding Steve Jobs' quote: "good artists copy, great artists steal."

**REQUEST FOR PRODUCTION NO. 255:**

Internal Apple documents regarding Bud Tribble's explanation that part of Apple's "DNA" is to take the ideas of others and "make it your own."

**REQUEST FOR PRODUCTION NO. 256:**

Internal Apple documents regarding any strategy or plan by Apple to meet with companies under the false pretense of discussing a potential partnership or acquisition when Apple actually intended to learn about Relevant Technologies and release its own products.

**REQUEST FOR PRODUCTION NO. 257:**

Internal Apple documents regarding Apple's strategy or plan to use a third party as a "stepping stone" to develop its own Relevant Technologies.

**REQUEST FOR PRODUCTION NO. 258:**

Internal Apple documents regarding Apple's strategy or plan to "sail as close to the wind as possible" or push the limits of antitrust law to gain a competitive advantage, even if doing so sometimes results in antitrust liability.

**REQUEST FOR PRODUCTION NO. 259:**

Documents discussing Apple using the legal system to gain a competitive advantage over others in the context of the Apple E-Book Price-Fixing Case.

**REQUEST FOR PRODUCTION NO. 260:**

Documents sufficient to show Tim Cook's response to Bruce Sewell's role in Apple's acts underlying the Apple E-Book Price-Fixing Case.

**REQUEST FOR PRODUCTION NO. 261:**

Documents sufficient to show any changes Apple made to its practices following the finding that Apple had engaged in anticompetitive conduct in the Apple E-Book Price-Fixing Case.

**REQUEST FOR PRODUCTION NO. 262:**

Communications with AliveCor, Omni MedSci, or Valencell that allege Apple unlawfully acquired or used intellectual property relating to Relevant Technologies.

**REQUEST FOR PRODUCTION NO. 263:**

Documents referring to any Masimo Asserted Patent.

**REQUEST FOR PRODUCTION NO. 264:**

Documents referring to any of the following patents, patent publications, or patent applications: US Provisional App. No. 62/554,196; US Provisional App. No. 62/644,886; US Patent App. No. 16/118,282; US Patent Pub. No. 2019/0072912; US Patent No. 11,432,766; US Patent App. No. 16/193,836; US Patent Pub. No. 2019/0101870; US Patent No. 10,610,157; US Patent App. No. 16/841,543; US Patent Pub. No. 2020/0229761; US Patent No. 10,987,054; US Patent App. No. 14/310,964; US Pub. No. 2015/371768; US Patent No. 9,460,846.

**REQUEST FOR PRODUCTION NO. 265:**

Apple emails that hit on any of Masimo's email requests in the above-captioned cases.

**REQUEST FOR PRODUCTION NO. 266:**

Five samples of each component that is part of the Back Crystal of any Accused Apple Watches, such components including but not limited to, the micro lens array (MLA) and other components shown on APL_MAS_ITC_00019340.

Respectfully submitted,

August 16, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: /s/ John C. Phillips, Jr.
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker

Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

mch@pmhdelaw.com

*Counsel for Defendants Masimo Corporation and Sound United, LLC and Counterclaimants Masimo Corporation and Cercacor Laboratories, Inc.*

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

David E. Moore
Bindu A. Palapura
Andrew L. Brown
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

John M. Desmarais
Kerri-Ann Limbeek
Cosmin Maier
Jordan N. Malz
Benjamin N. Luehrs
Joze Welsh
Jamie L. Kringstein
Jennifer M. Przybylski
Carson Olsheski
Jeffrey Scott Seddon, II
Amy I. Wann
Raymond N. Habbaz
Lee Matalon
Taeg Sang Cho
Eli Balsam
Patrick Reilly
Marie Weisfeiler
Desmarais LLP
230 Park Avenue
New York, NY 10169
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
cmaier@desmaraisllp.com
jmalz@desmaraisllp.com
bluehrs@desmaraisllp.com
jwelsh@desmaraisllp.com
jkringstein@desmaraisllp.com

-2-

jprzybylski@desmaraisllp.com
colsheski@desmaraisllp.com
jseddon@desmaraisllp.com
awann@desmaraisllp.com
rhabbaz@desmaraisllp.com
lmatalon@desmaraisllp.com
tcho@desmaraisllp.com
ebalsam@desmaraisllp.com
preilly@desmaraisllp.com
mweisfeiler@desmaraisllp.com

Peter C. Magic
Kyle Curry
Maria Tartakovsky
Desmarais LLP
101 California Street, Suite 3070
San Francisco, CA 94111
pmagic@desmaraisllp.com
kcurry@desmaraisllp.com
mtartakovsky@desmaraisllp.com

David J. Cho
David J. Shaw
Desmarais LLP
1899 Pennsylvania Avenue NW, Suite 400
Washington, DC 20006
dcho@desmaraisllp.com
dshaw@desmaraisllp.com

Jennifer Milici
Dominic Vote
Leon B. Greenfield
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jennifer.milici@wilmerhale.com
dominic.vote@wilmerhale.com
leon.greenfield@wilmerhale.com

Mark A. Ford
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
mark.ford@wilmerhale.com

Lydia Turnage
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
lydia.turnage@wilmerhale.com

Bethany Stevens
Hannah Cannom
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
bstevens@wscllp.com
hcannom@wscllp.com

AppleMasimoService@desmaraisllp.com


August 16, 2023

                                           */s/ John C. Phillips, Jr.*
                                           John C. Phillips, Jr.