**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1377-MN-JLH |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and ) | |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**NOTICE OF SUBSEQUENT AUTHORITY**

Under Local Rule 7.1.2(b), Apple Inc. ("Apple") hereby submits this Notice of Subsequent Authority regarding the parties' Joint Claim Construction Brief for Apple Asserted Patents, D.I. 273. Today, September 18, 2023, the Patent Trial and Appeal Board ("PTAB") denied institution of Masimo's Petition requesting *inter partes* review of U.S. Patent No. D962,936 (the "D'936 Patent"), which directly addresses issues in dispute in the Markman proceedings. *See* Exhibit 1 (IPR2023-00728, Paper 10). In particular, the PTAB's decision denying institution is relevant to the Court's consideration of Masimo's arguments that claim construction should account for the alleged functionality of elements of Apple's design patents and Apple's statements during IPR proceedings.

First, the PTAB rejected the same functionality arguments Masimo offered before this Court during the Markman proceedings. Ex. 1 at 12. ("Accordingly, we have considered

Petitioner's argument pertaining to potential functionality of aspects of the '936 patent's claimed design. We, however, decline to 'factor out,' in the manner proposed by Petitioner, aspects that contribute to the overall appearance of that design."). In so doing, the PTAB rejected Masimo's reliance on the same commercial embodiment it relies on in this case, the Apple Watch Series 4:

> Furthermore, however, we share Patent Owner's view that Petitioner's reliance on the assessment of a commercial product that may be covered by the '936 patent, e.g., the Apple Watch Series 4, based on functionality disclosed as to that product's wireless charging, is problematic. As Patent Owner notes, "nothing in the '936 patent tethers the claimed ornamental shapes to wireless charge components, or any other particular charging component" (*see* Prelim. Resp. 10), yet it is features pertaining to wireless charging that underscore the bulk of Petitioner's position on functional elements. *See, e.g.*, Pet. 16–24. There is considerable tension in Petitioner's assessment that leans on the functionality of the features of a commercial product rather than evaluation based on the claimed design of the '936 patent. *See Berry Sterling Corp. v. Pescor Plastics, Inc.,* 122 F.3d 1452, 1455 (Fed. Cir. 1997) ("[T]he court cannot use the limitations of the commercial embodiment of the underlying article of manufacture to impose limitations on the scope of the design patent.")

*Id*. at 11.

Further, the PTAB found that "the record before us is replete with various designs for the back or rear portions of various electronic devices, such as watches" with "apparent electrode geometries and arrangements shown are, in our view, clearly distinct from the claimed design of the '936 patent." *Id*. at 9-10. For example, it found that Masimo's reliance on Apple utility patents (the same Apple utility patents at issue here) misplaced because, for example, the '157 patent "includes various examples or embodiments of an electronic watch" that "present a visual appearance that is different or distinct from the '936 patent design." *Id*. at 10-11. The PTAB explained that the record evidence of "***multiple alternative designs*** for the rear face or surface of an electronic device that present a distinct visual appearance ***is***, in our view, ***significant in***

***undermining Petitioner's assertion*** that the '936 patent design should be regarded largely, if not entirely, as including elements that are purely functional." *Id*. at 11 (emphasis added).

Second, the PTAB explained that it adopted Apple's claim construction position, which it understood to defer to the patent's figures:

> *2. Patent Owner's Proposed Claim Construction*
>
> For its part, Patent Owner offers the following annotated (colorized) figures showing what we understand to be Patent Owner's claim construction:
>
> 
>
> EX2001, ¶20 ((EX1001, Figs. 2 and 4 (annotated)).

*Id*. at 7; *see id.* at 13 ("Accordingly, we adopt the claim construction that is advanced by Patent Owner.").

3

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  September 18, 2023
11062366 / 12209.00051

By:  */s/ David E. Moore*
   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Andrew L. Brown (#6766)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel:  (302) 984-6000
   dmoore@potteranderson.com
   bpalapura@potteranderson.com
   abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

4