**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1377-MN-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MASIMO CORPORATION and | ) | **PUBLIC VERSION** |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, and | ) | |
| SOUND UNITED, LLC | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MASIMO CORPORATION and | ) | **PUBLIC VERSION** |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| CERCACOR LABORATORIES, INC., and | ) | |
| SOUND UNITED, LLC | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

| | |
|---|---|
| OF COUNSEL: | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| John M. Desmarais | Andrew L. Brown (#6766) |
| Jordan N. Malz | POTTER ANDERSON & CURRON LLP |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |

Peter C. Magic  *Attorneys for Plaintiff/Counter-Defendant*
DESMARAIS LLP  *Apple Inc.*
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: September 11, 2023

Public Version Dated: September 18, 2023

Dear Judge Hall:

Plaintiff and Counter-Defendant Apple submits this Response to Masimo's September 6, 2023 Letter to the Court ("Ltr.," 1377 Case, D.I. 295; 1378 Case, D.I. 318).

**Issue 1: Masimo's Motion For Discovery On Unannounced Apple Watches Is Premature**

The Court should deny Masimo's motion to compel as premature and, in any event, now moot. Masimo only recently sought to inject unannounced Apple Watches into the case, mentioning them for the first time in its August 17, 2023 infringement contentions. Masimo then rushed to file this motion even before any official announcement by Apple of the speculated "Apple Watch Series 9" and "Apple Watch Ultra 2." In any event, Apple agrees to conduct a reasonable search for and produce relevant engineering requirements specifications, schematics, bills of materials, visual bills of materials, user manuals, and user-facing technical specifications for any Apple Watches announced by Apple during fact discovery to the extent such documents are available after product announcement.

**Issue 2: Apple Is Producing Relevant Emails—Yet, Masimo Demands Apple Also Produce _Irrelevant_ Emails, Without Regard To Burden Or Proportionality**

**2a: Masimo Seeks Discovery Already Denied By This Court**

Earlier this month, this Court warned the parties to not abuse the Court's time by filing excessive discovery disputes. 9/1/2023 Hr'g. Tr. at 4:7-14. Ignoring this, Masimo now attempts to compel Apple to run search terms over email for documents responsive to discovery requests this Court denied outright. 8/3/2023 Hr'g. Tr. at 31:3-35:8 (denying Masimo's motion to compel RFP Nos. 83-84, 86-90). Masimo's prior motion related to "communications" regarding efficient infringement (No. 83), the quote "good artists copy, great artists steal" (No. 86), "Sherlocking" (No. 87), the quote "sailing as close to the wind" (No. 88), and AliveCor, Omni MedSci and/or Vancell (No. 89-90). 7/21/2023 Masimo's Ltr. Br. at 2; Ex. 4 at 13-15. The pending motion seeks emails (*i.e.*, the previously sought "communications") hitting on *the exact same terms*.

Masimo's arguments in support of relitigating these issues ignore this Court's prior ruling. *First*, Masimo's claim that Apple has not argued any lack of relevance ignores the parties' prior communications and briefing about what amount to the same requests. *See* 7/26/2023 Apple's Ltr. Br. at 2. *Second*, Apple's refusal to produce emails hitting on these terms is not because of some "blanket embargo" but because, as Masimo's motion acknowledges, the search terms seek the same the "particular requests" that this Court previously denied. *Third*, while Masimo claims this new demand is "narrower" than the discovery requests previously denied because it seeks only emails that hit on the requested terms, the time to narrow a demand is *before* the Court considers the relevant discovery motion. It is a waste of the parties', and especially the Court's, time to move to compel broad requests, and then after those broad requests are denied, to start the process over by replacing those rejected requests with variations on the same. If allowed, negotiating the scope of discovery will devolve into a wasteful game of whack-a-mole, and parties will not have an incentive to narrow the scope of requests first presented to the Court.

**2b: Masimo Is Unreasonably Refusing Apple's Offered Discovery Of Mr. Myers's Emails**

Apple is not "refusing" to search for and produce or log Mr. Myers's emails nor has it ever done so. Ltr. at 2. Rather, Apple prioritized reaching agreement on the other 19 identified email custodians—where it has agreed to run all but one of Masimo's terms. *See* Ex. 1. And Apple's position that Masimo should narrow its requests directed to Apple's Chief IP Counsel because they

are overbroad and result in over *fifty thousand* likely privileged, but irrelevant documents is entirely reasonable. *See* Ex. 2. Indeed, Apple has counter-proposed a set of search terms tailored to: (1) the specific references Masimo alleges Mr. Myers withheld during prosecution (D.I. 318, Ex. 9 at 17, Terms 1, 2, 3, and 5); and (2) the specific individuals who Masimo claims are "omitted inventors" on Apple's design patents and the patents from which they were allegedly omitted (*id.*, Terms 4 and 6). Apple's proposed searches—while still resulting in nearly one thousand documents and thus some burden to Apple given their likely privileged nature—are a reasonable compromise. Moreover, Apple has not, as Masimo implies, refused to explain its positions or to negotiate on the issue (Ltr. at 2)—rather, Masimo refused to meet and confer on the issue before rushing to the Court to bring this motion to compel. *See* Ex. 3.

