**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,<br>*Plaintiff*,<br>v.<br>MASIMO CORPORATION and SOUND UNITED, LLC,<br>*Defendants*. | C.A. No. 1:22-cv-01377-MN-JLH |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING JOINT CLAIM CONSTRUCTION BRIEF**

Apple's Notice of Supplemental Authority (D.I. 329) attaches as Exhibit 1 the Patent Trial and Appeal Board's ("Board") denial of institution of *inter partes* review for the D'936 Patent. Masimo herein apprises the Court of the Board's decision.

**1. <u>The Board Found The Patent Figures Are Difficult To Interpret</u>**

Apple's Notice of Supplemental Authority advances the same error Apple made during the recent claim construction hearing—Apple ignores that the patent figures do not clearly identify the claimed subject matter. The Board found:

> We are mindful that, given the presence of multiple broken lines representing non-claimed aspects of the design, it is challenging to discern what does form part of the claimed design from the reproduced drawings of the '936 patent.

Ex. 1, pp. 4-5.

Thus, even though the Administrative Patent Judges are three highly trained patent attorneys, they found it "challenging" to discern what the claims supposedly cover. This finding confirms that a lay jury cannot be expected to ascertain the claim scope from the figures alone.

**2. <u>The Board Relied On Apple's Detailed Descriptions Of The Claimed Design</u>**

Apple also suggests that it relied solely on the figures for its claim construction and never

advanced detailed descriptions of those figures. But the Board set forth Apple's detailed descriptions in its opinion:

> Patent Owner characterizes the outer circular shape (in blue) as an "outermost continuous circle." More particularly, Patent Owner sets forth that "[t]he physical position of the arc shapes, and their elongate portions comparted to the outermost continuous circle, suggests a unified continuous circle, despite the arc shapes not touching each other. Patent Owner contends that Petitioner's proposed construction ignores certain prominent features, as follows: "1) the outermost continuous circle, 2) the unified circular appearance provided by the arcs, and 3) the distance between the inner edges of the arcs and the outermost continuous circle that is small and complementary to the proportions of the other features." Patent Owner also submits that "[e]ach of these features contribute to the unique concentric circular overall appearance, and are significant to the ordinary designer."

*Id.*, pp. 7-8 (internal citations omitted). These are the same descriptions on which Masimo relied in its briefing and at the hearing. D.I. 294 at 12-14.

**3. <u>The Board Did Not Address Cases Relying On Commercial Embodiments To Assess Functionality</u>**

As Apple's Notice shows in its block quote, the Board failed to acknowledge that *Berry Sterling* does not prohibit the use of commercial embodiments in evaluating functionality. Ex. 1, 11. Indeed, *Berry Sterling* merely held that a commercial embodiment cannot be used "to impose limitations on the scope of the design patent" that are not shown in the figures. D.I. 294 at 37 (quoting *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1455 (Fed. Cir. 1997)). The Board did not address any of the Federal Circuit cases that evaluated functionality by expressly considering commercial embodiments of the claimed designs. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1334 (Fed. Cir. 2015); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010); *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1406 (Fed. Cir. 1997).

**4. The Board's Finding About the Sidewall Confirms Indefiniteness**

The Board did not address indefiniteness, but Apple's Notice failed to mention that the Board agreed with Masimo that Figures 5-8 show that the surface of the arc-shaped portions is ***not claimed***. The Board held that "we agree with Petitioner that the 'sidewall' of the arcs does not appear to be a claimed feature, …." *Id.*, p.12. This finding supports that the claims of the D'936 and D'842 are invalid as indefinite because Figures 2 and 4 are inconsistent with Figures 5-8 such that the scope of what is claimed cannot be determined with reasonable certainty.

**5. The Board Relied On A Test The Federal Circuit Is Reconsidering *En Banc***

Finally, the Court should be aware that the Board's decision not to institute *inter partes* review was based on applying the obviousness case law that the Federal Circuit is currently reviewing *en banc*. That is the subject of Masimo's pending motion for leave to file a motion to stay. *See* D.I. 298.

September 19, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: /s/ John C. Phillips, Jr.

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
Stephen.larson@knobbe.com
Ben.katzenellenbogen@knobbe.com
Jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam B. Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com |
| John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

September 18, 2023

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr.