# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## PLAINTIFF APPLE INC.'S OPPOSITION TO
## DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL STAY

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant*
*Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  September 25, 2023
11073075 / 12209.00051

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

I.     THE COURT PROPERLY DENIED MASIMO'S ORAL REQUEST FOR A
STAY ............................................................................................................................ 1

II.    MASIMO'S WRITTEN REQUEST FOR A STAY REMAINS MERITLESS
BECAUSE NONE OF THE STAY FACTORS FAVOR DELAY ................................... 2

      A.    "Simplification and Judicial Economy" Do Not Favor Waiting for Years for
the Law to Settle. ................................................................................................. 2

      B.    Masimo's Partial Stay Request Given The Stage of the Litigation Does Not
Favor a Stay. ....................................................................................................... 4

      C.    The Inherent Prejudice to Apple, Though Ignored by Masimo, Does Not
Favor a Stay. ....................................................................................................... 4

III.   MASIMO'S CASES DO NOT SUPPORT AN INDEFINITE STAY PENDING
AN UNRELATED APPEAL ....................................................................................... 5

CONCLUSION ............................................................................................................... 8

**<u>TABLE OF AUTHORITIES</u>**

**<u>Page(s)</u>**

<u>Cases</u>

*Accenture Glob. Servs. GmbH v. Guidewire Software Inc.*,
 2010 WL 723003 (D. Del. Feb. 26, 2010) ........................................................................ 6

*Actelion v. Lee*,
 2016 WL 205377 (E.D. Va. Jan. 13, 2016) ....................................................................... 7

*Akamai Technologies v. Limelight Networks*,
 797 F.3d 1020 (Fed. Cir. 2015) ........................................................................................ 3

*Avid Identification Sys., Inc. v. Crystal Imp. Corp.*,
 614 F.3d 1330 (Fed. Cir. 2010) ........................................................................................ 8

*Bilski v. Kappos*,
 561 U.S. 593 (2010) .......................................................................................................... 6

*Bone v. XTO Energy, Inc.*,
 2022 WL 4355258 (D. Del. Sept. 20, 2022) ..................................................................... 6

*Bos. Sci. Corp. v. Cordis Corp.*,
 777 F. Supp. 2d 783 (D. Del. 2011) .................................................................................. 5

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
 2014 WL 12639238 (D. Del. July 11, 2014) .................................................................... 6

*Emblaze Ltd. v. Apple Inc.*,
 2014 WL 11307923 (N.D. Cal. Feb. 25, 2014) ................................................................ 7

*Guardian Techs., LLC v. X10 Wireless Tech., Inc.*,
 2011 WL 308658 (N.D. Tex. Jan. 25, 2011) .................................................................... 7

*Helix Energy Sols. Grp., Inc. v. Hewitt*,
 598 U.S. 39 (2023) ............................................................................................................ 6

*Hologic, Inc. v. Minerva Surgical, Inc.*,
 2021 WL 7184251 (D. Del. Apr. 6, 2021) .................................................................... 5, 6

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
 71 F.4th 1383 (Fed. Cir. 2023) ......................................................................................... 3

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
 Case No. 21-2348 (Fed. Cir.) ............................................................................................ 2

*SenoRx, Inc. v. Hologic, Inc.*,
  2013 WL 144255 (D. Del. Jan. 11, 2013) ................................................................... 5

*St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
  2009 WL 192457 (D. Del. Jan. 27, 2009) ............................................................... 3, 4

*TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*,
  2023 WL 2563179 (D. Del. Mar. 17, 2023) ................................................................ 5

*VaporStream, Inc. v. Snap Inc.*,
  2019 WL 6218950 (C.D. Cal. Nov. 21, 2019) ......................................................... 3, 7

*Zillow, Inc. v. Trulia, Inc.*,
  2013 WL 594300 (W.D. Wash. Feb. 15, 2013) ........................................................... 3

## INTRODUCTION

None of Masimo's rationales for its motion for leave have merit.  First, Apple did not "inaccurately characterize[]" Masimo's request at the August 3, 2023 hearing—Masimo articulated its proposal to postpone expert reports related to design patent obviousness, and the Court rejected that proposal.  Second, while Masimo's stay request is now written instead of oral, Masimo's request for an indefinite stay remains deficient for all the reasons the Court already rejected it. Third, all three stay factors weigh against granting Masimo's proposed stay, given the years-long delay before the speculative "simplification" of issues, the significant resources the Court and the parties have invested, and the inherent prejudice to Apple in allowing a competitor to sell infringing products that will irreparably harm Apple.

