# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 22-1377-MN-JLH |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| Defendants. | ) |
| MASIMO CORPORATION, | ) |
| Counter-Claimant, | ) |
| v. | ) |
| APPLE INC., | ) |
| Counter-Defendant. | ) |

## NOTICE OF SUBSEQUENT AUTHORITY

Under Local Rule 7.1.2(b), Apple Inc. ("Apple") hereby submits this Notice of Subsequent Authority regarding the parties' Joint Claim Construction Brief for Apple Asserted Patents, D.I. 273. On September 18, 2023, Apple alerted the Court to the Patent Trial and Appeal Board ("PTAB") denial of institution of Masimo's Petition requesting *inter partes* review of U.S. Patent No. D962,936 (the "D'936 Patent"). *See* D.I. 329. Yesterday, September 27, 2023, the PTAB also denied institution of Masimo's Petitions requesting *inter partes* review of U.S. Patent No. D883,279 (the "D'279 Patent") and D947,842 (the "D'842 Patent"). Those latest IPR decisions, like the D'936 decision, directly address issues in dispute in the Markman proceedings for the same reason as articulated in Apple's previous Notice. *See* Ex. 1 (IPR2023-00774, Paper 9), Ex. 2 (IPR2023-00702, Paper 9).

The PTAB again rejected Masimo's functionality arguments regarding the D'279 and D'842 Patents, which are the same functionality arguments Masimo offered before this Court during the Markman proceedings. Ex. 1 at 14. ("Accordingly, we have considered Petitioner's argument pertaining to potential functionality of aspects of the '279 patent's claimed design. We, however, decline to 'factor out,' in the manner proposed by Petitioner, aspects that contribute to the overall appearance of that design."); *see* Ex. 2 at 13 (similar language for D'842 Patent). The PTAB again rejected Masimo's reliance on the same commercial embodiment it relies on in this case, the Apple Watch Series 4:

> Furthermore, we share Patent Owner's view that Petitioner's reliance on the assessment of a commercial product that may be covered by the '279 patent, e.g., the Apple Watch Series 4, based on functionality disclosed as to that product's wireless charging, is problematic. As Patent Owner notes, "nothing in the '279 patent tethers the claimed ornamental shapes to wireless charge components, or any other particular charging component" (*see* Prelim. Resp. 15), yet it is features pertaining to wireless charging that underscore the bulk of Petitioner's position on functional elements. *See, e.g.*, Pet. 16–35. There is considerable tension in Petitioner's assessment that leans on the functionality of the features of a commercial product rather than evaluation based on the claimed design of the '279 patent. *See Berry Sterling Corp. v. Pescor Plastics, Inc.,* 122 F.3d 1452, 1455 (Fed. Cir. 1997) ("the court cannot use the limitations of the commercial embodiment of the underlying article of manufacture to impose limitations on the scope of the design patent.")

Ex. 1 at 13; Ex. 2 at 11-12 (similar language for D'842 Patent).

Further, the PTAB found that "the record before us is replete with various designs for the back or rear portions of various electronic devices, such as watches" with "apparent electrode geometries and arrangements shown are, in our view, clearly distinct from the claimed design of the '279 patent." Ex. 1 at 10-11; *see* Ex. 2 at 9-10 (similar language for D'842 Patent). For example, it found that Masimo's reliance on Apple utility patents (the same Apple utility patents at issue here) misplaced because, for example, the '157 patent "includes various examples or

2

embodiments of an electronic watch" that "present[] a visual appearance that is different or distinct from the '279 patent design." Ex. 1 at 12; *see* Ex. 2 at 10-11. The PTAB explained that the record evidence of "*multiple alternative designs* for the rear face or surface of an electronic device that present a distinct visual appearance *is*, in our view, *significant in undermining Petitioner's assertion* that the '279 patent design should be regarded largely, if not entirely, as including elements that are purely functional." Ex. 1 at 12 (emphasis added); *see* Ex. 2 at 11.

Second, the PTAB explained that it adopted Apple's claim construction position, which it understood to defer to the patent's figures:

> *2. Patent Owner's Proposed Claim Construction*
>
> For its part, Patent Owner offers the following annotated (colorized) figures showing what we understand to be Patent Owner's claim construction:

[**D'279:**]



FIG. 4     FIG. 2

EX2001, ¶20 ((EX1001, Figs. 2 and 4 (annotated)).

3

**[D'842:]**



EX2001, ¶20 ((EX1001, Figs. 2 and 4 (annotated)).

Ex. 1 at 7-8; Ex. 2 at 7; *see* Ex. 1 at 15 ("Accordingly, we adopt the claim construction that is advanced by Patent Owner. . . ."); Ex. 2 at 14 (same).

4

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
| | David E. Moore (#3983) |
| John M. Desmarais | Bindu A. Palapura (#5370) |
| Jordan N. Malz | Andrew L. Brown (#6766) |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |
| | *Attorneys for Plaintiff/Counter-Defendant* |
| Peter C. Magic | *Apple Inc.* |
| DESMARAIS LLP | |
| 101 California Street | |
| San Francisco, CA 94111 | |
| Tel: (415) 573-1900 | |

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: September 28, 2023
11078441 / 12209.00051

5