IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br>        *Plaintiff*, <br><br>v. <br><br>MASIMO CORPORATION and SOUND UNITED, LLC, <br><br>        *Defendants*. | Civil Action No. 22-1377 (MN) (JLH) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE**

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Edward M. Cannon
Brian C. Claassen
Jared C. Bunker
Mark Lezama
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
ted.cannon@knobbe.com
brian.claassen@knobbe.com
jared.bunker@knobbe.com
mark.lezama@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Dated: October 2, 2023

(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Daniel P. Hughes
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com
Daniel.hughes@knobbe.com

Carol M. Pitzel Cruz
Knobbe, Martens, Olson & Bear, LLP
925 4th Ave., #2500
Seattle, WA 98104
206-405-2000 Telephone
206-405-2001 Facsimile
carol.pitzelcruz@knobbe.com

## TABLE OF CONTENTS

**Page No.**

I.     INTRODUCTION ................................................................................................ 1

II.    THE COURT SHOULD GRANT MASIMO LEAVE TO FILE ITS
       MOTION ............................................................................................................... 1

III.   THE COURT SHOULD GRANT MASIMO'S MOTION TO STAY ....................... 2

       A.     The Three Factors Support Granting Masimo's Requested Stay ................... 2

              1.     A Stay Would Promote Judicial Economy ......................................... 2

              2.     The Status of the Litigation Favors a Stay .......................................... 4

              3.     A Stay Would Not Unduly Prejudice Apple ....................................... 5

       B.     The Relevant Cases Support Masimo's Motion to Stay ................................ 6

IV.    CONCLUSION ..................................................................................................... 7

## TABLE OF AUTHORITIES

**Page No(s).**

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
    941 F.3d 1320 (Fed. Cir. 2019) ................................................................................... 4

*Avid Identification Sys., Inc. v. Crystal Imp. Corp.*,
    614 F.3d 1330 (Fed. Cir. 2010) ................................................................................... 7

*Emblaze Ltd. v. Apple Inc.*,
    2014 WL 11307923 (N.D. Cal. Feb. 25, 2014) ............................................................ 7

*Ethicon LLC v. Intuitive Surgical, Inc.*,
    2019 WL 1276029 (D. Del. Mar. 20, 2019) ...................................................... 2, 4, 5, 6

*Guardian Techs., LLC v. X10 Wireless Tech., Inc.*,
    2011 WL 308658 (N.D. Tex. Jan. 25, 2011) ................................................................ 7

*LKQ Corp. v. GM Glob. Tech. Operations LLC*,
    71 F.4th 1383 (Fed. Cir. 2023) ........................................................................ 2, 4, 5, 6

*St. Clair Intell. Prop. Consultants, Inc. v. Canon Inc.*,
    412 F. App'x 270 (Fed. Cir. 2011) ............................................................................... 3

*St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
    2009 WL 192457 (D. Del. Jan. 27, 2009) .................................................................... 3

*St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
    No. 08-373-JJF-LPS, Dkt. No. 360 (D. Del. May 2, 2011) .......................................... 3

*VaporStream, Inc. v. Snap Inc.*,
    2019 WL 6218950 (C.D. Cal. Nov. 21, 2019) ........................................................... 3, 4

*Zillow, Inc. v. Trulia, Inc.*,
    2013 WL 594300 (W.D. Wash. Feb. 15, 2013) ......................................................... 3, 4

## I. INTRODUCTION

Apple's arguments opposing Masimo's motion for *leave* largely address Masimo's underlying motion for *stay*. And although Apple agrees the Court should apply a three-part test to evaluate whether a stay is appropriate, Apple misapplies the analysis. Because the three factors support granting the requested stay, the Court should both grant Masimo's leave to file its motion to stay and grant the underlying motion to stay.

The Federal Circuit is reviewing the entire legal framework of design patent obviousness *en banc*. Apple argues that the current standard controls, ignoring the significant probability that the standard may change. Moreover, Apple never explains why the parties and the Court should bear the risk of having to try this case twice.

