**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br>    *Plaintiff*, <br> v. <br> MASIMO CORPORATION and <br> SOUND UNITED, LLC, <br>    *Defendants*. | C.A. No. 1:22-cv-01377-MN-JLH |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING JOINT CLAIM CONSTRUCTION BRIEF**

Apple's Notice of Supplemental Authority (D.I. 346) attaches as Exhibits 1 and 2 the Patent Trial and Appeal Board's ("Board") denials of institution of *inter partes* review for the D'279 and D'842 Patents, respectively. Masimo herein apprises the Court of the Board's decisions.

**1. The Board Found The Patent Figures Are Difficult To Interpret**

Apple's Notice of Supplemental Authority advances the same error Apple made during the recent claim construction hearing—Apple ignores that the patent figures do not clearly identify the claimed subject matter. The Board found:

> We are mindful that, given the presence of multiple broken lines representing non-claimed aspects of the design, it is challenging to discern what does form part of the claimed design from the reproduced drawings of the ['279/'842] patent.

Ex. 1, pp. 4-5; Ex. 2, p. 5.

Thus, even though the Administrative Patent Judges are three highly trained patent attorneys, they found it "challenging" to discern what the claims supposedly cover. This finding confirms that a lay jury cannot be expected to ascertain the claim scope from the figures alone.

**2. The Board Relied On Apple's Detailed Descriptions Of The Claimed Design**

Apple also suggests that it relied solely on the figures for its claim constructions and never

advanced detailed descriptions of those figures. But the Board set forth Apple's detailed descriptions of the D'279 Patent in its opinion, explaining that "Patent Owner describes the following":

> [T]he claimed design includes a protruding circular element with a beveled edge protruding outward from an outermost continuous circle (blue). Id. An outer circular shape is formed by thin, elongated arches positioned within the outermost continuous circle (red). Id. The inner edges of the arches are raised relative to the outermost continuous circle, resulting in the appearance that the arches protrude upward from the outermost continuous circle. Moving toward the center of the concentric circular arrangement, spaced apart from the outer circular shape, an inner circular shape is formed by an arrangement of multiple elongated four-sided shapes (green). Id. The inner circular shape is smaller in diameter than the outer circular shape. Id. The design also includes a central round shape [gold], spaced apart from and positioned within the inner circle shape. The design has a domed appearance that appears to protrude out from the surrounding surface of the electronic device (e.g., the plane of the outermost continuous circle). Patent Owner contends that Petitioner's proposed construction ignores certain prominent features, as follows: "1) the outermost continuous circle, 2) the unified circular appearance provided by the archess, 3) the distance between the inner edges of the arches and the outermost continuous circle that is small and complementary to the proportions of other features, and 4) the elongated four-sided shapes arranged to complement the curvature of the outermost continuous circle and the arch-shaped portions. Each of these features contribute to the unique, concentric circular overall appearance, and are significant to the ordinary designer."

Ex. 1, pp. 8-9 (internal citations omitted). The Board also set forth Apple's detailed descriptions of the D'842 Patent in its opinion:

> Patent Owner characterizes the outer circular shape (in blue) as an "outermost continuous circle." More particularly, Patent Owner sets forth that "[t]he physical position of the arc shapes, and their elongate portions comparted to the outermost continuous circle, suggests a unified continuous circle, despite the arc shapes not touching each other. Patent Owner contends that Petitioner's proposed construction ignores certain prominent features, as follows: "1) the outermost continuous circle, 2) the unified circular appearance provided by the arches, 3) the distance between the inner edges of the arcs and the outermost continuous circle that is small and complementary to the proportions of the other features; and (4) the elongated four-sided shapes arranged to complement the curvature of the outermost continuous circle and the arch-shaped portions." Patent Owner also submits that "[e]ach of these features contribute to the unique concentric circular overall appearance, and are significant to the ordinary designer."

Ex. 2, pp. 7-8. These are the same descriptions on which Masimo relied in its briefing and at the

hearing.  D.I. 273 at 12-18.

3. **The Board Did Not Address Cases Relying On Commercial Embodiments To Assess Functionality**

As Apple's Notice shows in its block quote, the Board failed to acknowledge that *Berry Sterling* does not prohibit the use of commercial embodiments in evaluating functionality.  Ex. 1, p. 13; Ex. 2, p. 11-12.  Indeed, *Berry Sterling* merely held that a commercial embodiment cannot be used "to impose limitations on the scope of the design patent" that are not shown in the figures.  D.I. 273 at 37 (quoting *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1455 (Fed. Cir. 1997)).  The Board did not address any of the Federal Circuit cases that evaluated functionality by expressly considering commercial embodiments of the claimed designs.  *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1334 (Fed. Cir. 2015); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010); *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1406 (Fed. Cir. 1997).

4. **The Board Relied On A Test The Federal Circuit Is Reconsidering *En Banc***

Finally, the Court should be aware that the Board's decisions not to institute *inter partes* review were based on applying the obviousness case law that the Federal Circuit is currently reviewing *en banc.*  That is the subject of Masimo's pending motion for leave to file a motion to stay.  *See* D.I. 298.

| | |
|---|---|
| October 2, 2023 | PHILLIPS MCLAUGHLIN & HALL, P.A. |
| *Of Counsel:* | By: */s/ John C. Phillips, Jr.* |
| | John C. Phillips, Jr. (#110) |
| Joseph R. Re | Megan C. Haney (#5016) |
| Stephen C. Jensen | 1200 North Broom Street |
| Stephen W. Larson | Wilmington, DE 19806 |
| Benjamin A. Katzenellenbogen | (302) 655-4200 Telephone |
| Jared C. Bunker | (302) 655-4210 Fax |
| KNOBBE, MARTENS, OLSON & BEAR, LLP | jcp@pmhdelaw.com |

-3-

| | |
|---|---|
| 2040 Main Street, 14th Floor | mch@pmhdelaw.com |
| Irvine, CA  92614 | |
| (949) 760-0404 Telephone | *Counsel for Defendants* |
| (949) 760-9502 Facsimile | *Masimo Corporation and Sound United, LLC* |
| joe.re@knobbe.com | |
| steve.jensen@knobbe.com | |
| Stephen.larson@knobbe.com | |
| Ben.katzenellenbogen@knobbe.com | |
| Jared.bunker@knobbe.com | |

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam B. Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com |
| John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

October 2, 2023

                                              */s/ John C. Phillips, Jr.*
                                              John C. Phillips, Jr.