**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASIMO CORPORATION and SOUND )<br>UNITED, LLC, )<br>)<br>Defendants. )<br>_____)<br>MASIMO CORPORATION, )<br>)<br>Counter-Claimant, )<br>)<br>v. )<br>)<br>APPLE INC., )<br>)<br>Counter-Defendant. ) | C.A. No. 22-1377 (MN) (JLH) |
| APPLE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASIMO CORPORATION and SOUND )<br>UNITED, LLC, )<br>)<br>Defendants. )<br>_____)<br>MASIMO CORPORATION and )<br>CERCACOR LABORATORIES, INC., )<br>)<br>Counter-Claimants, )<br>)<br>v. )<br>)<br>APPLE INC., )<br>)<br>Counter-Defendant. ) | C.A. No. 22-1378 (MN) (JLH) |

## **REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff/Counterclaim-Defendant Apple Inc.'s ("Apple's") Renewed Motions to Dismiss and Strike (C.A. No. 22-1377, D.I. 158; C.A. No. 22-1378, D.I. 153), and Apple's Motions to Dismiss and Strike Sound United's Answer and Counterclaims (C.A. No. 22-1377, D.I. 184; C.A. No. 22-1378, D.I. 184). This is my Report and Recommendation on those motions. I recommend that they be DENIED.

1. Apple filed these two actions on October 20, 2022. (C.A. No. 22-1377, D.I. 1; C.A. No. 22-1378, D.I. 1.) Defendant Masimo Corporation ("Masimo") filed an Answer and Counterclaims in each case on December 12, 2022. (C.A. No. 22-1377, D.I. 31; C.A. No. 22-1378, D.I. 15.) On February 21, 2023, Apple filed motions in each case to dismiss Masimo's counterclaims and to strike certain of its affirmative defenses. (C.A. No. 22-1377, D.I. 54; C.A. No. 22-1378, D.I. 39.) On June 20, 2023, I issued a Report and Recommendation from the bench that recommended denying both of Apple's motions. (C.A. No. 22-1377, D.I. 131; C.A. No. 22-1378, D.I. 124.)

2. Before Apple had a chance to object to the Report and Recommendation, Masimo filed in each case a First Amended Answer and Counterclaims on June 23, 2023. (C.A. No. 22-1377, D.I. 138; C.A. No. 22-1378, D.I. 132.) Later that day, the Court denied Apple's pending motions (which related to Masimo's original Answers and Counterclaims) as moot. (C.A. No. 22-1377, D.I. 139; C.A. No. 22-1378, D.I. 133.) On July 5, 2023, Defendant Sound United, LLC ("Sound United") filed in each case its Answer and Counterclaims. (C.A. No. 22-1377, D.I. 151; C.A. No. 22-1378, D.I. 146.) Sound United's pleadings assert the same inequitable conduct defenses and counterclaims as Masimo's pleadings.

3.   On July 7, 2023, Apple filed "Renewed Motion[s] to Dismiss and Strike" with respect to Masimo's First Amended Answer and Counterclaims.  (C.A. No. 22-1377, D.I. 158; C.A. No. 22-1378, D.I. 153.)  Then, on July 18, 2023, Apple filed Motions to Dismiss and Strike Sound United's Answer and Counterclaims.  (C.A. No. 22-1377, D.I. 184; C.A. No. 22-1378, D.I. 184.)  In each motion, Apple incorporates by reference the relevant portions of its prior briefing, and it requests that the Court resolve the motions by reissuing its prior Report and Recommendation.  (C.A. No. 22-1377, D.I. 158, 184; C.A. No. 22-1378, D.I. 153, 184.)  Specifically, Apple moves as follows:

> ***First***, Apple moves to respectively dismiss and strike the inequitable conduct counterclaims and defenses insofar as they are premised on the alleged conduct of Apple's Chief IP counsel and incorporates its prior briefing on this issue.  *See* D.I. 55 at 11-18 (-1377); D.I. 88 at 4-9 (-1377); D.I. 40 at 16-20 (-1378); D.I. 76 at 9-10 (-1378).  ***Second,*** Apple moves to dismiss the monopolization, attempted monopolization, and California Unfair Competition Law claims premised on the "predatory infringement" and "monopoly leveraging" theories of liability and incorporates its prior briefing on this issue.  *See* D.I. 40 at 7-9 (-1378); D.I. 76 at 4-6 (-1378).  As set forth in its unopposed motion to reissue the R&R, Apple seeks a disposition in line with cases that have foreclosed similarly non-viable antitrust theories at the motion to dismiss stage.  *See* D.I. 145 (-1377), D.I. 140 (-1378) at 2 & n.1.
>
> . . . . Apple requests that the Court resolve these renewed motions by reissuing its R&R.

(C.A. No. 22-1377, D.I. 158 at 2–3; C.A. No. 22-1378, D.I. 153 at 2–3.)

> Because Sound United's Answer includes identical allegations regarding inequitable conduct as Masimo's Answer, Apple moves to respectively dismiss and strike the inequitable conduct counterclaims and defenses insofar as they are premised on the alleged conduct of Apple's Chief IP Counsel.  In support of its motion, Apple expressly incorporates its prior briefing on this issue.  D.I. 158 (-1377); D.I. 153 (-1378); D.I. 55 at 11-18 (-1377); D.I. 88 at 4-9 (-1377); D.I. 40 at 16-20 (-1378); D.I. 76 at 9-10 (-1378).

3

> Apple requests that the Court resolve this motion by issuing as to Sound United's allegations the same R&R the Court issued as to Masimo's allegations (and for which Apple requested the Court reissue as to Masimo's amended pleading) regarding the inequitable conduct allegations relating to Apple's Chief IP Counsel.

(C.A. No. 22-1377, D.I. 184 at 3; C.A. No. 22-1378, D.I. 184 at 3.)  For their part, Masimo and Sound United agree that their inequitable conduct allegations are the same, and they agree that I should reissue my previous Report and Recommendation.  (C.A. No. 22-1377, D.I. 174, 186; C.A. No. 22-1378, D.I. 171, 187.)

4. I hereby incorporate by reference the following pages of the June 20, 2023 Transcript announcing my prior Report and Recommendation: pp. 3–6 (background), 9–21 (analysis of Apple's motions to dismiss inequitable conduct claims/defenses and antitrust/UCL claims).  (C.A. No. 22-1377, D.I. 131; C.A. No. 22-1378, D.I. 124.)  For the reasons stated, I recommend that Apple's Renewed Motions to Dismiss and Strike Masimo's counterclaims and defenses (C.A. No. 22-1377, D.I. 158; C.A. No. 22-1378, D.I. 153) and Apple's Motions to Dismiss and Strike Sound United's counterclaims and defenses (C.A. No. 22-1377, D.I. 184; C.A. No. 22-1378, D.I. 184) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: October 24, 2023

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE