# EXHIBIT 1

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| APPLE INC., |
| *Plaintiff,* |
| v. |
| MASIMO CORPORATION and SOUND UNITED, LLC, |
| *Defendants.* |

C.A. No. 22-1378-MN-JLH

<u>**NOTICE OF SUBPOENAS TO BROWNSTEIN HYATT FARBER SCHRECK, LLP**</u>

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Brownstein Hyatt Farber Schreck, LLP at Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services on September 20, 2023 at 9:00 a.m. or at such other time and place as counsel may mutually agree. The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

Respectfully submitted,

August 30, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

Of Counsel:

By: */s/ John C. Phillips, Jr.*
    John C. Phillips, Jr. (No. 110)
    Megan C. Haney (No. 5016)

-1-

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 30, 2023

/s/ Megan C. Haney
Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| APPLE INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Brownstein Hyatt Farber Schreck, LLP
          2049 Century Park East, Suite 3550, Los Angeles, California, 90067-3217
          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attached Schedule A

| Place: Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services | Date and Time: 09/20/2023 9:00 am |
|---|---|
| The deposition will be recorded by this method: Stenographic, video, Realtime | |

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/29/2023

          *CLERK OF COURT*
                                                    OR
_____          /s/ Jared Bunker
*Signature of Clerk or Deputy Clerk*          _____
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Masimo Corporation and Sound United, LLC _____, who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Suite 3550, Los Angeles, California, 90067-3217

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: 09/13/2023 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/29/2023

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Jared Bunker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Masimo Corporation and Sound United, LLC                    , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## <u>DEFINITIONS</u>

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.     "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2.     "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "D279 Patent"), D947,842 (the "D842 Patent"), D962,936 (the "D936 Patent"), and D735,131 (the "D131 Patent").

3.     "Accused Apple Design Patents" shall mean the D279 Patent, the D842 Patent, the D936 Patent, and the D131 Patent.

4.     "Accused Apple Utility Patents" shall mean the '783 Patent, the '491 Patent, and the '483 Patent.

5.     The "Accused Apple Patents" are the Accused Apple Design Patents and the Accused Apple Utility Patents.

6.     The "Named Design Inventors" are all persons listed as inventors on any of the Accused Apple Design Patents.

7.     The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157,

and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication US2015/0371768, and U.S. Patent No. 9,460,846.

8.      The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

9.      The "Undisclosed References" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); and Shmueli (WO 2012/140559).

10.     The "Undisclosed Information" includes any facts suggesting or showing: that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; and that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents.

11.     The "Relevant Apple Lawyers" are Jeffrey Myers, Quin Hoellwarth, and Cameron Pilling.

12.     The "Relevant Apple Patents" are the Accused Apple Patents and the Apple Utility References.

13.     The "Relevant IPRs" are: IPR2020-01713, IPR2020-01714, IPR-2020-01715, IPR2022-01271, IPR2022-01272, IPR2022-01273, IPR2022-01274, IPR2022-01275, IPR2022-01276, IPR2021-00970, IPR2021-00971, IPR2021-00972, IPR2022-01560, IPR2022-01562.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Documents relating to the preparation, filing, or prosecution of any Relevant Apple Patent.

2.      Documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      Documents relating to or showing any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

4.      Documents relating to or showing any Named Design Inventor's or any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Apple Utility Reference.

5.      Documents relating to or showing any Named Apple Utility References Inventor's awareness of or involvement in the preparation, filing, or prosecution of any Accused Apple Design Patent.

6.      Documents relating to any Undisclosed Information, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Design Inventor was aware of any Undisclosed Information.

7.      Documents relating to any Undisclosed Reference, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Utility Inventor was aware of any Undisclosed Reference.

8.      Communications involving any Relevant Apple Lawyer concerning any Relevant Apple Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

9.      Documents relating to any Relevant IPR.

10.     Documents referring or relating to any search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

## DEPOSITION TOPICS

1.      The preparation, filing, or prosecution of any Relevant Apple Patent, including the identities of all persons involved.

2.      Efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Accused Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      The reasons the Undisclosed References and Undisclosed Information were or were not disclosed to the PTO during the prosecution of each Accused Apple Patent.

4.      Jeffrey Myers's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

5.      The identities of all persons working at Apple or working on any Apple patent-prosecution matter who were aware of any Undisclosed Reference, Undisclosed Information, or Relevant IPR during the prosecution of any Accused Apple Patent and how they became aware.

6.      Communications with Apple regarding any Relevant Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

7.      Search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

8.      The documents produced in response to the Requests for Production above, including the subject matter and authentication of such documents.

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>    *Defendants.* | C.A. No. 22-1378-MN-JLH |

## <u>NOTICE OF SUBPOENAS TO STERNE, KESSLER, GOLDSTEIN & FOX PLLC</u>

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Sterne, Kessler, Goldstein & Fox PLLC at Knobbe Martens Olson & Bear, 1717 Pennsylvania Avenue N.W., Suite 900, Washington D.C. 20006 or taken remotely using video teleconferencing services on September 20, 2023 at 1:30 p.m. or at such other time and place as counsel may mutually agree. The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

Respectfully submitted,

August 30, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

Of Counsel:

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)

-1-

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document

was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 30, 2023

*/s/ Megan C. Haney*
Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _Defendant_ | ) |

Civil Action No.   1:22-cv-01378-MN-JLH

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Sterne, Kessler, Goldstein & Fox PLLC
              101 K Street NW, 10th Floor, Washington, D.C. 20005
                    _(Name of person to whom this subpoena is directed)_

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attached Schedule A

| Place: Knobbe Martens Olson & Bear, 1717 Pennsylvania Avenue N.W., Suite 900, Washington, DC 20006 or taken remotely using video teleconferencing services | Date and Time: 09/20/2023 1:30 pm |
|---|---|
| The deposition will be recorded by this method: | Stenographic, video, Realtime |

❑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       08/29/2023

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Jared Bunker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Masimo Corporation and Sound United, LLC                                           , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Sterne, Kessler, Goldstein & Fox PLLC
101 K Street NW, 10th Floor, Washington, D.C. 20005

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: 09/13/2023 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/29/2023

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jared Bunker _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Masimo Corporation and Sound United, LLC      , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## **DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.      "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2.      "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "D279 Patent"), D947,842 (the "D842 Patent"), D962,936 (the "D936 Patent"), and D735,131 (the "D131 Patent").

3.      "Accused Apple Design Patents" shall mean the D279 Patent, the D842 Patent, the D936 Patent, and the D131 Patent.

4.      "Accused Apple Utility Patents" shall mean the '783 Patent, the '491 Patent, and the '483 Patent.

5.      The "Accused Apple Patents" are the Accused Apple Design Patents and the Accused Apple Utility Patents.

6.      The "Named Design Inventors" are all persons listed as inventors on any of the Accused Apple Design Patents.

7.      The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157,

and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication US2015/0371768, and U.S. Patent No. 9,460,846.

8.      The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

9.      The "Undisclosed References" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); and Shmueli (WO 2012/140559).

10.     The "Undisclosed Information" includes any facts suggesting or showing: that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; and that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents.

11.     The "Relevant Apple Lawyers" are Jeffrey Myers, Quin Hoellwarth, and Cameron Pilling.

12.     The "Relevant Apple Patents" are the Accused Apple Patents and the Apple Utility References.

13.     The "Relevant IPRs" are: IPR2020-01713, IPR2020-01714, IPR-2020-01715, IPR2022-01271, IPR2022-01272, IPR2022-01273, IPR2022-01274, IPR2022-01275, IPR2022-01276, IPR2021-00970, IPR2021-00971, IPR2021-00972, IPR2022-01560, IPR2022-01562.

**REQUESTS FOR PRODUCTION**

1.       Documents relating to the preparation, filing, or prosecution of any Relevant Apple Patent.

2.       Documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.       Documents relating to or showing any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

4.       Documents relating to or showing any Named Design Inventor's or any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Apple Utility Reference.

5.       Documents relating to or showing any Named Apple Utility References Inventor's awareness of or involvement in the preparation, filing, or prosecution of any Accused Apple Design Patent.

6.       Documents relating to any Undisclosed Information, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Design Inventor was aware of any Undisclosed Information.

7.       Documents relating to any Undisclosed Reference, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Utility Inventor was aware of any Undisclosed Reference.

