**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1377-MN-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Dated: November 9, 2023
11156441 / 12209.00051

Public Version Dated: November 16, 2023

| **TABLE OF EXHIBITS** ||
|---|---|
| Exhibit | Description |
| 1 | November 3, 2023 Deposition of Q. Hoellwarth (Excerpted) |
| 2 | October 24, 2023 Deposition of C. Pilling (Excerpted) |
| 3 | Apple's Third Supplemental Response to Defendants' Interrogatory No. 25 (Oct. 2, 2023) |

Re: <u>Apple's Letter Brief Concerning Masimo's Request to Depose Apple's Chief IP Counsel</u>

Dear Judge Hall:

Apple's Chief IP Counsel, Jeffrey Myers, was not involved in any way in prosecution of any Apple patent Masimo has accused of inequitable conduct. Masimo deposed the two Apple employees who held the sole in-house responsibilities (managing outside counsel who conducted prosecution) over the prosecution of the relevant patents, and they provided 30(b)(6) testimony confirming Mr. Myers had no involvement. They also confirmed in 30(b)(6) testimony that Mr. Myers did not select the outside law firms who worked on prosecution or IPRs and was not aware of the allegedly undisclosed references. Given Mr. Myers' lack of involvement in prosecution and Masimo's ability to take discovery by less burdensome means to ascertain his lack of involvement, a deposition of Mr. Myers is disproportionate to any need for discovery relating to Masimo's allegations of inequitable conduct and serves only to harass, embarrass, and burden Mr. Myers. As such, the Court should preclude it.

Notably, Masimo recently insisted that lack of evidence of Mr. Jensen's involvement with prosecution warranted avoiding his deposition:

> Knobbe strongly opposed Apple's attempt to depose Mr. Jensen, however, on the grounds that Mr. Jensen is one of Masimo's lead trial counsel and that Apple did not show his involvement with patent prosecution. Knobbe proposed that Apple at least first depose [patent prosecutors] Kesler and Shukla which would further demonstrate Jensen's lack of involvement in the patent prosecution at issue.

1377 D.I. 383 at ECF p. 3 (letter brief p.2). In fact, Apple offered Masimo exactly that opportunity as to Mr. Myers—depose Apple's 30(b)(6) prosecution witnesses first, which would demonstrate Mr. Myers' lack of involvement with prosecution. Masimo took that opportunity, confirmed Mr. Myers was not involved in prosecution, but now wants to live by a different rule than it previously insisted on in briefing the issue regarding Mr. Jensen. The Court should not allow it.

**I.     Legal standard.**

Discovery must be "proportional to the needs of the case." FRCP 26(b)(1). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . ." FRCP 26(b)(2)(C). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . ." FRCP 26(c).

When analyzing motions to preclude a deposition of in-house counsel, courts have looked to: "(1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony." *Younes v. 7-Eleven, Inc.*, Nos. 13-3500, 3715, 4758, 2015 WL 12843884, at *2 (D.N.J. Mar. 11, 2015) (denying motion to compel deposition of in-house counsel); *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2023 WL 1990488, at *4 (D.N.J. Feb. 14, 2023).

Additionally, several courts have treated high ranking legal officers and executives other than CEOs as apex witnesses when analyzing whether a deposition is warranted. *See Patterson v.*

*Avery Dennison Corp.*, 281 F.3d 676, 681-682 (7th Cir. 2002) (affirming denial of motion to compel deposition of a vice president per FRCP 26(b)(2) because movant did not exhaust alternative means); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 335-336 (M.D. Ala. Dec. 3, 1991) (granting motion for PO for a vice president because party seeking deposition did not exhaust other means); *Tillman v. Advanced Public Safety, Inc.*, No. 15-cv-81782, 2017 WL 679980, at *2-3 (S.D. Fl. Feb. 16, 2017) (denying deposition of vice president who was also general counsel because movant did not exhaust alternative means). "Put simply, the apex doctrine is the application of the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard or, on a party's motion for a protective order, constitutes 'good cause' for such an order as an 'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1)." *U.S. ex rel. Galmines v. Novartis Pharmaceuticals Corp.*, C.A. No. 06-3213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015).

