# EXHIBIT 1

```
                    IN THE UNITED STATES DISTRICT COURT

                    IN AND FOR THE DISTRICT OF DELAWARE


   APPLE INC.,                              )
         Plaintiff,                         )
   v.                                       )   C.A. No.
                                            )   22-1377-MN-JLH
   MASIMO CORPORATION and                   )
   SOUND UNITED, LLC,                       )
         Defendants.                        )
                                            )
   _____        )
   MASIMO CORPORATION,                      )
         Counter-Claimant,                  )   C.A. No.
   v.                                       )   22-1377-MN-JLH
                                            )
   APPLE INC.                               )
         Counter-Defendant.                 )
   _____        )
   APPLE INC.,                              )
              Plaintiff,                    )
   v.                                       )   C.A. No.
                                            )   22-1378-MN-JLH
   MASIMO CORPORATION and SOUND UNITED,     )
   LLC,                                     )
         Defendants.                        )
                                            )
   _____        )
   MASIMO CORPORATION and                   )
   CERCACOR LABORATORIES, INC.,             )
              Counter-Claimants,            )
   v.                                       )
   APPLE INC.                               )
         Counter-Defendant.                 )


                           Wilmington, Delaware
                           Tuesday, June 20, 2023
                           Telephonic Ruling

                               - - - -


     BEFORE:   HONORABLE JENNIFER L. HALL
              UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

                                       Michele L. Rolfe, RPR, CRR
```

## Page 2

APPEARANCES:

    POTTER ANDERSON & CORROON LLP
    BY: DAVID E. MOORE, ESQ.

      -and-

    DESMARAIS LLP
    BY: JORDAN N. MALZ, ESQ.
      KERRI-ANN LIMBEEK, ESQ.

      -and-

    WILMER CUTLER PICKERING HALE AND DORR LLP
    BY: JENNIFER MILICI, ESQ.
      MARK A. FORD, ESQ.

     For the Plaintiff

    PHILLIPS MCLAUGHLIN & HALL, P.A.
    BY: JOHN C. PHILLIPS, ESQ.

      -and-

    KNOBBE, MARTENS, OLSON & BEAR, LLP
    BY: STEPHEN W. LARSON, ESQ.
      ADAM POWELL, ESQ.
      RYAN HORN, ESQ.

    For the Defendants

## Page 3

- - - - -

P R O C E E D I N G S

(REPORTER'S NOTE: The following teleconference was held beginning at 12:00 p.m.)

THE COURT: Good afternoon, everyone. This is Jennifer Hall. We're here on the call for a continuation of the hearing we started last week on the pending motions to dismiss and strike in 22-1377 and 22-1378.

Can I have appearances for Apple, please?

MR. MOORE: Good afternoon, Your Honor, David Moore from Potter Anderson. I'm joined by a few of my co-counsel from the Desmarais, Jordan Malz and Kerri-Ann Limbeek. Also from the Wilmer team Jennifer Milici and Mark Ford. As well as our attendees from the hearing, Megan Thomas Kennedy and Natalie Poe from Apple.

THE COURT: Greet. Good afternoon to you all.

May I please have appearances for Masimo?

MR. PHILLIPS: Good afternoon, Your Honor. This is Jack Phillips. With me on the line are Steve Laron, Ryan Horn and Adam Powell of the Knobbe Martens firm.

THE COURT: Great. Good afternoon to all of you.

Okay. I'm ready to give my report and recommendation on the pending motions to dismiss and strike.

I'm going to recommend that all of the pending

## Page 4

motions be denied.

I'll summarize the reasons for that recommendation in a moment. But, before I do, I want to be clear that my failure to address a particular argument or case cited by a party does not mean that I did not consider it. We have carefully considered everything.

Plaintiffs Apple, Inc. sells Apple watches. Defendant Masimo Corporation has launched a health watch called the W1 watch.

Apple and Masimo each have patents relating to aspects of their products. The cases in this court are not the only cases between Apple and Masimo regarding their watch products. At the Court's request, the parties saw the chart filed at Docket No. 98 in the 1377 case, that lists the proceedings between the parties, which includes a trade secret case filed by Masimo in Federal Court in the Central District of California and International Trade Commission investigation initiated by Masimo, and an incredible number of IPRs.

In the 1377 case before this court, Apple alleges that Masimo and defendants, Sound United, infringed certain of Apple's design patents, that's D883,279; D947,842; D962,936; and D735,131.

In that case, defendants, Sound United, has moved to dismiss the claims against it for failure to state

## Page 5

a claim. That's Docket No. 29.

Masimo answered the complaint and asserted an inequitable conduct defense and counterclaim. And Apple has moved to dismiss Defendant Masimo's inequitable conduct counterclaim for failure to state a claim and to strike Masimo's inequitable conduct defense. And that's D.I. 54.

In the 1378 case, Apple alleges that Masimo and Sound United infringed certain of Apple's utility patents: Nos. 10,076,257; 10,627,783; 10,942,491; 10,987,054; 11,106,352; 11,474,483. Here, again, defendant, Sound United, has moved to dismiss the claims against it for failure to state a claim. That's Docket No. 13.

Masimo answered the complaint and asserted various counterclaims, including counterclaims for antitrust, false advertising, unfair competition, infringement of some of Masimo's utility patents, inequitable conduct and others.

Apple has moved to dismiss some of Masimo's counterclaims, including the inequitable conduct counterclaim and to strike Masimo's inequitable conduct defense.

Because I'm speaking primarily for the parties and the District Judge, rather than describe all of the allegations across four voluminous pleadings at the outset, I will recite only those allegations necessary to resolve

6

1  the disputes before me as I address them.
2       I'm not going to read into the record my
3  understanding of the legal standard that applies to a motion
4  to dismiss for failure to state a claim or how that standard
5  has been applied in the context of pleading infringement.
6       I set forth a recitation of the applicable legal
7  standards in my report and recommendation in *Boston Fog, LLC
8  v. Ryobi Technologies, Inc.,* No. 19-2310, 2020 WL 1532372,
9  from Mar. 21, 2020.  And I incorporate that articulation by
10 preference.
11      To the extent that other legal standards apply,
12 I will discuss them where applicable.  I'll start with Sound
13 United motions to dismiss the 1377 case.
14      Sound United moves to dismiss the infringement
15 claim against it for failure to state a claim.
16 Specifically, Sound United argues that the complaint fails
17 to allege facts plausibly suggesting that Sound United, as
18 opposed to Masimo, made, used, offered to sell, sold or
19 imported a W1 watch.
20      Apple responds that the complaint's allegations
21 raise a reasonable inference that Sound United committed an
22 infringement act.
23      In particular, the complaint alleges that in
24 2022, after Masimo had brought an ITC action to block
25 importation of the Apple watch, Masimo announced that it

7

1  would acquire Sound United for over $1 billion "to
2  accelerate distributions of the combined companies expanding
3  portfolio of consumer healthcare products."  And Masimo
4  stated that Sound United's "distribution channel… is
5  essential to what we're doing as an important product for
6  us, which is Masimo."  And that's at paragraph 37 of the
7  complaint.
8       Masimo subsequently released a W1 watch a few
9  months later in August 2022.  Taking those and the other
10 allegations as true, I agree that they plausibly suggest
11 that Sound United has sold, offered to sell or imported W1
12 watch.
13      Sound United also moved to dismiss the willful
14 infringement claim against it for failure to state a claim.
15 It argued that the complaint lacks sufficient factual
16 allegations to plausibly suggest that Sound United knew of
17 the asserted patents.
18      I disagree.  Apple has plausibly alleged that
19 while Masimo was monitoring Apple's patents relating to the
20 Apple watch and instituting litigation to push the Apple
21 watch out of the market, Masimo was preparing to launch its
22 W1 that copied Apple's product and infringed Apple's
23 patents.  In this context, Masimo acquired Sound United for
24 the publically-announced purpose of distributing the W1
25 watch.  It can be plausibly inferred from those facts that

8

1  Sound United knew that Masimo's purpose in the acquisition
2  was to use Sound United to distribute the W1 watch, which
3  competes with the Apple watch and Sound United was aware of
4  Apple's design patents relating to the Apple batch.
5       Sound United's motion to dismiss in the 22-1377
6  case, that's Docket 29, should be denied.
7       Turning to the 1378 case.  My recommendation and
8  rationale equally applies to Sound United's motion to
9  dismiss in the 1378 case.
10      That complaint refers to certain of Apple's
11 utility patents relating to aspects of wearable electronic
12 devices, and it makes nearly identical allegations regarding
13 Sound United.  For the same reasons as in the 1377 case,
14 Apple's complaint in the 1378 case pleads sufficient facts
15 to raise a plausible inference that Sound United directly
16 infringed the asserted patents.
17      Sound United, again, argues that there is no
18 plausible allegation that it knew about the patents or
19 intended to cause infringement, and it contends that the
20 indirect infringement and willfulness claim should be
21 dismissed for those reasons.  However, I agree, again, with
22 Apple that the complaint plausibly alleges that Sound United
23 had knowledge of Apple's patents and that the W1 watch is
24 accompanied by instructions that tell customers how to use
25 it in a manner that infringes.

