## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1377-MN-JLH |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and ) | |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

### NOTICE OF SUBSEQUENT AUTHORITY

Under Local Rule 7.1.2(b), Apple Inc. ("Apple") hereby submits this Notice of Subsequent Authority regarding the parties' Joint Claim Construction Brief for Apple Asserted Patents, D.I. 273. On November 21, 2023, the Patent Trial and Appeal Board ("PTAB") denied institution of Masimo's Petition requesting *inter partes* review of U.S. Patent No. D735,131 (the "D'131 Patent"), which directly addresses issues in dispute in the Markman proceedings. *See* Exhibit 1 (IPR2023-00831, Paper 9). In particular, the PTAB's decision denying institution is relevant to the Court's consideration of Masimo's arguments that claim construction should account for the alleged functionality of elements of Apple's design patents.

First, the PTAB rejected the same functionality arguments Masimo offered before this Court during the Markman proceedings. Ex. 1 at 12. ("Petitioner appears to encourage us to treat claim elements that are at some level functional, the same as indicia shown in broken lines such

that the functional elements do not form part of the claimed invention. We do not read *Richardson*[1] or *Campbell*[2] this way, nor . . . does *Sport Dimension*[3] adopt such a position where it refers to *Richardson*."). The PTAB explained:

> Most, if not all, "articles of manufacture" have a utilitarian or functional purpose. For example, a table is an article of manufacture which may have legs to (functionally) support the table and a flat table top surface for (functionally) supporting some other structure, article, or material. If we were to pursue a literal reading of *Richardson* a table would likely not be patentable as a design. We would factor out the legs, and factor out the table top, including any ornamentation, leaving, well—nothing to patent from a design perspective at least. *See Sport Dimension*, 820 F.3d at 1320 (The Court explaining that "a design patent's claim protects an article of manufacture, which necessarily serves a utilitarian purpose.") (internal quotations omitted); see also *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015) (The Federal Circuit maintaining that "the district court's construction of the Design Patents to have no scope whatsoever fails to account for the particular ornamentation of the claimed design and departs from our established legal framework for interpreting design patent claims.").

*Id*. at 14; *see also id.* at 15 ("In this proceeding, we will not throw the baby out with the bathwater, that is—we decline to ignore the relevant ornamental characteristics of functional elements of the claimed design.").

Further, the PTAB found that "***Petitioner*** [i.e., ***Masimo***] has, in fact, presented evidence that there are ***multiple alternative designs*** for chargers that perform the ***same or similar charging function***." *Id.* at 17 (citing Masimo's arguments invoking "the ubiquitous use of cylindrical shapes for prior art chargers.") (emphasis added).

Regarding claim construction, Apple in its Preliminary Patent Owner Response did not offer a claim construction of its own for the D'131 patent, and instead argued against Masimo's

---

[1] *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010).
[2] *Campbell Soup Co. v. Gamon Plus, Inc.*, IPR2017-00096, Paper 28, at 7 (PTAB Mar. 30, 2017).
[3] *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1321 (Fed. Cir. 2016).

proposed construction.  IPR2023-00031, Paper 8 at 3-14.  Apple described the drawings of the D'131 patent to do so, and the PTAB primarily used that description to craft a claim construction for the D'131 patent, which the PTAB found helpful in denying Masimo's IPR petition.  Exhibit 1 at 18.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, <br><br> POTTER ANDERSON & CORROON LLP |
| John M. Desmarais <br> Jordan N. Malz <br> Cosmin Maier <br> Kerri-Ann Limbeek <br> Jeffrey Scott Seddon, II <br> DESMARAIS LLP <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 351-3400 | By: */s/ David E. Moore* <br>    David E. Moore (#3983) <br>    Bindu A. Palapura (#5370) <br>    Andrew L. Brown (#6766) <br>    Hercules Plaza, 6th Floor <br>    1313 N. Market Street <br>    Wilmington, DE 19801 <br>    Tel: (302) 984-6000 <br>    dmoore@potteranderson.com <br>    bpalapura@potteranderson.com <br>    abrown@potteranderson.com |
| Peter C. Magic <br> DESMARAIS LLP <br> 101 California Street <br> San Francisco, CA 94111 <br> Tel: (415) 573-1900 | *Attorneys for Plaintiff/Counter-Defendant Apple Inc.* |

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated:  November 28, 2023
11183141 / 12209.00051