## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>    *Defendants*. | C.A. No. 1:22-cv-01377-MN-JLH |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING JOINT CLAIM CONSTRUCTION BRIEF**

Apple's Notice of Subsequent Authority (D.I. 417) attaches as Exhibit 1 ("Ex. 1") the Patent Trial and Appeal Board's ("Board") denial of institution of *inter partes* review for the D'131 Patent. Masimo herein apprises the Court of the Board's decision.

**1.    The Board Relied On Apple's Detailed Descriptions Of The Claimed Design In Giving The Claimed Design A Detailed Verbal Construction**

Apple states that it "did not offer a claim construction" to the Board. D.I. 417 at 2-3. But the Board set forth Apple's detailed claim construction of the D'131 Patent in its opinion, explaining that:

> Patent Owner specifically argues that the '131 patent
>
> claims a unique, elegant design for a "Charger" that has an overall appearance of a compact puck shape having a top face with a circular concave recess that evokes an elegant nest or cradle appearance. As illustrated below, the claimed design includes an overall cylindrical shape, with a circular shape that is visible in plan and bottom views (blue). A top major face is dominated by a prominent circular concave recess (green) that is inset relative to a flat ring (blue). As shown, the compact puck shape has a distinctive ratio of width (e.g., diameter) to height. The claimed design includes non-orthogonal transitions (e.g., curved or beveled edges) between the major faces and the sidewall (blue). Both the claimed sidewall and bottom major face of the design patent are continuous and lack features such as a protrusions, breaks, openings, or recesses.

Ex. 1, p. 11 (internal citations omitted).  Apple's detailed claim construction to the Board corresponds to the descriptions of the scope of the claimed design on which Masimo relied in its claim construction briefing and at the hearing in this action.  D.I. 273 at 18-21.

Apple also suggests that the Board relied solely on the patent figures rather than detailed descriptions or claim constructions of those figures.  D.I. 417 at 2-3.  But the Board provided a detailed verbal description of the claimed design and explained that "[i]n this case, *a verbal description of the claimed design is helpful to our analysis*."  Ex. 1, p. 18 (emphasis added).  Indeed, the Board stated:

> Our claim construction, below, is based on, and paraphrased to some extent, from [Apple's] proposed construction":
>
> Considering the overall visual impression of the claimed charger as shown in Figures 1–11 of the '131 patent, the charger has an overall appearance of a compact ice hockey puck shape having a top face with a circular recess that evokes a contemporary appearance. The claimed design includes an overall cylindrical shape, with a circular shape that is visible in plan and bottom views. The top face is dominated by a prominent circular recess that is inset relative to a flat ring having a distinct proportional width relative to the circular recess. The overall cylindrical shape has a distinctive ratio of width (e.g., diameter) to height that, as shown in the figures of the claimed design, evoking the overall appearance of a compact ice hockey puck shape.
>
> The overall cylindrical shape includes non-orthogonal transitional edges (e.g., beveled or curved edges) between the sidewall and the top and bottom faces which contributes to the charger's overall compact ice hockey puck appearance. The featureless flat bottom surface and sidewall are shown as continuous, unbroken, and uninterrupted by features that distract from the continuity of the design, and also contribute to the charger's overall compact ice hockey puck appearance.

*Id.*, p. 18.  Again, these correspond to the descriptions on which Masimo relied in its briefing and at the hearing.  D.I. 273 at 18-21.

In addition, consistent with Masimo's proposed constructions for the D'131 Patent, the Board found that the claimed circular recess need not be concave. Ex. 1, p. 19 ("We cannot discern

from the figures that the circular recess as illustrated in the Figures is concave."), 20 ("surface contours illustrating concavity would conventionally be shown by multiple shade lines or stippling, not simply a circular line which appears to be a lower inner corner, or edge, of the flat ring"), 20 ("We appreciate that the commercial embodiment of the claimed charger may show a concave recess, but the conventional surface shading or stippling necessary to effectively show contours indicative of a concave surface in a design patent are not illustrated in any of Figures 1–11 of the '131 patent.").

The Board further agreed with Masimo that the scope of the claim is properly construed as including a flat ring having a distinct width.  *Id.* ("we add the visually distinctive characteristic of the 'flat ring having a distinct proportional width relative to the circular recess'").

2. **The Board Ignored *Berry Sterling* Factors And Failed To Account For Functional Aspects In Construing The Claimed Design**

The Board ignored most of the *Berry Sterling* factors (concomitant utility patents, etc.) that are "a useful guide for claim construction functionality."  *Id.* at 13-21; *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).  The Board addressed only alternative designs, Ex. 1, p. 13-21, which "may or may not assist" in the functionality analysis. *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed. Cir. 1997).  As such, the Board disregarded that "alternative designs join the list of other appropriate considerations" that the Board should have, but did not, consider.  *Id.*

3. **The Board Adopted The Substance Of Masimo's Approach To Functionality**

The Board endorsed and adopted Masimo's proposed approach regarding the functionality of the claimed design.  Masimo presented evidence showing that various aspects of the D'131 Patent's claimed design were functional and should be "factored out" of the claimed design's scope.  Ex. 1, p. 10 (quoting *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir.

2010)). However, by "factored out," Masimo did not mean eliminating entire features from the claimed design's scope. Rather, Masimo proposed limiting the scope of the D'131 Patent to the non-functional (i.e., ornamental) aspects of the claimed design.

Consistent with Masimo's approach, the Board stated that it would focus on "the relevant *ornamental characteristics of* functional elements of the claimed design." Ex. 1, p. 15 (emphasis added). The Board further stated that, "the overall cylindrical appearance of the claimed design is not to be generally described or given broad scope…." *Id.*, p.17. Examples of implementing this approach included the Board stating that it would not "discount the *ornamentality of* the flat ring along with the recessed center portion as part of the overall appearance of the claimed design" and would "determine the proper scope based on the *visual ornamentality of* the cylindrical shape." *Id.*, pp. 16, 17 (emphases added).

That is the approach that Masimo asked the Board and this Court to adopt—namely, adopting a detailed verbal construction that does not give broad scope to the functional elements and focuses on the ornamental aspects of the functional elements. *See, e.g.*, *Sport Dimension*, 820 F.3d at 1320 ("the scope of a design patent claim 'must be limited to the ornamental aspects of the design.'") (internal citation omitted).

4.      **The Board Relied On A Test The Federal Circuit Is Reconsidering *En Banc***

Finally, as Masimo has previously explained, the Board's decision not to institute *inter partes* review was based on applying obviousness case law that the Federal Circuit is currently reviewing *en banc*. *See* D.I. 298.

-5-

December 1, 2023

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
Stephen.larson@knobbe.com
Ben.katzenellenbogen@knobbe.com
Jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam B. Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*
    John C. Phillips, Jr. (#110)
    Megan C. Haney (#5016)
    1200 North Broom Street
    Wilmington, DE 19806
    (302) 655-4200 Telephone
    (302) 655-4210 Fax
    jcp@pmhdelaw.com
    mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com |
| John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

December 1, 2023

                                                      */s/ John C. Phillips, Jr.*
                                                       John C. Phillips, Jr.