**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| | ) C.A. No. 22-1377-MN-JLH |
|    v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
|        Defendants. | ) |
| MASIMO CORPORATION, | ) |
| | ) |
|        Counter-Claimant, | ) |
| | ) |
|    v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
|        Counter-Defendant. | ) |
| APPLE INC., | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    v. | ) C.A. No. 22-1378-MN-JLH |
| | ) |
| MASIMO CORPORATION and | ) **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) |
| | ) |
|        Defendants. | ) |
| MASIMO CORPORATION and | ) |
| CERCACOR LABORATORIES, INC., | ) |
| | ) |
|        Counter-Claimants, | ) |
| | ) |
|    v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
|        Counter-Defendant. | ) |

**JOINT INTERIM STATUS REPORT**

Pursuant to the Court's Amended Scheduling Order in the above captioned cases (C.A. No. 22-1377 ("the 1377 Case"), D.I. 338; C.A. No. 22-1378 ("the 1378 Case"), D.I. 359), plaintiff and counter-defendant Apple Inc. ("Apple"), and defendants and counterclaimants Masimo Corporation ("Masimo"), Sound United, LLC ("Sound United"), and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Defendants" or "Counterclaimants") respectfully submit this Joint Interim Status Report.

## NATURE OF THE MATTERS IN ISSUE

Apple filed the 1377 Case on October 20, 2022, asserting that Masimo and Sound United willfully infringe four of Apple's design patents through, e.g., the sale of Masimo's W1 watch and its charger.  Apple also accuses Masimo's Freedom watch and Health Module of infringing Apple's design patents.  Masimo denies Apple's claims.  Among other defenses, Masimo contends that the accused products do not infringe the asserted patents, the patents are invalid, and the patents are unenforceable for inequitable conduct. (*See* 1377 Case, D.I. 31. (counterclaims and defenses).)

On October 20, 2022, Apple filed the 1378 Case, asserting that Masimo and Sound United willfully infringe six of Apple's utility patents through, e.g., the sale of Masimo's W1 watch. Apple also accuses Masimo's Freedom watch of infringing Apple's utility patents.  Masimo denies Apple's claims.  Among other defenses, Masimo contends that the accused products do not infringe the asserted patents, the patents are invalid, and three of the utility patents are unenforceable for inequitable conduct. (*See* 1378 Case, D.I. 15 (counterclaims and defenses).)

Masimo asserts counterclaims against Apple for antitrust violations, false advertising, deceptive trade practices, and unfair competition. (*See* 1378 Case, D.I. 15.)  Masimo and Cercacor further assert counterclaims for that Apple willfully infringed ten Masimo patents by selling the

2

Apple Watch.  (*See id.*[1])  Apple denies Masimo's claims.  Among other defenses, Apple contends

Masimo cannot show that Apple engaged in anticompetitive conduct or that Masimo suffered any

antitrust injury in a relevant market. Apple also contends that, to the extent the claims arise from

misappropriation or infringement of Masimo's intellectual property, they are barred by *res*

*judicata*.[2] Apple also contends that Apple Watch does not infringe any Masimo asserted patent,

that those patents are invalid, and that those patents are unenforceable.

On January 10, 2023, Apple moved unopposed for a stay of Masimo's counterclaims on

five patents because Masimo asserted those patents in a parallel proceeding before the International

Trade Commission (Investigation No. 337-TA-1276).  (1378 Case, D.I. 24.)  On January 10, 2023,

the Court granted Apple's unopposed motion.  (1378 Case, D.I. 25).  The Court ordered that within

"14 days of the conclusion of the ITC matter, including all appeals, as to any one or more of the

above patents, the parties shall file a joint status report notifying the Court of such conclusion and

the patent(s) to which it applies, and propose how the Court should proceed as to such patent(s)."

*Id.*

On October 26, 2023, the ITC found that Apple violated Section 337 by infringing two of

Masimo's patents, U.S. Patent Nos. 10,912,502 ("the 502 patent") and 10,945,648 ("the 648

patent").  Apple appealed that decision to the Federal Circuit on December 26, 2023.  *Apple Inc.*

*v. ITC*, No. 24-1285 (Fed. Cir.).  That appeal is pending.  None of the parties appealed the ITC's

decision on three of Masimo's patents, U.S. Patent Nos. 10,912,501 ("the 501 patent"), 10,687,745

("the 745 patent"), and 7,761,127 ("the 127 patent").  Because the ITC proceeding is complete

---

[1] Five of Masimo's and Cercacor's patent-infringement counterclaims have been stayed pursuant to 28 U.S.C. § 1659 for involving patents that are currently at issue in the parties' parallel ITC Investigation. (1378 Case, D.I. 25.)

[2] *Masimo Corp. et al v. Apple, Inc.*, C.A. No. 8:20-cv-00048-JVS-JDE, at D.I. 1723 (C.D. Cal. May 4, 2023) (granting in part Apple's motion for judgment as a matter of law).

with respect to these three patents, Masimo requests that the Court lift the stay on these three patents and proceed on a schedule to be proposed by the parties.

Apple disagrees with Masimo's request to lift the stay as to those three patents (a request Masimo first raised with Apple the evening before this report was due and on which the parties have not yet conferred). Lifting the stay would be inefficient because the 501 patent is in the same family as the 502 and 648 patents that are still being litigated on appeal. The 501 patent shares a common specification with the 502 patent and 648 patent, and they all claim priority to a common application. As to the 745 and 127 patents, they are both in IPRs for which the final written decisions are due on February 6, 2024. Thus, proceeding piecemeal is both inefficient and premature while the related appeals are ongoing and the PTAB's final decisions are forthcoming.

Masimo disagrees with Apple's position. Masimo will address Apple's position at an appropriate time.

