**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,  )<br>  )<br>        Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>MASIMO CORPORATION and  )<br>SOUND UNITED, LLC,  )<br>  )<br>        Defendants.  )<br>MASIMO CORPORATION and  )<br>SOUND UNITED, LLC,  )<br>  )<br>        Counter-Claimants,  )<br>  )<br>    v.  )<br>  )<br>APPLE INC.,  )<br>  )<br>        Counter-Defendant.  )  | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>  **PUBLIC VERSION** |
| APPLE INC.,  )<br>  )<br>        Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>MASIMO CORPORATION and  )<br>SOUND UNITED, LLC,  )<br>  )<br>        Defendants.  )<br>MASIMO CORPORATION,  )<br>CERCACOR LABORATORIES, INC., and  )<br>SOUND UNITED, LLC,  )<br>  )<br>        Counter-Claimants,  )<br>  )<br>    v.  )<br>  )<br>APPLE INC.,  )<br>  )<br>        Counter-Defendant.  )  | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>  **PUBLIC VERSION** |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: January 8, 2024
11252030 / 12209.00051

 Public Version Dated: January 16, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

| | **TABLE OF EXHIBITS** |
|---|---|
| Exhibit | Description |
| 4 | 2023-11-16 Deposition of S. Craig Hemenway (Brownstein Hyatt Farber Schreck, LLP) |
| 5 | 2023-11-21 Deposition of Nicholas Stephens (Fish & Richardson PC) |
| 6 | 2023-11-17 Deposition of Dan Smith |
| 7 | 2023-11-14 Deposition of Tracy-Gene Durkin (Sterne, Kessler, Goldstein & Fox, PLLC) |
| 8 | 2023-09-01 Masimo's Rule 30(b)(6) Deposition Notice to Apple |

Re:   Apple's Supplemental Brief Re: Masimo's Request to Depose Apple's Chief IP Counsel

Dear Judge Hall:

Masimo has now deposed both (1) the Apple in-house employees with responsibility for managing outside counsel who prosecuted the patents at issue in Masimo's inequitable conduct theory, and (2) all outside counsel law firms that prosecuted those patents. According to all six witnesses—*i.e.*, the people inside and outside Apple closest to the prosecutions—Jeff Myers was not involved in prosecution of any of the asserted patents. This should be no surprise, as Mr. Myers runs Apple's IP department—prosecution alone having over ▌ employees—and is layers removed from the people who have in-house management functions relating to prosecution.

At the time the parties previously briefed this issue, Masimo had deposed Apple 30(b)(6) witnesses on Masimo's topics that included whether Mr. Myers was involved in prosecution or aware of allegedly withheld references. *See* 1377 D.I. 398; 1378 D.I. 419. Since that time, Masimo deposed four law firms—the full set of outside counsel who prosecuted the patents or handled the IPRs that included the allegedly withheld references—about those same topics. ***Everyone*** Masimo deposed—totaling over 18 hours of testimony—confirmed Mr. Myers was not involved. Without substantive involvement in prosecution, Mr. Myers is not a candidate for an inequitable conduct theory. *See* 1377 D.I. 381 ("Apple may request leave to reissue its subpoenas should further discovery evidence Mr. Jensen's substantive involvement in prosecution of the patents in suit.").

Pursuant to the Court's Order (1377 D.I. 405), lead counsel—John Desmarais for Apple, Joe Re for Masimo—conferred in-person in Wilmington on November 22, 2023. Masimo told Apple it would reconsider whether it would pursue a deposition of Mr. Myers. Masimo later decided it would maintain its request. When Apple pressed Masimo for a reason—despite having no evidence that Myers was involved in prosecution and all evidence confirming he was not—Masimo simply asserted it was entitled to depose Myers to have him confirm what every person, including those giving corporate testimony pursuant to Masimo's 30(b)(6) topics already swore to. Masimo would have the Court believe that there is a chance, despite the sworn testimony of everyone who was actually involved, Myers snuck into the patent prosecution process in secret without anyone who was actually involved being aware of it and that the only way to know is to depose Mr. Myers. It is nonsense, has no basis in relevance or proportionality, and is plainly a tactic to harass a senior executive. The Court should grant a protective order against the deposition.

