# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-1377-JLH |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and ) | |
| SOUND UNITED, LLC, ) | **PUBLIC VERSION** |
| ) | |
| Defendants. ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
BRIEF IN OPPOSITION TO MASIMO'S MOTION FOR
SUMMARY JUDGMENT THAT CERTAIN APPLE DESIGN PATENTS ARE INVALID
FOR INDEFINITENESS UNDER 35 U.S.C. § 112 (MOTION RANK NO. 3)**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

Jennifer Milici
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  February 21, 2024
11344871 / 12209.00051
 Public Version Dated: March 11, 2024

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. I

TABLE OF AUTHORITIES ........................................................................................................ II

SUMMARY OF THE ARGUMENT ............................................................................................1

FACTUAL BACKGROUND .........................................................................................................1

        A.      Masimo told the PTAB that the patents claim arches and never mentioned the eight gray circles. .......................................................................................1

        B.      Masimo told the Court the patents claim the arches and their surfaces, and again never mentioned the eight gray circles. ...........................................2

        C.      Masimo disclosed its gray circle theory only after fact discovery and opening expert reports. ..................................................................................2

ARGUMENT ...................................................................................................................................3

I.      THE D'842 AND D'936 PATENTS ARE DEFINITE AND CLAIM THE SURFACE OF THE ARCHES. ......................................................................................3

        A.      Apple's expert explained that the arches are claimed. ...............................3

        B.      Masimo repeatedly identified the arches and their surfaces as claimed. ..5

II.     THE D'279 PATENT IS DEFINITE AND DOES NOT CLAIM THE "GRAY CIRCLES." ........................................................................................................................7

        A.      Masimo and its expert consistently told the court and the PTAB that the D'279 Patent did not claim the gray circles. .............................................8

        B.      Masimo's feigned confusion does not invalidate Apple's design patents. ..............9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Antonious v. Spalding & Evenflo Companies., Inc.*,
    217 F.3d 849 (Fed. Cir. 1999) .................................................................................................. 5

*Apple, Inc. v. Samsung Elecs. Co.*,
    932 F. Supp. 2d 1076 (N.D. Cal. 2013) ..................................................................................

*In re Maatita*,
    900 F.3d 1369 (Fed. Cir. 2018) .............................................................................................. 3

*Intel Corp. v. VIA Techs., Inc.*,
    319 F.3d 1357 (Fed. Cir. 2003) .............................................................................................. 3

*Panasonic Corp. v. Getac Tech. Corp.*,
    2022 WL 1599634 (C.D. Cal. Feb. 28, 2022) .........................................................................

**Other Authorities**

M.P.E.P., § 1503.02(III) .................................................................................................................. 4

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Br. | Masimo's Opening Brief In Support Of Its Motion For Summary Judgment That Certain Apple Design Patents Are Invalid For Indefiniteness Under 35 U.S.C. § 112 |
| SCSMF | Apple's Separate Concise Statement Of Material Facts |
| D'131 Patent | U.S. Patent No. D735,131 |
| D'279 Patent | U.S. Patent No. D883,279 |
| D'842 Patent | U.S. Patent No. D947,842 |
| D'936 Patent | U.S. Patent No. D962,936 |

\*\*All emphasis added unless otherwise stated\*\*

Masimo's latest attempt to invalidate Apple's design patents through two indefiniteness challenges should be denied because there is no error or inconsistency precluding a designer of ordinary skill from reasonably comprehending the patents' scope. Masimo's "inconsistencies" are illusory. They reflect that *Masimo* keeps shifting its interpretation of the patents to try to avoid liability; they do not prove the patents are indefinite. The Court should deny Masimo's motion.

## SUMMARY OF THE ARGUMENT

1. Masimo claims the D'842 and D'936 Patents are inconsistent as to whether the "surface of the arches" is claimed because in rear views, the element is drawn in solid lines, but in the side views it is allegedly drawn in broken lines. But in the side views, the surface of the arches is obscured by other elements. A designer of ordinary skill ("DOSA") would appreciate that the patents convey the claimed design through figures from different perspectives; the full set of figures instruct that the surface of the arches is claimed. Both Masimo's expert and the PTAB agreed that the designs include the surface of the arches as claimed.

2. Masimo claims the D'279 Patent is unclear as to whether eight gray circles are claimed. But Masimo always took the position that those circles are not claimed. Its expert recently reversed course in his noninfringement report, arguing the patent's figures "*clearly show*" that concentric circles are claimed. Next, the expert claimed in his reply invalidity report that the patent is indefinite because he previously thought the circles were not claimed. That late-breaking "confusion" theory—motivated by an untimely noninfringement position—should be rejected.

