IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1377 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM ORDER

1.      In these related cases, Plaintiff Apple, Inc. alleges that certain smartwatches marketed by Defendants Masimo Corp. and Sound United, LLC., infringe Apple's utility and design patents.  Masimo[1] asserts a litany of defenses and counterclaims, including its own patent infringement claims as well as antitrust and false advertising claims, among others.  The parties have filed numerous summary judgment and Daubert motions.  This Order addresses Masimo's Motion for Summary Judgment that U.S. Patent No. 11,474,483 is Invalid for Obviousness under 35 U.S.C. § 103 (Motion Rank No. 1) (C.A. No. 22-1378, D.I. 481, 509).[2]  The Motion will be DENIED.

2.      A party may move for summary judgment under Federal Rule of Civil Procedure 56.  Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden is on the movant to demonstrate the absence of a genuine issue of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86 (1986).  "An assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials,' or by 'showing that the materials cited do

---

[1] For simplicity, the Court refers to Defendants Masimo Corporation and Sound United LLC, as well as Counter-claimant Cercacor Laboratories, Inc., collectively as "Masimo."

[2] The scheduling order that was entered (by me, acting as a Magistrate Judge) complied with the then-presiding judge's preference that the parties "make clear the order in which any summary judgment order is to be considered," that the Court will review the motions in that order, and that, "barring exceptional circumstances, the Court will not consider any further summary judgment motions by that party."  (C.A. No. 22-1377, D.I. 103 at 11 n.2.)  These matters were reassigned to me (as a District Judge) in January 2024.

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" *Resop v. Deallie*, No. 15-626-LPS, 2017 WL 3586863, at *2 (D. Del. Aug. 18, 2017) (quoting Fed. R. Civ. P. 56(c)(1)(A), (B)).  A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

3.     Masimo's motion seeks summary judgment that the asserted claims of U.S. Patent No. 11,474,483 (the "'483 patent") are invalid as obvious under 35 U.S.C. § 103.  (C.A. No. 22-1378, D.I. 481.)  Section 103 provides that a patent "may not be obtained . . . if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."   35 U.S.C. § 103. Obviousness is a question of law based on underlying factual findings, including "the scope and content of the prior art," "differences between the prior art and the claims at issue," "the level of skill in the art," and "secondary considerations [such] as commercial success, long felt but unresolved needs, failure of others, etc."  *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966). Obviousness must be proven by clear and convincing evidence.  *Bristol-Myers Squibb Co. v. Teva Pharms. USA, Inc.*, 752 F.3d 967, 973 (Fed. Cir. 2014) ("A party seeking to invalidate a patent as obvious must demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention,

and that the skilled artisan would have had a reasonable expectation of success from doing so." (internal marks and citation omitted)).

4. Masimo contends that each asserted claim[3] of the '483 patent "is obvious in view of Lapetina and Lee and bolstered by a wearable device known as the 'Mio Fuse.'" (C.A. No. 22-1378, D.I. 483 at 1.) Apple responds that there are several genuine disputes of material fact that preclude summary judgment. (C.A. No. 22-1378, D.I. 541 at 3–13; D.I. 542 at 3–9.) I agree with Apple that there is at least one dispute of material fact, namely, whether the Lee provisional application discloses the "third electrode" required by each of the asserted claims. (*See* C.A. No. 22-1378, D.I. 484, Ex. B4 ¶¶ 19–22, Ex. B7 ¶¶ 128–30 (Masimo's expert opining that it does); D.I. 546, Ex. B12–B, Appx. D ¶¶ 15–21 (Apple's expert opining that it doesn't).) Accordingly, there is also a dispute of material fact as to whether the Lee reference discloses three electrodes that "are part of an electrocardiograph sensing system," as required by claim 13.

5. Masimo's motion (C.A. No. 22-1378, D.I. 481) is therefore DENIED.

October 8, 2024

_____
Honorable Jennifer L. Hall
U.S. District Judge

---

[3] Apple is currently asserting claims 1, 2, 3, 6, 7, 9, 12, and 13 of the '483 patent.