IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1377 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**MEMORANDUM ORDER**

1.  In these related cases, Plaintiff Apple, Inc. alleges that certain smartwatches marketed by Defendants Masimo Corp. and Sound United, LLC, infringe Apple's utility and design patents. Masimo[1] asserts a litany of defenses and counterclaims, including its own patent infringement claims as well as antitrust and false advertising claims, among others. The parties have filed numerous summary judgment and Daubert motions. This Order addresses Masimo's Motion for Summary Judgment that U.S. Patent No. 11,106,352 is Invalid for Claiming Unpatentable Subject Matter Under 35 U.S.C. § 101 (Motion Rank No. 4) (C.A. No. 22-1378, D.I. 503, 509). It will be DENIED.

2.  The Scheduling Order entered by the Court (by me, acting as a Magistrate Judge) complied with the then-presiding judge's preference that the parties "make clear the order in which any summary judgment motion is to be considered," that the Court will review the motions in that order, and that, "barring exceptional circumstances, the Court will not consider any further summary judgment motions by that party." (C.A. No. 22-1377, D.I. 103 at 11 n.2.) As the Court has already denied Masimo's first-ranked summary judgment motion (C.A. No. 22-1378, D.I. 703), the Scheduling Order dictates that the present summary judgment motion—Masimo's fourth-ranked motion—be denied. The motion will also be denied for the independent reason that it fails on the merits.

---

[1] For simplicity, the Court refers to Defendants Masimo Corporation and Sound United LLC, as well as Counter-claimant Cercacor Laboratories, Inc., collectively as "Masimo."

3. Masimo's motion seeks summary judgment that all of the asserted claims of U.S. Patent No. 11,106,352 (the "'352 patent") are invalid under 35 U.S.C. § 101.[2] (C.A. No. 22-1378, D.I. 503.) Apple is currently asserting only claim 9. It provides:

---

[2] A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). "An assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials,' or by 'showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" *Resop v. Deallie*, No. 15-626-LPS, 2017 WL 3586863, at *2 (D. Del. Aug. 18, 2017) (quoting Fed. R. Civ. P. 56(c)(1)(A), (B)). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Section 101 defines the categories of subject matter that are patent eligible. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has recognized three exceptions to the broad statutory categories of patent-eligible subject matter: "laws of nature, natural phenomena, and abstract ideas" are not patent-eligible. *Diamond v. Diehr*, 450 U.S. 175, 185 (1981).

The Supreme Court has established a two-step test for determining whether patent claims are invalid under 35 U.S.C. § 101. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). At step one, the court must "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 573 U.S. at 218. This first step requires the court to "examine the 'focus' of the claim, i.e., its 'character as a whole,' in order to determine whether the claim is directed to an abstract idea." *Epic IP LLC v. Backblaze, Inc.*, 351 F. Supp. 3d 733, 736 (D. Del. 2018) (Bryson, J.) (quoting *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018); *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015)).

Because "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas," *Mayo Collaborative Servs. v. Prometheus Labs.*, 566 U.S. 66, 71 (2012), "courts 'must be careful to avoid oversimplifying the claims' by looking at them generally and failing to account for the specific requirements of the claims[,]" *McRO Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) (quoting *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016)); *see also Enfish, LLC v. Microsoft Corp.*, 822 F.3d

> 9. A computer system, comprising:
>
> one or more processors that are in communication with a display generation component and one or more input devices; and
>
> memory storing instructions, the instructions, when executed by the one or more processors, cause the processors to perform operations comprising:
>
> while the computer system is in a power saving state, detecting an input that meets display-waking criteria;
>
> in response to detecting the input that meets the display-waking criteria, displaying, via the display generation component, a wake screen user interface;
>
> while displaying the wake screen user interface, detecting a first input that is directed to a portion of the wake screen user interface and includes first movement; and

---

1327, 1337 (Fed. Cir. 2016) ("[D]escribing the claims at [too] high [a] level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule."). "At step one, therefore, it is not enough to merely identify a patent-ineligible concept underlying the claim; [the court] must determine whether that patent-ineligible concept is what the claim is 'directed to.'" *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016). If the claims are not directed to a patent-ineligible concept, then the claims are patent-eligible under § 101 and the analysis is over. If, however, the claims are directed to a patent-ineligible concept, then the analysis proceeds to step two.

