IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1377 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MARKMAN OPINION AND ORDER

David E. Moore, Bindu A. Palapura, Andrew L. Brown, POTTER ANDERSON & CORROON LLP, Wilmington, DE; John M. Desmarais, Jordan N. Malz, Cosmin Maier, Kerri-Ann Limbeek, Jeffrey Scott Seddon, II, DESMARAIS LLP, New York, NY; Peter C. Magic, DESMARAIS LLP, San Francisco, CA; Jennifer Milici, Leon B. Greenfield, Dominic Vote, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C.; Mark A. Ford, WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA — Attorneys for Plaintiff

John C. Phillips, Jr., Megan C. Haney, PHILLIPS MCLAUGHLIN & HALL, P.A., Wilmington, DE; Joseph R. Re, Stephen C. Jensen, Stephen W. Larson, Benjamin A. Katzenellenbogen, Jared C. Bunker, Kendall M. Loebbaka, Douglas B. Wentzel, KNOBBE, MARTENS, OLSON & BEAR, LLP, Irvine, CA; Brian Horne, KNOBBE, MARTENS, OLSON & BEAR, LLP, Los Angeles, CA; Adam Powell, KNOBBE, MARTENS, OLSON & BEAR, LLP, San Diego, CA — Attorneys for Defendants

This opinion addresses the parties' claim construction and indefiniteness disputes for Apple's design patents. The asserted Apple design patents are U.S. Patent Nos. D883,279 (the "D'279 patent"), D947,842 (the "D'842 patent"), D962,936 (the "D'936 patent"), and D735,131 (the "D'131 patent") (collectively, the "Asserted Design Patents").

The Court held a *Markman* hearing on September 14, 2023. (C.A. No. 22-1377, D.I. 358 ("Tr. __").) Masimo argued at the *Markman* hearing that the D'842 and D'936 patents are indefinite. (C.A. No. 22-1377, D.I. 273.) Masimo later moved for summary judgment that the D'842, D'936, and D'279 patents are indefinite. (C.A. No. 22-1377, D.I. 468.)

The parties agreed on some constructions. In accordance with the parties' agreement, IT IS HEREBY ORDERED that the design patent claims are construed as follows:

| Patent(s) | Term | Agreed Upon Constructions |
|---|---|---|
| D'279, D'842, D'936 | N/A | The broken lines in the figures show portions of the electronic device and environment that form no part of the claimed design. |
| D'279 | N/A | The oblique line shading shows a transparent, translucent and highly polished or reflective surface. |

| | | |
|---|---|---|
| D'131 | N/A | The broken lines in the figures show portions of the charger and environment that form no part of the claimed design. The shade lines in the figures show contour and not surface ornamentation. |

IT IS FURTHER ORDERED that the disputed design patent claims are construed as follows:

| | Term | Court |
|---|---|---|
| 1 | The claim of the D'279 patent | "The ornamental design for an electronic device, as shown in Figures 1–9 of the D'279 patent" |
| 2 | The claim of the D'842 patent | "The ornamental design for an electronic device, as shown in Figures 1–9 of the D'842 patent" |
| 3 | The claim of the D'936 patent | "The ornamental design for an electronic device, as shown in Figures 1–9 of the D'936 patent" |
| 4 | The claim of the D'131 patent | "The ornamental design for an electronic device charger, as shown in Figures 1–9 of the D'131 patent" |

IT IS FURTHER ORDERED that Masimo's motion for summary judgment that the D'842, D'936, and D'279 patents are indefinite (C.A. No. 22-1377, D.I. 468) is DENIED.

## I. CLAIM CONSTRUCTION

The purpose of the claim construction process is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). However, because "[w]ords cannot easily describe ornamental designs," a design patent's claim is "often better represented by illustrations than a written claim construction." *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (citations omitted). Accordingly, the Federal Circuit "has not required that the trial court attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (citation omitted). Indeed, the Federal Circuit has explained that it is

3

ordinarily "preferable . . . for a district court *not* to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id.* (emphasis added). That said, courts have discretion to "usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim," such as "various features of the claimed design as they relate to the accused design and the prior art," "the role of particular conventions in design patent drafting," and "the effect of any representations that may have been made in the course of the prosecution history." *Egyptian Goddess*, 543 F.3d at 680. Ultimately, "a district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

