IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1377 (JLH) |
| MASIMO CORPORATION, <br><br> Counter-Claimant, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |
| APPLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1378 (JLH) |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., <br><br> Counter-Claimants, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |

## MEMORANDUM ORDER

1.      In these related cases, Plaintiff Apple, Inc. alleges that certain smartwatches marketed by Defendants Masimo Corp. and Sound United, LLC, infringe Apple's utility and design patents. Masimo[1] asserts a litany of defenses and counterclaims, including its own patent infringement claims as well as antitrust and false advertising claims, among others. The parties have filed numerous summary judgment and Daubert motions. This Order addresses Masimo's Motion for Summary Judgment That It Does Not infringe the Apple Design Patents (Motion Rank No. 2) (C.A. No. 22-1377, D.I. 454). It will be DENIED.

2.      The Scheduling Order entered by the Court (by me, acting as a Magistrate Judge) complied with the then-presiding judge's preference that the parties "make clear the order in which any summary judgment motion is to be considered," that the Court will review the motions in that order, and that, "barring exceptional circumstances, the Court will not consider any further summary judgment motions by that party." (C.A. No. 22-1377, D.I. 103 at 11 n.2.) As the Court has already denied Masimo's first-ranked summary judgment motion (C.A. No. 22-1378, D.I. 703), the Scheduling Order dictates that the present summary judgment motion—Masimo's second-ranked motion—be denied. The motion will also be denied for the independent reason that it fails on the merits.

3.      Apple asserts the following design patents: U.S. Patent Nos. D883,279 (the "D'279 patent"), D947,842 (the "D'842 patent"), D962,936 (the "D'936 patent"), and D735,131 (the "D'131 patent") (collectively, the "Asserted Design Patents"). Apple asserts that the Masimo W1's original electrode design infringes the D'936, D'842, and D'279 patents, that the Masimo

---

[1] For simplicity, the Court refers to Defendants Masimo Corporation and Sound United LLC, as well as Counter-claimant Cercacor Laboratories, Inc., collectively as "Masimo."

W1's "wave" electrode design infringes the D'842 and D'279 patents, and that the Masimo W1's original charger design infringes the D'131 patent. Masimo's motion seeks summary judgment that it does not infringe any of the Asserted Design Patents.[2]

4. A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871); *see also Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (holding that the "ordinary observer" test is the proper standard for design patent infringement). "The patented and accused designs do not have to be identical in order for design patent infringement to be found." *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Infringement of a design patent is a question of fact. *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 819 (Fed. Cir. 1992).

4. The parties do not dispute that the accused products look how they look. They do dispute whether how they look satisfies the "ordinary observer" test for infringement. Masimo points to differences between aspects of the claimed designs and the accused products, but the Court cannot say on this record that a reasonable jury could not find that the accused and claimed designs are substantially similar in the eyes of an ordinary observer.

---

[2] A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86 (1986). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

5.  Accordingly, Masimo's motion for summary judgment (C.A. No. 22-1377, D.I. 454) is DENIED.

October 10, 2024

                                               _____
                                               Honorable Jennifer L. Hall
                                               U.S. District Judge