**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants*. | C.A. No. 22-1377-JLH <br> C.A. No. 22-1378-JLH <br><br> **PUBLIC VERSION** |

**PROPOSED[1] FINAL PRETRIAL ORDER FOR THE OCTOBER 21, 2024 TRIAL**

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

Dated: September 27, 2024
11766552/ 12209.00051
Public Version Dated: October 16, 2024

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation
and Sound United, LLC*

---

[1] <<APL: Blue text >> in chevrons identifies Apple's proposed language.
  {{MAS: Green text }} in curly brackets identifies Masimo's proposed language.

# TABLE OF CONTENTS

I.      NATURE OF THE ACTION ........................................................................... 5

II.     BASIS FOR FEDERAL JURISDICTION ...................................................... 6

III.    FINDER OF FACT......................................................................................... 6

IV.     CASE NARROWING ..................................................................................... 6

V.      STATEMENT OF THE FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF ("ADMITTED FACTS")............................................................. 7

VI.     STATEMENT OF THE ISSUES OF FACT THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("CONTESTED FACTS") ............................... 7

VII.    STATEMENT OF THE ISSUES OF LAW THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("ISSUES OF LAW") .................................... 8

VIII.   LIST OF PREMARKED EXHIBITS THAT EACH PARTY INTENDS TO OFFER AT TRIAL ("EXHIBIT LIST") ......................................................... 8

IX.     THE NAMES OF ALL WITNESSES A PARTY INTENDS TO CALL TO TESTIFY ("WITNESS LIST")...................................................................... 10

        A.     Witness List .................................................................................... 10

        B.     Deposition Designations ................................................................. 11

X.      PLAINTIFF'S BRIEF STATEMENT OF PROOF AND DAMAGES ........................... 11

XI.     MASIMO'S BRIEF STATEMENT OF PROOF .............................................. 13

XII.    COUNTERCLAIMANT'S BRIEF STATEMENT OF PROOF...................... 15

XIII.   COUNTERCLAIM DEFENDANT'S BRIEF STATEMENT OF PROOF .................... 15

XIV.    AMENDMENTS OF THE PLEADINGS DESIRED BY ANY PARTY ....................... 15

XV.     CERTIFICATION THAT THE PARTIES HAVE ENGAGED IN A GOOD FAITH EFFORT TO EXPLORE SETTLEMENT....................................................... 16

XVI.    MOTIONS *IN LIMINE* .................................................................................. 16

XVII.   TRIAL DISCLOSURE SCHEDULE ............................................................. 16

        A.     Exhibits And Demonstratives For Opening Statements ...................... 16

B.    Notice of Witnesses, Exhibits, and Demonstratives For Direct Examination ................................................................................ 18

    1.    List Of Witnesses ................................................................ 18

    2.    Deposition Testimony .......................................................... 20

    3.    Trial Exhibits For Direct Examination ................................. 23

    4.    Demonstrative Exhibits For Direct Examination .................. 24

    5.    Physical Exhibits ................................................................. 26

    6.    Witness Binders ................................................................... 26

    7.    Cross Examination ............................................................... 27

C.    Party Opponent Statements .......................................................... 27

D.    Authenticity of Exhibits; Copies of Documents ........................... 28

XVIII. MOTIONS FOR JUDGMENT AS A MATTER OF LAW ............................ 29

XIX.    OTHER MATTERS ..................................................................................... 29

A.    Length of Trial ............................................................................. 29

B.    Jury Binders ................................................................................. 29

C.    Other Stipulations ........................................................................ 30

# LIST OF EXHIBITS

1.  The Parties' Joint Statement of Admitted Facts

2.  Apple's Statement of Contested Facts

3.  Masimo's Statement of Contested Facts

4.  Apple's Statement of Issues of Law

5.  Masimo's Statement of Issues of Law

6.  Apple's Exhibit List

7.  Masimo's Exhibit List

8.  Apple's Witness List

9.  Masimo's Witness List

10. Apple's Deposition Designations

11. Masimo's Deposition Designations

12. Apple's Motions *in Limine*

13. Masimo's Motions *in Limine*

On October 4, 2024, the Court will hold a pretrial conference pursuant to Federal Rule of Civil Procedure 16 in C.A. No. 22-1377-JLH and C.A. No. 22-1378-JLH.  (1377 Case D.I. 649). Trial will begin October 21, 2024.  (*Id.*)  The parties submit for the Court's approval this proposed Pretrial Order governing the trial pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Order.  (1377 Case D.I. 103).  The October 21, 2024 trial is on a subset of the total claims in the 1377 and 1378 cases, and therefore a separate pretrial process will be set for any subsequent trial on any remaining counterclaims.  The Court will set a separate proceeding to hear testimony and receive evidence specific to Apple's injunction request after the October 21, 2024 trial, if necessary.

