IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>    *Defendants*. | C.A. No. 22-1377-JLH<br>C.A. No. 22-1378-JLH |

## THE COURT'S PROPOSED VOIR DIRE

Good morning, ladies and gentlemen. We are here to select a jury in a civil case called *Apple v. Masimo*. I am Judge Hall, and I will be presiding over this trial.

For those of you selected to serve as jurors, I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you that this is a patent infringement lawsuit involving electronic watches. The Plaintiff is Apple Inc., which I will call Apple. The defendants are Masimo Corporation and Sound United LLC, who I will refer to together as Masimo. Apple has sued Masimo for alleged patent infringement. Masimo denies that claim.

I will now ask you certain questions, the purpose of which is to: (1) enable the Court to determine whether any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel.

You each have a list of the questions that I am also going to read out loud. If any of you answer "yes" to any of the questions that I ask, please make a note to yourself about which questions you had "yes" answers to. At the end of the questions, the Courtroom Deputy may ask

some of you whether you had any "yes" answers and, after that, the lawyers and I may ask those of you who answered "yes" to one or more questions to come back to the jury room to discuss your answers with the lawyers and me.

The presentation of evidence in this case is expected to take five (5) days, including today, but jury deliberations, which happens after the closing arguments, could extend your service beyond that. The schedule that I expect to keep over the days of evidence presentation will include a morning break of fifteen minutes, a lunch break of up to an hour, and an afternoon break of fifteen minutes. We will start at 9:00 a.m. and finish between approximately 4:30 and 5:00 p.m. each day.

Before I ask any questions, I am going to ask my Courtroom Deputy to swear the jury panel to answer all questions truthfully.

Now I will read the questions. Remember, make a note on your paper if you have a "yes" answer to a particular question.

1. Does the schedule that I have just mentioned present a special problem to you?

2. Have you heard or read anything about this case or any legal disputes between Apple and Masimo?

3. Have you or has someone close to you ever been employed by or owned stock in Apple or Masimo?

4. Do you have any strong feelings (positive or negative) or any opinions about Apple or Masimo that might keep you from being a fair and impartial juror in this case?

5. Do you have any strong feelings (positive or negative) toward medical device companies or large corporations in general?

6. The lawyers and the law firms involved in this case are as follows:

Apple is represented by lawyers from Desmarais LLP and Potter Anderson & Corroon LLP.

From Desmarais LLP: [LIST OF TRIAL PRESENTERS TO BE ADDED BY PARTIES]

From Potter Anderson & Corroon: Bindu Palapura and David Moore.

Masimo is represented by lawyers from Knobbe Martens and Phillips, McLaughlin, and Hall.

From Knobbe Martens: [LIST OF TRIAL PRESENTERS TO BE ADDED BY PARTIES]

From Phillips, McLaughlin, and Hall: Jack Phillips and Megan Haney.

Do any of you know any of the attorneys or law firms I have just named, or have any of you or has someone close to you had any business dealings with, or been employed by, any of those attorneys or law firms?

7. The potential witnesses in this case are: [LIST TO BE ADDED BY PARTIES]. Are you familiar with any of those people?

8. Do you own a smartwatch?

9. If you own or have used any Apple or Masimo products, is there anything about your ownership or use of those products that you think would prevent you from being a fair and impartial juror in this case?

10. Do you have any education, training, or work experience in the fields of engineering, computer science, industrial design, or law?

11. Have you or has someone close to you ever had any experiences with patents, patent law, patent licenses, a dispute about patent rights, or the U.S. Patent and Trademark Office, or do you have strong feelings about any of those things that might make it difficult for you to be a fair and impartial juror in this case?

12. Do you have any feelings about courts or lawsuits that would affect how you view the court system or the parties in the case?

13. Have you or has someone close to you ever been involved in a lawsuit?

14. Have you ever served on a jury?

15. Have you ever had an experience with the legal system that might prevent you from being a fair and impartial juror in this case?

16. Do you have any condition, such as poor vision, difficulty hearing, or difficulty understanding English that would make it difficult or impossible for you to serve as a juror in this case?

17. This is the last question. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think you would like to tell me in connection with your service as a juror in this case?