IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., *Plaintiff*, v. MASIMO CORPORATION and SOUND UNITED, LLC, *Defendants*. | C.A. No. 22-1377-JLH<br>C.A. No. 22-1378-JLH |

**JOINT LETTER REGARDING THE HONORABLE JUDGE HALL'S PROPOSED VOIR DIRE AND PRELIMINARY JURY INSTRUCTIONS**

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff Apple Inc.*

Dated: October 18, 2024

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

Dear Judge Hall:

Pursuant to the Court's Orders (*see* Case No. 1:22-cv-01377, D.I. 706, D.I. 708), Plaintiff Apple Inc. ("Apple"), and Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") (collectively, "Defendants") respectfully provide the following notice of their objections and proposed corrections to the Court's Proposed Voir Dire and Proposed Preliminary Jury Instructions.

## **PROPOSED VOIR DIRE**

Pursuant to D.I. 706, Exhibit A attached hereto is an updated version of the Court's Proposed Voir Dire with witness/counsel names added.

### **Apple's Position**

Apple has no objections or corrections to the Court's Proposed Voir Dire.

Apple notes that Masimo did not provide notice of any portion of its position or arguments laid out below in this document at any time before 1018am ET on Friday, October 18, 2024—i.e., less than 2 hours before this filing was due. Given the unreasonably short notice, Apple responds as follows:

As Apple has set forth numerous times, Apple has the right to a jury trial on these claims. *See, e.g.*, -1377 case, Dkt. Nos. 637, 643, 710.

Masimo's "Additional Qualifying Voir Dire Questions" are inappropriate and unnecessary. In the parties' Joint Proposed Voir Dire (-1377 case, Dkt. No. 673), they included a broader series of questions to fully elucidate these issues. The Court chose to remove those questions, and Apple does not believe it is appropriate to ask only a limited set of them. Apple's individual customer relationships are not akin to the close personal relationships that could cause a potential juror to be unable to be fair and impartial.

Apple does not object to Masimo's "Additional Basic Background Questions," but notes that Masimo did not include those questions in the parties Joint Proposed Voir Dire (-1377 case, Dkt. No. 673) and they will significantly extend voir dire in this timed trial.

Apple does not have adequate time to fully respond to Masimo's "Request that Apple Not Leverage Customer Data in Jury Selection or During Trial," and asks that the Court reject it as untimely, at least. Apple has no intent to use customer data, and Masimo should also agree not to use customer data.

### **Masimo's Position**

Masimo objects to the Court's Proposed Voir Dire because Masimo objects to the Court holding a jury trial in this matter. As Masimo has set forth numerous times Apple, does not have the right to a jury trial on these claims. *See, e.g*., D.I. 727 at 1-3; D.I. 657 at 7-13; D.I. 667 at 1-3; D.I. 603 at 5-6.

The Honorable Jennifer L. Hall
October 18, 2024
Page 3

### 1. Additional Qualifying Voir Dire Questions

Defendants Masimo Corporation and Sound United, LLC respectfully request that the Court include the following additional voir dire questions to qualify jurors and objects to their exclusion:

1. Have you ever owned an Apple watch?

2. If you have owned an Apple Watch, have you used the ECG, heart rate, or blood oxygen features?

3. Have you ever owned a Masimo watch?

4. If you have owned a Masimo watch, have you used the ECG, heart rate, or blood oxygen features?

5. Do you own any other Apple products?

Publicly available research shows that brand loyalty among Apple product owners is extremely high, which may affect jurors' ability to remain fair and impartial in a case where Apple is a party.

A recent study found that 95% of Apple Watch users plan to stick with Apple when they next purchase a smartwatch.[1]  Further, loyal users of a brand are "resilient to negativity" about those brands.[2]  Individuals who are loyal to Apple are likely to have processing biases regarding Apple that will cause them to process information regarding Apple in an illogical or irrational matter.  Thus, the "average person in the position of" an Apple product owner "would be

---

[1] *See* CCS Insight, *Apple and Samsung Lead in Brand Loyalty for Smartwatches, Fitbit Struggles to Retain Users*, CCS Insight, February 12, 2024, *available at* https://www.ccsinsight.com/company-news/apple-and-samsung-lead-in-brand-loyalty-for-smartwatches-fitbit-struggles-to-retain-users/;  *see also* Bloomberg Intelligence, *Despite Stagnant Unit Sales, Apple Loyalty and High-End Adoption May See Apple Revenue in the US Grow in FY24, Finds Bloomberg Intelligence*, Bloomberg, October 5, 2023, *available at* https://www.bloomberg.com/company/press/despite-stagnant-unit-sales-apple-loyalty-and-high-end-adoption-may-see-apple-revenue-in-the-us-grow-in-fy24-finds-bloomberg-intelligence/ (93% of surveyed iPhone users plan to continue purchasing iPhones in the future); Rishad D'Souza, *The enviable brand loyalty of iPhone owners*, YouGov, August 11, 2023, *available at* https://business.yougov.com/content/47087-the-enviable-brand-loyalty-of-iphone-owners (reporting that, according to a recent YouGov poll, two-thirds of iPhone users report being loyal to the Apple mobile phone).

