**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 22-1377-JLH <br> ) C.A. No. 22-1378-JLH <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) |

**JOINT NOTICE REGARDING PROPOSED CLAIM CONSTRUCTION INSERT FOR
<u>JUROR NOTEBOOKS</u>**

During the Final Pretrial Conference, the Court instructed Plaintiff Apple Inc. ("Apple"), and Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") (collectively, "Defendants") to submit the proposed claim construction insert for the juror notebooks for the Court's review. Attached hereto as Exhibit A is the parties' proposed claim construction insert for the juror notebooks in the event that the Court overrules Masimo's objections to submitting this case to a jury. *See* - 1377 [D.I. 709, 710, 715, 718]. The language from the Court's *Markman* Orders is set forth in black text. Masimo's proposed additional language for the design patents is set forth in {{ green text and double brackets }}.

**<u>Apple's position</u>**: Since Masimo raises the point again, Apple notes again that Apple maintains its right to a jury trial. -1377 [D.I. 637, 643, 710].

Apple objects to both of Masimo's proposals for the claim construction insert to the juror notebooks. The Court should reject Masimo's proposed additional language, and it should likewise reject the notion of omitting the Court's design patent claim constructions and certain of the Court's utility patent claim constructions from the notebooks altogether. As set forth in Apple's October 16 letter brief, -1377 [D.I. 710], the Court's *Markman* Opinion and Order

regarding the design patents has already resolved these issues. During claim construction, Masimo tried, and failed, to persuade the Court that Apple's asserted designs are limited to commercial embodiments of those designs, or that any of the language it now re-proposes is appropriate as a matter of claim construction. Masimo's renewed effort to inject exactly the same claim construction language that the Court has already *rejected* is improper and prejudicial to Apple, because it likely to confuse the jury about the proper scope of Apple's claimed designs. Accordingly, the Court should again reject Masimo's additional proposed language.

There is also no basis to withhold from the juror notebooks the Court's current constructions of the design patent claims. The Court's constructions will be helpful to the jury in assessing and understanding the claimed designs while considering infringement and validity in this case. Further, and as the Court has already stated, all aspects of the claimed designs will be presented to the jury regardless of any identification of alleged functional aspects of the claimed designs that the Court may provide at the conclusion of the evidence. - 1377 [D.I. 692] at 7. The Court's construction is that the claimed designs are directed to the patents' figures; there is no evidence that could be presented at trial that will prevent the jury from considering those figures in their deliberations, and thus there is no basis to withhold the Court's construction from the jury.

**Masimo's position**: As set forth in Masimo's October 16 letter brief, Masimo maintains its objection under Rule 39 to submitting this case to a jury. *See* -1378 [D.I. 727] at 1-3. The Court should strike Apple's jury demand and set this case for a bench trial. *Id.*

In addition, the Court's *Markman* Opinion and Order regarding the design patents indicates the Court will determine, based on the evidence presented at trial, whether to give final instructions that include additional guidance regarding identifying functional features. -1377 [D.I. 692] at 7 ("I will leave open the possibility of the Court identifying for the jury the functional aspects, but

instructing the jury that it may still consider those aspects as part of the design 'to the extent that they contribute to the overall ornamentation of the design.'"); *see* -1378 [D.I. 727] at 5. The Court further indicated it will determine, again based on the evidence presented at trial, whether to give additional guidance regarding claim scope in light of the prosecution history. -1377 [D.I. 692] at 7 ("That said, depending on the evidence and arguments presented at trial, the Court remains open to requests to 'usefully guide the finder of fact by . . . assessing and describing the effect of any representations that may have been made in the course of the prosecution history.'").

Masimo suggests that, in light of these open issues, design patent claim constructions should not be included in the jury notebook at this time.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | PHILLIPS MCLAUGHLIN & HALL, P.A. |
| By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew M. Moshos (#6685)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>amoshos@potteranderson.com<br><br>*Attorneys for Plaintiff/Counter-Defendant Apple Inc.* | By: */s/ John C. Phillips, Jr.*<br>John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>Tel: (302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com<br><br>*Attorneys for Defendants Masimo Corporation and Sound United, LLC, Counterclaimant Cercacor Laboratories, Inc.,* |

Dated: October 18, 2024
11835685/ 12209.00051