### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 22-1377-JLH <br> ) C.A. No. 22-1378-JLH <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

### LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE

OF COUNSEL:

John M. Desmarais
Paul A. Bondor
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated: October 22, 2024
11838361 / 12209.00051

Dear Judge Hall:

"[T]here comes a point when claim construction must stop—when a party waives the ability to ask for a dispute to be resolved because it has failed to raise the dispute in a timely way." *Aqua Connect, Inc. v. TeamViewer US, Inc*., 2023 WL 6387791, at *6 (D. Del. Sept. 29, 2023).

There is no reason to entertain Masimo's eleventh-hour request for reconsideration of the Court's preclusion of Masimo's gray-circles theories. The gray circles in the D'279 patent are not claimed. Masimo has no justification for raising this issue at this late juncture in the ***middle of trial***. This is also not an *O2 Micro* situation, because Masimo waived this argument when it repeatedly chose not to characterize the gray circles as an element of the design, or something to be construed during *Markman*. Masimo never timely disclosed any noninfringement or invalidity theories that depend on Masimo's new view of the gray circles, which caused the Court to strike the theories back in February. There is no reason to depart from that ruling now during trial.

Throughout fact discovery and during the claim construction process, no one contended that the gray circles in the D'279 patent are claimed. Masimo never mentioned the gray circles in its Noninfringement or Invalidity Contentions. -1377, D.I. 492, Ex. 4 at 9–27; *id.*, Ex. 5 at 68–123. In its IPR Petition, Masimo never advocated that those circles should be claimed, and the PTAB's construction ***excluded them***. -1377, D.I. 492, Ex 10 at 15. In this Court, Masimo asserted that the patent had ***nine*** different elements, but never identified the gray circles as claimed. -1377, D.I. 492, Ex 9 at 2–10. Masimo's design expert, Mr. Delman, ***admitted*** that, prior to his rebuttal report, he spent sixty hours analyzing the patent and never once identified the gray circles as part of the patent. -1377, D.I. 492, Ex. 31 at 67:1–25. However, during expert discovery, and having lost its efforts in the Patent Office, Masimo chose to switch gears: for the first time in his rebuttal report, Mr. Delman raised the gray circles as a noninfringement theory; and for the first time in his invalidity ***reply*** report, he raised the same circles as an invalidity theory. -1377, D.I. 492, Ex. 15 ¶¶ 228–47; *id.*, Ex. 11 ¶¶ 19–25, 77–80, 236, 237.[1]

Given Masimo's complete failure to timely disclose those theories, the Court granted Apple's motion to strike all of Masimo's theories related to the gray circles. -1377, D.I. 541 (Order). The Court specifically found that Masimo failed to raise those lines during claim construction:

> [M]y recollection […] is we were all here for a really lengthy Markman hearing where Apple was saying, you look at these design patent claims as a whole and Masimo was saying, no, we're going to split them up into all these different elements and **these gray**

---

[1] For its latest incarnation of this argument, Masimo now points to early briefing in the case addressing differences between the Apple Watch and the Masimo W1. For example, Masimo cites long-abandoned assertions from November 2022 that the Apple Watch (but not the design patent) and the W1 "differ greatly" because "Apple Watch includes three gray circles whereas the W1® does not." -1377, D.I. 14 at 13–14. Contrary to Masimo's argument, Apple's expert, Mr. Alan Ball, explained in response that the alleged difference between the products was not a "claimed element[] of the D'279 design." -1377, D.I. 46, Ex. M, ¶¶ 154–55. After Mr. Ball noted that the gray circles were unclaimed and thus irrelevant to infringement, Masimo subsequently dropped ***all*** mention of the gray circles, and did not disclose any gray-circles theory in its claim construction briefing, noninfringement or invalidity contentions, or opening expert reports.

The Honorable Jennifer L. Hall
October 22, 2024
Page 2

> **circles weren't one of those elements**. And so that suggests to me that **nobody was thinking that the gray circles were the element at the time**. . . .
> So **I'm going to grant this request** and the dark circles testimony should be excluded. Given how heavily this case has been litigated, it's challenging to believe that something was overlooked. This seems like a change in position to me. I'm not going to make a finding that it was, but **I am going to exclude it, because it's new**.

(Ex. A (February 22, 2024 Hearing Tr.) at 6, 8.) The Court reiterated in its *Markman* opinion that Masimo was precluded from pursuing its gray-circles invalidity theory "because it was not included in its contentions (as required by the scheduling order) or its opening invalidity report." -1377, D.I. 692, *Markman* Op. & Order at 11.[2]

The Court should continue to exclude Masimo's theories because Masimo has provided no compelling reason for reopening *Markman* at this late stage on an issue that Masimo chose not to pursue and that the Court already found waived months ago. "Permitting new claim constructions on the eve of trial, in all circumstances, would incentivize gamesmanship and circumventing of the Court's orders, and prejudices parties by ambushing them with new arguments after expert reports have already been served," *IBM Corp. v. Zynga Inc.*, 2024 WL 4103765, at *2 (D. Del. Sept. 6, 2024)—and the prejudice only increases *during trial*. While Masimo raised the specter of *O2 Micro* in an effort to escape its clear waiver, the Federal Circuit has held that a district court "did not abuse its discretion in holding that [a party] could not add new claim construction theories on the eve of trial" even where the party argued that "not construing these terms violated *O2 Micro*." *See Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 640–41 (Fed. Cir. 2011).

*O2 Micro* is further not applicable here, where the Court's construction already resolved any dispute between the parties. The Court's constructions properly limit the scope of the claims to the "ornamental design for an electronic device, as shown in Figures 1-9 of the D'279 patent." -1377, D.I. 692 at 3. The Court specifically rejected Masimo's approach of dividing the figures into various "terms." *Id*. at 5–6. Nor is there any reason or need for yet further (waived) claim construction; the law is clear that claimed subject matter in design patents is shown in solid black lines, not gray lines, nor is there any reasonable argument to the contrary. Apple argued this very issue with extensive citations in its Opposition to Masimo's Summary Judgment #2, D.I. 523 at 5, to which Masimo made no substantive response in its reply, D.I. 550 at 5–6.

Masimo chose its claim construction arguments and lost at *Markman*. It tried to invalidate the patent in an IPR under a broader construction and lost. It tried to inject new noninfringement and invalidity theories and lost again. The Court has no obligation to entertain yet another bite at the apple after trial has already begun.

---

[2] In contrast to statements by Masimo's counsel, Apple's motion to strike Masimo's gray circles theories was unambiguously directed to both noninfringement and invalidity. *See, e.g.*, -1377, D.I. 492 at 1 ("Masimo disclosed new ***non-infringement*** and invalidity theories in expert reports"); *id*. at 2 ("First, Masimo never included those arguments in its ***Noninfringement*** or Invalidity Contentions. . . . The following paragraphs in Mr. Delman's rebuttal and reply expert reports, which cover those new ***non-infringement*** and invalidity theories, should be stricken.").

The Honorable Jennifer L. Hall
October 22, 2024
Page 3

                                                         Respectfully,

                                                         *David E. Moore*

                                                         David E. Moore

DEM:rms
11838361 / 12209.00051

cc: Clerk of Court (via hand delivery);
    Counsel of Record (via electronic mail)