*Read in open court 10/31/24*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff*, | |
| v. | C.A. No. 22-1377-JLH |
| | C.A. No. 22-1378-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| *Defendants*. | |

## PRELIMINARY JURY INSTRUCTIONS

## 1. Introduction

Members of the jury: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this case involves patents, I will give you some preliminary instructions regarding patents to assist you in discharging your duties as jurors.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You and only you will be the judges of the facts. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

At the end of the evidence, I will give you instructions on the law to apply in deciding this case, and I'll give you a list of questions that you are then to answer.

This list of questions is called the verdict form. Your answers to these questions will need to be unanimous, and your answers will constitute the verdict in this case.

## 2. Overview of the Case

During the jury-selection process, I advised you that this is a civil action arising under the patent laws of the United States. The parties in this case are the plaintiff, Apple Inc., and the defendants, Masimo Corporation and Sound United, LLC. We will often refer to the plaintiff as Apple, and the defendants as Masimo and Sound United, for short. The case involves United States Design Patent Nos. D735,131, D883,279, and D947,842, which we may refer to as the "Asserted Design Patents," and United States Patent Nos. 10,627,783, 10,987,054, and 11,474,483, which we may refer to as the "Asserted Utility Patents." We may also refer to the Asserted Design Patents and the Asserted Utility Patents collectively as the "Asserted Patents." We may also refer to each patent individually by the last three digits of its patent number.

Plaintiff Apple is the owner of the Asserted Patents. Patents include "claims" that define the legal scope of the patented invention. Plaintiff alleges that the Defendants Masimo and Sound United infringe the following claims of the Asserted Design Patents:

- The Claim of the D'131 patent;
- The Claim of the D'279 patent;
- The Claim of the D'842 patent;

These claims of the Asserted Design Patents may be referred to as the "Asserted Design Claims."

Plaintiff also alleges that the Defendants Masimo and Sound United infringe the following claims of the Asserted Utility Patents:

- Claim 16 of the '783 patent;
- Claim 1 of the '054 patent; and

- Claim 13 of the '483 patent.

These claims of the Asserted Utility Patents may be referred to as the "Asserted Utility Claims." We may also refer to the Asserted Design Claims and the Asserted Utility Claims collectively as the "Asserted Claims."

Generally, the products that Plaintiff accuses of infringement are:

1. Masimo W1 – (a) Original Design and (b) Wave Design

2. Masimo Freedom – (a) Original Design and (b) Wave Design

3. Masimo Health Module – (a) Original Design and (b) Wave Design

4. Masimo Original Charger

Plaintiff Apple also asserts that Defendants Masimo's and Sound United's infringement is willful. Defendants Masimo and Sound United deny that they have infringed the Asserted Claims and also assert that the Asserted Claims are invalid, except Defendants do not assert that the Asserted Claim of the D131 patent is invalid.

### 3.  United States Patents

As I just mentioned, this case is about patents. To help you understand what patents are, the role of the Patent Office, and why disputes over patents arise, you will be shown a video. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system.

During the video, reference will be made to a sample utility patent. A copy of the sample utility patent is contained in your juror notebooks for you to follow along. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[The video will be played.]

There are two basic types of patents in the United States—utility patents and design patents—and this case involves both types.  In general terms, a "utility patent" protects the way an article is used and works.  It also protects a method or process of making or doing something.  The video focuses on utility patents, which are the most common type of patent. On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.  "Ornamental design" means the shape of the design and/or the surface decoration on the design.  While the subject matter of these two types of patents differ, the patents themselves and the application process at the USPTO are similar.

As you heard in the video, a patent includes what is called a "specification." For a utility patent, the specification must contain a written description of the claimed invention explaining what the invention is, how it works, how to make it, and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered

sentences.  These are the patent "claims."  When a patent is granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.  For a design patent, the specification must contain one or more drawings of the design as well as a description of the drawings.  The "claim" for design patents generally refers to the drawings and how they are described.

### 4. Evidence

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received in evidence as exhibits;

3. Any facts that are stipulated—that is, formally agreed to by the parties; and

4. Facts that the Court takes judicial notice of and that I instruct you to take as true.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by the lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of Court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an

obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**5.  Credibility of Witnesses; Weighing Conflicting Testimony**

You are the sole judges of each witness's credibility. That is, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. In deciding what to believe, you may consider a number of factors, including each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's motives, biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and any other factors that, according to the evidence, could affect the credibility of the testimony.

### 6. Expert Testimony

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

## 7. Burdens of Proof

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case involving patents, two different burdens of proof are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

Plaintiff Apple asserts that Defendants Masimo and Sound United infringe the Asserted Patents. Plaintiff Apple also asserts that Defendants Masimo's and Sound United's infringement of the Asserted Patents was willful. Plaintiff Apple bears the burden of proof on each of these issues by a preponderance of the evidence.

