**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants*. | C.A. No. 22-1377-JLH <br> C.A. No. 22-1378-JLH |

**[PROPOSED[1]] VERDICT FORM**

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning of usage of any legal term that appears in the questions below.

As used herein:

1. "Apple" refers to Plaintiff Apple Inc.;

2. "Masimo" refers to Defendants Masimo Corporation and Sound United, LLC;

3. The "D'279 Patent" refers to U.S. Patent No. D883,279;

4. The "D'842 Patent" refers to U.S. Patent No. D947,842;

5. The "D'131 Patent" refers to U.S. Patent No. D735,131;

6. The "'783 Patent" refers to U.S. Patent No. 10,627,783;

---

[1] <<APL: Blue text >> in chevrons identifies Apple's proposed language.
 {{MAS: Green text }} in curly brackets identifies Masimo's and Sound United's proposed language.

7. The "'054 Patent" refers to U.S. Patent No. 10,987,054; and

8. The "'483 Patent" refers to U.S. Patent No. 11,474,483.

**QUESTION 1:**

For each of the following patent claims and products, did Apple prove by a preponderance of the evidence that Masimo infringed the claim?

**The claim of the D'279 Patent**

| Product(s) | YES<br>(For Apple) | NO<br>(For Masimo) |
|---|---|---|
| {{MAS:<br>Original Design<br>(Masimo W1, Freedom, Health Module)}}<br><br><<APL:<br>Masimo W1, Freedom, and Health Module<br>(Original Design) >> | | |
| {{MAS:<br>Wave Design<br>(Masimo W1, Freedom, Health Module)}}<br><br><<APL:<br>Masimo W1, Freedom, and Health Module<br>(Wave / Redesign) >> | | |

**The claim of the D'842 Patent**

| Product(s) | YES<br>(For Apple) | NO<br>(For Masimo) |
|---|---|---|
| {{MAS:<br>Original Design<br>(Masimo W1, Freedom, Health Module)}}<br><br><<APL:<br>Masimo W1, Freedom, and Health Module<br>(Original Design) >> | | |
| {{MAS:<br>Wave Design<br>(Masimo W1, Freedom, Health Module)}}<br><br><<APL:<br>Masimo W1, Freedom, and Health Module<br>(Wave / Redesign) >> | | |

**The claim of the D'131 Patent**

| Product(s) | YES (For Apple) | NO (For Masimo) |
|---|---|---|
| Masimo {{MAS: Original }} Charger | | |

**Claim 16 of the '783 Patent**

| Product(s) | YES (For Apple) | NO (For Masimo) |
|---|---|---|
| Masimo W1 ( Original and {{MAS: Wave }} <<APL: Wave / Redesign>>) | | |
| Masimo Freedom | | |

**Claim 13 of the '483 Patent**

| Product(s) | YES (For Apple) | NO (For Masimo) |
|---|---|---|
| Masimo W1 ( Original and {{MAS: Wave }} <<APL: Wave / Redesign>>) | | |
| Masimo Freedom | | |

**Claim 1 of the '054 Patent**

| Product(s) | YES (For Apple) | NO (For Masimo) |
|---|---|---|
| Masimo W1 ( Original and {{MAS: Wave }} <<APL: Wave / Redesign>>) | | |
| Masimo Freedom | | |

4

**QUESTION 2:**

For each of the following claims, did Masimo prove by clear and convincing evidence that the claim is invalid for obviousness?

| Patent | YES (For Masimo) | NO (For Apple) |
|---|---|---|
| The claim of the D'279 Patent | | |
| The claim of the D'842 Patent | | |
| Claim 16 of the '783 Patent | | |
| Claim 13 of the '483 Patent | | |
| Claim 1 of the '054 Patent | | |

**QUESTION 3:**

For the claim of the D'842 Patent, did Masimo prove by clear and convincing evidence that the claim is invalid for indefiniteness?

| Patent | YES (For Masimo) | NO (For Apple) |
|---|---|---|
| The claim of the D'842 Patent | | |

**QUESTION 4:**

For each of the following claims, did Masimo prove by clear and convincing evidence that the claim is invalid for lack of ornamentality?

| Patent | YES (For Masimo) | NO (For Apple) |
|---|---|---|
| The claim of the D'279 Patent | | |
| The claim of the D'842 Patent | | |

**Answer Questions 5, 6, and 7 only if you:**

- **Answered "Yes" for <u>ANY</u> of the claims in Question 1;**

  <u>**AND**</u>

- **Answered "No" for those <u>SAME CLAIMS</u> in Questions 2, 3, and 4, if applicable.**

**Otherwise, skip and DO NOT answer Questions 5, 6, and 7, and instead please proceed directly to the final page of this Verdict Form and sign and date that page.**

{{MAS:

