**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1377 (JLH) |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## JUDGMENT FOLLOWING JURY VERDICT

This action was tried by a jury. Plaintiff Apple Inc. ("Apple") alleged that Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") (together, "Defendants") infringed U.S. Patent No. D883,279 (the "D'279 Patent"), U.S. Patent No. D947,842 (the "D'842 Patent"), and U.S. Patent No. D735,131 (the "D'131 Patent") (together, the "Asserted Design Patents"). Defendants asserted an affirmative defense of patent invalidity of the Asserted Design Patents and asserted counterclaims seeking declaratory judgments of noninfringement and invalidity of the Asserted Design Patents.

The jury reached a verdict on October 25, 2024, finding that: (1) Apple did not prove by a preponderance of the evidence that Defendants infringed the claim of the D'279 Patent; (2) Apple proved by a preponderance of the evidence that Defendants' Original Design of the Masimo W1,

Freedom, and Health Module infringed the claim of the D'842 Patent; (3) Apple did not prove by a preponderance of the evidence that Defendants' Wave Design of the Masimo W1, Freedom, and Health Module infringed the claim of the D'842 Patent; (4) Apple proved by a preponderance of the evidence that Defendants' Original Charger infringed the claim of the D'131 Patent; (5) Defendants did not prove by clear and convincing evidence that the claim of the D'279 Patent or the claim of the D'131 Patent is invalid for lack of ornamentality; (6) Apple is entitled to a statutory remedy of $250 for Defendants' infringement; and (7) Apple proved by a preponderance of the evidence that Defendants' infringement was willful.

IT IS ORDERED that:

(a) judgment in the total amount of $250 is entered in favor of Apple and against Defendants on Apple's Counts II and IV, in accordance with the jury's verdict that Apple proved that Defendants' Original Design of the Masimo W1, Freedom, and Health Module infringed the claim of the D'842 Patent and that Defendants' Original Charger infringed the claim of the D'131 Patent, and that Defendants did not prove that the claim of the D'131 Patent is invalid;

(b) judgment is entered in favor of Defendants and against Apple on Apple's Count I, in accordance with the jury's verdict that Apple did not prove that Defendants infringed the claim of the D'279 Patent;

(c) with respect to Defendants' Counterclaim Count I, seeking a declaratory judgment that Defendants do not infringe the Asserted Design Patents,

(i) judgment is entered in favor of Defendants and against Apple with respect to the D'279 Patent, in accordance with the jury's verdict that Apple did not prove that Defendants infringed the claim of the D'279 Patent;

(ii) judgment is entered in favor of Apple and against Defendants with respect to infringement of the D'842 Patent by Defendants' Original Design of the Masimo W1, Freedom, and Health Module, in accordance with the jury's verdict that Apple proved that Defendants' Original Design infringed the claim of the D'842 Patent;

(iii) judgment is entered in favor of Defendants and against Apple with respect to infringement of the D'842 Patent by Defendants' Wave Design of the Masimo W1, Freedom, and Health Module, in accordance with the jury's verdict that Apple did not prove that Defendants' Wave Design infringed the claim of the D'842 Patent;

(iv) judgment is entered in favor of Apple and against Defendants with respect to the D'131 Patent, in accordance with the jury's verdict that Apple proved that Defendants' Original Charger infringed the claim of the D'131 Patent; and

(d) with respect to Defendants' Counterclaim Count II, seeking a declaratory judgment that the Asserted Design Patents are invalid, judgment is entered in favor of Apple and against Defendants, in accordance with the jury's verdict that Defendants did not prove that the claim of the D'279 Patent and the claim of the D'131 Patent are invalid for lack of ornamentality.

This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

Consistent with D. Del. L.R. 54.1(a), the deadline for the prevailing party to file a bill of costs shall be within 14 days after the time for appeal has expired or within 14 days after issuance of the mandate from the appellate court.

IT IS SO ORDERED this 13th day of November, 2024.

_____
The Honorable Jennifer L. Hall
U.S. District Judge