Masimo cannot deny that its requested searches go well beyond its allegations of inequitable conduct—which are tied to (1) specific references and (2) omitting utility "inventors" when prosecuting design patents, *see* 1378 Case, D.I. 132 ¶¶ 75-163—and result in an undue burden to Apple. For example, Masimo seeks emails related to "predatory infringement" and "Masimo's intellectual property" (Ltr. at 2) but Masimo alleges no connection between Mr. Myers and any "predatory infringement" or "Masimo's intellectual property." Similarly, Masimo demands searches addressing *any* email concerning "the Apple Watch" or its "functionality" with *any inventor* (not just allegedly "omitted" inventors) that likely capture thousands of privileged emails regarding irrelevant inventions and potential inventions related to the Apple Watch. As yet another example, Masimo's terms includes a request for purported patents numbers in combination with the term "app*"—which hits on any mention of "Apple" in violation of the ESI Order (1378 Case, D.I. 172 at 2)—that results in plainly irrelevant documents, such as any email to Apple that includes a Taiwanese phone number (with country code "886"). In sum, Masimo's terms are likely to force Apple to undertake the undue and unreasonable burden of privilege logging tens of thousands of irrelevant documents.

Moreover, Masimo does not and cannot show any legal basis for its demand to compel Apple to run all overbroad terms on Mr. Myers's emails regardless of burden. To the contrary, courts regularly deny email searches of senior in-house attorneys because the privilege log burden outweighs any marginal benefit. *See, e.g.*, *SS&C Tech. Holdings, Inc. v. AIG Specialty Ins. Co.*, No. 19-7859, 2019 WL 6701857, at *1 (S.D.N.Y. Dec. 9, 2019) (denying demand to search general counsel's emails "because the likelihood of producing relevant non-privileged documents is very small while [plaintiff's] burden for complying with this request would be too high."); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, C.A No. 17-1734, 2019 WL 3369659, at *1 (D. Del. July 15, 2019) (same for in-house patent counsel). Nonetheless, Apple is *not* refusing all discovery of Mr. Myers's emails. The search terms, however, should be appropriately tailored to Masimo's allegations, and Masimo's refusal to even negotiate with Apple on this issue is unreasonable. Accordingly, Apple respectfully requests the Court deny Masimo's request.

**2c: Masimo's Demand For Any And All Documents That Hit On Masimo's Search Terms Is Unreasonable**

Masimo offers no authority holding that Apple is precluded from conducting a responsiveness review of emails that hit on negotiated search terms. To the contrary, courts have repeatedly held that "a party's agreement to run search terms does not waive its right to review the resulting documents for relevance …." *O'Donnell/Salvatori Inc. v. Microsoft Corporation*, 339 F.R.D. 275, 277 (W.D. Wash., 2021); *see also Palmer v. Cognizant Tech. Sols. Corp.*, No. 17-6848, 2021 WL 3145982, at *9 (C.D. Cal. July 9, 2021) ("The Court will not compel defendants

to produce any document simply because it contains a search term whether or not it is responsive to the discovery request, or, by extension, whether or not it is relevant and proportional to the needs of the action."); *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-1879, 2016 WL 6522807, at *8 (S.D. Cal. Nov. 3, 2016) ("Plaintiffs' agreement to run a search using the parties' agreed-upon terms does not constitute Plaintiffs' acquiescence to produce all resulting documents."); *SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corporation*, No. 21-1076, 2023 WL 2585296, at *3 (D. Ariz. Mar. 21, 2023) ("Plaintiff may … review all documents that are 'hits' on a search term for relevance and withhold irrelevant documents"); *BancPass, Inc. v. Highway Toll Admin., LLC*, No. 14-1062, 2016 WL 4031417, at *3 (W.D. Tex. July 26, 2016) (parties search terms were designed "to capture a universe of potentially responsive document[s]").

Masimo points to no case law and argues only that the parties' ESI agreement does not include a provision explicitly allowing a responsiveness review. But nor does the agreement explicitly permit a privilege screen, yet Masimo agrees that is permissible. While a party is not required to review for responsiveness, to the extent a party is willing to undertake the costs of a responsiveness review (as is its right), there is no valid basis to oppose that. Conducting a responsiveness review not only prevents a flood of irrelevant documents but also ensures that sensitive information is not inadvertently produced. Apple's responsiveness review, for instance, has caught emails that in no way respond to any Masimo document request, but do relate to employee health concerns, individual income tax information, children's school report cards, not to mention third party confidential documents and sensitive Apple development documents that are unrelated to any claim, product, or technology at issue. Ford Decl. ¶ 6.

Masimo implies that a responsiveness review is unreliable, but reviewing documents for responsiveness is standard practice in civil litigation. Apple has retained over 200 reviewers who receive daily guidance from Apple's outside counsel to ensure a thorough and timely review of documents. *Id.* ¶ 5. As a result—not including documents produced as a result of the parties' cross-use of materials produced in their C.D. Cal. litigation and setting aside Apple's non-custodial productions—Apple has already produced over 70,000 ESI custodial emails. *Id.* ¶ 7. To the contrary, Masimo to date has not produced a *single* email in this case in response to Apple's ESI requests. *Id.* ¶ 8.

Finally, Masimo argues that its RFPs were "not written for email discovery." But Masimo's RFP requests specifically call for responsive email. *See, e.g.*, Ex. 4 at 3 ("The term 'document' shall be construed to include … emails…"), 4 ("The term 'communication' shall mean the transmittal of information regardless of the manner in which the communication(s) took place, including … electronic or computer mail…"); Ex. 5 at 3. Nor does Masimo explain how the over 300 RFPs it has served do not cover all relevant and proportional email (and more). In fact, Masimo's brief provides the Court no explanation why a responsiveness review would deprive it of any relevant discovery to which it is entitled.

Sincerely,

*/s/ David E. Moore*

David E. Moore

cc: Clerk of Court (via hand delivery);
Counsel of Record (via electronic mail)