Masimo should not be permitted to postpone resolution of Apple's infringement claims because of speculation regarding what Masimo calls "one narrow issue" related to one of Masimo's defenses to its infringement.  The current standards for design patent obviousness control in this case.  The Court should deny Masimo's latest attempt to postpone resolution of Apple's design patent infringement claims.

## I.     THE COURT PROPERLY DENIED MASIMO'S ORAL REQUEST FOR A STAY

At the August 3, 2023 hearing, Masimo proposed "vacating" the deadline for expert reports because the "Federal Circuit is answering . . . foundational questions that [Masimo] think[s] could substantially change the law on obviousness for design patents" and that "whatever reports we serve would have to be completely redone."  Ex. A (August 3, 2023 Hearing Transcript) at 57:2-21.  While the Court did ask Apple for its view on Masimo's proposal, *id*., at 57:22-58:1, Masimo is wrong that the Court denied its request because of Apple's "characterization."  The record is clear that the Court understood Masimo's request and denied it, explaining that "[t]he train is going

to keep plowing full speed ahead, and we'll deal with it in January when we've got some information from the Federal Circuit and how it shakes out."  *Id.* at 58:2-6.

## II.      MASIMO'S WRITTEN REQUEST FOR A STAY REMAINS MERITLESS BECAUSE NONE OF THE STAY FACTORS FAVOR DELAY

Filed a month after its oral request, Masimo's written motion for leave repeats the ***same argument*** that the Court rejected at the hearing: that speculation about the future of design patent law "with respect to one narrow issue" requires indefinite delay of this case.  D.I. 298 ("Mot") at 1.  None of the stay factors favor delaying resolution of Apple's infringement claims pending the Federal Circuit's rehearing en banc in *LKQ Corp. v. GM Glob. Tech. Operations LLC*, Case No. 21-2348 (Fed. Cir.).

### A.      "Simplification and Judicial Economy" Do Not Favor Waiting for Years for the Law to Settle.

First, Masimo is incorrect that "simplification and judicial economy are served because the current design patent obviousness standard will almost certainly not be the law by the time this case goes to trial."  Mot. at 2.  The Court set a case management conference for March 20, 2024, with the goal of a trial within a month or two afterwards.  D.I. 338 at 2; Ex. B (May 5, 2023 Scheduling Conference Transcript) at 7:3-13.  Masimo's proposed Opening Brief calculates that an en banc decision is likely "between January and August 2024."  Mot., Exhibit 2 at 5.  Thus, Masimo admits that it is likely that the Federal Circuit will not issue its en banc decision until ***after*** the planned trial date.

Additionally, Masimo's motion rests on its assumption that "[t]he Federal Circuit, sitting en banc, will likely change the legal standards governing design patent obviousness."  Mot. at 1.  But of course, Masimo's citations to court speculators notwithstanding, *see id.* at 3-4, Masimo

does not provide evidence that the Federal Circuit's decision is "likely" to change the law.[1] Moreover, Masimo's calculations ignore that a final determination of the issue may take years because the losing party is likely to appeal any decision to the Supreme Court, which may then remand back to the Federal Circuit for further deliberations.[2]

Because Masimo only presents the Court with the possibility of a change in law on a narrow issue on an uncertain timeline, the Court should deny the request. *See St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (denying motion to stay pending a related appeal because "[t]he outcome of any appeal of *Fujifilm I* in the Federal Circuit is speculative and the time frame for adjudication of any such appeal is also uncertain."); *VaporStream, Inc. v. Snap Inc.*, 2019 WL 6218950, at *2 (C.D. Cal. Nov. 21, 2019) (denying joint motion to stay pending possible rehearing en banc and Supreme Court review of *Arthrex* because of the uncertainty that the proceedings "would be concluded within a reasonable time"); *Zillow, Inc. v. Trulia, Inc.*, 2013 WL 594300, at *4 (W.D. Wash. Feb. 15, 2013) (denying motion to stay pending the Federal Circuit's rehearing en banc opinion in *CLS Bank v. Alice* because the movant "requests a stay of indefinite length; the court has no way of knowing

---

[1] In fact, the Federal Circuit's questions to the parties suggest it is considering no change to the law.  *See LKQ Corp. v. GM Glob. Tech. Operations LLC*, 71 F.4th 1383, 1385 (Fed. Cir. 2023) ("Given the length of time in which the *Rosen-Durling* test has been applied, would eliminating or modifying the design patent obviousness test cause uncertainty in an otherwise settled area of law?").