## II. THE COURT SHOULD GRANT MASIMO LEAVE TO FILE ITS MOTION

Masimo's motion for leave clarified the limited scope of Masimo's request and provided information and case law beyond that which Masimo presented at the August 3 Discovery Conference. Mot. at 1. Masimo is not requesting a stay of Apple's entire design patent case. It seeks only to stay expert reports on obviousness. Fact discovery would continue. And expert discovery for all other issues would proceed under the current schedule. While trial might be delayed, that delay is justified to avoid the possibility of two trials.

Apple also argues that Masimo's request "remains deficient for all the reasons the Court already rejected it." Opp. at 1. But the Court did not have the benefit of any briefing on the subject. Granting the motion for leave will give the Court its first opportunity to fully consider and address whether the parties should exchange expert reports on obviousness under the current schedule.

### III. THE COURT SHOULD GRANT MASIMO'S MOTION TO STAY

#### A. The Three Factors Support Granting Masimo's Requested Stay

Apple does not dispute that courts use a three-factor test to determine whether a stay would be appropriate: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019); Opp. at 2. As explained below, those factors favor a stay.

##### 1. A Stay Would Promote Judicial Economy

Masimo's brief in support of its motion to stay explains that the standard for design patent obviousness will likely change in the first half of 2024. Ex. 2 at 3–5. Once that standard changes, any obviousness analysis using the old standard would be obsolete, and the parties would need to analyze obviousness under the new law. A stay would prevent this needless duplication of effort.

Apple argues that the Federal Circuit may not issue its *en banc* decision until months after the likely trial date in this case. Opp. at 2. But Apple does not explain why that timeline weighs against a stay. To the contrary, the timeline supports a stay. Trying Apple's design patent claims before the Federal Circuit rules would create a significant risk that the parties would need to try those claims twice.

Apple also disputes that the Federal Circuit is likely to change current law. Opp. at 3. But the rarity of granting *en banc* review itself suggests that a change is likely. Mot. at 3.

Moreover, the Federal Circuit specifically "invite[d] the views of the United States as amicus curiae." *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 71 F.4th 1383, 1385 (Fed. Cir. 2023). The United States has a particularly strong interest in the standard for obviousness because "the USPTO receives approximately 50,000 design patent applications a year" and has a

Constitutional mandate to "issue and maintain robust and reliable patents that incentivize and protect innovation." D.I. 298, Ex 3. at Ex. G (Brief for the United States as Amicus Curiae) at 1. In its *amicus curiae* brief, the United States "urge[d] the Court" to modify the standard. *Id.* at 3, 12, 31. It argued that "[t]here is no question that the principles the Supreme Court has announced regarding § 103, including the *Graham* factors and *KSR*'s emphasis on the need for an 'expansive and flexible' approach, apply to design patents." *Id.* at 11. It also argued that the current obviousness standard is "overly restrictive in several respects" and "should be reformulated." *Id.* at 12.

Finally, Apple argues that stays should not be granted pending a change in law "on an uncertain timeline." Opp. at 3–4 (citing *St. Clair Intell. Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, 2009 WL 192457 (D. Del. Jan. 27, 2009); *VaporStream, Inc. v. Snap Inc.*, 2019 WL 6218950 (C.D. Cal. Nov. 21, 2019); *Zillow, Inc. v. Trulia, Inc.*, 2013 WL 594300 (W.D. Wash. Feb. 15, 2013)). But the timeline is not uncertain. Masimo explained that the Federal Circuit is likely to rule by August 2024. Ex. 2 at 5. Moreover, the cases Apple cites are inapposite.

The defendants in *St. Clair* sought a stay pending appeal of the court's claim construction in a prior case between the parties. 2009 WL 192457. Merely filing an appeal as a matter of right does not indicate whether the Federal Circuit intends to overrule the lower court's decision. Furthermore, the court in *St. Clair* was managing five related cases involving 54 defendants. *Id.* at *1. The court noted that granting a stay for one set of defendants would "disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court." *Id.* at *2.