8.      Communications involving any Relevant Apple Lawyer concerning any Relevant Apple Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

9.      Documents relating to any Relevant IPR.

10.     Documents referring or relating to any search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

## DEPOSITION TOPICS

1.      The preparation, filing, or prosecution of any Relevant Apple Patent, including the identities of all persons involved.

2.      Efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Accused Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      The reasons the Undisclosed References and Undisclosed Information were or were not disclosed to the PTO during the prosecution of each Accused Apple Patent.

4.      Jeffrey Myers's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

5.      The identities of all persons working at Apple or working on any Apple patent-prosecution matter who were aware of any Undisclosed Reference, Undisclosed Information, or Relevant IPR during the prosecution of any Accused Apple Patent and how they became aware.

6.      Communications with Apple regarding any Relevant Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

7.      Search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

8.      The documents produced in response to the Requests for Production above, including the subject matter and authentication of such documents.

**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff,* | |
| v. | C.A. No. 22-1378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| *Defendants.* | |

## <u>NOTICE OF SUBPOENAS TO FISH & RICHARDSON P.C.</u>

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Fish & Richardson P.C. at Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services on September 21, 2023 at 9:00 a.m. or at such other time and place as counsel may mutually agree.  The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

Respectfully submitted,

August 30, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

Of Counsel:

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)

-1-

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 30, 2023

*/s/ Megan C. Haney*
Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Fish & Richardson P.C.
633 West 5th Street, 26th Floor, Los Angeles, CA 90071
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attached Schedule A

| Place: Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services | Date and Time: 09/21/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, video, Realtime

❑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:


The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        08/29/2023

_CLERK OF COURT_

OR

_____                    /s/ Jared Bunker
_Signature of Clerk or Deputy Clerk_                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Masimo Corporation and Sound United, LLC
, who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fish & Richardson P.C.
633 West 5th Street, 26th Floor, Los Angeles, CA 90071

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: 09/13/2023 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/29/2023

_CLERK OF COURT_

OR

_____        /s/ Jared Bunker
_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Masimo Corporation and Sound United, LLC , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## <u>DEFINITIONS</u>

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.      "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2.      "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "D279 Patent"), D947,842 (the "D842 Patent"), D962,936 (the "D936 Patent"), and D735,131 (the "D131 Patent").

3.      "Accused Apple Design Patents" shall mean the D279 Patent, the D842 Patent, the D936 Patent, and the D131 Patent.

4.      "Accused Apple Utility Patents" shall mean the '783 Patent, the '491 Patent, and the '483 Patent.

5.      The "Accused Apple Patents" are the Accused Apple Design Patents and the Accused Apple Utility Patents.

6.      The "Named Design Inventors" are all persons listed as inventors on any of the Accused Apple Design Patents.

7.      The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157,

and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication US2015/0371768, and U.S. Patent No. 9,460,846.

8.      The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

9.      The "Undisclosed References" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); and Shmueli (WO 2012/140559).

10.     The "Undisclosed Information" includes any facts suggesting or showing: that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; and that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents.

11.     The "Relevant Apple Lawyers" are Jeffrey Myers, Quin Hoellwarth, and Cameron Pilling.

12.     The "Relevant Apple Patents" are the Accused Apple Patents and the Apple Utility References.

13.     The "Relevant IPRs" are: IPR2020-01713, IPR2020-01714, IPR-2020-01715, IPR2022-01271, IPR2022-01272, IPR2022-01273, IPR2022-01274, IPR2022-01275, IPR2022-01276, IPR2021-00970, IPR2021-00971, IPR2021-00972, IPR2022-01560, IPR2022-01562.

## **REQUESTS FOR PRODUCTION**

1.      Documents relating to the preparation, filing, or prosecution of any Relevant Apple Patent.

2.      Documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      Documents relating to or showing any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

4.      Documents relating to or showing any Named Design Inventor's or any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Apple Utility Reference.

5.      Documents relating to or showing any Named Apple Utility References Inventor's awareness of or involvement in the preparation, filing, or prosecution of any Accused Apple Design Patent.

6.      Documents relating to any Undisclosed Information, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Design Inventor was aware of any Undisclosed Information.

7.      Documents relating to any Undisclosed Reference, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Utility Inventor was aware of any Undisclosed Reference.

8.      Communications involving any Relevant Apple Lawyer concerning any Relevant Apple Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

9.      Documents referring or relating to any search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

**DEPOSITION TOPICS**

1.      The preparation, filing, or prosecution of any Relevant Apple Patent, including the identities of all persons involved.

2.      Efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Accused Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      The reasons the Undisclosed References and Undisclosed Information were or were not disclosed to the PTO during the prosecution of each Accused Apple Patent.

4.      Jeffrey Myers's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

5.      The identities of all persons working at Apple or working on any Apple patent-prosecution matter who were aware of any Undisclosed Reference, Undisclosed Information, or Relevant IPR during the prosecution of any Accused Apple Patent and how they became aware.

6.      Communications with Apple regarding any Relevant Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

7.      Search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

8.      The documents produced in response to the Requests for Production above, including the subject matter and authentication of such documents.

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>   *Defendants.* | C.A. No. 22-1378-MN-JLH |

## <u>NOTICE OF SUBPOENAS TO DAN SMITH</u>

  PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Dan Smith taken remotely using video teleconferencing services on September 21, 2023 at 1:30 p.m. or at such other time and place as counsel may mutually agree.  The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

  PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

|  |  |
|---|---|
|  | Respectfully submitted, |
| August 30, 2023 | PHILLIPS MCLAUGHLIN & HALL, P.A. |
|  |  |
|  | By: */s/ John C. Phillips, Jr.*     |
| Of Counsel: | John C. Phillips, Jr. (No. 110) |
|  | Megan C. Haney (No. 5016) |
| Joseph R. Re | 1200 North Broom Street |
| Stephen C. Jensen | Wilmington, DE 19806 |
| Stephen W. Larson | (302) 655-4200 Telephone |
| Benjamin A. Katzenellenbogen | (302) 655-4210 Fax |

Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document

was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 30, 2023

/s/ Megan C. Haney
Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Delaware

| | | |
|---|---|---|
| APPLE INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Dan Smith
Jackson Walker LLP, 2323 Ross Ave., Suite 600, Dallas, TX  75201
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Taken remotely using video teleconferencing services | Date and Time: 09/21/2023 1:30 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic, video, Realtime

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/29/2023

CLERK OF COURT

OR

_____                    /s/ Jared Bunker
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Masimo Corporation and Sound United, LLC
_____, who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              Dan Smith
Jackson Walker LLP, 2323 Ross Ave., Suite 600, Dallas, TX  75201

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: September 13, 9:00 a.m. |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/29/2023

*CLERK OF COURT*

OR

_____                    /s/ Jared Bunker
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Masimo Corporation and Sound United, LLC                    , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## **DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.      "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2.      "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "D279 Patent"), D947,842 (the "D842 Patent"), D962,936 (the "D936 Patent"), and D735,131 (the "D131 Patent").

3.      "Accused Apple Design Patents" shall mean the D279 Patent, the D842 Patent, the D936 Patent, and the D131 Patent.

4.      "Accused Apple Utility Patents" shall mean the '783 Patent, the '491 Patent, and the '483 Patent.

5.      The "Accused Apple Patents" are the Accused Apple Design Patents and the Accused Apple Utility Patents.

6.      The "Named Design Inventors" are all persons listed as inventors on any of the Accused Apple Design Patents.

7.      The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157,

and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication US2015/0371768, and U.S. Patent No. 9,460,846.

8.      The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

9.      The "Undisclosed References" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); and Shmueli (WO 2012/140559).

10.     The "Undisclosed Information" includes any facts suggesting or showing: that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; and that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents.

11.     The "Relevant Apple Lawyers" are Jeffrey Myers, Quin Hoellwarth, and Cameron Pilling.

12.     The "Relevant Apple Patents" are the Accused Apple Patents and the Apple Utility References.

13.     The "Relevant IPRs" are: IPR2020-01713, IPR2020-01714, IPR-2020-01715, IPR2022-01271, IPR2022-01272, IPR2022-01273, IPR2022-01274, IPR2022-01275, IPR2022-01276, IPR2021-00970, IPR2021-00971, IPR2021-00972, IPR2022-01560, IPR2022-01562.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Documents relating to the preparation, filing, or prosecution of any Relevant Apple Patent.

2.      Documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.      Documents relating to or showing any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

4.      Documents relating to or showing any Named Design Inventor's or any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Apple Utility Reference.