## II. The Court should preclude a deposition of Mr. Myers.

First, a deposition of Mr. Myers would be disproportionate to any need in the case because discovery—Apple's responses to interrogatories, 30(b)(6) testimony, Apple's privilege log from searching Mr. Myers' emails—shows he had no substantive involvement in prosecution. Without substantive involvement in prosecution, Mr. Myers would not even be a candidate for an inequitable conduct theory, rendering further discovery from him irrelevant to Masimo's inequitable conduct allegations. The Court recently recognized this when granting Masimo's motion to quash the deposition of Mr. Jensen. 1377 D.I. 381 ("Apple may request leave to reissue its subpoenas should further discovery evidence Mr. Jensen's substantive involvement in prosecution of the patents in suit.").[1]

Masimo deposed Quin Hoellwarth, the Apple in-house patent agent who held the in-house responsibilities (*e.g.*, managing outside counsel) for prosecution of the relevant Apple design patents. Ex. 1 (Hoellwarth Tr.) at 147:1-6 ███████████████████████████████████████████

███████████████████████ Mr. Hoellwarth was Apple's 30(b)(6) witness on Masimo's inequitable conduct topics relating to Apple's asserted design patents, including whether Mr. Myers was involved in prosecution. Mr. Hoellwarth confirmed Mr. Myers was not involved in prosecution. Ex. 1 (Hoellwarth Tr.) at 134:18-135:6 ████████████████████████████

████████████████

████ ; *id.* at 144:11-14 ████████████████████████████████████████

Masimo also deposed Cameron Pilling, the Apple in-house patent lawyer with in-house responsibilities (*e.g.*, managing outside counsel) for the prosecution of the relevant Apple utility patents. Ex. 2 (Pilling Tr.) at 246:2-9 ██████████████████████████████████████

████ Mr. Pilling was Apple's 30(b)(6) witness on Masimo's inequitable conduct topics relating to Apple's asserted utility patents, including whether Mr. Myers was involved in prosecution. Mr. Pilling confirmed Mr. Myers was not involved in prosecution. Ex. 2 (Pilling Tr.) at 98:13-15 ██

---

[1] This renders Masimo's speculation about the significance of a "customer number" irrelevant.

*id.* at 241:18-242:2

      Although Mr. Hoellwarth and Mr. Pilling each had personal knowledge of who at Apple was involved in prosecution that they each held responsibilities for, they nonetheless spoke with Mr. Myers before their deposition to confirm from his knowledge his lack of involvement. *See* Ex. 1 at 136:27-137:2; Ex. 2 at 205:3-16. In fact, between Mr. Myers and Mr. Hoellwarth and Mr. Pilling there are multiple levels of management. Ex. 2 at 49:22-50:8; Ex. 1 at 27:14-21.

      Masimo also confirmed through deposing Mr. Hoellwarth and Mr. Pilling that Mr. Myers did not select the law firms that prosecuted any of the patents or IPRs identified in Masimo's allegations. Ex. 1 at 146:15-18, 147:16-21 *d.* at 146:19-22, 147:22-148:4 Ex. 2 at 245:8-12, 247:8-15 *id.* at 245:14-22 Nor was Mr. Myers aware of the allegedly undisclosed references during prosecution of any of the relevant Apple patents. Ex. 1 at 146:7-14 Ex. 2 at 244:5-21 Masimo also knew the above facts about Mr. Myers through Apple's interrogatory responses. Ex. 3 at 8-10.

      Second, the information Masimo seeks is available from other sources that are less intrusive and burdensome. Those sources include interrogatories, 30(b)(6) testimony, and depositions of Apple's outside counsel prosecution firms. Masimo already took discovery from the first two sources and is taking discovery from the outside firms, per the Court's recent order. 1377 D.I. 381; 1378 D.I. 397.

      Third, the harm to Apple's representational rights of its highest-ranking IP attorney if called upon to give deposition testimony is significant because—knowing Mr. Myers had no involvement in prosecution and did not select the law firms (and thus did not "compartmentalize information," in Masimo's words)—the only place Masimo can go is to probe privileged matters. That is an exercise in harassment, oppression, and burden untethered to relevance—there can be no relevance if Mr. Myers was not involved in prosecution. *See Younes*, 2015 WL 12843884, at *4 (no deposition of in-house counsel where "Plaintiffs' questioning is likely to intrude upon privileged matters").

      The above facts should come as no surprise to Masimo, since Mr. Myers is a high-ranking executive who reports to Apple's General Counsel and is responsible for an intellectual property department in which the prosecution division alone comprises over 50 employees. *See* Ex. 1 (Hoellwarth Tr.) at 17:22-19:1; Ex. 2 (Pilling Tr.) at 50:5-8. As such, Mr. Myers occupies an apex role and Masimo should have the burden of demonstrating he has unique, relevant, non-privileged information not available through lesser means. Given the above facts, Mr. Myers has no non-cumulative, unique information relevant to Masimo's allegations to provide.

      In summary, regardless of whether Mr. Myers is an apex witness, Mr. Myers simply was not involved in any relevant prosecution and therefore further discovery of him is not relevant. As such, and for the reasons above, good cause exists to preclude a deposition of Apple's Chief IP Counsel under Federal Rule of Civil Procedure 26(b)(2)(C) and 26(c).

The Honorable Jennifer L. Hall
November 9, 2023
Page 4

                                                Respectfully,

                                                */s/ David E. Moore*

                                                David E. Moore

DEM:nmt/1115644/12209.00051

Enclosures
cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)