9

1       So Sound United's motion to dismiss case
2  22-1378, Docket No. 13, should also be denied.
3       Whether Apple can actually prove that Sound
4  United committed an infringing act, that it knew about the
5  asserted patents and that it acted willfully, only time will
6  tell, but Apple has plausibly alleged both willful and
7  direct infringement, so the claims should go forward to
8  discovery.
9       Moving on to Apple's motions.  In both cases,
10 Apple moved to dismiss Masimo's inequitable conduct
11 counterclaims and to strike Masimo's inequitable conduct
12 affirmative defenses.
13      The gist of one set of Masimo's inequitable
14 conduct allegations is that particular individuals at Apple
15 concealed from the respective examiners that Apple was
16 obtaining design patents and utility patents on the same
17 features.  In support, Masimo alleges that the shape of the
18 dome and the configurations of the biological sensors and
19 some of Apple's utility patents, including one of the
20 patents asserted by Apple in the 1378 case, and applications
21 are functional and are substantially identical to the dome
22 and sensor designs and some of its design patents asserted
23 in the 1377 case, but that Apple listed different inventors
24 on each in an attempt to conceal that fact from the
25 respective examiners.

10

Masimo further alleges that particular individuals at Apple, including Apple Chief IP counsel Jeffrey Myers, and the individual named inventors coordinated to carry out the scheme by, among other things, compartmentalizing the information that would get disclosed to the examiners by hiring separate law firms to prosecute the utility and the design patents.

Masimo alleges that the withheld information is material to some of the asserted design patents because had the examiner known that the design patents covered functional features, the design patents wouldn't have issued.

Masimo further alleges that the misrepresentations about who the actual inventors were is also material to patentability of those design patents.

Apple contends that Masimo's allegation should be stricken because they failed to satisfy -- excuse me, strike that. Apple contends that Masimo's inequitable conduct allegation should be dismissed and its defense be stricken because they failed to satisfy Federal Rule of Civil Procedure 9(b)'s particularity standard. That rule requires the pleadings to allege the specific who, what, when, where and how of the alleged inequitable conduct. Moreover, although knowledge and intent may be alleged generally, the pleading must nonetheless contain sufficient

11

allegations of facts from which the Court may reasonably infer that a specific individual, one, knew of the withheld material information or the falsity of the material misrepresentations; and, two, withheld or misrepresented this information with a specific intent to deceive the PTO.

Apple contends that Masimo's allegations failed to plead a specific "who," and that that individual knew of the withheld or misrepresented information.

I disagree. With respect to the "who," it is true that many of Masimo's allegations are formulated conjunctively, for example, Mr. Myers, the Named Design Inventors, and others at Apple involved in the prosecution of the sensor design patents, and Apple, through Mr. Myers and others involved in the prosecution of the sensor design patent.

However, I agree with Masimo that the fact that Masimo gratuitously alleges that others at Apple may have also been involved does not change the fact that Masimo identified specific individuals. Masimo's pleading also linked the specific individuals to specific conduct making clear who is alleged to have done what. For example, it alleges that the Named Design Inventors knew through their involvement in the development process that the claimed design are functional and non-ornamental and had been developed by the inventors listed on the utility patents,

12

but intentionally failed to disclose that information to the PTO.

It also alleges, for example, that Mr. Myers selected different law firms to prosecute the design and the utility patents for the purpose of ensuring that the law firms wouldn't know about and disclose information about the other application to the PTO examiner.

Apple contends that Masimo's pleading fails to sufficiently allege that Mr. Myers owed a duty of disclosure to the PTO. As relevant here, the duty of disclosure applies to every person who is substantially involved in the preparation or prosecution of the application and who is associated with the inventor or the applicant.

The Federal Circuit has interpreted "substantively involved" to mean the involvement relates to the context of the application or decisions related thereto and that the involvement is not wholly administrative or secretarial in nature.

I agree with Masimo that it has alleged enough here to get past a motion to dismiss. It alleges that he was involved in the selection of different law firms to prosecute the patents' compartmentalized information so that persons involved in the prosecution of the design patents would not know that the claimed designs were actually functional and non-ornamental, and would not disclose

13

material information adverse to Apple's position.

Masimo also points out that he is listed, along with many others, under Apple's PTO customer number as a practitioner with power of attorney for Apple.

Apple essentially argues that even taken as true, Masimo's allegations do not amounted to substantive involvement. But the Federal Circuit has explained that, in conducting the substantive involvement inquiry, the "District Court may properly consider a variety of factors, such as an individual's position within the company, role in developing or marketing the patented idea, contacts with the inventors or prosecutors and representations to the PTO."

Masimo's allegations taken as true suggest that a particular named individual managed the patent prosecution process, selected Apple's patent prosecution attorneys and agents, and essentially controls what information would be disclosed to whom. I can't say that such facts if proven could never amount to inequitable conduct.

Apple also challenges the inequitable conduct claims on the basis that it's not plausible that any of the identified individuals had an intent to deceive. However, defendants are not required at the pleading stage to prove or even plead that a specific deceptive intent is a single most reasonable inference to be drawn from the facts alleged. The Court only needs to assess whether the facts

14

as pleaded give rise to a reasonable inference of intent to deceive, and the allegations already described are sufficient to meet that standard.

I also agree with Masimo that its allegation of materiality with respect to the failure to disclose the utility applications during the prosecution of the design patents is sufficient to survive a motion to dismiss. Among other things, Masimo points out that patent examiners are permitted to cite the specification of an analogous utility patent evidencing the claimed design as evidence supporting rejection of a design patent. And that the specifications of the allegedly withheld utility patents appear to describe functions to certain features of the claimed design.

Whether Masimo will ultimately be able to prove that the claimed designs are functional is a question for a later day.

Masimo also alleges inequitable conduct in connection with prosecution of some of the asserted utility patents. The gist of this allegation is that individuals at Apple involved in the prosecution, including Mr. Myers, failed to disclose certain prior art references material to patentability. Here, again, Apple contends that Mr. Myers was not substantively involved in prosecution, however, as before, I decline to make that determination at this stage of the case.

15

Apple also contends that Masimo fails to plausibly allege that he knew of the allegedly undisclosed material prior art or had a specific intent to deceive the PTO. However, Masimo alleges that he was involved in IPR proceedings wherein Apple asserted the undisclosed prior art references that are the basis of Masimo's inequitable conduct allegation. That is sufficient to raise a reasonable inference that he knew the undisclosed references and withheld them with the specific intent to deceive the PTO. For these reasons, I recommend that Apple's request to dismiss the inequitable conduct counterclaims and strike the affirmative defenses in both cases be denied.

And I know you all knew this, but to clear: I'm not in any way suggesting anything about whether these claims are going to make it past summary judgment. And I'm certainly not saying that any of these claims are going to be tried in the first phase of the trial. All I'm saying is that we're moving forward in discovery and we will sort out later what, if anything, will be tried in the first trial.

Next in the 1378 case, Apple seeks to dismiss Masimo's counterclaims for monopolization and attempted monopolization under Section II of the Sherman Act. I set forth my understanding of the applicable legal standards in my report and recommendation in *3 Shape Trios v. Align Technology, Inc.*, that's 2020 WL 2559777, from May 20, 2020,

16

and I incorporate that articulation by reference.

Masimo alleges that the following conduct on the part of Apple qualifies as anticompetitive conduct: One, enforcing a fraudulently obtained patent, i.e., Walker Process fraud; two, leveraging its monopoly in iOS apps distribution market to harm competition in the health watch market; three, false advertising; and, four, predatory infringement.

Apple argues that Masimo lacks antitrust standing because it hasn't alleged an antitrust injury or a harm to competition. I disagree.

Masimo alleges, among other things, that Apple is seeking to enjoin Masimo from selling its W1 watch by enforcing a patent obtained through fraud i.e., a Walker Process claim.

Masimo further alleges that if Apple were to succeed in excluding Masimo from the health watch market, "Apple would become further entrenched as a monopolist and further free to set prices far above the level that would occur in the presence of true competition, set a low standard for health watch performance, and continue to sell inferior products."

The *TransWeb* case cited by Masimo explains that with respect to Walker Process claims, it is the abuse of the legal process by the antitrust defendant that makes the

17

attorneys fees incurred by the antitrust plaintiff during that legal process a relevant antitrust injury. To the extent Apple contends that TransWeb only authorized attorneys' fees as antitrust damages, not antitrust injury, that is incorrect. The case holds that attorneys' fees can constitute antitrust injury even if the infringement lawsuit failed to keep the defendant's product off the market.