## CLAIM CONSTRUCTION

The parties submitted Joint Claim Construction Charts on July 13, 2023 for both the Apple asserted patents (1377 Case, D.I. 173; 1378 Case, D.I. 170) and Masimo asserted patents. (1378 Case, D.I. 169.) The parties submitted Joint Claim Construction Briefs on August 31, 2023 for both the Apple asserted patents (1377 Case, D.I. 273; 1378 Case, D.I. 294) and the Masimo asserted patents. (1378 Case, D.I. 295.) The Court held a Markman hearing in both cases on September 14, 2023. The parties have filed Notices of Subsequent Authority regarding the Joint Claim Construction Briefs. (Apple: 1377 Case, D.I. 329, D.I. 346, D.I. 417; Masimo: 1377 Case, D.I. 334, D.I. 351, D.I. 419.) A decision regarding the parties' disputed constructions is pending.

## PROGRESS OF DISCOVERY

This Court entered a scheduling order governing both matters on May 25, 2023. (1377 Case, D.I. 103; 1378 Case, D.I. 92.) On September 21, 2023, this Court entered an amended scheduling order. (1377 Case, D.I. 338; 1378 Case, D.I. 359.)

Fact discovery closed on November 9, 2023.  Between February 2023 and the close of discovery, the parties served over 600 document requests, 100 interrogatories, 200 requests for admissions, and conducted roughly 80 fact witness depositions.

The parties have exchanged approximately 72 reports from 27 experts.  Reply reports were exchanged on January 5, 2024, and the first expert deposition was taken on January 10, 2024. Expert discovery closes on January 30, 2024.  The parties expect to conduct nearly all expert depositions by January 30.  The parties recognize that, to accommodate schedules, a few depositions may occur after the January 30 deadline.

## PENDING MOTIONS

### A.  Apple's Renewed Motions to Dismiss and Strike Masimo's Answer and Counterclaims

On February 21, 2023, Apple moved in each case to dismiss Masimo's counterclaims and to strike certain of its affirmative defenses. (1377 Case, D.I. 54; 1378 Case, D.I. 39.)  On June 20, 2023, Judge Hall issued a Report and Recommendation that recommended denying both of Apple's motions.  (1377 Case, D.I. 131; 1378 Case, D.I. 124.)  Masimo filed in each case a First Amended Answer and Counterclaims on June 23, 2023. (1377 Case, D.I. 138; 1378 Case, D.I. 132.)  That same day, Judge Hall denied Apple's pending motions as moot.  (1377 Case D.I. 139; 1378 Case, D.I. 133.)

On July 7, 2023, Apple renewed its motions to dismiss (1377 Case, D.I. 158; 1378 Case, D.I. 153) and, on October 24, 2023, Judge Hall issued a Report and Recommendation that recommended denying both Apple renewed motions. (1377 Case, D.I. 377; 1378 Case, D.I. 393.)

A decision regarding Apple's objections to the Report and Recommendation is currently pending, and, as such, Apple has not answered Masimo's counterclaims. (1377 Case, D.I. 392; 1378 Case, D.I. 413.)

**B.**   **Apple's Motion For  Protective Order To Prevent A Deposition Of Jeff Myers**

On November 9, 2023, Apple filed a letter brief requesting a protective order to prevent the deposition of Apple's Chief IP Counsel, Jeffrey Myers.  (1377 Case, D.I. 398.)   On November 10, 2023, Masimo opposed Apple's request for a protective order.  (1377 Case, D.I. 402.)  On November 13, 2023, the Court ordered the parties' lead and Delaware counsel to meet and confer in person in Delaware regarding the parties' discovery disputes, including Apple's request for a protective order.  (1377 Case, D.I. 405.)

Following the meet and confer, the parties notified the Court that one outstanding dispute remained regarding the deposition of Mr. Myers.  (1377 Case, D.I. 424; 1378 Case, D.I. 447.)  The parties resolved the other seven disputes.  The parties filed supplemental briefs regarding Apple's request for a protective order on January 8, 2023.  (1377 Case, D.I. 430, 431).  The in-person hearing regarding this dispute is set for January 16, 2023 at 2 p.m. ET.  (1377 Case, D.I. 425.)

**C.**   **Masimo's Motion To Stay The Apple Utility Patents**

On December 20, 2023, Masimo moved to stay Apple's claims asserting the Apple utility patents pending *inter partes* review.  (1378 Case, D.I. 444.)  Apple opposed on January 3, 2024. C.A. No. 22-1378, D.I. 449.  Masimo replied on January 10, 2024.  (1378 Case, D.I. 459.) Briefing on Masimo's motion is complete.

## CASE SCHEDULE

The Amended Case Schedule provides that the deadline for the parties to file "all case dispositive and *Daubert* motions," including "opening brief[s], statement of facts, and affidavits" is February 5, 2024. (1377 Case, D.I. 338 at 2; 1378 Case, D.I. 359 at 2.) Opposition briefs are due on February 21, 2024, and reply briefs are due on February 28, 2024.  *Id.*

A case management conference is currently scheduled for March 20, 2024 at 1 p.m.  *Id.* The Court ordered the parties to file a joint letter ten days prior to the conference, which is March 10.  *Id.*

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | PHILLIPS MCLAUGHLIN & HALL, P.A. |
| By: */s/ David E. Moore* | By: */s/ John C. Philips, Jr.* |
| David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew M. Moshos (#6685)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Tel:  (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>amoshos@potteranderson.com | John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, Delaware  19806<br>(302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com |
| *Attorneys for Plaintiff/Counter-Defendant Apple Inc.* | *Attorneys for Defendants Masimo Corporation and Sound United, LLC, Counterclaimant Cercacor Laboratories, Inc.,* |

Dated: January 12, 2024
11272450 / 12209.00051