**I. Outside counsel who prosecuted the patents confirmed Mr. Myers was not involved.**

Masimo subpoenaed and deposed four outside counsel—three firms and one individual—for over 10 hours relating to its inequitable conduct allegations. Unsurprisingly, those depositions confirmed once more that Mr. Myers was not involved in prosecution of the relevant patents.

Masimo deposed a representative of Brownstein Hyatt Farber Schreck, LLP, the firm that prosecuted Apple's asserted utility patents that Masimo accused of inequitable conduct. Masimo avoided asking whether Mr. Myers was involved in the prosecutions and instead limited its question to who at Apple was "aware" of the prosecutions. The representative testified ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Ex. 4 at 151:8-16, 156:6-10, 158:5-7 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ 159:6-8 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. On redirect Apple asked ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Ex. 4 at 258:10-262:6; *id.* at 262:4-6

The Honorable Jennifer L. Hall                                                                                                    Page 2
January 8, 2024

███████████████████████████████████████████████████████████████████████████████████████.

Masimo also took two separate depositions of Apple's outside counsel for the IPRs that involved prior art Masimo alleges should have been disclosed in prosecution of Apple's utility patents. Masimo deposed Fish & Richardson, PC, the firm that represented Apple in the IPRs. Based upon the representative's knowledge and an investigation performed by members of the team that represented Apple, he confirmed ████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ Ex. 5 at 93:9-96:16. Masimo also deposed an attorney who had left the Fish firm but had represented Apple in the IPRs while at Fish. He testified ████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████████ Ex. 6 at 109:22-110:3. ███████████████████████████████████, he also testified ████████████████████████████████████████████████████████████████████ Ex. 6 at 86:2-6.

Masimo also deposed Sterne, Kessler, Goldstein, & Fox, PLLC, the firm that prosecuted Apple's four design patents accused of inequitable conduct. The representative ████████ ████████████████████████████████████████████████████████████████████ Ex. 7 at 17:21-18:6, 20:22-21:15. Masimo never asked if Mr. Myers was involved in the prosecutions and instead limited its question to who at Apple was "aware" of the prosecutions. The representative testified that ██████████ ██████████████████████████████████████████████████████████████ Ex. 7 at 34:9-36:9. She also confirmed that ██████████████████████████████████████████████ Ex. 7 at 60:4-13.

**II. Masimo has no answer to the threshold fact that Myers was not involved in prosecution.**

Masimo asserts that third party deponents "could not testify as to Myers' intent." 1377 D.I. 424 n.1 (Joint Motion). But the intent of a person not involved in prosecution is irrelevant— indeed, Masimo would argue the same of Mr. Jensen. In the same vein of misdirection, Masimo argued that Apple's 30(b)(6) witnesses cannot be designated to testify about Myers' knowledge. 1377 D.I. 402 at 2 (Masimo br.). But Masimo *chose* to serve Apple with a 30(b)(6) notice *asking* for a corporate representative to testify as to Myers' awareness of any references or relevant prosecution. Ex. 8 at topics, 180, 183, 187. In another attempt to sidestep the threshold issue of involvement in prosecution *of the relevant patents*, Masimo argued that ████████████████ ███████████████████████████████████████████ 1377 D.I. 402 at 2. That slight of wording gets at any prosecution ever, rather than just the prosecutions at issue here, which ████████████████████████████████████████ 1377 D.I. 398 at 2-3 (Apple br.). Finally, Masimo argued Myers was "one of few in-house counsel on the relevant customer number." 1377 D.I. at 2. This is wrong (and irrelevant), as LinkedIn shows that at least 22 people on the customer number list work at Apple. Again, this list has no bearing on who was involved in prosecution.

In summary, Masimo sought and received testimony from everyone involved in some way in the prosecution of the relevant patents and the result leaves no plausible basis for Masimo to persist in its conspiratorial rationale for seeking a deposition of Apple's highest ranking IP attorney. Mr. Myers was not involved in any way in prosecution of any patent Masimo has accused of inequitable conduct. A deposition of Mr. Myers is disproportionate to any need for discovery relating to Masimo's allegations of inequitable conduct and serves only to harass, embarrass, and burden Mr. Myers. As such, the Court should preclude it under FRCP 26(b)(2)(C) and 26(c).

The Honorable Jennifer L. Hall  Page 3
January 8, 2024

                            Respectfully,

                            */s/ David E. Moore*

                            David E. Moore

DEM:nmt/11252030/12209.00051

Enclosures
cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)