## FACTUAL BACKGROUND

### A. Masimo told the PTAB that the patents claim arches and never mentioned the eight gray circles.

Masimo filed IPR petitions challenging the D'279, D'842, and D'936 Patents. Exs. C20–C22. Masimo's expert, Mr. Delman, annotated the patents' figures to show that the D'842 and

D'936 Patents both claim the surface of the "arc-shaped portions" (what Masimo now calls the "arches"), but not the full convex dome that extends past the "arc-shaped portions." SCSMF ¶2. Mr. Delman explained the D'279 Patent claimed various elements, but he never asserted that the eight gray circles between the four-sided shapes and arc-shaped portions are claimed. *Id*. ¶4. The PTAB rejected those petitions. Exs. C5–C7. The PTAB included a copy of Masimo's proposed construction and noted the gray shading Masimo used to indicate that the surfaces of the arches are claimed in both rear and side views. SCSMF ¶8. The PTAB adopted Apple's more comprehensive depiction of the claimed elements and construed the claims as including the arches. *Id*. ¶9. In line with both Masimo's and Apple's proposed construction, the PTAB did not construe the D'279 Patent to include the gray circles. *Id*. ¶10.

> **B.   Masimo told the Court the patents claim the arches and their surfaces, and again never mentioned the eight gray circles.**

During claim construction, Masimo told the Court that the D'279 Patent claims nine different elements; absent from its list were the gray "concentric circles." SCSMF ¶¶4, 6. Masimo told the Court that the D'842 and D'936 Patents claim the arches, including their surfaces. *Id*. ¶¶2, 7. These arguments were also supported by a declaration from Mr. Delman. Ex. C16.

> **C.   Masimo disclosed its gray circle theory only after fact discovery and opening expert reports.**

During fact discovery, Masimo never mentioned any invalidity or noninfringement theory related to the D'279 Patent's eight gray circles. Ex. C27 12-25; Ex. C28 §IV.D.2. Masimo's expert, Mr. Delman, did not include any indefiniteness theory related to the circles in his opening invalidity report. SCSMF ¶19. He first asserted the circles were claimed in his rebuttal report on noninfringement. *Id*. ¶20. In his reply invalidity report, he included a new theory that the D'279 Patent was indefinite because he was confused if the gray circles were claimed. *Id*. ¶21.

**ARGUMENT**

Masimo has failed to show that the D'279, D'842, or D'936 Patents are indefinite such that "one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty." *See In re Maatita*, 900 F.3d 1369, 1376–77 (Fed. Cir. 2018). Masimo certainly cannot prove by "clear and convincing evidence" all of the facts its motion relies on. *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003). Masimo ignores that Apple's expert, Masimo's own expert, and the PTAB all understood with reasonable certainty that the D'842 and D'936 Patents claim the surface of the arches and that the D'279 Patent does not claim gray concentric circles.

**I.     The D'842 And D'936 Patents Are Definite And Claim The Surface Of The Arches.**

The D'842 and D'936 Patents claim the three-dimensional "surface of the arches," as confirmed by Apple's industrial design expert, Masimo during claim construction before the Court and during IPRs, by Masimo's expert, and finally by the PTAB.

**A.     Apple's expert explained that the arches are claimed.**

Apple's industrial design expert, Mr. Alan Ball, explained how a DOSA would appreciate that the patents' figures communicate a three-dimensional design using two-dimensional drawings from different perspectives, where each view informs the others. SCSMF ¶22. From that perspective, the arches are "consistently drawn with a solid line to designate that it is part of the



claimed designs." Ex. C8 ¶93. According to Mr. Ball, while a DOSA would understand that each figure is helpful for appreciating the full scope of the design, the arches' full surface is best shown in the rear views, Figures 2 and 4. *Id*. The side views, like Figures 5, 6, 7, and 8, are "less helpful in describing the claimed element" because in those views, the arches'

3

surface "correspond with another larger element," namely, the unclaimed "circular protrusion" that blocks the view of the arches from that perspective. *Id*. He explained that a DOSA would understand that the outer dotted lines in the side views for the D'842 and D'936 patents inform that the ***protrusion*** element is unclaimed—***not***, as Masimo suggests, that the ***arches*** (which are ***not visible*** in the side views) are unclaimed. *Id*. In accordance with the M.P.E.P., because the "broken lines" of unclaimed elements "necessarily cross or intrude" on the claimed design in the side views, the patents provide optimal views in Figures 2 and 4 that "fully disclose the subject matter of the design" and show that the arches are claimed. M.P.E.P., § 1503.02(III); D.I. 173-1; Ex. C8 ¶¶93–95. While Masimo suggests other ways the patents could have disclosed the same information, Br. at 5, there is no reason why the D'842 and D'936 Patents' approach of providing a clear rear view is inadequate.