At step two, the court "consider[s] the elements of each claim both individually and as an ordered combination" to determine if there is an "inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S. at 217–18 (internal quotations and citations omitted). "It is well-settled that mere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea." *TLI Commc'ns*, 823 F.3d at 613. Thus, "[m]erely reciting the use of a generic computer or adding the words 'apply it with a computer'" does not transform a patent-ineligible concept into patent-eligible subject matter. *Two-Way Media Ltd. v. Comcast Cable Commc'ns*, LLC, 874 F.3d 1329, 1338 (Fed. Cir. 2017) (quoting *Alice*, 573 U.S. at 223). Nor is there an inventive concept when the claims "[s]imply append[ ] conventional steps, specified at a high level of generality" to a patent ineligible concept. *Alice*, 573 U.S. at 222. Conversely, claims pass muster at step two when they "involve more than performance of well-understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367 (citation and internal marks omitted). "The mere fact that something is disclosed in a piece of prior art . . . does not mean it was well-understood, routine, and conventional." *Id.* at 1369. Moreover, "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).

"Whether a claim recites patent-eligible subject matter is a question of law which may contain disputes over underlying facts." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

>>in response to detecting the first input that is directed to the portion of the wake screen user interface:
>>>in accordance with a determination that the first input meets first criteria, wherein the first criteria require the first movement to be in a first direction in order for the first criteria to be met:
>>>>displaying of a home screen user interface that is different from the wake screen user interface, wherein the home screen user interface includes a plurality of application icons corresponding to different applications, and wherein a respective application icon of the plurality of application icons, when selected, causes display of an application corresponding to the respective application icon; and
>>>in accordance with a determination that the first input meets second criteria different from the first criteria, wherein the second criteria require the first movement to be in a second direction that is different from the first direction in order for the second criteria to be met:
>>>>displaying a widget screen user interface that is different from the wake screen user interface and the home screen user interface, wherein the widget screen user interface includes a plurality of user interface objects corresponding to different applications, wherein a respective user interface object of the plurality of user interface objects contains application content from an application corresponding to the respective user interface object, and when selected, causes display of an application corresponding to the respective user interface object.

4. As for step 1 of the *Alice* test, Masimo asserts that the asserted claim is directed to the abstract idea of organizing and displaying information. Masimo argues that the claim is "indistinguishable from many user-interface claims the Federal Circuit has held abstract." (C.A.

5

22-1378, D.I. 505 (citing *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1378 (Fed. Cir. 2022); *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1087, 1092–93 (Fed. Cir. 2019); *Move, Inc. v. Real Est. All. Ltd.*, 721 F. App'x 950, 954 (Fed. Cir. 2018); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1345 (Fed. Cir. 2018); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016).)  Apple responds that the claims are directed to "an improved user interface that solves a specific problem with electronic devices by providing an improved user experience and power-saving benefits."  (C.A. 22-1378, D.I. 555 (citing *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1362 (Fed. Cir. 2018); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008–11 (Fed. Cir. 2018).)

5. As an initial matter, I am mindful of the Supreme Court's statement that the machine or transformation test, while not the sole test for patent eligibility, "is a useful and important clue, an investigative tool, for determining whether some claimed inventions" satisfy § 101.  *Bilski v. Kappos*, 561 U.S. 593, 604 (2010).  And the machine or transformation test appears to be satisfied here.

6. Moreover, I see no principled basis to distinguish claim 9 from the claims determined to be patent eligible in *Core Wireless*.  There, the Federal Circuit explained that "[a]lthough the generic idea of summarizing information certainly existed prior to the invention," the claims were nonetheless directed to "a particular manner of summarizing and presenting information in electronic devices."  *Core Wireless*, 880 F.3d at 1362.  The claims were held not to be directed to an abstract idea because, "rather than using conventional user interface methods to display a generic index on a computer," they instead covered "a specific manner of displaying a limited set of information to the user."  *Id.* at 1363.  I agree with Apple that claim 9 is likewise

directed to an improved user interface in computing devices with a particular manner of presenting information to the user.

      7.    Because the claims are not directed to an abstract idea, there is no need to proceed to step two of the *Alice* test. *Core Wireless*, 880 F.3d at 1363. Masimo's motion for summary judgment (C.A. No. 22-1378, D.I. 503) is DENIED.

October 9, 2024

                                                                                       Honorable Jennifer L. Hall
                                                                                   U.S. District Judge