The Federal Circuit has nevertheless instructed that, where a design contains both functional and non-functional elements, the court should identify for the jury the functional elements. *Sport Dimension*, 820 F.3d at 1320 (quoting *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997)). In determining whether an element of a claimed design is functional, courts may consider the following factors as "a useful guide": (1) whether the protected design represents the best design; (2) whether alternative designs would adversely affect the utility of the specified article; (3) whether there are any concomitant utility patents; (4) whether the advertising touts particular features of the design as having specific utility; and (5) whether there are any elements in the design or an overall appearance clearly not dictated by function. *Sport Dimension*, 820 F.3d at 1322. Functional elements may still be considered as part of the design "to the extent that they contribute to the overall ornamentation of the design." *Id.* at 1323.

Each of the Asserted Design Patents has a single claim. Each claim has the following format: "The ornamental design for [an electronic device/a charger], as shown and described." The parties' proposed constructions of the claims reflect divergent approaches.

For each patent, Apple proposed a one-sentence construction with the following format: "The ornamental design for [an electronic device/a charger], as shown in Figures 1–[X] of the [D'279/D'842/D'936/D'131] Patent." (D.I. 173, Ex. A at 1, 11, 15.)

In contrast, Masimo divided the figures in the patents into various "terms"—25 terms across the 4 Asserted Design Patents—and proposed detailed verbal descriptions for each element. (*Id.* at 1–19.) For example, Masimo proposed and briefed the following construction for what Masimo refers to as "Term A-8" of the D'279 patent, which Masimo has denoted in red in the figure below:

| Term No. | Patent | Masimo's Proposed Construction |
|---|---|---|
| A-8 | D'279 patent, FIG. 4 | An outer broken-circular feature formed by two arches providing the appearance of a unified circle rather than two separate opposed shapes. The outer edge of each arch coincides with the outermost circle. The top surface of each arch appears coextensive with the cylindrical portion, the chamfered edge, and the convex dome. Each arch has a flat end. Each flat end has a rounded transition to the inner edge of each arch and a sharp transition to the outer edge of each arch (where the end is perpendicular to the outermost circle). The flat ends are separated by a relatively small gap[4] that is approximately 2.0% of the diameter of the outermost circle. The width[5] of each arch (the distance between the inner and outer edges of each arch) is approximately 30% of the radius of the outermost circle.<br><br>[4] This relationship can also be phrased as: the diameter of the outermost circle is approximately 50 times larger than the gap between the ends of the arches.<br><br>[5] This relationship can also be phrased as: the radius of the outermost circle is approximately 3.4 times greater than the width of each arch. |

(*Id.* at 6.) At the *Markman* hearing, Masimo proposed revised constructions for some terms that were slightly more concise, but it nonetheless kept the approach of proposing detailed verbal constructions. The parties submitted thousands of pages of intrinsic and extrinsic evidence in

support of their claim construction proposals, including, among other things, hundreds of pages of expert declarations. (D.I. 173; D.I. 271.) Due in part to the avalanche of material and Masimo's shifting constructions, some of the parties' positions were challenging to decipher.[1]

There appear to be four overarching disputes between the parties regarding the construction of the design patent claims. The first dispute is whether the Court should issue detailed verbal constructions for each term of each design patent claim, as Masimo proposes. The Court will not take Masimo's approach and will instead follow the "preferable course . . . not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess*, 543 F.3d at 679.[2]

The second overarching dispute is whether aspects of the claimed designs are functional and, if so, whether and how the Court's constructions should account for that functionality. As already mentioned, Masimo has divided the figures of the Asserted Design Patents into "terms," and it contends that at least one of those terms is "functional" and should therefore be excluded from the Court's claim constructions. (*See, e.g.*, D.I. 273 at 12 (defining "Term A-3" as the outermost circle in Figure 4 of the D'279 patent and arguing that "[b]ecause this element lacks any ornamentation, this Court should not include this element in its final claim construction to the

---

[1] For example, in addition to revising its proposals at the claim construction hearing, some of Masimo's proposed constructions in the revised Joint Claim Construction Chart provided to the Court at the claim construction hearing differed from the constructions in Masimo's accompanying presentation.