**Plaintiff Counsel:**  Plaintiff And Counterclaim-Defendant Apple Inc. ("Apple") is represented by:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
Benjamin Luehrs
Taeg Sang Cho
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

David Shaw
DESMARAIS LLP
1899 Pennsylvania Avenue NW Suite 400
Washington, DC 20006
Tel: (202) 451-4900

Jennifer Milici
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Vinita Ferrera
Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

David E. Moore
Bindu A. Palapura
Andrew Moshos
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000

2

**Defendants' Counsel:**

Joseph R. Re
Stephen C. Jensen
Irfan A. Lateef
Benjamin A. Katzenellenbogen
Edward M. Cannon
Nicholas Zovko
Kendall M. Loebbaka
Jeremy A. Anapol
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
irfan.lateef@knobbe.com
ben.katzenellenbogen@knobbe.com
ted.cannon@knobbe.com
nicholas.zovko@knobbe.com
brian.claassen@knobbe.com
kendall.loebbaka@knobbe.com
jeremy.anapol@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Jonathan Bachand
Knobbe, Martens, Olson & Bear, LLP
1717 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
(202) 640-6400 Telephone
(202) 640-6401 Facsimile
jonathan.bachand@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
Phillips Mclaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone

(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

## I.    <u>NATURE OF THE ACTION</u>

1.    Apple filed this action for patent infringement against Masimo Corporation and Sound United, LLC (together, "Masimo" or "Defendants") on October 20, 2022. Apple brought suit in two cases, asserting infringement of design patents (C.A. No. 22-1377-JLH, the "1377 Case") and utility patents (C.A. No. 22-1378-JLH, the "1378 Case").  In the 1377 Case, Apple asserts that Masimo has infringed the claims of U.S. Patent Nos. D883,279, D947,842, D962,936, and D735,131 ("Apple's Design Patents").  In the 1378 Case, Apple asserts that Masimo has infringed the claims of U.S. Patent Nos. 10,627,783, 10,942,491, 10,987,054, 11,106,352, and 11,474,483 ("Apple's Utility Patents").

2.    Masimo and Cercacor (together "Masimo") filed counterclaims in the 1378 Case, asserting antitrust, false advertising, unfair competition, and patent infringement counterclaims of ten utility patents.  (*See* 1378 Case, D.I. 15.)

3.    The October 21 trial will proceed on (i) Apple's utility and design patent infringement claims (if they survive summary judgment), (ii) Masimo's invalidity and unenforceability defenses and counterclaims pertaining to Apple's patents (including any claims/defenses asserting inequitable conduct, if they survive summary judgment), and (iii) the fraud-on-the-patent-office element of Masimo's *Walker Process* claim (if it survives summary judgment).  (1378 Case, D.I. 671.) This Proposed Final Pretrial Order addresses the issues enumerated above and subsequent trial(s) will address remaining issues.

4.    The operative pleadings in the 1377 Case are Apple's Complaint (D.I. 1), Masimo's First Amended Answer to Complaint and Counterclaims (D.I. 138), and Apple's Answer to Masimo's First Amended Counterclaims (D.I. 486).

5.    The operative pleadings in the 1378 Case are Apple's Complaint (D.I. 1), Masimo's Answer to Complaint and First Amended Counterclaims (D.I. 132), and Apple's Answer to Masimo's First Amended Counterclaims (D.I. 513).

## II.    BASIS FOR FEDERAL JURISDICTION

6.    The basis for federal jurisdiction is statutory and pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action under the patent laws of the United States.

## III.    FINDER OF FACT

7.    The Parties agree that the fraud element of Masimo's antitrust counterclaim will be tried to a jury.  Apple does not agree that the issues of inequitable conduct should be tried to the jury to the extent the issues are tried outside of the *Walker Process* context.  Apple contends that its patent claims should be tried to a jury.  Masimo contends that Apple has no right to a jury trial on those claims and the claims must be tried to the bench because Masimo does not consent to try those claims to a jury under Rule 39.

## IV.    CASE NARROWING

8.    Apple currently asserts the following claims:

| Asserted Claims |
| --- |
| The claim of D962,936 |
| The claim of D947,842 |
| The claim of D883,279 |
| The claim of D735,131 |
| 11,474,483 claims 1,2,3,6,7,9,12,13 |
| 10,942,491 claims 1,7,9,13,17 |

| | |
|---|---|
| 10,627,783 claim 16 | |
| 10,987,054 claims 1,2,9,15,16 | |
| 11,106,352 claim 9 | |

9.    << APL: Apple should not be required to further narrow its asserted claims until after the Court has issued its anticipated rulings at the pretrial conference.  Apple has proposed the following process for further narrowing the asserted claims and prior art grounds to be presented after the pretrial conference:

- 10/12 – Apple narrows to the claims it intends to present at trial, a maximum of 8 asserted claims

- 10/14 – Masimo narrows to the prior art grounds it intends to present at trial, maximum of 2 grounds per claim >>