[2] *See* K. Byun, *et al.*, *The preservation of loyalty halo effects: An investigation of the post-product-recall behavior of loyal customers*, Journal of Business Research, Vol. 116, 163-175 (2020) (finding that "[l]oyal customers experience a halo effect of loyalty, which we term a 'loyalty halo' effect, making them defensive in information processing biases toward their favorite products").

The Honorable Jennifer L. Hall
October 18, 2024
Page 4

prejudiced" in this matter. *See United States v. Mitchell*, 690 F.3d 137, 142 (3d Cir. 2012). Of course, a touchstone of a fair trial is an impartial trier of fact—"a jury capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

Courts have excluded jurors with specific knowledge of (or a preexisting relationship with) a party to avoid precisely this risk, because the inclusion of such individuals on the jury could "taint[] the deliberations with information not subject to a trial's procedural safeguards." *United States v. Herndon*, 156 F.3d 629, 636 (6th Cir. 1998) (juror with "specific knowledge about or a relationship with either the parties or their witnesses" "may well deny the litigants their constitutional right to have the case heard by a fair and impartial jury"); *Kelley v. Wegman's Food Markets, Inc.*, No. 02-cv-1377, 2003 WL 21091390, at *2 (E.D. Pa. May 15, 2003) (striking jurors who were customers of the defendant due to their familiarity with the store at issue in trial). Jurors who have owned an Apple watch may have specific knowledge of the Apple watch's function or design that they would improperly include in their deliberations.

For this reason, Defendants believe the above questions should be asked during voir dire to identify jurors who may have brand loyalty to Apple or significant familiarity with Apple's products, so that the Defendants can move to strike those jurors for cause or exercise a peremptory challenge. To the extent the Court sustains Masimo's objection that owners of either parties' watches should not serve on the jury, the Court should delete the sentence on page 19 of the Court's Proposed Jury Instructions: "You may even have the products that this case is about."

### 2. Additional, Basic Background Questions

In addition to the list of "yes / no" questions the Court intends to ask, Masimo respectfully requests that the Court subsequently ask each qualified juror the questions below. It could be the case that a juror will not have any "yes" answers to the Court's Proposed Voir Dire, in which case the parties will not have heard some jurors utter a single word, before having to exercise peremptory challenges. Accordingly, Masimo requests that the Court ask each remaining qualified juror the following background questions:

1. Where do you work?
2. What is your level of education?
3. If you have a spouse, what is their occupation / former occupation?
4. Do you have any children? If so, what are their ages and occupations?
5. Where do you live / where did you grow up?
6. Where do you get your news?
7. What are your hobbies?
8. Do you belong to any clubs / groups?

The parties should have the opportunity to hear each and every juror speak, to evaluate things like

The Honorable Jennifer L. Hall
October 18, 2024
Page 5

personality, how articulate the jurors is, whether there are any language issues, and demeanor, before having to exercise peremptory challenges. Otherwise, the parties could be left exercising peremptory challenges based on a juror's appearance and the limited demographic information provided on the jury list. *See Fietzer v. Ford Motor Co.*, 622 F.2d 281, 285 (7th Cir. 1980) (stock questions that should always be asked include "occupation, spouse's occupation, level of education"); *Art Press, Ltd. v. W. Printing Mach. Co.*, 791 F.2d 616, 619 (7th Cir. 1986) (vacating a jury award when the trial judge did not allow sufficient voir dire, "not even inquir[ing] as to the level of the potential jurors' education" and stressing the need to go beyond stock questions so that "parties [can] intelligently exercise their peremptory challenges").