That means, for Plaintiff Apple to prevail on each of its claims, it must prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff Apple and the evidence favorable to Defendants Masimo and Sound United on opposite sides of the scales, Apple would have to make the scales tip somewhat on Apple's side.

Defendants Masimo and Sound United assert that the Asserted Claims are invalid. Defendants Masimo and Sound United bear the burden of proof on each of these issues by clear and convincing evidence.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.

You should base your decisions on all of the evidence, regardless of which party presented it.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. You should therefore not consider that burden of proof in this case.

## 8. Deposition Testimony

I will now talk about the form of some of the evidence you will hear during trial. You may hear witnesses testify through deposition testimony.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**9. Demonstratives**

Certain models, reproductions, charts, summaries, or the like may be shown to you in order to help explain or illustrate the facts disclosed by the books, records, documents, testimony or other evidence in the case. Those models, reproductions, charts, summaries, or the like, referred to as "demonstratives," are used by a party to describe (or demonstrate) something involved in the case. These demonstratives themselves are not a part of the evidence in the case and are not proof of any facts. However, a witness's testimony that references a demonstrative is evidence.

If a demonstrative does not correctly reflect the facts shown by the evidence in the case, you should disregard the demonstrative and determine the facts from the evidence.

## 10. Note-Taking

You will each be provided with a notebook that contains the following:

- A copy of each of the Asserted Patents;

- A listing of the Court's claim constructions, which represent the Court's instructions as to the meaning you should give to certain words and phrases in the utility patents and the scope of the design patents;

- A copy of the sample patent discussed in the video we watched earlier.

During trial, we will also provide sheets with the name and picture of each witness to add to your notebook as each witness testifies.

You will also be given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You may not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. But do not let note-taking distract you to the point that you miss hearing other testimony from the witness. Your notes are only to be used as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not your notes.

Don't be influenced by any notes that you take or that others take. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Notes are not to be used in place of the evidence.

Do not take your notes away from Court. I repeat, during lunchtime breaks and at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your notes in deliberations, a Court officer will collect and destroy them.

During the trial, documents or other physical items may be received into evidence. You will not be supplied with a list of exhibits that are received in evidence. Therefore, you may wish to make notes about the exhibits, especially their descriptions and numbers, so that you can refer to those exhibits while you are deliberating. You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

## 11. Sidebars

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar, or by calling a recess and talking to them while you are out of the courtroom. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. You should not speculate on what was said during these discussions.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

## 12. Conduct of the Jury

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it in your presence. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. This includes family and friends. Don't discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. Whenever you go to lunch or take a break, talk about anything you want to, but don't talk about the case. Each of you should hold yourself completely apart from any discussion about this case with anyone until we get to the end of the case and then only with your fellow jurors when you go back to the jury room to deliberate.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them—they are not trying to be rude and will not interpret your silence as rudeness either. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way. By that I mean that if there is a newspaper or internet article or television or radio report or social media post relating to this case, do not read the article or watch or listen to the report.

Third, do not do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words,

you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or social media on the internet. This trial concerns certain watches and chargers similar to those that you may own. You may even have the products that this case is about. But you should not conduct your own experiments using your devices to test evidence presented by either party. And, to reiterate, should there happen to be a newspaper article or television or radio report or social media post relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the Courtroom. Do not try to find out information from any other sources.

I know that many of you use cell phones, tablets, the internet, and other tools of technology. You must not use these tools to communicate electronically with anyone about the case or otherwise talk to anyone about this case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking or media platforms, including but not limited to Facebook, X (formerly known as Twitter), LinkedIn, Instagram, TikTok, WeChat, WhatsApp, Snapchat, or YouTube.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**13. Course of the Trial**

The trial will now begin.

First, each side may make an opening statement outlining their case. Opening statements are not evidence but simply an outline to help you understand what each party expects the evidence to show.

Next, the parties will present their evidence. Plaintiff Apple will present its witnesses and evidence in support of its claims, and Defendants Masimo and Sound United may cross-examine those witnesses. When Plaintiff Apple is finished, Defendants Masimo and Sound United may present its witnesses and evidence, and Plaintiff Apple may cross-examine those witnesses. Finally, Plaintiff Apple may offer rebuttal witnesses to Defendants Masimo's and Sound United's defenses.

After all the evidence is presented, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you. Both before and after closing arguments, I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

## 14. Trial Schedule

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.

As I mentioned previously, once trial begins, this case is expected to take up to five (5) business days to try. We will hold trial from today, Monday, October 21, through Friday, October 25.

We will normally begin the day at 9:00 A.M. We will go until around 12:30 P.M. and, after up to a one-hour break for lunch, continue until between 4:30 and 5:00 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions as I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by Friday.

Of course, you can help me keep us on schedule by being here promptly each morning and being ready to proceed at the end of each break.