**QUESTION 5:**[2]

Do you award Apple $250 because you found infringement by Masimo of any Apple Design Patent?[3]

| YES<br>(For Apple) | NO<br>(For Masimo) |
|---|---|
|  |  |

---

[2] {{MAS: During the pretrial conference, the Court asked Apple if it would "ask for monetary relief beyond the minimum of $250 in any witness or argument." Pretrial Hr'g at 43:2-4. When questioned by the Court, Apple confirmed at the pretrial conference that it was "asking for 250 for the design patents under the design statute and 250 on the utility patents under [Section] 284. We are only going to ask for one 250, but it's two separate reasons." *Id.* at 43:5-9. The Court then confirmed that Apple is not going to ask the jury to "give what's right." *Id.* at 43:10-17. *See id.* at 6:13-17 ("THE COURT: And just to make sure that we're all clear, that's the damages claim is for a total of $250 across all seven [now six] patents in total? MR. DESMARAIS: Yes. The point of this case, Your Honor, is as you see in the first paragraph of the pretrial order, after the trial, we want a willfulness finding from the jury. After the trial, we would like to file with Your Honor an injunction here, so that is the ultimate purpose for the trial. It's not for money. It's to get Masimo to stop copying our products."). *See also* Oct. 21, 2024 Trial Tr. 213:21-125 (MR. DESMARAIS'S OPENING STATEMENT: "And let me be right up front with that. We're not asking for a lot of money in this case. . . . It's a couple hundred bucks is all we're asking for. We're not looking for money from Masimo."); Oct. 22, 2024 Hr'g Tr. at 618:14-15 ("THE COURT: Damages experts? MR. DESMARAIS: No . . .."). }} Masimo also preserves its objections to Apple's request for "damages."

[3] {{MAS: Apple's competing question does not account for the fact that the statutory minimum of $250 under 35 U.S.C. § 289 is required (*i.e.*, "shall").}}

**QUESTION 6:**[4]

Did Apple prove by a preponderance of the evidence that Masimo should pay damages of $250 for infringement of any of Apple's Utility Patents?[5]

| YES (For Apple) | NO (For Masimo) |
|---|---|
|  |  |

}}[6]

---

[4] {{MAS: During the pretrial conference, the Court asked Apple if it would "ask for monetary relief beyond the minimum of $250 in any witness or argument." Pretrial Hr'g at 43:2-4. When questioned by the Court, Apple confirmed at the pretrial conference that it was "asking for 250 for the design patents under the design statute and 250 on the utility patents under [Section] 284. We are only going to ask for one 250, but it's two separate reasons." *Id.* at 43:5-9. The Court then confirmed that Apple is not going to ask the jury to "give what's right." *Id.* at 43:10-17. *See id.* at 6:13-17 ("THE COURT: And just to make sure that we're all clear, that's the damages claim is for a total of $250 across all seven [now six] patents in total? MR. DESMARAIS: Yes. The point of this case, Your Honor, is as you see in the first paragraph of the pretrial order, after the trial, we want a willfulness finding from the jury. After the trial, we would like to file with Your Honor an injunction here, so that is the ultimate purpose for the trial. It's not for money. It's to get Masimo to stop copying our products."). *See also* Oct. 21, 2024 Trial Tr. 213:21-125 (MR. DESMARAIS'S OPENING STATEMENT: "And let me be right up front with that. We're not asking for a lot of money in this case. . . . It's a couple hundred bucks is all we're asking for. We're not looking for money from Masimo."); Oct. 22, 2024 Hr'g Tr. at 618:14-15 ("THE COURT: Damages experts? MR. DESMARAIS: No . . ..").}} Masimo also preserves its objections to Apple's request for "damages."

[5] {{MAS: In meet and confers, Apple agreed that if the jury awards $250 twice (once for Design Patents and once for Utility Patents), the Court would award only $250. Masimo is not making Question 6 conditional on answering NO to Question 5 based on that agreement. Masimo reserves all rights to argue that none of the issues should have been tried to a jury }}

[6] << APL: If the jury awards $250 twice, the Court can resolve the issue after the jury verdict by awarding Apple judgement of only $250. *See, e.g.*, *Bowers v. Baystate Techs*, 320 F.3d 1317, 1327 (Fed. Cir. 2003). Whether the award falls under 35 U.S.C. § 289 may depend on the circumstances. >>

<<APL:[7]

**QUESTION 5:**

Did Apple prove by a preponderance of the evidence that Masimo should pay $250 for its infringement of the Asserted Design Patents to date?

| YES (For Apple) | NO (For Masimo) |
|---|---|
|  |  |

**QUESTION 6:**

Did Apple prove by a preponderance of the evidence that Masimo should pay $250 for its infringement of the Asserted Utility Patents to date?

| YES (For Apple) | NO (For Masimo) |
|---|---|
|  |  |

>>

**QUESTION 7:**

Did Apple prove by a preponderance of the evidence that Masimo's infringement was willful?[8]

| YES (For Apple) | NO (For Masimo) |
|---|---|
|  |  |

---

[7] <<APL: Masimo's proposal omits the "to date" for the damages question but Apple's damages request is not intended to capture future damages, as Apple seeks an injunction. >>

[8] {{MAS: Masimo preserves its objection that willfulness should not go to the jury.}}

You have now reached the end of this verdict form and you should review it to ensure that it entirely reflects your unanimous determinations. The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and will bring it to the courtroom with the jury.

Signed: _____

Dated: _____