[2] The delay associated with a final decision in the *Akamai Technologies v. Limelight Networks* line of cases regarding "divided infringement" is instructive.  After the Federal Circuit's first en banc opinion (692 F.3d 1301 (Fed. Cir. August 31, 2012)), the Supreme Court reversed and remanded nearly two years later (572 U.S. 915 (June 2, 2014)). Then, the Federal Circuit issued its second panel decision a year later (786 F.3d 899 (Fed. Cir. May 13, 2015)), which was then vacated by a second rehearing en banc (797 F.3d 1020 (Fed. Cir. August 13, 2015)), ***almost three years after the initial en banc decision was published***.

how soon the Federal Circuit will decide *CLS Bank*, and the court will not order a stay without some indication that the stay will only be in effect for a reasonable amount of time").

### B.     Masimo's Partial Stay Request Given The Stage of the Litigation Does Not Favor a Stay.

Second, Masimo's proposal to vacate the deadline for serving expert reports related to design patent obviousness is impractical and inefficient given the state of the litigations.  The parties are weeks away from finishing fact discovery and starting expert discovery, and the Court plans to try the parties' infringement claims in early 2024.  The PTAB has already denied institution of the first of Masimo's IPR petitions challenging Apple's design patents.  *See* D.I. 329, Exhibit 1 (denying institution of Masimo's Petition for the D'936 Patent).  But under Masimo's proposal, the parties would spend the next few months exchanging expert reports on infringement (for both Apple and Masimo patents), damages, and issues of validity *other than* obviousness as it relates to Apple's design patents, then take expert depositions, file dispositive motions, and coordinate on pretrial filings.  Then, Masimo would presumably have the parties wait for months or years until the law on design patent obviousness is "settled" so that they could then restart the expert and pretrial process for the left-behind issue.  Moving ahead on infringement and damages reports while delaying reports on validity on one set of patents is not a realistic proposal for the "just, speedy, and inexpensive determination" of Apple's claims of design patent infringement. *See St. Clair*, 2009 WL 192457, at *2 (denying motion to stay because it would "disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court").

### C.     The Inherent Prejudice to Apple, Though Ignored by Masimo, Does Not Favor a Stay.

Third, Masimo's claim that "no party will suffer any prejudice, especially not undue prejudice, from a brief stay" is wrong.  As reviewed in detail in Apple's Motion for an Expedited

Trial (D.I. 44, 45, 65), Masimo's planned escalating infringing sales will irreparably harm Apple. A stay of the trial in the consolidated cases will delay an injunction and will force Apple to compete against its own patented designs in Masimo's copy-cat product. The Court here should find inherent prejudice to Apple in staying determination of its case given Masimo's stated intention to compete with Apple Watch. *TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, 2023 WL 2563179, at *4 (D. Del. Mar. 17, 2023) ("The relationship of the parties supports a finding of inherent prejudice because there is no meaningful dispute that the parties in this case are direct competitors."); *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011) ("Courts are generally reluctant to stay proceedings where the parties are direct competitors."). When the parties are direct competitors, "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred . . . ." *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255 at *7 (D. Del. Jan. 11, 2013).

### III.  MASIMO'S CASES DO NOT SUPPORT AN INDEFINITE STAY PENDING AN UNRELATED APPEAL

Masimo's assertion that "[c]ourts in this district commonly grant stays when the governing legal standards are likely to change" (Mot. at 2) is not well-supported. The cases Masimo cites in its brief, *see* Mot., Exhibit 2 at 5–6, do not address whether Apple, a competitor, must wait to enforce its patent rights against an infringer until an unrelated appeal without an end date is "final."

First, Masimo relies on cases that are inapplicable because they involved a litigant's related proceeding that was on appeal that would directly and imminently affect the parties' positions. For example, in *Hologic, Inc. v. Minerva Surgical, Inc.*, the Court stayed because the Supreme Court was scheduled to hear argument in **two weeks** an invalidity defense between the **same parties** on the **same patent**. 2021 WL 7184251, at *1–2 (D. Del. Apr. 6, 2021) (noting the "substantial overlap" between the case at issue and the case on appeal and that "[o]ral argument is scheduled

5

for April 21, 2021, and a decision is expected by the end of June 2021").[3]  In *Butamax Advanced Biofuels LLC v. Gevo, Inc*., the Court stayed pending the Supreme Court's decision on **the accused infringer's** petition for a writ of certiorari **in that case**. 2014 WL 12639238, at *1 (D. Del. July 11, 2014).  Similarly, in *Takeda*, there were "a number of analogous cases in which Defendant is a party, [where] Defendant also moved to dismiss for lack of personal jurisdiction for nearly identical reasons" and "one of these decisions" with the **same defendant** and the same legal question was "presently on appeal." *Takeda GmbH v. Mylan Pharms. Inc.*, 2016 WL 146443, at *3 (D.N.J. Jan. 12, 2016).  Here, unlike in those cases, neither party's interests are directly at stake in the Federal Circuit appeal.  Neither Masimo nor Apple are parties to the *LKQ v. GM* case, and Apple's patents are not directly impacted by that appeal.