*VaporStream* was pending when the Federal Circuit determined in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1325 (Fed. Cir. 2019), that the structure of the PTAB violated the

Appointments Clause. *Id*. The parties requested a three-month stay to determine whether, in light of *Arthrex*, the PTAB may need to revisit its decisions on the patents-in-suit. *Id.* The court denied the request because it was not clear whether *Arthrex* would affect the patents asserted in the case. 2019 WL 6218950, at *3. Further, the court reasoned that "the *Arthrex* decision could potentially be reconsidered and modified by the issuing panel, reviewed by the Federal Circuit *en banc*, and/or reviewed by the Supreme Court in the future." *Id.* at *2. Unlike the uncertainty in *VaporStream*, a new standard for design patent obviousness would govern Masimo's defense. And the Federal Circuit will decide the new standard *en banc*, eliminating any concern about further changes by that court. Supreme Court review of *LKQ* is also unlikely. The entire reason the Federal Circuit granted *en banc* review is to address the Supreme Court's guidance in *KSR*.

Finally, *Zillow* supports Masimo. The court postponed ruling on defendant's patent eligibility motion until after the Federal Circuit reviewed the legal standard *en banc*. 2013 WL 594300, at *3. The court explained that it would otherwise "need to revisit (and perhaps even abandon) its decision." *Id*.

### 2.    The Status of the Litigation Favors a Stay

Apple argues that the parties are close to finishing fact discovery and starting expert discovery. *See* Opp. at 4. But Masimo does not seek to stay fact discovery, and opening reports on obviousness are not due until November 22. D.I. 338 at 2. Thus, this is an opportune time to stay expert reports on obviousness. Indeed, at least one court in this district has stayed at a later stage. *Ethicon*, 2019 WL 1276029, at *2 (finding case was at "an efficient stopping point" when "the Court ha[d] already issued its claim construction order, fact discovery [was] complete, and expert discovery [was] nearly concluded").

Apple also mischaracterizes Masimo's proposal, stating that the parties might have to wait for "years until the law on design patent obviousness is 'settled.'" Opp. at 4. Apple reasons that

-4-

"the losing party [in *LKQ*] is likely to appeal any decision to the Supreme Court, which may then remand back to the Federal Circuit for further deliberations." Opp. at 3, n.2. That argument shows Apple recognizes the great significance of the *LKQ* case. Moreover, Masimo never suggested the parties wait for a hypothetical Supreme Court review. Opp. at 3. Masimo proposes merely that the parties and the Court wait to apply the design patent obviousness standard from the forthcoming *en banc* decision in *LKQ*.

Apple also argues that delaying expert reports on obviousness while moving ahead on other issues would not provide a "just, speedy, and inexpensive determination." Opp. at 4. But a just determination requires application of the proper legal standard. Masimo's proposal reduces the chance of retrial, which would further delay resolution at even greater expense. Masimo's proposal also eliminates the expense of analyzing obviousness under both the old and new standard. And Apple can hardly criticize Masimo's proposal for seeking to stay only obviousness. If Apple believes it is more efficient to also stay the remaining aspects of its design patent case, Masimo would be willing to consider that option.

   **3.**    <u>**A Stay Would Not Unduly Prejudice Apple**</u>

Apple argues that a stay would unduly prejudice Apple because Masimo intends to compete with Apple. Opp. at 4–5. Such competition, however, would not "unduly prejudice or present a clear tactical disadvantage" to Apple. *See Ethicon*, 2019 WL 1276029, at *1. As in *Ethicon*, any alleged continued infringement "may be compensated with damages." *Id.* at *3. Moreover, Masimo launched the accused products in January 2022. D.I. 1 at 15. Apple waited until October 2022 to file suit, never sought a preliminary injunction, and still has not narrowed its asserted claims in the related utility-patent case. Such "delay in filing suit, decision not to seek a preliminary injunction, and delay in narrowing its asserted claims weigh in favor of [granting the stay]." *Ethicon*, 2019 WL 1276029, at *3.