5.      Documents relating to or showing any Named Apple Utility References Inventor's awareness of or involvement in the preparation, filing, or prosecution of any Accused Apple Design Patent.

6.      Documents relating to any Undisclosed Information, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Design Inventor was aware of any Undisclosed Information.

7.      Documents relating to any Undisclosed Reference, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Utility Inventor was aware of any Undisclosed Reference.

8.      Communications involving any Relevant Apple Lawyer concerning any Relevant Apple Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

9.      Documents relating to any Relevant IPR.

10.     Documents referring or relating to any search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| APPLE INC., |
| _Plaintiff,_ |
| v. |
| MASIMO CORPORATION and SOUND UNITED, LLC, |
| _Defendants._ |

C.A. No. 22-1378-MN-JLH

<u>**NOTICE OF SUBPOENAS TO KILPATRICK, TOWNSEND & STOCKTON LLP**</u>

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Kilpatrick, Townsend & Stockton LLP at Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services on September 18, 2023 at 1:30 p.m. or at such other time and place as counsel may mutually agree.  The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

Respectfully submitted,

August 30, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: _/s/ John C. Phillips, Jr._
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)

Of Counsel:

-1-

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document

was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 30, 2023

                     */s/ Megan C. Haney*
                     Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Kilpatrick Townsend & Stockton LLP
    11801 Century Park East, Suite 2300, Los Angeles, CA 90067
    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attached Schedule A

| Place: Knobbe Martens Olson & Bear, 1925 Century Park East, Suite 400, Los Angeles, CA 90067 or taken remotely using video teleconferencing services | Date and Time: 09/18/2023 1:30 pm |
|---|---|
| The deposition will be recorded by this method:   Stenographic, video, Realtime | |

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/29/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jared Bunker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Masimo Corporation and Sound United, LLC , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-01378-MN-JLH

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. 1:22-cv-01378-MN-JLH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Kilpatrick Townsend & Stockton LLP
11801 Century Park East, Suite 2300, Los Angeles, CA 90067

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: 09/13/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/29/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ Jared Bunker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Masimo Corporation and Sound United, LLC , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.     "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2.     "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "D279 Patent"), D947,842 (the "D842 Patent"), D962,936 (the "D936 Patent"), and D735,131 (the "D131 Patent").

3.     "Accused Apple Design Patents" shall mean the D279 Patent, the D842 Patent, the D936 Patent, and the D131 Patent.

4.     "Accused Apple Utility Patents" shall mean the '783 Patent, the '491 Patent, and the '483 Patent.

5.     The "Accused Apple Patents" are the Accused Apple Design Patents and the Accused Apple Utility Patents.

6.     The "Named Design Inventors" are all persons listed as inventors on any of the Accused Apple Design Patents.

7.     The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157,

and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication US2015/0371768, and U.S. Patent No. 9,460,846.

8.      The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

9.      The "Undisclosed References" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); and Shmueli (WO 2012/140559).

10.      The "Undisclosed Information" includes any facts suggesting or showing: that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; and that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents.

11.      The "Relevant Apple Lawyers" are Jeffrey Myers, Quin Hoellwarth, and Cameron Pilling.

12.      The "Relevant Apple Patents" are the Accused Apple Patents and the Apple Utility References.

13.      The "Relevant IPRs" are: IPR2020-01713, IPR2020-01714, IPR-2020-01715, IPR2022-01271, IPR2022-01272, IPR2022-01273, IPR2022-01274, IPR2022-01275, IPR2022-01276, IPR2021-00970, IPR2021-00971, IPR2021-00972, IPR2022-01560, IPR2022-01562.

## REQUESTS FOR PRODUCTION

1. Documents relating to the preparation, filing, or prosecution of any Relevant Apple Patent.

2. Documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3. Documents relating to or showing any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

4. Documents relating to or showing any Named Design Inventor's or any Relevant Apple Lawyer's awareness of or involvement in the preparation, filing, or prosecution of any Apple Utility Reference.

5. Documents relating to or showing any Named Apple Utility References Inventor's awareness of or involvement in the preparation, filing, or prosecution of any Accused Apple Design Patent.

6. Documents relating to any Undisclosed Information, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Design Inventor was aware of any Undisclosed Information.

7. Documents relating to any Undisclosed Reference, including without limitation all documents relating to or showing any Relevant Apple Lawyer or any Named Utility Inventor was aware of any Undisclosed Reference.

8.      Communications involving any Relevant Apple Lawyer concerning any Relevant Apple Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

9.      Documents relating to any Relevant IPR.

10.      Documents referring or relating to any search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

## <u>DEPOSITION TOPICS</u>

1.     The preparation, filing, or prosecution of any Relevant Apple Patent, including the identities of all persons involved.

2.     Efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Accused Apple Patent, including determinations relating to what to disclose and not disclose to the Patent and Trademark Office (PTO) during these prosecutions.

3.     The reasons the Undisclosed References and Undisclosed Information were or were not disclosed to the PTO during the prosecution of each Accused Apple Patent.

4.     Jeffrey Myers's awareness of or involvement in the preparation, filing, or prosecution of any Relevant Apple Patent or Relevant IPR.

5.     The identities of all persons working at Apple or working on any Apple patent-prosecution matter who were aware of any Undisclosed Reference, Undisclosed Information, or Relevant IPR during the prosecution of any Accused Apple Patent and how they became aware.

6.     Communications with Apple regarding any Relevant Patent, Undisclosed Reference, Undisclosed Information, or Relevant IPR.

7.     Search results—including patentability, validity, prior-art, infringement, or state-of-the-art searches—relating to any Relevant Apple Patent.

8.     The documents produced in response to the Requests for Production above, including the subject matter and authentication of such documents.

# EXHIBIT 2

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Raymond Habbaz
New York
Direct: 212-808-2950
rhabbaz@desmaraisllp.com

September 12, 2023

**Via Email**

Jared Bunker
Knobbe, Martens, Olson & Bear
2040 Main Street, 14th Floor
Irvine, CA  92614

> Re:  *Apple Inc. v. Masimo Corporation and Sound United, LLC*
> Civil Action No. 22-cv-01378-MN-JLH (D. Del.)

Dear Mr. Bunker:

As previously communicated, Desmarais LLP represents Brownstein Hyatt Farber Schreck, LLP ("Brownstein") in connection with the subpoenas served in this litigation. Brownstein objects to the subpoenas by Defendants Masimo Corporation and Sound United, LLC, dated August 29, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedures.  We enumerate Brownstein's objections below:

1.    Brownstein objects to the date, time and location selected for the deposition under Federal Rules of Civil Procedure.  The subpoena fails to allow sufficient time to comply in that it requests a deposition within 22 days of the date of the subpoena. Brownstein invites you to meet and confer regarding whether a deposition will occur and, if so, to select another date and location that is mutually agreeable.

2.    Brownstein objects to the date and location for the production of information requested in the subpoena under Federal Rules of Civil Procedures, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Brownstein to unreasonable and undue burden and expense. The subpoena fails to allow sufficient time to comply in that it requests the production of documents responsive to 10 extremely broad requests just 15 days after the date of the subpoena.

3.    Brownstein objects to the instructions included in the subpoena as overly broad, unduly burdensome, and improper in that it seeks to discovery outside of the scope of the Federal Rules of Civil Procedure. Brownstein objects to all instructions to the extent that they purport to place obligations on Brownstein beyond the permissible and reasonable scope of discovery.

4.    Brownstein objects to the subpoena to the extent it seeks Brownstein's confidential information and/or information of third parties to whom Brownstein owes a duty of confidentiality.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 2

5.      Brownstein objects to the subpoena as unduly burdensome to the extent it requests
         information that has already been or could be provided in this litigation by one of the
         parties or witnesses, is available from publicly available sources, and/or is otherwise
         already within the possession of your client.

6.      Brownstein objects to the subpoena insofar as the document category requests are vague,
         ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative,
         unlimited in time or scope, unintelligible or otherwise unclear as to the precise
         information sought, particularly with respect to the designation of "all". As just one
         example, Brownstein did not handle the prosecution of all patents within Defendants'
         definition of the "Relevant Apple Patents." As another example, Brownstein had no
         involvement in any "Relevant IPR." As another example, the subpoena's definition of
         "Undisclosed Information" is overbroad, vague, unduly burdensome, and calling for
         information that is neither relevant to any party's claim or defense, nor proportional to
         the needs of the case. It is plainly evident that Defendants did not make any effort to
         comply with their obligation under Fed. R. Civ. P. 45(d) to take reasonable steps to avoid
         imposing undue burden and expense on Brownstein.