I agree with Judge Goldberg in Azurity Pharms v. Bionpharma, 2023 WL 157732, from Jan. 11, 2023, in which he reasons that TransWeb squarely rejected the argument Apple makes here and tells that attorneys' fees can be an antitrust injury in these circumstances.

Apple next contends that Masimo has failed to plausibly allege a relevant market. Masimo's pleading identifies a "health watch" market, which it defined as the market for consumer-worn wristwatches that measure physiological parameters. Masimo makes additional allegations explaining why other devices don't -- other devices fall or don't fall within the market, as defined by Masimo.

In general, the determination of a relevant market is complex and fact-intensive inquiry which is generally inappropriate on a motion to dismiss. I cannot say that the relevant market alleged by Masimo is implausible, so I recommend denying Apple's request to

18

dismiss on that basis.

Apple next argues that Masimo fails to plausibly allege that Apple either has or will have a dangerous probability of obtaining monopoly power in the "health watch" market alleged by Masimo. Masimo alleges upon information and belief that Apple's market share of the U.S. "health watch" market exceeds 70 percent. Masimo's pleading explains that this estimate is based on: One, analyst estimates that Apple share of U.S. smart watch sales exceeds 90 percent; two, analyst estimates that Apple share of the global smart watch market is about 50 percent; three, brands such as Hauwei and Samsung are more popular overseas, so one would expect Apple's share of the U.S. smart watch market to be greater than its share of the global smart watch market; and, four, Apple's share of the health watch market would be greater than or equal to its share of the smart watch market because the "health watch" market excludes smart watches that lacks physiological measurement features.

I can't say that Masimo's inferences are unreasonable, and I agree with Masimo that those allegations taken together raise a plausible inference that Apple's market share meets or exceeds 70 percent. That is sufficient at this stage to allege monopoly power.

Apple next contends that Masimo has failed to plausibly alleged anticompetitive conduct. As mentioned,

19

Apple has engaged in four types of anticompetitive conduct, including Walker Process fraud.

Apple's argument that the Walker Process theory is sufficient is bound up with its argument that Masimo's inequitable conduct allegations are deficient. As I have already determined that Masimo states a claim of inequitable conduct, I reject Apple's argument that Masimo's allegation of Walker Process fraud is deficient.

Apple points out that it is also asserting other patents that aren't alleged to have been obtained by fraud; however, Masimo contends that those patents are invalid or not infringed. If Apple is entitled to exclude Masimo from the market by enforcing other patents not accused of fraud, that may very well affect Masimo's antitrust claims, but that can't be decided at this stage.

Masimo's second theory of anticompetitive conduct is that Apple is leveraging its monopoly power in the iOS app distribution market to harm Masimo and competition as a whole in the separate "health watch" market. I have some questions about the viability of this theory, especially since everyone seemed to agree at the hearing that Masimo's watch app is available on Apple's app store. Masimo's third anticompetitive conduct theory is that Apple committed exclusionary conduct through allegedly false advertising; and its forth theory has to do with

20

so-called predatory patent infringement. I also have real questions about those two theories.

However, as I have already concluded that Masimo adequately states a claim under a Walker Process theory, I recommend that Apple's motion to dismiss Masimo's Sherman Act Section II claims be denied.

As I mentioned at the hearing, to the extent that Masimo seeks discovery that is not proportional to a viable theory of anticompetitive conduct, the Court will deal with it at that time.

Apple also seeks dismissal of Masimo's counterclaim for false advertising under the Lanham Act. I recommend denying the motion to dismiss.

Although Apple argues that none of the statements are literally false, Masimo has pleaded several potentially false representations along with underlying facts that, taken as true, raise a reasonable inference that the representations were false. As the proximate cause Masimo need only allege facts raising a reasonable inference that it is likely to be damaged as a result of the false advertising. Masimo alleges that the W1 and Apple watch are considered economic substitutes, that the Apple watch is an inferior product with respect to physiological parameter measurement, but that as a result of Apple's allegedly false and misleading advertising consumers erroneously choose the

21

Apple watch over the W1. That is enough at this stage.

Apple treats the Delaware state law false advertising and California UCL claims as rising or falling with its Lanham Act and Sherman Act claims. So I recommend that the state law claims be permitted to go forward as well.

And, finally, Apple argues that Masimo's willful and indirect infringement counterclaims should be dismissed because Masimo failed to allege that Apple had pre-suit knowledge of the patents.

Here's what I will say about that. Whatever merits that argument might have in its different case with different parties, it is not well taken at this stage in this case with these parties. The parties on pleadings discuss the parties' history with each other. You can look at the face of these patents and see that they assigned to Masimo and that most relate to user-worn devices for measuring physiological data.

It's implausible to me that either of these particular parties has a patent on such devices that the other side didn't know about before this suit was filed. And that concludes by report and recommendation.

We'll put it up on the docket indicating that all of the pending motions to dismiss should be denied and will refer to the Court's report and recommendation that was

1  issued from the bench.
2         The time to object, if any party chooses to,
3  will run from today when we put the order up, but I would
4  caution the parties to carefully think about whether the
5  Court's resources are best spent dealing with objections on
6  these particular motions.
7         All right.  Thanks everyone.  Take care.
8         (Whereupon, the following proceeding concluded
9  at 12:32 p.m.)
10         I hereby certify the foregoing is a true
11  and accurate transcript from my stenographic notes in the
12  proceeding.
13                /s/ Michele L. Rolfe, RPR, CRR
                  U.S. District Court

Case 1:22-cv-01377-MN-JLH   Document 411-1   Filed 11/17/23   Page 9 of 14 PageID #: 20440