Masimo misconstrues Mr. Ball to say that some views are "correct" and others "incorrect." Br. at 4–5. That dichotomy makes no sense; all of the patents' views are "correct." Masimo mistakes a view that is not optimal for viewing an element as "incorrect." A patent is not indefinite merely because some figures provide the clearest view of an element—that is simply a consequence of depicting three-dimensional designs in two-dimensions. For example, in *Deckers*, the court found no material inconsistency where a patent protecting a boot design showed a notch on the inner face in some figures that was absent in others because the shift in perspective meant "the notch would be mostly obscured from those perspectives." *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2016 WL 7017219, at *4 (C.D. Cal. Dec. 1, 2016). The court explained: "Moreover, it seems apparent that a reasonable boot designer, in deciding whether the claimed design includes a notch, would look to the drawings that provide the ***clearer***—not the more obscured—view of that part of the boot." *Id*. Further, Masimo fails to show its alleged

4

discrepancies rise to a level of precluding a DOSA from "an overall understanding of the total substance of the designs." *Antonious v. Spalding & Evenflo Companies., Inc.*, 217 F.3d 849 (Fed. Cir. 1999) (finding a design not indefinite where some figures provided clear views and alleged inconsistencies could be blamed on a shift in perspective).

### B. Masimo repeatedly identified the arches and their surfaces as claimed.

Masimo told the Court during claim construction that the patents claim the arches (Term A-15), *including their raised, three-dimensional surfaces*: "[t]he outer **edge** of each arch" and "[t]he **top surface** of each arch [which] includes a *cylindrical portion*, a **convex portion**, and a *chamfered edge*." D.I. 173-1 at 13; D.I. 273; Ex. C16 ¶36. Like Mr. Ball, Masimo preferred the rear views (Figs. 2 and 4) to demonstrate its understanding of the claimed arches. D.I. 273 at 14.




Masimo's design expert, Mr. Delman, also understood that the surfaces of the arches were claimed. In his IPR declarations, Mr. Delman used gray and cyan shading to indicate the portions of the arches he thought were claimed. SCSMF ¶2. Mr. Delman explained that he used cyan to



mark the "outermost **surface** of the **claimed** arc-shaped portions"—i.e., the "surfaces of the arches" are **claimed**. Ex. C19 ¶39. He marked in Fig. 5 the "*unclaimed* portion of the convex surface" (i.e., the dome) using a red dotted line. *Id*. In other words, in his own sworn declaration, Mr. Delman opined that in the side view of the patents, the surfaces of the arches are claimed (while the dome is unclaimed). When comparing his earlier IPR report to

5

Masimo's brief now, it is clear that Masimo changed its mind: Masimo changed the "*claimed*" cyan and gray portions to be "*unclaimed*" with a red line:

 

(left, Ex. C19 ¶39, Mr. Delman's annotations to Figure 5, rotated 90°; right, Br. at 3).

Masimo suggests that it is ambiguous whether the PTAB understood the arches as claimed. Br. at 6. That is belied by the clear record. The PTAB's decision denying Masimo's IPR petitions included a copy of Masimo's gray shading of the claimed arches in both rear and side views. SCSMF ¶8. The PTAB concluded that Apple's more nuanced annotations were "better supported" by the patents. SCSMF ¶9. In those annotations, the full arches are claimed. SCSMF ¶11.[1]

 

Masimo now erases its own understanding that the arches are claimed and says the drawings are ambiguous. Regardless, the Court should deny summary judgment of indefiniteness because Mr. Ball has put forth a competing opinion to Mr. Delman's revised indefiniteness opinion, reasoning that a DOSA would not find that the "inconsistency" raised by Masimo affects the overall impression of the design. *See Shure Inc., v. Clearone, Inc.*, 2021 WL 3772138, at *5 (D. Del. Aug. 23, 2021) ("Here, the experts disagree over whether the inconsistency would affect

---

[1] Masimo's suggestion that the PTAB "raised concerns about the figures" Br. at 2, mischaracterizes the record. The PTAB stated its concerns with the "reproduced drawings" (the low-resolution version) but explained that Apple filed with the PTO "supplemental drawings" (the high-resolution versions) that "are clearer" in showing design details. Ex. C5 at 13 n.2; Ex. C6 at 13 n.2.

the overall impression of the design in the eyes of the POSITA. So the outcome could truly depend on which expert the jury finds more credible.") *report and recommendation adopted* 2021 WL 4624488, at *2 (D. Del. Oct. 7, 2021) (finding that expert dispute precluded summary judgment).