[2] *See, e.g.*, *Catalyst Lifestyle Ltd. v. Elago Co., Ltd.*, No. 22-536, 2023 WL 6168249, at *3 (S.D. Cal. Sept. 21, 2023) (declining to provide detailed verbal descriptions of individual claim elements); *Lifted Limited, LLC v. Novelty Inc.*, No. 16-3135, 2020 WL 2747814, at *6–7 (D. Colo. May 27, 2020) (same); *Vertical Tank, Inc. v. BakerCorp*, No. 18-145, 2019 WL 2207668, at *17 (E.D. Cal. May 22, 2019) (same); *Deckers Outdoor Corp. v. Rue Servs. Corp.*, No. 13-6303, 2014 WL 12588481, at *2–3 (C.D. Cal. Aug. 29, 2014) (same); *Colgate-Palmolive Co. v. Ranir, L.L.C.*, No. 06-417, 2007 WL 2225888, at *2–3 (D. Del. July 31, 2007) (same).

jury." (emphasis omitted))). Apple says that none of the "terms" pointed to by Masimo are purely functional or dictated by function.

For starters, I agree with Apple that allegedly functional claim elements should not be "excluded" from the Court's construction. That accords with the Federal Circuit's teaching that functional elements may still be considered as part of the design "to the extent that they contribute to the overall ornamentation of the design." *Sport Dimension*, 820 F.3d at 1323.

Additionally, on this record, I agree with Apple that none of the "terms" identified by Masimo are "purely functional."[3] (C.A. No. 22-1377, D.I. 273 at 28.) That said, I don't take Apple to seriously dispute that certain aspects of the devices have functional purposes. Accordingly, I will leave open the possibility of the Court identifying for the jury the functional aspects, but instructing the jury that it may still consider those aspects as part of the design "to the extent that they contribute to the overall ornamentation of the design." *Sport Dimension*, 820 F.3d at 1323; *see also Egyptian Goddess*, 543 F.3d at 680 (explaining that "a trial court can usefully guide the finder of fact" by distinguishing between functional and non-functional aspects of the design).

The third dispute concerns Masimo's contention that Apple proposed constructions of the Asserted Design Patents to the Patent Trial and Appeal Board (PTAB) and that Apple should be

---

[3] The Federal Circuit has explained that "the availability of alternative designs [is] an important—if not dispositive—factor in evaluating the legal functionality of a claimed design." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1329–30 (Fed. Cir. 2015). Apple's expert, Dr. Warren, provided multiple examples of available alternative designs for the allegedly functional claim elements. (D.I. 273, Apple Ex. 45, ¶¶ 45–59, 63–84, 89–142, 146–248.) Masimo does not expressly rebut the evidence of alternative designs, and instead argues that the availability of alternative designs is just one consideration among others. I agree with Apple that the availability of alternative designs strongly suggests that the claim elements are not purely functional or dictated by function.

stuck with what it proposed. Apple says that it did not advance proposed constructions to the PTAB but was merely using words to respond to Masimo's arguments. I agree with Apple. For one thing, Apple expressly told the PTAB that "Apple's verbal descriptions are not proposed constructions of the claims of the Asserted Design Patents, nor has Apple intended to modify or specify the scope of the claims of the Asserted Design Patents or to suggest that any claim construction is necessary or appropriate in this case." (D.I. 273, Masimo Ex. 16 at 8.) Instead, Apple provided a "brief verbal description" of the design elements "in order to explain how the design elements of [each] claimed design contribute to the design's overall visual impression and how the alleged prior art identified by Masimo differs from [each asserted design patents'] visual impression, as well as its design elements." (*Id.* at 7.) Having reviewed the PTAB proceedings cited by Masimo, I don't think that what Apple said amounts to a clear and unambiguous disclaimer of claim scope. I am also not persuaded that Apple's statements in the prosecution history must necessarily be incorporated into the construction of the design patents, as I have already determined that it is not appropriate to issue detailed verbal constructions of each individual claim element. That said, depending on the evidence and arguments presented at trial, the Court remains open to requests to "usefully guide the finder of fact by . . . assessing and describing the effect of any representations that may have been made in the course of the prosecution history." *Egyptian Goddess*, 543 F.3d at 680.