10.    {{ MAS: Apple's case should be limited to four claims, and Apple should identify those claims immediately.  Before September 25, 2024, Apple asserted 50 claims in this case.  On September 25, Apple reduced its case to 24 asserted claims.  It is unreasonable for Apple to maintain this many claims this close to trial.  Apple's delay identifying the claims it will assert has prejudiced Masimo's ability to prepare for trial.  Two business days after Apple identifies the four claims it will assert, Masimo will identify two prior-art-based defenses for each claim.  }}

## V.    STATEMENT OF THE FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF ("ADMITTED FACTS")

11.    The parties' Joint Statement of Admitted Facts is attached as **Exhibit 1**.

## VI.    STATEMENT OF THE ISSUES OF FACT THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("CONTESTED FACTS")

12.    Apple's Statement of Contested Facts is attached as **Exhibit 2.**

13.    Masimo's Statement of Contested Facts is attached as **Exhibit 3.**

14.     The Court's anticipated rulings on the pending claim construction, summary judgment, *Daubert* motions, and motions *in limine* may impact the issues of fact to be litigated.  The parties reserve the right to << APL: modify or supplement >> {{ MAS: narrow }} their statements of fact that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## VII.   STATEMENT OF THE ISSUES OF LAW THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("ISSUES OF LAW")

15.     Apple's Statement of Issues of Law is attached as **Exhibit 4.**

16.     Masimo's Statement of Issues of Law is attached as **Exhibit 5.**

17.     The Court's anticipated rulings on the pending claim construction, summary judgment, *Daubert* motions, and motions *in limine* may impact the issues of law to be litigated.

## VIII.   LIST OF PREMARKED EXHIBITS THAT EACH PARTY INTENDS TO OFFER AT TRIAL ("EXHIBIT LIST")

18.     Apple's Exhibit List is attached as **Exhibit 6.**

19.     Masimo's Exhibit List is attached as **Exhibit 7**.

20.     Any document not listed in Exhibits 6 and 7 will not be admitted into evidence at trial, absent good cause shown.  The parties must submit electronic copies of all trial exhibits to the Court no later than Noon Eastern Time on the Friday before trial begins.

21.     Notwithstanding the foregoing, the parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

22.  The parties agree that any party may use any exhibit disclosed on any other party's exhibit list to the same extent as those identified on its own exhibit list, subject to any objections by any party opposing such use.

23.  << APL: Exhibits for which a witness appearing live or by deposition provides foundational testimony at trial, which are offered into evidence at trial, and to which the opponent does not object, shall be received into evidence by operation of this Order. >> {{ MAS: Masimo proposes removing this language. }}

24.  The parties agree that if any party removes or otherwise withdraws an exhibit from its exhibit list, the other party may use that same exhibit, regardless of whether the exhibit was originally on its exhibit list.  The parties also agree that the parties may object to such exhibits, other than an objection based on untimely listing.

25.  The parties agree that any description of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material.

26.  Exhibits may be introduced via video deposition testimony.  Any party that has used an exhibit with the witness in the deposition and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by trial exhibit number.

27.  Admissions by a party from any interrogatory responses, other discovery responses, or answers to pleadings may also be read into the record at trial, provided the party seeking to read such interrogatory responses, discovery responses, or answers to pleadings complies with the exchange rules set forth herein.

28.     Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

29.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

30.     Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

31.     Exhibits that are United States patents and published patent applications shall be presumed authentic within the meaning of Federal Rules of Evidence 901.

32.     At the conclusion of trial, the parties will jointly provide the Court with a binder and electronic set of the admitted exhibits.

## IX.     THE NAMES OF ALL WITNESSES A PARTY INTENDS TO CALL TO TESTIFY ("WITNESS LIST")

### A.     Witness List

33.     Apple's Witness List is attached as **Exhibit 8.**

34.     Masimo's Witness List is attached as **Exhibit 9.**

35.     The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify and does not mean that the listing party has the power to compel the live testimony of that witness or make that witness available to the opposing party, including but not limited to via any trial subpoena.

36.     {{ MAS: Masimo objects to Apple calling Mathieu Charbonneau-Lefort.  Apple did not identify Mr. Charbonneau-Lefort in its initial disclosures or in interrogatory responses. }} << APL: ███████████████████████████

10

by Masimo, was deposed by Masimo, and is on Masimo's witness list.  Masimo faces no prejudice and Apple has good cause to call Mr. Charbonneau-Lefort.  >>

**B.    Deposition Designations**

37.    Apple's Deposition Designations are attached as **Exhibit 10.**[2]

38.    Masimo's Deposition Designations are attached as **Exhibit 11.**

39.    Deposition testimony not specifically identified on a party's deposition designation list or exhibit list may be used at trial only for the purpose of impeachment, if otherwise competent for such purpose.

## X.    PLAINTIFF'S BRIEF STATEMENT OF PROOF AND DAMAGES

40.    Apple will show at trial that Defendants infringe Apple's Design Patents by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products that embody the designs claimed in Apple's Design Patents or a colorable imitation thereof.  Defendants' infringing products include the Masimo W1, Masimo Health Module, Masimo Freedom, and Masimo Charger (the "Design Accused Products").  Apple will show that the designs embodied in the Design Accused Products are substantially similar to the designs claimed in Apple's Design Patents in the eye of an ordinary observer.