### 3. Request that Apple Not Leverage Customer Data in Jury Selection or During Trial

Finally, Defendants respectfully request that the Court prevent Apple from leveraging or using private customer data it possesses during jury selection or trial. According to Apple's own website, Apple collects the following user data (https://www.apple.com/legal/privacy/en-ww/):

- **Account Information.** Your Apple Account and related account details, including email address, devices registered, account status, and age

- **Device Information.** Data from which your device could be identified, such as device serial number, or about your device, such as browser type

- **Contact Information**. Data such as name, email address, physical address, phone number, or other contact information

- **Payment Information. Data about your billing address and method of payment, such as bank details, credit, debit, or other payment card information**

- **Transaction Information.** Data about purchases of Apple products and services or transactions facilitated by Apple, including purchases on Apple platforms

- **Fraud Prevention Information.** Data used to help identify and prevent fraud, including a device trust score

- **Usage Data.** Data about your activity on and use of our offerings, such as app launches within our services, including browsing history; search history; product interaction; crash data, performance and other diagnostic data; and other usage data

- **Location Information**.[3] Precise location only to support services such as Find My or where you agree for region-specific services, and coarse location

- **Health Information.** Data relating to the health status of an individual, including data related to one's physical or mental health or condition. Personal health data also includes data that can be used to make inferences about or detect the health status of an individual.

---

[3] https://developer.apple.com/app-store/app-privacy-details/

The Honorable Jennifer L. Hall
October 18, 2024
Page 6

> If you participate in a study using an Apple Health Research Study app, the policy governing the privacy of your personal data is described in the Apple Health Study Apps Privacy Policy.[4]
>
> - **Fitness Information.** Details relating to your fitness and exercise information where you choose to share them
>
> - **Financial Information.** Details including salary, income, and assets information where collected, and information related to Apple-branded financial offerings
>
> - **Government ID Data.** In certain jurisdictions, we may ask for a government-issued ID in limited circumstances, including when setting up a wireless account and activating your device, for the purpose of extending commercial credit, managing reservations, or as required by law
>
> - **Other Information You Provide to Us.** Details such as the content of your communications with Apple, including interactions with customer support and contacts through social media channels

The Court should order Apple to not use any specialized information or knowledge it possesses about any juror during jury selection or trial. Of course, Masimo does not object to Apple using any publicly available data sources to research jurors.

## PROPOSED PRELIMINARY JURY INSTRUCTIONS

On October 17, 2024, Defendants notified the Court that they are no longer asserting invalidity defenses against Apple's asserted U.S. Patent D735,131. *See* Case No. 1:22-cv-01377, Dkt. No. 719. Pursuant to Dkt. No. 708, Exhibit B attached hereto is a redlined version of the Court's Proposed Preliminary Jury Instructions, proposing a change to Instruction No. 2 to account for Defendants withdrawing their invalidity defenses against the D131 patent after the Court issued the Proposed Preliminary Jury Instructions.

**Apple's Position**

Apple has no objections to the Proposed Preliminary Jury Instructions.

Apple again notes that Masimo did not provide notice of any portion of its position or arguments laid out below in this document at any time before 1018am ET on Friday, October 18, 2024—*i.e.*, less than 2 hours before this filing was due. Given the unreasonably short notice, Apple responds as follows:

As Apple has set forth numerous times, Apple has the right to a jury trial on these claims. *See, e.g.*, 1377 case, Dkt. Nos. 637, 643, 710.

For the reasons set forth in Apple's Opposition to Masimo's Motion *in Limine* No. 2, Apple

---

[4] https://www.apple.com/legal/privacy/apple-health-studies/

The Honorable Jennifer L. Hall
October 18, 2024
Page 7

maintains that the issue of willfulness is relevant and should be decided by the jury in these circumstances. Therefore, Apple believes the statements to which Masimo objects in the Court's Proposed Preliminary Jury Instructions should remain.

**Masimo's Position**

Masimo objects to the Proposed Preliminary Jury Instructions because Masimo objects to the Court holding a jury trial in this matter. As Masimo has set forth numerous times, Apple does not have the right to a jury trial on these claims. *See, e.g.*, D.I. 727 at 1-3; D.I. 657 at 7-13; D.I. 667 at 1-3; D.I. 603 at 5-6.

For the reasons set forth in Masimo's Motion *in Limine* No. 2, Masimo maintains that the issue of willfulness is not relevant because enhanced damages are not available. Although willfulness might be relevant to an award of attorneys' fees, that is an issue for the Court and not a jury. Accordingly, Masimo objects to the following statements in the Court's Proposed Preliminary Jury Instructions:

- Page 4: "Plaintiff Apple also asserts that Defendants Masimo's and Sound United's infringement is willful."

- Page 12: "Plaintiff Apple also asserts that Defendants Masimo's and Sound United's infringement of the Asserted Patents was willful."

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff Apple Inc.*

Dated: October 18, 2024

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ Megan C. Haney*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

IT IS SO ORDERED this ____ day of October, 2024.

_____
U.S.D.J.