Second, for Masimo's cases where the relevant appeal did not involve the same parties, a final adjudication of law was nevertheless imminent because the Supreme Court had already heard, or had scheduled, argument.  In *Bone v. XTO Energy, Inc*., the Court stayed the proceeding where a threshold issue was scheduled for argument before the Supreme Court **three weeks** later. *Compare* 2022 WL 4355258, at *1 (D. Del. Sept. 20, 2022) (staying pending Supreme Court's decision in *Hewitt v. Helix Energy Solutions, Inc.*) *with Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39 (2023) (argued October 12, 2022 and decided February 22, 2023).  In *Accenture Glob. Servs. GmbH v. Guidewire Software Inc.*, the Court exercises its discretion to wait for Supreme Court opinion when oral argument was heard **months before** the stay order.  2010 WL 723003, at *1–2 (D. Del. Feb. 26, 2010); *cf. Bilski v. Kappos*, 561 U.S. 593 (2010) (argued November 9, 2009 and decided June 28, 2010).  By contrast, here, Masimo cannot predict when the law on design

---

[3] In *Hologic*, the issues were so intertwined that "[t]he operative scheduling order in this case dictates that Minerva's initial invalidity contentions are to be served 'after all appeals from the First Action are exhausted.'" 2021 WL 7184251, at *3 (D. Del. Apr. 6, 2021).

patent obviousness will be sufficiently "settled."  As discussed above, even if the Federal Circuit changes its approach to obviousness (in four to eleven months by Masimo's calculation), the losing party is likely to appeal to the Supreme Court, potentially postponing any final resolution of the issue for years.[4]

The Court's ruling at the hearing is correct and the case should remain on track for trial in early 2024.  The Court (and the parties) should apply the current, binding standards of design patent law and should address changes in that law if and when they occur.  *See, e.g.*, *Guardian Techs., LLC v. X10 Wireless Tech., Inc.*, 2011 WL 308658, at *3 (N.D. Tex. Jan. 25, 2011) (denying a motion to stay pending the Supreme Court's review in *Microsoft v. i4i* because "the current standard as set forth by the Federal Circuit is binding on this Court, and the Court will not delay proceedings in this case based on the mere possibility that at some future time the Supreme Court or the Federal Circuit will change the standard"); *Emblaze Ltd. v. Apple Inc.*, 2014 WL 11307923, at *1–2 (N.D. Cal. Feb. 25, 2014) (denying a motion to stay pending the Supreme Court's review in *Akamai v. Limelight Networks* because "on balance, the right course is to continue on course and deal with any change in the law or other circumstances that may come"); *VaporStream*, 2019 WL 6218950, at *2 (denying a joint motion to stay pending "possible panel rehearing, rehearing en banc, and/or Supreme Court review" of *Arthrex* because of the uncertainty

---

[4] Masimo's only other case, *Actelion Pharmaceuticals Ltd. v. Lee*, is irrelevant.  There, the patent owner filed suit seeking district court review of an agency's final decision—the Patent Office's determination of the length of its patent's Patent Term Adjustment.  2016 WL 205377, at *4 (E.D. Va. Jan. 13, 2016).  The court there determined there would be no harm in delaying resolution of that purely legal issue (the expiration date of the patent) until the Federal Circuit issued its opinion in a case argued ***two months before***.  *Id*. at *3, *5 ("Defendant points out that any delay will be short considering that the Federal Circuit has ***already heard oral argument*** in Pfizer and is, presumably, currently drafting the opinion in that case.") (emphasis added).  *Actelion* has no relevance here because the "litigants" were a patent owner and the Patent Office, as opposed to a patent owner and an alleged infringer.

that those proceedings "would be concluded within a reasonable time"); *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 614 F.3d 1330, 1331 (Fed. Cir. 2010) (denying motion in the alternative to stay the mandate of the case pending en banc review in *Therasense*).

## **CONCLUSION**

Accordingly for the reasons provided above, this Court should deny Masimo's Motion for Leave to File a Motion for Partial Stay.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

By:  */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  September 25, 2023
11073075 / 12209.00051