Moreover, Apple argues it will be prejudiced by competition from Masimo, but Masimo is not aware of Apple taking action against the Samsung Galaxy Watch, which is much closer than Masimo to Apple's patented design:



Apple's D'279 Patent　　　　Samsung Galaxy Watch　　　　Masimo W1

### B.　The Relevant Cases Support Masimo's Motion to Stay

Masimo cited several cases that support its motion to stay. Ex. 2 at 5–6. Apple attempts to sidestep these cases by pointing to irrelevant distinctions. For example, Apple attempts to distinguish cases that "involved a litigant's related proceeding that was on appeal" because the decision would "directly" affect the party's position. Opp. at 5–6. Apple cannot dispute that a change in the standard for obviousness would directly impact this case. Apple also tries to distinguish cases where "final adjudication" by the Supreme Court was "imminent." Opp. at 6–7. As previously explained, Masimo is not proposing that the parties wait to see whether the Supreme Court will review *LKQ*.

Next, Apple cites three cases to argue that the Court and the parties should simply ignore that the Federal Circuit will likely change the standard for design patent obviousness. But those cases do not support Apple.

In *Guardian Technologies,* the defendant had previously filed two unsuccessful motions to

stay, a trial date had already been set, and the parties "had not proceeded diligently with discovery, which weighed against granting a stay." *Guardian Techs., LLC v. X10 Wireless Tech., Inc.*, 2011 WL 308658 at *1 (N.D. Tex. Jan. 25, 2011). Further, the defendant's "future ability to pay" was in question. *Id.* at *2 n.4.

In *Emblaze*, the defendant sought "to stay all proceedings" pending Supreme Court review of an *en banc* Federal Circuit opinion that changed the standard for induced infringement. *Emblaze Ltd. v. Apple Inc.*, 2014 WL 11307923, at *1 (N.D. Cal. Feb. 25, 2014). In denying the stay, the court reasoned that a change in the law would affect only a subset of the asserted claims and therefore may not affect the plaintiff's damages claim. *Id.* Moreover, the case would have been four years old by the scheduled trial date. *Id.* The court explained that "its memory of the case's intricate technical and procedural details" was fading as the case dragged on. *Id.* at *2. Finally, the court relied on the fact that the Supreme Court was reviewing an *en banc* decision from the Federal Circuit. The court reasoned that the Federal Circuit, not the Supreme Court, "must be viewed, and respected, as the custodial parent" of patent law. *Id.* The court explained that when "this nation's highest patent court" issues an *en banc* opinion, it would be "disrespectful … to presume that a reversal is coming." *Id.*

Finally, *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 614 F.3d 1330 (Fed. Cir. 2010) is irrelevant because the motion to stay was filed after the Federal Circuit had already affirmed the district court's finding. *Id.*

## IV.     CONCLUSION

Postponing analysis of design patent obviousness until the Federal Circuit rules on whether to apply a new legal standard to design patent obviousness would conserve both the Court's and the parties' resources and reduce the risk of retrial. The Court should therefore grant Masimo's

motion to stay.

<div style="display: flex;">

<div>

October 2, 2023

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Edward M. Cannon
Brian C. Claassen
Jared C. Bunker
Mark Lezama
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
ted.cannon@knobbe.com
brian.claassen@knobbe.com
jared.bunker@knobbe.com
mark.lezama@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Daniel P. Hughes
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130

</div>

<div>

Respectfully submitted,

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*
    John C. Phillips, Jr. (No. 110)
    Megan C. Haney (No. 5016)
    1200 North Broom Street
    Wilmington, DE 19806
    (302) 655-4200 Telephone
    (302) 655-4210 Fax
    jcp@pmhdelaw.com
    mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

</div>

</div>

(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com
Daniel.hughes@knobbe.com

Carol M. Pitzel Cruz
Knobbe, Martens, Olson & Bear, LLP
925 4th Ave., #2500
Seattle, WA 98104
206-405-2000 Telephone
206-405-2001 Facsimile
carol.pitzelcruz@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com |
| AppleMasimoService@desmaraisllp.com | whmasimoantitrustservice@wilmerhale.com |
| IPservice@potteranderson.com | |

October 2, 2023

                                      */s/ Megan C. Haney*
                                      Megan C. Haney