7.      Brownstein objects to the subpoena because it seeks information protected by the
         attorney-client privilege, work product immunity, and/or other applicable privileges and
         protections. Brownstein does not intend to produce privileged documents. To the extent
         there is any production of privileged documents, such a production is inadvertent and no
         waiver is intended. Searching for and reviewing privileged material and creating a
         privilege log based on Defendants' overbroad subpoena requests would be unduly
         burdensome and not proportional to the needs of the case. Until the parties reach a
         mutually acceptable scope to the subpoena to limit the burden on Brownstein, Brownstein
         will not search for nor review privileged material and will not create a privilege log.
         Brownstein expects that the parties will continue to meet and confer to establish a
         reasonable scope to the subpoena to limit the burden on Brownstein.

8.      Brownstein objects to the subpoena to the extent it seeks confidential, trade secret or
         proprietary information of Brownstein.

9.      Brownstein objects to the subpoena to the extent it causes undue burden and/or expense
         which outweighs its likely benefit.

10.    Brownstein objects to the subpoena to the extent it calls for Brownstein to search for
         electronically stored information that is in Brownstein's disaster recovery storage causing
         undue burden and expense.

11.    Brownstein objects to the subpoena on the grounds that it calls for a legal analysis to
         interpret requests as unduly burdensome and vague.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 3


12.     Brownstein objects to the subpoena to the extent it calls for information that Brownstein
        is precluded from producing under Protective Orders or Court Orders issued in
        underlying Court matters.

13.     Brownstein invites you to meet and confer regarding the scope of the production requests.
        No documents will be produced until the meet and confer has occurred.


                                        Regards,

                                        Raymond Habbaz

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Raymond Habbaz
New York
Direct: 212-808-2950
rhabbaz@desmaraisllp.com

September 12, 2023

**Via Email**

Jared Bunker
Knobbe, Martens, Olson & Bear
2040 Main Street, 14th Floor
Irvine, CA  92614

Re:     *Apple Inc. v. Masimo Corporation and Sound United, LLC*
        Civil Action No. 22-cv-01378-MN-JLH (D. Del.)

Dear Mr. Bunker:

As previously communicated, Desmarais LLP represents Sterne, Kessler, Goldstein & Fox PLLC ("Sterne Kessler") in connection with the subpoenas served in this litigation. Sterne Kessler objects to the subpoenas by Defendants Masimo Corporation and Sound United, LLC, dated August 29, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedures.  We enumerate Sterne Kessler's objections below:

1.      Sterne Kessler objects to the date, time and location selected for the deposition under Federal Rules of Civil Procedure.  The subpoena fails to allow sufficient time to comply in that it requests a deposition within 22 days of the date of the subpoena. Sterne Kessler invites you to meet and confer regarding whether a deposition will occur and, if so, to select another date and location that is mutually agreeable.

2.      Sterne Kessler objects to the date and location for the production of information requested in the subpoena under Federal Rules of Civil Procedures, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Sterne Kessler to unreasonable and undue burden and expense. The subpoena fails to allow sufficient time to comply in that it requests the production of documents responsive to 10 extremely broad requests just 15 days after the date of the subpoena.

3.      Sterne Kessler objects to the instructions included in the subpoena as overly broad, unduly burdensome, and improper in that it seeks to discovery outside of the scope of the Federal Rules of Civil Procedure. Sterne Kessler objects to all instructions to the extent that they purport to place obligations on Sterne Kessler beyond the permissible and reasonable scope of discovery.

4.      Sterne Kessler objects to the subpoena to the extent it seeks Sterne Kessler's confidential information and/or information of third parties to whom Sterne Kessler owes a duty of confidentiality.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 2

5.  Sterne Kessler objects to the subpoena as unduly burdensome to the extent it requests information that has already been or could be provided in this litigation by one of the parties or witnesses, is available from publicly available sources, and/or is otherwise already within the possession of your client.

6.  Sterne Kessler objects to the subpoena insofar as the document category requests are vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the precise information sought, particularly with respect to the designation of "all". As just one example, Sterne Kessler did not handle the prosecution of all patents within Defendants' definition of the "Relevant Apple Patents." As another example, the subpoena's definition of "Undisclosed Information" is overbroad, vague, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. It is plainly evident that Defendants did not make any effort to comply with their obligation under Fed. R. Civ. P. 45(d) to take reasonable steps to avoid imposing undue burden and expense on Sterne Kessler.

7.  Sterne Kessler objects to the subpoena because it seeks information protected by the attorney-client privilege, work product immunity, and/or other applicable privileges and protections. Sterne Kessler does not intend to produce privileged documents. To the extent there is any production of privileged documents, such a production is inadvertent and no waiver is intended. Searching for and reviewing privileged material and creating a privilege log based on Defendants' overbroad subpoena requests would be unduly burdensome and not proportional to the needs of the case. Until the parties reach a mutually acceptable scope to the subpoena to limit the burden on Sterne Kessler, Sterne Kessler will not search for nor review privileged material and will not create a privilege log. Sterne Kessler expects that the parties will continue to meet and confer to establish a reasonable scope to the subpoena to limit the burden on Sterne Kessler.

8.  Sterne Kessler objects to the subpoena to the extent it seeks confidential, trade secret or proprietary information of Sterne Kessler.

9.  Sterne Kessler objects to the subpoena to the extent it causes undue burden and/or expense which outweighs its likely benefit.

10. Sterne Kessler objects to the subpoena to the extent it calls for Sterne Kessler to search for electronically stored information that is in Sterne Kessler's disaster recovery storage causing undue burden and expense.

11. Sterne Kessler objects to the subpoena on the grounds that it calls for a legal analysis to interpret requests as unduly burdensome and vague.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 3

12.     Sterne Kessler objects to the subpoena to the extent it calls for information that Sterne
        Kessler is precluded from producing under Protective Orders or Court Orders issued in
        underlying Court matters.

13.     Sterne Kessler invites you to meet and confer regarding the scope of the production
        requests.  No documents will be produced until the meet and confer has occurred.


                                        Regards,

                                        Raymond Habbaz

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Raymond Habbaz
New York
Direct: 212-808-2950
rhabbaz@desmaraisllp.com

September 12, 2023

**Via Email**

Jared Bunker
Knobbe, Martens, Olson & Bear
2040 Main Street, 14th Floor
Irvine, CA  92614

Re:    *Apple Inc. v. Masimo Corporation and Sound United, LLC*
       Civil Action No. 22-cv-01378-MN-JLH (D. Del.)

Dear Mr. Bunker:

As previously communicated, Desmarais LLP represents Fish & Richardson P.C. ("Fish & Richardson") in connection with the subpoenas served in this litigation. Fish & Richardson objects to the subpoenas served by Defendants Masimo Corporation and Sound United, LLC, dated August 29, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedures.  We enumerate Fish & Richardson's objections below:

1.    Fish & Richardson objects to the date, time and location selected for the deposition under Federal Rules of Civil Procedure.  The subpoena fails to allow sufficient time to comply in that it requests a deposition within 23 days of the date of the subpoena. Fish & Richardson invites you to meet and confer regarding whether a deposition will occur and, if so, to select another date and location that is mutually agreeable.

2.    Fish & Richardson objects to the date and location for the production of information requested in the subpoena under Federal Rules of Civil Procedures, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Fish & Richardson to unreasonable and undue burden and expense. The subpoena fails to allow sufficient time to comply in that it requests the production of documents responsive to 10 extremely broad requests just 15 days after the date of the subpoena.

3.    Fish & Richardson objects to the instructions included in the subpoena as overly broad, unduly burdensome, and improper in that it seeks to discovery outside of the scope of the Federal Rules of Civil Procedure. Fish & Richardson objects to all instructions to the extent that they purport to place obligations on Fish & Richardson beyond the permissible and reasonable scope of discovery.

4.    Fish & Richardson objects to the subpoena to the extent it seeks Fish & Richardson's confidential information and/or information of third parties to whom Fish & Richardson owes a duty of confidentiality.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 2

5.     Fish & Richardson objects to the subpoena as unduly burdensome to the extent it requests information that has already been or could be provided in this litigation by one of the parties or witnesses, is available from publicly available sources, and/or is otherwise already within the possession of your client.