1

| / | 98 [1] - 4:14 | alleges [19] - 4:21, 5:7, 6:23, 8:22, 9:17, 10:1, 10:8, 10:13, 11:17, 11:22, 12:3, 12:20, 14:17, 15:4, 16:2, 16:12, 16:16, 18:5, 20:21 | 8:10, 8:14, 8:23, 9:9, 9:19, 13:1, 13:3, 13:15, 15:10, 17:25, 18:6, 18:13, 18:15, 18:21, 19:3, 19:7, 19:22, 20:5, 20:24 | become [1] - 16:18 |
|---|---|---|---|---|
| /s [1] - 22:13 | **A** | | | BEFORE [1] - 1:24 |
| **1** | able [1] - 14:14 | | applicable [3] - 6:6, 6:12, 15:23 | beginning [1] - 3:4 |
| | abuse [1] - 16:24 | | | belief [1] - 18:6 |
| 1 [1] - 7:1 | accelerate [1] - 7:2 | amount [1] - 13:18 | applicant [1] - 12:13 | bench [1] - 22:1 |
| 10,076,257 [1] - 5:9 | accompanied [1] - 8:24 | amounted [1] - 13:6 | application [3] - 12:7, 12:12, 12:16 | best [1] - 22:5 |
| 10,627,783 [1] - 5:9 | accurate [1] - 22:11 | analogous [1] - 14:9 | applications [2] - 9:20, 14:6 | between [2] - 4:12, 4:15 |
| 10,942,491 [1] - 5:9 | accused [1] - 19:13 | analyst [2] - 18:8, 18:10 | applied [1] - 6:5 | billion [1] - 7:1 |
| 10,987,054 [1] - 5:9 | acquire [1] - 7:1 | AND [2] - 1:2, 2:8 | applies [3] - 6:3, 8:8, 12:11 | biological [1] - 9:18 |
| 11 [1] - 17:9 | acquired [1] - 7:23 | Anderson [1] - 3:11 | apply [1] - 6:11 | Bionpharma [1] - 17:9 |
| 11,106,352 [1] - 5:10 | acquisition [1] - 8:1 | ANDERSON [1] - 2:3 | apps [1] - 16:5 | block [1] - 6:24 |
| 11,474,483 [1] - 5:10 | act [2] - 6:22, 9:4 | Ann [1] - 3:12 | argued [1] - 7:15 | Boston [1] - 6:7 |
| 12:00 [1] - 3:4 | Act [5] - 15:22, 20:6, 20:12, 21:4 | ANN [1] - 2:6 | argues [7] - 6:16, 8:17, 13:5, 16:9, 18:2, 20:14, 21:7 | bound [1] - 19:4 |
| 12:32 [1] - 22:9 | acted [1] - 9:5 | announced [2] - 6:25, 7:24 | argument [6] - 4:4, 17:10, 19:3, 19:4, 19:7, 21:12 | brands [1] - 18:11 |
| 13 [2] - 5:12, 9:2 | action [1] - 6:24 | answered [2] - 5:2, 5:13 | art [3] - 14:21, 15:3, 15:5 | brought [1] - 6:24 |
| 1377 [5] - 4:14, 4:20, 6:13, 8:13, 9:23 | actual [1] - 10:14 | anticompetitive [6] - 16:3, 18:25, 19:1, 19:16, 19:23, 20:9 | articulation [2] - 6:9, 16:1 | BY [5] - 2:3, 2:6, 2:9, 2:12, 2:15 |
| 1378 [6] - 5:7, 8:7, 8:9, 8:14, 9:20, 15:20 | ADAM [1] - 2:15 | antitrust [11] - 5:15, 16:9, 16:10, 16:25, 17:1, 17:2, 17:4, 17:6, 17:12, 19:14 | aspects [2] - 4:11, 8:11 | **C** |
| 1532372 [1] - 6:8 | Adam [1] - 3:20 | app [3] - 19:18, 19:22 | asserted [10] - 5:2, 5:13, 7:17, 8:16, 9:5, 9:20, 9:22, 10:9, 14:18, 15:5 | C.A [3] - 1:5, 1:9, 1:13 |
| 157732 [1] - 17:9 | additional [1] - 17:17 | appear [1] - 14:12 | asserting [1] - 19:9 | California [2] - 4:17, 21:3 |
| 19-2310 [1] - 6:8 | address [2] - 4:4, 6:1 | APPEARANCES [1] - 2:1 | assess [1] - 13:25 | cannot [1] - 17:23 |
| **2** | adequately [1] - 20:4 | appearances [2] - 3:9, 3:17 | assigned [1] - 21:16 | care [1] - 22:7 |
| | administrative [1] - 12:17 | apple [1] - 12:8 | associated [1] - 12:13 | carefully [2] - 4:6, 22:4 |
| 20 [2] - 1:21, 15:25 | adverse [1] - 13:1 | APPLE [4] - 1:4, 1:10, 1:12, 1:18 | attempt [1] - 9:24 | carry [1] - 10:4 |
| 2020 [4] - 6:8, 6:9, 15:25 | advertising [7] - 5:15, 16:7, 19:25, 20:12, 20:21, 20:25, 21:3 | Apple [67] - 3:9, 3:15, 4:7, 4:10, 4:12, 4:20, 5:3, 5:7, 5:18, 6:20, 6:25, 7:18, 7:20, 8:3, 8:4, 8:22, 9:3, 9:6, 9:10, 9:14, 9:15, 9:20, 9:23, 10:2, 10:16, 10:18, 11:6, 11:12, 11:13, 11:17, 13:4, 13:5, 13:19, 14:20, 14:22, 15:1, 15:5, 15:20, 16:3, 16:9, 16:12, 16:16, 16:18, 17:3, 17:10, 17:13, 18:2, 18:3, 18:9, 18:10, 18:24, 19:1, 19:9, 19:12, 19:17, 19:24, 20:11, 20:14, 20:21, 20:22, 21:1, 21:2, 21:7, 21:9 | attempted [1] - 15:21 | case [21] - 4:5, 4:14, 4:16, 4:20, 4:24, 5:7, 6:13, 8:6, 8:7, 8:9, 8:13, 8:14, 9:1, 9:20, 9:23, 14:25, 15:20, 16:23, 17:5, 21:12, 21:14 |
| 2022 [2] - 6:24, 7:9 | affect [1] - 19:14 | | attendees [1] - 3:14 | cases [4] - 4:11, 4:12, 9:9, 15:12 |
| 2023 [3] - 1:21, 17:9 | afternoon [5] - 3:5, 3:10, 3:16, 3:18, 3:21 | | attorney [1] - 13:4 | caution [1] - 22:4 |
| 21 [1] - 6:9 | agents [1] - 13:16 | | attorneys [2] - 13:15, 17:1 | Central [1] - 4:16 |
| 22-1377 [2] - 3:8, 8:5 | agree [8] - 7:10, 8:21, 11:16, 12:19, 14:4, 17:8, 18:20, 19:21 | | attorneys' [3] - 17:4, 17:5, 17:11 | CERCACOR [1] - 1:16 |
| 22-1377-MN-JLH [2] - 1:5, 1:9 | Align [1] - 15:24 | | August [1] - 7:9 | certain [5] - 4:22, 5:8, 8:10, 14:13, 14:21 |
| 22-1378 [2] - 3:8, 9:2 | allegation [7] - 8:18, 10:16, 10:19, 14:4, 14:19, 15:7, 19:7 | | authorized [1] - 17:3 | certainly [1] - 15:16 |
| 22-1378-MN-JLH [1] - 1:13 | allegations [16] - 5:24, 5:25, 6:20, 7:10, 7:16, 8:12, 9:14, 11:1, 11:6, 11:10, 13:6, 13:13, 14:2, 17:18, 18:20, 19:5 | | available [1] - 19:22 | certify [1] - 22:10 |
| 2559777 [1] - 15:25 | allege [9] - 6:17, 10:22, 12:9, 15:2, 17:14, 18:3, 18:23, 20:19, 21:9 | Apple's [25] - 4:22, 5:8, 7:19, 7:22, 8:4, | aware [1] - 8:3 | challenges [1] - 13:19 |
| 29 [2] - 5:1, 8:6 | alleged [12] - 7:18, 9:6, 10:23, 10:24, 11:21, 12:19, 13:25, 16:10, 17:24, 18:5, 18:25, 19:10 | | Azurity [1] - 17:8 | change [1] - 11:18 |
| **3** | | | **B** | channel .. [1] - 7:4 |
| 3 [1] - 15:24 | | | based [1] - 18:8 | chart [1] - 4:14 |
| 37 [1] - 7:6 | | | basis [3] - 13:20, 15:6, 18:1 | Chief [1] - 10:2 |
| **5** | | | batch [1] - 8:4 | choose [1] - 20:25 |
| 50 [1] - 18:11 | | | BEAR [1] - 2:14 | chooses [1] - 22:2 |
| 54 [1] - 5:6 | | | | Circuit [2] - 12:14, 13:7 |
| **7** | | | | circumstances [1] - 17:12 |
| 70 [2] - 18:7, 18:22 | | | | cite [1] - 14:9 |
| **9** | | | | cited [2] - 4:5, 16:23 |
| 9(b)'s [1] - 10:21 | allegedly [4] - 14:12, 15:2, 19:24, 20:24 | | | Civil [1] - 10:21 |
| 90 [1] - 18:10 | | | | claim [12] - 5:1, 5:5, |

Page 1 to 1 of 6

5:12, 6:4, 6:15, 7:14, 8:20, 16:15, 19:6, 20:4
**Claimant** [1] - 1:9
**Claimants** [1] - 1:17
**claimed** [5] - 11:23, 12:24, 14:10, 14:13, 14:15
**claims** [12] - 4:25, 5:11, 9:7, 13:20, 15:15, 15:16, 16:24, 19:14, 20:6, 21:3, 21:4, 21:5
**clear** [3] - 4:4, 11:21, 15:13
**co** [1] - 3:12
**co-counsel** [1] - 3:12
**combined** [1] - 7:2
**Commission** [1] - 4:17
**committed** [3] - 6:21, 9:4, 19:24
**companies** [1] - 7:2
**company** [1] - 13:10
**compartmentalized** [1] - 12:22
**compartmentalizing** [1] - 10:5
**competes** [1] - 8:3
**competition** [5] - 5:15, 16:6, 16:11, 16:20, 19:19
**complaint** [9] - 5:2, 5:13, 6:16, 6:23, 7:7, 7:15, 8:10, 8:14, 8:22
**complaint 's** [1] - 6:20
**complex** [1] - 17:22
**conceal** [1] - 9:24
**concealed** [1] - 9:15
**concluded** [2] - 20:3, 22:8
**concludes** [1] - 21:22
**conduct** [27] - 5:3, 5:4, 5:6, 5:17, 5:19, 5:20, 9:10, 9:11, 9:14, 10:19, 10:23, 11:20, 13:18, 13:19, 14:17, 15:7, 15:11, 16:2, 16:3, 18:25, 19:1, 19:5, 19:7, 19:17, 19:23, 19:24, 20:9
**conducting** [1] - 13:8
**configurations** [1] - 9:18
**conjunctively** [1] - 11:11
**connection** [1] - 14:18
**consider** [2] - 4:5,
13:9
**considered** [2] - 4:6, 20:22
**constitute** [1] - 17:6
**consumer** [2] - 7:3, 17:16
**consumer-worn** [1] - 17:16
**consumers** [1] - 20:25
**contacts** [1] - 13:11
**contain** [1] - 10:25
**contends** [11] - 8:19, 10:16, 10:18, 11:6, 12:8, 14:22, 15:1, 17:3, 17:13, 18:24, 19:11
**context** [3] - 6:5, 7:23, 12:16
**continuation** [1] - 3:6
**continue** [1] - 16:21
**controls** [1] - 13:16
**coordinated** [1] - 10:4
**copied** [1] - 7:22
**CORPORATION** [4] - 1:6, 1:8, 1:14, 1:16
**Corporation** [1] - 4:8
**CORROON** [1] - 2:3
**counsel** [2] - 3:12, 10:2
**Counter** [4] - 1:9, 1:11, 1:17, 1:18
**Counter-Claimant** [1] - 1:9
**Counter-Claimants** [1] - 1:17
**Counter-Defendant** [2] - 1:11, 1:18
**counterclaim** [4] - 5:3, 5:5, 5:20, 20:12
**counterclaims** [7] - 5:14, 5:19, 9:11, 15:11, 15:21, 21:8
**COURT** [5] - 1:1, 1:24, 3:5, 3:16, 3:21
**court** [2] - 4:11, 4:20
**Court** [6] - 4:16, 11:1, 13:9, 13:25, 20:9, 22:13
**Court 's** [3] - 4:13, 21:25, 22:5
**covered** [1] - 10:10
**CRR** [2] - 1:25, 22:13
**customer** [1] - 13:3
**customers** [1] - 8:24
**CUTLER** [1] - 2:8