Masimo includes a nonspecific allegation that an Apple designer and named inventor ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ Br. at 2. Masimo's cited excerpt is misleading: the inventor described ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄, Ex. C16 at 48:2–12, 69:5–13, 72:5–14, but then answered that ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄, *id.* at 76:8–79:16. Regardless, inventors are often not familiar with patent drafting conventions. *Apple, Inc. v. Samsung Elecs. Co.*, 932 F. Supp. 2d 1076, 1088 (N.D. Cal. 2013) (rejecting indefiniteness argument premised on inventors' testimony that "they could not understand the designs").

## II.     The D'279 Patent Is Definite And Does Not Claim The "Gray Circles."

At the end of expert discovery, Masimo disclosed a new invalidity theory regarding gray concentric circles in the D'279 Patent. Masimo never before asserted that the circles were a claimed element: they make no appearance in Masimo's contentions, in its IPR petitions or claim construction brief, nor in Mr. Delman's opening invalidity report. Instead, Mr. Delman waited until his rebuttal noninfringement report to assert that gray circles in the D'279 Patent are claimed and absent from Masimo's products. Ex. C11 ¶¶228-39. Then, in his invalidity reply, he claimed for the first time that the patent was indefinite because *he* previously thought the gray circles were not claimed. Ex. C13 ¶¶19-25. In other words, before his rebuttal report, Mr. Delman was certain the gray circles ***were not*** claimed; he then became certain they ***were*** claimed; and finally, he hedged in his reply report and argued that his shifting understanding means the patent is indefinite.

But the patent ***does not claim*** the gray circles. Ex. C23-C ¶¶106–114. That is how both parties and the PTAB understood the patent when construing the claims. And that is how Mr.

7

Delman understood the patent when he signed multiple declarations under penalty of perjury. Masimo's litigation gamesmanship and Mr. Delman's feigned confusion cannot change the claim scope or impugn the patent's validity. The Court should reject this new theory as a matter of law.[2]

### A. Masimo and its expert consistently told the court and the PTAB that the D'279 Patent did not claim the gray circles.

Throughout its IPR petition, fact discovery, and opening expert reports, Masimo consistently told Apple, the PTAB, and the Court that it understood the D'279 Patent to claim many elements, but never included the gray circles among those elements.

In the IPRs, Masimo sought to invalidate the D'279 Patent by identifying references with four claimed elements: arc-shaped portions (**gray**), a convex protrusion (**red**), rectangles (**blue**), and central "concentric circles" (**orange**). Ex. C20 at 7–9; *see generally id*. § III.B. Masimo's Petition left uncolored the gray circles in  between the arcs and the rectangles because it understood those were not claimed—accordingly, it did not identify any prior art as disclosing the gray circles. Masimo ignored those circles even in its comparison of the "Claimed Design" with the Apple Watch Series 4 (which includes thin gray circles). SCSMF ¶6. These positions were supported by a declaration from Mr. Delman. Ex. C17 ¶¶39, 47. The PTAB reviewed Masimo's Petition, Mr. Delman's declaration, and responses from Apple, and construed the patent without reference to the gray circles. SCSMF ¶10.

Masimo litigated this case similarly, until the end of expert discovery. Its final noninfringement contentions did not mention the gray circles as claimed or missing from the W1.

---

[2] The Court should also strike the gray circles invalidity theory because Masimo violated the Scheduling Order by not disclosing the theory in its invalidity contentions or its opening invalidity report. *See Cirba Inc. v. VMware, Inc.*, 2023 WL 6799267, at *4 (D. Del. Mar. 30, 2023) (striking expert's theory not disclosed in contentions); *Pharmacyclics LLC et al v. Fresenius Kabi USA, LLC et al.*, Case No. 18-192, D.I. 472 (D. Del. Sep. 4, 2020) (Ex. C29) (striking expert opinions in part on indefiniteness from a reply report that were not disclosed in the expert's opening report).