II.  **INDEFINITENESS**

The final set of disputes concerns indefiniteness. Masimo argued in the *Markman* briefing that the D'842 and D'936 patents are indefinite, and it later moved for summary judgment that the

D'842, D'936, and D'279 patents are indefinite.[4]  "[A] design patent is indefinite under [35 U.S.C.] § 112 if one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty based on the claim and visual disclosure." *In re Maatita*, 900 F.3d 1369, 1377 (Fed. Cir. 2018).  Under the regulations governing patent drafting, figures drawn using broken (not solid) lines "represent the article in which the claimed design is embodied, but . . . form [] no part of the claimed design." *Campbell Soup Co. v. Gamon Plus, Inc.*, 10 F.4th 1268, 1271 (Fed. Cir. 2021) (quoting 37 C.F.R. § 1.152); *cf. Egyptian Goddess*, 543 F.3d at 681 (explaining that "a trial court can usefully guide the finder of fact by . . . describing the role of particular conventions in design patent drafting, such as the role of broken lines, *see* 37 C.F.R. § 1.152").  The Manual of Patent Examining Procedure additionally provides that "[w]here a broken line showing of environmental structure must necessarily cross or intrude upon the representation of the claimed design and obscures a clear understanding of the design, such an illustration should be included as a separate figure in addition to the other figures which fully disclose the subject matter of the design." M.P.E.P. § 1503.02 (III).  Apple contends, and

---

[4] A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986).

The scheduling order that was entered (by me, acting as a Magistrate Judge) complied with the then-presiding judge's preference that the parties "make clear the order in which any summary judgment motion is to be considered," that the Court will review the motions in that order, and that, "barring exceptional circumstances, the Court will not consider any further summary judgment motions by that party."  (C.A. No. 22-1377, D.I. 103 at 11 n.2.)  These matters were reassigned to me (as a District Judge) in January 2024.  The Court has already denied Masimo's first-ranked summary judgment motion (C.A. No. 22-1378, D.I. 703), but the Court has nevertheless reviewed the present motion (ranked third) and it will be denied for the reasons set forth above.

9

Masimo does not dispute, that indefiniteness of a design patent must be proven by clear and convincing evidence.

Masimo asserts that the D'842 and D'936 patents are indefinite because an ordinary observer is unable to understand whether, and to what extent, the shape of the surface of the arches is claimed. Masimo argues that the drawings are inconsistent because Figure 2 uses solid lines to depict the arches' surface but Figures 5–8 use broken lines, which Masimo illustrated in the Joint Claim Construction Brief as follows:



(C.A. No. 22-1377, D.I. 273 at 23; *see also* D.I. 471 at 2–6.) Apple disagrees that the patents are indefinite, and it submitted evidence from its industrial design expert explaining that the patents' figures comply with the guidance in the M.P.E.P. and communicate "a three-dimensional design using two-dimensional drawings from different perspectives, where each view informs the others." (C.A. No. 22-1377, D.I. 527 at 3.) Masimo points out that Apple's expert is not an ordinary observer. But the record nevertheless reflects a dispute of fact about whether "one skilled in the art, viewing the design as would an ordinary observer," would understand the scope of the claimed designs. *See In re Maatita*, 900 F.3d at 1377.

The Federal Circuit has explained that indefiniteness "is amenable to resolution by the jury where the issues are factual in nature." *Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019) (quoting *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003)). The disputes here are material, and they are factual in nature.

10

Accordingly, the Court will deny Masimo's request for summary judgment and will submit the D'842 and D'936 indefiniteness questions to the jury. *See Shure, Inc. v. ClearOne, Inc.*, No. 19-1343-RGA-CJB, 2021 WL 3772138, at *5 (D. Del. Aug. 23, 2021) (denying summary judgment of indefiniteness of a design patent where "the experts disagree over whether [an] inconsistency would affect the overall impression of the design in the eyes of the POSITA"), *report and recommendation adopted*, 2021 WL 4624488 (D. Del. Oct. 7, 2021) (explaining that indefiniteness could not be resolved at summary judgment because "[t]he parties have put forth competing expert opinions on whether a POSA would be able to ascertain the scope of the claimed design").

As for Masimo's request for summary judgment of indefiniteness of the D'279 patent on the ground that it's unclear whether the D'279 patent claims four concentric circles, Masimo is precluded from pursuing that theory of invalidity because it was not included in its contentions (as required by the scheduling order) or its opening invalidity report. (C.A. No. 22-1377, D.I. 534, Ex. C28 at 104–11; D.I. 473, Ex. C9 at 114–15.)

For these reasons, Masimo's request for summary judgment of indefiniteness of the D'842, D'936, and D'279 patents is denied.

October 10, 2024

_____
Jennifer L. Hall
U.S. District Judge