41.    Apple will also show at trial that Defendants infringe Apple's Utility Patents by making, using, selling, and/or offering for sale in the United States, and/or

---

[2] Apple served amended and corrected deposition designations and counter-counter designations on September 19, 2024.  Masimo identified discrepancies in Apple translating Masimo's objections and counters to the corrected designations.  While Masimo believes the attached exhibit identifies many of Masimo's objections and counter designations, Masimo is continuing to review Apple's amended and corrected deposition designations.  Moreover, Apple is in the process of reviewing its deposition designations in an effort at further narrowing.  Accordingly, the parties agree that they may amend or supplement this exhibit.

importing into the United States, products that practice the claims of Apple's Utility Patents. Defendants' infringing products include the Masimo W1, and Masimo Freedom.

42.    At trial, Apple will seek damages pursuant to 35 U.S.C. § 289 for Defendants' infringement of Apple's Design Patents through trial. Apple will seek damages pursuant to 35 U.S.C. § 284 for Defendants' infringement of Apple's Utility Patents through trial. Apple contends that damages are available from the earliest date of known infringement through trial and will ask the jury to award damages of at least $250.[3]

43.    Apple further seeks a permanent injunction to stop Defendants' continued post-trial use of the infringing technology. Apple intends to prove that Defendants' infringement of Apple's Design Patents and Apple's Utility Patents has caused and will continue to cause Apple irreparable harm, including but not limited to harm to Apple's position, reputation, and goodwill, unless and until Defendants' infringing activities are enjoined; that remedies available at law are inadequate to compensate for the injury caused by Defendants' infringement; that, considering the balance of hardships, a remedy in equity is warranted; and that the public interest would not be disserved by a permanent injunction.

44.    Apple further seeks an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interest, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal

---

[3] Should Defendants provide updated financial information regarding sales of the Accused Products, Apple may seek additional damages.

Rule of Civil Procedure 54. Apple also seeks treble damages based on Defendants' willful infringement of the patent-in-suit.

XI.    **MASIMO'S BRIEF STATEMENT OF PROOF**

45.    Apple will not show that Masimo infringes Apple's Design Patents. Although Masimo does not bear the burden of proof on infringement, it will show that it does not infringe.

46.    Apple should not be allowed to assert willfulness. If Apple were allowed to assert willfulness, Apple would not show that Masimo willfully infringed any of Apple's Design Patents. Although Masimo does not bear the burden of proof on willfulness, it would show that any alleged infringement was not willful.

47.    Masimo will show that the Apple Design Patents are invalid under 35 U.S.C. § 103 for obviousness.

48.    Masimo will show that the Apple Design Patents are invalid under 35 U.S.C. § 115 for improper inventorship.

49.    Masimo will show that the Apple Design Patents are invalid under 35 U.S.C. § 112 for indefiniteness.

50.    Masimo will show that the Apple Design Patents are invalid under 35 U.S.C. § 171 for functionality/lack of ornamental design.

51.    Masimo will show that the Apple Design Patents were procured through fraud on the Patent Office and are unenforceable.

52.    Apple will not show that Masimo infringes the Apple Utility Patents. Although Masimo does not bear the burden of proof on infringement, it will show that it does not infringe.

53.     Apple should not be allowed to assert willfulness.  If Apple were allowed to assert willfulness, Apple would not show that Masimo willfully infringed any of Apple's Utility Patents.  Although Masimo does not bear the burden of proof on willfulness, it would show that any alleged infringement was not willful.

54.     Masimo will show that claims 1, 6, 9, 14, 17, and 22 of the '352 Patent are invalid under 35 U.S.C. § 101 for failure to claim eligible subject matter.

55.     Masimo will show that claim claims 1-3, 6, 7, 9, 12, and 13 of the '483 Patent, claims 1, 2, 9, 15, and 16 of the '054 Patent, claim 16 of the '783 Patent, claims 1, 7, 9, 13, and 17 of the '491 Patent, and claim 9 of the '352 Patent are invalid under 35 U.S.C. § 103 for obviousness.

56.     If Apple establishes that Masimo has infringed one or more of Apple's Design Patents, and Masimo does not prove that the patent is invalid or procured by fraud, then Apple shall recover the statutory minimum disgorgement of $250 pursuant to 35 U.S.C. § 289.

57.     Apple is not entitled to pursue any further remedy beyond the statutory minimum disgorgement of $250 pursuant to 35 U.S.C. § 289 and may not pursue or recover damages under 35 U.S.C. § 284 for infringement of any of Apple's Utility or Design Patents.

58.     Because Apple has not disclosed the basis to recover damages under §284, Masimo cannot possibly respond to any damages contention from Apple.

59.     Because monetary awards under 35 U.S.C. § 289 cannot be enhanced, Masimo need not present evidence on whether Apple is entitled to treble damages.