6.     Fish & Richardson objects to the subpoena insofar as the document category requests are vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the precise information sought, particularly with respect to the designation of "all". As just one example, Fish & Richardson did not handle the prosecution of what Defendants define as the "Relevant Apple Patents." As another example, the subpoena's definition of "Undisclosed Information" is overbroad, vague, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. It is plainly evident that Defendants did not make any effort to comply with their obligation under Fed. R. Civ. P. 45(d) to take reasonable steps to avoid imposing undue burden and expense on Fish & Richardson.

7.     Fish & Richardson objects to the subpoena because it seeks information protected by the attorney-client privilege, work product immunity, and/or other applicable privileges and protections. Fish & Richardson does not intend to produce privileged documents. To the extent there is any production of privileged documents, such a production is inadvertent and no waiver is intended. Searching for and reviewing privileged material and creating a privilege log based on Defendants' overbroad subpoena requests would be unduly burdensome and not proportional to the needs of the case. Until the parties reach a mutually acceptable scope to the subpoena to limit the burden on Fish & Richardson, Fish & Richardson will not search for nor review privileged material and will not create a privilege log. Fish & Richardson expects that the parties will continue to meet and confer to establish a reasonable scope to the subpoena to limit the burden on Fish & Richardson.

8.     Fish & Richardson objects to the subpoena to the extent it seeks confidential, trade secret or proprietary information of Fish & Richardson.

9.     Fish & Richardson objects to the subpoena to the extent it causes undue burden and/or expense which outweighs its likely benefit.

10.    Fish & Richardson objects to the subpoena to the extent it calls for Fish & Richardson to search for electronically stored information that is in Fish & Richardson's disaster recovery storage causing undue burden and expense.

11.    Fish & Richardson objects to the subpoena on the grounds that it calls for a legal analysis to interpret requests as unduly burdensome and vague.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 3


12.    Fish & Richardson objects to the subpoena to the extent it calls for information that Fish & Richardson is precluded from producing under Protective Orders or Court Orders issued in underlying Court matters.

13.    Fish & Richardson invites you to meet and confer regarding the scope of the production requests.  No documents will be produced until the meet and confer has occurred.


                            Regards,

                            Raymond Habbaz

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Raymond Habbaz
New York
Direct: 212-808-2950
rhabbaz@desmaraisllp.com

September 12, 2023

**<u>Via Email</u>**

Jared Bunker
Knobbe, Martens, Olson & Bear
2040 Main Street, 14th Floor
Irvine, CA  92614

Re: *Apple Inc. v. Masimo Corporation and Sound United, LLC*
Civil Action No. 22-cv-01378-MN-JLH (D. Del.)

Dear Mr. Bunker:

As previously communicated, Desmarais LLP represents Dan Smith in connection with the subpoenas served in this litigation. Mr. Smith objects to the subpoenas served by Defendants Masimo Corporation and Sound United, LLC, dated August 29, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedures.  We enumerate Mr. Smith's objections below:

1. Mr. Smith objects to the date, time and location selected for the deposition under Federal Rules of Civil Procedure. The subpoena fails to allow sufficient time to comply in that it requests a deposition within 23 days of the date of the subpoena.  Mr. Smith invites you to meet and confer regarding whether a deposition will occur and, if so, to select another date and location that is mutually agreeable.

2. Mr. Smith objects to the date and location for the production of information requested in the subpoena under Federal Rules of Civil Procedures, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Mr. Smith to unreasonable and undue burden and expense. The subpoena fails to allow sufficient time to comply in that it requests the production of documents responsive to 10 extremely broad requests just 15 days after the date of the subpoena.

3. Mr. Smith objects to the instructions included in the subpoena as overly broad, unduly burdensome, and improper in that it seeks to discovery outside of the scope of the Federal Rules of Civil Procedure. Mr. Smith objects to all instructions to the extent that they purport to place obligations on Mr. Smith beyond the permissible and reasonable scope of discovery.

4. Mr. Smith objects to the subpoena to the extent it seeks Mr. Smith's confidential information and/or information of third parties to whom Mr. Smith owes a duty of confidentiality.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 2

5.      Mr. Smith objects to the subpoena as unduly burdensome to the extent it requests information that has already been or could be provided in this litigation by one of the parties or witnesses, is available from publicly available sources, and/or is otherwise already within the possession of your client.

6.      Mr. Smith objects to the subpoena insofar as the document category requests are vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the precise information sought, particularly with respect to the designation of "all". As just one example, Mr. Smith did not handle the prosecution of what Defendants define as the "Relevant Apple Patents." As another example, the subpoena's definition of "Undisclosed Information" is overbroad, vague, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. It is plainly evident that Defendants did not make any effort to comply with their obligation under Fed. R. Civ. P. 45(d) to take reasonable steps to avoid imposing undue burden and expense on Mr. Smith.

7.      Mr. Smith objects to the subpoena because it seeks information protected by the attorney-client privilege, work product immunity, and/or other applicable privileges and protections. Mr. Smith does not intend to produce privileged documents. To the extent there is any production of privileged documents, such a production is inadvertent and no waiver is intended. Searching for and reviewing privileged material and creating a privilege log based on Defendants' overbroad subpoena requests would be unduly burdensome and not proportional to the needs of the case. Until the parties reach a mutually acceptable scope to the subpoena to limit the burden on Mr. Smith, Mr. Smith will not search for nor review privileged material and will not create a privilege log. Mr. Smith expects that the parties will continue to meet and confer to establish a reasonable scope to the subpoena to limit the burden on Mr. Smith.

8.      Mr. Smith objects to the subpoena to the extent it seeks confidential, trade secret or proprietary information of Mr. Smith.

9.      Mr. Smith objects to the subpoena to the extent it causes undue burden and/or expense which outweighs its likely benefit.

10.     Mr. Smith objects to the subpoena on the grounds that it calls for a legal analysis to interpret requests as unduly burdensome and vague.

11.     Mr. Smith objects to the subpoena to the extent it calls for information that Mr. Smith is precluded from producing under Protective Orders or Court Orders issued in underlying Court matters.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 3

12.     Mr. Smith invites you to meet and confer regarding the scope of the production requests. No documents will be produced until the meet and confer has occurred.

Regards,

Raymond Habbaz

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Raymond Habbaz
New York
Direct: 212-808-2950
rhabbaz@desmaraisllp.com

September 12, 2023

**Via Email**

Jared Bunker
Knobbe, Martens, Olson & Bear
2040 Main Street, 14th Floor
Irvine, CA  92614

Re:   *Apple Inc. v. Masimo Corporation and Sound United, LLC*
       Civil Action No. 22-cv-01378-MN-JLH (D. Del.)

Dear Mr. Bunker:

As previously communicated, Desmarais LLP represents Kilpatrick Townsend & Stockton LLP ("Kilpatrick") in connection with the subpoenas served in this litigation. Kilpatrick objects to the subpoenas by Defendants Masimo Corporation and Sound United, LLC, dated August 29, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedures.  We enumerate Kilpatrick's objections below:

1.      Kilpatrick objects to the date, time and location selected for the deposition under Federal Rules of Civil Procedure.  The subpoena fails to allow sufficient time to comply in that it requests a deposition within 13 days of service of the subpoena. Kilpatrick invites you to meet and confer regarding whether a deposition will occur and, if so, to select another date and location that is mutually agreeable.

2.      Kilpatrick objects to the date and location for the production of information requested in the subpoena under Federal Rules of Civil Procedures, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Kilpatrick to unreasonable and undue burden and expense. The subpoena fails to allow sufficient time to comply in that it requests the production of documents responsive to 10 extremely broad requests just 8 days after service of the subpoena.

3.      Kilpatrick objects to the instructions included in the subpoena as overly broad, unduly burdensome, and improper in that it seeks discovery outside of the scope of the Federal Rules of Civil Procedure. Kilpatrick objects to all instructions to the extent that they purport to place obligations on Kilpatrick beyond the permissible and reasonable scope of discovery.

4.      Kilpatrick objects to the subpoena to the extent it seeks Kilpatrick's confidential information and/or information of third parties to whom Kilpatrick owes a duty of confidentiality.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 2

5.      Kilpatrick objects to the subpoena as unduly burdensome to the extent it requests information that has already been or could be provided in this litigation by one of the parties or witnesses, is available from publicly available sources, and/or is otherwise already within the possession of your client.