**D**

**D.I** [1] - 5:6
**D735,131** [1] - 4:23
13:9
**D883,279** [1] - 4:22
**D947,842** [1] - 4:23
**D962,936** [1] - 4:23
**damaged** [1] - 20:20
**damages** [1] - 17:4
**dangerous** [1] - 18:3
**data** [1] - 21:18
**DAVID** [1] - 2:3
**David** [1] - 3:10
**deal** [1] - 20:10
**dealing** [1] - 22:5
**deceive** [5] - 11:5, 13:21, 14:2, 15:3, 15:9
**deceptive** [1] - 13:23
**decided** [1] - 19:15
**decisions** [1] - 12:16
**decline** [1] - 14:24
**Defendant** [3] - 1:11, 1:18, 5:4
**defendant** [3] - 4:8, 5:10, 16:25
**defendant 's** [1] - 17:7
**defendants** [3] - 4:21, 4:24, 13:22
**Defendants** [3] - 1:7, 1:15, 2:17
**defense** [4] - 5:3, 5:6, 5:21, 10:19
**defenses** [2] - 9:12, 15:12
**deficient** [2] - 19:5, 19:8
**defined** [2] - 17:15, 17:19
**DELAWARE** [1] - 1:2
**Delaware** [2] - 1:20, 21:2
**denied** [6] - 4:1, 8:6, 9:2, 15:12, 20:6, 21:24
**denying** [2] - 17:25, 20:13
**describe** [2] - 5:23, 14:12
**described** [1] - 14:2
**design** [18] - 4:22, 8:4, 9:16, 9:22, 10:7, 10:9, 10:10, 10:11, 10:15, 11:13, 11:14, 11:24, 12:4, 12:23, 14:6, 14:10, 14:11, 14:13
**Design** [2] - 11:11, 11:22
**designs** [3] - 9:22, 12:24, 14:15
**Desmarais** [1] - 3:12
**DESMARAIS** [1] - 2:5
**determination** [2] -
14:24, 17:21
**determined** [1] - 19:6
**developed** [1] - 11:25
**developing** [1] - 13:11
**development** [1] - 11:23
**devices** [5] - 8:12, 17:18, 17:19, 21:17, 21:20
**different** [5] - 9:23, 12:4, 12:21, 21:12, 21:13
**direct** [1] - 9:7
**directly** [1] - 8:15
**disagree** [3] - 7:18, 11:9, 16:11
**disclose** [5] - 12:1, 12:6, 12:25, 14:5, 14:21
**disclosed** [2] - 10:5, 13:17
**disclosure** [2] - 12:9, 12:10
**discovery** [3] - 9:8, 15:18, 20:8
**discuss** [2] - 6:12, 21:15
**dismiss** [23] - 3:8, 3:24, 4:25, 5:4, 5:11, 5:18, 6:4, 6:13, 6:14, 7:13, 8:5, 8:9, 9:1, 9:10, 12:20, 14:7, 15:11, 15:20, 17:23, 18:1, 20:5, 20:13, 21:24
**dismissal** [1] - 20:11
**dismissed** [3] - 8:21, 10:19, 21:8
**disputes** [1] - 6:1
**distribute** [1] - 8:2
**distributing** [1] - 7:24
**distribution** [3] - 7:4, 16:6, 19:18
**distributions** [1] - 7:2
**DISTRICT** [3] - 1:1, 1:2, 1:24
**District** [4] - 4:17, 5:23, 13:9, 22:13
**docket** [1] - 21:23
**Docket** [5] - 4:14, 5:1, 5:12, 8:6, 9:2
**dome** [2] - 9:18, 9:21
**done** [1] - 11:21
**DORR** [1] - 2:8
**drawn** [1] - 13:24
**during** [2] - 14:6, 17:1
**duty** [2] - 12:9, 12:10

**E**

**economic** [1] - 20:22
**either** [2] - 18:3, 21:19
**electronic** [1] - 8:11
**enforcing** [3] - 16:4, 16:14, 19:13
**engaged** [1] - 19:1
**enjoin** [1] - 16:13
**ensuring** [1] - 12:5
**entitled** [1] - 19:12
**entrenched** [1] - 16:18
**equal** [1] - 18:16
**equally** [1] - 8:8
**erroneously** [1] - 20:25
**especially** [1] - 19:21
**ESQ** [9] - 2:3, 2:6, 2:6, 2:9, 2:9, 2:12, 2:15, 2:15, 2:16
**essential** [1] - 7:5
**essentially** [2] - 13:5, 13:16
**estimate** [1] - 18:8
**estimates** [2] - 18:9, 18:10
**evidence** [1] - 14:10
**evidencing** [1] - 14:10
**examiner** [2] - 10:10, 12:7
**examiners** [4] - 9:15, 9:25, 10:6, 14:8
**example** [3] - 11:11, 11:21, 12:3
**exceeds** [3] - 18:7, 18:9, 18:22
**exclude** [1] - 19:12
**excludes** [1] - 18:17
**excluding** [1] - 16:17
**exclusionary** [1] - 19:24
**excuse** [1] - 10:17
**expanding** [1] - 7:2
**expect** [1] - 18:13
**explained** [1] - 13:7
**explaining** [1] - 17:18
**explains** [2] - 16:23, 18:8
**extent** [3] - 6:11, 17:3, 20:7

**F**

**face** [1] - 21:16
**fact** [4] - 9:24, 11:16, 11:18, 17:22
**fact-intensive** [1] - 17:22
**factors** [1] - 13:9
**facts** [9] - 6:17, 7:25,

8:14, 11:1, 13:17, 13:24, 13:25, 20:17, 20:19
**factual** [1] - 7:15
**failed** [9] - 10:17, 10:20, 11:6, 12:1, 14:21, 17:7, 17:13, 18:24, 21:9
**fails** [4] - 6:16, 12:8, 15:1, 18:2
**failure** [8] - 4:4, 4:25, 5:5, 5:12, 6:4, 6:15, 7:14, 14:5
**fall** [2] - 17:19
**falling** [1] - 21:3
**false** [10] - 5:15, 16:7, 19:25, 20:12, 20:15, 20:16, 20:18, 20:20, 20:24, 21:2
**falsity** [1] - 11:3
**far** [1] - 16:19
**features** [4] - 9:17, 10:11, 14:13, 18:18
**Federal** [4] - 4:16, 10:20, 12:14, 13:7
**fees** [4] - 17:1, 17:4, 17:5, 17:11
**few** [2] - 3:11, 7:8
**filed** [3] - 4:14, 4:16, 21:21
**finally** [1] - 21:7
**firm** [1] - 3:20
**firms** [4] - 10:6, 12:4, 12:6, 12:21
**first** [2] - 15:17, 15:19
**Fog** [1] - 6:7
**following** [3] - 3:3, 16:2, 22:8
**FOR** [1] - 1:2
**FORD** [1] - 2:9
**Ford** [1] - 3:14
**foregoing** [1] - 22:10
**formulated** [1] - 11:10
**forth** [3] - 6:6, 15:23, 19:25
**forward** [3] - 9:7, 15:18, 21:5
**four** [4] - 5:24, 16:7, 18:15, 19:1
**fraud** [6] - 16:5, 16:14, 19:2, 19:8, 19:10, 19:13
**fraudulently** [1] - 16:4
**free** [1] - 16:19
**functional** [5] - 9:21, 10:11, 11:24, 12:25, 14:15
**functions** [1] - 14:13

**G**

**general** [1] - 17:21
**generally** [2] - 10:25, 17:23
**gist** [2] - 9:13, 14:19
**global** [2] - 18:11, 18:14
**Goldberg** [1] - 17:8
**gratuitously** [1] - 11:17
**Great** [1] - 3:21
**greater** [2] - 18:14, 18:16
**greet** [1] - 3:16

**H**

**HALE** [1] - 2:8
**HALL** [2] - 1:24, 2:12
**Hall** [1] - 3:6
**harm** [3] - 16:6, 16:11, 19:18
**Hauwei** [1] - 18:12
**health** [10] - 4:8, 16:6, 16:17, 16:21, 17:15, 18:4, 18:7, 18:15, 18:17, 19:19
**healthcare** [1] - 7:3
**hearing** [4] - 3:7, 3:14, 19:22, 20:7
**held** [1] - 3:4
**hereby** [1] - 22:10
**hiring** [1] - 10:6
**history** [1] - 21:15
**holds** [1] - 17:5
**Honor** [2] - 3:10, 3:18
**HONORABLE** [1] - 1:24
**Horn** [1] - 3:20
**HORN** [1] - 2:16