Ex. C27 at 12–25. Nor did its final invalidity contentions identify the gray circles as claimed, taught by the prior art, or as a basis for indefiniteness. Ex. C28 §IV.D.2. Masimo's *Markman* brief, supported by yet another Delman declaration, sought **nine** separate constructions of each claimed element in the D'279 Patent; the gray circles are not mentioned once. *See* D.I. 173-1 at 2–10. Mr. Delman's opening invalidity report compared the above-identified elements to the alleged prior art; once again, no mention of gray circles. Ex. C9 ¶¶95–301.

### B. Masimo's feigned confusion does not invalidate Apple's design patents.

Mr. Delman alleges he first "realized" the gray circles when drafting his noninfringement rebuttal report—***nine months*** after his IPR declaration and after he spent **80 hours** reviewing the patents. SCSMF ¶21. The motivation behind that "realization" is obvious—Masimo's IPRs had failed, and it desperately needed a new noninfringement argument. Mr. Delman declared in his rebuttal report: "the high-resolution Figures ***clearly show*** that the D'279 Patent claims these concentric circles." Ex. C11 ¶¶228–230. In his invalidity reply report, he asserted (for the first time) that his own flip-flop, due to his previous "confusion" over whether the gray circles were claimed, invalidated the patent. Ex. C13 ¶¶19–25. Masimo cannot feign confusion over its own manufactured noninfringement argument to introduce false uncertainty into the patent's scope.

First, there is no lack of reasonable certainty about the claim scope. The parties and the PTAB reviewed the drawings closely and never treated the gray circles as claimed. As detailed in Apple's Opposition to Masimo's Second Summary Judgment Motion, filed concurrently, Apple's expert, Mr. Ball explained that the gray circles are not claimed because they are drawn in ***gray*** lines as opposed to solid ***black*** lines like the claimed elements. SCSMF ¶¶13, 24.[3]

Second, Masimo's expert now claims that it was the low-resolution of the patent that led

---

[3] As shown in the Curry Declaration, submitted with Apple's Opposition to Masimo's Motion For Summary Judgment Of Non-Infringement, the circles are gray. *See* Curry Declaration ¶¶26-43.

9

to his confusion about whether the circles are claimed, and that "the high-resolution Figures *clearly show* that the D'279 Patent claims these concentric circles." Ex. C11 ¶230.  But Mr. Delman had reviewed the high-resolution images over and over—in his IPR declaration, his *Markman* declaration, and his opening invalidity report—and never opined that the circles were claimed until his rebuttal report.  Ex. C26 at 65:4–16, 67:1–25, 73:3–18, 89:2–1; Ex. C13 ¶19; *see* Exs. C17, C16, C9.  Moreover, a DOSA would judge the patent's scope using the high-resolution "SCORE" drawings Apple provided to the PTO, not the low-resolution version.  *Panasonic Corp. v. Getac Tech. Corp.*, 2022 WL 1599634, at *6 (C.D. Cal. Feb. 28, 2022) (rejecting indefiniteness allegation based on low-resolution images because "it is appropriate to reference the SCORE images to determine the scope of the patents at issue since they are in the patents' prosecution histories").

Third, Masimo advances a new variant of its theory: the patent is indefinite because the circles are drawn "in solid lines that are thinner and lighter than other solid lines in the figures," but neither the patent nor Apple's expert offer "any explanation of their meaning." Br. at 6–8.  But the line weight does not relate to claim scope—the lines are not claimed because they are drawn in gray and not black.  There is no requirement to set forth an explanation of the "meaning" of a line's weight in C.F.R. 1.84(l), or indeed anywhere else in the C.F.R. or M.P.E.P., and Masimo cites no authority for that proposition.  And again, both sides and the PTAB understood the gray circles as not claimed for the entirety of this dispute prior to Mr. Delman's rebuttal report.

Finally, Masimo offers a non-sequitur: that if the Court finds the gray circles are not claimed, then there are no "multiple concentric circles" in the design as identified by Apple.  Br. at 9.  But the "claimed concentric circles" concept refers to something different—the circular arrangement of the *claimed* elements—not the *unclaimed* gray circles.  Ex. C25 at 6–11.

## CONCLUSION

Apple respectfully requests that the Court deny Masimo's motion for summary judgment.

10

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| John M. Desmarais | Bindu A. Palapura (#5370) |
| Jordan N. Malz | Andrew M. Moshos (#6685) |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | amoshos@potteranderson.com |
|  | *Attorneys for Plaintiff/Counter-Defendant Apple Inc.* |

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: February 21, 2024
11344871 / 12209.00051

Public Version Dated: March 11, 2024

11