60.    If Apple were to prove infringement of any valid claims, Apple would not be able to demonstrate that it is entitled to an injunction.  Although Masimo does not bear the burden of proof, Masimo would show that Apple is not entitled to an injunction.

61.    Masimo is entitled to an award of attorneys' fees incurred in this litigation.

62.    Masimo is entitled to an award of costs and such other relief in law or equity as the Court deems just and proper.

63.    Apple is not entitled to an award of attorneys' fees.

## XII.    COUNTERCLAIMANT'S BRIEF STATEMENT OF PROOF

64.    Masimo will show that Apple procured the Apple Design Patents by fraud as an element of its antitrust counterclaims, the remaining elements of which Masimo will present in a subsequent trial.

## XIII.    COUNTERCLAIM DEFENDANT'S BRIEF STATEMENT OF PROOF

65.    Masimo will not show that Apple's Design Patents are invalid or were procured by fraud on the Patent Office.[4]  Although Apple does not bear the burden of proof on either issue, Apple will show that Apple's Design Patents are valid and were not procured by fraud on the Patent Office.

## XIV.    AMENDMENTS OF THE PLEADINGS DESIRED BY ANY PARTY

66.    The parties do not seek any amendments of the pleadings at this time.

---

[4] Apple does not agree that inequitable conduct theories based on alleged "affirmative misrepresentations" or "affirmative egregious misconduct" are properly at issue in this case. Additionally, Masimo's inequitable conduct allegations continue to broadly point to ▮ people—27 people currently or previously at Apple who Masimo says each committed fraud before the Patent Office and ▮ additional people Masimo says should be named as inventors.

## XV. CERTIFICATION THAT THE PARTIES HAVE ENGAGED IN A GOOD FAITH EFFORT TO EXPLORE SETTLEMENT

67.    The parties certify that they have engaged in a good-faith effort to resolve the controversy by settlement.

## XVI. MOTIONS *IN LIMINE*[5]

68.    Apple's motions *in limine*, Defendants' oppositions thereto, and Apple's replies are attached hereto as **Exhibit 12**.

69.    Masimo's motions *in limine*, Apple's oppositions thereto, and Masimo's replies are attached hereto as **Exhibit 13**.

70.    The parties agree to the following:

- The parties will not present evidence, testimony, or argument referencing jury consultants or focus groups before or during trial.

- The parties will not introduce evidence, testimony, or argument regarding counsel fees and fee arrangements.

## XVII. TRIAL DISCLOSURE SCHEDULE

### A. Exhibits And Demonstratives For Opening Statements

71.    If a party intends to use an exhibit (or any portion thereof) during its opening statement, the party shall disclose the exhibit(s) by **1:00 P.M.** one day[6] before opening statements.  The opposing party will provide objections by **3:00 P.M.** one day before opening statements (i.e., the same day).  The parties will meet and confer to resolve any objections to opening exhibits by **5:00 P.M.** one day before opening statements (i.e., the same day).

---

[5] Due to volume, both parties' exhibits to the MILs have been submitted to the Court on a thumb drive.

[6] As used herein, "day" means calendar day.

72.    If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning of opening statements. The parties shall attach to the email digital copies of all objected to exhibits and provide a one- or two-sentence statement about the dispute.

73.    The parties will exchange demonstratives to be used in opening statements by **1:00 P.M.** one day before opening statements.   The parties will provide any objections to such demonstratives by **3:00 P.M.** one day before opening statements (i.e., the same day).   The parties will meet and confer to resolve any objections to opening demonstratives by **5:00 P.M.** one day before opening statements (i.e., the same day).

74.    If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning of opening statements. The parties shall attach to the email digital copies of opening statements and provide a one- or two-sentence statement about the dispute.

75.    The party shall provide a color representation of the opening demonstrative exhibits in PDF form in the order of intended use with slide numbers as they will be numbered for use at trial.  The PDF shall be provided in an identical clarity and resolution as to be used at trial.  Any opening demonstrative exhibits that include video animations will be provided to the other side via a secure file share link in a manner that allows the receiving party to play the video in the demonstrative.

76.    << APL: This provision does not apply to demonstrative exhibits created during opening statements, which do not need to be provided to the other side in advance of their use. >> {{ MAS: This provision applies to all demonstrative exhibits created during opening statements, which need to be disclosed to the other side in advance of their use. }}

77.    Blow-ups or highlights of exhibits and demonstratives for opening statements are not required to be provided to the other side in advance of their use under this provision.

**B.    Notice of Witnesses, Exhibits, and Demonstratives For Direct Examination**

**1.    List Of Witnesses**

78.    A party will provide a list of witnesses that the party intends to call, the order the party expects to call the witnesses, and the method of testimony (*i.e.*, live or by deposition) by **7:00 P.M.** two days before the witnesses are expected to testify. The parties' witness disclosures will reflect a good faith determination of the witnesses that the party will call. A party will provide an updated list of witnesses the party intends to call and the order the party intends to call the witnesses by **6:00 P.M.** one day before the day the witnesses are expected to testify. The updated list may not add any witnesses not on the list disclosed the previous day. The parties shall provide any objections to a witness by **8:00 P.M.** one day before the witness is expected to testify. The parties will meet and confer to resolve any objections to a witness by **9:00 P.M.** one day before the witness is expected to testify.