6.      Kilpatrick objects to the subpoena insofar as the document category requests are vague, ambiguous, indefinite, overly broad, unduly burdensome, duplicative, cumulative, unlimited in time or scope, unintelligible or otherwise unclear as to the precise information sought, particularly with respect to the designation of "all". As just one example, Kilpatrick did not handle the prosecution of all patents within Defendants' definition of the "Relevant Apple Patents." As another example, Kilpatrick had no involvement in any "Relevant IPR." As another example, the subpoena's definition of "Undisclosed Information" is overbroad, vague, unduly burdensome, and calling for information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. It is plainly evident that Defendants did not make any effort to comply with their obligation under Fed. R. Civ. P. 45(d) to take reasonable steps to avoid imposing undue burden and expense on Kilpatrick.

7.      Kilpatrick objects to the subpoena because it seeks information protected by the attorney-client privilege, work product immunity, and/or other applicable privileges and protections. Kilpatrick does not intend to produce privileged documents. To the extent there is any production of privileged documents, such a production is inadvertent and no waiver is intended. Searching for and reviewing privileged material and creating a privilege log based on Defendants' overbroad subpoena requests would be unduly burdensome and not proportional to the needs of the case. Until the parties reach a mutually acceptable scope to the subpoena to limit the burden on Kilpatrick, Kilpatrick will not search for nor review privileged material and will not create a privilege log. Kilpatrick expects that the parties will continue to meet and confer to establish a reasonable scope to the subpoena to limit the burden on Kilpatrick.

8.      Kilpatrick objects to the subpoena to the extent it seeks confidential, trade secret or proprietary information of Kilpatrick.

9.      Kilpatrick objects to the subpoena to the extent it causes undue burden and/or expense which outweighs its likely benefit.

10.     Kilpatrick objects to the subpoena to the extent it calls for Kilpatrick to search for electronically stored information that is in Kilpatrick's disaster recovery storage causing undue burden and expense.

11.     Kilpatrick objects to the subpoena on the grounds that it calls for a legal analysis to interpret requests as unduly burdensome and vague.

DESMARAIS LLP

Jared Bunker
September 12, 2023
Page 3

12.     Kilpatrick objects to the subpoena to the extent it calls for information that Kilpatrick is precluded from producing under Protective Orders or Court Orders issued in underlying Court matters.

13.     Kilpatrick invites you to meet and confer regarding the scope of the production requests. No documents will be produced until the meet and confer has occurred.

Regards,

Raymond Habbaz

# EXHIBIT 3

# Knobbe Martens

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Mark Lezama
mark.lezama@knobbe.com

September 20, 2023

VIA EMAIL

Jordan Malz
Desmarais LLP
230 Park Avenue, 26th Floor
New York, NY 10169

Re: *Apple Inc. v. Masimo Corp.*, Nos. 22-1377, -1378

Dear Jordan:

Thank you for conferring Friday regarding Apple's subpoenas to Knobbe Martens and Masimo's subpoenas to Brownstein Hyatt, Sterne Kessler, Kilpatrick Townsend, Fish & Richardson, and former Fish attorney Dan Smith.

As an attempt to narrow the parties' issues and avoid a dispute, we are narrowing the subpoenas to Brownstein, Sterne Kessler, Fish, and Mr. Smith as follows:

**Brownstein**     We are narrowing RFPs 1–3 and 7 and deposition topics 1–5 (1) by narrowing "Undisclosed References" to Kotanagi (WO 2005/092182), Tanagi (JP Pub. No. 2005-270543), and Shmueli (WO 2012/140559), whether or not identified by the listed publication numbers (thus including, e.g., national phase applications), and (2) by narrowing "Relevant Apple Patents" to the Accused Apple Patents that Brownstein worked on, including the Accused Apple Utility Patents.

We are further narrowing RFP 3 to documents sufficient to identify which Relevant Apple Lawyers were aware of the preparation, filing, or prosecution of any Relevant Apple Patent.

We are further narrowing RFP 7 to documents showing any Relevant Apple Lawyer was aware of any Undisclosed Reference.

We are dropping RFPs 4–6 and 8–10.

We are narrowing deposition topic 2 to the Relevant Apple Patents (as narrowed above). To be clear, deposition topic 2 and RFP 2 include the process for collecting and identifying information to disclose.

We are further narrowing deposition topic 3 to the reasons the Undisclosed References were or were not disclosed to the PTO during the prosecution of each Relevant Apple Patent.

We are further narrowing deposition topic 4 to Jeffrey Myers's awareness of the preparation, filing, or prosecution of any Relevant Apple Patent.

We are further narrowing deposition topic 5 to the identities of all persons working at Apple or working at Brownstein on any Relevant Apple Patent who were aware of any Undisclosed Reference or Relevant IPR during the prosecution of any Relevant Apple Patent and how they became aware.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW   knobbe.com

# Knobbe Martens

We are narrowing deposition topic 8 to authentication.

We are dropping deposition topics 6 and 7.

**Sterne Kessler**   We are narrowing RFPs 1–3 and 7 and deposition topics 1–5 (1) by narrowing "Undisclosed References" to the Apple Utility References, whether or not identified by the listed application, publication, or patent numbers, and (2) by narrowing "Relevant Apple Patents" to the Accused Apple Patents that Sterne Kessler worked on, including the Accused Apple Design Patents.

We are further narrowing RFP 3 to documents sufficient to identify which Relevant Apple Lawyers were aware of the preparation, filing, or prosecution of any Relevant Apple Patent.

We are further narrowing RFP 7 to documents showing any Relevant Apple Lawyer was aware of any Undisclosed Reference.

We are dropping RFPs 4–6 and 8–10.

We are narrowing deposition topic 2 to the Relevant Apple Patents (as narrowed above). To be clear, deposition topic 2 and RFP 2 include the process for collecting and identifying information to disclose.

We are further narrowing deposition topic 3 to the reasons the Undisclosed References and Undisclosed Information were or were not disclosed to the PTO during the prosecution of each Relevant Apple Patent.

We are further narrowing deposition topic 4 to Jeffrey Myers's awareness of the preparation, filing, or prosecution of any Relevant Apple Patent.

We are further narrowing deposition topic 5 to the identities of all persons working at Apple or working at Sterne Kessler on any Relevant Apple Patent who were aware of any Undisclosed Reference or Undisclosed Information during the prosecution of any Relevant Apple Patent and how they became aware.

We are narrowing deposition topic 8 to authentication.

We are dropping deposition topics 6 and 7.

**Fish & Richardson and Mr. Smith**   We are narrowing RFPs 2 and 7 and Fish & Richardson deposition topics 2 and 5 (1) by narrowing "Undisclosed References" to Kotanagi (WO 2005/092182), Tanagi (JP Pub. No. 2005-270543), and Shmueli (WO 2012/140559), whether or not identified by the listed publication numbers (thus including, e.g., national phase applications), and (2) by narrowing "Relevant Apple Patents" to the Accused Apple Utility Patents.

We are further narrowing RFP 2 to documents relating to assisting Apple (including its other outside counsel) in its efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including the process for collecting and identifying information relating to the Relevant IPRs to disclose.

# Knobbe Martens

We are further narrowing RFP 3 to documents sufficient to identify which Relevant Apple Lawyers were aware of any Relevant IPR.

We are further narrowing RFP 7 to documents showing any Relevant Apple Lawyer was aware of any Undisclosed Reference.

We are dropping RFPs 1, 4–6, and 8–9. For Mr. Smith, we are also dropping RFP 10.

For Fish & Richardson: We are further narrowing deposition topic 2 to assistance to Apple (including its other outside counsel) in its efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Relevant Apple Patent, including the process for collecting and identifying information relating to the Relevant IPRs to disclose.

We are narrowing deposition topic 4 to Jeffrey Myers's awareness of or involvement in the preparation, filing, or prosecution of any Relevant IPR.

We are narrowing deposition topic 5 to identities of all persons working at Apple who—in connection with Fish & Richardson's work on the Relevant IPRs—were aware of any Undisclosed Reference or Relevant IPR during the prosecution of any Accused Apple Patent and how they became aware.

We are narrowing deposition topic 8 to authentication.

We are dropping deposition topics 1, 3, and 6–7.

If those firms and Mr. Smith provide the requested discovery, we would be willing to drop the Kilpatrick subpoena. Please let us know when you are available to further confer, if necessary, on Masimo's subpoenas, as well as Apple's subpoenas to Knobbe Martens.