**I**

**i.e** [2] - 16:4, 16:14
**idea** [1] - 13:11
**identical** [2] - 8:12, 9:21
**identified** [2] - 11:19, 13:21
**identifies** [1] - 17:15
**II** [2] - 15:22, 20:6
**implausible** [2] - 17:25, 21:19
**important** [1] - 7:5
**importation** [1] - 6:25
**imported** [2] - 6:19, 7:11
**IN** [2] - 1:1, 1:2
**inappropriate** [1] - 17:23
**Inc** [3] - 4:7, 6:8, 15:25
**INC** [5] - 1:4, 1:10, 1:12, 1:16, 1:18
**includes** [1] - 4:15
**including** [6] - 5:14, 5:19, 9:19, 10:2, 14:20, 19:2
**incorporate** [2] - 6:9, 16:1
**incorrect** [1] - 17:5
**incredible** [1] - 4:18
**incurred** [1] - 17:1
**indicating** [1] - 21:23
**indirect** [2] - 8:20, 21:8
**individual** [4] - 10:3, 11:2, 11:7, 13:14
**individual's** [1] - 13:10
**individuals** [6] - 9:14, 10:2, 11:19, 11:20, 13:21, 14:19
**inequitable** [18] - 5:3, 5:4, 5:6, 5:17, 5:19, 5:20, 9:10, 9:11, 9:13, 10:18, 10:23, 13:18, 13:19, 14:17, 15:6, 15:11, 19:5, 19:6
**infer** [1] - 11:2
**inference** [8] - 6:21, 8:15, 13:24, 14:1, 15:8, 18:21, 20:17, 20:19
**inferences** [1] - 18:19
**inferior** [2] - 16:22, 20:23
**inferred** [1] - 7:25
**information** [11] - 10:5, 10:8, 11:3, 11:5, 11:8, 12:1, 12:6, 12:22, 13:1, 13:16, 18:6
**infringed** [5] - 4:21, 5:8, 7:22, 8:16, 19:12
**infringement** [12] - 5:16, 6:5, 6:14, 6:22, 7:14, 8:19, 8:20, 9:7, 16:8, 17:6, 20:1, 21:8
**infringes** [1] - 8:25
**infringing** [1] - 9:4
**initiated** [1] - 4:18
**injury** [5] - 16:10, 17:2, 17:4, 17:6, 17:12
**inquiry** [2] - 13:8, 17:22
**instituting** [1] - 7:20
**instructions** [1] - 8:24
**intended** [1] - 8:19
**intensive** [1] - 17:22
**intent** [7] - 10:24, 11:5, 13:21, 13:23, 14:1, 15:3, 15:9
**intentionally** [1] - 12:1
**International** [1] - 4:17
**interpreted** [1] - 12:14
**invalid** [1] - 19:11
**inventor** [1] - 12:13
**Inventors** [2] - 11:12, 11:22
**inventors** [5] - 9:23, 10:3, 10:14, 11:25, 13:12
**investigation** [1] - 4:18
**involved** [10] - 11:12, 11:14, 11:18, 12:11, 12:15, 12:21, 12:23, 14:20, 14:23, 15:4
**involvement** [5] - 11:23, 12:15, 12:17, 13:7, 13:8
**iOS** [2] - 16:5, 19:18
**IP** [1] - 10:2
**IPR** [1] - 15:4
**IPRs** [1] - 4:19
**issued** [2] - 10:12, 22:1
**ITC** [1] - 6:24

**J**

**Jack** [1] - 3:19
**Jan** [1] - 17:9
**Jeffrey** [1] - 10:3
**Jennifer** [2] - 3:6, 3:13
**JENNIFER** [2] - 1:24, 2:9
**JOHN** [1] - 2:12
**joined** [1] - 3:11
**JORDAN** [1] - 2:6
**Jordan** [1] - 3:12
**Judge** [2] - 5:23, 17:8
**JUDGE** [1] - 1:24
**judgment** [1] - 15:15
**June** [1] - 1:21

**K**

**keep** [1] - 17:7
**Kennedy** [1] - 3:15
**Kerri** [1] - 3:12
**KERRI** [1] - 2:6
**Kerri-Ann** [1] - 3:12
**KERRI-ANN** [1] - 2:6
**Knobbe** [1] - 3:20
**KNOBBE** [1] - 2:14
**knowledge** [3] - 8:23, 10:24, 21:10
**known** [1] - 10:10

**L**

**LABORATORIES** [1] - 1:16
**lacks** [3] - 7:15, 16:9, 18:18
**Lanham** [2] - 20:12, 21:4
**Laron** [1] - 3:19
**LARSON** [1] - 2:15
**last** [1] - 3:7
**launch** [1] - 7:21
**launched** [1] - 4:8
**law** [6] - 10:6, 12:4, 12:5, 12:21, 21:2, 21:5
**lawsuit** [1] - 17:6
**legal** [6] - 6:3, 6:6, 6:11, 15:23, 16:25, 17:2
**level** [1] - 16:19
**leveraging** [2] - 16:5, 19:17
**likely** [1] - 20:20
**Limbeek** [1] - 3:13
**LIMBEEK** [1] - 2:6
**line** [1] - 3:19
**linked** [1] - 11:20
**listed** [3] - 9:23, 11:25, 13:2
**lists** [1] - 4:14
**literally** [1] - 20:15
**litigation** [1] - 7:20
**LLC** [3] - 1:6, 1:14, 6:7
**LLP** [4] - 2:3, 2:5, 2:8, 2:14
**look** [1] - 21:15
**low** [1] - 16:20

**M**

**MAGISTRATE** [1] - 1:24
**Malz** [1] - 3:12
**MALZ** [1] - 2:6
**managed** [1] - 13:14
**manner** [1] - 8:25
**Mar** [1] - 6:9
**Mark** [1] - 3:13
**MARK** [1] - 2:9
**market** [24] - 7:21, 16:6, 16:7, 16:17, 17:7, 17:14, 17:15, 17:16, 17:19, 17:22,

17:24, 18:5, 18:6, 18:7, 18:11, 18:13, 18:14, 18:15, 18:16, 18:17, 18:22, 19:13, 19:18, 19:20
**marketing** [1] - 13:11
**MARTENS** [1] - 2:14
**Martens** [1] - 3:20
**MASIMO** [4] - 1:6, 1:8, 1:14, 1:16
**Masimo** [61] - 3:17, 4:8, 4:10, 4:12, 4:16, 4:18, 4:21, 5:2, 5:7, 5:13, 6:18, 6:24, 6:25, 7:3, 7:6, 7:8, 7:19, 7:21, 7:23, 9:17, 10:1, 10:8, 10:13, 11:16, 11:17, 11:18, 12:19, 13:2, 14:4, 14:8, 14:14, 14:17, 15:1, 15:4, 16:2, 16:9, 16:12, 16:13, 16:16, 16:17, 16:23, 17:13, 17:17, 17:20, 17:24, 18:2, 18:5, 18:20, 18:24, 19:6, 19:11, 19:12, 19:18, 20:3, 20:8, 20:15, 20:19, 20:21, 21:9, 21:17
**Masimo's** [31] - 5:4, 5:6, 5:16, 5:18, 5:20, 8:1, 9:10, 9:11, 9:13, 10:16, 10:18, 11:6, 11:10, 11:19, 12:8, 13:6, 13:13, 15:6, 15:21, 17:14, 18:7, 18:19, 19:4, 19:7, 19:14, 19:16, 19:22, 19:23, 20:5, 20:11, 21:7
**material** [7] - 10:9, 10:15, 11:3, 13:1, 14:21, 15:3
**materiality** [1] - 14:5
**MCLAUGHLIN** [1] - 2:12
**mean** [2] - 4:5, 12:15
**measure** [1] - 17:16
**measurement** [2] - 18:18, 20:24
**measuring** [1] - 21:18
**meet** [1] - 14:3
**meets** [1] - 18:22
**Megan** [1] - 3:14
**mentioned** [2] - 18:25, 20:7
**merits** [1] - 21:12
**Michele** [2] - 1:25, 22:13