79.    If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning that the witness is to

testify. The parties shall provide in the email a one- or two-sentence statement about the dispute.

80.  Any fact witness made available to testify live in court will only be called once. Witnesses listed by a party as a live "will call" witness will be called during the case of the party bringing the witness and will not be presented by either party by deposition testimony. In other words, Apple's "will call" fact witnesses relevant to Apple's case-in-chief will testify live during Apple's case-in-chief, and Masimo's "will call" fact witnesses will testify live during Masimo's case. The Parties may still, however, use deposition testimony for purposes of impeachment.

81.  The following witnesses are listed by Apple as "may call" live witnesses and by Masimo as witnesses to be called by deposition: ███████████████████ ████████████████████████████████████ If Apple intends to bring any of those witnesses to trial to testify live, it must notify Masimo {{ MAS: by October 7, 2024. Masimo shall have the right to call such a witness to testify live as an adverse witness in Masimo's case. If Masimo foregoes that opportunity, Apple may call the witness to testify live as a rebuttal witness to Masimo's fraud counterclaim after Masimo has completed its case. }} << APL: by 7:00 P.M. two days before the witnesses are expected to testify. If Apple decides not to call one of its "may call live" witnesses, then Masimo does not have any right to call that witness live because none of these witnesses are located within the Court's subpoena power under FRCP 45. >>

82.  During adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination

until the witness is passed for cross-examination and cross-examination has commenced. At that point, the party may not discuss with the witness his or her testimony until redirect is complete.

### 2. Deposition Testimony

83. If a party intends to call a witness at trial by deposition testimony, the party shall identify its deposition designations for that witness by **7:00 P.M.** << APL: **seven days** >> {{ MAS: **ten days** }} before the day the party expects to read or play the deposition testimony. The parties' disclosures will reflect a good faith determination of the deposition testimony that they will actually offer at trial. A party may not play deposition testimony not disclosed in its designations attached to this Pretrial Order (Exhibits 10 and 11), except as otherwise agreed by the parties including as set forth in footnote two. The identification of deposition designations (as well as counter-designations and counter-counter designations) shall include an (1) identification of the specific pages and lines of the witness's deposition testimony that the party expects to read or play, (2) identification of each trial exhibit that the party seeks to introduce with that testimony, (3) provision of an estimate of the time the testimony will take to read or play, and (4) any transition statement to introduce the witness. The other party shall then provide any objections to the identified testimony and exhibits and identify its counter-designations to the identified testimony by **7:00 P.M.** << APL: **six days** >> {{ MAS: **seven days** }} before the day the deposition testimony is expected to be read or played. The original party shall provide any objections to the counter-designated testimony and identify any counter-counter designations by **7:00 P.M.** five days before the day the deposition testimony is expected to be read or played.

Objections to counter-counter designations must be provided by **7:00 PM** four days before the day the deposition testimony is expected to be read or played. The parties will meet and confer to resolve any objections to deposition testimony by **9:00 P.M.** three days before the day the deposition testimony is expected to be read or played.

84.     When a witness is called to testify by deposition at trial, by **6:00 P.M.** two days before the witness is going to be called, the party calling the witness shall provide the Court with two copies of the entire deposition transcript with highlights of the designations and counter designations that will be read or played, a box around any objected-to testimony, and a concise indication in the margin of the pending objections (e.g., "402"). The party calling the witness shall also provide a cover letter that includes a chart with any pending objections and a one-sentence basis for the objection and a one-sentence response to the objection.

85.     On the day the testimony is to be played, the party calling the witness shall provide an additional copy for the court reporter.

86.     The parties need not provide deposition designations for a witness that the opposing party designates as a "will call" witness. If such "will call" witnesses are removed from the "will call" list, the opposing party will have an opportunity to provide deposition designations.

87.     If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations or counter-counter-designations, the opposing parties may use such dropped testimony as counter-designations or counter-counter designations to the extent the usage of such testimony in such manner is otherwise consistent with Federal Rule of Evidence

106, Federal Rule of Civil Procedure 32, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

88.    The party introducing the deposition testimony will be responsible for editing the deposition video to include the testimony and counter-designated testimony, minus attorney objections, and will provide the final edited video to the other party by **7:00 P.M.** two days before the deposition testimony is to be played to the jury.  The exchange format consists of: (a) a download link to the Video file; and (b) PDF Clip Report for each witness (cover page to include total run time, Apple's Designation Run Times, Masimo's Designation Run Times, and a listing of exhibits included in the testimony).  Objections to the video shall be provided no later than **8:00 P.M.** one day before the testimony will be introduced.