Sincerely,

Mark Lezama

knobbe.com

# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Benjamin N. Luehrs
New York
Direct: 212-808-2952
bluehrs@desmaraisllp.com

September 25, 2023

<u>Via Email</u>

Mark Lezama                                    **HIGHLY CONFIDENTIAL –**
Knobbe Martens                              **ATTORNEYS' EYES ONLY**
2040 Main Street, 14th Floor
Irvine, CA 92614
Mark.lezama@knobbe.com

      Re:    *Apple Inc. v. Masimo Corporation, et al.*
           <u>Civil Action Nos: 1:22-cv-01377-MN-JLH; 1:22-cv-01378-MN-JLH</u>

Dear Mark,

Thank you for meeting and conferring with us regarding the parties' respective discovery requests and subpoenas concerning inequitable conduct. In an effort to achieve a consensual resolution of the parties' disputes, Apple seeks Masimo's confirmations regarding the following matters.

<u>Emails Requested By Apple's Subpoenas of Knobbe, Mr. Kesler, and Mr. Shukla</u>: We understand that although Knobbe is not willing to run any specific email search terms proposed by Apple in responding to Apple's subpoenas, Knobbe is willing to search for responsive emails, including custodial emails of Mr. Kesler and Mr. Shukla. Please confirm.

<u>Emails Requested By Apple's Subpoena of Mr. Jensen</u>: Masimo previously agreed to treat Mr. Jensen as an ESI custodian in this case and stated that Apple must serve a subpoena upon Knobbe Martens to obtain Mr. Jensen's Knobbe Martens emails. (*See* 7/16/2023 email from Bunker to Olsheski; 7/21/2023 email from Bunker to Malz). In view of that agreement and Masimo's representations, please confirm that Knobbe will apply Apple's previously-served search terms to all of Mr. Jensen's email accounts at Knobbe (e.g., domains at Knobbe.com, KMOB.com, KnobbeMedical.com, etc.).

Please also confirm that Knobbe will produce all responsive documents at least five days before the depositions of Knobbe, Mr. Kesler, Mr. Shukla, and Mr. Jensen. To the extent Defendants refuse to produce any requested documents, including the email requested herein, please tell us immediately and be prepared to discuss those issues during the parties' next meet and confer.

<u>Depositions of Knobbe, Mr. Kesler, Mr. Shukla, and Mr. Jensen</u>: We understand that Knobbe is making itself, Mr. Kesler, and Mr. Shukla available for deposition because they have been specifically accused of inequitable conduct by Apple. We understand that Knobbe's provision of 30(b)(6) testimony is being offered based on Masimo's alleged understanding that Apple will similarly make its outside counsel available for deposition. But that proposal is a false

DESMARAIS LLP

Mark Lezama
September 25, 2023
Page 2

equivalency: Apple is seeking discovery from Masimo's outside counsel because Apple specifically accused Masimo's outside counsel of inequitable conduct. As was made clear during our September 15 meet and confer, Masimo has failed to make any such allegation against Apple's outside counsel. Subject to Apple's forthcoming objections, Apple will designate one or more 30(b)(6) witnesses to provide testimony concerning relevant, non-privileged factual information relating to the inequitable conduct accusations in Masimo's pleading. We provide Apple's outside counsels' positions concerning Masimo's subpoenas to them below.

We further understand based on Mr. Larson's September 8, 2023 letter and our September 15 meet-and-confer that Masimo is not making Mr. Jensen available for a deposition "at this time," alleging that "Apple should first depose Kesler and Shukla." So long as Masimo is not refusing to provide Mr. Jensen for deposition—and if Masimo is refusing, please say so now—Apple is amenable to a mutual agreement to sequence depositions regarding inequitable conduct. Consistent with Masimo's own proposal, Masimo should first depose Apple's 30(b)(6) witness(es) regarding inequitable conduct, and then raise a need, if any, for deposing Mr. Myers after that.

Notwithstanding a mutual agreement on sequencing, at this juncture, we do not foresee that Mr. Kesler's and Mr. Shukla's deposition will ultimately resolve Apple's need to depose Mr. Jensen. Mr. Jensen is a key fact witness in Apple's offensive and defensive cases and is an agreed ESI/email custodian. Mr. Jensen has unique personal knowledge of disputed facts, including his role in Masimo's willful infringement and his own inequitable conduct. Apple gave notice of these willfulness allegations in ¶¶ 29-34 of its complaints. Despite being on notice of Apple's allegations as to Mr. Jensen, Masimo subsequently and knowingly hired Mr. Jensen as an advocate to defend Masimo against these very allegations. And Mr. Jensen is also one of the specific individuals that Apple accused of committing inequitable conduct in this case, which Apple supported with over 70 pages of detailed contentions. Masimo knew Mr. Jensen and others at Knobbe Martens had duties of disclosure with respect to the Masimo Asserted Patents based on their substantive role and involvement in prosecuting these patents when Masimo hired Mr. Jensen and Knobbe Martens to assert those patents against Apple.

Additionally, a deposition of Mr. Jensen may be necessary for Mr. Jensen to answer questions about his conduct at Cercacor, including during the parties' ITC case and this case, as it is probative of Mr. Jensen's potential lack of candor, including with respect to Apple's confidential business information and intellectual property.

In the ITC case, Mr. Jensen submitted a sworn declaration stating he was willing to resign from Cercacor's Board to be permitted access to Apple's confidential information in litigation, and Mr. Kiani submitted a sworn declaration that he would accept Mr. Jensen's resignation for that reason. As you know, the ITC found that Mr. Jensen's position on Cercacor's Board "may involve competitive decision-making and creates an unnecessarily high risk of inadvertent disclosure," and accordingly ordered on November 18, 2021 that "Mr. Jensen should be precluded from accessing confidential business information under the protective order so long as he remains on Cercacor's

DESMARAIS LLP

Mark Lezama
September 25, 2023
Page 3

Board of Directors."  *See* ITC Order No. 7, Nov. 18, 2021.  And as you further know, Mr. Jensen continued to serve as Masimo's litigation counsel in the ITC case and did access Apple's CBI.  But Mr. Jensen ***did not cease*** to participate in Cercacor's Board, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  And, on Knobbe Martens' website, Mr. Jensen states that he "***currently serves*** on the Board of Directors of Cercacor." (last visited Sept. 25, 2023).

Moreover, in this case, Apple gave notice of its willfulness and misappropriation allegations on October 20, 2022 in its complaints and motion for expedited discovery.  On November 17, 2022, having subsequently appeared as counsel for Masimo, "Jensen submitted sworn declarations expressly explaining that he does ***not*** make business decisions for Masimo/Cercacor, does ***not*** make competitive decisions for Masimo/Cercacor, and does ***not*** provide technical design advice to Masimo/Cercacor." (Defendants' Opp. Br., -1377, D.I. 14 at 15 (emphasis in original); *see also id.* at 20 (signature page listing Mr. Jensen)).  Masimo also provided a sworn declaration stating that "Steve Jensen resigned his position as a director on the Board of Directors of Cercacor Laboratories, Inc. on December 8, 2021."  *See* Nov. 17, 2022 Horne Decl. ¶ 31, -1377, D.I. 17; *see also* Defendants' Opp. Br., -1377, D.I. 14 at 10 ("Jensen also readily offered to resign . . . [and] promptly did so on December 8, 2021"); *id.* at 15 ("Jensen also resigned . . . to resolve the dispute at the ITC.").  Masimo also represented to the Court (with Mr. Jensen present) that there is "no evidence he's done anything wrong" (*see* 12/21/2021 Hrg. Tr. 7:15-21)—even though ██████████████████████████████████████████████████████████████████████████████████████████████████ Cercacor's CFO Gerry Hammarth also testified that ██████████████████████████████████████████.  *See* Sept. 18, 2023 Hammarth Dep. Tr. (Rough) at 83:19-84:2 (emphases added).   He explained that ████████████████████████ ████████████████████████████████████████████████ *Id.* 79:25–80:5 (emphases added).  Further demonstrating Mr. Jensen's unique personal knowledge, Cercacor's CFO ████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ████████  *See id.* at 84:10–13 (emphasis added) *Id.*  Apple is entitled to discover Mr. Jensen's role in any misappropriations of Apple's IP or CBI.  Masimo's desire for Mr. Jensen to serve as "lead trial counsel" does not overcome the reality that Mr. Jensen is an agreed ESI/email custodian, possessing unique personal knowledge of key disputed facts, whose conduct is directly implicated in the pleadings.