**might** [1] - 21:12
**Milici** [1] - 3:13
**MILICI** [1] - 2:9
**misleading** [1] - 20:25
**misrepresentations** [2] - 10:14, 11:4
**misrepresented** [2] - 11:4, 11:8
**moment** [1] - 4:3
**monitoring** [1] - 7:19
**monopolist** [1] - 16:18
**monopolization** [2] - 15:21, 15:22
**monopoly** [4] - 16:5, 18:4, 18:23, 19:17
**months** [1] - 7:9
**Moore** [1] - 3:11
**MOORE** [2] - 2:3, 3:10
**moreover** [1] - 10:24
**most** [2] - 13:24, 21:17
**motion** [9] - 6:3, 8:5, 8:8, 9:1, 12:20, 14:7, 17:23, 20:5, 20:13
**motions** [7] - 3:7, 3:24, 4:1, 6:13, 9:9, 21:24, 22:6
**moved** [6] - 4:25, 5:4, 5:11, 5:18, 7:13, 9:10
**moves** [1] - 6:14
**moving** [2] - 9:9, 15:18
**MR** [2] - 3:10, 3:18
**must** [1] - 10:25
**Myers** [7] - 10:3, 11:11, 11:13, 12:3, 12:9, 14:20, 14:22

**N**

**named** [2] - 10:3, 13:14
**Named** [2] - 11:11, 11:22
**Natalie** [1] - 3:15
**nature** [1] - 12:18
**nearly** [1] - 8:12
**necessary** [1] - 5:25
**need** [1] - 20:19
**needs** [1] - 13:25
**never** [1] - 13:18
**next** [4] - 15:20, 17:13, 18:2, 18:24
**non** [2] - 11:24, 12:25
**non-ornamental** [2] - 11:24, 12:25
**none** [1] - 20:14
**nonetheless** [1] - 10:25

**Nos** [1] - 5:9
**NOTE** [1] - 3:3
**notes** [1] - 22:11
**number** [2] - 4:18, 13:3

**O**

**object** [1] - 22:2
**objections** [1] - 22:5
**obtained** [3] - 16:4, 16:14, 19:10
**obtaining** [2] - 9:16, 18:4
**occur** [1] - 16:20
**OF** [1] - 1:2
**offered** [2] - 6:18, 7:11
**OLSON** [1] - 2:14
**one** [6] - 9:13, 9:19, 11:2, 16:3, 18:8, 18:12
**opposed** [1] - 6:18
**order** [1] - 22:3
**ornamental** [2] - 11:24, 12:25
**outset** [1] - 5:24
**overseas** [1] - 18:12
**owed** [1] - 12:9

**P**

**P.A** [1] - 2:12
**p.m** [2] - 3:4, 22:9
**paragraph** [1] - 7:6
**parameter** [1] - 20:23
**parameters** [1] - 17:17
**part** [1] - 16:3
**particular** [7] - 4:4, 6:23, 9:14, 10:1, 13:14, 21:20, 22:6
**particularity** [1] - 10:21
**parties** [8] - 4:13, 4:15, 5:22, 21:13, 21:14, 21:20, 22:4
**parties'** [1] - 21:15
**party** [2] - 4:5, 22:2
**past** [2] - 12:20, 15:15
**patent** [10] - 11:15, 13:14, 13:15, 14:8, 14:10, 14:11, 16:4, 16:14, 20:1, 21:20
**patentability** [2] - 10:15, 14:22
**patented** [1] - 13:11
**patents** [35] - 4:10, 4:22, 5:8, 5:16, 7:17, 7:19, 7:23, 8:4, 8:11, 8:16, 8:18, 8:23, 9:5, 9:16, 9:19, 9:20,

9:22, 10:7, 10:9, 10:10, 10:11, 10:15, 11:13, 11:25, 12:5, 12:23, 14:7, 14:12, 14:19, 19:10, 19:11, 19:13, 21:10, 21:16
**patents'** [1] - 12:22
**pending** [4] - 3:7, 3:24, 3:25, 21:24
**percent** [4] - 18:7, 18:10, 18:11, 18:22
**performance** [1] - 16:21
**permitted** [2] - 14:9, 21:5
**person** [1] - 12:11
**persons** [1] - 12:23
**Pharms** [1] - 17:8
**phase** [1] - 15:17
**Phillips** [1] - 3:19
**PHILLIPS** [3] - 2:12, 2:12, 3:18
**physiological** [4] - 17:17, 18:18, 20:23, 21:18
**PICKERING** [1] - 2:8
**Plaintiff** [3] - 1:4, 1:12, 2:10
**plaintiff** [1] - 17:1
**plaintiffs** [1] - 4:7
**plausible** [4] - 8:15, 8:18, 13:20, 18:21
**plausibly** [11] - 6:17, 7:10, 7:16, 7:18, 7:25, 8:22, 9:6, 15:2, 17:14, 18:2, 18:25
**plead** [2] - 11:7, 13:23
**pleaded** [2] - 14:1, 20:15
**pleading** [7] - 6:5, 10:25, 11:19, 12:8, 13:22, 17:14, 18:7
**pleadings** [3] - 5:24, 10:22, 21:14
**pleads** [1] - 8:14
**Poe** [1] - 3:15
**points** [3] - 13:2, 14:8, 19:9
**popular** [1] - 18:12
**portfolio** [1] - 7:3
**position** [2] - 13:1, 13:10
**potentially** [1] - 20:16
**Potter** [1] - 3:11
**POTTER** [1] - 2:3
**Powell** [1] - 3:20
**POWELL** [1] - 2:15
**power** [4] - 13:4, 18:4, 18:23, 19:17
**practitioner** [1] - 13:4

**pre** [1] - 21:9
**pre-suit** [1] - 21:9
**predatory** [2] - 16:7, 20:1
**preference** [1] - 6:10
**preparation** [1] - 12:12
**preparing** [1] - 7:21
**presence** [1] - 16:20
**prices** [1] - 16:19
**primarily** [1] - 5:22
**probability** [1] - 18:4
**Procedure** [1] - 10:21
**proceeding** [2] - 22:8, 22:12
**proceedings** [2] - 4:15, 15:5
**process** [4] - 11:23, 13:15, 16:25, 17:2
**Process** [7] - 16:5, 16:15, 16:24, 19:2, 19:3, 19:8, 20:4
**product** [4] - 7:5, 7:22, 17:7, 20:23
**products** [4] - 4:11, 4:13, 7:3, 16:22
**properly** [1] - 13:9
**proportional** [1] - 20:8
**prosecute** [3] - 10:6, 12:4, 12:22
**prosecution** [10] - 11:12, 11:14, 12:12, 12:23, 13:14, 13:15, 14:6, 14:18, 14:20, 14:23
**prosecutors** [1] - 13:12
**prove** [3] - 9:3, 13:22, 14:14
**proven** [1] - 13:17
**proximate** [1] - 20:18
**PTO** [8] - 11:5, 12:2, 12:7, 12:10, 13:3, 13:12, 15:4, 15:10
**publically** [1] - 7:24
**publically-announced** [1] - 7:24
**purpose** [3] - 7:24, 8:1, 12:5
**push** [1] - 7:20
**put** [2] - 21:23, 22:3