89.    The deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.  All irrelevant material, including colloquy between counsel and objections, will be eliminated when the deposition is played or read.  If a party is designating deposition testimony from multiple depositions of the same witness, the designating party may choose what order to play the videos from those depositions.  The witness's designated testimony from each deposition shall be played or read in chronological order in its entirety before the designations from the next deposition are begun.  The chronological order requirement does not apply to the use of deposition transcripts or video for impeachment purposes.

90.    For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name,

position or title, and/or the entity with which he or she is associated. No other information may be included in the transition statement, unless otherwise agreed to by the parties. The party offering the deposition testimony at trial shall announce the total run time attributable to each side.

91.    The time available for each side's trial presentation shall be reduced by the length of its designations and counter-designations actually played or read at trial.

        **3.    Trial Exhibits For Direct Examination**

92.    A party will provide a list of trial exhibits to be used in connection with direct examination, including indicating with which witness the trial exhibits will be used by **6:00 P.M.** one day before their intended use (for example, disclosure is due on Monday for a witness testifying on Tuesday). The parties' disclosures will reflect a good faith determination of the exhibits that will be used with a particular witness, and reasonable efforts will be made to streamline disclosures such that they include few, if any, exhibits that do not ultimately get used with the witness. The parties shall provide any objections to trial exhibits by **8:00 P.M.** one day before their intended use. The parties will meet and confer to resolve any objections to trial exhibits to be used for direct examination by **9:00 P.M.** one day before their intended use.

93.    If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning that the evidence is to be presented. The parties shall attach to the email digital copies of all relevant exhibits and provide a one- or two-sentence statement about the dispute.

### 4.    Demonstrative Exhibits For Direct Examination

94.    A party will provide demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used by **6:00 P.M.** one day before their intended use.  The parties shall provide any objections to demonstrative exhibits by **8:00 P.M.** one day before their intended use.  The parties will meet and confer to resolve any objections to demonstrative exhibits to be used for direct examination by **9:00 P.M.** one day before their intended use.

95.    If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning that the evidence is to be presented.  The parties shall attach to the email digital copies of all relevant demonstratives and provide a one- or two-sentence statement about the dispute.

96.    The party disclosing the demonstrative exhibits shall identify and disclose all trial exhibits that are incorporated into or referenced in any way in the demonstratives at the same time the party discloses the demonstrative exhibit.  The disclosure shall identify which exhibits are used in which demonstratives, either separately or within the demonstratives themselves.

97.    The party shall provide a color representation of the demonstrative exhibit in PDF form in the order of intended use with slide numbers as they will be numbered for use at trial.  The PDF shall be provided in an identical clarity and resolution as to be used at trial.  Any demonstrative exhibits that include video animations will be provided to the other side via a secure file share link in a manner that allows the receiving party to play the video in the demonstrative.

24

98.    << APL: This provision does not apply to demonstrative exhibits created during direct examination, which do not need to be provided to the other side in advance of their use.  This provision also does not apply to displaying previous trial testimony to a witness on direct examination.  A party who creates a demonstrative in the courtroom must provide the other party with a photograph or other electronic file of the demonstrative by **7:00 P.M.** the day it was created.  >>  {{ MAS: This provision applies to demonstrative exhibits created during direct examination, which must be disclosed to the other side in advance of their use at **6:00 P.M.** the day before the testimony is used with a witness on direct examination.  It also applies to displaying previous trial testimony, which must be disclosed to the other side at **6:00 P.M.** the day before the testimony is used with a witness on direct examination.  A party who creates a demonstrative in the courtroom must provide the other party with a photograph or other electronic file of the demonstrative by **7:00 P.M.** the day it was created. }}

99.    << APL: In addition, demonstrative slides or physical prints/boards consisting solely of blow-ups, highlights, or underlining of admitted trial exhibits or parts of admitted trial exhibits, without more, are not required to be provided to the other side in advance of their use under this provision. >> {{ MAS: All demonstrative slides and physical prints/boards must be disclosed as described herein. }}

100.    << APL: Demonstratives previously displayed during the trial do not need to be disclosed again. >>  {{ MAS: All demonstratives, including previously displayed demonstratives, must be disclosed as described herein. }}

101.    Parties may make reasonable, non-substantive edits or corrections of typographical and similar errors to a demonstrative provided that the party promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstrative exhibit is presented to the jury.

### 5.    Physical Exhibits

102.    Four days before the first day of trial the parties shall make available for inspection in Wilmington, Delaware any physical exhibits to be used at trial, labeled with an exhibit number, whether such physical exhibits will be admitted into evidence or used as demonstratives. For purposes of clarity, such physical exhibits do not include document trial exhibits or graphical demonstratives, which are subject to the disclosure provisions above.  The provisions included in this paragraph are not intended as a waiver of any argument that a physical exhibit was not timely produced during discovery or properly included on the producing party's exhibit list.