**Masimo's Subpoenas to Kilpatrick, Brownstein, Sterne Kessler, Fish & Richardson, and Dan Smith:** You are aware that Desmarais LLP represents Kilpatrick, Brownstein, Sterne Kessler, Fish & Richardson, and Mr. Smith ("the Five Unaccused Entities").  The Five Unaccused Entities intend to move to quash Masimo's subpoenas.  It became abundantly clear during our September

DESMARAIS LLP

Mark Lezama
September 25, 2023
Page 4

15 meet-and-confer that Masimo has no basis for pursuing discovery from the Five Unaccused Entities.  Masimo has never accused any of the Five Unaccused Entities of inequitable conduct in any pleading or interrogatory.  Masimo's pursuit of that third party discovery is a fishing expedition based on nothing more than speculation.  The Five Unaccused Entities stipulate to submitting their motions to quash to Judge Hall.  Please provide Masimo's position on that.

Sincerely,

*/s/ Benjamin N. Luehrs*

Benjamin N. Luehrs

cc: Counsel of Record

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

**VIA EMAIL**

Benjamin Luehrs
Desmarais LLP
230 Park Avenue
New York, NY 10169

Re:     *Apple v. Masimo*, Civil Action No. 22-1377; 22-1378

Dear Benjamin:

I write regarding the parties' respective subpoenas concerning alleged inequitable conduct, the parties' meet and confer, and in response to your September 25 letter.

Although Apple has not pled inequitable conduct, and Masimo has had no opportunity to challenge any such pleading, Knobbe Martens proposed a reasonable compromise that would allow Apple to explore the issue. In my previous letter, and during the parties' meet and confer, Knobbe Martens made a proposal that would provide Apple with substantial discovery in response to Apple's subpoenas.   Rather than engage on a compromise, Apple has now demanded additional, broader and irrelevant *new discovery*, as discussed in greater detail below.

In a stark contradiction in positions, in response to Masimo's subpoena—which is directed to allegations that Masimo has pled and that withstood Apple's motion to dismiss—Apple's prosecution and IPR counsel have refused to provide *any discovery*.  Masimo explained in detail the relevance and importance of its subpoenas. Masimo also followed up with a letter substantially narrowing its requested discovery.  But to no avail.  Apple's Patent Office counsel fail to address Masimo's offer to compromise.  Apple's Patent Office counsel simply state they will refuse any discovery and will move to quash.

Given Apple's transparent inconsistent positions, and new attempt to substantially expand the Knobbe Martens subpoenas, Knobbe Martens will also move to quash.  We agree the parties should both file their motions to quash under Judge Hall's procedures governing discovery disputes, as Knobbe Martens originally suggested during the parties' meet and confer.  We address the parties' disputes in more detail below.

## Apple's Subpoena to Jensen

Rather than engage on Masimo's proposal, Apple now attempts to **vastly expand** its subpoena to seek Jensen's Knobbe emails that hit on Apple's broad search terms that have nothing to do with purported inequitable conduct, as well as testimony that has nothing to do with purported inequitable conduct.  Apple's demands demonstrate Apple's subpoena is an egregious attempt to harass one of Masimo's lead counsel in this case. Apple cannot justify running Apple's search terms on the law firm emails of one of Masimo's outside lead counsel.[1]

---

[1] Contrary to your letter, Masimo did not "agree[]" or "represent" that third party Knobbe would run Apple's case search terms on Mr. Jensen's email accounts at Knobbe, or could Masimo do so.  Luehrs Ltr at 1.  Masimo noted that **15 years ago** Mr. Jensen served temporarily as a Sr. VP of Masimo and that Masimo would treat Mr. Jensen as a custodian for the purpose of searching "*its* systems" for any emails of Mr. Jensen.  Bunker 7/21/23 Email (emphasis added).  Apple ignores that Masimo made clear that commitment "does not include Knobbe

Knobbe proposed a reasonable compromise as to Jensen—that Apple should first depose Kesler and Shukla to explore its unfounded allegations and then the parties could address the impropriety of Apple deposing Masimo's lead counsel.  However, Knobbe's proposal assumed that Apple would proceed in good faith and that, after the Kesler and Shukla depositions, Apple would reasonably consider whether to continue to press for testimony from Jensen.[2]  Apple's September 25 letter makes clear Apple's intent is simply to depose a lead outside trial attorney regardless of what other discovery establishes.

Knobbe Martens expressly reserved the right to stand on its objections should Apple not accept Masimo's proposed compromise.  Larson 9/8 Letter.  Rather than engage on Masimo's proposed compromise, Apple vastly expands the discovery it seeks.  Masimo will move to quash Apple's subpoena of Mr. Jensen.

### Apple's 30(b)(6) Subpoena to Knobbe Martens

Apple's demand for 30(b)(6) testimony from Knobbe Martens places an increased burden on Knobbe Martens.  Apple has not attempted to explain why such testimony is necessary or helpful given that Knobbe Martens has offered the relevant patent prosecutors for deposition.  Apple should not be permitted to seek such testimony while refusing to provide any such testimony from its own patent counsel on allegations which are in the current pleadings, and have withstood Apple's motion to dismiss.

Apple's Patent Office counsel argue that Masimo's position is based on a "false equivalency" because Apple has "specifically accused Masimo's outside counsel of inequitable conduct" whereas Masimo has purportedly not made any "allegations against Apple's counsel."  Luehrs Ltr at 2-3. Apple knows this is incorrect—Masimo has made allegations regarding the Apple Patent Office counsel that Masimo subpoenaed. *E.g.*, C.A. 22-1378 First Amended Counterclaims ¶¶ 83, 150-151, 160-161.  Masimo's narrowed subpoenas specifically target information relevant to its inequitable conduct allegations, including the extent to which Apple's in-house counsel was aware of and involved in proceedings asserting key prior art, on the one hand, and failed to disclose that prior art during prosecution, on the other.  Apple should not be permitted to demand broad discovery from Knobbe Martens when Apple refuses to provide **any** discovery from its own Patent Office counsel.  Knobbe Martens will move to quash Apple's 30(b)(6) subpoena.

### Apple's Subpoenas to Kesler and Shukla

Contrary to your letter, Knobbe Martens never stated that it was "making itself, Mr. Kesler, and Mr. Shukla available for deposition because they have been specifically accused of inequitable conduct by Apple."  Luehrs Ltr at 1.   Knobbe Martens stated the opposite: that Apple has not set forth any valid inequitable conduct defense in any pleading, and that Masimo has had no opportunity to challenge Apple's allegations.  Knobbe Martens nonetheless proposed a reasonable compromise that would allow Apple to explore that issue so as to move the case forward without delay.  Knobbe Martens expressly reserved the right to stand on its objections if Apple did not engage on Knobbe Martens' compromise.  If a 30(b)(6) deposition goes forward, Kesler and Shukla will likely be Knobbe Marten's witnesses.  In addition, Apple demands additional new and broad document discovery from Knobbe Martens.  These issues will need to be resolved before Kesler and Shukla can be made available for a deposition.  Please let us know if Apple disagrees, such that Knobbe Martens will also need to seek such relief from Judge Hall.

---

email." *Id*.  Masimo was clear that Apple would have to seek any Knobbe emails through a proper subpoena on the firm.  Bunker 7/15/23 Email.

[2] Masimo does not agree to depose Apple's 30(b)(6) witnesses on inequitable conduct before deposing Mr. Myers.  We reject Apple's numerous attempts, including during the parties' meet and confer, to connect these issues with Mr. Myers who is, and has been at all relevant times, Apple's in-house counsel.  We also disagree with Apple's many unfounded allegations against Mr. Jensen, Luehrs Ltr at 2-3, which have been repeatedly debunked by Masimo and the courts, despite Apple's numerous repeated attempts to engage in egregious harassment of a lead outside trial attorney for Masimo.

**Masimo's Subpoenas of Apple's Patent Office Counsel**

We are disappointed that Apple and its Patent Office counsel still refuse to provide any discovery even after Masimo narrowed its subpoenas of Apple's Patent Office counsel.   As discussed, Masimo has made allegations regarding Apple's Patent Office counsel that are in the case, and Masimo's narrowed subpoenas seek targeted information relevant to Masimo's inequitable conduct allegations.  As discussed, we agree the parties should file their motions to quash under Judge Hall's procedures governing discovery disputes.[3]

Best regards,

/s/ Stephen Larson
Stephen W. Larson

---

[3] To narrow the issues, consistent with Masimo's previous proposal, Masimo withdraws the Kilpatrick subpoena.