**Q**

**qualifies** [1] - 16:3
**questions** [2] - 19:20, 20:2

| **R** | | | | |
|---|---|---|---|---|
| **raise** [5] - 6:21, 8:15, 15:7, 18:21, 20:17<br>**raising** [1] - 20:19<br>**rather** [1] - 5:23<br>**rationale** [1] - 8:8<br>**read** [1] - 6:2<br>**ready** [1] - 3:23<br>**real** [1] - 20:1<br>**reasonable** [6] - 6:21, 13:24, 14:1, 15:8, 20:17, 20:19<br>**reasonably** [1] - 11:1<br>**reasons** [5] - 4:2, 8:13, 8:21, 15:10, 17:10<br>**recitation** [1] - 6:6<br>**recite** [1] - 5:25<br>**recommend** [6] - 3:25, 15:10, 17:25, 20:5, 20:13, 21:4<br>**recommendation** [7] - 3:24, 4:3, 6:7, 8:7, 15:24, 21:22, 21:25<br>**record** [1] - 6:2<br>**refer** [1] - 21:25<br>**reference** [1] - 16:1<br>**references** [3] - 14:21, 15:6, 15:8<br>**refers** [1] - 8:10<br>**regarding** [2] - 4:12, 8:12<br>**reject** [1] - 19:7<br>**rejected** [1] - 17:10<br>**rejection** [1] - 14:11<br>**relate** [1] - 21:17<br>**related** [1] - 12:16<br>**relates** [1] - 12:15<br>**relating** [4] - 4:10, 7:19, 8:4, 8:11<br>**released** [1] - 7:8<br>**relevant** [5] - 12:10, 17:2, 17:14, 17:21, 17:24<br>**report** [5] - 3:23, 6:7, 15:24, 21:22, 21:25<br>**REPORTER 'S** [1] - 3:3<br>**representations** [3] - 13:12, 20:16, 20:18<br>**request** [3] - 4:13, 15:10, 17:25<br>**required** [1] - 13:22<br>**requires** [1] - 10:22<br>**resolve** [1] - 5:25<br>**resources** [1] - 22:5<br>**respect** [4] - 11:9, 14:5, 16:24, 20:23<br>**respective** [2] - 9:15, | 9:25<br>**responds** [1] - 6:20<br>**result** [2] - 20:20, 20:24<br>**rise** [1] - 14:1<br>**rising** [1] - 21:3<br>**role** [1] - 13:10<br>**Rolfe** [2] - 1:25, 22:13<br>**RPR** [2] - 1:25, 22:13<br>**Rule** [1] - 10:20<br>**rule** [1] - 10:21<br>**Ruling** [1] - 1:21<br>**run** [1] - 22:3<br>**Ryan** [1] - 3:19<br>**RYAN** [1] - 2:16<br>**Ryobi** [1] - 6:8<br><br>**S**<br><br>**sales** [1] - 18:9<br>**Samsung** [1] - 18:12<br>**satisfy** [2] - 10:17, 10:20<br>**saw** [1] - 4:13<br>**scheme** [1] - 10:4<br>**second** [1] - 19:16<br>**secret** [1] - 4:16<br>**secretarial** [1] - 12:18<br>**Section** [2] - 15:22, 20:6<br>**see** [1] - 21:16<br>**seeking** [1] - 16:13<br>**seeks** [3] - 15:20, 20:8, 20:11<br>**selected** [2] - 12:4, 13:15<br>**selection** [1] - 12:21<br>**sell** [3] - 6:18, 7:11, 16:21<br>**selling** [1] - 16:13<br>**sells** [1] - 4:7<br>**sensor** [3] - 9:22, 11:13, 11:14<br>**sensors** [1] - 9:18<br>**separate** [2] - 10:6, 19:19<br>**set** [5] - 6:6, 9:13, 15:22, 16:19, 16:20<br>**several** [1] - 20:15<br>**shape** [1] - 9:17<br>**Shape** [1] - 15:24<br>**share** [8] - 18:6, 18:9, 18:10, 18:13, 18:14, 18:15, 18:16, 18:22<br>**Sherman** [3] - 15:22, 20:5, 21:4<br>**side** [1] - 21:21<br>**single** [1] - 13:23<br>**smart** [6] - 18:9, 18:11, 18:13, 18:14, | 18:16, 18:17<br>**so-called** [1] - 20:1<br>**sold** [2] - 6:18, 7:11<br>**sort** [1] - 15:18<br>**Sound** [26] - 4:21, 4:24, 5:8, 5:10, 6:12, 6:14, 6:16, 6:17, 6:21, 7:1, 7:4, 7:11, 7:13, 7:16, 7:23, 8:1, 8:2, 8:3, 8:5, 8:8, 8:13, 8:15, 8:17, 8:22, 9:1, 9:3<br>**SOUND** [2] - 1:6, 1:14<br>**speaking** [1] - 5:22<br>**specific** [10] - 10:22, 11:2, 11:5, 11:7, 11:19, 11:20, 13:23, 15:3, 15:9<br>**specifically** [1] - 6:16<br>**specification** [1] - 14:9<br>**specifications** [1] - 14:11<br>**spent** [1] - 22:5<br>**squarely** [1] - 17:10<br>**stage** [6] - 13:22, 14:24, 18:23, 19:15, 21:1, 21:13<br>**standard** [5] - 6:3, 6:4, 10:21, 14:3, 16:21<br>**standards** [3] - 6:7, 6:11, 15:23<br>**standing** [1] - 16:10<br>**start** [1] - 6:12<br>**started** [1] - 3:7<br>**state** [8] - 4:25, 5:5, 5:12, 6:4, 6:15, 7:14, 21:2, 21:5<br>**statements** [1] - 20:15<br>**STATES** [2] - 1:1, 1:24<br>**states** [2] - 19:6, 20:4<br>**stenographic** [1] - 22:11<br>**STEPHEN** [1] - 2:15<br>**Steve** [1] - 3:19<br>**store** [1] - 19:23<br>**stricken** [2] - 10:17, 10:20<br>**strike** [7] - 3:8, 3:24, 5:5, 5:20, 9:11, 10:18, 15:11<br>**subsequently** [1] - 7:8<br>**substantially** [2] - 9:21, 12:11<br>**substantive** [2] - 13:6, 13:8<br>**substantively** [2] - 12:15, 14:23<br>**substitutes** [1] - 20:22<br>**succeed** [1] - 16:17 | **sufficient** [8] - 7:15, 8:14, 10:25, 14:3, 14:7, 15:7, 18:23, 19:4<br>**sufficiently** [1] - 12:9<br>**suggest** [3] - 7:10, 7:16, 13:13<br>**suggesting** [2] - 6:17, 15:14<br>**suit** [2] - 21:9, 21:21<br>**summarize** [1] - 4:2<br>**summary** [1] - 15:15<br>**support** [1] - 9:17<br>**supporting** [1] - 14:10<br>**survive** [1] - 14:7<br><br>**T**<br><br>**team** [1] - 3:13<br>**Technologies** [1] - 6:8<br>**Technology** [1] - 15:25<br>**teleconference** [1] - 3:3<br>**Telephonic** [1] - 1:21<br>**THE** [5] - 1:1, 1:2, 3:5, 3:16, 3:21<br>**theories** [1] - 20:2<br>**theory** [7] - 19:3, 19:16, 19:21, 19:23, 19:25, 20:4, 20:9<br>**thereto** [1] - 12:16<br>**third** [1] - 19:23<br>**Thomas** [1] - 3:15<br>**three** [2] - 16:7, 18:11<br>**today** [1] - 22:3<br>**together** [1] - 18:21<br>**trade** [1] - 4:15<br>**Trade** [1] - 4:17<br>**transcript** [1] - 22:11<br>**TransWeb** [3] - 16:23, 17:3, 17:10<br>**treats** [1] - 21:2<br>**trial** [2] - 15:17, 15:19<br>**tried** [2] - 15:17, 15:19<br>**Trios** [1] - 15:24<br>**true** [7] - 7:10, 11:10, 13:6, 13:13, 16:20, 20:17, 22:10<br>**Tuesday** [1] - 1:21<br>**turning** [1] - 8:7<br>**two** [4] - 11:4, 16:5, 18:10, 20:2<br>**types** [1] - 19:1<br><br>**U**<br><br>**U.S** [4] - 18:6, 18:9, 18:13, 22:13<br>**UCL** [1] - 21:3 | **ultimately** [1] - 14:14<br>**under** [4] - 13:3, 15:22, 20:4, 20:12<br>**underlying** [1] - 20:16<br>**undisclosed** [3] - 15:2, 15:5, 15:8<br>**unfair** [1] - 5:15<br>**UNITED** [4] - 1:1, 1:6, 1:14, 1:24<br>**United** [22] - 4:21, 4:24, 5:8, 5:11, 6:13, 6:14, 6:16, 6:17, 6:21, 7:1, 7:11, 7:13, 7:16, 7:23, 8:1, 8:2, 8:3, 8:13, 8:15, 8:17, 8:22, 9:4<br>**United 's** [4] - 7:4, 8:5, 8:8, 9:1<br>**unreasonable** [1] - 18:20<br>**up** [3] - 19:4, 21:23, 22:3<br>**user** [1] - 21:17<br>**user-worn** [1] - 21:17<br>**utility** [12] - 5:8, 5:16, 8:11, 9:16, 9:19, 10:7, 11:25, 12:5, 14:6, 14:9, 14:12, 14:18<br><br>**V**<br><br>**variety** [1] - 13:9<br>**various** [1] - 5:14<br>**viability** [1] - 19:20<br>**viable** [1] - 20:9<br>**voluminous** [1] - 5:24<br><br>**W**<br><br>**W1** [11] - 4:9, 6:19, 7:8, 7:11, 7:22, 7:24, 8:2, 8:23, 16:13, 20:21, 21:1<br>**Walker** [7] - 16:4, 16:14, 16:24, 19:2, 19:3, 19:8, 20:4<br>**watch** [32] - 4:8, 4:9, 4:13, 6:19, 6:25, 7:8, 7:12, 7:20, 7:21, 7:25, 8:2, 8:3, 8:23, 16:6, 16:13, 16:17, 16:21, 17:15, 18:5, 18:7, 18:9, 18:11, 18:13, 18:14, 18:15, 18:16, 18:17, 19:19, 19:22, 20:21, 20:22, 21:1<br>**watches** [2] - 4:7, 18:17 |

**wearable** [1] - 8:11
**week** [1] - 3:7
**wherein** [1] - 15:5
**whole** [1] - 19:19
**wholly** [1] - 12:17
**willful** [3] - 7:13, 9:6, 21:7
**willfully** [1] - 9:5
**willfulness** [1] - 8:20
**Wilmer** [1] - 3:13
**WILMER** [1] - 2:8
**Wilmington** [1] - 1:20
**withheld** [6] - 10:8, 11:2, 11:4, 11:8, 14:12, 15:9
**WL** [3] - 6:8, 15:25, 17:9
**worn** [2] - 17:16, 21:17
**wristwatches** [1] - 17:16