103.    The parties shall provide a color representation in PDF form of any physical demonstrative exhibit, identify the PDF as a representation of a physical demonstrative, and make the physical demonstrative available for inspection no later than the **6:00 P.M.** deadline to disclose demonstratives.

### 6.    Witness Binders

104.    The parties agree to provide witness binders for each fact and expert witness for direct examination.  To the extent a party prepares a binder of trial or demonstrative exhibits for a witness, the party will provide at least one copy to the opposing party at the same time the binder is presented to the witness.  ***\*\*\**** copies of such binders must be provided to the Court at the time they are provided to the witness.

26

### 7.    Cross Examination

105.    << APL: The parties will not exchange trial or demonstrative exhibits to be used in cross examination.  The party conducting cross examination will provide the opposing party copies of the exhibits at the same time that they are given to the witness and the Court.  Documents, deposition transcripts, or other items (or portions thereof) may still be used for cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes. >>

106.    {{ MAS: The parties will not exchange trial or demonstrative exhibits to be used in cross examination until cross examination begins.  The party conducting cross examination must provide a binder to the witness with all of the exhibits the cross-examining party expects it may use with the witness.  The party conducting cross examination must provide *** copies of that binder to the Court and two copies to the opposing party when the party conducting cross examination provides the binder to the witness.  The parties will prepare the cross-examination binders in good faith and will not intentionally include additional documents to obscure the documents the party intends to use to examine the witness.  }}

### C.    Party Opponent Statements

107.    A party shall provide any statement by a party opponent in any pleading, request for admission response, interrogatory response, previous trial testimony, or the Joint Statement of Admitted Facts (or portion thereof) that it intends to read or otherwise present at trial by **6:00 P.M.** two days before their intended use (for example, disclosure is due on Monday if the statement is to be used in court on Wednesday).  The statement shall be provided in the form of its intended use (*e.g.*, any excerption or redaction applied).  The parties shall provide any objections by

**8:00 P.M.** two days before their intended use.  The parties will meet and confer to resolve any objections by **9:00 P.M.** two days before their intended use.

108.   If good faith efforts to resolve objections fail, the parties shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 A.M.** the morning that the evidence is to be presented.  The parties shall attach to the email digital copies of the document the party intends to read or otherwise present at trial and provide a one- or two-sentence statement about the dispute.

109.   This provision does not limit the scope of materials or statements that may be used during cross-examination << APL: or require the disclosure of any materials or statements that are used during cross-examination >>.

**D.    Authenticity of Exhibits; Copies of Documents**

110.   The parties stipulate to the authenticity of each trial exhibit that is a document or thing produced by a party and on its face appears to be generated by the party, including by current or former employees, officers, or agents of the producing party, subject to the right of the party against which such document or thing is offered to adduce evidence to the contrary. Notwithstanding this stipulation, each party preserves its right to object to the document or thing on any ground other than authenticity.

111.   Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of the patents at issue and the contents of their U.S. Patent and Trademark Office file histories may be offered and received

in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

## XVIII. MOTIONS FOR JUDGMENT AS A MATTER OF LAW

112.    The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed.  The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

## XIX. OTHER MATTERS

### A.    Length of Trial

113.    Each side shall be allotted 14 hours for opening statements, closing arguments, all direct, cross and rebuttal examinations, and all deposition designations.

### B.    Jury Binders

114.    On the first day of trial, each member of the jury will be provided a binder (prepared by the parties) containing Apple's Design Patents and Apple's Utility Patents, a chart listing the Court's claim constructions, any agreed-upon glossary of terms, and a notepad/pen for notes.  The parties will provide witness pages for the jurors to insert in the notebooks at the start of each day when witnesses will be called. The witness page will be an otherwise blank (or lined) page with the name and agreed-upon photographs of the witness.  The parties will also provide the Court two copies of notebooks given to the jurors.

### C.    Other Stipulations

115.    On or before October 18, the parties must file a letter attaching a list of witness names and a glossary of technical terms for the court reporter.


* * *


**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


DATED: _____


_____
United States District Judge

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew M. Moshos (#6685)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    amoshos@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ Megan C. Haney*
    John C. Phillips, Jr. (#110)
    Megan C. Haney (#5016)
    1200 North Broom Street
    Wilmington, DE 19806
    Tel: (302) 655-4200
    jcp@pmhdelaw.com
    mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

OF COUNSEL:

Joseph R. Re
Stephen C. Jensen
Irfan A. Lateef
Stephen W. Larson
Benjamin A. Katzenellenbogen
Edward M. Cannon
Brian C. Claassen
Jared C. Bunker
Mark Lezama
Kendall M. Loebbaka
Douglas B. Wentzel
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Adam Powell
Daniel P. Hughes
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile

Carol M. Pitzel Cruz
Knobbe, Martens, Olson & Bear, LLP
925 4th Ave., #2500
Seattle, WA 98104
206-405-2000 Telephone
206-405-2001 Facsimile

Dated: September 27, 2024
11767172 / 12209.00051
Public Version Dated: October 16, 2024